1    NOSSAMAN LLP
     SVEND BRANDT-ERICHSEN (WA BN 23923)
2    sbrandterichsen@nossaman.com
     *Pro Hac Vice*
3    JENNIFER J. SEELY (AK BN 63021)
     jseely@nossaman.com
4    *Pro Hac Vice*
     719 Second Avenue, Suite 1200
5    Seattle, WA 98104
     Telephone:  206.395.7630
6    Facsimile:   206.257.0780

7    NOSSAMAN LLP
     BRENDAN F. MACAULAY (CA BN 162313)
8    bmacaulay@nossaman.com
     50 California Street, 34th Floor
9    San Francisco, CA 94111
     Telephone:    415.398.3600
10   Facsimile:    415.398.2438

11   *Attorneys for Defendant City of Santa Clara*

12

13

14
                    UNITED STATES DISTRICT COURT
15                  NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
16

17   ASHLEY M. GJØVIK, AN INDIVIDUAL,          Case No:    5:25-cv-07360-NC

18              Plaintiff,                      **DEFENDANT CITY OF SANTA
                                                CLARA'S NOTICE OF MOTION TO
19        vs.                                   DISMISS AND MOTION TO DISMISS,
                                                MEMORANDUM OF POINTS AND
20   APPLE INC., a corporation, CITY OF SANTA   AUTHORITIES**
     CLARA, a local government, MR.
21   KALIL/KHALIL JENAB, individually, & as     **Date:       November 20, 2025**
     Agent/Member/Manager of: JENAB FAMILY      **Time:       10:00 AM**
22   LP, JENAB FAMILY VENTURES LLC, & as        **Location:   Courtroom 8 – 4th Floor**
     Trustee/Agent of: THE JENAB FAMILY                      **280 South 1st Street**
23   TRUST,                                                  **San Jose, CA**

24              Defendants.                      **Judge:      Hon. P. Casey Pitts**

25

26

27

28

─────────────────────────────────────────────────────────
                 DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS
     63831202.v3

1

## NOTICE OF MOTION TO DISMISS

2

To:     Ashley Gjøvik

3

Please take notice that at 10:00 AM on November 20, 2025, Defendant City of Santa Clara

4

(the "City") will, and hereby does, move Pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all of

5

Plaintiff Ashley Gjøvik's ("Gjøvik") claims against the City for failure to state a claim upon which

6

relief can be granted.

7

## STATEMENT OF RELIEF SOUGHT (L.R. 7-2(B)(3))

8

The City seeks an order dismissing all of Gjøvik's claims against the City Pursuant to Fed.

9

R. Civ. P. 12(b)(6) because the Complaint fails to state a cognizable claim for relief against the

10

City.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS

63831202.v3

1

**TABLE OF CONTENTS**

2

**Page(s)**

3    I.    FACTUAL ALLEGATIONS ................................................................................................1

4    II.   STANDARD OF REVIEW ................................................................................................2

5    III.  ARGUMENT .....................................................................................................................3

6          A.    Gjøvik has made no plausible claim against the City. ....................................................3

7          B.    Environmental citizen suit provisions do not authorize suits seeking
                 judicial review of agency enforcement decisions. ..........................................................4
8

9                1.    EPA's delegation of authorities under RCRA to the City does not
                       provide Gjøvik with a basis for claims against the City. .....................................5

10               2.    Gjøvik has not alleged any CAA claim against the City. .....................................7

11               3.    Gjøvik's CWA claim does not allege any nondiscretionary action by
                       the City.................................................................................................................8
12

13               4.    Gjøvik's EPCRA claim does not allege any nondiscretionary action
                       by the City............................................................................................................9

14
                       i.    Gjøvik did not give any notice of her first two EPCRA claims,
15                           nor did she give sufficient notice for her third EPCRA claim...................10

16                     ii.   Gjøvik's claim for publicly available information cannot be
                             brought against the City and does not allege any relevant facts. ...............11
17

18                     iii.  Gjøvik's claim that the City failed to respond to a request for
                             tier II information cannot be brought against the City, and she
                             never alleges that she made such a request.................................................12
19

20                     iv.   Gjøvik cannot maintain her claim that the City "failed to
                             ensure" that the Apple Facility submit Toxics Release
                             Inventory reports. .....................................................................................13

21               5.    Gjøvik has not alleged any TSCA claim against the City. .................................14

22               6.    Gjøvik has not alleged any public nuisance claim against the City....................14

23    IV.   CONCLUSION..................................................................................................................15

24

25

26

27

28

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS

63831202.v3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*All. To Save Mattaponi v. U.S. Army Corps of Eng'rs*,
  515 F. Supp. 2d 1 (D.D.C. 2007) ................................................................................................. 4

*Appalachian Voices v. McCarthy*,
  989 F. Supp. 2d 30 (D.D.C. 2013) .............................................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 3, 5, 14, 15

*Browning v. Clinton*,
  292 F.3d 235 (D.C. Cir. 2002) ................................................................................................... 2

*California Sportfishing Prot. All. v. City of W. Sacramento*,
  905 F. Supp. 792 (E.D. Cal. 1995) ........................................................................................... 10

*Cascadia Wildlands v. Scott Timber Co.*,
  105 F.4th 1144 (9th Cir. 2024) ................................................................................................. 10

*City of Fairborn, Ohio v. U.S. E.P.A.*,
  No. 3:22-CV-102, 2023 WL 2478572 (S.D. Ohio Mar. 13, 2023) ............................ 4, 7, 8, 15

*City of Olmstead Falls v. U.S. E.P.A.*,
  233 F. Supp. 2d 890 (N.D. Ohio 2002) ................................................................................... 4, 9

*Defs. of Wildlife v. Jewell*,
  No. CV-14-02472-TUC-JGZ, 2015 WL 11182029 (D. Ariz. Sept. 30, 2015) .......................... 3

*Dubois v. Thomas*,
  820 F.2d 943 (8th Cir. 1987) ..................................................................................................... 9

*Env't Def. v. Leavitt*,
  329 F. Supp. 2d 55 (D.D.C. 2004) .............................................................................................. 5

