SVEND BRANDT-ERICHSEN (WA BN 23923)
sbrandterichsen@nossaman.com
*Pro Hac Vice*
JENNIFER J. SEELY (AK BN 2203018)
jseely@nossaman.com
*Pro Hac Vice*
NOSSAMAN LLP
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone:  206.395.7630
Facsimile:   206.257.0780

BRENDAN F. MACAULAY (CA BN 162313)
bmacaulay@nossaman.com
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:    415.398.3600
Facsimile:     415.398.2438

*Attorneys for Defendant City of Santa Clara*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJØVIK, AN INDIVIDUAL, | Case No:    5:25-cv-07360-NC |
| Plaintiff, | **DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |
| vs. | |
| APPLE INC., a corporation, CITY OF SANTA CLARA, a local government, MR. KALIL/KHALIL JENAB, individually, & as Agent/Member/Manager of: JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, & as Trustee/Agent of: THE JENAB FAMILY TRUST, | **Date:**         November 20, 2025<br>**Time:**         10:00 AM<br>**Location:**   Courtroom 8 – 4th Floor<br>                      280 South 1st Street<br>                      San Jose, CA<br><br>**Judge:**       Hon. P. Casey Pitts |
| Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................................1

DISCUSSION .................................................................................................................................2

    A.    Gjøvik has not alleged a cognizable claim against the City under any of the federal environmental citizen suit provisions invoked in her Complaint.........................................................................................................................2

        1.    Gjøvik cannot plausibly allege facts sufficient to state a claim against the City under the federal environmental citizen suit provisions............................................................................................................2

        2.    Gjøvik's defense of her federal environmental citizen suit claims is unavailing...........................................................................................................3

    B.    Municipal liability principles under state law are not relevant to federal environmental citizen suits. ..................................................................................................6

    C.    Gjøvik has not alleged a cognizable public nuisance claim against the City, and cannot do so.............................................................................................................7

        1.    Gjøvik did not plead a public nuisance claim against the City..........................7

        2.    Gjøvik cannot plausibly allege facts sufficient to state a claim against the City for causing a public nuisance.....................................................8

    D.    Gjøvik's judicial notice request should not be granted..............................................11

CONCLUSION.............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bates v. Nw. Human Servs., Inc.*,
    466 F.Supp.2d 69 (D.D.C. 2006) ...................................................................................................8

*Birke v. Oakwood Worldwide*,
    169 Cal. App. 4th 1540, 87 Cal. Rptr. 3d 602 (2009) ..................................................................10

*Boe v. Marshall*,
    767 F. Supp. 3d 1208 (M.D. Ala. 2025) .......................................................................................11

*Caldwell v. Argosy Univ.*,
    797 F.Supp.2d 25 (D.D.C. 2011) ...................................................................................................8

*Citizens for Odor Nuisance Abatement v. City of San Diego*,
    8 Cal. App. 5th 350, 213 Cal. Rptr. 3d 538 (2017) ...................................................................9, 10

*City of Modesto Redevelopment Agency v. Superior Ct.*,
    119 Cal. App. 4th 28, 38, 13 Cal. Rptr. 3d 865, 872 (2004) ..................................................10, 11

*City of Fairborn, Ohio v. U.S. E.P.A.*,
    No. 3:22-CV-102, 2023 WL 2478572 (S.D. Ohio Mar. 13, 2023) ................................................2

*Ecological Rts. Found. v. Pac. Gas & Elec. Co.*,
    874 F.3d 1083 (9th Cir. 2017) .......................................................................................................5

*Getty Petroleum Mktg., Inc. v. Cap. Terminal Co.*,
    391 F.3d 312 (1st Cir. 2004) ........................................................................................................12

*Heckler v. Chaney*,
    470 U.S. 821 (1985) ............................................................................................................1, 9, 10

*Los Angeles Waterkeeper v. SSA Terminals, LLC*,
    702 F. Supp. 3d 903 (C.D. Cal. 2023) ........................................................................................5, 6

*Melegrito v. CitiMortgage Inc.*,
    2011 WL 2197534 (N.D. Cal. June 6, 2011) .................................................................................8

