WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California  92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL
JENAB, JENAB FAMILY LP, JENAB FAMILY
VENTURES LLC, and JENAB FAMILY TRUST

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

#### SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 5:25-cv-07360-PCP<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:  December 18, 2025<br>Time:  10:00 a.m.<br>Courtroom:  8, 4th Floor<br>Judge:  Hon. P. Casey Pitts<br><br>Action Filed:  September 2, 2025<br>Trial Date:  TBD |

1

**NOTICE OF MOTION**

2    PLEASE TAKE NOTICE that on December 18, 2025, at 10:00 a.m., or as soon as the matter

3  may be heard, in Courtroom 8, of the United States District Court of the Northern District of

4  California, located at 280 South 1st Street, San Jose, California 95113, Defendant Apple Inc. moves

5  to dismiss this action with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

6  Apple bases this Motion on this Notice of Motion, Apple's Memorandum of Points and Authorities,

7  the Declaration of William F. Tarantino, the pleadings, records, and files in this action, and all other

8  written or oral arguments or evidence that the parties may present to the Court relating to this

9  Motion. Apple respectfully asks that the Court dismiss this action with prejudice because the Court

10  lacks subject matter jurisdiction, and Plaintiff fails to state a claim upon which relief can be granted.

11

12

**STATEMENT OF RELIEF SOUGHT (L.R. 7-2(b)(3))**

13    Apple seeks an order dismissing all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1),

14  or in the alternative, 12(b)(6) because the Complaint fails to establish federal subject-matter

15  jurisdiction and fails to state a cognizable claim for relief.

16

17

18  Dated: November 7, 2025                    MORRISON & FOERSTER LLP

19

20                                            By:  /s/ William F. Tarantino
                                                   William F. Tarantino

21                                            Attorneys for Defendants
                                              APPLE INC., KALIL JENAB, JENAB
22                                            FAMILY LP, JENAB FAMILY T
                                              VENTURES LLC, and JENAB FAMILY
23                                            TRUST

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) ................................................. IX

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I.    INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY ......................................... 2

    A.    Plaintiff's Related Claims Against Apple Were Already Dismissed with Prejudice .......................................................................................... 2

    B.    Plaintiff's Defective Pre-Suit Notice ......................................................... 3

    C.    Plaintiff's Current Complaint and Allegations ........................................... 3

III.    LEGAL STANDARD ........................................................................................... 4

IV.    ARGUMENT ..................................................................................................... 5

    A.    Plaintiff Lacks Article III Standing Because She Has No Concrete Interest in California's Environment ........................................................... 5

        1.    Plaintiff has no recreational or aesthetic interest in the Facility. ................ 5

        2.    Alleged injuries related to her previous presence in California do not meet Article III thresholds. .......................................................... 6

    B.    Each Defect in Plaintiff's Pre-Suit Notice Requires Dismissal .......................... 8

        1.    The Notice fails to meet threshold technical requirements. ........................ 9

        2.    The Notice does not provide adequate information to assess compliance. ........................................................................... 10

    C.    Government Enforcement Bars Plaintiff's RCRA Claims ................................. 11

    D.    Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted ............. 13

        1.    Plaintiff's impermissible "shotgun" pleading dooms all of her federal statutory claims. ......................................................... 13

        2.    Plaintiff makes only past, time-barred Clean Air Act allegations. ............ 14

        3.    Plaintiff fails to state a claim under the Clean Water Act because the Complaint alleges no permit noncompliance or ongoing violation. ............................................................................ 15

        4.    Plaintiff fails to identify any actionable regulations limiting use of the chemical NMP under TSCA. .................................................... 16

        5.    Plaintiff's allegations of EPCRA fail to identify regulated chemicals or trigger prerequisites to liability ........................................ 16

        6.    The public nuisance claim is time barred and fails to state a claim ......... 18

        7.    Plaintiff vaguely alleges violations of a laundry list of inapplicable, unenforceable, or duplicative statutes and regulations. ........................... 20

V.    CONCLUSION ................................................................................................. 25

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................ 4, 13, 17

5

*Ashley Creek Phosphate Co. v. Norton,*
    420 F.3d 934 (9th Cir. 2005) ................................................................................... 6

6

7

*Atl. States Legal Found. v. United Musical Instruments,*
    61 F.3d 473 (6th Cir. 1995) ................................................................................ 9, 10

8

9

*Beck Dev. Co. v. S. Pac. Transp. Co.,*
    44 Cal. App. 4th 1160 (1996) ................................................................................ 18

10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................... 4

11

12

*People ex rel. Bradford v. Goddard,*
    47 Cal. App. 730 (1920) ....................................................................................... 19

13

14

*Browning v. Am. Honda Motor Co., Inc.,*
    549 F. Supp. 3d 996 (N.D. Cal. 2021) .................................................................... 5

15

*Candlestick Heights Cmty. All. v. City & Cnty. of S.F.,*
    No. 23-cv-00082-SK, 2023 WL 9317153 (N.D. Cal. Dec. 21, 2023),
    *aff'd,* 2025 WL 275112 (9th Cir. Jan. 23, 2025) ................................................... 6

16

17

18

*Cascadia Wildlands v. Scott Timber Co.,*
    105 F.4th 1144 (9th Cir. 2024) .................................................................... 8, 10, 11

19

*Chandler v. State Farm Mut. Auto. Ins. Co.,*
    598 F.3d 1115 (9th Cir. 2010) ................................................................................ 4

20

21

*Clarke v. Pac. Gas & Elec. Co.,*
    501 F. Supp. 3d 774 (N.D. Cal. 2020) .................................................................. 14

22

23

*Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy,*
    305 F.3d 943 (9th Cir. 2002) .................................................................................. 9

24

*Cmty. of Cambridge Env't Health & Dev. Grp. v. City of Cambridge,*
    115 F. Supp. 2d 550 (D. Md. 2000) ...................................................................... 12

25

26

*Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC,*
    115 F.4th 1217 (9th Cir. 2024) ............................................................................... 7

27

28

*Ctr. for Biological Diversity v. Marina Point Dev. Co.*,
   566 F.3d 794 (9th Cir. 2008), *amended* (May 14, 2009) .................................................. 10, 11

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010).......................................................................................... 5

*Demoruelle v. Kucharski*,
   No. 19-00269 JAO-RT, 2019 WL 4739285 (D. Haw. Sept. 27, 2019) ................................... 6

*Ecological Rts. Found. v. Pac. Lumber Co.*,
   230 F.3d 1141 (9th Cir. 2000)......................................................................................... 5

*Eisentecken v. Tahoe Reg'l Plan. Agency*,
   No. 2:20-cv-02349-DJC-CKD, 2025 WL 1531678 (E.D. Cal. May 28, 2025)..................... 19

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ...................................................................................................... 5

*Gillespie v. Cnty. of Alameda*,
   No. 20-cv-03735-DMR, 2020 WL 5106858 (N.D. Cal. Aug. 31, 2020)............................. 13

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
   484 U.S. 49 (1987) ........................................................................................... 12, 14, 15

*Hallstrom v. Tillamook Cnty.*,
   493 U.S. 20 (1989) .............................................................................................. 8, 10, 11

*Holmes High Rustler, LLC v. Gomez*,
   No. 15-cv-02086-JSC, 2015 WL 4999737 (N.D. Cal. Aug. 21, 2015)................................. 19

*Karr v. Hefner*,
   475 F.3d 1192 (10th Cir. 2007)..................................................................................... 12

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................... 4, 6, 7

*Mallon v. City of Long Beach*,
   164 Cal. App. 2d 178 (1958)......................................................................................... 19

*Meggette v. Cal. Dep't of Soc. Servs.*,
   No. 25-cv-04722-DMR, 2025 WL 2684402 (N.D. Cal. July 23, 2025) ............................. 13

*Mendoza v. Amalgamated Transit Union Int'l*,
   30 F.4th 879 (9th Cir. 2022)......................................................................................... 25

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)........................................................................................... 4

*Nilson v. City of San Jose*,
   No. C 07-03686 JW, 2008 WL 11387038 (N.D. Cal. July 24, 2008).......................... 8, 10, 11

*Phipps v. Saddleback Valley Unified Sch. Dist.*,
　204 Cal. App. 3d 1110 (1988).................................................................................. 19

*Piney Run Pres. Ass'n v. Cnty. Comm'rs*,
　523 F.3d 453 (4th Cir. 2008)................................................................................... 12

*Puget Soundkeeper All. v. Port of Tacoma*,
　104 F.4th 95 (9th Cir. 2024)................................................................................... 15

*Remington v. Mathson*,
　42 F. Supp. 3d 1256 (N.D. Cal. 2012),
　*aff'd*, 575 F. App'x 808 (9th Cir. 2014)................................................................. 16

*Safe Air for Everyone v. Meyer*,
　373 F.3d 1035 (9th Cir. 2004)........................................................................... 4, 7 n.2

