1  WILLIAM F. TARANTINO [SBN 215343]
2  WTarantino@mofo.com
   ALBERTO J. CORONA [SBN 339906]
3  ACorona@mofo.com
   MORRISON & FOERSTER LLP
4  425 Market Street
   San Francisco, California  94105-2482
5  Telephone: (415) 268-7000
   Facsimile: (415) 268-7522
6
7  JULIE Y. PARK [SBN 259929]
   JuliePark@mofo.com
8  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 200
9  San Diego, California  92130-3588
   Telephone: (858) 720-5100
10 Facsimile: (858) 720-5125

11 Attorneys for Defendants APPLE INC., KALIL
   JENAB, JENAB FAMILY LP, JENAB FAMILY
12 VENTURES LLC, and JENAB FAMILY TRUST

13                UNITED STATES DISTRICT COURT

14           FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                      SAN JOSE DIVISION

16

17

18 ASHLEY M. GJOVIK,                    Case No. 5:25-cv-07360-PCP

19              Plaintiff,              **DEFENDANTS KALIL JENAB, JENAB**
                                        **FAMILY LP, JENAB FAMILY**
20        v.                            **VENTURES LLC, AND JENAB**
                                        **FAMILY TRUST'S NOTICE OF**
21 APPLE INC., a corporation, CITY OF SANTA  **MOTION AND MOTION TO DISMISS**
   CLARA, a local government, MR.
22 KALIL/KHALIL JENAB, individually & as  Date: December 18, 2025
   Agent/Member/Manager of: JENAB FAMILY  Time:  10:00 a.m.
23 LP, JENAB FAMILY VENTURES LLC, & as  Courtroom:  8, 4th Floor
   Truste/Agent of: THE JENAB FAMILY      Judge:  Hon. P. Casey Pitts
24 TRUST,
                                         Action Filed:  September 2, 2025
25              Defendants.              Trial Date:  TBD

26

27

28

Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and Jenab Family Trust's Notice of
Motion and Motion to Dismiss
Case No. 25-cv-07360

1

**NOTICE OF MOTION**

2

PLEASE TAKE NOTICE that on December 18, 2025, at 10:00 a.m., or as soon as the matter

3

may be heard, in Courtroom 8, of the United States District Court of the Northern District of

4

California, located at 280 South 1st Street, San Jose, California 95113, Defendants KALIL JENAB,

5

JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST

6

(Collectively, "Landlord Defendants") move to dismiss this action with prejudice under Federal

7

Rules of Civil Procedure 12(b)(1) and 12(b)(6). Landlord Defendants base this Motion on this

8

Notice of Motion, Landlord Defendants' Memorandum of Points and Authorities, the pleadings,

9

records, and files in this action, and all other written or oral arguments or evidence that the parties

10

may present to the Court relating to this Motion. Landlord Defendants respectfully ask that the

11

Court dismiss this action with prejudice because the Court lacks subject matter jurisdiction, and

12

Plaintiff fails to state a claim upon which relief can be granted.

13

14

**STATEMENT OF RELIEF SOUGHT (L.R. 7-2(b)(3))**

15

Landlord Defendants seek an order dismissing all of Plaintiff's claims pursuant to Fed. R.

16

Civ. P. 12(b)(1), or in the alternative, 12(b)(6) because the Complaint fails to establish federal

17

subject-matter jurisdiction and fails to state a cognizable claim for relief.

18

19

20

Dated: November 7, 2025                          MORRISON & FOERSTER LLP

21

By:  _/s/ William F. Tarantino_
                                                      William F. Tarantino

22

23

*Attorneys for Defendants*
APPLE INC., KALIL JENAB, JENAB

24

FAMILY LP, JENAB FAMILY T
VENTURES LLC, and JENAB FAMILY

25

TRUST

26

27

28

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) ................................................ X

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.     INTRODUCTION ................................................................................................. 1

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................ 1

    A.     Plaintiff's Limited Allegations Specific to the Landlord Defendants ................... 1

    B.     Background and Plaintiff's Remaining Allegations Against All "Defendants" ................................................................................................. 2

III.   LEGAL STANDARD ........................................................................................... 2

IV.    ARGUMENT ........................................................................................................ 3

    A.     The Claims Against the Landlord Defendants Should Be Dismissed Because they are Landowners Who Do Not Operate the Facility ................... 3

        1.     Plaintiff lacks Article III standing because she cannot demonstrate traceability. ................................................................................. 3

        2.     As landowners, the Landlord Defendants are not subject to citizen suit liability under federal law .................................................. 4

        3.     The Santa Clara City Code provisions Plaintiff cites do not apply ............ 5

    B.     Plaintiff Lacks Article III Standing Because She Has No Concrete Interest in California's Environment ........................................................... 6

        1.     Plaintiff has no recreational or aesthetic interest in the Facility. ................. 6

        2.     Alleged injuries related to her previous presence in California do not meet Article III thresholds. ........................................................ 7

    C.     Each Defect in Plaintiff's Pre-Suit Notice Requires Dismissal ........................... 8

        1.     The Notice fails to meet threshold technical requirements. ......................... 9

        2.     The Notice does not provide adequate information to assess compliance. ........................................................................... 11

    D.     Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted ............. 12

        1.     Plaintiff's impermissible "shotgun" pleading dooms all of her federal statutory claims. ........................................................... 12

        2.     Plaintiff's makes only past, time-barred Clean Air Act allegations. ........ 13

        3.     Plaintiff fails to state a claim under the Clean Water Act because the Complaint alleges no permit noncompliance or ongoing violation. .................................................................................. 14

        4.     Plaintiff fails to identify any actionable regulations limiting use of the chemical NMP under TSCA. ................................................... 15

        5.     Plaintiff's allegations of EPCRA fail to identify regulated chemicals or trigger prerequisites to liability. ............................................ 15

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS
CASE NO. 25-cv-07360

ii

**TABLE OF CONTENTS**
(continued)

Page

6.    Plaintiff's public nuisance claim is time barred and fails to state a claim. ........................................................................................... 18

7.    Plaintiff vaguely alleges violations of a laundry list of inapplicable, unenforceable, or duplicative statutes and regulations. ............................ 20

V.    CONCLUSION ............................................................................................. 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................ *passim*

*Ashley Creek Phosphate Co. v. Norton*,
420 F.3d 934 (9th Cir. 2005) .................................................................... 7

*Atl. States Legal Found. v. United Musical Instruments*,
61 F.3d 473 (6th Cir. 1995) ...................................................................... 9, 10

*Beck Dev. Co. v. S. Pac. Transp. Co.*,
44 Cal. App. 4th 1160 (1996) ................................................................... 18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................. 3

*People ex rel. Bradford v. Goddard*,
47 Cal. App. 730 (1920) ........................................................................... 19

*Browning v. Am. Honda Motor Co., Inc.*,
549 F. Supp. 3d 996 (N.D. Cal. 2021) ..................................................... 3

*Candlestick Heights Cmty. All. v. City & Cnty. of S.F.*,
No. 23-cv-00082-SK, 2023 WL 9317153 (N.D. Cal. Dec. 21, 2023),
*aff'd*, 2025 WL 275112 (9th Cir. Jan. 23, 2025) ...................................... 6

*Cascadia Wildlands v. Scott Timber Co.*,
105 F.4th 1144 (9th Cir. 2024) ................................................................. 8, 9, 11, 12

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) .................................................................. 2

*Clarke v. Pac. Gas & Elec. Co.*,
501 F. Supp. 3d 774 (N.D. Cal. 2020) ..................................................... 13, 14

*Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*,
305 F.3d 943 (9th Cir. 2002) .................................................................... 9

*Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*,
115 F.4th 1217 (9th Cir. 2024) ................................................................. 8

*Ctr. for Biological Diversity v. Marina Point Dev. Co.*,
566 F.3d 794 (9th Cir. 2008), *amended* (May 14, 2009) ......................... 11

Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and Jenab Family Trust's Notice of
Motion and Motion to Dismiss
Case No. 25-cv-07360

iv

*Ctr. for Biological Diversity v. U.S. Forest Serv.*,
  80 F.4th 943 (9th Cir. 2023)............................................................................................ 4

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010)........................................................................................... 3

*Demoruelle v. Kucharski*,
  No. 19-00269 JAO-RT, 2019 WL 4739285 (D. Haw. Sept. 27, 2019) ................................... 6

*Easter v. Am. W. Fin.*,
  381 F.3d 948 (9th Cir. 2004)........................................................................................... 4

*Ecological Rts. Found. v. Pac. Lumber Co.*,
  230 F.3d 1141 (9th Cir. 2000)......................................................................................... 6

*Eisentecken v. Tahoe Reg'l Plan. Agency*,
  No. 2:20-cv-02349-DJC-CKD, 2025 WL 1531678 (E.D. Cal. May 28, 2025) ..................... 19

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000)......................................................................................................... 6

