WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a corporation, CITY OF SANTA CLARA, a local government, MR. KALIL/KHALIL JENAB, individually & as Agent/Member/Manager of: JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, & as Truste/Agent of: THE JENAB FAMILY TRUST,<br><br>Defendants. | Case No. 5:25-cv-07360-PCP<br><br>**DEFENDANTS KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**<br><br>Date: December 18, 2025<br>Time: 10:00 a.m.<br>Dept.: Courtroom 8 – 4th Floor<br>Judge: Honorable P. Casey Pitts<br><br>Action Filed: September 2, 2025<br>Trial Date: TBD |

## I.  INTRODUCTION

Defendants Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and Jenab Family Trust respectfully request that, in determining their accompanying Motion to Dismiss the Complaint ("Motion to Dismiss"), the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the documents attached as **Exhibits A through F** attached to the accompanying **Declaration of William F. Tarantino** in Support of Apple's Motion to Dismiss the Complaint ("Tarantino Decl."), which are as follows:

**Federal Court Documents**

- A true and correct copy of the document titled "Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; and Denying Plaintiff's Motion to Amend" from the docket of *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-EMC (N.D. Cal. Feb. 27, 2025), ECF No. 179. (Tarantino Decl. **Ex. A**.)

- A true and correct copy of the document titled "Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Denying Defendant's Motion to Strike; and granting Plaintiff's Motion to Strike" from the docket of *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-EMC (N.D. Cal. Oct. 1, 2024), ECF No. 112. (Tarantino Decl. **Ex. B**.)

- A true and correct copy of the document titled "First Amended Complaint With Exhibits" from the docket of *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-CRB (N.D. Cal. Oct. 25, 2023), ECF No. 17. (Tarantino Decl. **Ex. C.**)

**Federal Administrative Documents**

- A true and correct copy of the document titled "n-Methylpyrrolidone (NMP); Revision to Toxic Substances Control Act (TSCA) Risk Determination," Document ID EPA-HQ-OPPT-2016-0743-0145, dated December 2022, available at https://www.regulations.gov/document/EPA-HQ-OPPT-2016-0743-0145. (Tarantino Decl. **Ex. D**.)

- A true and correct copy the "classic view" of Apple's public TRI Facility Report, available at

https://enviro.epa.gov/enviro/tris_control_v2.tris_print?pPrev=1&tris_id=95051NTRSL3250S. (Tarantino Decl. **Ex. E.**)

**Plaintiff's Social Media Post**

- A true and correct copy of an August 16, 2025 post on X.com (fka Twitter) by user @ashleygjovik, available at

  https://x.com/ashleygjovik/status/1956792204200235282?t=Bai-pImGgYJXydJyMSbg-g&s=19. (Tarantino Decl. **Ex. F.**)

**II.    ALL DOCUMENTS MAY BE JUDICIALLY NOTICED**

The Court may properly consider documents filed in other courts, publicly accessible documents on file with administrative agencies, and publicly available social media posts as they are judicially noticeable. A district court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination based on sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). This includes filings in other courts, *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012), administrative agency records and reports, *Smith v. Los Angeles Unified School District*, 830 F.3d 843, 851 n.10 (9th Cir. 2016), and publicly accessible social media posts, *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 868-69 (N.D. Cal. 2022). This extends to documents available online. A court may take judicial notice of webpages and information on a website or application "as long as the website's authenticity is not in dispute," including, for example, when the court may "access the website and confirm the accuracy of [an] exhibit[']s[] content." *In re Tourism Assessment Fee Litig.*, No. 08cv1796-MMA(WMc), 2009 WL 10185458, at *4-5 (S.D. Cal. Feb. 19, 2009), *aff'd*, 391 F. App'x 643 (9th Cir. 2010).

Plaintiff cannot reasonably dispute contents of the court records or federal administrative documents.  Exhibits A through C are public documents filed in federal district and bankruptcy courts; Exhibits D and E are publicly-accessible federal administrative documents. Plaintiff also cannot dispute the content of her own public social media posts. Therefore, the Court may consider them under Rule 201.

### III. THE TSCA RISK EVALUATION IS ALSO INCORPORATED BY REFERENCE

The Court may also consider the TSCA Risk Evaluation document (Ex. D) under the doctrine of incorporation by reference. Under this doctrine, a district court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). The Ninth Circuit has also extended the incorporation by reference doctrine to situations in which the plaintiff's claim depends on a document's contents, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document. *Id.*; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A court may also properly consider a document that is crucial to the plaintiffs' claims, even if the document's contents or existence are not explicitly alleged in the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The purpose of this rule is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

The Court may consider the Final Revised Risk Evaluation for n-Methylpyrrolidone (NMP) because Plaintiff expressly references and relies on this document in the Complaint. (*See* ECF No. 1 ("Complaint") ¶ 303).

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits A through F to the Declaration of William F. Tarantino.

Dated: November 7, 2025                    MORRISON & FOERSTER LLP


                                           By:   /s/ William F. Tarantino
                                                 WILLIAM F. TARANTINO

                                           *Attorneys for Defendants*
                                           APPLE INC. KALIL JENAB, JENAB
                                           FAMILY LP, JENAB FAMILY VENTURES
                                           LLC, and JENAB FAMILY TRUST