**Ashley M. Gjovik, JD**
*In Propria Persona*
Boston, MA
(415) 964-6272
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjøvik**, *an individual*, <br><br> **Plaintiff**, <br><br> vs. <br><br> **Apple Inc.**, *a corporation,* <br><br> **City of Santa Clara,** *a local government,* <br><br> **Mr. Jenab et al** *(individually, LP, LLC, &/or Trust)* <br><br> **Defendants**. | **Case No. 25-CV-07360-PCP** <br> Env. "Citizen Suit" & Cal. Public Nuisance <br><br> **Judge: P. Casey Pitts** <br><br> **Admin Motion 7-11** <br><br> **Plaintiff's Notice of Intent to File an Amended Complaint,** <br><br> **And Request for rescheduling of the 11/20 hearing, & 11/21 Opposition Deadline,** <br><br> **And/or Request for Leave to File an Amendment and Rescheduling of the Above.** |

# Notice of Intent to File an Amended Complaint and/or Request for Leave

1. The Plaintiff filed her original Complaint in this case on Sept. 2 2025. (Dkt. 1).

2. Defense counsel for Apple and Mr. Jenab requested a thirty-day extension for their client's response and the Plaintiff granted the request because it is a complex case. (Dkt. 26).

3. The Plaintiff offered the same extension to Defense counsel for Santa Clara, but counsel for the city refused the extension, and insisted on filing their response on the original deadline. (Dkt. 30).

4. The Plaintiff planned to use her Rule 15 amendment as a matter of right following responses from all Defendants, but due to the City's insistence on bifurcating the response timelines, the Plaintiff had to now also file a formal response to the City's motion and prepare for a hearing, which is currently scheduled for Nov. 20 2025.

5. The Plaintiff attempted to meet/confer with counsel for all three parties about her intention to use her amendment as a matter of right to file a first Amended Complaint. The Plaintiff has also been working on a Motion for Preliminary Injunction for several weeks and has repeatedly tried to meet/confer with defense counsel about that as well, including attempting to obtain some sort of voluntary interim agreement. The Plaintiff was unable to obtain any agreement, from counsel for any party, on either matter.

6. The Plaintiff is now also unable to file her Motion for a Preliminary Injunction until she files her amended complaint, as she would otherwise assumably moot her own motion. She had hoped to have the motion heard prior to the holiday, because of the ongoing imminent and substantial endangerment. However, that timeline now appears impossible due the delays following the failed attempts at negotiations, and defense counsel's current refusal to provide the Plaintiff flexibility regarding her filings or deadlines.

7. Defense counsel for the City also objected to the Plaintiff's intention to use her amendment as a matter of right and suggested the Plaintiff permanently lost her right to amend following 21 days after the City's Motion to Dismiss was filed, and would not voluntarily agree to allow her to file and amendment without first seeing the completed amendment.

8. The Plaintiff shared relevant case law with defense counsel for the City explaining that in multi-defendant cases, there is only one amendment as a matter of course, but it does not expire after the first Motion to Dismiss is filed from only one defendant – and upon filing an amended complaint within the 21 days in response to a motion from a different defendant, the amendment would then moot any pending motions responding to the prior complaint See, *NRDC v US Dept of Interior, Northern District of California,* 4:21-cv-00561-JSW ( June 24 2021).. See also, *Columbia Cas. Co. v. McCabe Trotter & Beverly, PC*, US Dist Court, South Carolina ( Jun 8, 2021).

9. Defense counsel still would not agree and insisted on only two next steps, either 1) adversarial motion practice about the Plaintiff wanting to amend, or else 2) the Plaintiff would have to complete her amended complaint and present it to defense counsel for review, and depending on the content, defense counsel may or may not agree to the amendment. (Note: It seems understandable why defense counsel may provide such a zealous response and want to request such a thing, but the request is untenable under the current deadlines.)

10. Plaintiff tried to coordinate with Defense counsel for Apple and Jenab to agree to her amendment or otherwise provide her extended time to work out the issues with the City, asking for at least 21 days to respond to counsel's two Motions to Dismiss, instead of 14 days (since she is supposed to be given 21 days to work on her amendment).

11. Defense counsel for Apple and Jenab refused her request to stipulate to an amendment or to at least provide her 21 days to respond, and instead filed their two Motions to Dismiss scheduled for a 14 days response for both, which directly overlaps with the Plaintiff's cross-country travel and appearance at the 11/20 hearing.

12. Defense counsel for Apple and Jenab also similarly suggested they would only agree to Plaintiff's amendment after viewing a completed or near complete proposed amended complaint.

13. However, because defense counsel for the City scheduled a 11/20 hearing next week, and because defense for Apple and Jenab insisted on a 14 day response deadline for his own two motions, the Plaintiff was forced to try to complete her amended complaint in a matter of a few days, in order to present to defense counsel, to determine if they will agree or if they will oppose and demand motion practice, while the clock is still running for the 11/20 hearing and also the

Plaintiff's deadline for responding to two Motions to Dismiss that were filed Nov. 7 2024 with a 14 day deadline that is now almost ½ gone and could still be due.

14. The Plaintiff was unable to complete her amended complaint under this timeline and will at least need the weekend to complete her amendments. The Plaintiff believes her amendment will address most, if not all, of any material issues raised in all of the pending motions, and will help to narrow the issues for the case. The Plaintiff will not add any new causes of action or otherwise expand the scope of the case, rather her amendment should provide clarity, context, and focus – which all defendants asked for in their motions.

15. Without the court's guidance on this matter, the Plaintiff will be forced to concurrently 1) prepare for the City's hearing that may not need to occur and they refuse to agree to modify without her first completing her amendment, and 2) draft two full opposition filings to two motions to dismiss that may not actually require any response, and 3) frantically try to complete her amended complaint while she is traveling across the country on 11/19-11/21 for the City's hearing, and 4) potentially also have to engage in adversarial motion practice with defense counsel for three defendants about her right to amend or whether she should be allowed leave to amend.

16. This is apparently all occurring because the Plaintiff courteously granted an extension requested by one of the defendants at the start of this case, and subsequently all opposing counsel will not agree to anything.

17. The current dilemma seems unjust and the Plaintiff respectfully asks for the court's guidance, especially considering that the court does currently have a 11/20 hearing scheduled by the City; and two opposition filing deadlines scheduled for the Plaintiff by Defense Counsel for Jenab and Apple, due 11/21; and whether or not the Plaintiff is allowed to amend her complaint appears to impact multiple areas of case management and court deadlines. ,

18. Even if the Plaintiff does complete her amendments by early next week, apparently the defendants may still demand motion practice in addition to everything else, which would then would create even more deadlines and motion cross-over for the Plaintiff and the Court.

Respectfully filed,

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*
Nov. 13 2025 3:24 AM
Boston, MA

legal@ashleygjovik.com
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272