**Ashley M. Gjovik, JD**
*In Propria Persona*
Boston, MA
(415) 964-6272
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjøvik**, *an individual*, **Plaintiff**, vs. **Apple Inc.**, *a corporation*, **City of Santa Clara**, *a local government*, **Mr. Jenab et al** *(individually, LP, LLC, &/or Trust)* **Defendants**. | **Case No. 25-CV-07360-PCP** Env. "Citizen Suit" & Cal. Public Nuisance **Judge: P. Casey Pitts** **Case Mgmt. Notice** amended complaint Filed at Dkt. 48 & Notice of Delay on Motion for PI due to Need for EPA & USACE Consultation. |

# Administration Notice

1. The Plaintiff filed a corrected, final version of her Amended Complaint on Saturday Nov. 29 2025, with exhibits and a red line. Exhibits A-C should be the same documents as what was previously filed at Dkt 3. Exhibit D (EPA records) contains the documents filed to Dkt. 3 but is also supplemented with the additional records from the recent EPA enforcement action against Apple related to this matter.

2. The Plaintiff sincerely apologizes for the not filing the completed Complaint by Nov. 28 2025, and if necessary requests leave to have the belated filing accepted, and can provide a detailed Declaration explaining why this occurred. However, Counsel for Apple and Mr. Jenab stated he does not oppose the timing of the Nov. 29 2025 filing and that the Plaintiff may represent his non-opposition to the court. Further, if the parties don't stipulate to an extended schedule otherwise, that Defendants should have one extra day to respond due to Plaintiff's one day delay.

3. The Plaintiff previously provided the court notice that she intends to file a Motion for Preliminary Injunction and intended to file it imminently. The Plaintiff accordingly notifies the court of a development. As detailed in the Amended Complaint, it appears that there is an unlawfully filled creek, that is a federally protected Water of the U.S., flowing under the Premise in this case, and out to the Bay and Ocean. There also appear to be multiple, pressurized springs around the Premise, as well as evidence of serpentinization and alkali waters.

4. The Plaintiff's extensive research while preparing the Amended Complaint revealed that if these facts are true, this represent an ongoing Clean Water Act violation that intersects with most of the other claims in this litigation – and also remedies, including remediation and restoration.

5. To further complicate matters, the unlawful filling of federally protected creeks is managed primarily by U.S. Army Corp.of Engineers, in partnership with EPA – because unlawfully filling creeks such as this, presents a civil engineering issue in addition to an environmental violation – especially in a case like this with a large underground aquifer unable to surface as it had for hundreds of years, and instead pressure is compounding underground (ie, with the identified springs shooting upwards of 100ft due to that pressure).

The evidence of serpentinization also implicates California environmental law as serpentine

ecosystems are highly protected – primarily because there are a number of endangered species who are specialized to alkali and serpentine ecosystems, so any environment that could provide a habitat for that wildlife, has special protections as if it was itself endangered wildlife.

The Plaintiff will discuss all of this with the Defendants and see if they want to stipulate to responsive filing schedule while they discuss next steps. The Plaintiff will also be contacting U.S. ACE and U.S. EPA to determine agency jurisdiction, request a review of the issue described, and a discussion about how this type of CWA issue is handled with Citizen Suits.

There are Citizen Suits over issues like this – but they are generally a stand-alone issue specific to the filling, and requested "daylighting" --- but without a factual basis that includes the many, many other environmental violations and dangers present in this case.

The Plaintiff will also contact the serpentine/hydrothermal divisions of California EPA and Wildlife Depts. to seek guidance from them as well – as California law will likely also intersect with the issues in this case, at least regarding remediation and public policy concerns.

Accordingly, as the factual basis of the case has developed, it has also revealed a highly complex legal landscape, and now I do not feel like I have enough information to request a preliminary intervention from this Court, due to that complexity – despite my ongoing concerns about the danger from the chip fab. I will expedite the conversation with USACE and U.S. EPA and hope to have an update for the court about it by the Status Conference on Dec. 18 2025.

Respectfully filed,

/s/ **Ashley M. Gjovik** *Pro Se Plaintiff*
Nov. 30 2025 Boston, MA

legal@ashleygjovik.com
2108 N St. Ste. 4553 Sacramento, CA, 95816
(415) 964-6272