WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC. ET AL.,<br>　　　　Defendants. | Case No. 5:25-cv-07360-PCP<br><br>**MOTION TO EXTEND DEFENDANTS' TIME TO RESPOND TO AMENDED COMPLAINT AND CONTINUE STATUS CONFERENCE**<br><br>Courtroom:  8, 4th Floor<br>Judge:  Hon. P. Casey Pitts<br><br>Action Filed:  September 2, 2025<br>Trial Date:  TBD |

APPLE INC. AND JENAB DEFENDANTS' MOT. TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT AND CONTINUE STATUS CONFERENCE
CASE NO. 5:25-cv-07360-PCP

MF-365030167

Pursuant to Civil Local Rule 6-3, Defendants Apple Inc. and the Jenab Defendants[1] (collectively, "Defendants") hereby move the Court for an Order to continue the case management conference set for December 18, 2025 and enlarge Defendants' time to answer, move, or otherwise respond to Plaintiff's Amended Complaint (ECF No. 48) from December 22, 2025 to January 21, 2026.

This brief extension is justified because Plaintiff's 178-page Amended Complaint cites or implicates more than 150 statutory provisions, regulations, and ordinances, alleges violations of nearly every major federal environmental law, and involves complex issues of law and fact, some of which also overlap with other pending legal actions brought by Plaintiff that involve Apple. Defendants respectfully request this extension to allow them to meaningfully engage with and respond to each allegation and each of Plaintiff's new theories, which will help clarify the issues at this stage and thereby promote judicial economy. Defendants further request that the case management conference currently scheduled for December 18, 2025 be continued to a date that is 60 days or more following the decision on the Defendants' impending motions to dismiss.

This is Defendants' second request for an enlargement of time to respond to the operative Complaint (the first request for the Amended Complaint), and first request to continue the status conference. The Court previously extended Defendants' time to respond to the Amended Complaint on December 1, 2025 (ECF No. 50) to account for Plaintiff's untimely filing of the Amended Complaint.

These extensions would not impact any deadlines currently set by the Court or by rule except for those that are the subject of this motion and the deadline for the Parties to hold a conference pursuant to Federal Rule of Civil Procedure 26(f).

## I. DEFENDANTS NEED ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S 178-PAGE AMENDED COMPLAINT

Defendants seek this extension due to the breadth and complexity of the issues raised in the Amended Complaint.

---

[1] The Jenab Defendants include Kalil Jenab, Jenab Family LP, Jenab Family Venture LLC, and Jenab Family Trust.

APPLE INC. AND JENAB DEFENDANTS' MOT. TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT AND CONTINUE STATUS CONFERENCE
CASE NO. 5:25-CV-07360-PCP

MF-365030167

Good cause exists to grant the extension. Good cause is a "non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ledwidge v. FDIC*, 2025 WL 823269, at *1 (N.D. Cal. Feb. 15, 2025) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)). "Requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (cleaned up). The Amended Complaint added more than 100 pages of new allegations that were not in the original Complaint, including allegations beyond the scope of Plaintiff's 60-day notice. (*See* ECF No. 48-1). At 178 pages, the Amended Complaint is not only lengthy, but also substantively dense, citing or implicating at least 150 statutory provisions, regulations, and ordinances; alleging violations of every major federal environmental law; and attaching more than 500 pages of exhibits and attachments. (*See generally* Am. Compl.; ECF Nos. 48-1–48-5; *see also* Decl. of W. Tarantino "Tarantino Decl." ¶¶ 10, 11.) Defendants need additional time to prepare a response that is properly tailored to the legal and factual assertions in the complaint and analyze each cited authority and supporting document. Indeed, in responding to the Amended Complaint, Defendants face a noticeably larger workload. (Decl. of W. Tarantino ¶ 12.)

Given these circumstances, Defendants will face significant prejudice if this extension is not granted, as Defendants will not have sufficient time to work through the complex factual and legal issues presented by the Amended Complaint.

## II. A 30-DAY EXTENSION WOULD NOT IMPACT THE CASE SCHEDULE OR PREJUDICE PLAINTIFF

Defendants' requested 30-day extension would not prejudice Plaintiff. Besides the Court's most recent order setting December 22, 2025 as Defendants' deadline to respond to the Amended Complaint, no court deadlines are pending. An extension would not exacerbate any harms alleged in the Amended Complaint, since Plaintiff has been aware of the alleged harms since February 2023 but did not send her 60-day notice commencing the citizen suit process until more than two years later, on June 30, 2025. (*Id.* ¶ 21.) Another 30 days will not prejudice Plaintiff. In fact, the requested extension will promote judicial economy, as it will allow Defendants to submit a

APPLE INC. AND JENAB DEFENDANTS' MOT. TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT AND CONTINUE STATUS CONFERENCE
CASE NO. 5:25-CV-07360-PCP

2

MF-365030167

thorough, accurate response that will help clarify the issues for all parties, including Plaintiff and the Court, going forward.

Therefore, the Court should grant Defendants' request and enlarge Defendants' deadline to answer, move, or otherwise respond to the Complaint to January 21, 2026.

