**Ashley M. Gjovik, JD**
*In Propria Persona*
Boston, MA
(415) 964-6272
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjøvik**, *an individual*, | **Case No. 25-CV-07360-PCP** |
| **Plaintiff**, | Env. "Citizen Suit" & Cal. Public Nuisance |
| vs. | **Judge: P. Casey Pitts** |
| **Apple Inc.**, *a corporation*, | **Admin Motion 7-11** |
| **City of Santa Clara**, *a local government*, | **Plaintiff's Opposition to Defendant's Motion for a Stay of the Proceedings;** |
| **Mr. Jenab et al** *(individually, LP, LLC, &/or Trust)* | **Non-Opposition to the Request for Extension;** |
| **Defendants**. | **& Request to Convert the Hearing to a virtual Hearing** |

# Response to Defendant's Request to Stay Hearing & For Extension to Respond

1. The Plaintiff responds to the Defendants Motion at Dkt. 51. The Plaintiff offers her view of the facts underlying this matter in the attached Declaration as required by Civil L.R. 6-3(b).

2. Defendants seek to stay a case management conference scheduled for December 18, 2025 (eight days away) and request 51 total days to respond to the Amended Complaint.

3. This motion to stay the conference should be denied because: (1) Defendants materially misrepresent the record; (2) they provide no good cause for either request; (3) the 26(f) conference was held and the Case Management Statement is already being drafted, and (4) granting relief would prejudice Plaintiff in an environmental citizen suit alleging imminent endangerment.

4. Regarding the request for an extension, the parties spent five days negotiating a stipulated extension that was substantially complete. Defendants refused to file it, choosing instead to file this unilateral motion containing false statements about the negotiations.

5. Defendants also expressly agreed, twice, to keep the December 18 hearing on calendar, then abruptly reversed course hours before the required Rule 26(f) conference. This bad-faith conduct undermines any claim of "good cause" under Civil L.R. 6-3.

6. The request to stay the conference should be denied; but the Plaintiff does not oppose the Defendants request for an extension in responding to the Amended Complaint as a professional courtesy.

## I. DEFENDANTS MATERIALLY MISREPRESENT THE RECORD

7. Civil L.R. 6-1(b) and 6-2 govern stipulations to modify court-ordered deadlines. From December 3-8, the parties negotiated such a stipulation. (Decl. ¶¶ 21-27).

8. The only remaining disputes were: (1) whether Plaintiff "moved for leave to amend" or amended as of right under Fed. R. Civ. P. 15(a)(1); and (2) whether the stipulation must document prior extensions as required by L.R. 6-2(a)(2). (Decl. ¶¶ 21-22, 26).

9. These were not substantive obstacles. Defendants simply refused to file the near-complete stipulation for unexplained reasons, then filed this motion falsely implying no agreement

was possible. A party's refusal to stipulate after days of negotiation negates any claim of good cause.

10. On December 3, after Plaintiff expressed concern about delaying the case schedule, Defendants' counsel stated: "All defendants are willing to stipulate to respond to the complaint on the same schedule ( Jan 21), and we will keep the 12/18 status conference on calendar." (Decl. ¶ 18) (emphasis added). Counsel confirmed they would "participate in the required process for the upcoming status conference in good faith and collaborate to prepare a joint status conference statement." (Decl. ¶ 20).

11. On December 8 at 10:30 AM, 90 minutes before the scheduled 26(f) conference, Defendants abruptly announced they would file a motion to continue the hearing. (Decl. ¶ 31). This calculated reversal wastes judicial and party resources and demonstrates the stay request is pretextual.

12. Defendants admit they intend to file threshold motions on standing and other procedural issues, which appear to be the same arguments raised in their motions to the original complaint. (Decl. ¶¶ 10-11). These are not novel issues requiring extensive preparation time.

13. Defendants have already received one extension (September 26, 2025). (Decl. ¶ 6). The Court's December 1 Order already extended their deadline to December 22 which was seven days beyond the standard 14-day period. (Decl. ¶ 14). Now Defendants seek 51 total days to respond with recycled arguments.

## II. THE STAY REQUEST SHOULD BE DENIED

14. The Court intentionally scheduled the case management conference for December 18, before the December 22 responsive pleading deadline. (Decl. ¶ 14). This sequencing is appropriate and does not require a stay. Defendants can note in their case management statement that threshold issues are pending, as is standard practice.

15. Plaintiff alleges imminent and substantial endangerment to public health and the environment under RCRA's citizen suit provision. Further delay undermines the statutory purpose of expeditious resolution. Defendants are highly sophisticated parties represented by large firms and they have litigated these same issues, including with federal and state/local regulators, for years. (Decl. ¶ 4).

## III. ALL PARTIES SHOULD BE PERMITTED TO APPEAR

*Gjovik v. Apple, Santa Clara, et al* | Opp to Def.'s Admin Motion | Page 3

**REMOTELY**

16. Additionally, Plaintiff unexpectedly now faces personal hardship now demanding her presence in Boston next week. (Decl. ¶¶ 36-37).

17. On December 9, 2025, Plaintiff proposed a compromise to avoid cancelling the December 18 hearing: all parties would stipulate to appear remotely. (Decl. ¶ 36). This would accommodate Plaintiff′s need to remain in Boston while allowing the hearing to proceed as scheduled and reduce the hearing related burden for the Defendants.

18. Defendants did not respond to this proposal. Instead, they filed the instant motion seeking to cancel the hearing entirely. (Decl. ¶ 38). Only after filing their motion did counsel respond on December 10, stating they would not object to Plaintiff appearing remotely, but indicating they plan to appear in person. (Decl. ¶ 39).

19. This creates an improper tactical advantage. Defendants′ primary standing argument is that Plaintiff lacks sufficient connection to Santa Clara because she resides in Boston. (Decl. ¶ 37). The Plaintiff requested they all appear virtually for this reason, but defense counsel refused, likely for the exact reason.

20. Defendants′ position is also contradictory: they seek to cancel a hearing they simultaneously plan to attend in person. If the hearing is important enough for counsel to appear in person, it should not be cancelled. If it should be cancelled, there is no reason to insist on in-person appearance.

21. Defense counsel for the City of Santa Clara is in Seattle and also planned to request remote appearance. (Decl. ¶ 17). Plaintiff′s compromise proposal (which Defendants ignored in favor of filing this motion) would eliminate any prejudicial optics for both Plaintiff and the City of Santa Clara, while allowing the hearing to proceed and with reduced burden for all parties. The Court should authorize all parties to appear via Zoom.

### IV. PLAINTIFF DOES NOT OPPOSE A REASONABLE EXTENSION

22. Plaintiff does not oppose granting Defendants additional time to respond to the Amended Complaint as a professional courtesy. However, the extension should not delay the case management conference. The Court can adjust case deadlines if necessary after ruling on any

threshold motions.

23. Plaintiff does object that due to the Defendants refusal to complete the drafted stipulation for an extension, and last minute reversal regarding the hearing, that she has now had to dedicate significant time to responding to their unnecessary and last minute motions, when she should have been working on her the Case Management Statement and also her pending Sixty Day Notice for the new CWA 404 claims – and Defendants know this.

## V. CONCLUSION

24. Defendants' motion is based on misrepresentations and provides no good cause for relief. The Court should deny the motion in its entirety, or in the alternative, grant only a modest extension while keeping the December 18 conference on calendar with remote appearance for all parties.

Respectfully filed,

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*
Dec. 10 2025
Boston, MA

legal@ashleygjovik.com
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272