**Ashley M. Gjovik, JD**
*In Propria Persona*
Boston, MA
(415) 964-6272
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjøvik,** *an individual*, | **Case No. 25-CV-07360-PCP** |
| | **Env. "Citizen Suit" & Cal. Public Nuisance** |
| **Plaintiff,** | |
| | **Judge: P. Casey Pitts** |
| vs. | |
| | **Admin Motion 7-11** |
| **Apple Inc.,** *a corporation,* | **Declaration in Support of Plaintiff's Opposition to Defendant's Motion for a Stay of the Proceedings** |
| **City of Santa Clara,** *a local government,* | |
| **Mr. Jenab et al** *(individually, LP, LLC, &/or Trust)* | |
| **Defendants.** | |

# Declaration

Pursuant to 28 U.S.C. § 1746, I, Ashley M. Gjovik, hereby declare as follows:

1.     I make this Declaration based upon my personal knowledge and in support of my Opposition to Defendants Motion to Extend Deadlines and Stay the Hearing.

2.     I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

3.     The Plaintiff filed her original Complaint in this case on Sept. 2 2025. (Dkt. 1). The Summons was issued on Sept. 15 2025 (Dkt. 13).

4.     On Sept. 12 2025, different counsel for Defendant Apple, in a separate proceeding (23-cv-4597-EMC), filed papers to that proceeding, asking Judge Edward Chen to stay this Citizen Suit proceeding and transfer case management of this case to a Bankruptcy Judge in Boston, MA, despite Apple's counsel having not yet filed notice in this proceeding and having no legal basis for the request. The Plaintiff objected and Judge Chen did not respond to Apple's request to stay or transfer this case (Dkt. 11).

5.     On Sept. 11 2025, other defense counsel for Apple, responding as a Creditor in Plaintiff's Ch. 7 Bankruptcy proceeding, filed papers to that Bankruptcy Court suggesting the Plaintiff violated Bankruptcy law by filing this Citizen Suit and suggested this lawsuit was evidence of misconduct by the Plaintiff. Bankruptcy Judge Christopher Panos did not acknowledge or respond to Apple's comments regarding the Plaintiff or this proceeding, and responded instead to the pending motion, which was a request for Sanctions against Apple as a disputed Creditor. (Case no. 25-11496, Dkt. 38, 43).

6.     After Apple's new counsel filed a Notice of Appearance in this proceeding, around Sept. 25 2025, Defendants Apple Inc and Mr. Jenab et al. requested the Plaintiff agree to a thirty-day extension to respond to Plaintiff's Original Complaint. Plaintiff agreed to Defendants request and the parties filed a stipulated motion requesting an extension for Defendants under Civil L.R. 6-1 on Sept. 25 2025 (Dkt. 26). The Court approved the stipulated motion to extend the two Defendants' filing deadline on Sept. 26 2025 (Dkt. 28).

7.     On Oct. 27 2025, EPA finalized a formal settlement agreement with Apple regarding hundreds of thousands of dollars of fines for only three-days' worth of RCRA violations at the

facility at issue in this proceeding, including some of the overlapping factual allegations. EPA then also posted the Consent Agreement and Order on the EPA dockets and issued a Press Release on Nov. 18 2026.[1] The Press Release and the Consent Agreement both specifically credit the Plaintiff as the source of the tip and complaint that triggered the federal investigation.

8.      On Oct. 8 and Oct. 10 2025, Defendant City of Santa Clara filed a Motion to Dismiss under 12(b)(6) primarily arguing the complaint is insufficient unless more detail is provided, and each claim is broken out into specific sub-claims and associated with specific defendants, and that generally the City would not be liable for any of the claims.

9. On Nov. 4 2025, Plaintiff disclosed to Mr. Tarantino that she discovered the case *Cavalier v Apple* (5:25-cv-00713) which is also pending with this court and that she believes she may be a material fact witness in that case. She disclosed what she knew and had already disclosed, how it overlaps with her 17200 and retaliation liti ation, and suggested disclosure to the court and/or the Plaintiff's counsel in that case. Mr. Tarantino never responded.

10.     On Nov. 7 2025, Defendants Apple and Mr. Jenab filed Motions to Dismiss under 12(b)(6) and 12(b)(1) primarily arguing the entire case should be dismissed because the Plaintiff does not have standing to litigate this case and focused its arguments around a theory that the Plaintiff is a malicious bad actor, should not be listened to  and her only interest in this litigation is to harm Apple or otherwise illegitimate purposes, and as evidence included over 1,000 pages of filings and exhibits including screenshots of the Plaintiffs social media activity and the Plaintiff s sensitive financial and legal records. Otherwise, the Defendent s other arguments were that there was not enough detail and the claims needed to be better defined.

11.     Critically for the matter at hand – none of the Defendants' arguments addressed the substantive issues in this case and instead revolved around threshold issues of standing, procedure, and general liability. Further, the statements of Defendants indicate these will continue to be their primary defense theories in their responsive motions to the current Amended Compliant.

12.     On Nov. 13 2025, the Plaintiff filed an Administrative Motion requesting to stay her pending filing deadlines due to concurrently filing an amended Complaint as a matter of course per

---

[1] EPA Takes Action Against Apple for Inadequate Hazardous Waste Management, https://www.epa.gov/newsreleases/epa-takes-action-against-apple-inadequate-hazardous-waste-management

Fed. R. Civ. P. 15 (Dkt. 43). On Nov. 13 2025, the Court granted the Plaintiff's Administrative Motion to extend her filing deadlines, based on her notice of intent to file an amended Complaint pursuant to Fed. R. Civ. P. 15 (Order at Dkt. 46). The Plaintiff requested leave to file an amended Complaint on November 13, 2025 (ECF No. 43). The Court granted Plaintiff leave to file an amended Complaint on November 13, 2025 (ECF No. 46).

