Ashley M. Gjovik, JD
*In Propria Persona*
Boston, MA
(415) 964-6272
ashleymgjovik@protonmail.com

Attorney information continued on next page.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK, <br>     Citizen Plaintiff, <br> v. <br> APPLE INC. <br> CITY OF SANTA CLARA, <br> & K. JENAB ET AL. <br>     Defendants. | Case No. 5:25-cv-07360 <br><br> JOINT CASE MANAGEMENT STATEMENT <br><br> Date: Dec. 18 2025 <br> Time: 1:00 p.m. <br> Courtroom: 8, 4th Floor <br> Judge: Hon. P. Casey Pitts <br><br> Action Filed: September 2, 2025 <br> Trial Date: TBD |

| | |
|---|---|
| 1 | WILLIAM F. TARANTINO [SBN 215343] |
| 2 | WTarantino@mofo.com<br>ALBERTO J. CORONA [SBN 339906] |
| 3 | ACorona@mofo.com<br>MORRISON & FOERSTER LLP |
| 4 | 425 Market Street<br>San Francisco, California 94105-2482 |
| 5 | Telephone: (415) 268-7000 |
| 6 | Facsimile: (415) 268-7522 |
| 7 | JULIE Y. PARK [SBN 259929] |
| 8 | JuliePark@mofo.com<br>MORRISON & FOERSTER LLP |
| 9 | 12531 High Bluff Drive, Suite 200<br>San Diego, California 92130-3588 |
| 10 | Telephone: (858) 720-5100<br>Facsimile: (858) 720-5125 |
| 11 | |
| 12 | Attorneys for Defendants APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST |
| 13 | |
| 14 | SVEND BRANDT-ERICHSEN (WA BN 23923)<br>sbrandterichsen@nossaman.com |
| 15 | *Pro Hac Vice*<br>JENNIFER J. SEELY (AK BN 2203018) |
| 16 | jseely@nossaman.com<br>*Pro Hac Vice* |
| 17 | NOSSAMAN LLP<br>719 Second Avenue, Suite 1200<br>Seattle, WA 98104 |
| 18 | Telephone: 206.395.7630<br>Facsimile: 206.257.0780 |
| 19 | |
| 20 | BRENDAN F. MACAULAY (CA BN 162313)<br>bmacaulay@nossaman.com |
| 21 | NOSSAMAN LLP<br>50 California Street, 34th Floor |
| 22 | San Francisco, CA 94111<br>Telephone:    415.398.3600 |
| 23 | Facsimile:    415.398.2438 |
| 24 | *Attorneys for Defendant City of Santa Clara* |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP
MF-365171637

The parties to the above-entitled action jointly submit this Joint Case Management Statement. pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.   Jurisdiction & Service**
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Parties agree that federal statutory subject matter jurisdiction requirements, supplemental jurisdiction, and venue requirements are satisfied. Apple and the Jenab Defendants dispute whether the Court has constitutional subject-matter jurisdiction and contend that Plaintiff has failed to demonstrate Article III standing. Defendants dispute the substantive sufficiency of the prior sixty-day notice. Plaintiff has also initiated a second sixty-day notice for the Clean Water Act 404 claim against City of Santa Clara and others who are non-parties to this proceeding. Plaintiff concurrently filed a Notice of Pendency with the attached Notice and proof of initiation of service. (Dkt. 55.)

**2.   Facts**
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

<u>Plaintiff</u>**:** The environmental violations in this case started in 2015. Mr. Jenab owns a property at 3250 Scott Blvd where an abandoned 1970s semiconductor manufacturing plant is located. Apple was the first tenant use the facility in over a decade. At the time Apple decided to renovate the facility for modern chip fab, and Mr. Jenab decided to rent the facility to Apple for that chip fab, and the City approved plans and permits for that chip fab, all defendants knew that the chip fab would be located directly across the street from a high-density residential development. The City intentionally omitted the chip fab from the EIR for the apartments while concurrently knowing heavy industrial and ultrahazardous activities would occur at the chip fab.

