1  NOSSAMAN LLP
SVEND BRANDT-ERICHSEN (WA BN 23923)
2  sbrandterichsen@nossaman.com
*Pro Hac Vice*
3  JENNIFER J. SEELY (AK BN 63021)
jseely@nossaman.com
4  *Pro Hac Vice*
719 Second Avenue, Suite 1200
5  Seattle, WA 98104
Telephone:  206.395.7630
6  Facsimile:  206.257.0780

7  NOSSAMAN LLP
BRENDAN F. MACAULAY (CA BN 162313)
8  bmacaulay@nossaman.com
50 California Street, 34th Floor
9  San Francisco, CA 94111
Telephone:     415.398.3600
10  Facsimile:     415.398.2438

11  *Attorneys for Defendant City of Santa Clara*

12

13

14
                    UNITED STATES DISTRICT COURT
15                 NORTHERN DISTRICT OF CALIFORNIA
                         SAN JOSE DIVISION
16

17  ASHLEY M. GJØVIK, an individual,            Case No:     5:25-cv-07360-PCP

18            Plaintiff,                        **DEFENDANT CITY OF SANTA
                                               CLARA'S NOTICE OF MOTION AND
19       vs.                                   MOTION TO DISMISS,
                                               MEMORANDUM OF POINTS AND
20  APPLE INC., a corporation, CITY OF SANTA   AUTHORITIES**
    CLARA, a local government, MR.
21  KALIL/KHALIL JENAB, individually, & as
    Agent/Member/Manager of: JENAB FAMILY
22  LP, JENAB FAMILY VENTURES LLC, & as
    Trustee/Agent of: THE JENAB FAMILY        Date:  March 26, 2026
23  TRUST,                                     Time: 10:00 AM
                                               Courtroom: 8, 4th Floor
24            Defendants.                       Judge: Hon. P. Casey Pitts

25

26

27

28

1

**NOTICE OF MOTION TO DISMISS**

2

To:     Ashley Gjøvik

3

Please take notice that on March 26, 2026, at 10:00 a.m., or as soon as the matter may be

4

heard, in Courtroom 8, of the United States District Court of the Northern District of California,

5

located at 280 South 1st Street, San Jose, California 95113, Defendant City of Santa Clara (the

6

"City") will, and hereby does, move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all of Plaintiff

7

Ashley Gjøvik's ("Gjøvik") claims against the City for failure to state a claim upon which relief

8

can be granted.

9

The City bases this Motion on this Notice of Motion, its Memorandum of Points and

10

Authorities, the pleadings, records, and files in this action, and all other written or oral arguments

11

or evidence that the parties may present to the Court relating to this Motion.

12

13

**STATEMENT OF RELIEF SOUGHT (L.R. 7-2(B)(3))**

14

The City seeks an order dismissing all of Gjøvik's claims against the City Pursuant to Fed.

15

R. Civ. P. 12(b)(6) because the Complaint fails to state a cognizable claim for relief against the

16

City.

17

18

DATED:  January 21, 2026

NOSSAMAN LLP
SVEND BRANDT-ERICHSEN
BRENDAN F. MACAULAY
JENNIFER J. SEELY

19

20

21

By: */s/ Svend Brandt-Erichsen*

22

*Attorneys for Defendant City of Santa Clara*

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................1

II.   FACTUAL ALLEGATIONS ........................................................................................1

III.  STANDARD OF REVIEW ...........................................................................................2

IV.   ARGUMENT ..................................................................................................................3

    A.   Gjøvik does not allege a cognizable claim against the City under any of the federal environmental citizen suit provisions invoked in her Amended Complaint ...........................................................................................................3

        1.   Gjøvik makes conclusory RCRA claims against the City that are not cognizable under the RCRA citizen suit provision. .............................5

        2.   Gjøvik's CAA claims against the City are not cognizable under the CAA citizen suit provision. ...............................................................7

        3.   Gjøvik's wastewater and stormwater claims are not cognizable under the CWA citizen suit statute. .....................................................8

            i.    Gjøvik's wastewater allegations do not plausibly state CWA claims against the City. ............................................................9

            ii.   Gjøvik's stormwater allegations do not plausibly state CWA claims against the City. ..........................................................11

        4.   Gjøvik's EPCRA claims were insufficiently or not noticed, and do not allege any nondiscretionary action by the City. ...........................12

            i.    Claims not included in Gjøvik's notice letter cannot be brought in court. ..............................................................................13

            ii.   Gjøvik cannot maintain her EPCRA claim that the City "failed to ensure" that the Apple Facility submit Toxics Release Inventory reports. ..............................................................14

            iii.  Gjøvik's EPCRA claim for publicly available information cannot be brought against the City and does not allege any relevant facts. ...........................................................................15

            iv.   Gjøvik's EPCRA claim that the City failed to respond to a request for tier II information cannot be brought against the City, and she never alleges that she made such a request. ........................16

        5.   Gjøvik has not plausibly pleaded a TSCA claim against the City. ...................16

        6.   Gjøvik gave no notice for her CWA 404 and related claims. .............................17

    B.   Claims related to the EIR for the Santa Clara Square Apartments are untimely and cannot be brought under federal environmental law. ............................17

C.    Gjøvik has not alleged facts sufficient to state a claim against the City for causing a public nuisance and cannot plausibly do so. ..................................................18

V.    CONCLUSION ........................................................................................................21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*All. To Save Mattaponi v. U.S. Army Corps of Eng'rs*,
    515 F. Supp. 2d 1 (D.D.C. 2007) ...............................................................................4

*Appalachian Voices v. McCarthy*,
    989 F. Supp. 2d 30 (D.D.C. 2013) .............................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................ *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................ *passim*

*Browning v. Clinton*,
    292 F.3d 235 (D.C. Cir. 2002) ...................................................................................2

*Cascadia Wildlands v. Scott Timber Co.*,
    105 F.4th 1144 (9th Cir. 2024) ...........................................................................13, 17

*Citizens for Odor Nuisance Abatement v. City of San Diego*,
    8 Cal. App. 5th 350, 213 Cal. Rptr. 3d 538 (2017).............................................19, 20

*City of Fairborn, Ohio v. U.S. E.P.A.*,
    No. 3:22-CV-102, 2023 WL 2478572 (S.D. Ohio Mar. 13, 2023)...........4, 8, 11, 21

*City of Modesto Redevelopment Agency v. Superior Ct.*,
    119 Cal. App. 4th 28, 13 Cal. Rptr. 3d 865 (2004)..................................................20

*City of Olmstead Falls v. U.S. E.P.A.*,
    233 F. Supp. 2d 890 (N.D. Ohio 2002).................................................................4, 10

*Defs. of Wildlife v. Jewell*,
    No. CV-14-02472-TUC-JGZ, 2015 WL 11182029 (D. Ariz. Sept. 30, 2015)..........2

*Dubois v. Thomas*,
    820 F.2d 943 (8th Cir. 1987) ...................................................................................11

*Env't Def. v. Leavitt*,
    329 F. Supp. 2d 55 (D.D.C. 2004) ..............................................................................5

*Gatzke v. City of W. Bend, Wisconsin*,
    561 F. Supp. 3d 792 (E.D. Wis. 2021).................................................................13, 14

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
    484 U.S. 49 (1987).........................................................................................13, 14, 17

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

*Hacala v. Bird Rides, Inc.*,
   90 Cal. App. 5th 292, 306 Cal. Rptr. 3d 900 (2023)................................................19

*Hallstrom v. Tillamook Cnty.*,
   493 U.S. 20 (1989)......................................................................................13, 14, 17

*Heckler v. Chaney*,
   470 U.S. 821 (1985)..................................................................................... *passim*

