1  NOSSAMAN LLP
   SVEND BRANDT-ERICHSEN (WA BN 23923)
2  sbrandterichsen@nossaman.com
   *Pro Hac Vice*
3  JENNIFER J. SEELY (AK BN 63021)
   jseely@nossaman.com
4  *Pro Hac Vice*
   719 Second Avenue, Suite 1200
5  Seattle, WA 98104
   Telephone:  206.395.7630
6  Facsimile:   206.257.0780

7  NOSSAMAN LLP
   BRENDAN F. MACAULAY (CA BN 162313)
8  bmacaulay@nossaman.com
   50 California Street, 34th Floor
9  San Francisco, CA 94111
   Telephone:    415.398.3600
10 Facsimile:     415.398.2438

11 *Attorneys for Defendant City of Santa Clara*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJØVIK, an individual, | Case No:   5:25-cv-07360-PCP |
| Plaintiff, | **DEFENDANT CITY OF SANTA CLARA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT** |
| vs. | |
| APPLE INC., a corporation, CITY OF SANTA CLARA, a local government, MR. KALIL/KHALIL JENAB, individually, & as Agent/Member/Manager of: JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, & as Trustee/Agent of: THE JENAB FAMILY TRUST, | Date:  March 26, 2026<br>Time: 10:00 AM<br>Courtroom: 8, 4th Floor<br>Judge: Hon. P. Casey Pitts |
| Defendants. | |

## I. INTRODUCTION

Defendant City of Santa Clara ("City") respectfully requests that, in in determining its accompanying Motion to Dismiss the Amended Complaint ("Motion to Dismiss"), the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the documents attached as **Exhibits 1 and 2** to the accompanying **Declaration of Svend A. Brandt-Erichsen in Support of City's Motion to Dismiss** ("Brandt-Erichsen Decl."), which are as follows:

**Municipal Government Documents**

- A true and correct copy of the document titled "Sewage Treatment Plant Agreement Between San Jose and Santa Clara," formed March 30, 1959. (**Exhibit 1.**)
- A true and correct copy of the document titled "Master Agreement for the Wastewater Treatment Between City of San Jose, City of Santa Clara and County Sanitation District #4," dated as of March 1, 1983. (**Exhibit 2.**)

## II. JUDICIAL NOTICE IS WARRANTED

The Court may properly consider documents on file with government agencies as they are judicially noticeable. Under Rule 201, a court may judicially notice an "adjudicative" fact that is "not subject to reasonable dispute" either (1) because it is "generally known" in the jurisdiction, or (2) because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This includes government records and reports. *Smith v. Los Angeles Unified School District*, 830 F.3d 843, 851 n.10 (9th Cir. 2016).

Plaintiff cannot reasonably dispute the contents of the municipal government documents. Exhibits 1 and 2 are publicly-accessible municipal government documents that govern operation of the Regional Wastewater Facility. Therefore, the Court may consider them under Rule 201.

## III. THE DOCUMENTS ARE ALSO INCORPORATED BY REFERENCE

The Court may also consider the documents governing operation of the Regional Wastewater Facility (Exhibits 1 and 2) under the doctrine of incorporation by reference, as the Amended Complaint alleges that the City co-owns the Regional Wastewater Facility with the City of San Jose, ECF 48 at ¶¶561-562, and these documents set out the nature of their respective interests and the City of San Jose's role as operator and administrator of the Facility. Under this

doctrine, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). The doctrine also applies when the plaintiff's claim depends on a document's contents, the defendant attaches the document to its motion to dismiss, and the parties do not dispute its authenticity. *Id.*; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Here, Gjøvik's claim that the City operates or controls the Regional Wastewater Facility depends on the contents of these agreements governing that Facility. A court may also properly consider a document that is crucial to the plaintiff's claims, even if the document's contents or existence are not explicitly alleged in the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The purpose of this rule is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (cleaned up).

For the foregoing reasons, the City respectfully requests that the Court take judicial notice of Exhibits 1 and 2 to the Declaration of Svend A. Brandt-Erichsen in Support of City Motion to Dismiss.

DATED:  January 21, 2026                    NOSSAMAN LLP
                                            SVEND BRANDT-ERICHSEN
                                            BRENDAN F. MACAULAY
                                            JENNIFER J. SEELY


                                            By:  */s/ Svend Brandt-Erichsen*
                                                  Svend Brandt-Erichsen

                                            *Attorneys for Defendant City of Santa Clara*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2026, I electronically filed the foregoing **DEFENDANT CITY OF SANTA CLARA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                      */s/ Svend Brandt-Erichsen*

DEFENDANT CITY OF SANTA CLARA'S REQUEST FOR JUDICIAL NOTICE