*Gatzke v. City of W. Bend, Wisconsin*,
  561 F. Supp. 3d 792 (E.D. Wis. 2021) ...................................................................................... 11

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
  484 U.S. 49 (1987) ................................................................................................................ 10, 11

*Hallstrom v. Tillamook Cnty.*,
  493 U.S. 20 (1989) ................................................................................................................ 10, 11

- iii -

*Heckler v. Chaney*,
   470 U.S. 821 (1985)................................................................................................1, 4, 15, 16

*Mountain States Legal Found. v. Costle*,
   630 F.2d 754 (10th Cir. 1980) ...............................................................................................7

*Nw. Env't Advocs. v. U.S. E.P.A.*,
   268 F. Supp. 2d 1255 (D. Or. 2003) ......................................................................................5

*Ohio Pub. Int. Rsch. Grp., Inc. v. Whitman*,
   386 F.3d 792 (6th Cir. 2004) .................................................................................................7

*Our Children's Earth Found. v. E.P.A.*,
   527 F.3d 842 (9th Cir. 2008) .................................................................................................5

*Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*,
   87 F.3d 1242 (11th Cir. 1996) .....................................................................................4, 8, 15

*San Francisco Baykeeper v. City of Sunnyvale*,
   No. 5:20-CV-00824-EJD, 2020 WL 7696078 (N.D. Cal. Dec. 28, 2020) .............................10

*Sierra Club v. Whitman*,
   268 F.3d 898 (9th Cir. 2001) ........................................................................................ *passim*

*Walther v. United States*,
   No. 3:15-CV-0021-HRH, 2015 WL 9700347 (D. Alaska July 27, 2015) .................................4

*Waterkeeper All., Inc. v. Regan*,
   41 F.4th 654 (D.C. Cir. 2022)...............................................................................................7

*WildEarth Guardians v. Jackson*,
   885 F. Supp. 2d 1112 (D.N.M. 2012) ....................................................................................5

*Zook v. EPA*,
   611 Fed. App'x 725 (D.C. Cir. 2015).....................................................................................6

**Statutes**

33 U.S.C. § 402.....................................................................................................................8

33 U.S.C. § 1365..............................................................................................................1, 4

33 U.S.C. § 1365(a)(2)..............................................................................................1, 4, 9, 15

41 U.S.C. § 304(a)(3)..............................................................................................................7

42 U.S.C. § 304...................................................................................................................11

42 U.S.C. § 312...................................................................................................................11

42 U.S.C. § 324...................................................................................................................11

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS

42 U.S.C. § 3001–3005 ................................................................................................3

42 U.S.C. § 6972 ...........................................................................................1, 4, 5, 7

42 U.S.C. § 6972(a)(2) ............................................................................1, 4, 6, 15

42 U.S.C. § 7002(a)(1)(B) ..........................................................................................5

42 U.S.C. § 7412 .........................................................................................................3

42 U.S.C. § 7604 .........................................................................................................4

42 U.S.C. § 7604(a)(2) .................................................................................1, 4, 15

42 U.S.C. § 11022(d)(2) .........................................................................................12

42 U.S.C. § 11022(e)(3) ..........................................................................................12

42 U.S.C. § 11023 ............................................................................................9, 11, 13

42 U.S.C. § 11023(a) ...............................................................................................13

42 U.S.C. § 11023(d), (e), (j) ................................................................................13

42 U.S.C. § 11044(a) ......................................................................................11, 12

42 U.S.C. § 11046 ............................................................................................1, 9, 13

42 U.S.C. § 11046(a) ...............................................................................................15

42 U.S.C. § 11046(a)(1)(A) ...................................................................................13

42 U.S.C. § 11046(a)(1)(B)(ii)–(iv) ....................................................................13

42 U.S.C. § 11046(a)(1)(C) ...................................................................................12

42 U.S.C. § 11046(a)(1)(D) ...................................................................................12

42 U.S.C. § 11046(d) ...............................................................................................10

**Other Authorities**

40 C.F.R. Part 469, Subpart A ................................................................................8

CalEPA, *More about the Unified Program*, available at:
     https://calepa.ca.gov/cupa/about/ .............................................................1, 7

CalEPA, *Unified Program: Laws and Regulations*, available at:
     https://calepa.ca.gov/cupa/lawsregs/ ............................................................12

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS
63831202.v3

California CUPA Forum, *What is a CUPA?*, available at:
  https://calcupa.org/about/mission.html ...................................................................................1

EPA, *What is EPCRA?*, available at: https://www.epa.gov/epcra/what-epcra ................................9

Fed. R. Civ. P. 8(a)(2) .......................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ...................................................................................................2, 3, 5, 15

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS
63831202.v3

**INTRODUCTION**

The City seeks dismissal of all of Gjøvik's claims against the City, which are for alleged inadequacies in the enforcement of various federal environmental laws. Complaint, ECF 1 at ¶ 200 (Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972), ¶ 277 (Clean Water Act ("CWA"), 33 U.S.C. § 1365), ¶¶ 294–296 (Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 11046). Enforcement decisions are inherently discretionary and generally unreviewable by the courts. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Moreover, the "citizen suit" provisions of the environmental laws that form the basis for Gjøvik's claims in this action, ECF 1 at 39–60, do not authorize judicial review of discretionary agency actions even if they applied to the City acting in a regulatory role. 42 U.S.C. § 6972(a)(2) (RCRA), 33 U.S.C. § 1365(a)(2) (CWA), 42 U.S.C. § 7604(a)(2) (CAA), 42 U.S.C. § 11046 (EPCRA); *Sierra Club v. Whitman*, 268 F.3d 898, 902 (9th Cir. 2001).