*People v. ConAgra Grocery Prods. Co.*,
    17 Cal. App. 5th 51, 227 Cal. Rptr. 3d 499 (2017) ......................................................................10

*Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*,
    87 F.3d 1242 (11th Cir. 1996) .......................................................................................................2

*Sierra Club v. Whitman*,
    268 F.3d 898 (9th Cir. 2001) ...............................................................................................1, 3, 9, 10

*Toumazou v. Turkish Republic of N. Cyprus*,
   71 F. Supp. 3d 7 (D.D.C. 2014) .................................................................................................8

*United States v. Lumiguid*,
   499 F. App'x 689 (9th Cir. 2012) ............................................................................................11

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ...................................................................................................11

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) ...................................................................................................12

**Statutes**

15 U.S.C. § 2619 .............................................................................................................................6

15 U.S.C. § 2619(a)(1) ....................................................................................................................4

28 U.S.C. § 1367 .........................................................................................................................8, 9

33 U.S.C. § 1365 ....................................................................................................................1, 6, 7

33 U.S.C. § 1365(a)(1) ................................................................................................................2, 4

33 U.S.C. § 1365(a)(2) ....................................................................................................................2

42 U.S.C. § 6972 ....................................................................................................................1, 6, 7

42 U.S.C. § 6972(a)(1) ...........................................................................................................2, 3, 6

42 U.S.C. § 6972(a)(2) ...........................................................................................................2, 3, 6

42 U.S.C. § 7604 ...............................................................................................................1, 4, 6, 7

42 U.S.C. § 7604(a)(1) ................................................................................................................2, 3

42 U.S.C. § 7604(a)(2) ....................................................................................................................2

42 U.S.C. § 7604(a)(3) ................................................................................................................2, 3

42 U.S.C. § 11046 .............................................................................................................1, 4, 6, 7

Cal. Civ. Code § 3479 .....................................................................................................................9

Cal. Civ. Code § 3480 .....................................................................................................................9

Cal. Civ. Code § 3482 .....................................................................................................................9

**Other Authorities**

Fed. R. Evid. 201(a) ......................................................................................................................12

Fed. R. Evid. 201(b) .......................................................................................................................11, 12

Fed. R. Civ. P. Rule 8 ...................................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................................11, 12

United States Constitution Article III ............................................................................................. 8

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

63885131.v2

**INTRODUCTION**

Gjøvik's Opposition to the City of Santa Clara's Motion to Dismiss does not counter the clear grounds for dismissing the City from this case. The citizen suit provisions of federal environmental statutes provide limited federal jurisdiction for claims alleging noncompliance with requirements of those statutes. 42 U.S.C. § 7604 (CAA), 42 U.S.C. § 6972 (RCRA), 33 U.S.C. § 1365 (CWA); 42 U.S.C. § 11046 (EPCRA). The City has been delegated authority to enforce some federal environmental programs that apply to the Apple facility. The federal citizen suit provisions do not authorize suit against the City, which neither owns nor operates the Apple facility that is subject to requirements of federal environmental laws, and do not empower this Court to direct the City's exercise of its enforcement discretion as it implements the delegated programs. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *Sierra Club v. Whitman*, 268 F.3d 898, 905 (9th Cir. 2001).

In her attempt to keep the City in this case, Gjøvik details municipal tort liability under California law, including a variety of mandatory duties and the scope of municipal sovereign immunity. The City's motion did not invoke sovereign immunity. It is based on the limited scope of the claims available under the federal laws that she has invoked. Her arguments are not relevant to citizen suits under federal environmental statutes and do not support her federal claims. She also argues that the City is included in her public nuisance claim, but does not and cannot plausibly plead the elements of that state law claim against the City. In any event, the state nuisance claim by itself does not provide a basis for federal jurisdiction.

Gjøvik's Opposition to the City's Motion to Dismiss also is filled with unsubstantiated allegations against the City, including unfounded accusations that the City is concealing environmental harms from the public. The City will not respond in detail here, given the constraints on considering factual allegations inherent to a motion to dismiss and the irrelevance of those allegations to Gjovik's claims, but denies that it shows favoritism to <u>any</u> of the facilities that it regulates or that it conceals information from the public.