*S.F. BayKeeper, Inc. v. Tosco Corp.*,
　309 F.3d 1153 (9th Cir. 2002)................................................................................. 10

*Spokeo, Inc. v. Robins*,
　578 U.S. 330 (2016).................................................................................................. 5

*Summers v. Earth Island Inst.*,
　555 U.S. 488 (2009)............................................................................................... 7, 8

*Thibodeaux v. Port of Oakland*,
　No. 18-cv-03353-KAW, 2018 WL 4853299 (N.D. Cal. Oct. 5, 2018).................... 9

*United States v. Stone Container Corp.*,
　196 F.3d 1066 (9th Cir. 1999)................................................................................. 12

*Wash. Trout v. McCain Foods, Inc.*,
　45 F.3d 1351 (9th Cir. 1995)..................................................................................... 9

*WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*,
　375 F.3d 913 (9th Cir. 2004)................................................................................... 10

*White v. Lee*,
　227 F.3d 1214 (9th Cir. 2000)................................................................................... 4

*Wilderness Soc'y, Inc. v. Rey*,
　622 F.3d 1251 (9th Cir. 2010)................................................................................... 7

**Statutes**

15 U.S.C.
    § 2604 .................................................................................................................. 25
    § 2605 .................................................................................................................. 22
    § 2606 .................................................................................................................. 22
    § 2607 .......................................................................................................... 22, 25
    § 2614 .................................................................................................................. 25
    § 2615(b) ............................................................................................................. 23
    § 2619(b)(1)(A) .................................................................................................. 10
    § 2622 .................................................................................................................. 25
    § 2681 .................................................................................................................. 23
    § 2682 .................................................................................................................. 22
    § 2683 .................................................................................................................. 22
    § 2684 .................................................................................................................. 22
    § 2685 .................................................................................................................. 22
    § 2686 .................................................................................................................. 22
    § 2687 .................................................................................................................. 23
    § 2688 .................................................................................................................. 22
    § 2689 .................................................................................................................. 25

28 U.S.C. § 2462 ........................................................................................................ 15

33 U.S.C.
    § 1311 .................................................................................................................. 24
    § 1312 .................................................................................................................. 21
    § 1313 .................................................................................................................. 21
    § 1316 .................................................................................................................. 21
    § 1317 .................................................................................................................. 21
    § 1319(c) ............................................................................................................. 23
    § 1328 .................................................................................................................. 21
    § 1342 .................................................................................................................. 21
    § 1345 .................................................................................................................. 24
    § 1365(b) .......................................................................................................... 9, 10

42 U.S.C.
    § 6921 ............................................................................................................... 21
    § 6922 ............................................................................................................... 21
    § 6923 ............................................................................................................... 21
    § 6924 ............................................................................................................... 21
    § 6928(d) ........................................................................................................... 23
    § 6971 ............................................................................................................... 25
    § 6972 .............................................................................................. 10, 11, 24
    § 6973 ............................................................................................................... 21
    § 7410 ............................................................................................................... 20
    § 7411 ............................................................................................................... 24
    § 7412 ............................................................................................................... 20
    § 7413(c) ........................................................................................................... 22
    § 7491 ............................................................................................................... 21
    § 7604(b) ........................................................................................................... 10
    § 7622 ............................................................................................................... 25
    § 7661(1) & (2) ................................................................................................. 23
    § 11002 ............................................................................................................. 23
    § 11004 ............................................................................................................. 16
    § 11021 ............................................................................................................. 17
    § 11022 ............................................................................................................. 17
    § 11023 ............................................................................................................. 17
    § 11046 .............................................................................................. 10, 23

Cal. Civ. Code § 3482 ................................................................................................ 19

**Other Authorities**

40 C.F.R.
    pt. 262 ............................................................................................................... 24
    pt. 264 ............................................................................................................... 24
    pt. 355 .............................................................................................. 16, 17
    pt. 713 ............................................................................................................... 23
    pt. 745 ............................................................................................................... 24
    pt. 751 ............................................................................................................... 23

40 C.F.R.
§ 54.2(b) ................................................................................................ 10
§ 54.3(b) .................................................................................................. 9
§ 135.2(a) .............................................................................................. 10
§ 135.3(a) ................................................................................................ 9
§ 254.2(a)(1) .......................................................................................... 10
§ 254.3(a) ................................................................................................ 9
§§ 260-265 ............................................................................................ 23
§ 265.1(b) .............................................................................................. 24
§ 370.10 ................................................................................................ 17
§ 372.22 ................................................................................................ 18
§ 372.23 ................................................................................................ 18
§ 702.62(a) ......................................................................................... 9, 11
§ 751.301 .............................................................................................. 23

Regulation under the Toxic Substances Control Act: n-Methylpyrrolidone,
    89 Fed. Reg. 51,134 (proposed June 14, 2024) ...................................... 16

Santa Clara City Code § 8.30.050 (2024) ....................................................... 20

1

## <u>STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))</u>

2      1. Whether Plaintiff, as a Massachusetts resident, has Article III standing to seek injunctive

3 relief in an environmental matter relating to a California facility under *Lujan v. Defenders of*

4 *Wildlife*, 504 U.S. 555 (1992).

5      2. Whether Plaintiff's Complaint is procedurally barred or otherwise fails to state a claim

6 for relief.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Pro se plaintiff and former Apple employee Ashley Gjovik seeks to re-litigate long-running grievances through this environmental "citizen suit." Even though she resides in Massachusetts, she attempts to invoke environmental statutes governing a Santa Clara, California facility she never worked at, in a city she left more than three years ago. Her complaint is a disjointed and speculative chronicle of her version of past events, with generalized and inapplicable references to various environmental statutes. It presents no live controversy, no ongoing violation, and no redressable injury. The entire complaint should be dismissed.

***First***, Plaintiff lacks Article III standing because she does not (and cannot) allege an injury in fact. She concedes that she moved across the country years ago, has no ongoing grievances resulting from the alleged violations, and has no continuing connection to the facility or the surrounding environment. Citizen suits cannot police wholly past events.

***Second***, all of the claims in Plaintiff's citizen suit are barred because her deficient pre-suit notice lacks any measure Apple could use to evaluate its conduct. A defective notice cannot be retroactively cured, requiring dismissal either to the notice itself or to the complaint.

Each claim fails for multiple additional reasons:

- Plaintiff's public nuisance theory is foreclosed by statute because the facility has been operating under valid air permits and such permitted activity cannot, by law, be deemed a nuisance. Nor does Plaintiff allege any ongoing nuisance that would justify injunctive relief.

- The Resource Conservation and Recovery Act (RCRA) claims are barred by the United States' Environmental Protection Agency's (EPA) diligent enforcement and recently-signed consent agreement and final order. As recognized by the EPA, Apple's facility is operating within the limits of RCRA's regulatory scheme. To the extent the EPA believed the Facility was not in compliance historically, the EPA has actively addressed those issues, and their enforcement bars Plaintiff's claims. Plaintiff's citizen suit alleging RCRA violations cannot survive in the face of EPA's parallel, diligent prosecution.

- The Clean Water Act (CWA), Clean Air Act (CAA), Toxic Substances Control Act

(TSCA), and Emergency Planning and Community Right-to-Know Act (EPCRA) claims identify no ongoing or cognizable violation. In pleading these claims, Plaintiff relies on statutes that are not inherently enforceable, direct the EPA to promulgate regulations, or do not create a standard by which to measure compliance. To the extent any statutory provisions might apply to Apple, Plaintiff has not pled facts sufficient to state a claim that a violation has occurred.

This case is not a legitimate environmental enforcement action. It is an attempt to resurrect meritless claims dismissed or resolved elsewhere. Because Plaintiff lacks standing, failed to satisfy mandatory pre-suit requirements, and pleads no ongoing, cognizable violation, amendment would be futile. The Complaint should be dismissed in its entirety with prejudice.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.    Plaintiff's Related Claims Against Apple Were Already Dismissed with Prejudice

Plaintiff is a former Apple employee who has made Apple the focus of a series of lawsuits and administrative actions. This case is simply the latest in that string of challenges—each based on the same alleged environmental conditions near Apple's research facility at 3250 Scott Boulevard in Santa Clara (the "Facility").