*Gillespie v. Cnty. of Alameda*,
  No. 20-cv-03735-DMR, 2020 WL 5106858 (N.D. Cal. Aug. 31, 2020) ............................. 12

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
  484 U.S. 49 (1987)................................................................................................... 13, 14

*Hallstrom v. Tillamook Cnty.*,
  493 U.S. 20 (1989)................................................................................................ 9, 10, 12

*Holmes High Rustler, LLC v. Gomez*,
  No. 15-cv-02086-JSC, 2015 WL 4999737 (N.D. Cal. Aug. 21, 2015)................................ 19

*L.A. Waterkeeper v. SSA Terminals, LLC*,
  702 F. Supp. 3d 903 (C.D. Cal. 2023)............................................................................. 4, 5

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)............................................................................................... 2, 3, 7, 8

*Mallon v. City of Long Beach*,
  164 Cal. App. 2d 178 (1958)........................................................................................... 19

*Meggette v. Cal. Dep't of Soc. Servs.*,
  No. 25-cv-04722-DMR, 2025 WL 2684402 (N.D. Cal. July 23, 2025) ............................. 12

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001)........................................................................................... 2

*Nilson v. City of San Jose*,
  No. C 07-03686 JW, 2008 WL 11387038 (N.D. Cal. July 24, 2008)...................... 9, 10, 12

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

v

*Phipps v. Saddleback Valley Unified Sch. Dist.*,
   204 Cal. App. 3d 1110 (1988) ................................................................................. 19

*Puget Soundkeeper All. v. Port of Tacoma*,
   104 F.4th 95 (9th Cir. 2024) ................................................................................... 14

*Remington v. Mathson*,
   42 F. Supp. 3d 1256 (N.D. Cal. 2012),
   *aff'd*, 575 F. App'x 808 (9th Cir. 2014) ................................................................. 15

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ........................................................................ 2, 8 n.3

*S.F. BayKeeper, Inc. v. Tosco Corp.*,
   309 F.3d 1153 (9th Cir. 2002) ................................................................................ 11

*Simon v. E. Ky. Welfare Rts. Org.*,
   426 U.S. 26 (1976) .................................................................................................... 4

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) .................................................................................................. 6

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) .................................................................................................. 8

*Thibodeaux v. Port of Oakland*,
   No. 18-cv-03353-KAW, 2018 WL 4853299 (N.D. Cal. Oct. 5, 2018) ...................... 9

*Wash. Trout v. McCain Foods, Inc.*,
   45 F.3d 1351 (9th Cir. 1995) .................................................................................... 9

*WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*,
   375 F.3d 913 (9th Cir. 2004) .................................................................................. 11

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .................................................................................. 2

*Wilderness Soc'y, Inc. v. Rey*,
   622 F.3d 1251 (9th Cir. 2010) .................................................................................. 8

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

vi

1

**Statutes**

2

15 U.S.C.

3
   § 2604 ................................................................................................................. 25
   § 2605 ................................................................................................................. 22
4
   § 2606 ................................................................................................................. 22
   § 2607 ........................................................................................................... 22, 25
5
   § 2614 ................................................................................................................. 25
   § 2615(b) ............................................................................................................ 23
6
   § 2619(b)(1)(A) .................................................................................................. 11
   § 2681 ................................................................................................................. 23
7
   § 2682 ................................................................................................................. 22
   § 2683 ................................................................................................................. 22
8
   § 2684 ................................................................................................................. 22
   § 2685 ................................................................................................................. 22
9
   § 2686 ................................................................................................................. 22
   § 2687 ................................................................................................................. 23
10
   § 2688 ................................................................................................................. 22
   § 2689 ................................................................................................................. 25
11

12
28 U.S.C. § 2462 ..................................................................................................... 14

13
33 U.S.C.
14
   § 1311 ................................................................................................................. 24
   § 1312 ................................................................................................................. 21
15
   § 1313 ................................................................................................................. 21
   § 1316 ................................................................................................................. 21
16
   § 1317 ................................................................................................................. 21
   § 1319(c) ............................................................................................................ 23
17
   § 1328 ................................................................................................................. 21
   § 1342 ................................................................................................................. 21
18
   § 1345 ................................................................................................................. 24
   § 1365(b) ...................................................................................................... 10, 11
19

20

21

22

23

24

25

26

27

28

42 U.S.C.
    § 6921 ................................................................................................ 21
    § 6922 ................................................................................................ 21
    § 6923 ................................................................................................ 21
    § 6924 ................................................................................................ 21
    § 6928(d) ........................................................................................... 23
    § 6972 ........................................................................................... 11, 24
    § 6973 ................................................................................................ 21
    § 7410 ................................................................................................ 20
    § 7411 ................................................................................................ 24
    § 7412 ................................................................................................ 20
    § 7413(c) ........................................................................................... 22
    § 7491 ................................................................................................ 21
    § 7604(b) ........................................................................................... 11
    § 7661(1) & (2) .................................................................................. 23
    § 11002 .............................................................................................. 23
    § 11004 .............................................................................................. 15
    § 11021 ........................................................................................ 16, 17
    § 11022 ........................................................................................ 16, 17
    § 11023 ........................................................................................ 16, 17
    § 11046 ........................................................................................ 11, 23

Cal. Civ. Code § 3482 ............................................................................... 19

**Other Authorities**

40 C.F.R.
    pt. 262 ............................................................................................... 24
    pt. 264 ............................................................................................... 24
    pt. 355 ........................................................................................... 15, 16
    pt. 713 ............................................................................................... 23
    pt. 745 ............................................................................................... 24
    pt. 751 ............................................................................................... 23

40 C.F.R.
    § 54.2(b) ........................................................................................... 10
    § 54.3(b) ............................................................................................. 9
    § 135.2(a) .......................................................................................... 10
    § 135.3(a) ....................................................................................... 9, 10
    § 254.2(a)(1) ..................................................................................... 10
    § 254.3(a) ........................................................................................... 9
    §§ 260-265 ........................................................................................ 23
    § 265.1(b) ......................................................................................... 24
    § 370.10 ...................................................................................... 16, 17
    § 372.22 ...................................................................................... 17, 18
    § 372.23 ...................................................................................... 17, 18
    § 702.62(a) ..................................................................................... 9, 11
    § 751.301 ........................................................................................... 23

Regulation under the Toxic Substances Control Act: n-Methylpyrrolidone,
    89 Fed. Reg. 51,134 (proposed June 14, 2024) ........................................................ 15

Santa Clara City Code § 8.30.04 ............................................................................... 5

Santa Clara City Code § 8.30.050 (2024) ................................................................ 20

Santa Clara City Code § 15.60.100 ............................................................................ 5

1

## **STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))**

2      1. Whether Plaintiff, as a Massachusetts resident, has Article III standing to seek injunctive

3  relief in an environmental matter relating to a California facility under *Lujan v. Defenders of*

4  *Wildlife*, 504 U.S. 555 (1992).

5      2. Whether Plaintiff's Complaint is procedurally barred or otherwise fails to state a claim

6  for relief.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

x

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and Jenab Family Trust

4    (collectively, "Landlord Defendants"), raise many of the same arguments, identify many of the

5    same deficiencies, and are requesting the same relief here that Apple seeks in its concurrently filed

6    motion to dismiss. This brief mirrors Apple's.  But the Landlord Defendants raise two additional

7    arguments, both related to the passive nature of land ownership in the context of alleged violations

8    of environmental statutes. First, Plaintiff cannot establish that her claims are fairly traceable to the

9    Landlord Defendants' actions, a requirement for Article III standing. Second, Plaintiff does not

10   allege that the Landlord Defendants acted in a way that would put them in violation of federal

11   environmental statutes, which is a requirement to maintain a citizen suit against landowners.

12   Because she does not allege that the Landlord Defendants have operational control over the Facility,

13   her federal statutory claims fail.

14        The rest of the Landlord Defendants' arguments closely align with Apple's and boil down

15   to this: Plaintiff has no injury in fact, did not make the requisite pre-suit notice, relies on shotgun

16   allegations, and does not allege sufficient facts to create a basis for liability under any of the citizen

17   suit provisions or state public nuisance law.

18   **II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

19        **A.    Plaintiff's Limited Allegations Specific to the Landlord Defendants**

20        Plaintiff's sparse allegations about the Landlord Defendants are telling; the Landlord

21   Defendants simply do not belong in this case. She alleges that because the Landlord Defendants

22   own the property[1] where the Facility is located, they share responsibility with the tenants for

23   maintaining the property under the City Code. (Compl. ¶¶ 18, 47.) According to Plaintiff, the mere

24   fact of ownership is sufficient basis for hauling the Landlord Defendants into court for alleged

25   violations of environmental laws, even though she never alleges that the Landlord Defendants

26   handled, controlled, or otherwise were responsible for the substances at issue. Plaintiff rests her

27   entire case against the Landlord Defendants on city codes that may assign them some shared

28   ───────────────
     [1] The Landlord Defendants also own a nearby superfund location. (Compl. ¶ 18.)