### III.    THE COURT SHOULD CONTINUE THE CASE MANAGEMENT CONFERENCE

Good cause exists to continue the December 18, 2025 case management conference until after the Court decides Defendants' motion to dismiss, because doing so will ensure a more "just, speedy, and inexpensive determination" of the matter. *See* Fed. R. Civ. P. 1. This Court's standing order already allows litigants to stipulate to postpone the initial case management conference until 60 days or more after the hearing on motions to dismiss. That rationale applies here too. The pleadings are not yet at issue because Plaintiff filed the Amended Complaint as of right after the Court scheduled the case management conference, and Defendants have not had an opportunity to challenge its sufficiency. Until the Court rules on Defendants' upcoming motions to dismiss, the contours of the operative claims remain unsettled, rendering a case management conference premature—especially, as here, where the planned motions to dismiss may resolve this matter entirely or dispose of the majority of Plaintiff's claims.

Proceeding with a case management conference under these circumstances would be inefficient and impractical. The uncertainty around which, if any, portions of the Amended Complaint might survive Defendants' pleading challenges mean that any efforts to formulate a discovery plan, identify disputed issues, or propose a meaningful case schedule are speculative at best. This risks unnecessary disputes and wasted resources at this point, particularly if the Court later dismisses some or all of Plaintiff's causes of action. A continuance until after the Court has decided the motions to dismiss would allow the Parties to efficiently proceed through this case without wasting resources on theories not even at issue.

The circumstances surrounding Plaintiff's filing underscore the need for a continuance. Plaintiff's previous administrative notice indicates that she had no intention of her original complaint being the operative one because she "planned to use her Rule 15 as a matter of right

APPLE INC. AND JENAB DEFENDANTS' MOT. TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT AND CONTINUE STATUS CONFERENCE
CASE NO. 5:25-cv-07360-PCP

3

MF-365030167

following responses from all Defendants," (*see* ECF No. 43 ¶¶ 4–5), filed an excessively long amended complaint with new theories and facts, prompting a new investigation into her claims, requiring Defendants to reexamine their defense accordingly. She further refused to stipulate to even a modest continuance unless Defendants waived their right to request a continuance of the status conference. That position reflects a deliberate effort by Plaintiff to force Defendants to engage in discovery despite the fact that she lacks standing to pursue any of her claims.

Plaintiff seeks to compel Defendants into a status conference (and the onset of discovery) before Defendants have had a fair opportunity to respond. This gamesmanship imposes a significant burden on Defendants by accelerating this case beyond what is reasonably manageable while its scope is uncertain. A continuance of the case management conference is therefore necessary to prevent these tactics. Being *pro se* (notwithstanding her status as a law school graduate) does not absolve her here. *See Lewis v. Gotham Ins. Co.*, 2009 WL 3698028, at *1 (S.D. Cal. Nov. 5, 2009) ("[A] litigant's *pro se* status may not act to the detriment of an opposing party.").

IV.    **PLAINTIFF REFUSED TO SUBMIT A STIPULATED EXTENSION REQUEST**

Despite Defendants' multiple attempts to stipulate to these extensions, Plaintiff continues to decline to stipulate. Defendants initially requested this routine 30-day extension and continuance of the case management conference via email to Plaintiff on December 3, 2025. (Decl. of W. Tarantino ¶ 20.) Plaintiff declined, stating that she would only stipulate to an extension of the responsive pleading deadline if the case management conference remained on December 18, 2025. (*Id.* ¶ 20.) While Defendants attempted to negotiate conditions that would satisfy Plaintiff, they were unable to reach an agreement, and Defendants seek judicial relief due to the rapidly approaching deadline and sheer volume of new allegations and new legal theories in the Amended Complaint. (*Id.* ¶ 18.)

V.    **AN CONTINUANCE OF THE CASE MANAGEMENT CONFERENCE WILL NOT SIGNIFICANTLY AFFECT THE CASE SCHEDULE**

This is Defendants' first request to continue the status conference. The only deadlines set by Court order or rule that would be affected are the deadlines this Motion seeks to change and the deadline for the Parties to hold a conference pursuant to Federal Rule of Civil Procedure 26(f).

APPLE INC. AND JENAB DEFENDANTS' MOT. TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT AND CONTINUE STATUS CONFERENCE
CASE NO. 5:25-CV-07360-PCP

4

MF-365030167

(Tarantino Decl. ¶ 22).  For the reasons set forth above, these delays will not negatively affect the orderly administration of this case, and the Court should grant the requested continuance.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enlarge their time to answer, move, or otherwise respond to the Amended Complaint to January 21, 2026 and continue the case management conference to a date within 60 days or more after the decision on Defendants' motions to dismiss.

Dated:  December 9, 2025            MORRISON & FOERSTER LLP

By: */s/ William F. Tarantino*
     William F. Tarantino

*Attorneys for Defendants*
APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST

APPLE INC. AND JENAB DEFENDANTS' MOT. TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT AND CONTINUE STATUS CONFERENCE
CASE NO. 5:25-cv-07360-PCP
MF-365030167

5