13. The Plaintiff filed the Amended Complaint ("ECF No. 48) on November 28 and 29, 2025 (Dkt. No. 47-48). The Plaintiff also filed a Notice of Amended Complaint on Nov. 29 2025. Defendant Apple had already requested an extension for its response to the Amended Complaint and Plaintiff had already agreed to stipulate to a reasonable extension. Plaintiff's Notice suggested the parties may stipulate to a responsive filing schedule but stated regardless that the Defendants responsive filings deadline should be based on the complete Nov. 29 2025 filing at Dkt. 48, rather than the Nov. 28 2025 partial filing at Dkt. 47 (Notice at Dkt. 49). Pursuant to on Dec. 1 2025. the Court accepted the Plaintiff's Amended Complaint, and the Court mooted the pending motions and hearings based on the Original Complaint (Dkt. No. 50).

14. On Dec. 1 2025, the Court affirmed the current schedule for the pending Case Management Conference on Dec. 18 2025 (Dkt. 50). Under the Fed. R. Civ. P., responsive filings to the Amended Complaint were due 14 days after the filing of the Amended Complaint. On Dec. 1 2025, the Court issued an Order with a schedule of case deadlines for Defendant's responsive filings to the Amended Complaint; including a deadline of Dec. 22 2025 for Defendants' responsive filings (Dkt. 50).

15. On December 1, 2025 Order (ECF No. 50), Defendants' deadline to respond to the FAC is December 22, 2025. On Dec. 3 2025, Defendant Apple requested an additional thirty days to respond to the Plaintiff's Amended Complaint. Apple's requested thirty-day extension would expand the court's Ordered deadline to allow 51 days for a response rather than 21 days for a response. The Plaintiff stated she did not oppose as long as there was no effect to the case management and discovery schedule, and that all Defendants would have the same deadline as to not re-create the prior issue with varying deadlines and hearings.

16. The Plaintiff explained to counsel for Apple that the Court's "order places the deadline to respond after the conference -- and that was an intentional decision by our Judge, so

there's no basis for claiming that the conference has to be stayed until motion practice is complete" and expressed concerns that Apple was "requesting another and much longer extension after the court already gave all defendants an extended period to respond in its recent order, and after the last motions primarily consisting of character attacks rather than substance" but she would agree as a professional courtesy.

17.    On Dec. 3 2025, Counsel for the Defendant responded to the pro se Plaintiff informing her "it is customary practice to stay the status conference, by stipulation, until the case is at issue (i.e. the pleadings are settled), regardless of when the court sets it" and complained he was "perplexed as to why [she has] to escalate the hostility level in these communications." He added that her concerns about extensions while Apple's motions do not address the substantive issues was "superfluous commentary."  On Dec. 3 2025, Plaintiff responded saying she disagreed its customary to cancel hearings.

18.    On Dec. 3 2025, counsel for Apple responded stating "All defendants are willing to stipulate to respond to the complaint on the same schedule (Jan 21), and we will keep the 12/18 status conference on calendar. Would you like to set a time on December 5th.  We will circulate a stipulation as well as draft status conference statement." (Exhibit D)

19.    The plaintiff promptly agreed but asked for confirmation that Defendants would still participate in the 26(f) conference and status update.

20.    On Dec. 3 2025, Defense counsel responded, "we will participate in the required process for the upcoming status conference in good faith and collaborate to prepare a joint status conference statement to be filed by 12/11." (Exhibit D).

21.    On Dec. 3 2025, Defense counsel sent a proposed stipulation claiming authority to stipulate to an extension under Civil Local Rule 6-1(a) despite the court already issuing a scheduling order and not including any Declarations. The draft also suggested the Plaintiff stipulate that she "added new allegations" and filed a "motion for leave to amend" rather then requesting an extension of deadlines. (E      B    B).

22.    On Dec. 3 2025, the Plaintiff responded explaining they will need to stipulate in compliance with Civil Local Rule 6-1(b), rather than 6-1(a), and accordingly the Defendants will need to file Declarations with their justification for their request.
Further, the Court already issued an order, so the stipulation is a request and must

comply with LR 6-1(b). Accordingly, Defendants need to draft Declarations with their reasons for requesting the extension and file those separate from, but with the stipulation. Then I'm only stipulating to your request and the impact, but not whatever your reasons are for asking for 50 days to respond. In my draft I also attempted to revise it to better address the other requirements of 6-2 including the prior requested extension and impact to other case events.

The Plaintiff attached a drafted stipulation. Attached as EXHIBIT B is a true and correct copy of this e ail and the draft sti ulations.

23.     On Dec. 3 2025, counsel responded stating "This is far longer than it needs to be. Also, there is no requirement for separate declarations in 6-2, and we will not file superfluous documents. We can include the reasons within the stipulation and make it clear that they are our contentions and you don't agree with them."

24.     On Dec. 3 2025, Plaintiff responded he should "feel free to shorten it as long as it still contains the information required by Local Rules and the Judge's Standing Order." She then quoted and linked to the court's Local rules and this Court's Standing Order regarding Declarations. Attached as EXHIBIT B is a true and correct copy of this document.

25.     Counsel for Apple did not respond again until Dec. 8 2025 at which point he wrote "Attached is a revised stipulation, and a redline against Ms. Gjovik's edits, and my proposed declaration. We noted where you disagree with our statements and have removed certain redundancies that are implied based on the relief we are seeking and the nature of the document. These revisions are non-substantive and should offer the Court a simplified version of our request to facilitate review. I will send my declaration separately." (Exhibit E).

26.     On Dec. 8 2025, the Plaintiff responded the revised draft still included points she would not stipulate to specifically that her amendment was not as a matter of course, and that the court gave her leave to amend to file an amendment rather then extending her deadline. She also noted that the Local Rules require documenting all prior requests for extensions which her motion was, so they are required to note it in the situation.