Mr. Jenab has owned industrial facilities in the area for decades. Apple's public relations strategy includes communicating environmental goals and promising compliance with environmental laws. The City has voluntarily undertaken of federal hazardous waste laws for facilities located in Santa Clara, owns the wastewater treatment plan, and is the permitee for stormwater management.

1   Despite this, the chip fab has operated next to 1,800+ homes with 4,000+ residents just
2   across the street, and for nearly a decade failed to obtain basic federal permits including for RCRA
3   and Clean Air Act, The permits it did obtain during that time were requested with false information
4   and mischaracterization of their operations. Apple still openly refuses to comply with EPCRA and
5   will not publicly admit it is doing chip fab at the location. Santa Clara withheld public records for
6   years and concealed the chip fab operations even when chemical exposure victims came forward
7   and complained of injuries from an unknown source.

8   All defendants know that for a decade, Apple has been exhausting toxic chemicals and lethal
9   gases from the chip fab into the apartments, public parks, and playgrounds. All of the defendants
10  have defended this pollution and have refused to modify the operations in any way.

11  The Plaintiff lived next to the chip fab in 2020, but did not know there was a chip fab. She
12  suffered extreme chemical exposure injures that put her on disability and under the care of dozens
13  of physicians. She was eventually diagnosed with acute exposure to industrial chemicals from an
14  unknown source. It was not until 2023, that she discovered her there was a chip fab at 3250 Scott
15  Blvd. She is suing all responsible parties in this litigation which includes the Property Owner,
16  Facility Operator, and the Owner of adjacent properties and implicated utilities.

17  <u>Apple and the Jenab Defendants</u>**:** Plaintiff is a former Apple employee who previously lived
18  near Apple's facility at 3250 Scott Boulevard (the "Facility") in Santa Clara before moving to
19  Massachusetts. Apple leases the Facility from the Jenab Defendants. Plaintiff alleges that the
20  Facility operated without proper permitting and released chemicals into the environment that led to
21  her claimed health impacts. Plaintiff issued a sixty-day notice based almost entirely on historical
22  information gleaned from public records.

23  The Facility has all permits necessary to operate. Plaintiff has made several reports to
24  governmental agencies—including the U.S. Environmental Protection Agency ("EPA"). In 2023
25  and in 2024, the EPA conducted inspections at the Facility to assess its waste management practices
26  under RCRA. Following the EPA's investigation, the EPA concluded that Apple "has undertaken
27  compliance actions to address and resolve regulatory issues identified by EPA during the
28  inspections." Apple and the EPA have since finalized a settlement of the alleged violations through

a consent agreement and final order.

As part of her Amended Complaint, Plaintiff makes similar allegations Apple's landlord, the Jenab Defendants. However, the Jenab Defendants do not exercise any operational control over the facility.

<u>City of Santa Clara:</u> Plaintiff's claims against the City relate to its role as a regulator of the Apple facility and to the City's ownership of property affected by alleged emissions from the Apple facility.

3. **Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

<u>Plaintiff</u>**:** This matter is very straightforward. There are express statutes, policies, and direct case law that would enable the court to find in the Plaintiff favor on Summary Judgement prior to any discovery needing to occur, which is why the Plaintiff already felt confident moving for a Preliminary Injunction.

Further, the City of Santa Clara has since made judicial admissions during formal hearings admitting that no residences should be near the chip fab and that the City is forbidding any future residences from being built next to the chip fab. However, that does not help the current residents, the nearby workers, or the visitors to the parks. Nor does it help the surrounding environment.

The primary open issues in this case are fact-based and rest with the Defendants burden of proof. The plaintiff told all Defendants if they can offer evidence that they are now in compliance and she can review it and if she agrees, she would seek to withdraw mooted claims. However, Defendants have refused to offer any proof of compliance, and instead have resorted to making personal attacks against the Plaintiff, trying to dismiss based on threshold theories, and refusing any discovery without even consulting with the Plaintiff about stipulated timelines or staggered scope.