*Los Angeles Waterkeeper v. SSA Terminals, LLC*,
   702 F. Supp. 3d 903 (C.D. Cal. 2023) ...........................................................9

*Mountain States Legal Found. v. Costle*,
   630 F.2d 754 (10th Cir. 1980) ......................................................................8

*Nw. Env't Advocs. v. U.S. E.P.A.*,
   268 F. Supp. 2d 1255 (D. Or. 2003) ...........................................................5

*Ohio Pub. Int. Rsch. Grp., Inc. v. Whitman*,
   386 F.3d 792 (6th Cir. 2004) ......................................................................8

*Our Children's Earth Found. v. E.P.A.*,
   527 F.3d 842 (9th Cir. 2008) ......................................................................4

*People v. ConAgra Grocery Prods. Co.*,
   17 Cal. App. 5th 51, 227 Cal. Rptr. 3d 499 (2017)................................................20

*Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*,
   87 F.3d 1242 (11th Cir. 1996) ..........................................................4, 11, 21

*Sierra Club, Inc. v. Exxon Mobil Corp.*,
   No. 24-CV-07288-RS, 2025 WL 2578218 (N.D. Cal. Sept. 5, 2025)....................................19

*Sierra Club v. Whitman*,
   268 F.3d 898 (9th Cir. 2001) ..................................................................... *passim*

*Waterkeeper All., Inc. v. Regan*,
   41 F.4th 654 (D.C. Cir. 2022)......................................................................7

*WildEarth Guardians v. Jackson*,
   885 F. Supp. 2d 1112 (D.N.M. 2012) ...........................................................5

*Zook v. EPA*,
   611 Fed. App'x 725 (D.C. Cir. 2015) ...........................................................4, 6

**Statutes**

15 U.S.C. § 2601................................................................................1, 21

15 U.S.C. § 2619................................................................................1

15 U.S.C. § 2619(a)(1)............................................................................................16

28 U.S.C. § 1367....................................................................................................18

33 U.S.C. § 1342......................................................................................................9

33 U.S.C. § 1365.............................................................................................1, 9, 18

33 U.S.C. § 1365(a)(1).........................................................................................3, 11

33 U.S.C. § 1365(a)(2).....................................................................................1, 3, 21

33 U.S.C. § 1365(b)................................................................................................17

42 U.S.C. § 6972.................................................................................................1, 7

42 U.S.C. § 6972(a)(1)..........................................................................................3, 6

42 U.S.C. § 6972(a)(2)...................................................................................1, 3, 6, 21

42 U.S.C. § 7002......................................................................................................1

42 U.S.C. § 7604............................................................................................7, 8, 18

42 U.S.C. § 7604(a)(1)..........................................................................................3, 8

42 U.S.C. § 7604(a)(2).....................................................................................1, 3, 21

42 U.S.C. § 7604(a)(3)..........................................................................................3, 8

42 U.S.C. § 11022(d)(2)..........................................................................................16

42 U.S.C. § 11022(e)(3)..........................................................................................16

42 U.S.C. § 11023.............................................................................................14, 15

42 U.S.C. § 11023(a)..............................................................................................14

42 U.S.C. § 11023(d)..............................................................................................14

42 U.S.C. § 11023(e)..............................................................................................14

42 U.S.C. § 11023(j)...............................................................................................14

42 U.S.C. § 11044(a)..............................................................................................15

42 U.S.C. § 11046.................................................................................1, 12, 14, 18

42 U.S.C. § 11046(a)..............................................................................................21

42 U.S.C. § 11046(a)(1)(A)......................................................................................15

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

42 U.S.C. §§ 11046(a)(1)(B)(ii)–(iv)..........................................................................15

42 U.S.C. § 11046(a)(1)(C) ........................................................................................15

42 U.S.C. § 11046(a)(1)(D) ........................................................................................16

42 U.S.C. § 11046(d) ..................................................................................................13

Cal. Civ. Code § 3479..................................................................................................19

Cal. Civ. Code § 3480..................................................................................................19

Cal. Civ. Code § 3493..................................................................................................19

**Other Authorities**

Cal. Code Reg., tit. 14, § 15112...................................................................................18

Fed. R. Civ. P. 8(a)(2)....................................................................................................2

Fed. R. Civ. P. 12(b)(6)....................................................................................2, 3, 5, 21

U.S. Const., art. III.......................................................................................................18

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

1

**STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))**

2

3       Whether Plaintiff's claims against the City, set forth in her Amended Complaint, are

4  procedurally barred or otherwise fail to state a claim for relief against the City.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    <u>INTRODUCTION</u>

The City seeks dismissal of all of Gjøvik's amended claims against the City, which are for alleged inadequacies in the enforcement of various federal environmental laws. *E.g.*, Amended Complaint, ECF 48, ¶ 384 (Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972), ¶ 407 (Clean Air Act ("CAA"), 42 U.S.C. § 7002), ¶ 427 (Clean Water Act ("CWA"), 33 U.S.C. § 1365), ¶ 686 (Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 11046), ¶ 717 (Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601). Enforcement decisions are inherently discretionary and generally unreviewable by the courts. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Moreover, the "citizen suit" provisions of the environmental laws that form the basis for Gjøvik's claims in this action, ECF 48, at 84–142, do not authorize judicial review of discretionary regulatory actions. 42 U.S.C. § 6972(a)(2) (RCRA); 42 U.S.C. § 7604(a)(2) (CAA); 33 U.S.C. § 1365(a)(2) (CWA); 42 U.S.C. § 11046 (EPCRA); 15 U.S.C. § 2619 (TSCA); *Sierra Club v. Whitman*, 268 F.3d 898, 902 (9th Cir. 2001).

## II.    <u>FACTUAL ALLEGATIONS</u>

Gjøvik's case concerns Apple's facility at 3250 Scott Blvd in Santa Clara, CA, ("the Apple Facility") and alleged emissions and discharges from that Facility. ECF 48, ¶ 1. The City's connection to the Apple Facility is solely as a regulator. Gjovick has alleged that the hazardous materials division of the City's Fire Department is a California Certified Unified Program Agency ("CUPA"). ECF 48, ¶ 43. The court also may take judicial notice of the City's CUPA status.[1] Through the Fire Department, the City has assumed regulatory oversight of the Apple Facility's compliance with specific hazardous waste and hazardous materials laws that have been delegated

---

[1] A CUPA is a local agency certified by the California Environmental Protection Agency to implement and enforce six state hazardous waste and hazardous materials regulatory management programs. CalEPA, *More about the Unified Program*, available at: https://calepa.ca.gov/cupa/about/; California CUPA Forum, *What is a CUPA?*, available at: https://calcupa.org/about/mission.html. As relevant to this case, the CUPA programs include enforcement of RCRA requirements.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

to the City through the CUPA program. *Id.*

Gjøvik makes general allegations that the City has knowingly permitted and facilitated operations at the Apple Facility, failed to enforce environmental regulations, and concealed violations from affected residents and other regulatory agencies. ECF 48, ¶ 3. Her original Complaint focused on the City as a CUPA regulator, and Gjøvik still describes a number of inspections and citations that the City makes at the Apple Facility. ECF 48, ¶¶ 168, 172, 203, 207, 208, 253, 304. When the City explained why those claims were not cognizable in its earlier Motion to Dismiss, Gjøvik did not modify those claims but added new claims which are equally flawed. Her Amended Complaint makes factual allegations regarding City zoning decisions, but makes no legal claims based on these allegations.