## I.     FACTUAL ALLEGATIONS

Gjøvik's case concerns Apple's facility at 3250 Scott Blvd in Santa Clara, CA, ("the Apple Facility") and alleged emissions and discharges from that Facility. ECF 1, ¶ 16. The City's connection to the Apple Facility is solely as a regulator. The hazardous materials division of the City's Fire Department is a California Certified Unified Program Agency ("CUPA").[1] ECF 1, ¶¶ 38–39. Through the Fire Department, the City has assumed regulatory oversight of the Apple Facility's compliance with the hazardous waste and hazardous materials laws that have been delegated to the City through the CUPA program.  ECF 1, ¶ 40.

Gjøvik makes a general allegation that the City has knowingly permitted and facilitated operations at the Apple Facility, failed to enforce environmental regulations, and concealed violations from affected residents and other regulatory agencies. ECF 1, ¶ 41. However, her specific allegations make clear she is complaining of how the City has performed as a CUPA

---

[1] A Certified Unified Program Agency (CUPA) is a local agency certified by CalEPA to implement and enforce six state hazardous waste and hazardous materials regulatory management programs. CalEPA, *More about the Unified Program*, available at: https://calepa.ca.gov/cupa/about/; California CUPA Forum, *What is a CUPA?*, available at: https://calcupa.org/about/mission.html. As relevant to this case, the CUPA programs include enforcement of RCRA requirements.

regulator. All allegations regarding the City's affirmative actions relate to inspections it performed of the Apple Facility and notices of violation that it issued to the facility based on those inspections. The alleged inactions also relate to implementation of the CUPA program.

Gjøvik alleges that the City inspected the Apple Facility on August 24, 2016, after which she alleges that the City cited Apple for several violations. ECF 1, ¶ 58. She alleges that subsequent City inspections on October 13, 2020, and December 23, 2020, also resulted in the City citing Apple for additional violations. ECF 1, ¶¶ 74–78; ECF 1, ¶ 80–83.

Gjøvik further alleges that the City conducted a joint inspection of the facility with the U.S. Environmental Protection Agency ("EPA") on August 17, 2024, at which Gjøvik speculates the City "obstruct[ed] the U.S. EPA's ability to surprise Apple." ECF 1, 22. Most recently, Gjøvik alleges that the City cited Apple for additional violations at its facility on or around June 10, 2025. ECF 1, ¶ 110. Separately, Gjøvik describes City public records that allegedly contain sixteen reports of spills or leaks at Apple's facility. ECF 1, 15.

With regard to an alleged 1,700 gallon solvent waste tank at the facility, Gjøvik speculates that at the City's October 2020 inspection, the "City would have known the tank was being operated without RCRA permits and that it was exhausting to the ambient air . . . [y]et the City made no note of it." ECF 1, 31. She further speculates that "[i]f the City reported Apple's unauthorized hazardous waste tank, Apple would have been in violation of Apple's consent agreement with the state of California[.]" ECF 1, 31. Of course, it was the existence rather than the reporting of the tank that would have implicated the consent agreement.

In her legal claims, Gjovik also makes conclusory allegations that the City did not make EPCRA information that Apple has generated or allegedly was obligated to generate available to the public. ECF 1, ¶¶ 294–296.

## II.   <u>STANDARD OF REVIEW</u>

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

1    *Twombly*, 550 U.S. 544, 570 (2007)). In considering the motion, the court must construe the facts

2    and reasonable inferences in the light most favorable to the nonmoving party. *Defs. of Wildlife v.*

3    *Jewell*, No. CV-14-02472-TUC-JGZ, 2015 WL 11182029, at *5 (D. Ariz. Sept. 30, 2015) (internal

4    citations omitted). However, a court need not accept a pleading's legal conclusions. *Iqbal*, 556

5    U.S. at 678–79. Instead, plaintiffs' allegations must "nudge[ ] their claims," *Twombly*, 550 U.S. at

6    570, beyond the realm of "mere possibility" into plausibility. *Iqbal*, 556 U.S. at 678–79.

7    **III.    ARGUMENT**

8             **A.    Gjøvik has made no plausible claim against the City.**

9             Gjøvik's generalized claims against the City for Apple's operation of its facility lack facial

10   plausibility, and therefore fail to state claims upon which relief can be granted. Fed. R. Civ. P.

11   12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662,

12   678 (2009). A pleading must contain a "short and plain statement of the claim showing that the

13   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff

14   must plead sufficient facts, accepted as true, to state a claim for relief that is <u>plausible</u> on its face.

15   *Twombley*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content

16   that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

17   alleged. *Iqbal*, 556 U.S. at 678. The pleading standard "does not require 'detailed factual

18   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

19   accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at 555).

20            Throughout the Complaint, Gjøvik makes routine assertions of claims against

21   "Defendants" without differentiating the City. *E.g.* ECF 1 at ¶ 194 ("Defendants have violated 42

22   U.S.C. § 3001–3005 by improper treatment and disposal of hazardous waste, including open

23   dumping of hazardous waste into the air, soil, and water."); ECF 1 at ¶ 244 ("The Defendants have

24   violated 42 U.S.C. § 7412 (Section 112) by dumping hazardous substances into the atmosphere

25   that knowingly and intentionally does not comply with MACT standards."). However, it does not

26   appear that Gjøvik intends to include the City in allegations relating to the operation and alleged

27   release of pollutants from Apple's facility, which she acknowledges is operated by Apple. ECF 1

28   at ¶ 29. But even if she does intend to include the City in these allegations, then she has not made

- 3 -

63831202.v3

a plausible claim that the City has any role in operation of the facility or any responsibility for its emissions or discharges. Any such allegations would fall firmly into 'the-defendant-unlawfully-harmed-me' category of accusations, which are legally insufficient to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678.