# DISCUSSION

**A.   Gjøvik has not alleged a cognizable claim against the City under any of the federal environmental citizen suit provisions invoked in her Complaint.**

    **1.   Gjøvik cannot plausibly allege facts sufficient to state a claim against the City under the federal environmental citizen suit provisions.**

As explained in the City's motion, the citizen suit provisions only authorize two kinds of lawsuits. First, they authorize suits against persons for pollution - like emissions, discharges, or hazardous waste disposal not in compliance with statutory requirements - and for permit or rule violations. *E.g.*, 42 U.S.C. § 7604(a)(1), (3) (CAA); 33 U.S.C. § 1365(a)(1) (CWA); 42 U.S.C. § 6972(a)(1) (RCRA). These claims may be brought against the regulated entity that is subject to those statutory or regulatory requirements. Second, the citizen suit provisions authorize suits against the U.S. Environmental Protection Agency ("EPA") for failure to perform a nondiscretionary duty. *E.g.*, 42 U.S.C. § 7604(a)(2) (CAA); 33 U.S.C. § 1365(a)(2) (CWA); 42 U.S.C. § 6972(a)(2) (RCRA).

Gjøvik acknowledges that Apple, and not the City, operates the Apple facility that is the focus of her claims. Pl. Complaint, at ¶ 29. Gjøvik has not alleged, and could not plausibly allege, that the City emitted, discharged, or disposed of pollution from the Apple facility. Accordingly, the pollution-control causes of action authorized by the citizen suit provisions cannot support Gjøvik's claims against the City. 42 U.S.C. § 7604(a)(1), (3); 33 U.S.C. § 1365(a)(1); 42 U.S.C. § 6972(a)(1).

Gjøvik also admits that she does not have a claim against the City for any nondiscretionary duties under the federal environmental statutes. Opposition at 5. In her Complaint and in her Opposition to the City's Motion to Dismiss, Gjøvik does not allege that the City failed to perform any nondiscretionary duty under federal environmental law. But even if she had, that would not provide a basis for a claim against the City, since as described in the City's motion, citizen suit provisions do not authorize nondiscretionary-duty lawsuits against entities other than EPA. *City of Fairborn, Ohio v. U.S. E.P.A.*, No. 3:22-CV-102, 2023 WL 2478572, at *9 (S.D. Ohio Mar. 13, 2023); *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1249 (11th Cir. 1996) ("*P.E.A.C.H.*").

1   Gjøvik does challenge how the City has enforced the CUPA program, but federal
2   environmental citizen suit provisions expressly do not authorize review of the exercise of
3   enforcement discretion. *See, e.g.*, *Sierra Club v. Whitman*, 268 F.3d 898, 905 (9th Cir. 2001).

### 2.     Gjøvik's defense of her federal environmental citizen suit claims is unavailing.

Gjøvik's Opposition to the City's Motion to Dismiss does not explain how she could assert any of the causes of action permitted under the federal environmental citizen suit provisions against the City; neither for polluting in violation of a federal environmental law, nor for failing to perform one of EPA's nondiscretionary duties. But even if she was given leave to amend her Complaint, as she has requested, Gjøvik could not state a claim against the City under these laws.

With regard to RCRA, Gjøvik is correct that the citizen suit provision authorizes claims against "any person," including a "governmental instrumentality or agency," Pl. Opposition, at ¶ 52, but those claims must allege violations of a "permit, standard, regulation, condition, requirement, prohibition, or order" issued under RCRA. 42 U.S.C. § 6972(a)(1). According to Gjøvik, the City's RCRA violation is concealing Apple's RCRA violations from the state and federal governments and the public. Pl. Opposition, at ¶ 53. She does not allege any facts to support this accusation, but more importantly for this motion, it does not fall within the scope of the RCRA citizen suit provision; neither the pollution-control nor the nondiscretionary duty causes of action. 42 U.S.C. § 6972(a)(1)-(2). Gjøvik's conclusory allegations do not state a claim against the City under the RCRA citizen suit statute, nor could they even if she was given leave to amend her Complaint.