Plaintiff lived near the Facility in 2020, when she was employed by Apple, but moved out in October 2020 and now resides in Massachusetts. (Compl. ¶¶ 20–21; ECF No. 3-3 at 10.) She does not allege that she used or enjoyed the surrounding environment for aesthetic or recreational purposes; her connection to the site ended when she relocated. (*See generally id.*)

In 2023, Plaintiff brought an employment lawsuit against Apple in the Northern District of California asserting that environmental conditions at the Facility made her ill. She pleaded, among other claims, private nuisance and intentional infliction of emotional distress based on alleged chemical emissions from the Facility. (*See* Compl. ¶ 24; Declaration of William Tarantino in Support of Motion to Dismiss ("Tarantino Decl.") Ex. D.) On February 27, 2025, after Plaintiff had multiple opportunities to amend to attempt to state a claim, Judge Chen dismissed those claims with prejudice as time-barred and expressly rejected Plaintiff's "continuing nuisance" theory, finding

1    that she "moved out of the apartment at issue in October 2020" and therefore lacked standing to

2    challenge any later emissions. (*Id.* Ex. A at 18; *see also id.* Ex. C at 29 n.11.)

3        **B.    Plaintiff's Defective Pre-Suit Notice**

4        Only three months after Judge Chen dismissed her related claims, Plaintiff served a 60-day

5    pre-suit notice for this lawsuit (the "Notice"). (*See* ECF No. 3.) The Notice failed to meet statutory

6    requirements: it omitted Plaintiff's contact information; was not served on the proper parties; and

7    lacked any specific identification of the standards allegedly violated, the activities purported to

8    constitute violations, or the dates on which they occurred. These deficiencies deprived both Apple

9    and the relevant agencies of the opportunity to investigate or correct the supposed issues before

10   litigation, defeating the purpose of the notice requirement.

11       **C.    Plaintiff's Current Complaint and Allegations**

12       Despite the defective Notice, Plaintiff filed this lawsuit on September 2, 2025. This is her

13   second case against Apple in as many years and one of more than two dozen administrative or

14   judicial proceedings she has brought against Apple in the past five years.[1] Like her prior case, this

15   one centers on her claim that Apple's Facility emitted or discharged chemicals into the air and

16   water. (Compl. ¶¶ 65–70, 85–90, 231–39, 259–71.) She concedes, however, that Apple operates

17   under a valid Bay Area Air Quality Management District permit authorizing controlled emissions

18   of arsine, phosphine, silane, and chlorine, all chemicals commonly used in semiconductor research

19   and development. (*Id.* ¶ 233.) Plaintiff also admits that after she moved away, her physical

20   symptoms "vanished." (*Id.* ¶¶ 144-47; ECF No. 3-3 at 10.) By her own account, any alleged impact

21   of the Facility ended five years ago.

22       She also wants to enforce waste management laws, but ignores the fact that the EPA has

23   already exercised its enforcement authority. In 2023 and 2024 the EPA conducted inspections at

24   the Facility to assess its waste management practices under RCRA. (Compl. ¶¶ 91, 169–71;

25   Tarantino Decl. Ex. F ¶ 13.) Following EPA's investigation, EPA issued a Notice of Violation to

26   Apple but has since found that Apple "has undertaken compliance actions to address and resolve

27
28   [1] In Plaintiff's bankruptcy proceeding, the Bankruptcy Trustee's recently-filed Notice of
     Abandonment lists 26 separate matters by the Plaintiff against Apple Inc. under the heading "Any
     Lawsuit, Court Action, or Administrative Proceeding." (Tarantino Decl. Ex. E at 6–9.)

1    regulatory issues identified by EPA during the inspections." (Tarantino Decl. Ex. F ¶ 21.) Apple

2    and the EPA have since finalized settlement of these alleged violations through a consent agreement

3    and final order. (*See generally id.*)

4         Plaintiff also seeks to sue Apple for public nuisance, even though she cannot allege any

5    exposures from the Facility within the last three years that could have commenced the statute of

6    limitations period for a continuing nuisance.

7         In sum, Plaintiff's allegations concern permitted emissions, remediated waste-management

8    issues, and environmental conditions at a site she left years ago. Because her claims rest on past

9    events and resolved agency action, they present no ongoing violation and no basis for injunctive

10    relief. (ECF No. 3-3 at 10.)

11    ## III.    LEGAL STANDARD

12        A plaintiff bears the burden to establish the "irreducible constitutional minimum" of

13    Article III standing for any case to proceed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

14    (1992). Absent Article III standing, dismissal is required under Rule 12(b)(1). *Chandler v. State

15    Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010). In a facial Rule 12(b)(1) attack,

16    "the challenger asserts that the allegations contained in a complaint are insufficient on their face to

17    invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

18    A court may also consider extrinsic evidence as part of a factual challenge. *White v. Lee*, 227 F.3d

19    1214, 1242 (9th Cir. 2000). At that point, the party opposing a factual attack must come forward

20    with affidavits or other evidence necessary to establish jurisdiction. *Safe Air*, 373 F.3d at 1039.

21        Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729,

22    732 (9th Cir. 2001). To survive, "a complaint must contain sufficient factual matter, accepted as

23    true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

24    (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim lacks facial

25    plausibility when there is no "reasonable inference that the defendant is liable for the misconduct

26    alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading that offers "labels and conclusions" or

27    "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550

28    U.S. at 555). Courts do not have to "accept as true allegations that contradict exhibits attached to

the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court may also consider documents incorporated by reference "on which the complaint necessarily relies" on a motion to dismiss. *Browning v. Am. Honda Motor Co., Inc.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) (citation omitted).

## IV.    ARGUMENT

### A.    Plaintiff Lacks Article III Standing Because She Has No Concrete Interest in California's Environment

Plaintiff does not have a concrete interest necessary to bring environmental claims because she lacks any recreational or aesthetic interest and relies entirely on her past connection to the Facility. She has not lived near the facility since 2020 (Compl. ¶ 20), thereby severing all potential connection to the Facility and the surrounding environment. Without a current and direct connection to the environment surrounding the Facility, she cannot bring a citizen suit to enforce environmental laws at the Facility. Nor can she rely on her allegations of past injuries, which are insufficient as a matter of law.

Article III requires, in addition to traceability and redressability, a concrete injury in fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–40 (2016). To satisfy the "'injury in fact' requirement in environmental cases," a plaintiff must "adequately show[] that she has an aesthetic or recreational interest in a particular place, or animal, or plant species and that interest is impaired by a defendant's conduct." *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000). Plaintiff cannot make that showing here.

#### 1.    Plaintiff has no recreational or aesthetic interest in the Facility.

Citizen suits require allegations of a concrete and particularized injury that, in the environmental context, depends on a recreational or aesthetic interest. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167 (2000). A plaintiff's concrete stake in the affected environment turns on their derived aesthetic or recreational value, not generalized concern for ecological value. *Id.* Simply living in the area is not enough to survive a motion to dismiss. *See*

*Candlestick Heights Cmty. All. v. City & Cnty. of S.F.*, No. 23-cv-00082-SK, 2023 WL 9317153, at *11 (N.D. Cal. Dec. 21, 2023) (plaintiff organization failed to demonstrate an injury in fact at the pleadings stage in CAA suit because the organization did not allege how member's enjoyment of a park was affected by the challenged conduct), *aff'd*, 2025 WL 275112 (9th Cir. Jan. 23, 2025); *Demoruelle v. Kucharski*, No. 19-00269 JAO-RT, 2019 WL 4739285, at *4 (D. Haw. Sept. 27, 2019) (granting Rule 12(b)(1) motion in Endangered Species Act citizen suit where plaintiff failed to allege sufficient impairment to her aesthetic or recreational enjoyment even though she lived in the area).

Plaintiff's Complaint fails to allege how she used and enjoyed the area at all. Her recent connection to the area is limited to a staged rally that she attended remotely, designed to increase support for this lawsuit against her former employer. Her allegations reveal only animus, not a cognizable interest in the site. Article III standing does not extend to bystanders. On this record, dismissal under Rule 12(b)(1) is necessary.

### 2.    Alleged injuries related to her previous presence in California do not meet Article III thresholds.

Neither Plaintiff's past connection to the area nor her purported past physical injuries give her standing in this case. Past connection to an environmental resource is insufficient to establish an injury in fact. *See Lujan*, 504 U.S. at 564. In *Lujan*, the landmark opinion outlining the standing requirements in environmental cases, the plaintiff organizations sued to challenge regulations governing wildlife habitats overseas, including habitats where two of their members had previously visited and intended to someday return. *Id.* at 563-64. These members, however, lived thousands of miles away from the subject areas and had no concrete plans to return, leading the Court to conclude that the plaintiffs lacked standing. *Id.* at 564.

*Lujan* compels the same result here: Plaintiff lives across the country and has never suggested she had any plans to return to engage in any beneficial use of the environment. (Compl. ¶ 20.) She only alleges that she previously lived near the Facility, but she moved to Boston years before she issued the pre-suit notice. She fails to allege any present or future connection to the Facility that could justify the relief she seeks here. *See Ashley Creek Phosphate Co. v. Norton*, 420

F.3d 934, 938-39 (9th Cir. 2005) (affirming dismissal for lack of Article III standing because the plaintiff lacked a geographic nexus to the location at issue, 250 miles away from where the plaintiff was located); *see also Lujan*, 504 U.S. at 572 n.7 ("persons who live (and propose to live) at the other end of the country" from an environmental project cannot have a concrete and particularized injury). (Compl. ¶ 20; ECF No. 3-3 at 10.)