1   responsibility for maintaining the land, but have no bearing on whether they can be liable under

2   federal environmental statutes. (*Id.* ¶ 48.)

3       **B.    Background and Plaintiff's Remaining Allegations Against All "Defendants"**

4       Plaintiff is a serial litigant and Apple is her main target. This case is the latest in a series of

5   cases and administrative actions she has filed against the Company over the same alleged

6   environmental conditions near Apple's facility at 3250 Scott Boulevard in Santa Clara ("Facility").

7       Plaintiff lived near the Facility in 2020, when she was employed by Apple, but moved out

8   in October 2020 and now resides in Massachusetts. (Compl. ¶¶ 20-21; ECF No. 3-3 at 10.) She

9   does not allege that she used or enjoyed the surrounding environment for aesthetic or recreational

10  purposes; her connection to the site ended when she relocated. (*See generally id.*)

11      Nevertheless, Plaintiff alleges she is entitled to prosecute claims that the Facility emits and

12  discharges chemicals into the air and water. (Compl. ¶¶ 65–70, 85–90, 231–39, 259–71.) At the

13  same time, she admits that Apple operates under a valid Bay Area Air Quality Management District

14  permit, which authorizes emissions of arsine, phosphine, silane, and chlorine, all chemicals

15  commonly used in semiconductor research and development. (Compl. ¶ 233.)

16  **III.    LEGAL STANDARD**

17      A plaintiff bears the burden to establish the "irreducible constitutional minimum" of

18  Article III standing for any case to proceed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

19  (1992). Absent Article III standing, dismissal is required under Rule 12(b)(1). *Chandler v. State*

20  *Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010). In a facial Rule 12(b)(1) attack,

21  "the challenger asserts that the allegations contained in a complaint are insufficient on their face to

22  invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

23  A court may also consider extrinsic evidence as part of a factual challenge. *White v. Lee*, 227 F.3d

24  1214, 1242 (9th Cir. 2000). At that point, the party opposing a factual attack must come forward

25  with affidavits or other evidence necessary to establish jurisdiction. *Safe Air*, 373 F.3d at 1039.

26      Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729,

27  732 (9th Cir. 2001). To survive, "a complaint must contain sufficient factual matter, accepted as

28  true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim lacks facial plausibility when there is no "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Courts do not have to "accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court may also consider documents incorporated by reference "on which the complaint necessarily relies" on a motion to dismiss. *Browning v. Am. Honda Motor Co., Inc.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) (citation omitted).

## IV.    ARGUMENT

### A.    The Claims Against the Landlord Defendants Should Be Dismissed Because they are Landowners Who Do Not Operate the Facility

The Landlord Defendants own the land and do not operate the Facility. In addition to the arguments set forth in Apple's brief and repeated below, Plaintiff's claims against the Landlord Defendants should be dismissed because she cannot demonstrate traceability and she cannot allege that any of their independent actions violated federal environmental laws. In addition, the city ordinances she cites in her attempt to assert that the Landlord Defendants have the requisite responsibility do not apply here. This Section (IV.A.) addresses the arguments unique to the Landlord Defendants. Sections IV.B through IV.E. repeat arguments from Apple's brief that apply to the Landlord Defendants.

#### 1.    Plaintiff lacks Article III standing because she cannot demonstrate traceability.

In addition to the arguments set forth by Apple and repeated below about why Plaintiff lacks standing to bring her claims, Plaintiff also lacks standing because she does not adequately plead traceability. Traceability requires "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party.'" *Lujan*, 504 U.S. at 560

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

3

(quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)). This inquiry is defendant-specific. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 961–62 (9th Cir. 2004) (finding that plaintiffs who failed to link each cause of action to the specific actions of each defendant lacked standing to sue). As explained further in Section IV.A.2, *infra*, Plaintiff makes no specific allegations showing that the Landlord Defendants participated in any "challenged action" that caused Plaintiff harm. Because Plaintiff's allegations do not link the Landlord Defendants to her claims, she fails the traceability requirement. Her claims should therefore be dismissed.

**2.    As landowners, the Landlord Defendants are not subject to citizen suit liability under federal law.**

Plaintiff's allegations fail to establish that the Landlord Defendants acted independently in a way that would make them proper subjects of a citizen suit. Though "entities other than permitholders [and operators] can be held responsible for violations" of federal environmental law pursuant to their respective citizen suit provisions, such liability only arises when those entities "in [their] own right, acted in such a way that [they] could reasonably be considered to be in violation of federal pollution control requirements such as the conditions of a permit." *L.A. Waterkeeper v. SSA Terminals, LLC*, 702 F. Supp. 3d 903, 933–34 (C.D. Cal. 2023) (citation omitted).

*L.A. Waterkeeper* is instructive. There, the City of Long Beach was sued for CWA and RCRA violations, but the allegations against the City only alleged that the City owned the property in question and therefore was "a potentially responsible party for the [alleged] CWA and RCRA violations." *Id.* at 935. The court dismissed the claims against the City, explaining that where the statutes authorize actions against past or present owners of a property for contributing to pollution, liability requires "active functions with a direct connection" to the allegedly wrongful actions of the operator; "hypothetical control" is not enough. *Id.* (quoting *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 951 (9th Cir. 2023)). Nor is "generally grouping" the landlord with the operator sufficient to establish the landlord's liability. *Id.* at 934–35.

Here, Plaintiff makes the same types of allegations: the Landlord Defendants "as owners of the Property, are also responsible for Apple's Operations." (Compl. ¶ 126.) Just like in *L.A. Waterkeeper*, these conclusory allegations fail to establish that the Landlord Defendants had any

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-cv-07360

4

1    "active functions with a direct connection" to the alleged environmental releases.[2]

2         The Complaint is devoid of facts showing that the Landlord Defendants exercise **any** control

3    over the facility, let alone the degree of control required for a citizen suit to proceed against them.

4    Tellingly, the Landlord Defendants only specifically appear in 12 of the Complaint's 336

5    paragraphs. (*Id.* ¶¶ 10, 18, 43–48, 59, 126, 158.) None of these references allege that the Landlord

6    Defendants "in [their] own right, acted in such a way that [they] could reasonably be considered to

7    be in violation of federal pollution control requirements." *See L.A. Waterkeeper*, 702 F. Supp. 3d

8    at 934. Instead, as explained further in Section IV.B, *infra*, Plaintiff has "generally grouped" all

9    defendants together in her pleading. *See id.* With so few allegations specifically aimed at the

10   Landlord Defendants, they cannot discern their relationship to these claims, except the fact that the

11   Landlord Defendants own the property. None of the vague, imprecise allegations suffice to show

12   that the Landlord Defendants are proper subjects of a citizen suit under the federal environmental

13   laws Plaintiff cites, and these claims should therefore be dismissed.

14                    **3.    The Santa Clara City Code provisions Plaintiff cites do not apply.**

15        Plaintiff purports to assert violations of the Santa Clara City Code §§ 8.30.04 and 15.60.100,

16   but those provisions are not applicable here. **Section 8.30.04** concerns public nuisances (Complaint

17   ¶ 47), but Plaintiff does not make any allegations sufficient to show that the Landlord Defendants

18   caused or contributed to a public nuisance. Further, this provision assigns responsibility for

19   maintenance of a property in accordance with the Santa Clara City Code not only to the owner, but

20   also to the "occupant, lessee, or tenant." Santa Clara City Code § 8.30.40 (2024). The fact that the

21   Landlord Defendants are partially responsible for maintenance of the property in accordance with

22   the City Code has no bearing on their liability under federal environmental laws. **Section 15.60.100**

23   is even further afield. It provides that property owners are responsible for "[c]orrection and

24   abatement of violations" of the ***municipal fire code***, a detail Plaintiff omits to try to assert that the

25   Landlord Defendants have responsibility for all alleged violations at the Facility writ large. Once

26   again, whether or not the Landlord Defendants complied with the municipal fire code has no

27   bearing on the federal environmental statutes at issue here.

28   _____
     [2]

1

2

### B. Plaintiff Lacks Article III Standing Because She Has No Concrete Interest in California's Environment

Plaintiff does not have a concrete interest necessary to bring environmental claims because she lacks any recreational or aesthetic interest and relies entirely on her past connection to the Facility. She has lived in Boston since October 2020 (Compl. ¶ 20), thereby severing all potential connection to the Facility and the surrounding environment. Without a current and direct connection to the environment surrounding the Facility, she cannot bring a citizen suit to enforce environmental laws at the Facility. Nor can she rely on her allegations of past injuries, which are insufficient as a matter of law.

Article III requires, in addition to traceability and redressability, a concrete injury in fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–40 (2016). To satisfy the "'injury in fact' requirement in environmental cases," a plaintiff must "adequately show[] that she has an aesthetic or recreational interest in a particular place, or animal, or plant species and that interest is impaired by a defendant's conduct." *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000). Plaintiff cannot make that showing here.