27.     On Dec. 8 2025, the Plaintiff complained "that is essentially asking me to deny I had rights, deny I exercised my rights, mischaracterize a court order, and violate the local rules -- in order to do the defendants a favor in granting them a total of fifty days to respond to the complaint when they already had a week extension."

28.     On Dec. 8 2025, at 9:55 AM, Apple's defense counsel suggested content for the

Case Management Statement that included an prompt for this Court to address that stated on that "In Plaintiff's Employment Litigation against Apple, Judge Chen has warned Plaintiff on several occasions regarding her use of voluminous filings, inability to meet case deadlines, and refusal to follow court orders."

29. The Plaintiff complained that the draft from Jenab and Apple was already at nine pages with no space for content from the City or Plaintiff.  City's counsel informed the Pro Se Plaintiff there was no rule requiring 10 pages of length. The plaintiff responded citing and including the court's Standing Order that says the statements must stay within ten pages.

30. The Plaintiff sent an agenda for the 26(f) conference outline each of the prompts from the court's Standing Order and noting she would take notes during their 12 PM conference.

31.    Then at 10:30 AM, Apple's Defense counsel emailed the Plaintiff stating: Apple and the Jenab defendants will be filing a motion to continue the December 18th status conference on the basis that the pleadings are not settled and we cannot meaningfully have a productive 26(f) conference, or develop a discovery plan until we have a decision on the motions that we intend to file.  We had requested a stipulated continuance but understand that Ms. Gjovik wants to hold the conference, and conditioned the stipulated extension of the responsive pleading date on the December conference remaining on calendar. 1. We also plan to move to extend our responsive pleading deadline on the schedule proposed in the circulated stipulation. We expect to get these motions on file tomorrow.  We will be directing our efforts to those motions today and will not provide further inputs on the status conference statement.
Attached as EXHIBIT C is a true and correct copy of this document.

32.    On Dec. 8 2025 the Plaintiff asked Apple's counsel to confirm if they are still attending the 12(f) conference at 12 PM that day. Plaintiff noted "All parties also have a status report due with the court on 12/11 and we need to complete that report and file it on time" even if "Defendants want to file motions concurrently."

33. At 10:55 AM defense counsel, Mr. Tarantino responded "Yes, Julie Park and I will attend the call at noon. My statement was imprecise. Revision: We will be directing our efforts to those motions and will not provide further inputs on the status conference statement today."  co   of this state   ent is attached as Exhibit D.

34.    The Plaintiff complained to Apple's counsel that previously they said they would not try to stay or reschedule the Case Management hearing and now they are abruptly demanding it be moved. Defense counsel's motion makes material false statements in that it says and implies

that it had always requested to move the hearing when it previously expressly said it did not and would not request to do so.

35.    The 26(f) conference was held at 12PM on Dec. 8 2025, the Plaintiff took detailed notes and emailed them after. On Dec. 9 2025, the Plaintiff also sent a draft Case Management Status incorporating those notes. None of the Defendants ever responded.

36.    On Dec. 9 2025, the Plaintiff emailed counsel for Apple and Jenab and informed him that due to unexpected and critical issuing arising in her personal circumstances, that it would be required for her physical safety for her to stay in Boston next week rather then flying to California and suggested that rather then counsel requesting to cancel the hearing completely, that counsel consider agreeing to stipulate to the court requesting all parties attend the Case Management Conference virtually on 12/18 to reduce the burden.

37.    The Plaintiff expressly complained to counsel for Apple that because Apple and Jenab are arguing that she does not have standing "primarily because [she is] not in Santa Clara" it "forces [her] to go to Santa Clara for this hearing matter what" as part of her litigation posture despite her being in bankruptcy due to Apple's retaliation and denylisting, and her fear that if she was to travel to San Jose next week, she could become imminently unhoused due to her high-risk living situation.

38.    Counsel for Apple and Jenab then proceeding to file their motion at Dkt. 51 without responding to the Plaintiff's request, misrepresenting weeks of interactions between the parties, and making false accusations against the Plaintiff.

39.    On Dec. 10 2025, Defense Counsel for Apple and Jenab responded to the Plaintiff's request for joint virtual appearance as a compromise, but only after the Defendant filed the motion asking to cancel the hearing, and at which point Defense counsel then suggested he would not object to her attending virtually but implied he still planned to attend in person.

40.    Mr. Tarantino also responded to the Plaintiff's complains about his mischaracterizations and indifference towards her welfare by stating: "We are lawyers doing our job to defend our client appropriately, and while you are not a licensed member of the bar, you certainly possess enough legal knowledge that you seem like one at times."

41.    The Plaintiff tried to negotiate in good faith and  was cooperative.

42.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on Dec. 10 2025.

Respectfully filed,

_____

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*
Dec. 10 2025
Boston, MA

legal@ashleygjovik.com
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# RE: [EXT] RE: [External] Re: Responsive pleading

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Tarantino, William F.<WTarantino@mofo.com> |
| CC | Svend Brandt-Erichsen<sbrandterichsen@nossaman.com> |
| Date | Wednesday, December 3rd, 2025 at 7:13 PM |

Feel free to shorten it as long as it still contains the information required by Local Rules and the Judge's Standing Order.