The Plaintiff has extensive evidence she gathered herself living next to the facility, documenting the chemicals in her apartment, documenting her medical issues and injuries; and from public records, from other chemical exposure victims who contacted the Plaintiff, from other Apple whistleblowers including one who worked at this chip fab, and other direct sources. The

1  Plaintiff probably does not actually require significant discovery in this case as most issues are
2  already ripe for Summary Judgement.

3  <u>Apple and the Jenab Defendants' Statement</u>: Apple and the Jenab Defendants deny that
4  Plaintiff is entitled to any relief for a multitude of reasons—including that Plaintiff, a Boston
5  resident, lacks standing to bring claims related to a facility thousands of miles away; and Plaintiff's
6  Amended Complaint fails to state a claim. On November 29, 2025, Plaintiff filed a 178-page
7  Amended Complaint raising thirty-five causes of action and referring to more than 150 statutory
8  provisions, regulations, and ordinances, and alleges violations of nearly every major federal
9  environmental law, and involves complex issues of law and fact, some of which also overlap with
10 other pending legal actions brought by Plaintiff that involve Apple. Plaintiff has also included more
11 than 500 pages of exhibits to her Amended Complaint. Apple and the Jenab Defendants each intend
12 to move to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and
13 12(b)(6).

14 <u>City of Santa Clara:</u> The City denies that Plaintiff is entitled to any relief under the statutes
15 and causes of action she has asserted. The City's prior motion to dismiss claims against the City
16 was mooted by filing of the Amended Complaint.  The City is still evaluating the claims asserted
17 by the Amended Complaint, but anticipates renewing its Rule 12(b)(6) motion to dismiss all claims
18 against the City.

19 **4.    Motions**
*All prior and pending motions, their current status, and any anticipated motions.*
20
   <u>Plaintiff's Statement</u>: Plaintiff plans to file a Motion for Preliminary Injunction and will
21
   likely file a Motion for Summary Judgement on several claims. Plaintiff may also need to file an
22
   administrative motions regarding the dual representation of two defendants with conflicting
23
   interests.
24
   <u>Apple and Jenab Defendants' Statement</u>: Apple and the Jenab Defendants all moved to
25
   dismiss Plaintiff's original complaint. Plaintiff did not respond substantively to the motions and
26
   instead amended her complaint as a matter of course. Apple and the Jenab Defendants intend to
27
   move to dismiss the Amended Complaint. Apple and the Jenab Defendants have filed a motion to
28

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP                                                                          4
MF-365171637

continue the 12/18 case management conference and extend the deadline for responding to the Amended Complaint. Should Plaintiff file a motion for preliminary injunction, Apple and the Jenab Defendants will oppose because Plaintiff cannot make a clear showing that she is likely to succeed on the merits, that she is likely to suffer irreparable harm, that the balance of equities tips in her favor, or that an injunction is in the public interest.

<u>City of Santa Clara's Statement</u>: The City's Rule 12(b)(6) motion to dismiss was dismissed without prejudice due to Plaintiff's filing of her Amended Complaint. The City intends to renew its motion to dismiss as to the Amended Complaint.

The City intends to renew its 12(b)(6) motion to dismiss claims against the City.

**5.    Amendment of Pleadings**
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

<u>Plaintiff's Statement</u>: Plaintiff filed an amended complaint. (Dkt. 48). Plaintiff does not currently expect to require any further amendments to add additional parties or claims. Plaintiff may want to further amend complaint to reflect the facts of the case as the evidentiary record develops or to address gaps/errors if required.

<u>Apple and the Jenab Defendants' Statement</u>: Apple and the Jenab Defendants intend to move to dismiss the Amended Complaint. Apple and the Jenab Defendants do not plan to add additional parties at this time. Apple and the Jenab Defendants contend that further amendment of Plaintiff's allegations would be futile. Given Plaintiff's statement that she does not expect to add additional parties or claims, Apple and the Jenab Defendants propose a deadline of December 31, 2025 to file any motion for leave to amend the pleadings.

<u>City of Santa Clara's Statement</u>: City of Santa Clara intends to move to dismiss the Amended Complaint's claims against the City and do not plan to add additional parties at this time.