### III.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering the motion, the court must construe the facts and reasonable inferences in the light most favorable to the nonmoving party. *Defs. of Wildlife v. Jewell*, No. CV-14-02472-TUC-JGZ, 2015 WL 11182029, at *5 (D. Ariz. Sept. 30, 2015) (internal citations omitted). However, a court need not accept a pleading's legal conclusions. *Iqbal*, 556 U.S. at 678–79. Instead, plaintiffs' allegations must "nudge[ ] their claims," *Twombly*, 550 U.S. at 570, beyond the realm of "mere possibility" into plausibility. *Iqbal*, 556 U.S. at 678–79.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must plead sufficient facts, accepted as true, to state a claim for relief that is <u>plausible</u> on its face. *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The pleading standard "does not require 'detailed factual

1  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

2  accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at 555).

3

4  **IV.    ARGUMENT**

5      **A.    Gjøvik does not allege a cognizable claim against the City under any of the**
        **federal environmental citizen suit provisions invoked in her Amended**
6        **Complaint.**

7      The federal environmental citizen suit provisions only authorize two kinds of lawsuits.

8  First, suits against persons for pollution that they cause—like emissions, discharges, or hazardous

9  waste disposal not in compliance with statutory requirements—and for their permit or rule

10  violations. *E.g.*, 42 U.S.C. § 7604(a)(1), (3) (CAA); 33 U.S.C. § 1365(a)(1) (CWA); 42 U.S.C.

11  § 6972(a)(1) (RCRA). These claims may be brought against the regulated entity that is subject to

12  those statutory or regulatory requirements. Second, suits against the U.S. Environmental Protection

13  Agency ("EPA") for failure to perform a nondiscretionary duty. *E.g.*, 42 U.S.C. § 7604(a)(2)

14  (CAA); 33 U.S.C. § 1365(a)(2) (CWA); 42 U.S.C. § 6972(a)(2) (RCRA).

15      Gjøvik acknowledges that Apple, and not the City, operates the Apple facility that is the

16  focus of her claims. ECF 48, ¶ 32. Gjøvik has not alleged that the City emitted, discharged, or

17  disposed of pollution from the Apple facility. Gjøvik has not made a plausible claim that the City

18  has any role in operation of the facility or any responsibility for its emissions or discharges, nor

19  could she, as she acknowledges that the City's relationship to the facility is that of a regulator

20  exercising governmental oversight. *E.g.*, ECF 48, ¶ 43–46, 402, 422, 423, 428, 437, 462–463.

21  Accordingly, the pollution-control causes of action authorized by the citizen suit provisions cannot

22  support Gjøvik's claims against the City. 42 U.S.C. § 7604(a)(1), (3); 33 U.S.C. § 1365(a)(1); 42

23  U.S.C. § 6972(a)(1). Her claims seeking to hold the City responsible for Apple's operations lack

24  facial plausibility and therefore fail to state claims upon which relief can be granted. Fed. R. Civ.

25  P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

26      Many of Gjøvik's claims against the City allege deficiencies in the performance of its role

27  as a regulator. But citizen suits are not available against regulators for alleged deficiencies in the

28  exercise of their enforcement discretion. Enforcement decisions are inherently discretionary and

1   generally unreviewable by the courts. *Heckler v. Chaney*, 470 U.S. at 831–834. This general

2   principle has been specifically applied to enforcement decisions under the environmental statutes.

3   *See, e.g.*, *City of Olmstead Falls v. U.S. E.P.A.*, 233 F. Supp. 2d 890, 901 (N.D. Ohio 2002)

4   (concerning the CWA); *City of Fairborn, Ohio v. U.S. E.P.A.*, No. 3:22-CV-102, 2023 WL

5   2478572, at *9 (S.D. Ohio Mar. 13, 2023) (concerning the CAA).

6       The City's CUPA hazardous waste program has its origins in federal law (RCRA),

7   oversight of which has been delegated from EPA, through the State, to the City. Gjøvik challenges

8   how the City has enforced the CUPA program, but the citizen suit provisions she relies upon

9   expressly do not authorize review of the exercise of enforcement discretion. *See, e.g.*, *Sierra Club

10  v. Whitman*, 268 F.3d 898, 905 (9th Cir. 2001). Gjøvik does not allege that the City failed to

11  perform any nondiscretionary duty under federal environmental law. But even if she had, she

12  would not have a claim against the City because citizen suit provisions do not authorize

13  nondiscretionary-duty lawsuits against entities other than EPA. In *City of Fairborn*, the district

14  court analyzed the Clean Air Act citizen suit provision and found that "Administrator" in the

15  statute referred only to U.S. EPA, and litigants could not use that provision to sue the State of

16  Ohio. *City of Fairborn, Ohio v. U.S. E.P.A.*, No. 3:22-CV-102, 2023 WL 2478572, at *9 (S.D.

17  Ohio Mar. 13, 2023). Courts have likewise held that "Administrator" in the Clean Water Act

18  citizen suit provision refers only to U.S. EPA, and does not allow suit against the U.S. Army Corps

19  of Engineers. *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d

20  1242, 1249 (11th Cir. 1996) ("*P.E.A.C.H.*"); *All. To Save Mattaponi v. U.S. Army Corps of Eng'rs*,

21  515 F. Supp. 2d 1, 6 (D.D.C. 2007).

22       Even if it were possible for EPA to delegate one of its nondiscretionary duties to the State

23  of California and thence to a CUPA like the City, Gjøvik has not based her claims on any such

24  requirement. A "nondiscretionary duty" is an obligation whose requirements, such as the deadline

25  for completion, are clearly set forth by law and not left to the discretion of an agency. *See Zook v.

26  EPA*, 611 Fed. App'x 725, 726 (D.C. Cir. 2015) (interpreting the analogous provision in the Clean

27  Air Act). It must be clear from the language of the statute; "readily-ascertainable and not only the

28  product of a set of inferences based on the overall statutory scheme." *Our Children's Earth Found.*

1    *v. E.P.A.*, 527 F.3d 842, 851 (9th Cir. 2008) (internal citations omitted). Nondiscretionary duties

2    typically have an "express deadline." *Env't Def. v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004).

3    For example, in the Clean Water Act context, EPA has a nondiscretionary duty to promptly

4    promulgate revised water quality standards when a state fails to submit its own revisions within

5    90 days of EPA's notice of disapproval. *Nw. Env't Advocs. v. U.S. E.P.A.*, 268 F. Supp. 2d 1255,

6    1260 (D. Or. 2003). Conversely, in the Clean Air Act context, when the statute sets a deadline for

7    a state to revise a permit but no deadline for EPA to issue that permit, then EPA does not have a

8    nondiscretionary duty. *WildEarth Guardians v. Jackson*, 885 F. Supp. 2d 1112, 1117 (D.N.M.

9    2012). Gjøvik has not identified any nondiscretionary duties in the relevant environmental statutes

10   that the City allegedly failed to perform.

11       Having attempted to invoke this Court's jurisdiction under specific citizen suit provisions

12   of various federal environmental laws, Gjøvik failed to allege any claims against the City that are

13   cognizable under those statutes. Accordingly, Gjøvik's claims against the City must be dismissed.

14   Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The absence of a legal

15   basis for Gjøvik's claims against the City is further demonstrated by the following subsections

16   reviewing the claims asserted under each of the statutes that Gjøvik has invoked.

17
         **1.    Gjøvik makes conclusory RCRA claims against the City that are not
18             cognizable under the RCRA citizen suit provision.**

19       Gjøvik's Amended Complaint makes generalized claims against the City under RCRA, a

20   federal statute that provides "cradle-to-grave" regulation of hazardous waste for its generation,

21   transportation, treatment, storage, and disposal.[2] Her RCRA claims allege a wide variety of

22   mismanagement of hazardous materials and waste at the Apple Facility. But the allegations

23   specifically directed against the City are narrow and repetitive. ECF 48, at 84, 97, 99.