**B.      Environmental citizen suit provisions do not authorize suits seeking judicial review of agency enforcement decisions.**

Certain federal environmental statutes include provisions that allow private parties to bring so-called "citizen suits" for violations of requirements of those laws. *E.g.*, 42 U.S.C. § 7604 (CAA); 42 U.S.C. § 6972 (RCRA); 33 U.S.C. § 1365 (CWA). Gjøvik has brought this case under some of these provisions. ECF 1, ¶¶ 1–2. However, Gjøvik's claims against the City allege deficiencies in the performance of its role as a regulator.  But these laws do not allow suits against regulators for alleged deficiencies in their enforcement of the environmental statutes. Enforcement decisions are inherently discretionary and generally unreviewable by courts. *Heckler v. Chaney*, 470 U.S. at 831–834. This is specifically true of enforcement decisions under the environmental statutes. *See, e.g.*, *City of Olmstead Falls v. U.S. E.P.A*., 233 F. Supp. 2d 890, 901 (N.D. Ohio 2002) (concerning the CWA); *City of Fairborn, Ohio v. U.S. E.P.A*., No. 3:22-CV-102, 2023 WL 2478572, at *9 (S.D. Ohio Mar. 13, 2023) (concerning the CAA).

The citizen suit provisions do provide limited waivers of sovereign immunity for claims that EPA has failed to perform any act or duty which is not discretionary, i.e. mandatory. *E.g.*, 42 U.S.C. § 7604(a)(2) (CAA), 42 U.S.C. § 6972(a)(2) (RCRA), 33 U.S.C. § 1365(a)(2) (CWA). A cause of action for failure to perform a nondiscretionary duty is specific to EPA in the statutory text, and appears to be so in practice as well. *City of Fairborn*, 2023 WL 2478572, at *6 (holding that the CAA provision authorizing suit against EPA for failure to perform a nondiscretionary duty is statutorily specific to EPA, and does not authorize suit against a state); *see also Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1249 (11th Cir. 1996) ("*P.E.A.C.H.*") (holding this waiver is specific to EPA and does not extend to the U.S. Army Corps of Engineers even though the Corps has a role in implementing the CWA); *All. To Save Mattaponi v. U.S. Army Corps of Eng'rs*, 515 F. Supp. 2d 1, 6 (D.D.C. 2007) (same); *Walther*

*v. United States*, No. 3:15-CV-0021-HRH, 2015 WL 9700347, at *6 (D. Alaska July 27, 2015) (same).

Even if it were possible for EPA to delegate one of its nondiscretionary duties to the State of California and thence to a CUPA like the City, Gjøvik has not based her claim on any such requirement. A nondiscretionary duty must be clear from the language of the statute; it must be "readily-ascertainable and not only the product of a set of inferences based on the overall statutory scheme." *Our Children's Earth Found. v. E.P.A.*, 527 F.3d 842, 851 (9th Cir. 2008) (internal citations omitted). Nondiscretionary duties typically have an "express deadline." *Env't Def. v. Leavitt*, 329 F. Supp. 55, 64 (D.D.C. 2004). For example, in the CWA context, EPA has a nondiscretionary duty to promptly promulgate revised water quality standards when a state fails to submit its own revisions within 90 days of EPA's notice of disapproval. *Nw. Env't Advocs. v. U.S. E.P.A.*, 268 F. Supp. 2d 1255, 1260 (D. Or. 2003). Conversely, in the CAA context, when the statute sets a deadline for a state to revise a permit but no deadline for EPA to issue that permit, then EPA does not have a nondiscretionary duty. *WildEarth Guardians v. Jackson*, 885 F. Supp. 2d 1112, 1117 (D.N.M. 2012). Gjøvik has not identified any nondiscretionary duties in the relevant environmental statutes that the City failed to perform.

Having attempted to invoke this Court's jurisdiction under specific citizen suit provisions of various federal environmental laws, Gjøvik failed to allege any claims against the City that are cognizable under those statutes. Accordingly, Gjøvik's claims against the City must be dismissed. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The absence of a legal basis for Gjøvik's claims against the City is further demonstrated by the following subsections reviewing the claims asserted under each of the statutes that Gjøvik has invoked.

> **1.    EPA's delegation of authorities under RCRA to the City does not provide Gjøvik with a basis for claims against the City.**

Gjøvik's first and second causes of action are asserted under Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972. ECF 1, ¶¶ 191, 208.  Both causes of action allege a wide variety of mismanagement of hazardous materials and waste at the Apple Facility. But the allegations

63831202.v3

1  specifically directed against the City are narrow and brief.[2]

2       The Complaint alleges that EPA has delegated primary oversight of the Apple Facility's

3  compliance with RCRA, through the State, to the City. ECF 1, ¶ 200. But the only allegations

4  against the City in connection with the Complaint's first two causes of action is that, in exercising

5  this delegated authority, the City has allegedly allowed unpermitted hazardous waste activities and

6  processes to occur and allegedly failed to report RCRA violations to the State or EPA. *Id*. These

7  allegations relate to the exercise of the City's enforcement discretion.

8       Even if a citizen suit could be brought against the City for exercising delegated EPA

9  authority under RCRA, Gjøvik has not alleged that the City failed to perform a nondiscretionary

10  duty. 42 U.S.C. 6972(a)(2). A "nondiscretionary duty" is an obligation whose requirements, such

11  as the deadline for completion, are clearly set forth by law and not left to the discretion of an

12  agency. *See Zook v. EPA*, 611 Fed. App'x 725, 726 (D.C. Cir. 2015) (interpreting the analogous

13  provision in the CAA). Enforcement decisions are inherently discretionary, and therefore generally

14  not reviewable in citizen suits. *See, e.g.*, *Sierra Club v. Whitman*, 268 F.3d 898, 905 (9th Cir. 2001)

15  (interpreting the analogous provision in the CWA).