With regard to the CAA, Gjøvik focuses her Opposition on the pollution control portions of the CAA citizen suit provision. Pl. Opposition, at ¶ 54. These authorize suit against persons who violate "an emission standard or limitation" or an order issued "with respect to such a standard or limitation," 42 U.S.C. § 7604(a)(1), or who construct an air-pollution-emitting facility without the appropriate permit or violate such a permit, 42 U.S.C. § 7604(a)(3). Gjøvik has not alleged that the City has violated an air pollution emission standard or constructed an air-pollution-emitting facility without a permit, nor could she, since she has acknowledged that the City neither owns nor

1  operates the Apple facility. Pl. Complaint, at ¶ 29. Gjøvik argues the City "contributed to"
2  violations of CAA standards, limitations, and orders, and "contributed to" the construction of a
3  major emitting facility. Pl. Opposition, at ¶ 55. Regardless of how she may allege such a
4  contribution occurred, such liability does not exist under the statute. 42 U.S.C. § 7604. Gjøvik has
5  not stated a claim against the City under the CAA citizen suit statute, nor could she even if given
6  leave to amend her Complaint.

7  With regard to TSCA, Gjøvik correctly cites the pollution-control portion of the TSCA
8  citizen suit statute as applying to "any person," including a "governmental instrumentality or
9  agency," Pl. Opposition, at ¶ 57, but has not and cannot identify any provision of TSCA or any
10 rule or order issued under it that the City has violated. 15 U.S.C. § 2619(a)(1). According to
11 Gjøvik, the City's TSCA violation is that the City knew certain toxic chemicals were used at the
12 Apple facility and knew about some spills and releases of these chemicals, but failed to report
13 these to EPA. Pl. Opposition, at ¶ 57. However, Gjøvik has not identified any TSCA requirement
14 that imposes such a reporting obligation on the City for industrial facilities within its borders, nor
15 is there one. She has not stated a claim against the City under the TSCA citizen suit statute, nor
16 could she even if she amended her Complaint.

17 With regard to EPCRA, Gjøvik says that the EPCRA citizen suit provision applies to the
18 City because it applies to "a State emergency response commission." Pl. Opposition, at ¶ 58 (citing
19 42 U.S.C. § 11046(a)(1)(C)-(D)). The City is not a State. The EPCRA citizen suit statute does not
20 authorize suits against any local government. 42 U.S.C. § 11046. Gjøvik accuses the City of
21 "contributing to" EPCRA violations at the Apple facility, Pl. Opposition, at ¶ 60, but such liability
22 does not exist under the EPCRA citizen suit statute. 42 U.S.C. § 11046. Gjøvik also alleges that
23 the City failed to report leaks, spills, and ongoing violations by Apple to the state and federal
24 governments, Pl. Opposition, at ¶ 62, but the City has no such obligation under EPCRA, *see* City's
25 Motion to Dismiss, at 11-14. Gjøvik has not stated any claim against the City under the EPCRA
26 citizen suit statute, nor could she even if given leave to amend her Complaint.

27 With regard to the CWA, Gjøvik is again correct that it authorizes citizen suits against "any
28 person," including a "governmental instrumentality or agency," 33 U.S.C. § 1365(a)(1), for permit

- 4 -

violations, Pl. Opposition, at ¶ 68-69, but does not plead any violations of the stormwater permit requirements she alleges apply to the City. In her Opposition, Gjøvik alleges that a stormwater permit requires the City to implement a program to address non-stormwater discharges to the storm drain system. Pl. Opposition, at ¶ 68-69. That is a regulatory program ("implement an industrial and commercial site control program"). The only allegations of the Complaint regarding stormwater discharges relate to actions that the City has taken to implement that regulatory program at the Apple facility. Complaint ¶¶ 264, 268. Thus, Gjøvik's Complaint acknowledges that the City has the program required by the stormwater permit in place. She apparently believes that the City should be more aggressive in its regulation of stormwater discharges from the Apple facility, but that is not an actionable citizen suit claim. That concern also has nothing to do with her allegations that Apple has discharged pollutants to the entirely separate sanitary sewer system. The Complaint acknowledges that those sanitary sewer discharges are regulated by the Regional Wastewater Facility, not the City. Complaint ¶¶ 259-262.