The only present day allegation related to the Facility concerns an August 2025 "rally" Plaintiff orchestrated that about three people attended—but she attended *virtually* from Boston. (Compl. ¶ 286.)[2] Her allegations confirm she has severed any connection to the environment surrounding the Facility (assuming she had one to begin with). (*See id.* ¶¶ 20, 335.) Future use is especially implausible here. (*Id.* ¶ 335.) Without the necessary connection to a future beneficial use, she lacks standing to pursue this enforcement action. *Lujan*, 504 U.S. at 564; *Wilderness Soc'y, Inc. v. Rey*, 622 F.3d 1251, 1256 (9th Cir. 2010) (finding no injury in fact, in part because the organization member offered no evidence on when he might return to the subject forest, even though he demonstrated "extensive past use" and wanted to continue visiting the forest in the future).

Nor can Plaintiff's allegations of past physical injuries rescue her claims. *Lujan*, 504 U.S. at 564; *Summers v. Earth Island Inst.*, 555 U.S. 488, 495 (2009) (finding no injury in fact to pursue prospective injunctive relief where an organization member only asserted a past injury); *Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*, 115 F.4th 1217, 1227 (9th Cir. 2024) (rejecting plaintiff's claim to Article III standing when seeking civil penalties for past Clean Water Act violations). By Plaintiff's own admission, her claimed injuries are wholly in the past, as she stated to the EPA that "[w]ithin a week of vacating the location in October 2020, *[her] disabling medical issues vanished*." (ECF No. 3-3 at 10 (emphasis added).) Plaintiff's Complaint also makes it clear that she "does not request any personal damages." (Compl. ¶ 335.) She has no claim to present or future harm in this case. Without a continuing injury, injunctive relief is unavailable as a matter of

---

[2] *See also* Tarantino Decl. Ex. I, X (fka Twitter) Post reciting that she "won't be there, but I'll be video calling in midway from Boston!" This belies any contention that the Facility means anything to her outside of her crusade against Apple and may be considered as part of a fact-based attack on subject-matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

1  law. *Summers*, 555 U.S. at 495.

2      In Plaintiff's employment litigation in this District, Judge Chen twice concluded that she

3  lacked standing because there was no continuing violation capable of redress:

> And to the extent Ms. Gjovik is trying to argue continuing
> violations for her nuisance and IIED claims, she fails to take into
> account that she moved out of the apartment at issue in October
> 2020. Thus, ***even if the [Facility] continued to emit pollutants
> thereafter, she would not have standing*** to challenge such
> subsequent conduct.

(Tarantino Decl. Ex. A at 18 (emphasis added).)

> To the extent Ms. Gjovik asserts that there is no time-bar problem
> because the [Facility] is a ***continuing nuisance, that argument
> lacks merit. Ms. Gjovik moved out of her apartment*** near the
> [Factory] in October 2020.

(*Id.* Ex. C at 29 n.11 (emphasis added).)

12     Plaintiff cannot avoid the impact of Judge Chen's rulings by restyling her grievances as

13  citizen enforcement claims. She fails to carry her burden of demonstrating any current, redressable

14  injury in fact. Her claims fail and cannot survive under Rule 12(b)(1).

15      **B.    Each Defect in Plaintiff's Pre-Suit Notice Requires Dismissal**

16     Plaintiff's pre-suit notice is deficient; her federal claims cannot proceed. *See Cascadia*

17  *Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1153 (9th Cir. 2024) (pre-suit notices are

18  prerequisite to citizen-suits). Notice requirements are mandatory and are strictly construed. Courts

19  have no discretion to excuse noncompliance. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989)

20  (affirming dismissal due to insufficient pre-suit notice). Further, "[t]he law is clear that Plaintiff

21  cannot cure her failure to provide adequate notice subsequent to filing suit." *Nilson v. City of San*

22  *Jose*, No. C 07-03686 JW, 2008 WL 11387038, at *4 (N.D. Cal. July 24, 2008); *see also Hallstrom*,

23  493 U.S. at 26–27 (holding that pro se plaintiff's failure to strictly follow notice requirement was

24  not subject to "equitable modification and cure"); *Cascadia*, 105 F.4th at 1153 (holding that

25  compliance with citizen suit notice provision is a "mandatory claims-processing rule" and

26  "mandatory condition[] precedent to commencing suit." (citation omitted)).

27     The Ninth Circuit emphasizes the importance of pre-suit notices as serving to "provide the

28  agencies and the defendant with information" to allow the agencies the opportunity to "step in,

investigate, and bring the defendant into compliance." *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002). Litigation is the last resort: "[t]he point is to trigger agency enforcement and avoid a lawsuit" and not "to unduly burden citizens by requiring them to basically carry out the job of the agency." *Id.*

For example, a notice must "include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." *Thibodeaux v. Port of Oakland*, No. 18-cv-03353-KAW, 2018 WL 4859299, at *4 (N.D. Cal. Oct. 5, 2018) (citation omitted) (describing notices under the Clean Water Act). These requirements apply across analogous environmental citizen-suit provisions. *See* 40 C.F.R. § 135.3(a) (CWA); *see also* 40 C.F.R. § 54.3(b) (CAA) (similar); 40 C.F.R. § 254.3(a) (RCRA) (similar); 40 C.F.R. § 702.62(a) (TSCA) (similar); *Atl. States Legal Found. v. United Musical Instruments*, 61 F.3d 473, 478 (6th Cir. 1995) (extending notice requirements to EPCRA claims because "the structure of EPCRA's notice provision is substantively identical to the analogous provision of RCRA").

### 1.    The Notice fails to meet threshold technical requirements.

The technical deficiencies in the Notice mandate dismissal. *See Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995) (affirming dismissal of citizen suit due to technical deficiencies in the notice). For example, the Notice's cover page fails to provide adequate contact information. It lists the Sacramento address of Plaintiff's California LLC, not the address of Plaintiff herself. (*See* ECF No. 3 at 2; Compl. ¶ 20.) Only on the final page of the Notice does she make a passing reference to being in Boston. This omission violates regulatory contact information requirements. (Compl. ¶ 20); *see also* 33 U.S.C. § 1365(b) (vesting the EPA Administrator authority to prescribe the manner in which notice is given for Clean Water Act citizen suits); 40 C.F.R. § 135.3(a) (requiring a notice regarding violation of an effluent standard or limitation to include, among other things, "the full name, address, and telephone number of the person giving notice"). Her LLC is not a party to this case.

Plaintiff also failed to serve the Notice on all required parties. For her CWA claims, for example, Plaintiff was required to serve the Notice on all Defendants, the Administrator of the EPA, the Regional Administrator of the EPA for the region in which the violation is alleged to have occurred, and "the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred." 40 C.F.R. § 135.2(a). Per Plaintiff's proof of service,, Plaintiff only served Defendants and the relevant EPA Administrators by certified mail. (*See* ECF No. 3-1 at 34–37.) Plaintiff did not serve the chief administrative officer of the water pollution control agency for California by certified mail or by personal service. (*See id.*) The same is true for the claims under the CAA, RCRA; and EPCRA; Plaintiff has failed to serve the relevant state entity as required. *See* 40 C.F.R. § 54.2(b) (CAA) (service of notice by certified mail required on "an authorized representative of the State agency charged with responsibility for air pollution control in the State"); 40 C.F.R. § 254.2(a)(1) (RCRA) (service of notice by personal service or certified mail required on "chief administrative officer of the solid waste management agency for the State in which the violation is alleged to have occurred"); *Atl. States Legal Found.*, 61 F.3d at 478 (EPCRA follows notice requirements for RCRA).

Because of these defects, Plaintiff does not meet the claims-processing requirement needed to maintain a citizen suit. Plaintiff cannot cure these defects by amending her Complaint, and thus it should be dismissed with prejudice. *See Nilson¸* 2008 WL 11387038, at *4; *Hallstrom*, 493 U.S. at 26–27; *see also Cascadia*, 105 F.4th at 1153.

### 2. The Notice does not provide adequate information to assess compliance.

Substantively, a pre-suit notice must inform the defendant "precisely what it allegedly did wrong, and when." *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801 (9th Cir. 2008), *amended* (May 14, 2009); *see* 42 U.S.C. § 6972(b)(1)(A) (RCRA); 42 U.S.C. § 7604(b) (CAA); 33 U.S.C. § 1365(b) (CWA); 15 U.S.C. § 2619(b)(1)(A) (TSCA); 42 U.S.C. § 11046(d)(1) (EPCRA). "Notice is sufficient if it is reasonably specific and if it gives 'the accused company the opportunity to correct the problem.'" *WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 917 (9th Cir. 2004) (quoting *S.F. BayKeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1158 (9th Cir.