### 1. Plaintiff has no recreational or aesthetic interest in the Facility.

Citizen suits require allegations of a concrete and particularized injury that, in the environmental context, depends on a recreational or aesthetic interest. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167 (2000). A plaintiff's concrete stake in the affected environment turns on their derived aesthetic or recreational value, not generalized concern for ecological value. *Id.* Simply living in the area is not enough to survive a motion to dismiss. *See Candlestick Heights Cmty. All. v. City & Cnty. of S.F.*, No. 23-cv-00082-SK, 2023 WL 9317153, at *11 (N.D. Cal. Dec. 21, 2023) (plaintiff organization failed to demonstrate an injury in fact at the pleadings stage in CAA suit because the organization did not allege how member's enjoyment of a park was affected by the challenged conduct), *aff'd*, 2025 WL 275112 (9th Cir. Jan. 23, 2025); *Demoruelle v. Kucharski*, No. 19-00269 JAO-RT, 2019 WL 4739285, at *4 (D. Haw. Sept. 27, 2019) (granting Rule 12(b)(1) motion in Endangered Species Act citizen suit where plaintiff failed to allege sufficient impairment to her aesthetic or recreational enjoyment even though she lived in

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

6

1    the area).

2    Plaintiff's Complaint fails to allege how she used and enjoyed the area at all. Her recent

3    connection to the area is limited to a staged rally that she attended remotely, designed to increase

4    support for this lawsuit against her former employer. Her allegations reveal only animus, not a

5    cognizable interest in the site. Article III standing does not extend to bystanders. On this record,

6    dismissal under Rule 12(b)(1) is necessary.

7          **2.    Alleged injuries related to her previous presence in California do not
             meet Article III thresholds.**

8    Neither Plaintiff's past connection to the area nor her purported past physical injuries give

9    her standing in this case. Past connection to an environmental resource is insufficient to establish

10   an injury in fact. *See Lujan*, 504 U.S. at 564. In *Lujan*, the landmark opinion outlining the standing

11   requirements in environmental cases, the plaintiff organizations sued to challenge regulations

12   governing wildlife habitats overseas, including habitats where two of their members had previously

13   visited and intended to someday return. *Id.* at 563–64. These members, however, lived thousands

14   of miles away from the subject areas and had no concrete plans to return, leading the Court to

15   conclude that the plaintiffs lacked standing. *Id.* at 564.

16   *Lujan* compels the same result here: Plaintiff lives across the country and has never

17   suggested she had any plans to return to engage in any beneficial use of the environment. (Compl.

18   ¶ 20.) She only alleges that she previously lived near the Facility, but she moved to Boston years

19   before she issued the pre-suit notice. She fails to allege any present or future connection to the

20   Facility that could justify the relief she seeks here. *See Ashley Creek Phosphate Co. v. Norton*, 420

21   F.3d 934, 938-39 (9th Cir. 2005) (affirming dismissal for lack of Article III standing because the

22   plaintiff lacked a geographic nexus to the location at issue, 250 miles away from where the plaintiff

23   was located); *see also Lujan*, 504 U.S. at 572 n.7 ("persons who live (and propose to live) at the

24   other end of the country" from an environmental project cannot have a concrete and particularized

25   injury). (Compl. ¶ 20; ECF No. 3-3 at 10.)

26   The only present day allegation related to the Facility concerns an August 2025 "rally"

27   Plaintiff orchestrated that about three people attended—but she attended *virtually* from Boston.

28

Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and Jenab Family Trust's Notice of
Motion and Motion to Dismiss
Case No. 25-cv-07360                                                                            7

1    (Compl. ¶ 286.)[3] Her allegations confirm she has severed any connection to the environment

2    surrounding the Facility (assuming she had one to begin with). (*See id.* ¶¶ 20, 335.) Future use is

3    especially implausible here. (*Id.* ¶ 335.) Without the necessary connection to a future beneficial

4    use, she lacks standing to pursue this enforcement action. *Lujan*, 504 U.S. at 564; *Wilderness Soc'y,*

5    *Inc. v. Rey*, 622 F.3d 1251, 1256 (9th Cir. 2010) (finding no injury in fact, in part because the

6    organization member offered no evidence on when he might return to the subject forest, even

7    though he demonstrated "extensive past use" and wanted to continue visiting the forest in the

8    future).

9        Nor can Plaintiff's allegations of past physical injuries rescue her claims. *Lujan*, 504 U.S.

10    at 564; *Summers v. Earth Island Inst.*, 555 U.S. 488, 495 (2009) (finding no injury in fact to pursue

11    prospective injunctive relief where an organization member only asserted a past injury); *Coastal*

12    *Env't Rts. Found. v. Naples Rest. Grp., LLC*, 115 F.4th 1217, 1227 (9th Cir. 2024) (rejecting

13    plaintiff's claim to Article III standing when seeking civil penalties for past Clean Water Act

14    violations). By Plaintiff's own admission, her claimed injuries are wholly in the past, as she stated

15    to the EPA that "[w]ithin a week of vacating the location in October 2020, *[her] disabling medical*

16    *issues vanished*." (ECF No. 3-3 at 10 (emphasis added).) Plaintiff's Complaint also makes it clear

17    that she "does not request any personal damages." (Compl. ¶ 335.) She has no claim to present or

18    future harm in this case. Without a continuing injury, injunctive relief is unavailable as a matter of

19    law. *Summers*, 555 U.S. at 495.

20        She fails to carry her burden of demonstrating injury in fact. Her claims fail and cannot

21    survive under Rule 12(b)(1).

22    **C.    Each Defect in Plaintiff's Pre-Suit Notice Requires Dismissal**

23        Plaintiff's pre-suit notice is deficient; her federal claims cannot proceed. *See Cascadia*

24    *Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1153 (9th Cir. 2024) (pre-suit notices are

25    prerequisite to citizen-suits). Notice requirements are mandatory and are strictly construed. Courts

26    

27    ───────────────

    [3] *See also* Tarantino Decl. Ex. F, X (fka Twitter) Post reciting that she "won't be there, but I'll be
    video calling in midway from Boston!" This belies any contention that the Facility means

28    anything to her outside of her crusade against Apple and may be considered as part of a fact-
    based attack on subject-matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

have no discretion to excuse noncompliance. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989) (affirming dismissal due to insufficient pre-suit notice). Further, "[t]he law is clear that Plaintiff cannot cure her failure to provide adequate notice subsequent to filing suit." *Nilson v. City of San Jose*, No. C 07-03686 JW, 2008 WL 11387038, at *4 (N.D. Cal. July 24, 2008); *see also Hallstrom*, 493 U.S. at 26–27 (holding that pro se plaintiff's failure to strictly follow notice requirement was not subject to "equitable modification and cure"); *Cascadia*, 105 F.4th at 1153 (holding that compliance with citizen suit notice provision is a "mandatory claims-processing rule" and "mandatory condition[] precedent to commencing suit." (citation omitted)).

The Ninth Circuit emphasizes the importance of pre-suit notices as serving to "provide the agencies and the defendant with information" to allow the agencies the opportunity to "step in, investigate, and bring the defendant into compliance." *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002). Litigation is the last resort: "[t]he point is to trigger agency enforcement and avoid a lawsuit" and not "to unduly burden citizens by requiring them to basically carry out the job of the agency." *Id.*

For example, a notice must "include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." *Thibodeaux v. Port of Oakland*, No. 18-cv-03353-KAW, 2018 WL 4853299, at *4 (N.D. Cal. Oct. 5, 2018) (citation omitted) (describing notices under the Clean Water Act). These requirements apply across analogous environmental citizen-suit provisions. *See* 40 C.F.R. § 135.3(a) (CWA); *see also* 40 C.F.R. § 54.3(b) (CAA) (similar); 40 C.F.R. § 254.3(a) (RCRA) (similar); 40 C.F.R. § 702.62(a) (TSCA) (similar); *Atl. States Legal Found. v. United Musical Instruments*, 61 F.3d 473, 478 (6th Cir. 1995) (extending notice requirements to EPCRA claims because "the structure of EPCRA's notice provision is substantively identical to the analogous provision of RCRA").

### 1.    The Notice fails to meet threshold technical requirements.

The technical deficiencies in the Notice mandate dismissal. *See Wash. Trout v. McCain*

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

9

1     *Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995) (affirming dismissal of citizen suit due to technical

2     deficiencies in the notice). For example, the Notice's cover page fails to provide adequate contact

3     information. It lists the Sacramento address of Plaintiff's California LLC, not the address of

4     Plaintiff herself. (*See* ECF No. 3 at 2; Compl. ¶ 20.) Only on the final page of the Notice does she

5     make a passing reference to being in Boston. This omission violates regulatory contact information

6     requirements. (Compl. ¶ 20); *see also* 33 U.S.C. § 1365(b) (vesting the EPA Administrator

7     authority to prescribe the manner in which notice is given for Clean Water Act citizen suits); 40

8     C.F.R. § 135.3(a) (requiring a notice regarding violation of an effluent standard or limitation to

9     include, among other things, "the full name, address, and telephone number of the person giving

10     notice"). Her LLC is not a party to this case.