Re: your comment about Declarations --

From the Local Rule:

**LR 6-2.    Stipulated Request for Order Changing Time**

(a)    Form and Content. The parties may file a stipulation, conforming to Civil L.R. 7-12, requesting an order changing time that would affect the date of an event or deadline already fixed by Court order, or that would accelerate or extend time frames set in the Local Rules or in the Federal Rules. The stipulated request **must be __accompanied by a __declaration __** that:

(1)  Sets forth with particularity the reasons for the requested enlargement or shortening of time; (2)  Discloses all previous time modifications in the case, whether by stipulation or Court order; and (3) Describes the effect the requested time modification would have on the schedule for the case.

https://cand.uscourts.gov/rules-forms-fees/local-rules/civil-local-rules

From Judge Pitt's Standing Order:

"Filing Documents. **File each motion__, supporting declaratio__n**, and exhibit on ECF as a **separate searchable PDF** with a clear name and description." (pg2)

https://cand.uscourts.gov/sites/default/files/standing-orders/PCP_Civil_Standing_Order.pdf

"REQUESTING CHANGES TO DATES & DEADLINES. Submit motions/stipulations to extend dates and deadlines at least 72 hours before the date at issue. Requests must:
• Explain the justification (Judge Pitts is unlikely to approve changes without good cause, and without a compelling showing of good cause for changes to trial dates);
• State how many extensions have previously been requested, and indicate the Court's rulings on those requests; and
• Include a proposed order listing all future deadlines in the case schedule incorporating the proposed modifications." (pg4).

https://cand.uscourts.gov/sites/default/files/standing-orders/PCP_Civil_Standing_Order.pdf

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, December 3rd, 2025 at 7:01 PM, Tarantino, William F. <WTarantino@mofo.com> wrote:

This is far longer than it needs to be. Also, there is no requirement for separate declarations in 6-2, and we will not file superfluous documents. We can include the reasons within the stipulation and make it clear that they are our contentions and you don't agree with them.

Bill

Hi,

I don't agree to the stipulation as worded -- I'm attaching a proposed revision.

The draft you sent me asked me to stipulate that I "added new allegations" (rather then provided an expanded factual basis, etc) and that I filed a "motion for leave to amend" (rather than amended by right). I'm not stipulating to either of those points.

Further, the Court already issued an order, so the stipulation is a request and must comply with LR 6-1(b).

Accordingly, Defendants need to draft Declarations with their reasons for requesting the extension and file those separate from, but with the stipulation. Then I'm only stipulating to your request and the impact, but not whatever your reasons are for asking for 50 days to respond.

In my draft I also attempted to revise it to better address the other requirements of 6-2 including the prior requested extension and impact to other case events.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, December 3rd, 2025 at 5:05 PM, Svend Brandt-Erichsen <[sbrandterichsen@nossaman.com](#)>
wrote:

> No edits to the stipulation from me, and you are authorized to add my signature.
>
> Svend
>
> **Svend Brandt-Erichsen**
>
> Attorney at Law
>
> NOSSAMAN LLP
>
> 719 Second Avenue, Suite 1200
>
> Seattle, WA 98104
>
> [sbrandterichsen@nossaman.com](#)
>
> *Admitted only in Washington, Alaska*
>
> T 206 395.7630  F 206.257.0780
>
> D 206.395.7632
>
> 
>
> [SUBSCRIBE TO E-ALERTS](#)
>
> [nossaman.com](#)

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

Here's a proposed stip.  Please let me know if you have any comments or if we can file with your typed /s/ signature.

Bill

---

**From:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Sent:** Wednesday, December 3, 2025 12:26 PM
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Tarantino, William F. <WTarantino@mofo.com>
**Subject:** [EXT] RE: [External] Re: Responsive pleading

My schedule is fairly open Monday and Tuesday for a conference.

Svend

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Wednesday, December 3, 2025 12:24 PM
**To:** Tarantino, William F. <WTarantino@mofo.com>
**Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Subject:** [External] Re: Responsive pleading

Thank you! The 1/21 date sounds fine.

Just to confirm that all defendants will agree complete the pending 26(f) deliverables with the current schedule as well? (12/18 hearing-based)

Your comment about 12/5 was fragmented - what were you asking? If you were suggesting the 26(f) conference, I will need more time then two days so I would suggest next week.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, December 3rd, 2025 at 3:18 PM, Tarantino, William F. <[WTarantino@mofo.com](mailto:WTarantino@mofo.com)> wrote:

> Ms. Gjovik,
>
> All defendants are willing to stipulate to respond to the complaint on the same schedule (Jan 21), and we will keep the 12/18 status conference on calendar.   Would you like to set a time on December 5th. We will circulate a stipulation as well as draft status conference statement.
>
> Bill
>
> **William F. Tarantino**
>
> Partner
>
> [WTarantino@mofo.com](mailto:WTarantino@mofo.com)
>
> T +1 (415) 268-6358
>
> M +1 (415) 902-8553
>
> Morrison Foerster

**D R A F T**

1
2
3
4
5
6

WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

7
8
9
10

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

11
12

Attorneys for Defendants APPLE INC., KALIL
JENAB, JENAB FAMILY LP, JENAB FAMILY
VENTURES LLC, and JENAB FAMILY TRUST

13

14                    UNITED STATES DISTRICT COURT

15              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17

18
19
20
21
22
23
24
25

ASHLEY M. GJOVIK,

              Plaintiff,

     v.

APPLE INC.,

CITY OF SANTA CLARA,

JENAB, ET AL.

          Defendants.

Case No. 5:25-cv-07360-PCP

**STIPULATION TO EXTEND
DEFENDANTS' TIME TO RESPOND
TO FIRST AMENDED COMPLAINT;
[PROPOSED] ORDER**

Courtroom:  8, 4th Floor
Judge:  Hon. P. Casey Pitts

Action Filed:  September 2, 2025
Trial Date:  TBD

26
27
28

**D R A F T**

Pursuant to Rule 6-1(b) of the Civil Local Rules of the United States District Court for the Northern District of California, Plaintiff Ashley M. Gjovik ("Plaintiff"), *pro se*; and Defendants Apple Inc. ("Apple"), Kalil Jenab, Jenab Family LP, Jenab Family Ventures, LLC, Jenab Family Trust, and the City of Santa Clara (collectively, the "Jenab Defendants"), and the City of Santa Clara (together with Apple and the Jenab Defendants, "Defendants), by and through their undersigned counsel; stipulate as follows:

WHEREAS, Plaintiff filed the original Complaint on September 2, 2025;

WHEREAS, on September 25, 2025, Plaintiff, Apple, and the Jenab Defendants filed a stipulated motion requesting a thirty-days extension for those defendants to respond to the original Complaint on September 25, 2025 (ECF No. 26).