**6.    Evidence Preservation**
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties confirm they have read the ESI Guidelines and that they each agree they are taking required measures to preserve relevant evidence.

**7.    Disclosures**
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

<u>Plaintiff's Statement</u>: Plaintiff planned to serve Initial Disclosures to all three Defendants, covering all claims in the amended complaint, one week of the 12/8 26(f) conference, as required by the FRCP. If Defendants object and want to wait until the Case Management Conference for guidance from the court, the Plaintiff does not object but will also wait in order to align schedules.

<u>Apple and Jenab Defendants' Statement</u>: Apple and the Jenab Defendants contend that initial disclosures are not appropriate at this time, as the pleadings have not been settled. Apple and the Jenab Defendants propose waiting until the pleadings are settled to set a deadline for serving initial disclosures.

<u>City of Santa Clara's Statement</u>: The City joins in the statement of Apple and the Jenab Defendants. Also, Plaintiff already has received substantial documentation from the City through public records requests.

**8.    Discovery**
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The Parties may consider entering an e-discovery order. The Parties will meet and confer regarding a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f). However, the Parties disagree about the timing of when this would occur.

<u>Plaintiff's Statement</u>: Plaintiff believes some discovery has occurred with Apple, in parallel proceedings with Apple, which has been in full discovery for a year and includes overlapping claims, and during and during pre-discovery as part of negotiations regarding a stipulated interim agreement with Apple and Jenab. Plaintiff also plans to use documents received previously via public record requests or other public documents as evidence for this case, including documents, records, and correspondence obtained from City of Santa Clara through these requests. Plaintiff would like discovery to proceed now and in compliance with federal rules. If the Court grants Defendants request to delay discovery, the Plaintiff requests at least targeted discovery on material issues and documents.

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP
MF-365171637

6

<u>Apple and Jenab Defendants' Statement</u>: Apple and the Jenab Defendants have not exchanged any discovery with the parties in this matter. Apple and the Jenab Defendants further contend that discovery is premature in this case until the Court has decided their motions to dismiss and the pleadings are settled, as the scope of what is relevant and proportional under Rule 26 cannot be determined without knowing the scope of Plaintiff's claims. Apple and the Jenab Defendants otherwise agree that discovery should follow the Federal Rules of Civil Procedure and the Civil Local Rules for the Northern District of California.

<u>City of Santa Clara's Statement</u>: The City also believes that discovery is premature in this case until the Court has decided motions to dismiss and the pleadings are set. Once begun, the City agrees that discovery should follow the Federal Rules of Civil Procedure and the Civil Local Rules for the Northern District of California.

**9.    Class Actions**
*If a class action, a proposal for how and when the class will be certified.*

This case is not a class action.

**10.   Related Cases**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The Plaintiff disclosed pending related legal and administrative matters in her original and amended complaint. Plaintiff also concurrently files a Notice of Pendency listing those matters she believes are related. (Dkt. 55).

On Sept. 8 2025, the Court referred this case to the Honorable Edward M. Chen for consideration of whether the case is related to 3:23-cv-04597 EMC under L.R. 3-12 (Dkt. 7). Judge Chen found that this case does not need to be related to the prior filed case assigned to him. (Dkt. 12).

**11.   Relief**
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

<u>Plaintiff's Statement</u>. Plaintiff is requesting injunctive relief, declaratory relief, statutory penalties, and fees/costs. Calculation of fines, fees, and costs should comply with existing state and federal law for such matter.

<u>Apple and the Jenab Defendants' Statement:</u> Apple and the Jenab Defendants deny that Plaintiff is entitled to the requested relief, and judgment should be entered in favor of Defendants against Plaintiff. Plaintiff is not entitled to any of the relief requested from Apple or the Jenab Defendants. Plaintiff disclaimed damages in her original complaint.

<u>City of Santa Clara:</u> The City denies that the Plaintiff is entitled to the requested relief. Judgement should be entered in favor of Defendants against Plaintiff. ]

**12.   Settlement and ADR**
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiff suggested ENE. Defendants feel it is premature to discuss ADR prior to completion of 12(b) motion practice.