24       Gjøvik is correct that the citizen suit provision authorizes claims against "any person,"

25   including a "governmental instrumentality or agency," ECF 48, ¶ 384, but those claims must allege

26   violations of a "permit, standard, regulation, condition, requirement, prohibition, or order" issued

27

28   [2] EPA, *Resource Conservation and Recovery Act (RCRA) Overview*, available at
     https://www.epa.gov/rcra/resource-conservation-and-recovery-act-rcra-overview (accessed
     January 8, 2026).

under RCRA. 42 U.S.C. § 6972(a)(1). In her Amended Complaint, Gjøvik alleges that the City "contributed" to the "past or present handling, storage, treatment, transportation, or disposal" of solid or hazardous waste. ECF 48, ¶ 384. She alleges that the City "has knowledge" of RCRA violations made by Apple and "contributed" to those violations by failing to cite them and withholding information from the community and other government agencies. ECF 48, ¶¶ 402, 448–449, 462. She concludes by alleging that the City "allowed, enabled, and concealed" unpermitted hazardous waste activities, and "refused" to report RCRA violations of state and federal agencies despite having knowledge of them. ECF 48, ¶ 463. These conclusory claims are unsupported by specific factual allegations, are not plausible, and in any event do not assert that the City caused any violations of RCRA to occur. Rather, they offer nothing more than pejorative characterizations of the City's role as a regulator. They cannot support a claim against the City.

Even if a citizen suit could be brought against the City for exercising delegated EPA authority under RCRA, Gjøvik has not alleged that the City failed to perform a nondiscretionary duty. 42 U.S.C. 6972(a)(2). As noted above, a nondiscretionary duty is an obligation whose requirements are clearly set forth by law and not left to the discretion of an agency. *Zook v. EPA*, 611 Fed. App'x 725, 726 (D.C. Cir. 2015) (interpreting the analogous provision in the CAA). Enforcement decisions are inherently discretionary, and therefore generally not reviewable in citizen suits. *See, e.g.*, *Sierra Club v. Whitman*, 268 F.3d 898, 905 (9th Cir. 2001) (interpreting the analogous provision in the CWA).

Also note that Gjøvik's allegations against the City are internally inconsistent: her claim that the City has not taken action against the Apple Facility for its waste activities and processes (ECF 48, ¶ 402) is contradicted by her acknowledgement that the City has conducted regular inspections and cited Apple for RCRA violations at the Apple Facility. ECF 48, ¶¶ 168, 172, 203, 207, 208, 253, 304. But even assuming for the sake of argument that Gjøvik has plausibly alleged the City's failure to enforce RCRA requirements against the Apple Facility, any claims based on that allegation are barred because the City's exercise of enforcement discretion is not subject to judicial review. *Sierra Club*, 268 F.3d at 905 (interpreting the analogous CWA provision). And as to the alleged failure to report RCRA violations to the State or EPA, Gjøvik fails to cite any federal

statute that obligates the City to do so. RCRA does not authorize citizen suits against regulators for discretionary actions. 42 U.S.C. § 6972; *see Waterkeeper All., Inc. v. Regan*, 41 F.4th 654, 659 (D.C. Cir. 2022); *Appalachian Voices v. McCarthy*, 989 F. Supp. 2d 30, 45 (D.D.C. 2013). Gjøvik's Amended Complaint does not state RCRA claims that are plausibly entitled to relief, and so they should be dismissed.

### 2.     Gjøvik's CAA claims against the City are not cognizable under the CAA citizen suit provision.

In her Amended Complaint, Gjøvik makes a greater variety of CAA claims against the City but still fails to make plausible factual allegations or state claims upon which relief can be granted. She ascribes air quality issues to Apple and the property owner and alleges the City is "responsible and liable through their contribution" to those issues through the City's assumption of the CUPA program (which regulates waste, not air emissions), failure to warn, design and siting, concealment of information, negligent advice, and ownership of adjacent public property—"among other theories of liability." ECF 48, ¶ 422. All of these allegations relate to the City's role as a regulator. Gjøvik claims the City has violated § 304(a)(3)[3] of the CAA "by an unreasonable delay in enforcement." ECF 48, ¶ 423. She also accuses the City of violating the California Public Records Act,[4] obstructing EPA investigations, concealing violations, unlawfully issuing building permits, wrongfully approving a research and development designation for the facility, and failing to require federal permits. ECF 48, ¶ 424. Again, these are regulatory functions. None of these claims are supported by plausible factual allegations, and even if they were they cannot give rise to cognizable claims under the CAA citizen suit provision.

Gjøvik's allegations against the City are refuted by her own recognition that the Bay Area Air Quality Management District ("BAAQMD"), not the City, is the Apple Facility's air

---

[3] CAA § 304(a)(3) authorizes citizen suits against any person who proposes to construct a source without a required permit, or who has violated a CAA permit, and Gjøvick has not alleged that the City has done either, nor could she.

[4] No part of the CAA citizen suit provision provides a cause of action for alleged violations of the California Public Records Act, as Gjøvik alleges at ECF 48, ¶ 424. 42 U.S.C. § 7604. In any event, even in her Amended Complaint Gjøvik does not allege that the City failed to answer or unlawfully denied any of her public record requests. In fact, her Amended Complaint makes liberal use of City documents. *E.g.*, ECF 48, ¶¶ 472, 515, 533 536, 604. Her CAA claim related to the California Public Records Act should be dismissed.

permitting agency. ECF 48, ¶ 411. Air permitting is not part of the CUPA program, meaning that authority is not delegated to the City.[5] Even if the City did have a role in air permitting for the Apple Facility, an alleged delay in enforcement is an unreviewable exercise of enforcement discretion. *Sierra Club*, 268 F.3d at 903; *Ohio Pub. Int. Rsch. Grp., Inc. v. Whitman*, 386 F.3d 792, 799 (6th Cir. 2004); *City of Fairborn*, 2023 WL 2478572, at \*9.

CAA citizen suits against the regulator are restricted to actions seeking to enforce "specific non-discretionary clear-cut requirements." *Mountain States Legal Found. v. Costle*, 630 F.2d 754, 766 (10th Cir. 1980) (citing *Anaconda Co. v. Ruckelshaus*, 482 F.2d 1301 (10th Cir. 1973)). Gjøvik has alleged that the City should have somehow made Apple get a permit from BAAQMD but does not allege any violation of a statutory nondiscretionary duty, meaning she has not stated a claim under the nondiscretionary-duty portion of the CAA citizen suit provision.

The pollution control portions of the CAA citizen suit provision authorize suit against persons who violate "an emission standard or limitation" or an order issued "with respect to such a standard or limitation," 42 U.S.C. § 7604(a)(1), or who construct an air-pollution-emitting facility without the appropriate permit or violate such a permit, 42 U.S.C. § 7604(a)(3). Gjøvik has not alleged that the City has violated an air pollution emission standard or constructed an air-pollution-emitting facility without a permit, nor could she, since she has acknowledged that Apple, not the City, operates the Apple facility. ECF 48, ¶ 32. Gjøvik argues the City made a "contribution" to alleged CAA violations by Apple. ECF 48, ¶ 422. Regardless of how she may allege such a contribution occurred, such liability does not exist under the statute. 42 U.S.C. § 7604. As such, none of Gjøvik's CAA claims state a claim upon which relief can be granted, and they should be dismissed.

### 3. Gjøvik's wastewater and stormwater claims are not cognizable under the CWA citizen suit statute.

Gjøvik makes a wide range of CWA allegations against the defendants related to alleged wastewater and stormwater violations at the Apple Facility. *E.g.*, ECF 48, ¶¶ 427–437. The claims

---

[5] The CUPA Program consolidates the administration, permit, inspection, and enforcement activities of six hazardous waste programs, including underground and aboveground storage tanks and accidental release prevention. CalEPA, *More about the Unified Program*, available at: https://calepa.ca.gov/cupa/about/.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

against the City are premised on Gjøvik's wish to command the City's enforcement discretion, which is not a valid claim under the CWA citizen suit provision, 33 U.S.C. § 1365, and which is not within a court's purview, *Sierra Club*, 268 F.3d at 905. For the sake of organization, this motion responds to Gjøvik's wastewater (discharges to the Regional Wastewater Facility's wastewater treatment system) and stormwater (discharges into the City's stormwater sewers) claims in turn, both of which are regulated under CWA § 402, 33 U.S.C. § 1342.

As to both wastewater and stormwater, Gjøvik repeats the conclusory allegation that the City is "responsible and liable due to their contribution to these issues" by the City's assumption of the CUPA program, failure to warn, design and siting, concealment of information from the public, negligent advice, and ownership of adjacent public property, "among other theories of liability." ECF 48, ¶ 437. As noted above, the CUPA program regulates hazardous materials; it does not include CWA authority. This case is like *Los Angeles Waterkeeper v. SSA Terminals, LLC*, 702 F. Supp. 3d 903, 934 (C.D. Cal. 2023), where the plaintiff "generally group[ed]" the defendant City of Long Beach with industrial facility operators but did not plausibly allege that it had, "in its own right, acted in such a way that it could reasonably be considered to be in violation of federal pollution control requirements." 702 F. Supp. 3d at 934. Gjøvik has not stated a claim against the City under the CWA citizen suit statute.

### i.     Gjøvik's wastewater allegations do not plausibly state CWA claims against the City.

Gjøvik's wastewater-related claims against the City are predicated on a permitting assumption that is belied by her factual allegations. Her wastewater-related claims are based on the premise that the City has been delegated authority for the CWA Section 402 National Pollution Discharge Elimination System ("NPDES") program for wastewater discharges to the sewer system. ECF 48, ¶¶ 561–562. But that premise is refuted by her acknowledgment that the Apple Facility's CWA permit is from the San José-Santa Clara Regional Wastewater Facility ("RWF"), which runs the treatment plant. ECF 48, ¶ 565. While the City is a minority owner of the RWF, the treatment plant and its regulatory compliance is the City of San José's responsibility. *See* Declaration of Svend Brandt-Erichsen in Support of City's Motion to Dismiss ("Brandt-Erichsen

1  Decl.") Ex. 1 at pdf pages 33-35 ("Administering Agency") and Ex. 2 at pdf pages 5 (definition of

2  "Administering Agency"), 22-23 ("Industrial Waste Program"), 57-59 ("Administering Agency").

3      Gjøvik alleges that in early 2016, the RWF approved a request for Apple to discharge

4  wastewater in accordance with national pretreatment standards. ECF 48, ¶ 568. The RWF cited

5  Apple for various permit violations, ECF 48, ¶ 567, and in late 2016 changed Apple's permit from

6  a research and development permit to a semiconductor fabrication permit, ECF 48, ¶ 566. Gjøvik

7  criticizes the City and the RWF for declining to take enforcement action against Apple at that

8  time—failing to recognize that the City does not administer the RWF. ECF 48, ¶ 621. Moreover,

9  the RWF cited Apple for permit violations in September 2020. ECF 48, ¶ 570.

10     Gjøvik alleges that the City, "individually and jointly" with the RWF, violated the CWA

11 by issuing wastewater discharge permits to the Apple Facility without public notice or

12 participation, ¶ 636, failed to abate violations by not pursuing civil and criminal penalties, ¶ 637,

13 failed to identify the character and volume of pollutants in the permit, ¶ 638, failed to create and

14 maintain a program to assure compliance with pretreatment standards, ¶ 639, failed to ensure the

15 Apple Facility provided adequate notice to the permitting agency of new or different discharges,

16 ¶ 640, or the quality and quantity of effluent, ¶ 641, and failed to ensure the Apple Facility

17 complied with "sections 1284(b), 1317, and 1318" of the CWA, ¶ 642. First, she does not plausibly

18 allege that the City controls the actions of the RWF. Indeed, as noted above, the City of San Jose

19 is responsible for all administration of the RWF, including its industrial source program.  Brandt-

20 Erichsen Decl., Ex. 1 at 33-35, Ex. 2 at 5, 22-23, 57-59. Second, all she has alleged are

21 unreviewable exercises of discretion by RWF. Gjøvik alleges that the City, through the RWF,

22 failed to comply with its "mandatory obligation" to commence an enforcement action, and

23 describes how she "complained to the EPA in 2023 about unlawful and dangerous discharges" but

24 the EPA also has failed to commence enforcement action. ECF 48, ¶ 647.

25     Any claim related to administration of the RWF would not be against the City. Brandt-

26 Erichsen Decl., Ex. 1 at 33-35, Ex. 2 at 5, 22-23, 57-59. And once again, even if she could make

27 such claims against the City, the CWA citizen suit provision does not allow for claims regarding

28 an agency's discretionary actions. *City of Olmstead Falls v. U.S. E.P.A.*, 233 F. Supp. 2d 890, 900–

01 (N.D. Ohio 2002) (citing *Heckler*, 470 U.S. at 831); *Dubois v. Thomas*, 820 F.2d 943 (8th Cir. 1987) (concluding after an extensive review of the statute, and legislative history, that the CWA imposes only discretionary duties to take enforcement action); *Sierra Club*, 268 F.3d at 902 (citing *Dubois v. Thomas* with approval).

None of Gjøvik's wastewater-related claims allege failure to perform a non-discretionary duty. But even if they did, a local jurisdiction cannot be sued in EPA's shoes for failing to perform a nondiscretionary duty. *P.E.A.C.H.*, 87 F.3d at 1249; *see also, City of Fairborn*, 2023 WL 2478572, at *6 (interpreting the identical CAA provision). In sum, Gjøvik's wastewater claims against the City do not allege facts that she is plausibly entitled to relief, and they should be dismissed.

### ii.    Gjøvik's stormwater allegations do not plausibly state CWA claims against the City.

Gjøvik is correct that the CWA authorizes citizen suits against "any person," including a "governmental instrumentality or agency," 33 U.S.C. § 1365(a)(1), for permit violations, but does not plead any violations of the stormwater permit requirements she alleges apply to the City. Gjøvik notes that the California State Water Resources Control Board issued a NPDES stormwater permit to the City, ECF 48, ¶ 563, and the City in turn issued an Industrial Stormwater permit to Apple. ECF 48, ¶ 565. She then alleges that Apple violated requirements of its industrial stormwater permit, and that the City failed to enforce those requirements. ECF 48, ¶¶ 578, 580, 654. Her allegations against the City are then belied by her descriptions of a 2016 incident in which a City stormwater inspector cited Apple for dumping cooling water into storm drains, ECF 48, ¶ 578, as well as two stormwater inspections of the Apple Facility by the City in 2022. ECF 48, ¶ 580.  Thus, Gjovik acknowledges that the City has conducted *some* enforcement, but just not as much as she desires. Unfortunately, she cannot pursue a claim of insufficient enforcement.

Gjøvik alleges that the City "must know that discharges from the Facility into the sewer system are causing downstream residents to become ill," and should have taken enforcement action. ECF 48, ¶ 428. Again, Gjøvik makes no allegation of a CWA violation by the City; just an unreviewable objection to an alleged exercise of enforcement discretion.

1    Gjøvik also alleges that the City violated the CWA by "creating pseudo-permits to Apple

2    and The Property Owners" for stormwater discharge, in an O&M agreement and "in dicta" in a

3    wastewater permit. ECF 48, ¶ 676–678. How the City is supposed to have created permits without

4    creating permits is left unspecified, as is any associated CWA violation. Gjøvik argues the City

5    failed to ensure public notice and participation in the CWA permitting of the Apple Facility, ECF

6    48, ¶ 679–680, but she does not specify when or what permit is supposed to have been

7    insufficiently noticed, nor identify any associated mandatory CWA requirement.

8    Gjøvik apparently believes that the City should be more aggressive in its regulation of

9    stormwater discharges from the Apple Facility, but that is not an actionable citizen suit claim. Her

10   stormwater CWA claims fail to state a plausible claim against the City, and they should be

11   dismissed.

12                    **4.    Gjøvik's EPCRA claims were insufficiently or not noticed, and do not**
13                    **allege any nondiscretionary action by the City.**

14   Gjøvik fails to state claims against the City under the Emergency Planning and Community

15   Right-to-Know Act (EPCRA), 42 U.S.C. § 11046. ECF 48, at 135. EPCRA was passed in 1986 in

16   response to concerns regarding hazards posed by storage and handling of toxic chemicals, and

17   imposes planning and reporting requirements for federal, state, tribal, and local governments, as

18   well as industry.[6] Gjøvik makes a general allegation that the City has been delegated "emergency

19   planning coordination," but does not identify where or how the EPCRA responsibilities relevant

20   to her claims were delegated to the City. ECF 48, ¶ 45.

21   In her EPCRA claim, she alleges that Apple failed to submit emergency notices, submit

22   material safety data sheets or lists, complete and submit an inventory, and complete and submit a

23   toxic chemical release form. ECF 48, ¶ 691. She quotes EPCRA's grant of jurisdiction to district

24   courts for enforcing EPCRA's requirements for owners and operators of facilities, and EPA's

25   guide to EPCRA compliance for semiconductor manufacturers. ECF 48, ¶¶ 691–692. All of these

26   are claims against Apple, not against the City.

27   The Amended Complaint also alleges that the City (1) failed to ensure that the Apple

28

---

[6] EPA, *What is EPCRA?*, available at: https://www.epa.gov/epcra/what-epcra.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

1    Facility submits Toxics Release Inventory (TRI) reports under EPCRA § 313, ¶ 700, (2) failed to

2    provide a mechanism for public availability of information under EPCRA § 324, ¶ 709, and (3)

3    failed to respond to a request for tier II information under EPCRA § 312. ¶ 710. Gjøvik fails to

4    identify any EPCRA provisions that actually impose nondiscretionary obligations on the City, or

5    to allege that any City obligations are actionable under EPCRA's citizen suit provision.

6                    **i.      Claims not included in Gjøvik's notice letter cannot be brought in**

7                    **court.**

8          Gjøvik's 60-day notice letter ("Notice"), ECF 3, did not include her last three EPCRA

9    claims, and so she did not satisfy the mandatory condition precedent to their inclusion in her

10   lawsuit. *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1150–53 (9th Cir. 2024)

11   (analogous ESA citizen suit notice requirement is not jurisdictional but is a threshold requirement

12   that must be satisfied before filing a lawsuit). Her first EPCRA claim likewise should be dismissed

13   because it does not comply with EPCRA notice requirements.

14         Like other citizen suit provisions, EPCRA requires notice before bringing suit. 42 U.S.C.

15   § 11046(d). "[T]he purpose of notice to the alleged violator is to give it an opportunity to bring

16   itself into complete compliance with the Act and thus likewise render unnecessary a citizen

17   suit." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60

18   (1987) (interpreting analogous provision of the CWA). It also allows a government agency to take

19   action on the alleged violation. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 29 (1989) (interpreting

20   analogous provision of RCRA). For many years the Ninth Circuit treated citizen suit notice

21   requirements as jurisdictional, but revisited its position in 2024 in light of a recent U.S. Supreme

22   Court decision. *See Cascadia Wildlands*, 105 F.4th at 1150–53. This circuit now recognizes the

23   notice requirements as a mandatory claims-processing rule that is a mandatory condition precedent

24   to commencing suit. *See id.* at 1153 (interpreting analogous ESA notice requirement).

25         Notice of an EPCRA violation of a standard, regulation, condition, requirement, or order

26   must identify the requirement that has allegedly been violated, the activity or failure to act, and the

27   dates of the violation. 42 U.S.C. § 11046(d); *Gatzke v. City of W. Bend, Wisconsin*, 561 F. Supp.

28   3d 792, 798 (E.D. Wis. 2021) (dismissing EPCRA claims because plaintiffs' notice did not specify

*when* the defendant should have made disclosures).

Gjøvik's first EPCRA claim against the City, under § 313, should be dismissed for insufficient notice. In her Notice, Gjøvik alleged that the "City has failed to ensure that the Facility submits required Toxics Release Inventory (TRI) reports under EPCRA § 313." ECF 3, ¶ 102. She did not identify what provision of EPCRA requires the City to "ensure" the Apple Facility submits its reports, nor the person responsible, nor the dates of the alleged violation. As such, Gjøvik's notice for her first EPCRA claim, ECF 48, ¶ 700, is legally insufficient and it should be dismissed. *Gatzke*, 561 F. Supp. 3d at 798.

Gjøvik's second and third EPCRA claims should be dismissed for the absence of notice.[7] *See* ECF 3 at 20–21. Gjøvik made no mention of public availability of information under EPCRA § 324 or tier II information under EPCRA § 312 in her Notice letter, thereby giving the defendants and the EPA no opportunity to assess if corrective action or enforcement may be warranted. *Gwaltney*, 484 U.S. at 60; *Hallstrom*, 493 U.S. at 29. Since she failed to satisfy this mandatory precondition to asserting such claims against the City, those claims cannot be maintained and should be dismissed. *Gatzke*, 561 F.Supp. 3d at 798.

### ii.    Gjøvik cannot maintain her EPCRA claim that the City "failed to ensure" that the Apple Facility submit Toxics Release Inventory reports.

Gjøvik's claim that the City failed to ensure that that Apple submits TRI reports, ECF 48, ¶ 700, is not allowed under EPCRA's citizen suit provision. EPCRA § 313 creates a framework for toxic chemical release forms, which facility owners and operators must submit to EPA and state officials annually. 42 U.S.C. § 11023(a). It also includes provisions for how EPA may add or delete chemicals from the reporting requirement, act on petitions regarding chemicals for reporting, and make data available to the public, among other things. 42 U.S.C. § 11023(d), (e), (j). It does not impose any obligations on local jurisdictions.

The EPCRA citizen suit provision provides no cause of action against local governmental entities for this claim. 42 U.S.C. § 11046. Regarding TRI reports, a citizen suit can be brought

---

[7] Her fourth EPCRA claim, relating to the Environmental Impact Report ("EIR") for Santa Clara Square Apartments, is addressed below in section IV.B.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

1  against an owner or operator of a facility for failure to complete and submit a report. 42 U.S.C.

2  § 11046(a)(1)(A). A citizen suit can also be brought against EPA for failure to respond to a petition

3  to add or delete a chemical within 180 days, publish a toxic chemical release form, or establish a

4  computer database. 42 U.S.C. § 11046(a)(1)(B)(ii)–(iv).

5      The City is not the owner or operator of the Apple Facility and it does not have EPA's

6  authority or duties under EPCRA § 313, 42 U.S.C. § 11023. Even if the City somehow could be

7  sued as standing in EPA's shoes, 'ensuring the facility submits the required reports' does not fall

8  into any of the categories for which a suit can be brought against EPA. 42 U.S.C.

9  § 11046(a)(1)(B)(ii)–(iv). This cause of action was not sufficiently noticed, cannot plausibly be

10  maintained, and should be dismissed.

11
12         **iii.**    **Gjøvik's EPCRA claim for publicly available information cannot be brought against the City and does not allege any relevant facts.**

13      As noted in the prior subsection, Gjøvik alleges that the City, delegated as a CUPA from

14  California's emergency response agency, failed to provide a mechanism for the public availability

15  of information in accordance with 42 U.S.C. § 11044(a). ECF 48, ¶ 709. While Gjøvik's allegation

16  that the City is delegated as a CUPA is correct, she is legally incorrect in her assumption that the

17  CUPA program includes delegation of the State's EPCRA functions.[8]

18      Substantively, 42 U.S.C. § 11044(a) requires that documents received from regulated

19  facilities be made available to the general public. But regardless of whether the City has some

20  obligations as a "local emergency planning committee" under 42 U.S.C. § 11044(a), the EPCRA

21  citizen suit statute only authorizes suit against EPA or the State "for failure to provide a mechanism

22  for public availability of information in accordance with 42 U.S.C. § 11044(a)." 42 U.S.C.

23  § 11046(a)(1)(C). It does not authorize citizen suits against a local emergency planning committee

24  or any other municipal unit of government, so this claim cannot be brought against the City.

25      Gjøvik's claim that the City violated this provision also is conclusory, and she does not

26  allege relevant facts to support her claim. ECF 48, ¶ 709. She never alleges that she made any

27  requests for EPCRA reports to the City, or that she failed to receive EPCRA records from the City.

28

---

[8] CalEPA, *Unified Program: Laws and Regulations*, available at:
   https://calepa.ca.gov/cupa/lawsregs/.

1    Thus, beyond having no statutory basis to bring this claim against the City, it must also be

2    dismissed because Gjøvik provided no notice for it and fails to plausibly allege the factual basis

3    for such a claim.

4           iv.    **Gjøvik's EPCRA claim that the City failed to respond to a request for**
                   **tier II information cannot be brought against the City, and she never**
5                  **alleges that she made such a request.**
6

7           Gjøvik also alleges that the City failed to respond to a request for EPCRA tier II

8    information under 42 U.S.C. § 11022(e)(3). ECF 48, ¶ 710. Gjøvik mentions tier II information

9    once in her Amended Complaint; when she alleges the City failed to provide it. *Id*. She alleges no

10   facts that she ever asked the City for tier II information, let alone specifying when she made the

11   request or that the City ever declined such a request. *Id.* The underlying requirement concerns

12   information about chemicals at a facility like the names, amounts present, and location and manner

13   of storage. 42 U.S.C. § 11022(d)(2). The relevant portion of the EPCRA citizen suit provision

14   authorizes suit against "[a] State Governor or a State emergency response commission for failure

15   to respond to a request for tier II information . . . within 120 days after the date of receipt of the

16   request." 42 U.S.C. § 11046(a)(1)(D). As above, the City is not included in the list of entities

17   against which Congress authorized suit. 42 U.S.C. § 11046(a)(1)(D). As a result, this claim cannot

18   be maintained against the City.

19          In sum, the statute does not authorize suit against the City for this claim, Gjøvik provided

20   no notice of it, and she alleges no facts to support her conclusory allegation. As such, this claim

21   cannot be maintained against the City and should be dismissed.

22          **5.     Gjøvik has not plausibly pleaded a TSCA claim against the City.**

23          Gjøvik correctly cites the pollution-control portion of the TSCA citizen suit statute as

24   applying to "any person," including a "governmental instrumentality or agency," ECF 48, ¶ 716,

25   but has not and cannot identify any provision of TSCA or any rule or order issued under it that the

26   City has violated. 15 U.S.C. § 2619(a)(1). According to Gjøvik, the City's TSCA violation is that

27   the City knew Apple was using and disposing of hazardous chemical substances in violation of

28   TSCA but did not "stop or abate it, and instead enabled, concealed, and contributed to the

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

1    violations," ECF 48, ¶ 750–751, and also by "failing to warn, and failing to assist those who were

2    harmed." ECF 48, ¶ 754. However, Gjøvik does not link these allegations to any provision of

3    TSCA. Gjøvik has not identified any TSCA requirement that imposes obligations on the City for

4    industrial facilities within its borders, nor is there one. She has not stated a claim against the City

5    under the TSCA citizen suit statute, nor could she plausibly do so.

6            The City does not own or operate the Apple Facility. It is not subject to TSCA requirements

7    for the use or disposal of TSCA-regulated chemicals at the Apple Facility, nor is it subject to

8    associated record-keeping requirements. Gjøvik's TSCA claims directed at the City are not

9    plausible given that the City, as stated, does not own or operate the Apple Facility. *Twombly*, 550

10   U.S. at 570; *Iqbal*, 556 U.S. at 678.

11                   **6.        Gjøvik gave no notice for her CWA 404 and related claims.**

12           In her Amended Complaint, Gjøvik asserts for the first time that the City violated CWA

13   sections 401 and 404, ECF 48, ¶¶ 586–589, as well as the federal Rivers and Harbors Act and

14   Endangered Species Act, ECF 48, ¶ 594, by filling "Saratoga Creek (aka Campbell's Creek aka

15   Sanjon Creek)," ECF 48, ¶ 586. Gjøvik's Notice and her first Complaint contain no mention of

16   these claims. *See* Notice; ECF 1 (Complaint). As noted above with regard to analogous EPCRA

17   provisions, notice of a claim is a mandatory condition precedent to bringing suit under the CWA.

18   33 U.S.C. § 1365(b); *Cascadia Wildlands*, 105 F.4th at 1150–53. Without notice, these claims

19   cannot proceed in this action and must be dismissed. *Gwaltney*, 484 U.S. at 60; *Hallstrom*, 493

20   U.S. at 29.

21           **B.       Claims related to the EIR for the Santa Clara Square Apartments are**
22                    **untimely and cannot be brought under federal environmental law.**

23           In her Amended Complaint, Gjøvik adds several claims related to the Santa Clara Square

24   Apartments, where she lived before moving to Boston. ECF 48, ¶ 544–556 (CAA), ¶ 652 (CWA),

25   ¶ 713 (EPCRA). She references the Environmental Impact Report ("EIR") for that development,

26   which was generated in 2015 pursuant to the California Environmental Quality Act ("CEQA").

27   ECF 48, ¶ 101. This EIR is over ten years old and any challenge to it is untimely. Additionally,

28   federal environmental citizen suits provide no cause of action for alleged violations of state law.

As Gjøvik acknowledges, the CEQA EIR for the Santa Clara Square Apartments was issued in 2015. ECF 48, ¶ 101. CEQA statutes of limitation are 30–35 days depending on the procedures used by the public agency. Cal. Code Reg. Tit. 14, § 15112. By any measure, over ten years since the issuance of a CEQA EIR is too late to challenge it in court. *Id.* Gjøvik's claims that challenge the CEQA EIR for the Santa Clara Square Apartments should be dismissed.

Even if timely, Gjøvik could not bring claims based on the EIR in this case. She attempts to bring these claims under federal environmental citizen suit provisions, which do not provide causes of action for alleged violations of state law. 42 U.S.C. § 7604 (CAA); 33 U.S.C. § 1365 (CWA); 42 U.S.C. § 11046 (EPCRA). The CAA, CWA, and EPCRA – all federal statutes – have no bearing on EIRs under CEQA and provide no cause of action for alleged violations of state law, 42 U.S.C. § 7604; 33 U.S.C. § 1365; 42 U.S.C. § 11046, nor has Gjovik explained how an EIR could give rise to a claim under federal law. None of Gjøvik's claims related to the EIR are legally cognizable, and they should be dismissed.

### C.    Gjøvik has not alleged facts sufficient to state a claim against the City for causing a public nuisance and cannot plausibly do so.

Gjøvik's has not alleged that the City has any responsibility for the Facility or its alleged releases, and cannot plausibly do so.[9] Broadly speaking, Gjøvik argues that the Apple Facility is a public nuisance because she alleges that it is releasing and emitting substances that harm the community. ECF 48, ¶¶ 757–758. She alleges that the City allowed this public nuisance to happen by "directly and indirectly" permitting the Facility and its alleged impacts on nearby city parks. ECF 48, ¶¶ 757, 793–813. This is just another way of challenging the City's exercise of its enforcement discretion, which is not reviewable by the courts. *Heckler*, 470 U.S. at 831; *Sierra Club*, 268 F.3d at 905. It also does not state a public nuisance claim against the City.

---

[9] Once the citizen suit claims against the City are dismissed, the Court also will no longer have subject matter jurisdiction over Gjøvik's state law claim against the City. Federal district courts have original jurisdiction, they also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. This is a claim-by-claim inquiry. *Id.* Without a federal question claim that 'anchors' jurisdiction, there is no supplemental jurisdiction over related state law claims. *Id.* That is the case here. Without the federal environmental claims against the City, the absence of supplemental jurisdiction is another reason do dismiss Gjøvik's California state law claim against the City.

While private nuisance is "designed to vindicate individual land ownership interests," public nuisance has "historically distinct origins and aims at the protection and redress of *community* interests." *Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal. App. 5th 350, 358, 213 Cal. Rptr. 3d 538, 545 (2017) (emphasis original) (citing *People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, 1103, 929 P.2d 596, 603 (1997)). Public nuisances at common law are interferences with "the exercise of rights common to the public" like public health and safety. *Id.* "To qualify as a public nuisance, the interference must be both substantial and objectively unreasonable." *Id.*

California's common law categories for nuisance were codified in 1872 and remain generally unchanged today. *Id.* A nuisance is anything "which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of . . . any public park, square, street, or highway." Cal. Civ. Code § 3479. A public nuisance "is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ. Code § 3480.

Under California law, a "private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." Cal. Civ. Code § 3493. Gjøvik cannot maintain a public nuisance action under California law because nothing related to the Apple Facility is "specially injurious" to her, as required to maintain such an action. Cal. Civ. Code § 3493. At the time she filed the complaint, and presently, she lives over 3,000 miles away in Boston. She would be legally unaffected by any nuisance remedy. *Cf. Hacala v. Bird Rides, Inc*., 90 Cal. App. 5th 292, 326, 306 Cal. Rptr. 3d 900, 928 (2023); *Sierra Club, Inc. v. Exxon Mobil Corp*., No. 24-CV-07288-RS, 2025 WL 2578218, at *3 (N.D. Cal. Sept. 5, 2025).

Causation also is "an essential element of a public nuisance claim." *City of San Diego*, 8 Cal. App. 5th at 359. A plaintiff must establish a "connecting element" or a "causative link" between the defendant's conduct and the threatened harm. *Id.* (quoting *In re Firearm Cases*, 126 Cal. App. 4th 959, 988, 24 Cal. Rptr. 3d 659, 679 (2005)). The defendant also must be more than

just a link in the causation chain. A plaintiff must show the defendant's conduct was a "substantial factor" in causing the alleged harm. *People v. ConAgra Grocery Prods. Co*., 17 Cal. App. 5th 51, 102, 227 Cal. Rptr. 3d 499, 543 (2017) (holding that defendant companies' conduct was a substantial factor in causing a lead paint nuisance because they had affirmatively promoted lead paint for interior residential use); *contra City of San Diego*, 8 Cal. App. 5th at 361 (holding that defendant City's conduct was not a substantial factor in causing a noxious sea lion waste odor at La Jolla Cove because the City's fence had not impacted sea lion population dynamics or behavior).

The City did not create or assist in creating any alleged nuisance related to the Apple Facility. *See City of Modesto Redevelopment Agency v. Superior Ct.*, 119 Cal. App. 4th 28, 38, 13 Cal. Rptr. 3d 865, 872 (2004). Gjøvik has not pled or shown how the City's exercise of its authorities related to the Apple Facility caused any nuisance. Any offsite impacts from releases at the Apple Facility are caused by the Facility, not by the City. To the extent Gjøvik is arguing that better City enforcement could have avoided or mitigated those impacts, the City's enforcement decisions are not subject to judicial review or direction. *Heckler*, 470 U.S. at 831; *Sierra Club*, 268 F.3d at 905. The City's conduct is not a "substantial factor" in any nuisance related to the Apple facility. *City of San Diego*, 8 Cal. App. 5th at 361.

Gjøvik's Amended Complaint also alleges that where the City did not "directly cause" the nuisance, the City "maintained it, protected it, failed to abate it, and failed to warn people of the dangers." ECF 48, ¶ 795. As noted, nuisance liability does not attach without causation, which is lacking here. *City of San Diego*, 8 Cal. App. 5th at 359. Additionally, nuisance liability does not extend to a "failure to warn." *City of Modesto Redevelopment Agency*, 119 Cal. App. 4th at 38. Just as the City has not caused or been a substantial factor in generating any releases from the Apple Facility, it also is not responsible for any dangerous conditions that those releases may have caused outside of its boundaries; the law of public nuisance is not so attenuated. Gjøvik cannot plead a cause of action for public nuisance against the City related to the Apple facility, and her claim should be dismissed.

DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS AMENDED COMPLAINT

1

2

## V.    **CONCLUSION**

In sum, Gjøvik states no claim against the City upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Gjøvik wants this Court to compel the City to enforce environmental laws in the way she sees fit, *e.g.* ECF 48, ¶ 814, but government enforcement of environmental law is inherently discretionary, and is not directed by courts. *Heckler*, 470 U.S. at 831; *Sierra Club*, 268 F.3d at 905. The City also does not have CAA, CWA, EPCRA, or TSCA enforcement authority over the Apple Facility. *See supra.*

Gjøvik wants this Court to compel the City to enforce environmental laws against the Apple Facility. But the citizen suit provisions do not authorize claims seeking to require agencies to exercise discretionary functions. They only grant the Court jurisdiction to compel nondiscretionary government actions. 42 U.S.C. § 6972(a)(2) (RCRA); 42 U.S.C. § 7604(a)(2) (CAA); 33 U.S.C. § 1365(a)(2) (CWA); 42 U.S.C. § 11046(a) (EPCRA); 15 U.S.C. § 2601 (TSCA). And even if Gjøvik had made a claim seeking performance of nondiscretionary actions cognizable under these citizen suit provisions, the statutes do not make those claims available against the City. *Id.*; *City of Fairborn*, 2023 WL 2478572, at *6; *P.E.A.C.H.*, 87 F.3d at 1249.

Finally, Gjøvik has not plausibly stated a claim against the City under her pendant state law claim for public nuisance. She has not plausibly alleged that the City caused a public nuisance and, in any event, nothing she has alleged is "specially injurious" to her during the time frame relevant to this suit, since she now resides in Boston.

For all of the foregoing reasons, the City respectfully requests that the Court dismiss all claims against it in this action, with prejudice.

DATED:  January 21, 2026                         NOSSAMAN LLP
                                                 SVEND BRANDT-ERICHSEN
                                                 BRENDAN F. MACAULAY
                                                 JENNIFER J. SEELY


                                                 By: */s/ Svend Brandt-Erichsen*
                                                 *Attorneys for Defendant City of Santa Clara*

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on January 21, 2026, I electronically filed the foregoing

3 **DEFENDANT CITY OF SANTA CLARA'S NOTICE OF MOTION AND MOTION TO**

4 **DISMISS AMENDED COMPLAINT, MEMORANDUM OF POINTS AND**

5 **AUTHORITIES** with the Clerk of the Court using the CM/ECF system, which sent notification

6 of such filing to all counsel of record.

7

8      */s/ Svend Brandt-Erichsen*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28