16       It also should be noted that Gjøvik's allegations against the City are internally inconsistent:

17  her claim that the City has not taken action against the Apple Facility for its waste activities and

18  processes (ECF 1, ¶ 200) is contradicted by her acknowledgement that the City has conducted

19  regular inspections and cited Apple for RCRA violations at the Apple Facility. ECF 1, ¶¶ 58, 70,

20  74–78, 80–83. But assuming for purposes of this motion that Gjøvik has plausibly alleged the

21  City's failure to enforce RCRA requirements against the Apple Facility, any claims based on that

22  allegation are barred because the City's exercise of enforcement discretion is not subject to judicial

23  review. *Sierra Club*, 268 F.3d at 905 (interpreting the analogous CWA provision). And as to the

24  alleged failure to report RCRA violations to the State or EPA, Gjøvik fails to cite any federal

25

26  [2] The narrow scope of Gjøvick's allegations against the City is reinforced elsewhere in the
    Complaint. For example, Gjøvick makes no mention of the City in her CAA claim, ECF 1,

27      44–48, makes one mention of City in her CWA claim, ECF 1, ¶ 277, makes limited mention
    of the City in her EPCRA claim, ECF 1, ¶¶ 294–296, and makes no mention of the City in

28      her TSCA and public nuisance claims, ECF 1, 56–60.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS
63831202.v3

statute that obligates the City to do so. RCRA does not authorize citizen suits against regulators for discretionary actions. 42 U.S.C. 6972; *see Waterkeeper All., Inc. v. Regan*, 41 F.4th 654, 659 (D.C. Cir. 2022); *Appalachian Voices v. McCarthy*, 989 F. Supp. 2d 30, 45 (D.D.C. 2013). As such, Gjøvik's Complaint does not state RCRA claims that are plausibly entitled to relief, and so they should be dismissed.

### 2.    Gjøvik has not alleged any CAA claim against the City.

Gjøvik's third cause of action alleges that the Apple Facility has violated multiple CAA requirements. ECF 1, ¶¶ 228-241. This cause of action recognizes that the Bay Area Air Quality Management District ("BAAQMD"), not the City, is the air permitting authority for the Apple Facility. ECF 1, ¶ 233. In the Complaint's factual recitations, Gjøvik does allege that the "City has violated the Clean Air Act at § 304(a)(3)[3] by an unreasonable delay in enforcement of the CAA despite actual knowledge of severe and ongoing violations of the CAA." ECF 1, ¶ 177. But as just noted, that allegation is refuted by Gjøvik's own recognition that BAAQMD, not the City, is the Apple Facility's air permitting agency. ECF 1, ¶ 233. Air permitting is not part of the CUPA program, meaning that authority is not delegated to the City.[4] But even if the City did have a role in air permitting for the Apple Facility, an alleged delay in enforcement is an unreviewable exercise of enforcement discretion. *Sierra Club*, 268 F.3d at 903; *Ohio Pub. Int. Rsch. Grp., Inc. v. Whitman*, 386 F.3d 792, 799 (6th Cir. 2004); *City of Fairborn*, 2023 WL 2478572, at *9.

CAA citizen suits against the regulator are restricted to actions seeking to enforce "specific non-discretionary clear-cut requirements." *Mountain States Legal Found. v. Costle*, 630 F.2d 754, 766 (10th Cir. 1980) (citing *Anaconda Co. v. Ruckelshaus*, 482 F.2d 1301 (10th Cir. 1973)). Gjøvik has alleged that the City should have somehow made Apple get a permit from BAAQMD, but does not allege any violation of a statutory nondiscretionary duty. As such, her CAA claim does not

---

[3] CAA § 304(a)(3) authorizes citizen suits against any person who proposes to construct a source without a required permit, or who has violated a CAA permit, and Gjøvick has not alleged that the City has done either. The cited statute has nothing to do with agency actions.

[4] The CUPA Program consolidates the administration, permit, inspection, and enforcement activities of six hazardous waste programs, including underground and aboveground storage tanks and accidental release prevention. CalEPA, *More about the Unified Program*, available at: https://calepa.ca.gov/cupa/about/.

state a claim upon which relief can be granted, and it should be dismissed.

### 3. Gjøvik's CWA claim does not allege any nondiscretionary action by the City.

Gjøvik's fourth cause of action is brought under the CWA citizen suit provision. The Complaint alleges that the City has knowledge that discharges from the facility into the sewer system are causing downstream residents to become ill and has failed to take appropriate enforcement action to stop the harmful discharges. ECF 1 at ¶ 277.

Gjøvik's allegations in her Complaint are internally inconsistent. Her CWA claim is based on the premise that the City has delegated authority for the CWA Section 402 National Pollution Discharge Elimination System ("NPDES") program for discharges to the sewer system. ECF 1, ¶ 269. But that premise is refuted by her acknowledgment that the Apple Facility's CWA permit is from the San José-Santa Clara Regional Wastewater Facility ("Regional Wastewater Facility"), which runs the treatment plant. ECF 1, ¶ 259.

According to Gjøvik, on October 21, 2016, the Regional Wastewater Facility revoked a research development permit for the Apple Facility and issued a different one for semiconductor fabrication, requiring compliance with federal regulations for the Semiconductor Subcategory (40 C.F.R. Part 469, Subpart A). ECF 1, ¶ 260. Gjøvik alleges that the Regional Wastewater Facility cited the Apple Facility for sampling violations on March 30, 2016, April 11, 2016, and September 21, 2020, and for reporting violations on May 11, 2016. ECF 1, ¶¶ 261, 265.

Gjøvik's CWA claim against the City, labelled "Federal Delegation," is that the City has failed to take appropriate enforcement action to stop the discharges. ECF 1, ¶ 277. But the City does not have federally delegated authority over the Apple Facility for the facility's compliance with the CWA Section 402 NPDES program. As explained above, the Apple Facility's CWA NPDES permit is from the Regional Wastewater Facility. But even if the City did administer the Apple Facility's permit, Gjøvik still would not have a cognizable claim.

As explained above, only EPA can be sued in a CWA citizen suit for failure to perform a nondiscretionary duty. *P.E.A.C.H.*, 87 F.3d at 1249; *see also, City of Fairborn*, 2023 WL 2478572, at *6 (interpreting the identical CAA provision).

- 8 -

Finally, even if the City could be sued in EPA's shoes for failing to perform a nondiscretionary duty, 33 U.S.C. 1365(a)(2), Gjøvik cites no nondiscretionary requirement that the City is supposed to have followed. Rather, she asserts that the City should have initiated enforcement action, ECF 1 at ¶ 277, which is inherently discretionary and therefore unreviewable in a citizen suit. *City of Olmstead Falls v. U.S. E.P.A.*, 233 F. Supp. 2d 890, 900–01 (N.D. Ohio 2002) (citing *Heckler*, 470 U.S. at 831); *Dubois v. Thomas*, 820 F.2d 943 (8th Cir. 1987) (concluding after an extensive review of the statute, and legislative history, that the CWA imposes only discretionary duties to take enforcement action); *Sierra Club*, 268 F.3d at 902 (citing *Dubois v. Thomas* with approval). In sum, Gjøvik's CWA claim against the City does not allege facts that she is plausibly entitled to relief, and it should be dismissed.

### 4.    Gjøvik's EPCRA claim does not allege any nondiscretionary action by the City.

Gjøvik's fifth cause of action is asserted under EPCRA, 42 U.S.C. § 11046.  ECF 1, ¶ 279. EPCRA was passed in 1986 in response to concerns regarding hazards posed by storage and handling of toxic chemicals, and imposes planning and reporting requirements for federal, state, tribal, and local governments, as well as industry.[5] The Complaint alleges that the City failed to provide a mechanism for public availability of information, ¶ 294, failed to respond to a request for tier II information, ¶ 295, and failed to ensure that Apple's facility submitted Toxics Release Inventory ("TRI") reports under EPCRA § 313. ECF 1, ¶ 296.

Gjøvik makes a general allegation that the City has been delegated "emergency planning coordination," but does not identify where or how the EPCRA responsibilities relevant to her claims were delegated to the City. ECF 1, ¶ 39. In her EPCRA claim, she alleges that Apple failed to submit emergency notices, submit material safety data sheets or lists, complete and submit an inventory, and complete and submit a toxic chemical release form. ECF 1, ¶ 281. She quotes EPCRA's grant of jurisdiction to district courts for enforcing EPCRA's requirements for owners and operators of facilities, and EPA's guide to EPCRA compliance for semiconductor

---

[5] EPA, *What is EPCRA?*, available at: https://www.epa.gov/epcra/what-epcra.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS

63831202.v3

manufacturers. ECF 1, ¶¶ 283, 284. She describes reviewing public records for the Apple Facility. ECF 1, ¶ 285. She makes no factual allegations that these alleged violations involved the City or as to whether she requested or reviewed EPCRA public information from the City.

### i. Gjøvik did not give any notice of her first two EPCRA claims, nor did she give sufficient notice for her third EPCRA claim.

Gjøvik did not give notice of her first two EPCRA claims, and so did not satisfy the mandatory condition precedent to including them in her lawsuit. *Cascadia Wildlands v. Scott Timber Co*., 105 F.4th 1144, 1150–53 (9th Cir. 2024) (analogous ESA citizen suit notice requirement is not jurisdictional but is a threshold requirement that must be satisfied before filing a lawsuit). Those two claims should be dismissed on that basis. Her third EPCRA claim likewise should be dismissed because it does not comply with EPCRA notice requirements.

Like other citizen suit provisions, EPCRA requires notice before bringing suit. 42 U.S.C. § 11046(d). "[T]he purpose of notice to the alleged violator is to give it an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc*., 484 U.S. 49, 60 (1987) (interpreting analogous provision of CWA). The purpose is also allow a government agency to take action on the alleged violation. *Hallstrom v. Tillamook Cnty*., 493 U.S. 20, 29 (1989) (interpreting analogous provision of RCRA). For many years the Ninth Circuit treated citizen suit notice requirements as jurisdictional, but revisited its position last year in light of a recent U.S. Supreme Court decision. *See Cascadia Wildlands*, 105 F.4th at 1150–53. This circuit now recognizes the notice requirements as a mandatory claims-processing rule that is a mandatory condition precedent to commencing suit. *See id*. at 1153 (interpreting analogous ESA notice requirement). A plaintiff also must specifically identify the violations alleged. *California Sportfishing Prot. All. v. City of W. Sacramento*, 905 F. Supp. 792, 799 (E.D. Cal. 1995); *San Francisco Baykeeper v. City of Sunnyvale*, No. 5:20-CV-00824-EJD, 2020 WL 7696078, at *5 (N.D. Cal. Dec. 28, 2020).

Notice of an EPCRA violation of a standard, regulation, condition, requirement, or order must identify the requirement that has allegedly been violated, the activity or failure to act, and the

- 10 -

1  dates of the violation. *Gatzke v. City of W. Bend, Wisconsin*, 561 F. Supp. 3d 792, 798 (E.D. Wis.

2  2021) (dismissing EPCRA claims because plaintiffs' notice did not specify *when* the defendant

3  should have made disclosures).

4          In her Notice, Gjøvik's first EPCRA claim against the City was that the "City has

5  knowledge of chemical releases from the Facility but has failed to notify the community as

6  required under EPCRA § 304." Notice, ¶ 100. She did not bring that claim.[6] Instead, Gjøvik's first

7  two EPCRA claims against the City in her Complaint allege that the City failed to provide a

8  mechanism for public availability of information under EPCRA § 324, ECF 1, ¶ 294, and failed to

9  respond to a request for tier II information under EPCRA § 312, ECF 1, ¶ 295. She gave no notice

10  of those claims, thereby giving her defendants and the EPA no opportunity to assess if enforcement

11  or corrective action may be warranted. *Gwaltney*, 484 U.S. at 60; *Hallstrom*, 493 U.S. at 29. Since

12  she failed to satisfy this mandatory precondition to asserting such claims against the City, those

13  claims cannot be maintained and should be dismissed. *Gatzke*, 561 F.Supp. 3d at 798.

14          Gjøvik's third EPCRA claim should also be dismissed for insufficient notice. In her Notice,

15  Gjøvik alleged that the "City has failed to ensure that the Facility submits required Toxics Release

16  Inventory (TRI) reports under EPCRA § 313." Notice, ¶ 102. She did not identify what provision

17  of EPCRA requires the City to "ensure" the Apple Facility submits its reports, nor the person

18  responsible, nor the dates of the alleged violation. As such, Gjøvik's notice for her third EPCRA

19  claim is insufficient and it should be dismissed. *Gatzke*, 561 F. Supp. 3d at 798.

20                    **ii.    Gjøvik's claim for publicly available information cannot be brought**

21                    **against the City and does not allege any relevant facts.**

22          As noted in the prior subsection, Gjøvik's Complaint alleges that the City, delegated as a

23  CUPA from California's emergency response agency, failed to provide a mechanism for the public

24  availability of information in accordance with 42 U.S.C. § 11044(a). ECF 1, ¶ 294. While Gjøvik's

25  allegation that the City is delegated as a CUPA is correct, she is incorrect in her assumption that

26

27

28  ──────────────────
[6] Nor could she bring this claim against the City, as the statute does not impose this reporting
   obligation on local communities.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS

63831202.v3

1   the CUPA program includes delegation of the State's EPCRA functions.[7]

2   Substantively, 42 U.S.C. § 11044(a) requires that documents received from regulated

3   facilities be made available to the general public. But regardless of whether the City has some

4   obligations as a "local emergency planning committee" under 42 U.S.C. § 11044(a), the EPCRA

5   citizen suit statute only authorizes suit against EPA or the State "for failure to provide a mechanism

6   for public availability of information in accordance with 42 U.S.C. § 11044(a)." 42 U.S.C.

7   § 11046(a)(1)(C). It does not authorize citizen suits against a local emergency planning committee

8   or any other municipal unit of government, so this claim cannot be brought against the City.

9   Gjøvik's claim that the City violated this provision also is conclusory, and she does not

10  allege relevant facts to support her claim. ECF 1, ¶ 294. She never alleges that she visited

11  designated locations during normal working hours, made any EPCRA requests to the City, or failed

12  to receive EPCRA records from the City. Thus, beyond having provided no notice of this claim,

13  and having no statutory basis to bring it against the City, it must also be dismissed because Gjøvik

14  fails to plausibly allege a claim for relief.

15          **iii.    Gjøvik's claim that the City failed to respond to a request for tier II**

16                 **information cannot be brought against the City, and she never alleges**

17                 **that she made such a request.**

18  Gjøvik also alleges that the City failed to respond to a request for tier II information under

19  42 U.S.C. § 11022(e)(3). ECF 1, ¶ 295. The underlying requirement concerns tier II information

20  under EPCRA, which includes information about chemicals at a facility like the names, amounts

21  present, and location and manner of storage. 42 U.S.C. § 11022(d)(2). 42 U.S.C. § 11046(a)(1)(D)

22  authorizes suit against "[a] State Governor or a State emergency response commission for failure

23  to respond to a request for tier II information under section 11022(e)(3) of this title within 120

24  days after the date of receipt of the request." As above, the City is not included in the list of entities

25  against which Congress authorized suit. 42 U.S.C. § 11046(a)(1)(D). As a result, this claim cannot

26  be maintained against the City.

27  _____

28  [7] CalEPA, *Unified Program: Laws and Regulations*, available at:
        https://calepa.ca.gov/cupa/lawsregs/.

63831202.v3

1    Gjøvik mentions tier II information once in her Complaint; when she alleges the City failed

2    to provide it. ECF 1, ¶ 295. She alleges no facts that she ever asked the City for tier II information,

3    let alone specifying when she made the request or that the City ever declined such a request. ECF

4    1 at 52–55.

5    In sum, the statute does not authorize suit against the City for this claim, Gjøvik provided

6    no notice of it, and she alleges no facts to support her conclusory allegation. As such, this claim

7    cannot be maintained against the City and should be dismissed.

8         **iv.    Gjøvik cannot maintain her claim that the City "failed to ensure" that**

9              **the Apple Facility submit Toxics Release Inventory reports.**

10   Gjøvik does not relate her EPCRA claim against the City, that the "City has failed to ensure

11   that the Facility submits required Toxics Release Inventory (TRI) reports under EPCRA § 313,"

12   ECF 1, ¶ 296, to any of the claims allowed under EPCRA's citizen suit provision. EPCRA § 313

13   creates a framework for toxic chemical release forms, which facility owners and operators must

14   submit to EPA and state officials annually. 42 U.S.C. § 11023(a). It also includes provisions for

15   how EPA may add or delete chemicals from the reporting requirement, act on petitions regarding

16   chemicals for reporting, and make data available to the public, among other things. 42 U.S.C.

17   § 11023(d), (e), (j). It does not impose any obligations on local jurisdictions.

18   The EPCRA citizen suit provision provides no cause of action against local governmental

19   entities for this claim. 42 U.S.C. § 11046. Regarding TRI reports, a citizen suit can be brought

20   against an owner or operator of a facility for failure to complete and submit a toxic chemical release

21   form. 42 U.S.C. § 11046(a)(1)(A). A citizen suit can also be brought against EPA for failure to

22   respond to a petition to add or delete a chemical with 180 days, publish a toxic chemical release

23   form, or establish a computer database. 42 U.S.C. § 11046(a)(1)(B)(ii)–(iv).

24   First, the City is not the owner or operator of the Apple Facility. 42 U.S.C.

25   § 11046(a)(1)(A). Second, the City is not EPA and does not have EPA's authority or duties under

26   EPCRA § 313, 42 U.S.C. § 11023. Third, even if the City somehow could be sued as standing in

27   EPA's shoes, 'ensuring the facility submits the required reports' does not fall into any of the

28   categories for which a suit can be brought against EPA. 42 U.S.C. § 11046(a)(1)(B)(ii)–(iv).

- 13 -

Gjøvik alleges nothing regarding how the City should have 'ensured the facility submitted required reports,' or that it even has the authority to do so. ECF 1 at 52–55. This cause of action cannot plausibly be maintained and should be dismissed.

**5.    Gjøvik has not alleged any TSCA claim against the City.**

Gjøvik's sixth cause of action asserts claims under TSCA. However, the Complaint makes no TSCA claims against the City. ECF 1 at 56–57. Related to TSCA, Gjøvik describes an alleged 2020 report from the Apple Facility regarding its emissions of volatile organic compounds and solvents, as well as a 2025 chemical inventory from the Apple Facility that describes its TSCA-regulated chemicals. ECF 1, ¶ 303.

Gjøvik's TSCA claims include allegations that the "Defendants" have violated TSCA by unlawful manufacturing, processing, and/or distribution, violation of use restrictions, and failure to comply with phase-out requirements. ECF 1, ¶ 300. She also alleges that "Defendants" have violated TSCA by failing to comply with Subchapter 1, by using chemical substances in violation of TSCA, and for failing to comply with records requirements. ECF 1, ¶ 301, as well as for improper use and disposal of hazardous chemicals, ECF 1, ¶ 302. Finally, Gjøvik alleges that "Defendants" made knowing and willful violations that placed persons in imminent danger of death or injury, violated recordkeeping requirements, and also terminated the Plaintiff in violation of TSCA's anti-retaliation provision. ECF 1, ¶ 304–306. None of these allegations are directed at any action by the City.

The City does not own or operate the Apple Facility. It is not subject to TSCA requirements for the use or disposal of TSCA-regulated chemicals at the Apple Facility, nor is it subject to associated record-keeping requirements. Furthermore, even if any of Gjøvik's TSCA claims are somehow directed at the City, then they are not plausible given that the City, as stated, does not own or operate the Apple Facility and never employed or terminated Gjøvik. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

**6.    Gjøvik has not alleged any public nuisance claim against the City.**

Gjøvik's seventh cause of action asserts a claim for public nuisance. However, the Complaint makes no public nuisance claims against the City. ECF 1 at 57–60. Related to California

63831202.v3

Case 5:25-cv-07360-PCP    Document 30    Filed 10/10/25    Page 22 of 24

state public nuisance law, Gjøvik alleges the Apple Facility[8] has been owned, operated, managed, used, and/or permitted to be used in such a manner as to constitute a public nuisance that substantially and unreasonably interferes with the comfortable enjoyment of life or property. ECF 1, ¶ 308. She also alleges that "Defendants" have violated Santa Clara City Code in creating a public nuisance, as well as in creating an attractive nuisance by creating unsafe conditions adjacent to public parks and a public playground. ECF 1, ¶ 310–312. Gjøvik alleges that "Defendants" have "owned and/or controlled" the Apple Facility and been on actual notice but have failed to take reasonable steps to prevent or abate the alleged nuisance. ECF 1, ¶ 314. She argues that this case is an example of egregious environmental noncompliance because "[a] major corporation has operated an unpermitted semiconductor facility for nearly a decade, poisoning residents including their own employee, while regulatory agencies fail to act despite documented knowledge of extensive violations." ECF 1, ¶ 319.

Gjøvik does not direct any public nuisance claims toward the City. Even if she did, Gjøvik could not plausibly allege that the City owns or operates the Apple Facility. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. To the extent the Gjøvik makes general allegations that the City failed to take enforcement action, the City's exercise of its enforcement discretion is not subject to judicial review. *Heckler*, 470 U.S. at 831.

## IV.    <u>CONCLUSION</u>

In sum, Gjøvik states no claim against the City upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. She wants this Court to compel the City to enforce environmental law against the Apple Facility. But citizen suit provisions in environmental laws only grant the courts jurisdiction to compel nondiscretionary government actions. 42 U.S.C. § 7604(a)(2) (CAA), 42 U.S.C. § 6972(a)(2) (RCRA), 33 U.S.C. § 1365(a)(2) (CWA); 42 U.S.C. § 11046(a) (EPCRA). These statutory provisions also do not authorize suit against the City. *Id.*; *City of Fairborn*, 2023 WL 2478572, at *6; *P.E.A.C.H.*, 87 F.3d at 1249.

---

[8] Gjøvik refers to the "Property," which she defined to mean "the property and operations located at 3250 Scott Blvd in Santa Clara, California," ECF 1, ¶ 16, which this Motion refers to as the Apple Facility.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS
63831202.v3

1    Gjøvik wants this Court to compel the City to enforce environmental laws in the way she

2    sees fit, *e.g.* ECF 1, ¶ 326, but government enforcement of environmental law is inherently

3    discretionary, and is not directed by courts. *Heckler*, 470 U.S. at 831; *Sierra Club*, 268 F.3d at 905.

4    The City also does not have CAA, CWA, EPCRA, or TSCA enforcement authority over the Apple

5    Facility. *See supra.*

6        The City respectfully asks this Court to dismiss all claims against it with prejudice.

7    DATED:  October 8, 2025                NOSSAMAN LLP
                                            SVEND BRANDT-ERICHSEN
8                                           BRENDAN F. MACAULAY
                                            JENNIFER J. SEELY
9

10

11                                          By:  */s/ Svend Brandt-Erichsen*
                                                Svend Brandt-Erichsen
12                                              sbrandterichsen@nossaman.com
                                                *Pro Hac Vice*
13                                              Jennifer Seely
                                                jseely@nossaman.com
14                                              *Pro Hac Vice*
                                                NOSSAMAN LLP
15                                              719 Second Avenue, Suite 120
                                                Seattle, WA 98104
16                                              Telephone: 206.395.7630
                                                Facsimile: 206.257.0780
17
                                                Brendan F. Macaulay
18                                              CA Bar # 162313
                                                NOSSAMAN LLP
19                                              50 California Street, 34th Floor
                                                San Francisco, CA 94111
20                                              Telephone:    415.398.3600
                                                Facsimile:    415.398.2438
21                                              bmacaulay@nossaman.com

22                                          *Attorneys for Defendant City of Santa Clara*

23

24

25

26

27

28

                                        - 16 -

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on this 8th day of October, 2025, I electronically filed the foregoing

3    **DEFENDANT CITY OF SANTA CLARA'S NOTICE OF MOTION TO**

4    **DISMISS AND MOTION TO DISMISS, MEMORANDUM OF POINTS**

5    **AND AUTHORITIES** with the Clerk of the Court using the CM/ECF system, which sent

6    notification of such filing to all counsel of record.

7

8                                                  */s/ Svend Brandt-Erichsen*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

63831202.v3