In support of her CWA claim against the City, Gjøvik cites *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 874 F.3d 1083 (9th Cir. 2017), claiming it suggests that the City "may have more direct liability under stormwater CWA claims than the other two defendants." Pl. Opposition, at ¶ 70. To the contrary, that case provides no support for a claim against the City. There, the Ninth Circuit held that even though EPA had not required a CWA permit for a utility's stormwater discharge of wood treatment chemicals, that did not preclude the potential application of RCRA to the wood treatment chemical waste. *Ecological Rts. Found.*, 874 F.3d at 1087, 1102. Unlike the utility in that case, the City does not discharge stormwater from the Apple facility at issue in this case. Also, in that case there was no CWA permit, while here the Apple facility has a permit for its discharges to the (separate) sanitary sewer. *See* City's Motion to Dismiss, at 8.

This case is more like *Los Angeles Waterkeeper v. SSA Terminals, LLC*, 702 F. Supp. 3d 903, 934 (C.D. Cal. 2023), where the plaintiff "generally group[ed]" the defendant City of Long Beach with industrial facility operators but did not plausibly allege that it had, "in its own right, acted in such a way that it could reasonably be considered to be in violation of federal pollution

control requirements." 702 F. Supp. 3d at 934. Gjøvik has not stated a claim against the City under the CWA citizen suit statute, nor could she amend her Complaint to do so.

Gjøvik has not plausibly pled any of her federal environmental citizen suit claims against the City, nor could she even if given leave to amend her Complaint. As such, they should be dismissed with prejudice.

### B.     Municipal liability principles under state law are not relevant to federal environmental citizen suits.

Gjøvik devotes substantial space to an overview of principles of municipal liability under California law, including ministerial duties, obligation to perform voluntarily assumed duties, liability for known and compelling dangers on public property, lack of immunity for fire department personnel when not fighting fires, and lack of immunity for "designs" when prior conditions change. Pl. Opposition, at 6-13. These principles are not relevant to federal environmental citizen suit claims.

As explained above, federal environmental citizen suit statutes authorize specific causes of action for when an entity pollutes or violates a permit, and for when EPA fails to perform a nondiscretionary duty. 42 U.S.C. § 7604 (CAA), 42 U.S.C. § 6972 (RCRA), 33 U.S.C. § 1365 (CWA); 42 U.S.C. § 11046 (EPCRA); 15 U.S.C. § 2619 (TSCA). These citizen suit provisions authorize suits for violations of each given statute. *Id.* For example, the RCRA citizen suit provision, like the other provisions, authorizes pollution-control lawsuits against any person "alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective *pursuant to this chapter*." 42 U.S.C. § 6972(a)(1)(A) (emphasis added). It likewise authorizes nondiscretionary-duty lawsuits against EPA "where there is alleged a failure of the Administrator to perform any act or duty *under this chapter* which is not discretionary with the Administrator." 42 U.S.C. § 6972(a)(2) (emphasis added). None of Gjøvik's federal environmental citizen suit claims are supported by her discussion of municipal liability under California law.

Gjøvik argues that the City has mandatory duties based on California law and policy and may not refuse to perform a voluntarily assumed duty. Pl. Opposition, at 6-7. She also discusses

1  municipal tort liability for known and compelling dangers on public property, especially the City
2  parks located near the Apple facility. Pl. Opposition, at 8-12. Even if any of these state-law "duties"
3  actually applied to the City in this situation, that would not rescue her citizen suit claims, as the
4  federal statutes do not provide causes of action for state law duties. None of these principles or
5  citations are relevant to asserting a claim against the City under any of the federal environmental
6  citizen suit statutes.

7  Gjøvik also suggests that the City raised "broad claims of sovereign immunity" in response
8  to her claims, Pl. Opposition, at 23, and explains that "municipal tort immunity" places the burden
9  on the municipality to justify its immunity from tort liability, Pl. Opposition, at 6. She also touches
10 on a lack of tort immunity for fire department personnel when they are not fighting fires, Pl.
11 Opposition, at 12, and a lack of design immunity for municipalities when prior conditions change,
12 Pl. Opposition, at 13. The City did not argue that it has sovereign immunity in its Motion to
13 Dismiss, nor did it invoke any of these other immunities. *See* City's Motion to Dismiss, at 1-16.
14 These principles also are irrelevant to stating a claim against the City under any of the federal
15 environmental citizen suit statutes.

16 To maintain a citizen suit claim against the City, Gjøvik must plausibly plead facts showing
17 that the City has polluted in violation of a federal environmental law or violated a permit or
18 regulation. 42 U.S.C. § 7604 (CAA), 42 U.S.C. § 6972 (RCRA), 33 U.S.C. § 1365 (CWA); 42
19 U.S.C. § 11046 (EPCRA). Municipal tort liability and duties under California state law are
20 irrelevant to any such claim.

21     **C.**     **Gjøvik has not alleged a cognizable public nuisance claim against the City, and cannot do so.**
22
23         **1.**     **Gjøvik did not plead a public nuisance claim against the City.**

24 In her Complaint, Gjøvik did not direct any public nuisance claim against the City. She
25 claimed that "Defendants, who, at all times relevant herein, *have owned and/or controlled the*
26 *Property*, have been on actual notice of the nuisance, and yet have failed to take reasonable steps
27 to prevent or abate it." Pl. Complaint, at ¶ 314 (emphasis added). Her nuisance claims all relate to
28

the Apple facility. The City does not own or control the Apple facility. Thus, her claims were not directed against the City.

In her Opposition to the City's Motion to Dismiss, Gjøvik argues she "is aware of no rule requiring she name each specific Defendant in each specific allegation of each claim as long as the Defendants understand that at least some of the allegations on each count apply to them." Pl. Opposition, at 4-5. The rule in question is Rule 8 of the Federal Rules of Civil Procedure. A plaintiff cannot satisfy the minimum pleading requirements of Rule 8 by "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Toumazou v. Turkish Republic of N. Cyprus*, 71 F. Supp. 3d 7, 21 (D.D.C. 2014) (quoting *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir. 2001)); *Melegrito v. CitiMortgage Inc*., 2011 WL 2197534, at *6 (N.D. Cal. June 6, 2011) ("Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief"); *Bates v. Nw. Human Servs., Inc*., 466 F.Supp.2d 69, 85 (D.D.C. 2006) (dismissing plaintiffs' claim for "generally neglect[ing] to distinguish between the defendants when describing the factual underpinnings of the complaint").

A plaintiff must provide each defendant with "fair notice of each claim and its basis." *Caldwell v. Argosy Univ*., 797 F.Supp.2d 25, 27 (D.D.C.2011) (quoting *Sparrow v. United Air Lines, Inc*., 216 F.3d 1111, 1118 (D.C. Cir. 2000)). Gjøvik failed to do so with regard to her public nuisance claim against the City, and it should be dismissed.

**2.  Gjøvik cannot plausibly allege facts sufficient to state a claim against the City for causing a public nuisance.**

Gjøvik's public nuisance claim against the City for the Apple facility should be dismissed, without leave to amend, because she cannot plausibly allege that the City has any responsibility for the Apple facility or releases from that facility.[1] While private nuisance is "designed to

---

[1] Once the citizen suit claims against the City are dismissed, the Court also will no longer have subject matter jurisdiction over Gjøvik's state law claim against the City. Federal district courts have original jurisdiction, they also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. This is a claim-by-claim inquiry. *Id.* Without a federal question claim that 'anchors' jurisdiction, there

- 8 -

vindicate individual land ownership interests," public nuisance has "historically distinct origins and aims at the protection and redress of community interests." Citizens for Odor Nuisance Abatement v. City of San Diego, 8 Cal. App. 5th 350, 358, 213 Cal. Rptr. 3d 538, 545 (2017) (emphasis original) (citing People ex rel. Gallo v. Acuna, 14 Cal. 4th 1090, 1103, 929 P.2d 596, 603 (1997)). With roots tracing back to the beginning of the 16th century, public nuisances at common law are interferences with "the exercise of rights common to the public" like public health and safety. Id. "To qualify as a public nuisance, the interference must be both substantial and objectively unreasonable." Id.

Broadly speaking, Gjøvik argues that the Apple facility is a public nuisance because she alleges that it is releasing and emitting substances that harm the community. Pl. Opposition, at 1-2. She alleges in her Opposition that the City allowed this public nuisance to happen by its negligent enforcement of the CUPA program. Pl. Opposition, at 7-8. This is just another way of challenging the City's exercise of its enforcement discretion, which is not reviewable by the courts. *Heckler*, 470 U.S. at 831; *Sierra Club*, 268 F.3d at 905. It also does not state a public nuisance claim against the City.

California's common law categories for nuisance were codified in 1872 and remain generally unchanged today. *Id.* A nuisance is anything "which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of . . . any public park, square, street, or highway." Cal. Civ. Code § 3479. A public nuisance "is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ. Code § 3480. "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." Cal. Civ. Code § 3482.

---

is no supplemental jurisdiction over related state law claims. *Id.* That is the case here. Without the federal environmental claims against the City, the absence of supplemental jurisdiction is another reason do dismiss Gjøvik's California state law claim against the City.

1    Causation is "an essential element of a public nuisance claim." *City of San Diego*, 8 Cal.
2 App. at 359. A plaintiff must establish a "connecting element" or a "causative link" between the
3 defendant's conduct and the threatened harm. *Id.* (quoting *In re Firearm Cases*, 126 Cal. App. 4th
4 959, 988, 24 Cal. Rptr. 3d 659, 679 (2005)). The Defendant also must be more than just a link in
5 the causation chain. A plaintiff must show the defendant's conduct was a "substantial factor" in
6 causing the alleged harm. *Birke v. Oakwood Worldwide*, 169 Cal. App. 4th 1540, 1548, 87 Cal.
7 Rptr. 3d 602, 608 (2009) (holding that the defendant apartment complex's conduct was a
8 substantial factor in causing a secondhand tobacco smoke hazard because it provided ashtrays and
9 permitted its employees to smoke); *People v. ConAgra Grocery Prods. Co.*, 17 Cal. App. 5th 51,
10 102, 227 Cal. Rptr. 3d 499, 543 (2017) (holding that defendant companies' conduct was a
11 substantial factor in causing a lead paint nuisance because they had affirmatively promoted lead
12 paint for interior residential use); *contra City of San Diego*, 8 Cal. App. 5th at 361 (holding that
13 defendant City's conduct was not a substantial factor in causing a noxious sea lion waste odor at
14 La Jolla Cove because the City's fence had not impacted sea lion population dynamics or
15 behavior).
16    The City did not create or assist in creating any nuisance related to the Apple facility. *See*
17 *City of Modesto Redevelopment Agency v. Superior Ct.*, 119 Cal. App. 4th 28, 38, 13 Cal. Rptr. 3d
18 865, 872 (2004). Gjøvik has not pled or shown how the City's management of the CUPA program
19 caused any nuisance related to the Apple facility. Any offsite impacts from releases at the Apple
20 facility are caused by the facility, not by the City. To the extent Gjøvik is arguing that better City
21 enforcement could have avoided or mitigated those impacts, the City's conduct did not cause the
22 impacts and the City's enforcement decisions under the CUPA program are not subject to judicial
23 review or direction. *Heckler*, 470 U.S. at 831; *Sierra Club*, 268 F.3d at 905. The City's conduct is
24 not a "substantial factor" in any nuisance related to the Apple facility. *City of San Diego*, 8 Cal.
25 App. 5th at 361.
26    Gjøvik's Opposition also alleges that the City failed to take measures to protect the public
27 from dangerous conditions that have been created by releases from the Apple facility. Pl.
28 Opposition, at 9. She also alleges that the City failed to warn residents of these dangerous

conditions. Pl. Opposition, at 10. Nuisance liability does not extend to a "failure to warn." *City of Modesto Redevelopment Agency*, 119 Cal. App. 4th 28 at 38. And just as the City has not caused or been a substantial factor in generating any releases from the Apple facility, it also is not responsible for any dangerous conditions that those releases may have caused outside of its boundaries; the law of public nuisance is not so attenuated. Gjøvik cannot plead a cause of action for public nuisance against the City related to the Apple facility, and her claim should be dismissed, without leave to amend.

### D.  Gjøvik's judicial notice request should not be granted.

When considering a motion to dismiss, the Court may consider documents incorporated in the complaint without converting the motion to dismiss into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, the documents Gjøvik has asked the Court to consider on judicial notice were not referenced in the Complaint and so do not fall within that exception. They are not properly considered in ruling on a Rule 12(b)(6) motion to dismiss.

These documents also do not qualify for judicial notice under the Federal Rules of Evidence. Under Rule 201, a court may judicially notice an "adjudicative" fact that is "not subject to reasonable dispute" either (1) because it is "generally known" in the jurisdiction, or (2) because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts do not take judicial notice of irrelevant facts. *United States v. Lumiguid*, 499 F. App'x 689, 691 (9th Cir. 2012); *Boe v. Marshall*, 767 F. Supp. 3d 1208, 1225 (M.D. Ala. 2025) (quoting Wright & Miller in noting that a "an irrelevant fact could hardly be an 'adjudicative fact'" within the meaning of Rule 201).

The figures and parcel maps Gjøvik has offered themselves say they "may or may not be accurate, current, or otherwise reliable." Pl. Request for Judicial Notice, at 9-11, 17, 21. Gjøvik argues that pollution has left the boundaries of the Apple facility and harmed nearby residences and City parks, but this is more than "subject to reasonable dispute." Fed. R. Evid. 201(b). Without establishing that the parks are harmed by pollution from the Apple facility, the distance of the parks from the facility is not relevant. *See Lumiguid*, 499 F. App'x at 691.

1  The news articles clearly are being offered for the truth of their contents, making them inadmissible hearsay. Gjøvik offers them to show that operations like the Apple facility are "capable of creating catastrophic damage" and are "known to create extensive environmental damage and human injuries/fatalities." Pl. Request for Judicial Notice, at 5-6. This is "subject to reasonable dispute," and the articles are not eligible for judicial notice. Fed. R. Evid. 201(b); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (Courts may not take judicial notice of whether the contents of articles are in fact true). Moreover, they are not relevant, having not been referenced in the Complaint or the Opposition.

The International Fire Code excerpts also are not relevant to any claim against the City and also may not be judicially noticed because they are legislative, not adjudicative facts. Fed. R. Evid. 201(a) ("This rule governs judicial notice of an adjudicative fact only, not a legislative fact."). Judicial notice is "generally not the appropriate means to establish the legal principles governing the case." *Von Saher*, 592 F.3d at 960. Even when fire protection standards are incorporated into state law and relevant to the case (neither of which is established here), courts are not required to take judicial notice of them. *Getty Petroleum Mktg., Inc. v. Cap. Terminal Co.*, 391 F.3d 312, 320 (1st Cir. 2004). Finally, Gjovik did not even try to explain how they would be relevant to her claims against the City.

## CONCLUSION

For the reasons set forth above and in the City's motion (ECF 30), Gjøvik has not stated a claim against the City, and cannot do so under the federal laws that form the basis for this Court's jurisdiction over this action, or for a public nuisance under California law. Gjøvik's claims relate to alleged releases from the Apple facility. The City does not own, operate or control that facility and it has not caused the alleged releases. The City respectfully urges the Court to dismiss all claims against the City pursuant to Fed. R. Civ. P. 12(b)(6), without leave to amend.

DATED:  October 31, 2025

NOSSAMAN LLP
SVEND BRANDT-ERICHSEN
BRENDAN F. MACAULAY
JENNIFER J. SEELY


By: */s/ Svend Brandt-Erichsen*
    Svend Brandt-Erichsen
    sbrandterichsen@nossaman.com
    *Pro Hac Vice*
    Jennifer Seely
    jseely@nossaman.com
    *Pro Hac Vice*
    NOSSAMAN LLP
    719 Second Avenue, Suite 120
    Seattle, WA 98104
    Telephone: 206.395.7630
    Facsimile: 206.257.0780

    Brendan F. Macaulay
    CA Bar # 162313
    NOSSAMAN LLP
    50 California Street, 34th Floor
    San Francisco, CA 94111
    Telephone:    415.398.3600
    Facsimile:    415.398.2438
    bmacaulay@nossaman.com

    *Attorneys for Defendant City of Santa Clara*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2025, I electronically filed the foregoing **DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Svend Brandt-Erichsen*