1    2002)).

2        Here, the Notice fails to provide notice of where, when, and how the statutory violations

3    occurred. At best, it parades through a list of statutes without detail: many simply direct the EPA

4    to promulgate certain regulations, rather than identifying any specific standard that Apple

5    purportedly violated. For example, Paragraph 64 of the Notice cites the entire section of the CAA

6    concerning State Implementation Plans for the proposition that Apple has violated CAA through

7    emissions "that exceed state-specific emission limits"). (*See also* ECF No. 3 ¶¶ 72–78 (referencing

8    large portions of RCRA without further explanation), 91–95 (same for the CWA), 99–101 (same

9    for EPCRA)). These allegations contain no detail, let alone the detail required by law.

10       For the TSCA allegations, the Notice likewise fails to identify which standards or

11   regulations Apple has allegedly violated and instead alleges violations of entire sections of TSCA

12   that authorize rules to regulate hazardous chemicals. (*See id.* ¶¶ 105–07.) While the Notice alleges

13   Apple's chemical inventories listed several chemicals subject to regulation, it fails to allege that the

14   amounts used violated any specific limitation. (*See id.*) A notice under TSCA's citizen suit

15   provisions must include, among other things, "[t]he specific provision of TSCA or of the rule or

16   order under TSCA alleged to have been violated." 40 C.F.R. § 702.62(a)(1).

17       The notice must specify the current conduct that forms the basis of the alleged violations;

18   the Notice's information regarding alleged historical conduct is insufficient. *See Marina Point Dev.*

19   *Co.*, 566 F.3d at 801. Without that information, neither Apple nor public enforcers have an

20   opportunity to investigate or evaluate those claims, and Plaintiff, in turn, is not authorized to pursue

21   those claims. This defect cannot be cured by amending the Complaint, and Plaintiff's claims should

22   thus be dismissed with prejudice. *See Nilson¸* 2008 WL 11387038, at *4; *Hallstrom*, 493 U.S. at

23   26–27; *see also Cascadia*, 105 F.4th at 1153.

24       **C.    Government Enforcement Bars Plaintiff's RCRA Claims**

25       Plaintiff's claims under RCRA are barred because EPA is diligently prosecuting this alleged

26   violation. *See* 42 U.S.C. § 6972(b)(1)(B), (2)(B) ("No action may be commenced under subsection

27   (a)(1)(A) of this section . . . if the Administrator or State has commenced and is diligently

28   prosecuting a civil or criminal action in a court of the United States or a State to require compliance

with [a] permit, standard, regulation, condition, requirement, prohibition, or order."). A citizen suit cannot proceed on violations EPA is pursuing without supplanting EPA's "discretion to enforce [RCRA] in the public interest." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 61 (1987). In enacting RCRA's citizen suit mechanism, "Congress's intent was to encourage citizen suits only 'if the Federal, State, and local agencies fail to exercise their enforcement responsibility.'" *United States v. Stone Container Corp.*, 196 F.3d 1066, 1070 (9th Cir. 1999) (quoting *Gwaltney*, 484 U.S. at 60). Here, EPA has not failed to exercise its enforcement responsibility. To the contrary, EPA has been diligently pursing the alleged violation and has recently entered into a Consent Agreement and Final Order ("CAFO") with Apple. Plaintiff cannot usurp EPA's authority. EPA's diligent prosecution bars Plaintiff's claims. *See Cmty. of Cambridge Env't Health & Dev. Grp. v. City of Cambridge*, 115 F. Supp. 2d 550, 556 (D. Md. 2000) (RCRA claims covered by consent decree barred from citizen suit by diligent prosecution)

Plaintiff concedes that EPA has been enforcing against Apple for the same alleged violations of RCRA that she seeks to vindicate here. (*See* Compl. ¶¶ 91–109.) Courts presume diligence where a government agency is prosecuting an alleged violation of RCRA. *Piney Run Pres. Ass'n v. Cnty. Comm'rs*, 523 F.3d 453, 459 (4th Cir. 2008); *Cmty. of Cambridge*, 115 F. Supp. 2d at 554 ("Most courts considering the diligence of a state or federal prosecution have exhibited substantial deference for the agency's process."); *Karr v. Hefner*, 475 F.3d 1192, 1198 (10th Cir. 2007) ("Citizen-plaintiffs must meet a high standard to demonstrate that [a government agency] has failed to prosecute a violation diligently.").

Plaintiff's claims under RCRA are based entirely on the few violations identified by EPA during its investigation process, which Plaintiff contends that she instigated in 2023. (*Compare id.* ¶¶ 91–96, 168–70 *with* ECF No. 3-2 at 38–82.) Not only has EPA been diligently pursuing the very same alleged violations that Plaintiff seeks to pursue here, but Plaintiff has known this since at least April 30, 2024, **more than one year before she sent the pre-suit notice**. (*See* ECF No. 3-3 at 37.) As an exhibit to the Complaint, Plaintiff attaches a June 26, 2025, email from the Assistant Director of EPA Region 9's Enforcement and Compliance Assurance Division to Apple confirming EPA's past investigation of the same RCRA violations alleged in the Complaint, and inviting Apple to

engage in settlement discussions—which it did. (ECF No. 3-2 at 30–32.) The law does not allow a private citizen to interfere with federal enforcement in motion. Plaintiff's redundant enforcement claims should be dismissed.

### D.    Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted

Even if Plaintiff could clear the standing and notice hurdles discussed above (she cannot), Plaintiff's allegations of federal statutory violations are so convoluted and unfocused that they cannot meet federal pleading standards. A complaint must set out a short and plain statement of the claim and offer more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. Plaintiff's inscrutable Complaint falls far short of that standard and should be dismissed.

### 1.    Plaintiff's impermissible "shotgun" pleading dooms all of her federal statutory claims.

The Complaint is a textbook example of impermissible shotgun pleading. "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Meggette v. Cal. Dep't of Soc. Servs.*, No. 25-cv-04722-DMR, 2025 WL 2684402, at *3 (N.D. Cal. July 23, 2025) (citation omitted). "[G]rouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief." *Id.* (citation omitted); *see also Gillespie v. Cnty. of Alameda*, No. 20-cv-03735-DMR, 2020 WL 5106858, at *2 (N.D. Cal. Aug. 31, 2020) ("A complaint that alleges 'everyone did everything' constitutes one form of shotgun pleading." (citation omitted)).

Plaintiff's Complaint is an "unclear mass of allegations," reciting more than 75 statutory provisions and regulations, many irrelevant to this action. (*See infra* at __.) These allegations are also directed indiscriminately at "Defendants" without indicating who is alleged to have done what. (*See, e.g.*, Compl. ¶¶ 195 ("Defendants have violated 42 U.S.C. § 6973 (Section 7003) by creating and maintaining an imminent and substantial endangerment to the community and the environment."), 244 ("The Defendants have violated 42 U.S.C. § 7412 (Section 112) by dumping hazardous substances into the atmosphere that knowingly and intentionally does not comply with

MACT standards.").) The federal statutory claims should be dismissed on this basis.

## 2. Plaintiff makes only past, time-barred Clean Air Act allegations.

Plaintiff's CAA claim is neither current nor timely. Instead of alleging any ongoing violation, she relies on allegations of historical conduct that Apple violated the CAA "through unpermitted air emissions, air emissions in violation of pollution standards, and failure to obtain required permits related to exhaust and air releases" at the Facility. (Compl. ¶ 228.)

*First*, Plaintiff alleges that all instances of "air emissions in violation of pollution standards" occur in the past, before she alleges that Apple got its permit in May 2023. (*See id.* ¶¶ 66–67 (2019), ¶¶ 68–69 (2020), ¶¶ 85–87 (2021), ¶¶ 88–89 (2022), ¶ 233 (date of permit).) A citizen-suit complaint must allege an ongoing violation of the relevant statute; the plaintiff cannot bring a citizen suit for "wholly past violations." *See Gwaltney*, 484 U.S. at 64. The Complaint's conclusory allegation that the violations "are in the past, but also ongoing, and also expected to continue in the future without judicial intervention," (Compl. ¶ 228), are insufficient to state a claim for relief. *See Gwaltney*, 484 U.S. at 64–65 (holding that citizen-plaintiffs must make "a good-faith allegation of continuous or intermittent violation" and cannot assert "frivolous allegations"). The Complaint is void of factual allegations establishing ongoing violations or that any past violation could be reasonably expected to reoccur. Therefore, any claim based on violations of emission pollution standards must be dismissed.

*Second*, even assuming Plaintiff's allegations regarding when the violations occurred were true, Plaintiff's CAA claim is barred by the statute of limitations. Citizen suits under the CAA are subject to a five-year statute of limitations, which begins to run at the time of the underlying violation, not when the injury is discovered. *See Clarke v. Pac. Gas & Elec. Co.*, 501 F. Supp. 3d 774, 786 (N.D. Cal. 2020). If a violation, such as operating an unpermitted facility, is "ongoing" rather than one of several "repeated, discrete violations," then the claim accrues when the conduct first began. *See id.* Here, Plaintiff alleges unpermitted emissions "since approximately 2015" (Compl. ¶ 29); any cause of action arising from this alleged continuous violation is time-barred. And if a claim for damages or penalties is barred, a claim for injunctive relief based on the same conduct is also barred. *See Clarke*, 501 F. Supp. 3d at 788 (where CWA claim is time barred, "the

1  related CWA claim for injunctive relief is likewise barred by the concurrent remedy doctrine).

2  Plaintiff's CAA claims should thus be dismissed in their entirety.

3          **3.      Plaintiff fails to state a claim under the Clean Water Act because the
                      Complaint alleges no permit noncompliance or ongoing violation.**

4          Beyond the defects already addressed, Plaintiff's CWA claims fail for two independent

5  reasons. *First*, as Plaintiff admits, the Facility operates under a National Pollutant Discharge

6  Elimination System (NPDES) Permit, which authorizes its routine wastewater discharges. (Compl.

7  ¶ 260.) While the Complaint alleges heavy metals and solvents were detected once in Facility

8  wastewater in 2017 (*id.* ¶ 271), it does not allege a single violation of any effluent limit suggesting

9  that these Facility discharges were noncompliant with its permit or any other law. Nor does it allege

10 *any* ongoing permit exceedance, which is necessary for a citizen suit. The conclusory allegations

11 about heavy metals and solvents are also contradicted by the Complaint's own exhibits[3] and should

12 therefore be disregarded. In the face of compliance with a valid permit, Plaintiff cannot allege that

13 Apple has violated the CWA. *See Puget Soundkeeper All. v. Port of Tacoma*, 104 F.4th 95, 105

14 (9th Cir. 2024) ("[I]f a permit-holder complies with the terms of its permit, it need not fear liability

15 under the Clean Water Act." (citing 33 U.S.C. § 1342(k))).

16         *Second,* Plaintiff's allegations of non-compliance (related to sampling methods or

17 frequencies in 2016 and 2020, Compl. ¶¶ 261, 265; cooling water disposal in 2016, ¶ 264; and

18 alleged maintenance issues regarding cobblestone count or "No Dumping" medallions in 2022,

19 ¶ 268) all concern "wholly past violations."[4] *Gwaltney*, 484 U.S. at 64, *supra* § IV(D)(2). Even if

20 such claims could proceed, Plaintiff's claims related to metals in wastewater, sampling, and cooling

21 water disposal are long barred by the five-year statute of limitations. 28 U.S.C. § 2462.

22

23

24 _____

[3] The complaint alleges that because Apple's routine wastewater monitoring showed the presence
25 of trichloroethylene ("TCE"), Apple must be "pouring that [TCE] down the drain," (Compl. ¶ 272),
but fails to recognize that the Facility sits partially on a TCE groundwater plume originating from
26 a nearby Superfund site (*see* ECF No. 3-3 at 26). The testing cited in Gjovik's 2023 citizen
complaint also reveals that each of the chemicals Gjovik alleges are in the Facility's wastewater
27 was detected below the Method Reporting Limit ("MRL"), meaning the concentration of the
chemical is too low to have confidence in the test result. (*See id.* at 36.)

[4] Additionally, as to the cobblestones and "No Dumping" medallions, the Complaint notes that
28 Santa Clara marked Apple as "in compliance," meaning there is no violation to pursue, past or
present. (*See* Compl. ¶ 268.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4. Plaintiff fails to identify any actionable regulations limiting use of the chemical NMP under TSCA.

Plaintiff's TSCA claims are partially based on allegedly unlawful manufacturing, processing, distribution, and use of n-methyl-2-pyrrolidone ("NMP"). (*See* Compl. ¶¶ 300, 302.) These claims misunderstand the regulatory program and should be dismissed.

The Complaint claims that "[i]n 2022, the EPA severely restricted the legal use of NMP," apparently referring to the EPA's December 2022 Final Risk Evaluation for NMP. (*See id.* ¶ 303; Tarantino Decl. Ex. G.) The Final Risk Evaluation, however, does not regulate the use of NMP and specifically states that the EPA "***will propose a risk management regulatory action***" limiting use of NMP. (Tarantino Decl. Ex. G at 3 (emphasis added).) The EPA proposed regulations on NMP in 2024, but no such regulations have been adopted. *See* Regulation under the Toxic Substances Control Act: n-Methylpyrrolidone, 89 Fed. Reg. 51,134 (proposed June 14, 2024). Thus, there are no regulations limiting Apple's use of NMP, and any claims concerning Apple's NMP use should be dismissed.

### 5. Plaintiff's allegations of EPCRA fail to identify regulated chemicals or trigger prerequisites to liability.

Plaintiff's EPCRA claims fail because she fails to identify a regulated hazardous substance, or that any reporting obligation is triggered. (Compl. ¶¶ 289–96.)

**Alleged Violation of EPCRA §304 (42 U.S.C. § 11004):** Plaintiff claims that Apple failed "to report releases of extremely hazardous substances and CERCLA substances that exceeded reportable quantities and failing to provide community notifications." (*Id.* ¶ 290.) Section 304 requires facilities to notify certain emergency response authorities of certain chemical releases. 42 U.S.C. § 11004. These reporting obligations are only triggered if an EPA-designated "extremely hazardous substance[]" is released in excess of its "reportable quantit[y]" as delineated in Appendix A to 40 C.F.R. pt. 355. *See also Remington v. Mathson*, 42 F. Supp. 3d 1256, 1280 (N.D. Cal. 2012), *aff'd*, 575 F. App'x 808 (9th Cir. 2014). Plaintiff has not alleged either that (i) the chemicals Apple allegedly released constitute "extremely hazardous substances" or (ii) any such release occurred in quantities greater than the "reportable quantities" for those substances. Plaintiff's claim for a violation of EPCRA § 304 fails.

Plaintiff has not alleged that the Facility released chemicals that constitute "extremely hazardous substances" under Appendix A to 40 C.F.R. pt. 355. Plaintiff merely declares in her Complaint that Apple released phosphine, silane, Tetraethyl Orthosilicate ("TEOS"), fluorine, Hexafluorobutadiene, as well as "two unnamed toxic gases," (*see* Compl. ¶ 65). Of these chemicals, only phosphine, silane, and fluorine are included in the EPA's list of "extremely hazardous substances" in Appendix A. Even if Apple used these chemicals, Apple would not have been required to report any releases of TEOS, Hexafluorobutadiene, or "two unnamed toxic gases," under EPCRA § 304. Most importantly, she has not and cannot allege that any chemicals were released in excess of their reportable quantities. Indeed, Plaintiff has not pled facts regarding the quantity of any of the chemicals allegedly released. Plaintiff accordingly has not shown that Apple had a duty to report under EPCRA § 304, and this claim should be dismissed.

**Alleged Violation of EPCRA §§ 311 and 312 (42 U.S.C. §§ 11021, 11022):** Plaintiff alleges that Apple failed "to keep an accurate and up-to-date inventory of hazardous chemicals and failing to report those inventories to the state and local government" (Compl. ¶ 292), even though the facts as she has alleged them would not trigger a reporting obligation. These sections require submission of Material Safety Data Sheets (EPCRA § 311) and hazardous chemical inventory forms to local and state authorities (EPCRA § 312). Only certain hazardous chemicals in amounts that exceed regulatory thresholds trigger reporting requirements. 40 C.F.R. § 370.10. Plaintiff's allegations would not trigger a duty to report as it does not allege that the Facility's inventory is somehow inadequate. Plaintiff merely describes the alleged contents of "Apple's most recent chemical inventory for the site," while also declaring that Apple "[failed] to report . . . inventories to the state and local government." (*See* Compl. ¶¶ 292–93.) She does not allege that the amounts exceeded the thresholds or that the inventories were inaccurate, nor does she offer the basis for her contention that the inventories were not reported. In fact, she alleges that Apple reported an inventory in February 2025. From there, she jumps to the conclusion that Apple's reports were incorrect, which, absent more, fails to meet Rule 8 pleading standards. *See Iqbal*, 556 U.S. at 678.

**Alleged Violation of EPCRA § 313 (42 U.S.C. § 11023):** Plaintiff argues that Apple has "violated the EPCRA § 313 . . . by failing to report toxic chemical releases (TRI reporting) TRI

reporting failures for TCE, NMP, arsenic compounds." (*See* Compl. ¶ 296.) As with sections 311 and 312, Plaintiff has not alleged conditions necessary to trigger a reporting obligation under EPCRA § 313. Plaintiff has not and cannot allege that the Facility is in a covered industry sector. 40 C.F.R. § 372.22. According to Apple's public TRI Facility Report, this Facility is operating under the NAICS code 334111, (*see* Tarantino Decl. Ex. H) which is not subject to EPCRA § 313 requirements. *See* 40 C.F.R. § 372.23. Because Plaintiff has not alleged or shown that Apple is required to submit TRI reports under EPCRA § 313 for this Facility, this claim must be dismissed.

### 6.    The public nuisance claim is time barred and fails to state a claim.

Plaintiff's public nuisance claim under California Civil Code sections 3491 *et seq.* is time barred because she left the vicinity of the Facility outside the three-year statute of limitations period for public nuisance. *Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1216 (1996) ("there is a three-year statute of limitations in a nuisance action brought by a private party."). The limitations period commences at different times for permanent and continuing nuisances, but the fact that Plaintiff moved thousands of miles from the Facility in 2020 precludes either type of claim.

For a permanent nuisance, which is a "permanent injury to property," the statute begins to run when the nuisance is created and "bars all claims after its passage." *Id.* at 1216–17. Plaintiff's public nuisance claim is based on the same set of facts as the private nuisance claim she brought against Apple in 2023. (Taratino Decl. Ex. D.) Judge Chen found that Plaintiff knew or reasonably should have known of that claim more than two years before she filed that lawsuit on September 7, 2023. (*See id.* Decl. Ex. C at 27; *id.* Ex. A at 16–18.) The limitations period for public nuisance is three years, one year longer than for private nuisance. It therefore follows that Plaintiff's public nuisance claim, filed on September 2, 2025, more than one year after her private nuisance claim, is also time barred.

To the extent Plaintiff alleges a continuing public nuisance, the three-year statute of limitations also bars her claim because Plaintiff cannot allege that she sustained any injuries within the three-year statute of limitations. "[A] continuing nuisance is considered to be a series of successive injuries for which the plaintiff must bring successive actions." *Beck*, 44 Cal. App. 4th at 1216. "[E]ach repetition of a continuing nuisance is considered a separate wrong which commences

1   a new period in which to bring an action for recovery based upon the new injury." *Id.* at 1217.

2   Because Plaintiff has not lived near the Facility since 2020, she has not experienced any "successive

3   injuries" or "separate wrong" within the three years preceding this lawsuit that would commence a

4   new limitations period. The most recent "injury" or "wrong" she could have experienced was in

5   2020, more than three years before she filed this lawsuit. Plaintiff's public nuisance claim is

6   therefore time barred and should be dismissed with prejudice.

7        Even if the statute of limitations did not bar Plaintiff's claim, Plaintiff cannot state a claim

8   for public nuisance because the permitted discharges by definition cannot constitute a nuisance:

9   "[n]othing . . . done or maintained under the express authority of a statute can be deemed a

10  nuisance." Cal. Civ. Code § 3482. This includes permitted activity. *See, e.g.*, *Eisentecken v. Tahoe

11  Reg'l Plan. Agency*, No. 2:20-cv-02349-DJC-CKD, 2025 WL 1531678, at \*10 (E.D. Cal. May 28,

12  2025) (granting dismissal where defendant "was acting under the authority of a governmental

13  permit, [therefore] his conduct cannot form the basis for a [public] nuisance claim").

14       Plaintiff concedes that Apple obtained a valid air permit from the local air-quality

15  management district on May 1, 2023, limiting annual emissions of arsine, phosphine, silane, and

16  chlorine. (Compl. ¶ 233.) She does not allege that Apple exceeded any of these limits or made

17  unpermitted discharges. (*See generally* Compl.) Because Apple operated under a valid permit,

18  Section 3482 bars Plaintiff's nuisance theory as to those permitted air emissions as a matter of law.

19       Nor can Plaintiff be awarded the injunctive relief she seeks because she alleges no ongoing

20  nuisance. At most, she alleges that pre-2023 activity created a nuisance. (*Id.* ¶¶ 233, 308.) But a

21  past nuisance cannot be enjoined. *People ex rel. Bradford v. Goddard*, 47 Cal. App. 730, 740 (1920)

22  (California Court of Appeal reversed a trial verdict where public nuisance had been abated, holding

23  "the action should be dismissed, for the very obvious reason that there is then nothing existing

24  against or upon which the injunctive process of the court can or will operate"); *see also Mallon v.

25  City of Long Beach*, 164 Cal. App. 2d 178, 190 (1958) (refusing to grant an injunction when there

26  was no probability of continued harm); *Phipps v. Saddleback Valley Unified Sch. Dist.*, 204 Cal.

27  App. 3d 1110, 1117 (1988) (distinguishing *Mallon* and affirming a permanent injunction after trial

28  because the defendant did not decide to abandon its policy voluntarily). This forecloses the remedy

Plaintiff seeks here, precluding her from stating a claim. *Holmes High Rustler, LLC v. Gomez*, No. 15-cv-02086-JSC, 2015 WL 4999737, at *7 (N.D. Cal. Aug. 21, 2015).

Plaintiff refers to numerous local ordinances that govern the building infrastructure necessary for operations involving certain gases. (Compl. ¶¶ 310–12.) It is unclear from the Complaint whether she claims that Apple has failed to comply with those ordinances. In any event, she lacks the authority to enforce the ordinances she cites. Only the City's enforcement officer may do so. Santa Clara City Code § 8.30.050 (2024). For that reason, the cited ordinances cannot form the basis for her public nuisance claim and dismissal is appropriate.

### 7.    Plaintiff vaguely alleges violations of a laundry list of inapplicable, unenforceable, or duplicative statutes and regulations.

In addition to the defects identified above, Plaintiff's allegations that Apple violated particular statutory provisions and regulations each fail for one of several independent reasons: (1) the statutory provisions only direct or allow EPA or state action and thus cannot apply to Apple; (2) the statutory provisions and regulations are inapplicable to Apple; (3) the statutory provisions and regulations do not set out a standard against which compliance can be judged; (4) the statutory provisions cannot be enforced in a citizen suit; (5) Plaintiff has failed to allege sufficient facts to support a claim under the statutory provisions and regulations; or (6) Plaintiff has already alleged violations in other actions and cannot maintain a duplicative claim here. These claims fail. The charts below sort Plaintiff's statutory and regulatory allegations into these categories.

Plaintiff meanders through a long list of statutory provisions that solely direct the EPA, states, or other government entities to perform some function, such as promulgating certain regulations. Because Apple is not a government entity, Plaintiff does not (and cannot) allege that Apple violated these statutory provisions and these claims should be dismissed.

| Statutory Provisions that Only Direct or Allow EPA or State Action | |
|---|---|
| **Provision** | **Scope** |
| **CAA – 42 U.S.C. § 7410** | Requires states to develop State Implementation Plans (SIPs) and requires SIPs to include certain features. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CAA – 42 U.S.C. § 7412** | Directs EPA to create a list of hazardous air pollutants (HAPs) and categories of sources of HAPs and promulgate emissions standards for |

| | |
|---|---|
| | each source category. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CAA – 42 U.S.C. § 7491** | Requires the Secretary of the Interior to identify class I federal areas where visibility is an "important value of the area," and EPA to promulgate regulations protecting visibility in those areas. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA - 42 U.S.C. § 6921** | Directs EPA to promulgate criteria for identifying the characteristics of hazardous waste, list wastes meeting the criteria, and set standards for small quantity generators of hazardous waste. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6973** | Authorizes EPA to sue persons who contribute to imminent and substantial endangerment to health or the environment. This provision is unenforceable by a private citizen. Only EPA can bring a suit under this section. |
| **RCRA – 42 U.S.C. § 6922** | Directs EPA to establish standards for hazardous waste generators and outlines manifest certification requirements. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6923** | Directs EPA to establish standards for transporters of hazardous waste. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6924** | Directs EPA to establish standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1312** | Directs EPA to establish further effluent limitations where application of other standards would not meet water quality goals. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1313** | Directs EPA to propose, and states to adopt, certain water quality standards. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1328** | Authorizes EPA to allow discharge of specific pollutants under controlled conditions for an approved aquaculture project. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1316** | Directs EPA to promulgate regulations setting out new source performance standards for certain categories of sources and makes violating those standards illegal. This provision allows states, not private citizens, to enforce the standards. |
| **CWA – 33 U.S.C. § 1317** | Directs EPA to establish a list of toxic pollutants and set effluent limitations for those pollutants, making violations of those standards illegal. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C.** | Sets out the NPDES permit program and authorizes EPA and states to |

| | |
|---|---|
| § 1342 | issue permits. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2605 | Directs EPA to promulgate regulations concerning chemicals, the manufacturing, processing, distribution in commerce, use, or disposal (or any combination) thereof presents an unreasonable risk of injury to health or the environment. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2606 | Authorizes EPA to commence civil actions concerning the use of imminently hazardous chemicals. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2607(b)(10)(B) | Directs EPA to publish an inventory of mercury in US commerce. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2682 | Directs EPA to promulgate regulations on lead-based paint. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2683 | Directs EPA to promulgate regulations identifying lead-based paint hazards, lead-contaminated dust, and lead-contaminated soil. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2684 | Authorizes states to administer and enforce regulations and requirements established under §§ 2682 or 2686. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2685 | Directs EPA to conduct a program to promote safe, effective, and affordable monitoring, detection, and abatement of lead-based paint and other lead exposure hazards. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2686 | Directs EPA to publish a lead hazard information pamphlet providing certain information. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| TSCA – 15 U.S.C. § 2688 | Requires federal government to comply with all requirements concerning lead-based paint, lead-based paint activities, and lead-based paint hazards in the same manner, and to the same extent as any nongovernmental entity. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |

Plaintiff additionally attempts to make out claims under several statutory provisions that cannot be enforced in a citizen suit because they either authorize criminal penalties that are not available in a civil action or are specifically exempted from citizen enforcement. Plaintiff has no authority to pursue these claims, and thus they should be dismissed.

| Statutory Provisions and Regulations That Cannot Be Enforced in a Citizen Suit | |
|---|---|
| **Provision** | **Scope** |
| CAA – 42 U.S.C. | Authorizes imposition of criminal penalties for certain conduct. Citizen- |

| § 7413(c) | plaintiffs have no authority to seek criminal penalties. |
|---|---|
| **RCRA – 42 U.S.C. § 6928(d) and 40 C.F.R. §§ 260-265** | Authorize imposition of criminal penalties for certain conduct. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **CWA – 33 U.S.C. § 1319(c)** | Authorizes criminal penalties for certain knowing violations of the CWA where the defendant knowingly places another person in imminent danger of death or serious bodily injury. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **TSCA – 15 U.S.C. § 2615(b)** | Authorizes criminal penalties for knowing and willful violations of TSCA. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **EPCRA – 42 U.S.C. § 11002** | Requires certain facilities handling substances designated as "extremely hazardous" to notify their state's emergency response commission that it is subject to emergency planning. Alleged violations of 42 U.S.C. § 11002 may only be prosecuted by the state or local government. 42 U.S.C. § 11046(2)(A)(i). |

Plaintiff alleges that Apple has violated a variety of statutory provisions and regulations that do not set out compliance standards, instead setting out definitions, required elements of regulations, or general descriptions of the subject matter regulated. Because these do not set out a standard by which compliance can be measured, Plaintiff cannot identify any violations and her claims under these provisions and regulations should be dismissed.

| **Statutory Provisions and Regulations That Do Not Identify a Compliance Standard** | |
|---|---|
| **Provision** | **Scope** |
| **CAA – 42 U.S.C. § 7661(1) & (2)** | Set out the definitions for "affected source" and "major source." No compliance standard identified. |
| **TSCA – 15 U.S.C. § 2681** | Sets out definitions for the subchapter of TSCA concerning lead and lead-based paint. No compliance standard identified. |
| **TSCA – 15 U.S.C. § 2687** | Requires that regulations pursuant to this subchapter shall include recordkeeping and reporting requirements. No compliance standard identified. |
| **TSCA – 40 C.F.R. § 751.301** | "General" section of the regulations on TCE. No compliance standard identified. |
| **TSCA – 40 C.F.R. pt. 713** | Sets out reporting requirements for the TSCA inventory of mercury. No compliance standard identified. |
| **TSCA – 40 C.F.R. pt. 751** | General regulations concerning regulation of substances under Section 6 of TSCA. No compliance standard identified. |

In her attempt to accuse Apple of having violated every conceivable environmental statute and regulation, Plaintiff cites several regulations that do not apply to Apple because they only apply to certain types of entities and structures that do not include Apple or the Facility. Because Apple is not covered by these regulations, Plaintiff cannot allege that Apple violated them and her claims

should be dismissed.

| Regulations That Do Not Apply to Apple | |
|---|---|
| **Provision** | **Scope** |
| **RCRA – 40 C.F.R. § 265.1(b)** | Sets out interim status standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. Apple is not an owner or operator of a hazardous waste treatment, storage, or disposal facility in interim status. |
| **RCRA – 40 C.F.R. pt. 264** | Regulations concerning standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. Apple is not an owner or operator of a hazardous waste treatment, storage, or disposal facility. |
| **TSCA – 40 C.F.R. pt. 745** | Regulations concerning "Lead-Based Paint Poisoning Prevention in Certain Residential Structures." The Facility is not a residential structure. |

Plaintiff has failed to make any specific, non-conclusory allegations concerning the following statutory provisions and regulations. In each instance, Plaintiff has failed to plead facts showing that Apple is liable for a violation. These claims should be dismissed.

| Statutory Provisions and Regulations for Which Plaintiff Has Failed to Allege Facts to Support a Claim | |
|---|---|
| **Provision** | **Scope** |
| **CAA – 42 U.S.C. § 7411** | Establishes the new source performance standards (NSPS) program, directs EPA to develop categories of sources and corresponding performance standards, and makes it unlawful to operate a new source in violation of the relevant standards. No non-conclusory allegations that the Facility is a new source or has violated a particular standard. |
| **RCRA – 40 C.F.R. pt. 262** | Set out standards applicable to generators of hazardous waste. No ongoing violation identified, EPA found Apple returned to compliance in 2024. (*See* ECF No. 3-2 at 24–27.) |
| **RCRA – 42 U.S.C. § 6972(a)(1)(B)** | Authorizes citizen suits "against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." No non-conclusory allegations that the Facility's operations present imminent and substantial endangerment after EPA settlement. |
| **CWA – 33 U.S.C. § 1311** | Establishes that discharges of pollutants except in compliance with §§ 1312, 1316, 1328, and 1342 are illegal, and imposes performance-based standards for point sources. The Facility is permitted and Plaintiff does not identify violation of any specific effluent limitation. |
| **CWA – 33 U.S.C. § 1345** | Establishes that disposal of sewage sludge from a treatment works resulting in pollutants entering navigable waters is illegal except in compliance with a permit. No non-conclusory allegations of disposal of sewage sludge or noncompliance with permits. |

| | |
|---|---|
| **TSCA – 15 U.S.C. § 2614** | Makes it illegal to use a chemical, substance, or mixture that the user knew or had reason to know was manufactured, processed, or distributed in commerce in violation of 15 U.S.C. §§ 2604 or 2605, any rules or orders issued under §§ 2604 or 2605, or any order issued in an action brought under §§ 2604 or 2606. No non-conclusory allegations that Apple has used chemicals that were illegally manufactured, processed, or distributed. |
| **TSCA – 15 U.S.C. § 2604** | Prohibits manufacturing of new chemical substances or manufacturing or processing a chemical for a significant new use without providing notice to the EPA. No non-conclusory allegations that Apple manufactured any new chemicals or used chemicals for a significant new use. |
| **TSCA – 15 U.S.C. § 2689** | Makes it unlawful for any person to fail or refuse to comply with a provision of the lead subchapter or any regulations issued under it. No non-conclusory allegations that Apple used lead in a way that violates any specific regulation. |
| **TSCA – 15 U.S.C. § 2607(b)(10)(D)** | Directs companies to report information on mercury manufacturing and processing. No non-conclusory allegations that Apple failed to report its mercury usage. |

Plaintiff concedes she is already litigating her claims under the various anti-retaliation provisions she cites. (*See, e.g.*, Compl. ¶ 255.) Plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *See Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (citation omitted). These claims should therefore be dismissed.

| **Statutory Provisions Plaintiff Has Already Raised in Other Actions** | |
|---|---|
| **Provision** | **Scope** |
| **CAA – 42 U.S.C. § 7622** | Prohibits retaliating against employees for commencing, causing to be commenced, or planning to commence a proceeding to enforce any requirement of the CAA or an applicable implementation plan. Already raised in Plaintiff's employment litigation. |
| **RCRA – 42 U.S.C. § 6971** | Prohibits retaliating against employees for commencing, causing to be commenced, or planning to commence a proceeding to enforce any requirement of RCRA or an applicable implementation plan. Already raised in Plaintiff's employment litigation. |
| **TSCA – 15 U.S.C. § 2622** | Prohibits retaliating against employees for commencing, causing to be commenced, or planning to commence a proceeding under TSCA. Already raised in Plaintiff's employment litigation. |

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint in its entirety with prejudice.

1

2

3    Dated:  November 7, 2025                    MORRISON & FOERSTER LLP

4
                                                By:  */s/ William F. Tarantino*
5                                                    William F. Tarantino

6                                                *Attorneys for Defendants*
                                                 APPLE INC. KALIL JENAB, JENAB
7                                                FAMILY LP, JENAB FAMILY
                                                 VENTURES LLC, and JENAB FAMILY
8                                                TRUST

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28