11        Plaintiff also failed to serve the Notice on all required parties. For her CWA claims, for

12     example, Plaintiff was required to serve the Notice on all Defendants, the Administrator of the

13     EPA, the Regional Administrator of the EPA for the region in which the violation is alleged to have

14     occurred, and "the chief administrative officer of the water pollution control agency for the State

15     in which the violation is alleged to have occurred." 40 C.F.R. § 135.2(a). Per Plaintiff's proof of

16     service,, Plaintiff only served Defendants and the relevant EPA Administrators by certified mail.

17     (*See* ECF No. 3-1 at 34–37.) Plaintiff did not serve the chief administrative officer of the water

18     pollution control agency for California by certified mail or by personal service. (*See id.*) The same

19     is true for the claims under the CAA, RCRA; and EPCRA; Plaintiff has failed to serve the relevant

20     state entity as required. *See* 40 C.F.R. § 54.2(b) (CAA) (service of notice by certified mail required

21     on "an authorized representative of the State agency charged with responsibility for air pollution

22     control in the State"); 40 C.F.R. § 254.2(a)(1) (RCRA) (service of notice by personal service or

23     certified mail required on "chief administrative officer of the solid waste management agency for

24     the State in which the violation is alleged to have occurred"); *Atl. States Legal Found.*, 61 F.3d at

25     478 (EPCRA follows notice requirements for RCRA).

26        Because of these defects, Plaintiff does not meet the claims-processing requirement needed

27     to maintain a citizen suit. Plaintiff cannot cure these defects by amending her Complaint, and thus

28     it should be dismissed with prejudice. *See Nilson*¸ 2008 WL 11387038, at *4; *Hallstrom*, 493 U.S.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

10

at 26–27; *see also Cascadia*, 105 F.4th at 1153.

**2.    The Notice does not provide adequate information to assess compliance.**

A pre-suit notice must inform the defendant "precisely what it allegedly did wrong, and when." *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801 (9th Cir. 2008), *amended* (May 14, 2009); *see* 42 U.S.C. § 6972(b)(1)(A) (RCRA); 42 U.S.C. § 7604(b) (CAA); 33 U.S.C. § 1365(b) (CWA); 15 U.S.C. § 2619(b)(1)(A) (TSCA); 42 U.S.C. § 11046(d)(1) (EPCRA). "Notice is sufficient if it is reasonably specific and if it gives 'the accused company the opportunity to correct the problem.'" *WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 917 (9th Cir. 2004) (quoting *S.F. BayKeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1158 (9th Cir. 2002)).

Here, the Notice fails to provide notice of where, when, and how the statutory violations occurred. At best, it parades through a list of statutes without detail: many simply direct the EPA to promulgate certain regulations, rather than identifying any specific standard that Apple purportedly violated. For example, Paragraph 64 of the Notice cites the entire section of the CAA concerning State Implementation Plans for the proposition that the Facility has violated CAA through emissions "that exceed state-specific emission limits"). (*See also* ECF No. 3 ¶¶ 72–78 (referencing large portions of RCRA without further explanation), 91–95 (same for the CWA), 99–101 (same for EPCRA)). These allegations contain no detail, let alone the detail required by law.

For the TSCA allegations, the Notice likewise fails to identify which standards or regulations the Facility has allegedly violated and instead alleges violations of entire sections of TSCA that authorize rules to regulate hazardous chemicals. (*See id.* ¶¶ 105–07.) While the Notice alleges the Facility's chemical inventories listed several chemicals subject to regulation, it fails to allege that the amounts used violated any specific limitation. (*See id.*) A notice under TSCA's citizen suit provisions must include, among other things, "[t]he specific provision of TSCA or of the rule or order under TSCA alleged to have been violated." 40 CFR § 702.62(a)(1).

The Notice must specify the current conduct that forms the basis of the alleged violations; the Notice's information regarding alleged historical conduct is insufficient. *See Marina Point Dev. Co.*, 566 F.3d at 801. Without that information, neither the Facility, Landlord Defendants, nor

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

11

public enforcers have an opportunity to investigate or evaluate those claims, and Plaintiff, in turn, is not authorized to pursue those claims. This defect cannot be cured by amending the Complaint, and Plaintiff's claims should thus be dismissed with prejudice. *See Nilson¸* 2008 WL 11387038, at *4; *Hallstrom*, 493 U.S. at 26–27; *see also Cascadia*, 105 F.4th at 1153.

### D.      Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted

Even if Plaintiff could clear the standing and notice hurdles discussed above (she cannot), Plaintiff's allegations of federal statutory violations are so convoluted and unfocused that they cannot meet federal pleading standards. A complaint must set out a short and plain statement of the claim and offer more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. Plaintiff's inscrutable Complaint falls far short of that standard and should be dismissed.

### 1.      Plaintiff's impermissible "shotgun" pleading dooms all of her federal statutory claims.

The Complaint is a textbook example of impermissible shotgun pleading. "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Meggette v. Cal. Dep't of Soc. Servs.*, No. 25-cv-04722-DMR, 2025 WL 2684402, at *3 (N.D. Cal. July 23, 2025) (citation omitted). "[G]rouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief." *Id.* (citation omitted); *see also Gillespie v. Cnty. of Alameda*, No. 20-cv-03735-DMR, 2020 WL 5106858, at *2 (N.D. Cal. Aug. 31, 2020) ("A complaint that alleges 'everyone did everything' constitutes one form of shotgun pleading." (citation omitted)).

Plaintiff's Complaint is an "unclear mass of allegations," reciting more than 75 statutory provisions and regulations, many irrelevant to this action. (*See infra* at __.) These allegations are also directed indiscriminately at "Defendants" without indicating who is alleged to have done what. (*See, e.g.*, Compl. ¶¶ 195 ("Defendants have violated 42 U.S.C. § 6973 (Section 7003) by creating and maintaining an imminent and substantial endangerment to the community and the environment."), 244 ("The Defendants have violated 42 U.S.C. § 7412 (Section 112) by dumping

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

12

hazardous substances into the atmosphere that knowingly and intentionally does not comply with MACT standards.").) The federal statutory claims should be dismissed on this basis.

### 2. Plaintiff makes only past, time-barred Clean Air Act allegations.

Plaintiff's CAA claim is neither current nor timely. Instead of alleging any ongoing violation, she relies on allegations of historical conduct that the Facility violated the CAA "through unpermitted air emissions, air emissions in violation of pollution standards, and failure to obtain required permits related to exhaust and air releases" at the Facility. (Compl. ¶ 228.)

*First*, Plaintiff alleges that all instances of "air emissions in violation of pollution standards" occur in the past, before she alleges that the Facility got its permit in May 2023. (*See id.* ¶¶ 66–67 (2019), ¶¶ 68–69 (2020), ¶¶ 85–87 (2021), ¶¶ 88–89 (2022), ¶ 233 (date of permit).) A citizen-suit complaint must allege an ongoing violation of the relevant statute; the plaintiff cannot bring a citizen suit for "wholly past violations." *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 64 (1987). The Complaint's conclusory allegation that the violations "are in the past, but also ongoing, and also expected to continue in the future without judicial intervention," (Compl. ¶ 228), are insufficient to state a claim for relief. *See Gwaltney*, 484 U.S. at 64–65 (holding that citizen-plaintiffs must make "a good-faith allegation of continuous or intermittent violation" and cannot assert "frivolous allegations"). The Complaint is void of factual allegations establishing ongoing violations or that any past violation could be reasonably expected to reoccur. Therefore, any claim based on violations of emission pollution standards must be dismissed.

*Second*, even assuming Plaintiff's allegations regarding when the violations occurred were true, Plaintiff's CAA claim is barred by the statute of limitations. Citizen suits under the CAA are subject to a five-year statute of limitations, which begins to run at the time of the underlying violation, not when the injury is discovered. *See Clarke v. Pac. Gas & Elec. Co.*, 501 F. Supp. 3d 774, 786 (N.D. Cal. 2020). If a violation, such as operating an unpermitted facility, is "ongoing" rather than one of several "repeated, discrete violations," then the claim accrues when the conduct first began. *See id.* Here, Plaintiff alleges unpermitted emissions "since approximately 2015" (Compl. ¶ 29); any cause of action arising from this alleged continuous violation is time-barred.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

13

And if a claim for damages or penalties is barred, a claim for injunctive relief based on the same conduct is also barred. *See Clarke*, 501 F. Supp. 3d at 788 (where CWA claim is time barred, "the related CWA claim for injunctive relief is likewise barred by the concurrent remedy doctrine). Plaintiff's CAA claims should thus be dismissed in their entirety.

### 3. Plaintiff fails to state a claim under the Clean Water Act because the Complaint alleges no permit noncompliance or ongoing violation.

Beyond the defects already addressed, Plaintiff's CWA claims fail for two independent reasons. *First*, as Plaintiff admits, the Facility operates under a National Pollutant Discharge Elimination System (NPDES) Permit, which authorizes its routine wastewater discharges. (Compl. ¶ 260.) While the Complaint alleges heavy metals and solvents were detected once in Facility wastewater in 2017 (*id.*¶ 271), it does not allege a single violation of any effluent limit suggesting that these Facility discharges were noncompliant with its permit or any other law. Nor does it allege *any* ongoing permit exceedance, which is necessary for a citizen suit. The conclusory allegations about heavy metals and solvents are also contradicted by the Complaint's own exhibits[4] and should therefore be disregarded. In the face of compliance with a valid permit, Plaintiff cannot allege that the Facility has violated the CWA. *See Puget Soundkeeper All. v. Port of Tacoma*, 104 F.4th 95, 105 (9th Cir. 2024) ("[I]f a permit-holder complies with the terms of its permit, it need not fear liability under the Clean Water Act." (citing 33 U.S.C. § 1342(k))).

*Second,* Plaintiff's allegations of non-compliance (related to sampling methods or frequencies in 2016 and 2020, Compl. ¶¶ 261, 265; cooling water disposal in 2016, ¶ 264; and alleged maintenance issues regarding cobblestone count or "No Dumping" medallions in 2022, ¶ 268) all concern "wholly past violations."[5] *Gwaltney*, 484 U.S. at 64, *supra* § IV(D)(2). Even if such claims could proceed, Plaintiff's claims related to metals in wastewater, sampling, and cooling

---

[4] The complaint alleges that because Apple's routine wastewater monitoring showed the presence of trichloroethylene ("TCE"), Apple must be "pouring that [TCE] down the drain," (Compl. ¶ 272), but fails to recognize that the Facility sits partially on a TCE groundwater plume originating from a nearby Superfund site (*see* ECF No. 3-3 at 26). The testing cited in Gjovik's 2023 citizen complaint also reveals that each of the chemicals Gjovik alleges are in the Facility's wastewater was detected below the Method Reporting Limit ("MRL"), meaning the concentration of the chemical is too low to have confidence in the test result. (*See id.* at 36.)

[5] Additionally, as to the cobblestones and "No Dumping" medallions, the Complaint notes that Santa Clara marked Apple as "in compliance," meaning there is no violation to pursue, past or present. (*See* Compl. ¶ 268.)

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS
CASE NO. 25-cv-07360

14

water disposal are long barred by the five-year statute of limitations. 28 U.S.C. § 2462.

### 4. Plaintiff fails to identify any actionable regulations limiting use of the chemical NMP under TSCA.

Plaintiff's TSCA claims are partially based on allegedly unlawful manufacturing, processing, distribution, and use of n-methyl-2-pyrrolidone ("NMP"). (*See* Compl. ¶¶ 300, 302.) These claims misunderstand the regulatory program and should be dismissed.

The Complaint claims that "[i]n 2022, the EPA severely restricted the legal use of NMP," apparently referring to the EPA's December 2022 Final Risk Evaluation for NMP. (*See* Compl. ¶ 303; Tarantino Decl. Ex. D.) The Final Risk Evaluation, however, does not regulate the use of NMP and specifically states that the EPA "***will propose a risk management regulatory action***" limiting use of NMP. (Tarantino Decl. Ex. D at 3 (emphasis added).) The EPA proposed regulations on NMP in 2024, but no such regulations have been adopted. *See* Regulation under the Toxic Substances Control Act: n-Methylpyrrolidone, 89 Fed. Reg. 51,134 (proposed June 14, 2024). Thus, there are no regulations limiting use of NMP, and any claims concerning such use fail.

### 5. Plaintiff's allegations of EPCRA fail to identify regulated chemicals or trigger prerequisites to liability.

Plaintiff's EPCRA claims fail because she fails to identify a regulated hazardous substance, or that any reporting obligation is triggered. (Compl. ¶¶ 289–96.)

**Alleged Violation of EPCRA §304 (42 U.S.C. § 11004):** Plaintiff claims that the Facility failed "to report releases of extremely hazardous substances and CERCLA substances that exceeded reportable quantities and failing to provide community notifications." (*Id.* ¶ 290.) Section 304 requires facilities to notify certain emergency response authorities of certain chemical releases. 42 U.S.C. § 11004. These reporting obligations are only triggered if an EPA-designated "extremely hazardous substance[]" is released in excess of its "reportable quantit[y]" as delineated in Appendix A to 40 C.F.R. pt. 355. *See also Remington v. Mathson*, 42 F. Supp. 3d 1256, 1280 (N.D. Cal. 2012), *aff'd*, 575 F. App'x 808 (9th Cir. 2014). Plaintiff has not alleged either that (i) the chemicals Apple allegedly released constitute "extremely hazardous substances" or (ii) any such release occurred in quantities greater than the "reportable quantities" for those substances. Plaintiff's claim for a violation of EPCRA § 304 fails.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

15

Plaintiff has not alleged that the Facility released chemicals that constitute "extremely hazardous substances" under Appendix A to 40 C.F.R. pt. 355. Plaintiff merely declares in her Complaint that the Facility released phosphine, silane, Tetraethyl Orthosilicate ("TEOS"), fluorine, Hexafluorobutadiene, as well as "two unnamed toxic gases," (*see* Compl. ¶ 65). Of these chemicals, only phosphine, silane, and fluorine are included in the EPA's list of "extremely hazardous substances" in Appendix A. Even if Apple used these chemicals at the Facility, Apple would not have been required to report any releases of TEOS, Hexafluorobutadiene, or "two unnamed toxic gases," under EPCRA § 304. Most importantly, she has not and cannot allege that any chemicals were released in excess of their reportable quantities. Indeed, Plaintiff has not pled facts regarding the quantity of any of the chemicals allegedly released. Plaintiff accordingly has not shown that Apple had a duty to report under EPCRA § 304, and this claim should be dismissed.

**Alleged Violation of EPCRA §§ 311 and 312 (42 U.S.C. §§ 11021, 11022):** Plaintiff alleges that the Facility failed "to keep an accurate and up-to-date inventory of hazardous chemicals and failing to report those inventories to the state and local government" (Compl. ¶ 292), even though the facts as she has alleged them would not trigger a reporting obligation. These sections require submission of Material Safety Data Sheets (EPCRA § 311) and hazardous chemical inventory forms to local and state authorities (EPCRA § 312). Only certain hazardous chemicals in amounts that exceed regulatory thresholds trigger reporting requirements. 40 C.F.R. § 370.10. Plaintiff's allegations would not trigger a duty to report as it does not allege that the Facility's inventory is somehow inadequate. Plaintiff merely describes the alleged contents of "Apple's most recent chemical inventory for the site," while also declaring that Apple "[failed] to report . . . inventories to the state and local government." (*See* Compl. ¶¶ 292–93.) She does not allege that the amounts exceeded the thresholds or that the inventories were inaccurate, nor does she offer the basis for her contention that the inventories were not reported. In fact, she alleges that Apple reported an inventory in February 2025. From there, she jumps to the conclusion that Apple's reports were incorrect, which, absent more, fails to meet Rule 8 pleading standards. *See Iqbal*, 556 U.S. at 678.

**Alleged Violation of EPCRA § 313 (42 U.S.C. § 11023):** Plaintiff argues that the Facility

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

16

has "violated the EPCRA § 313 . . . by failing to report toxic chemical releases (TRI reporting) TRI reporting failures for TCE, NMP, arsenic compounds." (*See* Compl. ¶ 296.) As with sections 311 and 312, Plaintiff has not alleged conditions necessary to trigger a reporting obligation under EPCRA § 313. Plaintiff has not and cannot allege that the Facility is in a covered industry sector. 40 C.F.R. § 372.22. According to the public TRI Facility Report, this Facility is operating under the NAICS code 334111, (*see* Tarantino Decl. Ex. E) which is not subject to EPCRA § 313 requirements. *See* 40 C.F.R. § 372.23. Because Plaintiff has not alleged or shown that the Facility is required to submit TRI reports under EPCRA § 313 for this Facility, this claim must be dismissed.

**Alleged Violation of EPCRA §§ 311 and 312 (42 U.S.C. §§ 11021, 11022):** Plaintiff alleges that the Facility failed "to keep an accurate and up-to-date inventory of hazardous chemicals and failing to report those inventories to the state and local government." (Compl. ¶ 292.) These sections require the submission of Material Safety Data Sheets, (EPCRA § 311), and hazardous chemical inventory forms to local and state authorities, (EPCRA § 312). Reporting requirements are triggered when facilities have certain hazardous chemicals present above regulatory thresholds. 40 C.F.R. § 370.10. No duty to report is triggered from the allegations in Plaintiff's Complaint: it fails to allege that its inventory is somehow inadequate. Plaintiff merely describes the alleged contents of the "most recent chemical inventory for the site," while also declaring that the Facility "[failed] to report . . . inventories to the state and local government." (*See* Compl. ¶¶ 292–93.) She does not allege the Facility exceeded limits or that inventories were inaccurate, nor does she offer the basis for her contention that the inventories were not reported. In fact, she alleges that the Facility reported an inventory in February 2025. From there, she jumps to the conclusion that the reports were incorrect, which, absent more, fails to meet pleading standards. *See Iqbal*, 556 U.S. at 678.

**Alleged Violation of EPCRA § 313 (42 U.S.C. § 11023):** Plaintiff argues that Apple has "violated the EPCRA § 313 . . . by failing to report toxic chemical releases (TRI reporting) TRI reporting failures for TCE, NMP, arsenic compounds." (*See* Compl. ¶ 296.) As with sections 311 and 312, Plaintiff has not alleged conditions necessary to trigger a reporting obligation under EPCRA § 313. Plaintiff has not and cannot allege that the Facility is in a covered industry sector.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

17

40 C.F.R. § 372.22. According to the TRI Facility Report, this Facility is operating under the NAICS code 334111, (*see* Tarantino Decl. Ex. E) which is not subject to EPCRA § 313 requirements. *See* 40 C.F.R. § 372.23. Because Plaintiff has not alleged or shown that the Facility is required to submit TRI reports under EPCRA § 313 for this Facility, this claim must be dismissed.

### 6.    Plaintiff's public nuisance claim is time barred and fails to state a claim.

Plaintiff's public nuisance claim under California Civil Code sections 3491 *et seq*. is time barred because she left the vicinity of the Facility outside the three-year statute of limitations period for public nuisance. *Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1216 (1996) ("there is a three-year statute of limitations in a nuisance action brought by a private party."). The limitations period commences at different times for permanent and continuing nuisances, but the fact that Plaintiff moved thousands of miles from the Facility in 2020 precludes either type of claim.

For a permanent nuisance, which is a "permanent injury to property," the statute begins to run when the nuisance is created and "bars all claims after its passage." *Id.* at 1216–17. Plaintiff's public nuisance claim is based on the same set of facts as the private nuisance claim she brought against Apple in the employment action in 2023. (Taratino Decl. Ex. C.) Judge Chen found that Plaintiff knew or reasonably should have known of that claim more than two years before she filed that lawsuit on September 7, 2023. (*See id.* Ex. B at 27; *id.* Ex. A at 16–18.) The limitations period for public nuisance is three years, one year longer than for private nuisance. It therefore follows that Plaintiff's public nuisance claim, filed on September 2, 2025, more than one year after her private nuisance claim, is also time barred.

To the extent Plaintiff alleges a continuing public nuisance, the three-year statute of limitations also bars her claim because Plaintiff cannot allege that she sustained any injuries within the three-year statute of limitations. "[A] continuing nuisance is considered to be a series of successive injuries for which the plaintiff must bring successive actions." *Beck*, 44 Cal. App. 4th at 1216. "[E]ach repetition of a continuing nuisance is considered a separate wrong which commences a new period in which to bring an action for recovery based upon the new injury." *Id.* at 1217. Because Plaintiff has not lived near the Facility since 2020, she has not experienced any "successive

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS CASE NO. 25-CV-07360

18

injuries" or "separate wrong" within the three years preceding this lawsuit that would commence a new limitations period. The most recent "injury" or "wrong" she could have experienced was in 2020, more than three years before she filed this lawsuit. Plaintiff's public nuisance claim is therefore time barred and should be dismissed with prejudice.

Even if the statute of limitations did not bar Plaintiff's claim, Plaintiff cannot state a claim for public nuisance because the permitted discharges by definition cannot constitute a nuisance: "[n]othing . . . done or maintained under the express authority of a statute can be deemed a nuisance." Cal. Civ. Code § 3482. This includes permitted activity. *See, e.g.*, *Eisentecken v. Tahoe Reg'l Plan. Agency*, No. 2:20-cv-02349-DJC-CKD, 2025 WL 1531678, at *10 (E.D. Cal. May 28, 2025) (granting dismissal where defendant "was acting under the authority of a governmental permit, [therefore] his conduct cannot form the basis for a [public] nuisance claim").

Plaintiff concedes that Apple obtained a valid air permit from the local air-quality management district on May 1, 2023, limiting annual emissions of arsine, phosphine, silane, and chlorine. (Compl. ¶ 233.) She does not allege that Apple exceeded any of these limits or made unpermitted discharges. (*See generally* Compl.) Because Apple operated under a valid permit, Section 3482 bars Plaintiff's nuisance theory as to those permitted air emissions as a matter of law.

Nor can Plaintiff be awarded the injunctive relief she seeks because she alleges no ongoing nuisance. At most, she alleges that pre-2023 activity created a nuisance. (*Id.* ¶¶ 233, 308.) But a past nuisance cannot be enjoined. *People ex rel. Bradford v. Goddard*, 47 Cal. App. 730, 740 (1920) (California Court of Appeal reversed a trial verdict where public nuisance had been abated, holding "the action should be dismissed, for the very obvious reason that there is then nothing existing against or upon which the injunctive process of the court can or will operate"); *see also Mallon v. City of Long Beach*, 164 Cal. App. 2d 178, 190 (1958) (refusing to grant an injunction when there was no probability of continued harm); *Phipps v. Saddleback Valley Unified Sch. Dist.*, 204 Cal. App. 3d 1110, 1117 (1988) (distinguishing *Mallon* and affirming a permanent injunction after trial because the defendant did not decide to abandon its policy voluntarily). This forecloses the remedy Plaintiff seeks here, precluding her from stating a claim. *Holmes High Rustler, LLC v. Gomez*, No. 15-cv-02086-JSC, 2015 WL 4999737, at *7 (N.D. Cal. Aug. 21, 2015).

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

19

Plaintiff refers to numerous local ordinances that govern the building infrastructure necessary for operations involving certain gases. (Compl. ¶¶ 310–12.) It is unclear from the Complaint whether she claims that the Facility has failed to comply with those ordinances. In any event, she lacks the authority to enforce the ordinances she cites. Only the City's enforcement officer may do so. Santa Clara City Code § 8.30.050 (2024). For that reason, the cited ordinances cannot form the basis for her public nuisance claim and dismissal is appropriate.

### 7. Plaintiff vaguely alleges violations of a laundry list of inapplicable, unenforceable, or duplicative statutes and regulations.

In addition to the defects identified above, Plaintiff's allegations that the Facility violated particular statutory provisions and regulations each fail for one of several independent reasons: (1) the statutory provisions only direct or allow EPA or state action and thus cannot apply to Apple; (2) the statutory provisions and regulations are inapplicable to Apple; (3) the statutory provisions and regulations do not set out a standard against which compliance can be judged; (4) the statutory provisions cannot be enforced in a citizen suit; (5) Plaintiff has failed to allege sufficient facts to support a claim under the statutory provisions and regulations; or (6) Plaintiff has already alleged violations in other actions and cannot maintain a duplicative claim here. These claims fail. The charts below sort Plaintiff's statutory and regulatory allegations into these categories.

Plaintiff meanders through a long list of statutory provisions that solely direct the EPA, states, or other government entities to perform some function, such as promulgating certain regulations. Because neither Apple nor the Landlord Defendants are government entities, Plaintiff does not (and cannot) allege violations of these statutory provisions and these claims should be dismissed.

| Statutory Provisions that Only Direct or Allow EPA or State Action | |
|---|---|
| **Provision** | **Scope** |
| **CAA – 42 U.S.C. § 7410** | Requires states to develop State Implementation Plans (SIPs) and requires SIPs to include certain features. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CAA – 42 U.S.C. § 7412** | Directs EPA to create a list of hazardous air pollutants (HAPs) and categories of sources of HAPs and promulgate emissions standards for each source category. This provision is unenforceable by a private |

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-cv-07360

20

| | |
|---|---|
| | citizen and cannot be violated by a private entity. |
| **CAA – 42 U.S.C. § 7491** | Requires the Secretary of the Interior to identify class I federal areas where visibility is an "important value of the area," and EPA to promulgate regulations protecting visibility in those areas. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA - 42 U.S.C. § 6921** | Directs EPA to promulgate criteria for identifying the characteristics of hazardous waste, list wastes meeting the criteria, and set standards for small quantity generators of hazardous waste. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6973** | Authorizes EPA to sue persons who contribute to imminent and substantial endangerment to health or the environment. This provision is unenforceable by a private citizen. Only EPA can bring a suit under this section. |
| **RCRA – 42 U.S.C. § 6922** | Directs EPA to establish standards for hazardous waste generators and outlines manifest certification requirements. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6923** | Directs EPA to establish standards for transporters of hazardous waste. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6924** | Directs EPA to establish standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1312** | Directs EPA to establish further effluent limitations where application of other standards would not meet water quality goals. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1313** | Directs EPA to propose, and states to adopt, certain water quality standards. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1328** | Authorizes EPA to allow discharge of specific pollutants under controlled conditions for an approved aquaculture project. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1316** | Directs EPA to promulgate regulations setting out new source performance standards for certain categories of sources and makes violating those standards illegal. This provision allows states, not private citizens, to enforce the standards. |
| **CWA – 33 U.S.C. § 1317** | Directs EPA to establish a list of toxic pollutants and set effluent limitations for those pollutants, making violations of those standards illegal. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1342** | Sets out the NPDES permit program and authorizes EPA and states to issue permits. This provision is unenforceable by a private citizen and |

| | cannot be violated by a private entity. |
|---|---|
| **TSCA – 15 U.S.C. § 2605** | Directs EPA to promulgate regulations concerning chemicals, the manufacturing, processing, distribution in commerce, use, or disposal (or any combination) thereof presents an unreasonable risk of injury to health or the environment. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2606** | Authorizes EPA to commence civil actions concerning the use of imminently hazardous chemicals. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2607(b)(10)(B)** | Directs EPA to publish an inventory of mercury in US commerce. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2682** | Directs EPA to promulgate regulations on lead-based paint. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2683** | Directs EPA to promulgate regulations identifying lead-based paint hazards, lead-contaminated dust, and lead-contaminated soil. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2684** | Authorizes states to administer and enforce regulations and requirements established under §§ 2682 or 2686. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2685** | Directs EPA to conduct a program to promote safe, effective, and affordable monitoring, detection, and abatement of lead-based paint and other lead exposure hazards. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2686** | Directs EPA to publish a lead hazard information pamphlet providing certain information. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2688** | Requires federal government to comply with all requirements concerning lead-based paint, lead-based paint activities, and lead-based paint hazards in the same manner, and to the same extent as any nongovernmental entity. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |

Plaintiff additionally attempts to make out claims under several statutory provisions that cannot be enforced in a citizen suit because they either authorize criminal penalties that are not available in a civil action or are specifically exempted from citizen enforcement. Plaintiff has no authority to pursue these claims, and thus they should be dismissed.

| Statutory Provisions and Regulations That Cannot Be Enforced in a Citizen Suit | |
|---|---|
| **Provision** | **Scope** |
| **CAA – 42 U.S.C. § 7413(c)** | Authorizes imposition of criminal penalties for certain conduct. Citizen-plaintiffs have no authority to seek criminal penalties. |

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

22

| | |
|---|---|
| **RCRA – 42 U.S.C. § 6928(d) and 40 C.F.R. §§ 260-265** | Authorize imposition of criminal penalties for certain conduct. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **CWA – 33 U.S.C. § 1319(c)** | Authorizes criminal penalties for certain knowing violations of the CWA where the defendant knowingly places another person in imminent danger of death or serious bodily injury. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **TSCA – 15 U.S.C. § 2615(b)** | Authorizes criminal penalties for knowing and willful violations of TSCA. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **EPCRA – 42 U.S.C. § 11002** | Requires certain facilities handling substances designated as "extremely hazardous" to notify their state's emergency response commission that it is subject to emergency planning. Alleged violations of 42 U.S.C. § 11002 may only be prosecuted by the state or local government. 42 U.S.C. § 11046(2)(A)(i). |

Plaintiff alleges that the Facility has violated a variety of statutory provisions and regulations that do not set out compliance standards, instead setting out definitions, required elements of regulations, or general descriptions of the subject matter regulated. Because these do not set out a standard by which compliance can be measured, Plaintiff cannot identify any violations and her claims under these provisions and regulations should be dismissed.

| **Statutory Provisions and Regulations That Do Not Identify a Compliance Standard** | |
|---|---|
| **Provision** | **Scope** |
| **CAA – 42 U.S.C. § 7661(1) & (2)** | Set out the definitions for "affected source" and "major source." No compliance standard identified. |
| **TSCA – 15 U.S.C. § 2681** | Sets out definitions for the subchapter of TSCA concerning lead and lead-based paint. No compliance standard identified. |
| **TSCA – 15 U.S.C. § 2687** | Requires that regulations pursuant to this subchapter shall include recordkeeping and reporting requirements. No compliance standard identified. |
| **TSCA – 40 C.F.R. § 751.301** | "General" section of the regulations on TCE. No compliance standard identified. |
| **TSCA – 40 C.F.R. pt. 713** | Sets out reporting requirements for the TSCA inventory of mercury. No compliance standard identified. |
| **TSCA – 40 C.F.R. pt. 751** | General regulations concerning regulation of substances under Section 6 of TSCA. No compliance standard identified. |

In her attempt to accuse Apple of having violated every conceivable environmental statute and regulation, Plaintiff cites several regulations that do not apply here because they only apply to certain types of entities and structures that do not include Apple or the Facility. Because neither party is covered by these regulations, Plaintiff cannot allege that Landlord Defendants violated

them and her claims should be dismissed.

| Regulations That Do Not Apply to Apple | |
|---|---|
| **Provision** | **Scope** |
| **RCRA – 40 C.F.R. § 265.1(b)** | Sets out interim status standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. Apple is not an owner or operator of a hazardous waste treatment, storage, or disposal facility in interim status. |
| **RCRA – 40 C.F.R. pt. 264** | Regulations concerning standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. Apple is not an owner or operator of a hazardous waste treatment, storage, or disposal facility. |
| **TSCA – 40 C.F.R. pt. 745** | Regulations concerning "Lead-Based Paint Poisoning Prevention in Certain Residential Structures." The Facility is not a residential structure. |

Plaintiff has failed to make any specific, non-conclusory allegations concerning the following statutory provisions and regulations. In each instance, Plaintiff has failed to plead facts showing that Apple is liable for a violation. These claims should be dismissed.

| Statutory Provisions and Regulations for Which Plaintiff Has Failed to Allege Facts to Support a Claim | |
|---|---|
| **Provision** | **Scope** |
| **CAA – 42 U.S.C. § 7411** | Establishes the new source performance standards (NSPS) program, directs EPA to develop categories of sources and corresponding performance standards, and makes it unlawful to operate a new source in violation of the relevant standards. No non-conclusory allegations that the Facility is a new source or has violated a particular standard. |
| **RCRA – 40 C.F.R. pt. 262** | Set out standards applicable to generators of hazardous waste. No ongoing violation identified, EPA found Apple returned to compliance in 2024. (*See* ECF No. 3-2 at 24–27.) |
| **RCRA – 42 U.S.C. § 6972(a)(1)(B)** | Authorizes citizen suits "against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." No non-conclusory allegations that the Facility's operations present imminent and substantial endangerment after EPA settlement. |
| **CWA – 33 U.S.C. § 1311** | Establishes that discharges of pollutants except in compliance with §§ 1312, 1316, 1328, and 1342 are illegal, and imposes performance-based standards for point sources. The Facility is permitted and Plaintiff does not identify violation of any specific effluent limitation. |
| **CWA – 33 U.S.C. § 1345** | Establishes that disposal of sewage sludge from a treatment works resulting in pollutants entering navigable waters is illegal except in compliance with a permit. No non-conclusory allegations of disposal of sewage sludge or noncompliance with permits. |

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

24

| | |
|---|---|
| **TSCA – 15 U.S.C. § 2614** | Makes it illegal to use a chemical, substance, or mixture that the user knew or had reason to know was manufactured, processed, or distributed in commerce in violation of 15 U.S.C. §§ 2604 or 2605, any rules or orders issued under §§ 2604 or 2605, or any order issued in an action brought under §§ 2604 or 2606. No non-conclusory allegations that the Facility has used chemicals that were illegally manufactured, processed, or distributed. |
| **TSCA – 15 U.S.C. § 2604** | Prohibits manufacturing of new chemical substances or manufacturing or processing a chemical for a significant new use without providing notice to the EPA. No non-conclusory allegations that the Facility manufactured any new chemicals or used chemicals for a significant new use. |
| **TSCA – 15 U.S.C. § 2689** | Makes it unlawful for any person to fail or refuse to comply with a provision of the lead subchapter or any regulations issued under it. No non-conclusory allegations that the Facility used lead in a way that violates any specific regulation. |
| **TSCA – 15 U.S.C. § 2607(b)(10)(D)** | Directs companies to report information on mercury manufacturing and processing. No non-conclusory allegations that the Facility failed to report its mercury usage. |

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint in its entirety with prejudice.


Dated: November 7, 2025                    MORRISON & FOERSTER LLP


                                    By:  */s/ William F. Tarantino*
                                        William F. Tarantino

                                        *Attorneys for Defendants*
                                        APPLE INC., KALIL JENAB, JENAB
                                        FAMILY LP, JENAB FAMILY T
                                        VENTURES LLC, and JENAB FAMILY
                                        TRUST

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 25-cv-07360

25