WHEREAS, the Court approved the stipulated motion to extend Apple and the Jenab Defendants' time to respond to the Complaint on September 26, 2025 (ECF No. 28).

WHEREAS, on November 13, 2025, Plaintiff filed an Administrative Motion requesting to stay her pending filing deadlines due to concurrently filing an amended Complaint as a matter of course as to Apple and the Jenab Defendants and for leave to file an amended Complaint as to the City of Santa Clara (ECF No. 43);

WHEREAS, on November 13, 2025, the Court granted Plaintiff's Administrative Motion, directing Plaintiff to file an amended Complaint by November 28, 2025 (ECF No. 46).

WHEREAS, Plaintiff filed the Amended Complaint on November 28 and 29, 2025 (ECF Nos. 47-48);

WHEREAS, on December 1, 2025, Order (ECF No. 50), the Court issued an order setting a deadline of December 22, 2025 for Defendants' responsive pleading;

WHEREAS, a Case Management Conference is currently scheduled for December 18, 2025 (ECF No. 50);

WHEREAS, Defendants contend that an extension of thirty (30) days is necessary to adequately respond to analyze and respond to the new information in the Amended Complaint. Plaintiff stated she did not oppose this extension as long as there was no effect on the existing case management and discovery schedule.

**D R A F T**

1    WHEREAS, the parties have agreed that the deadline for Defendants to respond to the

2  Amended Complaint shall be extended by thirty (30) days, to and including January 21, 2025;

3    THEREFORE, IT IS HEREBY STIPULATED AND THE PARTIES REQUEST that the

4  Court GRANT the stipulated request to extend Defendants' deadline to respond to Plaintiff's

5  Amended Complaint by an additional thirty (30) days, to and including January 21, 2025.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D R A F T**

1  Dated: ☐, 2025                          MORRISON & FOERSTER LLP

2

3                                          By: /s/ DRAFT
                                              William F. Tarantino

4                                          *Attorneys for Defendants*
                                           APPLE INC., KALIL JENAB, JENAB
5                                          FAMILY LP, JENAB FAMILY
                                           VENTURES LLC, and JENAB FAMILY
6                                          TRUST

7

8  Dated: ☐, 2025                          NOSSAMAN LLP

9                                          By: /s/ DRAFT
                                              Svend A. Brandt-Erichsen
10

11                                         *Attorneys for Defendant*
                                           CITY OF SANTA CLARA

12

13 Dated: ☐, 2025

14                                         By: /s/ DRAFT
                                              Ashley M. Gjovik
15

16                                         *Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

**D R A F T**

1  WILLIAM F. TARANTINO [SBN 215343]
   WTarantino@mofo.com
2  ALBERTO J. CORONA [SBN 339906]
   ACorona@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
5  Facsimile: (415) 268-7522
6
7  JULIE Y. PARK [SBN 259929]
   JuliePark@mofo.com
8  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 200
9  San Diego, California 92130-3588
   Telephone: (858) 720-5100
10 Facsimile: (858) 720-5125
11
   Attorneys for Defendants APPLE INC., KALIL
12 JENAB, JENAB FAMILY LP, JENAB FAMILY
   VENTURES LLC, and JENAB FAMILY TRUST
13
14              UNITED STATES DISTRICT COURT
15          FOR THE NORTHERN DISTRICT OF CALIFORNIA
16                   SAN JOSE DIVISION
17

18 ASHLEY M. GJOVIK,                    Case No. 5:25-cv-07360-PCP

19              Plaintiff,              **STIPULATION TO EXTEND
                                        DEFENDANTS' TIME TO RESPOND
20       v.                            TO FIRST AMENDED COMPLAINT**

21 APPLE INC.,                          Courtroom:  8, 4th Floor
                                        Judge:  Hon. P. Casey Pitts
22 CITY OF SANTA CLARA,
                                        Action Filed:  September 2, 2025
23                                      Trial Date:  TBD
   JENAB, ET AL.
24
                Defendants.
25

26

27

28

**DRAFT**

1    Pursuant to Rule 6-1(ba) of the Civil Local Rules of the United States District Court for

2    the Northern District of California, Plaintiff Ashley M. Gjovik ("Plaintiff"), *pro se*; and

3    Defendants Apple Inc., Kalil Jenab, Jenab Family LP, Jenab Family Ventures, LLC, Jenab Family

4    Trust, and the City of Santa Clara (collectively, "Defendants") by and through their undersigned

5    counsel;, stipulate as follows:

6    WHEREAS, Plaintiff filed the Original Complaint on September 2, 2025;

7    WHEREAS, Defendants Apple Inc and Mr. Jenab et al. requested a thirty-day extension

8    to respond to Plaintiff's Original Complaint

9    WHEREAS, Plaintiff agreed to Defendants request and the parties filed a stipulated

10    motion requesting an extension under Civil L.R. 6-1 on Sept. 25 2025 (Dkt. 26).

11    WHEREAS, the Court approved the stipulated motion to extend the two Defendants'

12    filing deadline on Sept. 26 2025 (Dkt. 28).

13    WHEREAS, on Nov. 13 2025, the Plaintiff filed an Administrative Motion requesting to

14    stay her pending filing deadlines due to concurrently filing an amended Complaint as a matter of

15    course per Fed. R. Civ. P. 15 (Dkt. 43);

16    WHEREAS, on Nov. 13 2025, the Court granted the Plaintiff's Administrative Motion to

17    extend her filing deadlines, based on  her notice of intent to file an amended Complaint pursuant

18    to  Fed. R. Civ. P. 15 (Order at Dkt. 46);

19    WHEREAS, Plaintiff requested leave to file an amended Complaint on November 13,

20    2025 (ECF No. 43);

21    WHEREAS, the Court granted Plaintiff leave to file an amended Complaint on November

22    13, 2025 (ECF No. 46);

23    WHEREAS, Plaintiff filed the First Amended Complaint ("FAC," ECF No. 48) on

24    November 28 and 29, 2025 (Dkt. No. 47-48);

25    WHEREAS, Plaintiff also filed a Notice of Amended Complaint on Nov. 29 2025;

26    WHEREAS, Plaintiff's Notice suggested the parties may stipulate to a responsive filing

27    schedule but stated regardless that the Defendants responsive filings deadline should be based on

28    the complete Nov. 29 2025 filing at Dkt. 48, rather than the Nov. 28 2025 partial filing at Dkt. 47

**D R A F T**

1  (Notice at Dkt. 49);

2      WHEREAS, ~~pursuant to~~ on Dec. 1 2025. the Court accepted the Plaintiff's Amended

3  Complaint and the Court mooted the pending motions and hearings based on the Original

4  Complaint (Dkt. No. 50); ~~'s~~

5      WHEREAS, on Dec. 1 2025, the Court affirmed the current schedule for the pending Case

6  Management Conference on Dec. 18 2025 (Dkt. 50);

7      WHEREAS, under the Fed. R. Civ. P., responsive filings to the Amended Complaint were

8  due 14 days after the filing of the Amended Complaint;

9      WHEREAS, on Dec. 1 2025, the Court issued an Order with a schedule of case deadlines

10  for Defendant's responsive filings to the Amended Complaint;

11      WHEREAS, on Dec. 1 2025, the Court set a deadline of Dec. 22 2025 for Defendants'

12  responsive filings (Dkt. 50);

13      ~~December 1, 2025 Order (ECF No. 50), Defendants' deadline to respond to the FAC is~~

14  ~~December 22, 2025;~~

15      WHEREAS, on Dec. 3 2025, Defendants requested an additional thirty days to respond to

16  the Plaintiff's Amended Complaint;

17      WHEREAS, the Defendants requested thirty-day extension would expand the court's

18  Ordered deadline to allow 51 days for a response rather than 21 days for a response;

19      WHEREAS, the Plaintiff stated she did not oppose as long as there was no effect to the

20  case management and discovery schedule;

21      WHEREAS, Civil L.R. 6-1 allows parties to file motions or written stipulations

22  requesting to enlarge time for case deadlines;

23      WHEREAS, Civil L.R. 6-1(b) allows parties to file motions or written stipulations

24  requesting to alter deadlines already fixed by Court order;

25      WHEREAS, Civil L.R. 6-2(a) requires the stipulation comply with Civil L.R. 7-12 and be

26  accompanied by a Declaration;

27      WHEREAS, this stipulation here within contains a description of "all previous time

28  modifications in the case, whether by stipulation or Court order" per Civil L.R. 6-2(a)(2);

**D R A F T**

1    WHEREAS, the "effect the requested time modification would have on the schedule for

2    the case," per Civil L.R. 6-2(a)(3), would be to delay responsive filings (Answers or Motions),

3    and any accompanying motion practice and hearings, by thirty days beyond the Court's order at

4    Dkt. 50;

5    WHEREAS, Defendants attach respective Declarations in compliance with Civil L.R. 6-

6    2(a)(1) which "sets forth with particularity the reasons for the requested enlargement";

7    WHEREAS, the Plaintiff stated she does not oppose the Defendants request for an

8    extension as a professional courtesy regardless of their reason for requesting the extension;

9    WHEREAS, the parties have agreed that the deadline for Defendants to respond to the

10    ~~FAC~~ Amended Complaint shall be extended by thirty (30) days, to and including January 21,

11    2025;

12    ~~WHEREAS, an extension to and including January 21, 2025 will allow Defendants time~~

13    ~~to analyze and respond to the new allegations in the FAC; and~~

14    ~~WHEREAS, the extension of time for Defendants to respond to the FAC will not alter the~~

15    ~~date of any event or deadline fixed by the Court, and is the second extension requested in this~~

16    ~~case;~~

17    THEREFORE, ~~IT IS HEREBY AGREED AND~~ PARTIES STIPULATE TO THIS

18    REQUEST TO THE COURT~~D~~ that the Court GRANT Defendants' request to extend their

19    deadline to respond to Plaintiff's ~~FAC~~ Amended Complaint ~~shall be extended~~ by an additional

20    thirty (30) days, to and including January 21, 2025.

21    FURTHER, pursuant to Civil L.R. 7-12 and the Standing Order of this Court, a proposed

22    Order granting this extension is concurrently filed.

23

24

25

26

27

28

**D R A F T**

1    Dated:  ▮, 2025                    MORRISON & FOERSTER LLP

2

3                                        By:  /s/ DRAFT
                                              William F. Tarantino

4                                        *Attorneys for Defendants*
                                        APPLE INC., KALIL JENAB, JENAB
5                                        FAMILY LP, JENAB FAMILY
                                        VENTURES LLC, and JENAB FAMILY
6                                        TRUST

7
     Dated:  ▮, 2025                    NOSSAMAN LLP
8

9                                        By:  /s/ DRAFT
                                              Svend A. Brandt-Erichsen
10

11                                       *Attorneys for Defendant*
                                        CITY OF SANTA CLARA

12
     Dated:  ▮, 2025
13

14                                       By:  /s/ DRAFT
                                              Ashley M. Gjovik
15

16                                       *Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

# RE: [EXT] RE: [External] Re: Responsive pleading

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Tarantino, William F.<WTarantino@mofo.com> |
| CC | Svend Brandt-Erichsen<sbrandterichsen@nossaman.com> |
| Date | Wednesday, December 3rd, 2025 at 7:13 PM |

Feel free to shorten it as long as it still contains the information required by Local Rules and the Judge's Standing Order.

Re: your comment about Declarations --

From the Local Rule:

**LR 6-2.        Stipulated Request for Order Changing Time**

(a)    Form and Content. The parties may file a stipulation, conforming to Civil L.R. 7-12, requesting an order changing time that would affect the date of an event or deadline already fixed by Court order, or that would accelerate or extend time frames set in the Local Rules or in the Federal Rules. The stipulated request **must be __accompanied by a __declaration __** that:

(1)  Sets forth with particularity the reasons for the requested enlargement or shortening of time; (2)  Discloses all previous time modifications in the case, whether by stipulation or Court order; and (3) Describes the effect the requested time modification would have on the schedule for the case.

https://cand.uscourts.gov/rules-forms-fees/local-rules/civil-local-rules

From Judge Pitt's Standing Order:
"Filing Documents. **File each motion__, supporting declaratio__**n, and exhibit on ECF as a **separate searchable PDF** with a clear name and description." (pg2)
https://cand.uscourts.gov/sites/default/files/standing-orders/PCP_Civil_Standing_Order.pdf

"REQUESTING CHANGES TO DATES & DEADLINES. Submit motions/stipulations to extend dates and deadlines at least 72 hours before the date at issue. Requests must:
• Explain the justification (Judge Pitts is unlikely to approve changes without good cause, and without a compelling showing of good cause for changes to trial dates);
• State how many extensions have previously been requested, and indicate the Court's rulings on those requests; and
• Include a proposed order listing all future deadlines in the case schedule incorporating the proposed modifications." (pg4).
https://cand.uscourts.gov/sites/default/files/standing-orders/PCP_Civil_Standing_Order.pdf

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, December 3rd, 2025 at 7:01 PM, Tarantino, William F. <WTarantino@mofo.com> wrote:

This is far longer than it needs to be.  Also, there is no requirement for separate declarations in 6-2, and we will not file superfluous documents.  We can include the reasons within the stipulation and make it clear that they are our contentions and you don't agree with them.

Bill

Hi,

I don't agree to the stipulation as worded -- I'm attaching a proposed revision.

The draft you sent me asked me to stipulate that I "added new allegations" (rather then provided an expanded factual basis, etc) and that I filed a "motion for leave to amend" (rather than amended by right). I'm not stipulating to either of those points.

Further, the Court already issued an order, so the stipulation is a request and must comply with LR 6-1(b).

Accordingly, Defendants need to draft Declarations with their reasons for requesting the extension and file those separate from, but with the stipulation. Then I'm only stipulating to your request and the impact, but not whatever your reasons are for asking for 50 days to respond.

In my draft I also attempted to revise it to better address the other requirements of 6-2 including the prior requested extension and impact to other case events.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, December 3rd, 2025 at 5:05 PM, Svend Brandt-Erichsen <[sbrandterichsen@nossaman.com](#)>
wrote:

> No edits to the stipulation from me, and you are authorized to add my signature.
>
> Svend
>
> **Svend Brandt-Erichsen**
>
> Attorney at Law
>
> NOSSAMAN LLP
>
> 719 Second Avenue, Suite 1200
>
> Seattle, WA 98104
>
> [sbrandterichsen@nossaman.com](#)
>
> *Admitted only in Washington, Alaska*
>
> T 206 395.7630  F 206.257.0780
>
> D 206.395.7632
>
> 
>
> [SUBSCRIBE TO E-ALERTS](#)
>
> [nossaman.com](#)

1
2
3
4
5
6
7
8
9
10
11
12          **EXHIBIT C**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## RE: [EXT] Re: Meeting Agenda for 26(f) Planning for Case No. 5:25-cv-07360 | Deadlines

| | |
|---|---|
| From | Tarantino, William F. <WTarantino@mofo.com> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com>, Svend Brandt-Erichsen<sbrandterichsen@nossaman.com>, Park, Julie Y.<JuliePark@mofo.com>, Corona, Alberto J.<ACorona@mofo.com>, Brendan Macaulay<bmacaulay@nossaman.com> |
| Date | Monday, December 8th, 2025 at 1:55 PM |

Yes, Julie Park and I will attend the call at noon.

My statement was imprecise. Revision: We will be directing our efforts to those motions and will not provide further inputs on the status conference statement today."

Regards,

Bill Tarantino

Mr. Tarantino,

Please confirm if defense counsel for Apple and the Jenab entities are still attending the 12pm 26(f) conference today. (ie, " will not provide further inputs on the status conference statement.")

All parties also have a status report due with the court on 12/11 and we need to complete that report and file it on time.

If Defendants want to file motions concurrently, that does not relieve them of their duties to participate in the 26(f) conference or to work on the status report.

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Monday, December 8th, 2025 at 1:31 PM, Tarantino, William F. <[WTarantino@mofo.com](#)> wrote:

> Counsel:
>
> Apple and the Jenab defendants will be filing a motion to continue the December 18th status conference on the basis that the pleadings are not settled and we cannot meaningfully have a productive 26(f) conference, or develop a discovery plan until we have a decision on the motions that we intend to file. We had requested a stipulated continuance but understand that Ms. Gjovik wants to hold the conference, and conditioned the stipulated extension of the responsive pleading date on the December conference remaining on calendar.
>
> We also plan to move to extend our responsive pleading deadline on the schedule proposed in the circulated stipulation.
>
> We expect to get these motions on file tomorrow. We will be directing our efforts to those motions today and will not provide further inputs on the status conference statement.
>
> Regards,
>
> Bill

On Monday, December 8th, 2025 at 1:30 PM, Ashley M. Gjøvik <[ashleymgjovik@protonmail.com](#)> wrote:

> Hello,
>
> Today we'll be holding our 26(f) Planning meeting for Citizen Suit Case No. 5:25-cv-07360.

We will talk through each point on the CAND Case Mgmt Standing Order, which is copied and linked below. Our Judge's standing order's casement management section is also copied below.

I will take notes during the meeting (sharing my screen with this content) and email the notes after.

If already agree on any points, I will note the agreement. If there is not agreement, I will just note that there is not agreement.

Pease send me your text-updates for the joint status update no later than end of day 12/9 and I will consolidate all updates into a draft to send you 12/10, that we can file 12/11. T

he max page limit, with headers/default content, is only ten pages so updates should be limited to undisputed facts and direct responses to the prompts provided in the Standing Order. Each defendant should keep their responses under two pages of double spaced text max.

See you soon.

-Ashley

--------------------

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

**1. Jurisdiction and Service:** The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

**2. Facts:** A brief chronology of the facts and a statement of the principal factual issues in dispute.

**3. Legal Issues:** A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**4. Motions:** All prior and pending motions, their current status, and any anticipated motions.

**5. Amendment of Pleadings:** The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

**6. Evidence Preservation:** A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

**7. Disclosures:** Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

**8. Discovery:** Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

**9. Class Actions:** If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**10. Related Cases:** Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. Relief:** All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**12. Settlement and ADR**: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

**13. Other References:** Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

**15. Scheduling:** Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**16. Trial:** Whether the case will be tried to a jury or to the court and the expected length of the trial.

**17. Disclosure of Non-party Interested Entities or Persons:** Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

**18. Professional Conduct:** Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter

**Source**: https://cand.uscourts.gov/sites/default/files/standing-orders/Standing_Order_All_Judges-11-30-2023.pdf

## PCP Standing Order

**Proposed Schedule.** CMC statements should propose a full litigation schedule, including deadlines to amend pleadings and complete ADR. Rather than including a date for the pretrial conference and trial, the schedule shall include a date for a trial-setting conference.

When proposing dates, allow:

- no more than 24 months between the initial CMC and the trial-setting conference (absent justification);
- at least 20 weeks between the dispositive motion filing deadline and trial-setting conference;

Use absolute dates (e.g., Jan. 1, 2024) rather than relative ones (e.g., 60 days after an order).

**Source:** https://cand.uscourts.gov/judges/pcp/pitts-p-casey

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, December 8, 2025 10:47 AM
**To:** Tarantino, William F. <WTarantino@mofo.com>; Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>; Park, Julie Y. <JuliePark@mofo.com>; Corona, Alberto J. <ACorona@mofo.com>; Brendan Macaulay <bmacaulay@nossaman.com>
**Subject:** [EXT] Re: Meeting Agenda for 26(f) Planning for Case No. 5:25-cv-07360 | Deadlines

======================================================================
=

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

1
2
3
4
5
6
7
8
9
10
# EXHBIIT D
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# RE: [EXT] Re: Responsive pleading

| | |
|---|---|
| From | Tarantino, William F. <WTarantino@mofo.com> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com> |
| CC | Svend Brandt-Erichsen<sbrandterichsen@nossaman.com> |
| Date | Wednesday, December 3rd, 2025 at 3:35 PM |

I don't know what you're referring to with respect to the pending deliverables but we will participate in the required process for the upcoming status conference in good faith and collaborate to prepare a joint status conference statement to be filed by 12/11.

I can do Monday from 12-4 PT.

Bill

Thank you! The 1/21 date sounds fine.

Just to confirm that all defendants will agree complete the pending 26(f) deliverables with the current schedule as well? (12/18 hearing-based)

Your comment about 12/5 was fragmented - what were you asking? If you were suggesting the 26(f) conference, I will need more time then two days so I would suggest next week.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, December 3rd, 2025 at 3:18 PM, Tarantino, William F. < WTarantino@mofo.com> wrote:

Ms. Gjovik,

All defendants are willing to stipulate to respond to the complaint on the same schedule (Jan 21), and we will keep the 12/18 status conference on calendar.   Would you like to set a time on December 5th.  We will circulate a stipulation as well as draft status conference statement.

Bill

**William F. Tarantino**

Partner

WTarantino@mofo.com

T +1 (415) 268-6358

M +1 (415) 902-8553

Morrison Foerster

425 Market Street

San Francisco, CA 94105-2482



mofo.com | LinkedIn | Twitter

==================================================================
===

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is

prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Wednesday, December 3, 2025 12:24 PM
**To:** Tarantino, William F. <WTarantino@mofo.com>
**Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Subject:** [EXT] Re: Responsive pleading

======================================================================
=

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).

1
2
3
4
5
6
7
8
9
10
11    **EXHIBIT E**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Apple/Gjovik - Stip to Extend Time to Respond to FAC.docx (95.8 KB)

| | |
|---|---|
| From | Tarantino, William F. <WTarantino@mofo.com> |
| To | Svend Brandt-Erichsen<sbrandterichsen@nossaman.com>, Ashley Gjovik<ashleymgjovik@protonmail.com> |
| Date | Monday, December 8th, 2025 at 10:56 AM |

All,


Attached is a revised stipulation, and a redline against Ms. Gjovik's edits, and my proposed declaration. We noted where you disagree with our statements and have removed certain redundancies that are implied based on the relief we are seeking and the nature of the document. These revisions are non-substantive and should offer the Court a simplified version of our request to facilitate review.   I will send my declaration separately.


Regards,


Bill



**William F. Tarantino**

Partner

WTarantino@mofo.com

T +1 (415) 268-6358

M +1 (415) 902-8553


Morrison Foerster

425 Market Street

San Francisco, CA 94105-2482