**13.   Other References**
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation.

**14.   Narrowing of Issues**
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

<u>Plaintiff's Statement</u>: Plaintiff still plans to file a Motion for Preliminary Injunction and she attempted to obtain a stipulated interim agreement, provided production of evidence to facilitate those negotiations, and attempted multiple meet/confer conferences, but there was no agreement. If the Plaintiff has to take her own legal action regarding the new CWA 404 "filling" claim, she would likely file separate litigation if it would require multiple additional parties, but she would propose to relate or join it at the court's discretion.

<u>Apple and the Jenab Defendants' Statement</u>: Apple and the Jenab Defendants contend that it is premature to discuss narrowing of issues. Apple and the Jenab Defendants contend that resolution of issues relating to Article III standing and the pre-suit notice will resolve this dispute entirely.

City of Santa Clara's Statement: The City anticipates that motions to dismiss will narrow the issues remaining for consideration by the Court. The City agrees that it is premature to discuss any other means of narrowing the issues.

**15.    Expedited Trial Procedure**
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

This case is not appropriate for expedited trial procedures.

**16.    Scheduling**
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Plaintiff's Statement: Plaintiff would like to agree to a high-level schedule now, and then request to revise it later if necessary. Plaintiff proposes to schedule a trial no later then one year from the date of the Case Management Conference.

Defendants' Statement: Defendants contend it is premature to set a case schedule because the pleadings are not settled.

**17.    Trial**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff's Statement: Plaintiff plans to present some claims with undisputed prima facie facts to the Court in Summary Judgment, in addition to a Jury trial.

Apple and Jenab Defendants' Statement: Apple and the Jenab Defendants contend that it is premature to address trial-setting issues because neither Apple nor the Jenab Defendants have responded to the Amended Complaint.

City's Statement: The City also believes it is premature to determine the length or date of trial.

**18.    Disclosure of Non-party Interested Entities or Persons**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Each party required by Civil Local Rule 3-15 to file a completed "Certification of Interested Entities or Persons" confirms they did so and re-disclose any prior disclosures.

Plaintiff disclosed interested entities including the statutory incorporation of the U.S. EPA and U.S. Attorney General into this proceeding regarding the federal claims. (Dkt. 4, 9).

Apple and the Jenab Defendants have no additional disclosures to make.

The City of Santa Clara is a governmental entity.

**19.    Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None at this time.

Dated: December 11, 2025          ASHLEY M. GJOVIK

                                  By: /s/ *Ashley M. Gjovik*
                                       Ashley M. Gjovik

                                  Pro Se Citizen Plaintiff

Dated: December 11, 2025          MORRISON & FOERSTER LLP

                                  By: /s/ *William F. Tarantino*
                                       William F. Tarantino

                                  *Attorneys for Defendants*
                                  APPLE INC., KALIL JENAB, JENAB
                                  FAMILY LP, JENAB FAMILY VENTURES
                                  LLC, and JENAB FAMILY TRUST

Dated: December 11, 2025          NOSSAMAN LLP

                                  By: /s/ *Svend Brandt-Erichsen*
                                       Svend Brandt-Erichsen
                                       sbrandterichsen@nossaman.com
                                       *Pro Hac Vice*
                                       Jennifer Seely
                                       jseely@nossaman.com
                                       *Pro Hac Vice*
                                       719 Second Avenue, Suite 120
                                       Seattle, WA 98104
                                       Telephone: 206.395.7630

Facsimile: 206.257.0780
Brendan F. Macaulay
CA Bar # 162313
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:     415.398.3600
Facsimile:      415.398.2438
bmacaulay@nossaman.com

*Attorneys for Defendant*
City of Santa Clara

**ECF ATTESTATION**

I, William F. Tarantino, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Ashley M. Gjovik and the City of Santa Clara have concurred in this filing.

Dated: December 11, 2025                MORRISON & FOERSTER LLP

                                        By: /s/ William F. Tarantino
                                            William F. Tarantino

                                        *Attorneys for Defendants*
                                        APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST