WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL
JENAB, JENAB FAMILY LP, JENAB FAMILY
VENTURES LLC, and JENAB FAMILY TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>              Plaintiff,<br><br>     v.<br><br>APPLE INC., ET AL.<br><br>              Defendant. | Case No. 5:25-cv-07360-PCP<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  March 26, 2026<br>Time:  10:00 a.m.<br>Courtroom:  8, 4th Floor<br>Judge:  Hon. P. Casey Pitts<br><br>Action Filed:  September 2, 2025<br>Trial Date:  TBD |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 26, 2026, at 10:00 a.m., or as soon as the matter may be heard, in Courtroom 8, of the United States District Court of the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendant Apple Inc. moves to dismiss Plaintiff's First Amended Complaint with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Apple bases this Motion on this Notice of Motion, Apple's Memorandum of Points and Authorities, the Declaration of William F. Tarantino, the pleadings, records, and files in this action, and all other written or oral arguments or evidence that the parties may present to the Court relating to this Motion. Apple respectfully asks that the Court dismiss this action with prejudice because the Court lacks subject matter jurisdiction, and Plaintiff fails to state a claim upon which relief can be granted.

**STATEMENT OF RELIEF SOUGHT (L.R. 7-2(b)(3))**

Apple seeks an order dismissing all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, 12(b)(6) because the First Amended Complaint fails to establish federal subject-matter jurisdiction and fails to state a cognizable claim for relief.

Dated: January 21, 2026                    MORRISON & FOERSTER LLP

                                           By:  /s/ William F. Tarantino
                                               William F. Tarantino

                                           *Attorneys for Defendants*
                                           APPLE INC., KALIL JENAB, JENAB
                                           FAMILY LP, JENAB FAMILY T
                                           VENTURES LLC, and JENAB FAMILY
                                           TRUST

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) .................................................. IX

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

I.      INTRODUCTION ............................................................................................ 1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................ 2

     A.    Plaintiff's Related Claims Against Apple Were Already Dismissed with Prejudice........................................................................................................ 2

     B.    Plaintiff's Defective Pre-Suit Notice. ................................................. 3

     C.    Plaintiff's Current Complaint................................................................ 3

III.    LEGAL STANDARD ..................................................................................... 4

IV.    ARGUMENT ................................................................................................. 5

     A.    Plaintiff Does Not Have Article III Standing Because She Lacks a Concrete Injury .................................................................................................. 5

          1.    Plaintiff has not alleged harm to any aesthetic or recreational interest. ........................................................................................... 5

          2.    Plaintiff does not have concrete plans to return. .......................... 6

          3.    Plaintiff cannot rely on allegations of past personal injury....................... 6

     B.    Plaintiff Failed to Provide Adequate Pre-Suit Notice .......................... 7

          1.    The pre-suit notice is technically deficient. ................................. 8

          2.    The pre-suit notice is substantively deficient. ............................. 9

          3.    Plaintiff cannot advance new theories omitted from her notice............... 11

     C.    Plaintiff's Amended Complaint Fails to State a Claim ........................ 11

          1.    The FAC's Rule 8 violations mandate dismissal. ...................... 11

          2.    Government enforcement bars Plaintiff's Resource Conservation and Recovery Act (RCRA) claims. .......................................... 13

          3.    Plaintiff's Clean Air Act (CAA) allegations are time-barred. ................. 13

          4.    The Clean Water Act (CWA) claim alleges no permit noncompliance or ongoing violation......................................... 15

          5.    Plaintiff fails to identify any actionable regulations limiting use of the chemical NMP under the Toxic Substances Control Act (TSCA). ...................................................................................... 16

          6.    Plaintiff's Emergency Planning and Community Right-to-Know Act (EPCRA) allegations fail to identify regulated chemicals or trigger prerequisites to liability. ................................................. 16

          7.    Plaintiff's public nuisance claim is time-barred and fails to state a claim................................................................................................. 18

          8.    Plaintiff vaguely alleges violations of a laundry list of inapplicable, unenforceable, or duplicative statutes and regulations. ............................ 20

**TABLE OF CONTENTS**
(continued)

Page

V.    CONCLUSION .................................................................................................. 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
　556 U.S. 662 (2009) .......................................................................................... 4, 11, 16, 18

*Atl. States Legal Found. v. United Musical Instruments,*
　61 F.3d 473 (6th Cir. 1995) .................................................................................... 9

*Beck Dev. Co. v. S. Pac. Transp. Co.,*
　44 Cal. App. 4th 1160 (1996) ............................................................................ 18, 19

*Bell Atl. Corp. v. Twombly,*
　550 U.S. 544 (2007) .................................................................................................. 4

*Brosnahan v. Caliber Home Loans, Inc.,*
　765 F. App'x 173 (9th Cir. 2019) ........................................................................ 11

*Browning v. Am. Honda Motor Co., Inc.,*
　549 F. Supp. 3d 996 (N.D. Cal. 2021) .................................................................. 5

*Candlestick Heights Cmty. All. v. City & Cnty. of S.F.,*
　No. 23-cv-00082-SK, 2023 WL 9317153 (N.D. Cal. Dec. 21, 2023),
　*aff'd*, 2025 WL 275112 (9th Cir. Jan. 23, 2025) ............................................... 5, 7

*Cascadia Wildlands v. Scott Timber Co.,*
　105 F.4th 1144 (9th Cir. 2024) .................................................................... 7, 8, 9, 10

*Chandler v. State Farm Mut. Auto. Ins. Co.,*
　598 F.3d 1115 (9th Cir. 2010) ................................................................................ 4

*Clarke v. Pac. Gas & Elec. Co.,*
　501 F. Supp. 3d 774 (N.D. Cal. 2020) ................................................................ 14

*Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy,*
　305 F.3d 943 (9th Cir. 2002) .................................................................................. 8

*Cmty. of Cambridge Env't Health & Dev. Grp. v. City of Cambridge,*
　115 F. Supp. 2d 550 (D. Md. 2000) ..................................................................... 13

*Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC,*
　115 F.4th 1217 (9th Cir. 2024) ............................................................................... 7

*Ctr. for Biological Diversity v. Marina Point Dev. Co.,*
　566 F.3d 794 (9th Cir. 2008), *amended* (May 14, 2009) ............................. 9, 10, 11

*Daniels-Hall v. Nat'l Educ. Ass'n,*
    629 F.3d 992 (9th Cir. 2010) ................................................................................. 4

*Demoruelle v. Kucharski,*
    No. 19-00269 JAO-RT, 2019 WL 4739285 (D. Haw. Sept. 27, 2019) ................................. 5

*Ecological Rts. Found. v. Pac. Lumber Co.,*
    230 F.3d 1141 (9th Cir. 2000) ............................................................................. 5

*Eisentecken v. Tahoe Reg'l Plan. Agency,*
    No. 2:20-cv-02349-DJC-CKD, 2025 WL 1531678 (E.D. Cal. May 28, 2025) ...................... 19

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,*
    528 U.S. 167 (2000) .................................................................................. 4, 5, 6

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,*
    484 U.S. 49 (1987) ............................................................................. 13, 14, 15

*Hall v. Norton,*
    266 F.3d 969 (9th Cir. 2001) ............................................................................. 7

*Hallstrom v. Tillamook Cnty.,*
    493 U.S. 20 (1989) ............................................................................. 7, 8, 9, 10

*Holmes High Rustler, LLC v. Gomez,*
    No. 15-cv-02086-JSC, 2015 WL 4999737 (N.D. Cal. Aug. 21, 2015) ................................ 20

*Karr v. Hefner,*
    475 F.3d 1192 (10th Cir. 2007) ........................................................................ 13

*Knapp v. Hogan,*
    738 F.3d 1106 (9th Cir. 2013) .......................................................................... 11

*Lujan v. Defs. of Wildlife,*
    504 U.S. 555 (1992) ................................................................................... 4, 6

*Mallon v. City of Long Beach,*
    164 Cal. App. 2d 178 (1958) ............................................................................ 20

*Mendoza v. Amalgamated Transit Union Int'l,*
    30 F.4th 879 (9th Cir. 2022) ........................................................................... 25

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ............................................................................. 4

*Nilson v. City of San Jose,*
    No. C 07-03686 JW, 2008 WL 11387038 (N.D. Cal. July 24, 2008) ......................... 8, 9, 10

*Nuclear Info. & Res. Serv. v. Nuclear Regul. Comm'n,*
    457 F.3d 941 (9th Cir. 2006) ............................................................................. 5

*People ex rel. Bradford v. Goddard*,
    47 Cal. App. 730 (1920)................................................................................................ 20

*Phipps v. Saddleback Valley Unified Sch. Dist.*,
    204 Cal. App. 3d 1110 (1988)..................................................................................... 20

*Puget Soundkeeper All. v. Cruise Terminals of Am., LLC*,
    216 F. Supp. 3d 1198 (W.D. Wash. 2015).................................................................. 11

*Puget Soundkeeper All. v. Port of Tacoma*,
    104 F.4th 95 (9th Cir. 2024)........................................................................................ 15

*Remington v. Mathson*,
    42 F. Supp. 3d 1256 (N.D. Cal. 2012),
    *aff'd*, 575 F. App'x 808 (9th Cir. 2014)...................................................................... 17

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004)........................................................................................ 4

*S.F. BayKeeper, Inc. v. Tosco Corp.*,
    309 F.3d 1153 (9th Cir. 2002)...................................................................................... 10

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)........................................................................................................ 5

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009)........................................................................................................ 6

*Thibodeaux v. Port of Oakland*,
    No. 18-cv-03353-KAW, 2018 WL 4853299 (N.D. Cal. Oct. 5, 2018)........................ 8

*United States v. Stone Container Corp.*,
    196 F.3d 1066 (9th Cir. 1999)...................................................................................... 13

*United States ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011)................................................................................ 11, 12

*Wash. Trout v. McCain Foods, Inc.*,
    45 F.3d 1351 (9th Cir. 1995)......................................................................................... 8

*WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*,
    375 F.3d 913 (9th Cir. 2004)....................................................................................... 10

*Wilderness Soc'y, Inc. v. Rey*,
    622 F.3d 1251 (9th Cir. 2010)....................................................................................... 6

**Statutes, Regulations, and Rules**

15 U.S.C.

    § 2604 ................................................................................................ 25

    § 2605 ................................................................................................ 22

    § 2606 ................................................................................................ 22

    § 2607(b)(10)(D) ............................................................................... 25

    § 2614 ................................................................................................ 25

    § 2615(b) ........................................................................................... 23

    § 2619(b)(1)(A) ................................................................................. 10

    § 2681 ................................................................................................ 24

    § 2682 ................................................................................................ 22

    § 2683 ................................................................................................ 22

    § 2684 ................................................................................................ 22

    § 2685 ................................................................................................ 22

    § 2686 ................................................................................................ 22

    § 2687 ................................................................................................ 24

    § 2688 ................................................................................................ 22

    § 2689 ................................................................................................ 25

28 U.S.C. § 2462 ...................................................................................... 15

33 U.S.C.

    § 1311 ................................................................................................ 25

    § 1312 ................................................................................................ 21

    § 1316 ................................................................................................ 21

    § 1317 ........................................................................................... 22, 23

    § 1319(c) ........................................................................................... 23

    § 1342 ................................................................................................ 22

    § 1365(b) ........................................................................................... 10

1

42 U.S.C.
§ 6922 ............................................................................................................. 21
§ 6923 ............................................................................................................. 21
§ 6924 ............................................................................................................. 21
§ 6925 ............................................................................................................. 21
§ 6928(d)-(e) ................................................................................................... 23
§ 6972 ................................................................................................. 10, 13, 25
§ 6973 ............................................................................................................. 21
§ 7410 ............................................................................................................. 21
§ 7411 ............................................................................................................. 24
§ 7412 ............................................................................................................. 21
§ 7413(c) ........................................................................................................ 23
§ 7502 ............................................................................................................. 21
§ 7604(b) ........................................................................................................ 10
§ 7661(1) & (2) .............................................................................................. 23
§ 7661a(a) ....................................................................................................... 23
§ 11002 ........................................................................................................... 23
§ 11004 ........................................................................................................... 17
§ 11021 ........................................................................................................... 17
§ 11022 ........................................................................................................... 17
§ 11023 ........................................................................................................... 18
§ 11046 ................................................................................................... 10, 23

40 C.F.R.
pt. 63 subpt. BBBBB ..................................................................................... 24
pt. 262 ............................................................................................................. 25
pt. 264 ............................................................................................................. 24
pt. 355 ............................................................................................................. 17
pt. 713 ............................................................................................................. 24
pt. 745 ............................................................................................................. 24
pt. 751 ..................................................................................................... 16, 24

40 C.F.R.
§ 54.2(b) ........................................................................................................... 9
§ 54.3(b) ........................................................................................................... 9
§ 135.2(a) ......................................................................................................... 9
§ 135.3(a) ......................................................................................................... 9
§ 254.2(a)(1) ..................................................................................................... 9
§ 254.3(a) ......................................................................................................... 9
§§ 260-265 ...................................................................................................... 23
§ 370.10 ........................................................................................................... 17
§ 372.22 ........................................................................................................... 18
§ 372.23 ........................................................................................................... 18
§ 702.62(a) ................................................................................................... 9, 10
§ 751 ............................................................................................................... 16
§ 751.301 ......................................................................................................... 24

Fed. R. Civ. P. 8(a)(2) ......................................................................................... 11

Cal. Civ. Code
    § 3482 ................................................................................................................. 19
    § 3491 ................................................................................................................. 18

**Other Authorities**

Regulation under the Toxic Substances Control Act: n-Methylpyrrolidone,
    89 Fed. Reg. 51,134 (proposed June 14, 2024) ..................................................... 16

Santa Clara City Code § 8.30.050 (2024) ................................................................... 20

1

## <u>STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))</u>

2      1. Whether Plaintiff, as a Massachusetts resident, has Article III standing to seek injunctive

3  relief in an environmental citizen-suit enforcement action relating to a California facility under

4  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

5      2. Whether Plaintiff's First Amended Complaint is procedurally barred or otherwise fails to

6  state a claim for relief.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff Ashley Gjovik—pro se and a former Apple employee—again asks this Court to convert theories rejected in prior litigation into a sweeping "citizen suit" aimed at Apple's Santa Clara research facility. She does so despite conceding the basic jurisdictional problem: she left the Santa Clara area in October 2020 and now lives in Massachusetts, her alleged symptoms resolved shortly after she moved away, and she has no plans to return.

The First Amended Complaint ("FAC" ECF No. 48) is not a coherent enforcement action alleging ongoing violations and redressable injury. It is a 178-page, 815 paragraph manifesto of grievances, speculation, and conclusory allegations involving more than 150 statutes, ordinances, and regulations—many inapplicable, unenforceable by private plaintiffs, and untethered to any facts. It presents no live controversy and no basis for the extraordinary relief Plaintiff demands.

*First*, Plaintiff lacks Article III standing. Standing to enforce environmental laws requires a concrete, particularized, and ongoing injury—typically an impairment to a plaintiff's aesthetic or recreational interests or a likelihood of continued exposure to pollution. Plaintiff cannot meet this standard. The FAC describes only past proximity to the Facility years ago, paired with admissions that her alleged symptoms disappeared, and a vague desire to return to California. That does not establish an imminent injury that could give rise to Article III standing, especially because her alleged past injury cannot support prospective, injunctive relief.

*Second*, Plaintiff failed to satisfy mandatory pre-suit notice requirements that are strict prerequisites to citizen-suit litigation. Her notice omitted her new theories seen for the first time in the FAC, lacks the required contact information, was not served on the required entities, and critically, did not provide reasonably specific information to identify what violations occurred. These defects are dispositive and cannot be cured.

*Third*, even putting aside the mandatory requirements of standing and notice, the FAC fails under basic pleading rules. Rule 8 does not entitle even a pro se plaintiff to bury claims in hundreds of paragraphs of narrative, conclusory accusations, and irrelevant detours.

*Finally*, on the merits, Plaintiff's allegations confirm why this case cannot proceed. She

admits the Facility operates under valid permits for air emissions and water discharges, but omits any plausible facts showing any ongoing exceedance or enforceable violation. Her TSCA claims erroneously conflate nonbinding agency risk evaluations with enforceable restrictions. Her EPCRA theories fail to plead conditions to trigger liability, such as reportable release of extremely hazardous substance or any basis to infer that Toxic Release Inventory (TRI) reporting is required. Her public nuisance claims are foreclosed as a matter of law because the Facility operates pursuant to lawful permits, and are time-barred, given her departure in 2020.

These defects remain unchanged from her original complaint and are not curable by further amendment. The Court should, therefore, dismiss the FAC in full, with prejudice.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.    Plaintiff's Related Claims Against Apple Were Already Dismissed with Prejudice

Plaintiff is a terminated Apple employee who has since made Apple the focus of a series of lawsuits and administrative actions. This case is simply the latest in that string of litigation—each based on the same alleged environmental conditions near Apple's research facility at 3250 Scott Boulevard in Santa Clara (the "Facility").

Plaintiff lived near the Facility in 2020, when she was employed by Apple, but moved out in October 2020 and now resides in Massachusetts. (FAC ¶ 28.) She alleges that, when she lived near the Facility, she spent time in the surrounding area, including parks, trails, and that she spent time shopping at the nearby Whole Foods grocery store and local businesses. (*Id.*) During this time, she alleges that she was exposed to "exhaust, pollution, and safety hazards." (*Id.*) Plaintiff does not allege ongoing use of the environment, impairment to that use, or ongoing exposure. In February 2020, Plaintiff alleges she began experiencing health problems, which she attributes to chemical exposure from the Facility based on speculation from her physicians, and purports to have confirmed by at-home testing. (*Id.* ¶¶ 280-91.) She concedes, however, that her symptoms disappeared within a week of moving away. (ECF No. 48-3 at 10; ECF 48-3 at 10.)

In 2023, Plaintiff brought an employment lawsuit against Apple in the Northern District of California. (*See* FAC ¶ 17; Declaration of William Tarantino in Support of Motion to Dismiss

("Tarantino Decl.") Ex. A.) Although she did not work at the Facility, she included claims that the environmental conditions at the Facility made her ill. She pleaded, among other claims, private nuisance and intentional infliction of emotional distress based on alleged chemical emissions from the Facility. (Tarantino Decl. Ex. A.) On February 27, 2025, after Plaintiff had multiple opportunities to amend to attempt to state a claim, Judge Chen dismissed those claims with prejudice as time-barred and expressly rejected Plaintiff's "continuing nuisance" theory, finding that she "moved out of the apartment at issue in October 2020" and therefore lacked standing to challenge any later emissions. (*Id.* Ex. B at 18; *see also id.* Ex. C at 29 n.11.)

### B.    Plaintiff's Defective Pre-Suit Notice.

Only three months after Judge Chen dismissed Plaintiff's personal injury claims, Plaintiff served a 60-day pre-suit notice for this lawsuit (the "Notice"). (*See* ECF No. 3; ECF No. 48-1.) The Notice omitted Plaintiff's contact information, was not served on the proper parties—including the relevant state authorities—and lacked sufficient information to identify what violations Plaintiff seeks to address. The Notice did not even contain several of Plaintiff's theories that she attempts to raise for the first time in the FAC. These deficiencies deprived both Apple and the relevant agencies of the opportunity to investigate or correct the supposed issues before litigation, defeating the purpose of the notice requirement.

### C.    Plaintiff's Current Complaint

Plaintiff originally filed this lawsuit on September 2, 2025. This is her second case against Apple in as many years and one of more than two dozen administrative or judicial proceedings she has brought against Apple in the past five years. (Tarantino Decl. Ex. D at 6-9.) This case—like the employment action—centers around her claim that the Facility emitted or discharged chemicals into the air and water. (*See, e.g.*, FAC ¶ 1.) Her FAC is 178 pages long, implicating more than 150 statutory provisions, regulations, and ordinances, with more than 800 paragraphs of allegations, and attaching more than 500 pages of exhibits and attachments. (*See generally* FAC.)

Plaintiff concedes that Apple operates under lawful permits. She admits that Apple operates under a National Pollutant Discharge Elimination System (NPDES) Permit, which authorizes its routine wastewater discharges. (*See, e.g.*, FAC ¶¶ 129, 195, 565.) The FAC does not allege a single

violation of any effluent limit suggesting that Facility discharges were noncompliant with its NPDES permit or any other law. Likewise, she concedes that Apple has a valid Bay Area Air Quality Management District (BAAQMD) permit for the Facility, authorizing discharge of arsine, phosphine, silane, and chlorine. (*Id.* ¶ 411.) She omits any facts that support her conclusory statements regarding any exceedances of permit limits. She further acknowledges that the EPA began an enforcement action for purported violations of RCRA but believes "[t]he EPA RCRA enforcement action simply took Apple's word" and "only 'settled' with a tiny fine." (*Id.* ¶ 24.)

## III.    LEGAL STANDARD

A plaintiff bears the burden to establish the "irreducible constitutional minimum" of Article III standing for any case to proceed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Rule 12(b)(1) requires dismissal where a plaintiff lacks Article III standing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010). In a facial Rule 12(b)(1) attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[G]eneral averments" and "conclusory allegations" about effects of pollution cannot establish standing. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000).

Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim lacks facial plausibility when there is no "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Courts do not have to "accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court may also consider documents incorporated by reference "on which the complaint necessarily relies" on a motion to dismiss.

*Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) (citation omitted).

## IV.    ARGUMENT

### A.    Plaintiff Does Not Have Article III Standing Because She Lacks a Concrete Injury

Article III requires, in addition to traceability and redressability, a concrete injury in fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-40 (2016). An injury in fact must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Laidlaw*, 528 U.S. at 180. To satisfy the "'injury in fact' requirement in environmental cases," a plaintiff must "adequately show[] that she has an aesthetic or recreational interest in a particular place, or animal, or plant species and that interest is impaired by a defendant's conduct." *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000). Plaintiff cannot make that showing here.

Plaintiff does not have the concrete interest necessary to bring environmental claims because she identifies no harm to any aesthetic or recreational interest and instead relies solely on a past connection to the Facility she severed in 2020, with vague hopes of someday returning.

#### 1.    Plaintiff has not alleged harm to any aesthetic or recreational interest.

Plaintiff cannot satisfy the injury-in-fact requirement for environmental cases because she cannot "show[] that she has an aesthetic or recreational interest in a particular place . . . and that that interest is impaired by a defendant's conduct." *Ecological Rts. Found.*, 230 F.3d at 1147.

Under this standard, courts have found that plaintiffs lack standing where their use of the land is not impaired by the alleged violations of environmental laws. *Nuclear Info. & Res. Serv. v. Nuclear Regul. Comm'n*, 457 F.3d 941, 952-53 (9th Cir. 2006) (finding no injury in fact in part because the plaintiffs did not allege how the challenged action would curtail their use of the public highways at issue); *see also Candlestick Heights Cmty. All. v. City & Cnty. of S.F.*, No. 23-cv-00082-SK, 2023 WL 9317153, at *10-11 (N.D. Cal. Dec. 21, 2023) (finding plaintiffs lacked injury in fact where they failed to demonstrate how air pollution harmed their use of the park at issue), *aff'd*, 2025 WL 275112 (9th Cir. Jan. 23, 2025). Simply living in the area does not satisfy this condition. *Demoruelle v. Kucharski*, No. 19-00269 JAO-RT, 2019 WL 4739285, at *4 (D. Haw. Sept. 27, 2019) (granting Rule 12(b)(1) motion in environmental citizen suit where the plaintiff

1    failed to allege sufficient impairment to her aesthetic or recreational enjoyment even though she

2    lived in the area). Instead, *Laidlaw* confirms that environmental standing depends on a plaintiff's

3    current or planned use of the affected area: injury in fact exists only where the plaintiff alleges that

4    she uses the area and that the challenged activity threatens to lessen the aesthetic or recreational

5    value of that use. 528 U.S. at 183. Here, Plaintiff alleges no ongoing use of the nearby Whole

6    Foods, trails, parks, or apartments. Nor does she allege that Apple's conduct prevents her from

7    using these areas or that she would do so if conditions were different. (FAC ¶ 28.) Because she

8    does not allege that Apple's conduct impaired her aesthetic or recreational enjoyment, she lacks

9    standing to bring these environmental claims.

### 2. Plaintiff does not have concrete plans to return.

11    Plaintiff cannot establish standing through an undefined intent to return. Plaintiff's

12    speculative aspiration to "return to California when able" (FAC ¶ 25) is insufficient as a matter of

13    law. *Lujan*, 504 U.S. at 564; *Wilderness Soc'y, Inc. v. Rey*, 622 F.3d 1251, 1256 (9th Cir. 2010) (no

14    injury in fact where an organization member offered no evidence on when he might return to the

15    subject forest, even though he demonstrated "extensive past use" and expressed a desire to continue

16    visiting the forest in the future). In *Lujan*, the Supreme Court held that indefinite plans to return—

17    such as Plaintiff's—could not establish standing, stating that "[s]uch 'some day' intentions—

18    without any description of concrete plans, or indeed even any specification of *when* the some day

19    will be—do not support a finding of the 'actual or imminent' injury." 504 U.S. at 564 (citation

20    omitted). Here, Plaintiff only "intends to return . . . when able." (FAC ¶ 25.) This purported hope

21    to return is exactly the type of indefinite plan that the *Lujan* Court rejected. Plaintiff makes no

22    attempt to specify when she might move back—or even visit—and use the area surrounding the

23    Facility.[1] As a result, she lacks standing as a matter of law.

### 3. Plaintiff cannot rely on allegations of past personal injury.

25    An entirely past injury does not provide standing to seek injunctive relief. *Summers v. Earth*

26    *Island Inst.*, 555 U.S. 488, 495 (2009) (finding no injury in fact to support prospective injunctive

---

[1] Nor can Plaintiff manufacture standing after filing the Complaint by relying on plans she did not have at the time she filed this lawsuit. *See Laidlaw*, 528 U.S. at 180 (explaining the Court's "obligation" to ensure that plaintiffs "had Article III standing at the outset of the litigation").

1  relief where an organization member only asserted a past injury); *Coastal Env't Rts. Found. v.*

2  *Naples Rest. Grp., LLC*, 115 F.4th 1217, 1227 (9th Cir. 2024) (rejecting plaintiff's claim to Article

3  III standing to pursue Clean Water Act violations). A physical injury can only give rise to standing

4  for an environmental claim where there is an ongoing, credible threat to the plaintiff's physical

5  well-being. *Hall v. Norton*, 266 F.3d 969, 976 (9th Cir. 2001). Here, there is no ongoing threat

6  because Plaintiff lives thousands of miles from the Facility.

7          Without an ongoing health threat, personal injury alone cannot establish standing. *See id.*

8  *Hall* demonstrates where a plaintiff can establish standing—there, the plaintiff alleged that the

9  defendant's development would disrupt his regular activities of traveling, shopping, and conducting

10  personal business in the area by aggravating his respiratory condition through the release of

11  airborne pollutants. *Id.* at 974, 976. Here, by contrast, Plaintiff claims no ongoing use of the area

12  or any threat to her health from the current conditions at the Facility. Plaintiff concedes in her pre-

13  suit notice that her claimed injuries are entirely in the past and have resolved, stating to the EPA

14  that "[w]ithin a week of vacating the location in October 2020, [her] disabling medical issues

15  vanished." (ECF No. 48-3 at 10.) Her past physical injuries are not an "actual or imminent" injury

16  that can give rise to Article III standing. *Hall*, 266 F.3d at 975-76; *see also Candlestick Heights*,

17  2023 WL 931753, at *12 (unspecified threats to health did not create an imminent injury in fact).

18          Plaintiff lacks Article III standing because she does not allege harm to an aesthetic or

19  recreational interest, lacks concrete plans to return, and faces no ongoing health threat. The Court

20  should, therefore, dismiss Plaintiff's FAC under Rule 12(b)(1) because she has not alleged harm to

21  an aesthetic or recreational interest, had not made any concrete plans to return to Santa Clara at the

22  time she filed this lawsuit, and because there is no ongoing threat to her health.

23          **B.      Plaintiff Failed to Provide Adequate Pre-Suit Notice**

24          Plaintiff's pre-suit notice is insufficient, which dooms her claims as a matter of law. *See*

25  *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1153 (9th Cir. 2024) (pre-suit notices are

26  prerequisite to citizen-suits). Notice requirements are mandatory and strictly construed. Courts have

27  no discretion to excuse noncompliance. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989)

28  (affirming dismissal due to insufficient pre-suit notice). Further, "[t]he law is clear that Plaintiff

cannot cure her failure to provide adequate notice subsequent to filing suit." *Nilson v. City of San Jose*, No. C 07-03686 JW, 2008 WL 11387038, at \*4 (N.D. Cal. July 24, 2008); *see also Hallstrom*, 493 U.S. at 26-27 (holding that pro se plaintiff's failure to strictly follow notice requirement was not subject to "equitable modification and cure"); *Cascadia*, 105 F.4th at 1153 (holding that compliance with citizen suit notice provision is a "mandatory claims-processing rule" and "mandatory condition[] precedent to commencing suit." (citation omitted)).

The Ninth Circuit emphasizes the importance of pre-suit notice to "provide the agencies and the defendant with information" to allow the agencies the opportunity to "step in, investigate, and bring the defendant into compliance." *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002). Litigation is the last resort: "[t]he point is to trigger agency enforcement and avoid a lawsuit" and not "to unduly burden citizens by requiring them to basically carry out the job of the agency." *Id.*

Plaintiff's Notice fails the strict technical requirements because Plaintiff omitted adequate contact information and did not serve it on the required parties. The Notice fails substantive requirements, too. It does not provide the required information about Plaintiff's claims, and instead makes vague references to entire statutory regimes. It contains nothing concrete on which either Apple or government regulators could act. And, of course, there is no notice at all for the new theories Plaintiff raises for the first time in her FAC.

### 1.     The pre-suit notice is technically deficient.

The Notice's technical deficiencies mandate dismissal. *See Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995) (affirming dismissal of citizen suit due to technical deficiencies in the notice, including failure to provide contact information of the plaintiffs). A notice must "include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." *Thibodeaux v. Port of Oakland*, No. 18-cv-03353-KAW, 2018 WL 4853299, at \*4 (N.D. Cal. Oct. 5, 2018) (citation omitted) (describing notices under the Clean Water Act). These

requirements apply across analogous environmental citizen-suit provisions. *See* 40 C.F.R. § 135.3(a) (CWA); *see also* 40 C.F.R. § 54.3(b) (CAA) (similar); 40 C.F.R. § 254.3(a) (RCRA) (similar); 40 C.F.R. § 702.62(a) (TSCA) (similar); *Atl. States Legal Found. v. United Musical Instruments*, 61 F.3d 473, 478 (6th Cir. 1995) (extending notice requirements to EPCRA claims).

Plaintiff failed to meet these requirements. She failed to include adequate contact information. Nowhere does the Notice include Plaintiff's address; instead, it lists the Sacramento address of Plaintiff's California LLC. (*See* ECF No. 3 at 2; ECF No. 48-1 at 2; FAC ¶ 25.) But Plaintiff's LLC is not a party to this case. Only on the final page of the Notice does Plaintiff make a passing reference to being in Boston, without providing her actual address.

Plaintiff also failed to serve the Notice on all required parties. The CWA claims require service on "the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred," among other entities. 40 C.F.R. § 135.2(a). Per Plaintiff's proof of service, Plaintiff did not serve the chief administrative officer of the water pollution control agency for California by certified mail or by personal service. (*See* ECF No. 3-1 at 34-37.) The same is true for the claims under the CAA, RCRA, and EPCRA; Plaintiff has failed to serve the relevant state entity as required. *See* 40 C.F.R. § 54.2(b) (CAA) (service of notice by certified mail required on "an authorized representative of the State agency charged with responsibility for air pollution control in the State"); 40 C.F.R. § 254.2(a)(1) (RCRA) (service of notice by personal service or certified mail required on "chief administrative officer of the solid waste management agency for the State in which the violation is alleged to have occurred"); *Atl. States Legal Found.*, 61 F.3d at 478 (EPCRA follows notice requirements for RCRA).

Because of these defects, Plaintiff does not meet the claims-processing requirement needed to maintain a citizen suit. Plaintiff cannot cure these defects by amending her Complaint, and thus it should be dismissed. *See Nilson*, 2008 WL 11387038, at *4; *Hallstrom*, 493 U.S. at 26-27; *see also Cascadia*, 105 F.4th at 1153.

### 2.    The pre-suit notice is substantively deficient.

The Notice fails to inform the Defendants "precisely what [they] allegedly did wrong, and when." *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801 (9th Cir. 2008),

1  *amended* (May 14, 2009); *see* 42 U.S.C. § 6972(b)(1)(A) (RCRA); 42 U.S.C. § 7604(b) (CAA); 33

2  U.S.C. § 1365(b) (CWA); 15 U.S.C. § 2619(b)(1)(A) (TSCA); 42 U.S.C. § 11046(d)(1) (EPCRA).

3  "Notice is sufficient if it is reasonably specific and if it gives 'the accused company the opportunity

4  to correct the problem.'" *WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 917 (9th Cir.

5  2004) (quoting *S.F. BayKeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1158 (9th Cir. 2002)).

6  Plaintiff's Notice does not meet these requirements.

7      The Notice does not provide information about where, when, and how the statutory

8  violations allegedly occurred. At best, it parades through a list of statutes without detail: many

9  simply direct the EPA to promulgate certain regulations, rather than identify any specific standard

10  that Apple purportedly violated. For example, Paragraph 64 cites the entire section of the CAA

11  concerning State Implementation Plans to argue that Apple has violated CAA through emissions

12  "that exceed state-specific emission limits". (*See also* ECF No. 48-1 ¶¶ 72-78 (referencing large

13  portions of RCRA without further explanation), 91-95 (same for the CWA), 99-101 (same for

14  EPCRA).) These allegations contain no detail at all, let alone the detail required by law.

15      For the TSCA allegations, the Notice likewise fails to identify which standards or

16  regulations Apple has allegedly violated and instead alleges violations of entire sections of TSCA

17  that authorize rules to regulate hazardous chemicals. (*See id.* ¶¶ 105-07.) While the Notice alleges

18  Apple's chemical inventories include chemicals subject to regulation, it fails to allege that the

19  amounts used violated any specific limitation. (*See id.*) A notice under TSCA's citizen suit

20  provisions must include, among other things, "[t]he specific provision of TSCA or of the rule or

21  order under TSCA alleged to have been violated." 40 C.F.R. § 702.62(a)(1).

22      A notice must specify the current conduct that forms the basis of the alleged violations; the

23  Notice's information regarding alleged historical conduct is insufficient. *See Marina Point*, 566

24  F.3d at 801. Without that information, neither Apple nor public enforcers have an opportunity to

25  investigate or evaluate those claims, and Plaintiff, in turn, is not authorized to sue. This defect

26  cannot be cured by amending the Complaint, and Plaintiff's claims should be dismissed. *See Nilson*,

27  2008 WL 11387038, at *4; *Hallstrom*, 493 U.S. at 26-27; *see also Cascadia*, 105 F.4th at 1153.

28

3.    **Plaintiff cannot advance new theories omitted from her notice.**

Plaintiff cannot expand on theories or raise new ones if they were not included in her Notice. *Puget Soundkeeper All. v. Cruise Terminals of Am., LLC*, 216 F. Supp. 3d 1198, 1214 (W.D. Wash. 2015). In her FAC, Plaintiff adds in new claims that she did not include in her Notice, including Count 7 (hazardous waste transport), Count 9 (stationary source), Count 10 (preconstruction permits), Count 12 (ozone pollution), Count 13 (emission limits), Count 17 (maintaining a creek), Count 19 (semiconductor manufacturing standards), Count 23 (stormwater violation based on air emissions), Count 28 (TSCA violation for NMP), Count 29 (TSCA violation for mercury), Count 30 (TSCA violation for TCE), Count 31 (TSCA violation for lead), Count 32 (imminently hazardous chemicals). Because no notice was provided on these theories, Plaintiff's Notice necessarily did not identify to Apple "precisely what it allegedly did wrong, and when." *Marina Point*, 566 F.3d at 801. Thus, even if the Court finds that Plaintiff's Notice is sufficient as to the other claims in the FAC (it is not), the foregoing claims must be dismissed.

C.    **Plaintiff's Amended Complaint Fails to State a Claim**

Putting aside the clear the standing and notice hurdles that doom Plaintiff's FAC, Plaintiff's allegations of federal statutory violations are so convoluted and unfocused that they cannot meet federal pleading standards. A complaint must set out a short and plain statement of the claim and offer more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. Plaintiff's inscrutable FAC falls far short of that standard and should be dismissed.

1.    **The FAC's Rule 8 violations mandate dismissal.**

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Violations of this Rule warrant dismissal," for failure to state a claim and this includes instances "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). The Ninth Circuit has affirmed dismissals where the complaint was too long, unwieldy, argumentative, confusing, or filled with redundancies and largely irrelevant allegations. *See Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 173-74 (9th Cir. 2019) (collecting cases). For example, in *United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, the Ninth Circuit affirmed a district court's decision to deny leave to amend when the plaintiff

sought to use a 733-page complaint. 637 F.3d 1047, 1058 (9th Cir. 2011). The court held that that amendment would have been futile because of the complaint's "prolixity," which prejudices the opposing party, indicates bad faith, and fails to comply with Rule 8 requirements. *Id.* at 1058-59.

Here, the FAC consists of 178 pages, implicating more than 150 statutory provisions, regulations, and ordinances, and attaching more than 500 pages of exhibits and attachments. (*See generally* FAC; ECF Nos. 48-1–48-5.) The FAC devotes its first 83 pages to allegations directed generally at all defendants, along with extensive material unrelated to the claims asserted. Before addressing the Facility itself, Plaintiff includes allegations about her separate employment litigation, personal background and experiences, social media activity, and local geography and hydrology. (FAC ¶¶ 1-105.) From paragraphs 106 through 376—more than 250 paragraphs spanning over 52 pages—the FAC continues with a lengthy narrative across a wide range of topics, including historical zoning decisions, alleged regulatory actions and inaction, third-party conduct, Plaintiff's employment history, and descriptions of surrounding properties and businesses. (*See, e.g.*, FAC ¶¶ 217 (social media posts), 249-51 (employment-related allegations), 258 (nearby businesses).) These allegations are supposedly presented in chronological and topical sequence but are not organized by claim or by defendant.

Plaintiff does not assert her first cause of action until paragraph 377, on page 84. (FAC ¶ 377.) As a result, the factual allegations relevant to the asserted claims are interspersed among extensive background material, making it difficult to identify which facts are alleged to support which causes of action or against which defendants.

This too warrants dismissal for failure to state a claim, particularly given Plaintiff's previous warnings in other litigation with Apple, including in this District, against overly long, confusing pleadings. (*See* Tarantino Decl. Ex. E at 3 (Plaintiff's claims, "assuming knowledge of the 300 pages of background and other times providing even more detail" resulted in a pleading that was "difficult to follow—one cannot see the forest through the trees.").) Plaintiff's *pro se* status makes no difference. As Judge Chen noted, Plaintiff's legal training offers her little leeway, stating "Plaintiff appears to have a J.D. That being the case, the Court is confident that Plaintiff can draft a complaint that contains the necessary details but does not go into every nuance and aspect of her

1    case." (*Id.* at 3-4 (citation omitted).)

2           **2.**      **Government enforcement bars Plaintiff's Resource Conservation and**

3                **Recovery Act (RCRA) claims.**

4           Plaintiff's claims under RCRA are barred because EPA prosecuted the alleged violations

5    and—as she concedes—entered into a settlement with Apple in October 2025. *See* 42 U.S.C.

6    § 6972(b)(1)(B), (2)(B) ("No action may be commenced under subsection (a)(1)(A) of this

7    section . . . if the Administrator or State has commenced and is diligently prosecuting a civil or

8    criminal action in a court of the United States or a State to require compliance with [a] permit,

9    standard, regulation, condition, requirement, prohibition, or order."). A citizen suit cannot proceed

10   on violations EPA pursued without supplanting EPA's "discretion to enforce [RCRA] in the public

11   interest." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found, Inc.*, 484 U.S. 49, 61 (1987).

12   Instead, Congress intended citizen suits as a last resort in the event of government inaction. *See*

13   *United States v. Stone Container Corp.*, 196 F.3d 1066, 1070 (9th Cir. 1999).

14          Plaintiff concedes that EPA inspected the Facility, commenced enforcement, and entered

15   into a consent agreement with Apple regarding the alleged RCRA violations. (FAC ¶¶ 16, 24, 443.)

16   Plaintiff's characterization of the settlement as "tiny," and her grievance that the scope of EPA's

17   inspection was insufficient (FAC ¶¶ 24, 450), do not overcome the consent agreement's bar on a

18   subsequent citizen suit for the same violations. *See Cmty. Cambridge Env't Health & Dev. Grp. v.*

19   *City of Cambridge*, 115 F. Supp. 2d 550, 556 (D. Md. 2000) (RCRA claims covered by consent

20   decree barred from citizen suit by diligent prosecution). Courts presume diligence where a

21   government is prosecuting an alleged violation of RCRA and plaintiffs have a high burden to rebut

22   that presumption. *E.g., id.* at 554; *Karr v. Hefner*, 475 F.3d 1192, 1198 (10th Cir. 2007). The FAC's

23   conclusory allegations do not overcome this presumption, nor do they plausibly suggest that there

24   is an ongoing violation outside the consent order. The law does not allow a private plaintiff to

25   second-guess the EPA in enforcement. Thus, the Court should dismiss Plaintiff's RCRA claims.

26          **3.**      **Plaintiff's Clean Air Act (CAA) allegations are time-barred.**

27          Plaintiff's CAA claim is neither current nor timely. Instead of alleging any ongoing

28   violation, she relies on allegations of historical conduct that Apple violated the CAA. (*See, e.g.*,

1   FAC ¶¶ 473-96 (alleging that Apple constructed and operated the Facility without proper permits),

2   497-531 (alleging that Apple's past air emissions violated various emission standards).)

3        *First*, the only specific air emissions that Plaintiff refers to are in the past. (*See id.* ¶ 471

4   (alleging that "Apple . . . reported . . . emissions to [BAAQMD]" and citing data from 2022 and

5   2023).) Significantly, Plaintiff admits that Apple has had a permit for at least some of the Facility's

6   operations since it began operations (*id.* ¶ 475), that Apple was issued an amended permit in 2023

7   and notes some of the emissions limits in that permit (*id.* ¶ 411). She fails to identify any emissions

8   reports that exceed those limits. A citizen-suit complaint must allege an ongoing, current violation

9   of the relevant statute; the plaintiff cannot bring a citizen suit for "wholly past violations." *See*

10  *Gwaltney*, 484 U.S. at 64. The Complaint's conclusory allegation that the violations "are ongoing,

11  long-running, and expected to continue in the future without serious enforcement action including

12  judicial intervention," (FAC ¶ 467), are insufficient to state a claim for relief. *See Gwaltney*, 484

13  U.S. at 64-65 (holding that citizen-plaintiffs must make "a good-faith allegation of continuous or

14  intermittent violation" and cannot assert "frivolous allegations"). The FAC is void of factual

15  allegations establishing ongoing violations or that any past violation could be reasonably expected

16  to recur. Therefore, the claims based on violations of emission pollution standards must be

17  dismissed.

18       *Second*, even assuming Plaintiff's allegations regarding when the violations occurred were

19  true, Plaintiff's CAA claim is barred by the statute of limitations. Citizen suits under the CAA are

20  subject to a five-year statute of limitations, which begins to run at the time of the underlying

21  violation, not when the injury is discovered. *See Clarke v. Pac. Gas & Elec. Co.*, 501 F. Supp. 3d

22  774, 786 (N.D. Cal. 2020). If a violation, such as operating an unpermitted facility, is "ongoing"

23  rather than one of several "repeated, discrete violations," then the claim accrues when the conduct

24  first began. *See id.* Here, Plaintiff alleges unpermitted emissions since the Facility began operations

25  in "approximately 2015" (FAC ¶ 32); any cause of action arising from this alleged continuous

26  violation is time-barred. And if a claim for damages or penalties is barred, a claim for injunctive

27  relief based on the same conduct is also barred. *See Clarke*, 501 F. Supp. 3d at 788 (where CWA

28  claim is time-barred, "the related CWA claim for injunctive relief is likewise barred by the

concurrent remedy doctrine"). Plaintiff's CAA claims should thus be dismissed in their entirety.

### 4. The Clean Water Act (CWA) claim alleges no permit noncompliance or ongoing violation.

Plaintiff's CWA claims fail for two independent reasons. *First*, as Plaintiff admits, the Facility operates under a National Pollutant Discharge Elimination System (NPDES) Permit, which authorizes its routine wastewater discharges. (*See, e.g.*, FAC ¶¶ 129, 195, 565.) While the FAC alleges heavy metals and solvents were detected once in Facility wastewater in 2017 (*id.* ¶ 177), it does not allege a single violation of any effluent limit suggesting that these Facility discharges were noncompliant with its permit or any other law. Nor does it allege *any* ongoing permit exceedance, which is necessary for a citizen suit. The Complaint's own exhibits[2] contradict Plaintiff's conclusory allegations about heavy metals and solvents, which should therefore be disregarded. In the face of compliance with a valid permit, Plaintiff cannot allege that Apple has violated the CWA. *See Puget Soundkeeper All. v. Port of Tacoma*, 104 F.4th 95, 105 (9th Cir. 2024) ("[I]f a permit-holder complies with the terms of its permit, it need not fear liability under the Clean Water Act." (citing 33 U.S.C. § 1342(k))).[3]

*Second,* Plaintiff's allegations of non-compliance (related to sampling methods or frequencies in 2016 and 2020, FAC ¶¶ 567, 570; cooling water disposal in 2016, *id.* ¶ 578; and alleged maintenance issues regarding cobblestone count or "No Dumping" medallions in 2022, *id.* ¶ 580) all concern "wholly past violations." *Gwaltney*, 484 U.S. at 64, *supra* § IV(D)(2). Even if such claims could proceed, Plaintiff's claims related to metals in wastewater, sampling, and cooling water disposal are long barred by the five-year statute of limitations. 28 U.S.C. § 2462.

---

[2] The complaint alleges that because Apple's routine wastewater monitoring showed the presence of trichloroethylene ("TCE"), Apple must be "pouring that [TCE] down the drain," (FAC ¶ 574), but fails to recognize that the Facility sits partially on a TCE groundwater plume originating from a nearby Superfund site (*see* ECF No. 48-3 at 26). The testing cited in Gjovik's 2023 citizen complaint also reveals that each of the chemicals Gjovik alleges are in the Facility's wastewater was detected below the Method Reporting Limit ("MRL"), meaning the concentration of the chemical is too low to have confidence in the test result. (*See id.* at 36.)

[3] Plaintiff confusingly claims there is no "permit shield" because "Apple violated 33 U.S.C. § 1342(k) by also violating 33 U.S.C. §§ 1312, 1316, 1317, 1343." (FAC ¶ 628.) But 33 U.S.C. § 1342(k) specifically says the opposite: "[c]ompliance with a permit issued pursuant to this section shall be deemed compliance, for purposes of sections 1319 and 1365 of this title, with sections 1311, 1312, 1316, 1317, and 1343 . . . ."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.      **Plaintiff fails to identify any actionable regulations limiting use of the chemical NMP under the Toxic Substances Control Act (TSCA).**

Plaintiff's TSCA claims are partially based on allegedly unlawful manufacturing, processing, distribution, and use of n-methyl-2-pyrrolidone ("NMP"). (*See* FAC ¶¶ 719-25.) These claims misunderstand the regulatory program and should be dismissed.

The FAC claims that NMP "is regulated under 40 CFR Part 751." (*Id.* ¶ 720.) 40 C.F.R. part 751 is the entire section concerning "Regulation of Certain Chemical Substances and Mixtures Under Section 6 of [TSCA]," and has subparts for the specific chemical substances and mixtures covered. NMP is not among the chemical substances and mixtures listed. *See generally* 40 C.F.R. § 751. The FAC further claims that "[i]n 2022, the EPA severely restricted the legal use of NMP," apparently referring to the EPA's December 2022 Final Risk Evaluation for NMP. (*See* FAC ¶ 720; Tarantino Decl. Ex. F.) The Final Risk Evaluation, however, does not regulate the use of NMP and specifically states that the EPA "***will propose a risk management regulatory action***" limiting use of NMP. (Tarantino Decl. Ex. F at 3 (emphasis added).) The EPA proposed regulations on NMP in 2024, but no such regulations have been adopted. *See* Regulation under the Toxic Substances Control Act: n-Methylpyrrolidone, 89 Fed. Reg. 51,134 (proposed June 14, 2024). Thus, no regulations limit Apple's use of NMP, and any claims concerning such use should be dismissed.

6.      **Plaintiff's Emergency Planning and Community Right-to-Know Act (EPCRA) allegations fail to identify regulated chemicals or trigger prerequisites to liability.**

Plaintiff's EPCRA claims fail because she fails to identify a regulated hazardous substance, or that any reporting obligation is triggered. (FAC ¶¶ 684-707.)

**Alleged Violation of EPCRA § 302 (42 U.S.C. § 11002):** Plaintiff claims that Apple violated EPCRA § 302 "by failure to notify State Emergency Response Commission (SERC) and failure to designate facility representative." (FAC ¶ 688.) Plaintiff provides no facts to support this conclusory allegation. This allegation consists of no more than "labels and conclusions" that are insufficient as a matter of law, and it should therefore be dismissed. *Iqbal*, 556 U.S. at 678.

**Alleged Violation of EPCRA § 304 (42 U.S.C. § 11004):** Plaintiff claims that Apple failed "to report releases of extremely hazardous substances and CERCLA substances that exceeded

reportable quantities and failing to provide community notifications." (FAC ¶ 689.) Section 304 requires facilities to notify certain emergency response authorities of certain chemical releases. 42 U.S.C. § 11004. These reporting obligations are only triggered if an EPA-designated "extremely hazardous substance[]" is released in excess of its "reportable quantit[y]" as delineated in Appendix A to 40 C.F.R. pt. 355. *See also Remington v. Mathson*, 42 F. Supp. 3d 1256, 1280 (N.D. Cal. 2012), *aff'd*, 575 F. App'x 808 (9th Cir. 2014). Plaintiff has not sufficiently alleged either that (i) the chemicals Apple allegedly released constitute "extremely hazardous substances" or (ii) any such release occurred in quantities greater than the "reportable quantities" for those substances. Plaintiff's claim for a violation of EPCRA § 304 fails.

Plaintiff has not alleged that the Facility released reportable quantities of chemicals that constitute "extremely hazardous substances" under Appendix A to 40 C.F.R. pt. 355. Plaintiff recites the fact that "Apple's most recent chemical inventory for the site, submitted Feb. 28 2025, lists extensive amounts of very dangerous substances including Silane, Chlorine gas, Ammonia ($NH_3$), sulfuric acid, and dichlorosilane." (*See* FAC ¶ 690.) Though these chemicals appear in Appendix A to 40 C.F.R. pt. 355, Plaintiff has not and cannot allege that any chemicals were released in excess of their reportable quantities. Indeed, Plaintiff has not pled facts regarding the quantity of any of the chemicals allegedly released. Plaintiff accordingly has not shown that Apple had a duty to report under EPCRA § 304, and this claim should be dismissed.

**Alleged Violation of EPCRA §§ 311 and 312 (42 U.S.C. §§ 11021, 11022):** Plaintiff alleges that Apple failed "to keep an accurate and up-to-date inventory of hazardous chemicals and failing to report those inventories to the state and local government" (FAC ¶ 690), even though the facts as she has alleged them would not trigger a reporting obligation. These sections require submission of Material Safety Data Sheets (EPCRA § 311) and hazardous chemical inventory forms to local and state authorities (EPCRA § 312). Only certain hazardous chemicals in amounts that exceed regulatory thresholds trigger reporting requirements. 40 C.F.R. § 370.10. Plaintiff's allegations would not trigger a duty to report as it does not allege that the Facility's inventory is somehow inadequate. Plaintiff merely describes the alleged contents of "Apple's most recent chemical inventory for the site," while also declaring that Apple "[failed] to report . . . inventories

to the state and local government." (*See* FAC ¶ 690.) She does not allege that the amounts exceeded the thresholds or that the inventories were inaccurate, nor does she offer the basis for her contention that the inventories were not reported. In fact, she alleges that Apple reported an inventory in February 2025. From there, she jumps to the conclusion that Apple's reports were incorrect, which, absent more, fails to meet Rule 8 pleading standards. *See Iqbal*, 556 U.S. at 678.

**Alleged Violation of EPCRA § 313 (42 U.S.C. § 11023):** Plaintiff argues that Apple has "violated the EPCRA § 313 . . . by failing to report toxic chemical releases (TRI reporting) TRI reporting failures for TCE, NMP, arsenic compounds." (*See* FAC ¶ 700.) As with sections 311 and 312, Plaintiff has not alleged conditions necessary to trigger a reporting obligation under EPCRA § 313. Plaintiff has not and cannot allege that the Facility is in a covered industry sector. 40 C.F.R. § 372.22. According to the public TRI Facility Report, this Facility is operating under the NAICS code 334111, (*see* Tarantino Decl. Ex. G) which is not subject to EPCRA § 313 requirements. *See* 40 C.F.R. § 372.23.[4] Because Plaintiff has not alleged or shown that Apple is required to submit TRI reports under EPCRA § 313 for this Facility, the Court must dismiss this claim.

### 7. Plaintiff's public nuisance claim is time-barred and fails to state a claim.

Plaintiff's public nuisance claim under California Civil Code section 3491 *et seq.* is time-barred because she left the vicinity of the Facility outside the three-year statute of limitations period for public nuisance. *Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1216 (1996) ("there is a three-year statute of limitations in a nuisance action brought by a private party"). The limitations period commences at different times for permanent and continuing nuisances, but the fact that Plaintiff moved thousands of miles from the Facility in 2020 precludes either type of claim.

For a permanent nuisance, which is a "permanent injury to property," the statute begins to run when the nuisance is created and "bars all claims after its passage." *Id.* at 1216-17. Plaintiff's public nuisance claim is based on the same set of facts as the private nuisance claim she brought against Apple in 2023. (Taratino Decl. Ex. A.) Judge Chen found that Plaintiff knew or reasonably should have known of that claim more than two years before she filed that lawsuit on September 7,

---

[4] Plaintiff vaguely claims this is the incorrect NAICS code for the Facility, but provides no facts to back up that conclusory assertion. (*See* FAC ¶¶ 704-06.)

1  2023. (*See id.* Decl. Ex. C at 27; *id.* Ex. B at 16-18.)

2      The limitations period for public nuisance is three years; one year longer than for private

3  nuisance. It therefore follows that Plaintiff's public nuisance claim, filed on September 2, 2025,

4  more than one year after her private nuisance claim, is also time-barred.

5      To the extent Plaintiff alleges a continuing public nuisance, the three-year statute of

6  limitations also bars her claim. Plaintiff cannot allege that she sustained any injuries within the

7  three-year statute of limitations. "[A] continuing nuisance is considered to be a series of successive

8  injuries for which the plaintiff must bring successive actions." *Beck*, 44 Cal. App. 4th at 1216.

9  "[E]ach repetition of a continuing nuisance is considered a separate wrong which commences a

10 new period in which to bring an action for recovery based upon the new injury." *Id.* at 1217.

11 Because Plaintiff has not lived near the Facility since 2020, the most recent "successive injury" or

12 "separate wrong" she could have experienced was in 2020, more than three years before she filed

13 this lawsuit. Plaintiff's public nuisance claim is therefore time-barred and should be dismissed.

14     Even if the statute of limitations did not bar Plaintiff's claim, Plaintiff cannot state a claim

15 for public nuisance because the permitted discharges by definition cannot constitute a nuisance:

16 "[n]othing . . . done or maintained under the express authority of a statute can be deemed a

17 nuisance." Cal. Civ. Code § 3482. This includes permitted activity. *See, e.g.*, *Eisentecken v. Tahoe*

18 *Reg'l Plan. Agency*, No. 2:20-cv-02349-DJC-CKD, 2025 WL 1531678, at *10 (E.D. Cal. May 28,

19 2025) (granting dismissal where defendant "was acting under the authority of a governmental

20 permit, [therefore] his conduct cannot form the basis for a [public] nuisance claim").

21     Plaintiff concedes that Apple obtained a valid air permit from the local air-quality

22 management district on May 1, 2023, limiting annual emissions of arsine, phosphine, silane, and

23 chlorine. (FAC ¶ 411.) She does not allege that Apple exceeded any of these limits or made

24 unpermitted discharges. (*See generally* FAC) Because Apple operated under a valid permit, Section

25 3482 bars Plaintiff's nuisance theory as to those permitted air emissions as a matter of law.

26     Nor can Plaintiff be awarded the injunctive relief she seeks because she alleges no ongoing

27 nuisance. At most, she alleges that pre-2023 activity created a nuisance. (*Id.* ¶¶ 411, 757-78 (listing

28 various ways Apple "created" a public nuisance and concluding that the alleged harms are

"continuous" with no factual support).) But a past nuisance cannot be enjoined. *People ex rel. Bradford v. Goddard*, 47 Cal. App. 730, 740 (1920) (reversing a trial verdict where public nuisance had been abated, holding "the action should be dismissed, for the very obvious reason that there is then nothing existing against or upon which the injunctive process of the court can or will operate"); *see also Mallon v. City of Long Beach*, 164 Cal. App. 2d 178, 190 (1958) (refusing to grant an injunction when there was no probability of continued harm); *Phipps v. Saddleback Valley Unified Sch. Dist.*, 204 Cal. App. 3d 1110, 1117 (1988) (distinguishing *Mallon* and affirming a permanent injunction after trial because the defendant did not decide to abandon its policy voluntarily). This forecloses the remedy Plaintiff seeks here, precluding her from stating a claim. *Holmes High Rustler, LLC v. Gomez*, No. 15-cv-02086-JSC, 2015 WL 4999737, at *7 (N.D. Cal. Aug. 21, 2015).

Plaintiff refers to local building infrastructure ordinances necessary for operations involving certain gases. (FAC ¶¶ 775.) Plaintiff vaguely concludes that "Apple violated these ordinances," but fails to allege what these ordinances require, much less how Apple violated them. (*See id.*) In any event, she lacks the authority to enforce the ordinances she cites. Only the City's enforcement officer may do so. *See* Santa Clara City Code § 8.30.050 (2024). The cited ordinances cannot form the basis for her public nuisance claim and dismissal is appropriate.

### 8. Plaintiff vaguely alleges violations of a laundry list of inapplicable, unenforceable, or duplicative statutes and regulations.

In addition to the defects identified above, Plaintiff's allegations that Apple violated particular statutory provisions and regulations each fail for one of several independent reasons: (1) the statutory provisions only direct or allow EPA or state action and thus cannot apply to Apple; (2) the statutory provisions and regulations are inapplicable to Apple; (3) the statutory provisions and regulations do not set out a standard against which compliance can be judged; (4) the statutory provisions cannot be enforced in a citizen suit; (5) Plaintiff has failed to allege sufficient facts to support a claim under the statutory provisions and regulations; or (6) Plaintiff has already alleged violations in other actions and cannot maintain a duplicative claim here. These claims fail.

Plaintiff includes a long list of statutory provisions that direct the EPA, states, or other government entities to take action, such as promulgating regulations. Because Apple is not a

government entity, Apple cannot violate these provisions and these claims must be dismissed.

| Statutory Provisions that Only Direct or Allow EPA or State Action | | |
|---|---|---|
| **Provision** | **Count** | **Scope** |
| **CAA – 42 U.S.C. § 7410** | 2, 12 | Requires states to develop State Implementation Plans (SIPs) with certain features. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CAA – 42 U.S.C. § 7412** | 2, 10, 11 | Directs EPA to create a list of hazardous air pollutants (HAPs) and categories of sources of HAPs and promulgate emissions standards for each source category. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CAA – 42 U.S.C. § 7502** | 10 | Sets out standards for classification and attainment dates for nonattainment areas, directs states to submit nonattainment plans and sets out what such plans must include, requires revisions of such plans in the event of inadequacies, and directs EPA to adjust regulations in the event of relaxation of NAAQS. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6973** | 1 | Authorizes EPA to sue persons who contribute to imminent and substantial endangerment to health or the environment. This provision is unenforceable by a private citizen. Only EPA can bring a suit under this section. |
| **RCRA – 42 U.S.C. § 6922** | 4 | Directs EPA to establish standards for hazardous waste generators and outlines manifest certification requirements. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6923** | 5, 7 | Directs EPA to establish standards for transporters of hazardous waste. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6924** | 8 | Directs EPA to establish standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6925** | 6 | Directs EPA to promulgate regulations requiring owners or operators of new or existing hazardous waste treatment, storage, or disposal facilities to have a permit, sets out requirements for permit applications, permit issuance, permit revocation, and defines certain special categories of facilities. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1312** | 20 | Directs EPA to establish further effluent limitations where application of other standards would not meet water quality goals. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1316** | 3, 19, 20 | Directs EPA to promulgate regulations setting out new source performance standards for certain categories of sources and |

| | | makes violating those standards illegal. This provision allows states, not private citizens, to enforce the standards. |
|---|---|---|
| **CWA – 33 U.S.C. § 1317** | 3, 20 | Directs EPA to establish a list of toxic pollutants and set effluent limitations for those pollutants, making violations of those standards illegal. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1317(b)** | 3 | Authorizes EPA to commence civil actions for relief to enforce the CWA. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1342** | 3, 19, 20, 23 | Sets out the NPDES permit program and authorizes EPA and states to issue permits. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2605** | 28-32 | Directs EPA to promulgate regulations concerning chemicals, the manufacturing, processing, distribution in commerce, use, or disposal (or any combination) thereof presents an unreasonable risk of injury to health or the environment. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2606** | 32 | Authorizes EPA to commence civil actions concerning the use of imminently hazardous chemicals. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2682** | 31 | Directs EPA to promulgate regulations on lead-based paint. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2683** | 31 | Directs EPA to promulgate regulations identifying lead-based paint hazards, lead-contaminated dust, and lead-contaminated soil. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2684** | 31 | Authorizes states to administer and enforce regulations and requirements established under §§ 2682 or 2686. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2685** | 31 | Directs EPA to conduct a program to promote safe, effective, and affordable monitoring, detection, and abatement of lead-based paint and other lead exposure hazards. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2686** | 31 | Directs EPA to publish a lead hazard information pamphlet providing certain information. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2688** | 31 | Requires federal government to comply with all requirements concerning lead-based paint, lead-based paint activities, and lead-based paint hazards in the same manner, and to the same extent as any nongovernmental entity. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |

Plaintiff attempts to plead claims under statutory provisions that cannot be enforced in a

citizen suit because they either authorize criminal penalties or are exempted from citizen enforcement. Plaintiff lacks authority to pursue these claims, and they should be dismissed.

| Statutory Provisions and Regulations That Cannot Be Enforced in a Citizen Suit | | |
|---|---|---|
| Provision | Count | Scope |
| CAA – 42 U.S.C. § 7413(c) | 2 | Authorizes imposition of criminal penalties for certain conduct. Citizen-plaintiffs have no authority to seek criminal penalties. |
| RCRA – 42 U.S.C. § 6928(d)-(e) and 40 C.F.R. §§ 260-265 | 1, 4, 5, 7, 8 | Authorize imposition of criminal penalties for certain conduct. Citizen-plaintiffs have no authority to seek criminal penalties. |
| CWA – 33 U.S.C. § 1319(c) | 3 | Authorizes criminal penalties for certain knowing violations of the CWA where the defendant knowingly places another person in imminent danger of death or serious bodily injury. Citizen-plaintiffs have no authority to seek criminal penalties. |
| TSCA – 15 U.S.C. § 2615(b) | 28-32 | Authorizes criminal penalties for knowing and willful violations of TSCA. Citizen-plaintiffs have no authority to seek criminal penalties. |
| EPCRA – 42 U.S.C. § 11002 | 25 | Requires certain facilities handling substances designated as "extremely hazardous" to notify their state's emergency response commission that it is subject to emergency planning. Alleged violations of 42 U.S.C. § 11002 may only be prosecuted by the state or local government. 42 U.S.C. § 11046(2)(A)(i). |

Plaintiff alleges that Apple has violated a variety of statutes and regulations that do not set out compliance standards, instead setting out definitions, elements of regulations, or descriptions of the regulated activity. Because these do not set out a standard by which compliance can be measured, Plaintiff claims under these provisions and regulations should be dismissed.

| Statutory Provisions and Regulations That Do Not Identify a Compliance Standard | | |
|---|---|---|
| Provision | Count | Scope |
| CAA – 42 U.S.C. § 7661(1) & (2) | 9-10 | Set out the definitions for "affected source" and "major source." No compliance standard identified. |
| CAA – 42 U.S.C. § 7661a(a) | 9 | Makes it unlawful to violate the terms of a permit issued under a CAA permit program. No compliance standard identified. |
| CWA – 33 U.S.C. | 20 | Makes it unlawful to violate any effluent standard or prohibition or pretreatment standard promulgated under the CWA. No compliance |

| Provision | Count | Scope |
|---|---|---|
| § 1317(d) |  | standard identified. |
| TSCA – 15 U.S.C. § 2681 | 31 | Sets out definitions for the subchapter of TSCA concerning lead and lead-based paint. No compliance standard identified. |
| TSCA – 15 U.S.C. § 2687 | 31 | Requires that regulations pursuant to this subchapter shall include recordkeeping and reporting requirements. No compliance standard identified. |
| TSCA – 40 C.F.R. § 751.301 | 30 | "General" section of the regulations on TCE. No compliance standard identified. |
| TSCA – 40 C.F.R. pt. 713 | 29 | Sets out reporting requirements for the TSCA inventory of mercury. No compliance standard identified. |
| TSCA – 40 C.F.R. pt. 751 | 28 | General regulations concerning regulation of substances under Section 6 of TSCA. No compliance standard identified. |

Plaintiff cites regulations that do not apply to Apple because they only apply to certain types of entities or structures that do not include Apple or the Facility. Because Apple is not covered by these regulations, Plaintiff claims based on these rules should be dismissed.

| Regulations That Do Not Apply to Apple | | |
|---|---|---|
| **Provision** | **Count** | **Scope** |
| RCRA – 40 C.F.R. pt. 264 | 6, 8 | Regulations concerning standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. Apple is not an owner or operator of a hazardous waste treatment, storage, or disposal facility. |
| TSCA – 40 C.F.R. pt. 745 | 31 | Regulations concerning "Lead-Based Paint Poisoning Prevention in Certain Residential Structures." The Facility is not a residential structure. |

Plaintiff has failed to make any specific, non-conclusory allegations concerning the following statutory provisions and regulations. In each instance, Plaintiff has failed to plead facts showing that Apple is liable for a violation. These claims should be dismissed.

| Statutory Provisions and Regulations for Which Plaintiff Has Failed to Allege Facts to Support a Claim | | |
|---|---|---|
| **Provision** | **Count** | **Scope** |
| CAA – 42 U.S.C. § 7411 | 2, 13 | Establishes the new source performance standards (NSPS) program, directs EPA to develop categories of sources and corresponding performance standards, and makes it unlawful to operate a new source in violation of the relevant standards. No non-conclusory allegations that the Facility is a new source or has violated a particular standard. |
| CAA – 40 C.F.R. pt. 63 subpt. BBBBB | 11 | Sets out emissions standards for HAPs for semiconductor manufacturing. No non-conclusory allegations that Apple violated any specific standard outlined. |

| | | | |
|---|---|---|---|
| **RCRA – 40 C.F.R. pt. 262** | 4 | Set out standards applicable to generators of hazardous waste. No ongoing violation identified, EPA found Apple returned to compliance in 2024. (*See* ECF No. 48-4 at 51-54.) |
| **RCRA – 42 U.S.C. § 6972(a)(1)(B)** | 1 | Authorizes citizen suits "against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." No non-conclusory allegations that the Facility's operations present imminent and substantial endangerment after EPA settlement. |
| **CWA – 33 U.S.C. § 1311** | 18, 21 | Establishes that discharges of pollutants except in compliance with §§ 1312, 1316, 1328, and 1342 are illegal, and imposes performance-based standards for point sources. The Facility is permitted and Plaintiff does not identify violation of any specific effluent limitation. |
| **TSCA – 15 U.S.C. § 2614** | 28-32 | Makes it illegal to use a chemical, substance, or mixture that the user knew or had reason to know was manufactured, processed, or distributed in commerce in violation of 15 U.S.C. §§ 2604 or 2605, any rules or orders issued under §§ 2604 or 2605, or any order issued in an action brought under §§ 2604 or 2606. No non-conclusory allegations that Apple has used chemicals that were illegally manufactured, processed, or distributed. |
| **TSCA – 15 U.S.C. § 2604** | 28-31 | Prohibits manufacturing of new chemical substances or manufacturing or processing a chemical for a significant new use without providing notice to the EPA. No non-conclusory allegations that Apple manufactured any new chemicals or used chemicals for a significant new use. |
| **TSCA – 15 U.S.C. § 2689** | 32 | Makes it unlawful for any person to fail or refuse to comply with a provision of the lead subchapter or any regulations issued under it. No non-conclusory allegations that Apple used lead in a way that violates any specific regulation. |
| **TSCA – 15 U.S.C. § 2607(b)(10)(D)** | 29 | Directs companies to report information on mercury manufacturing and processing. No non-conclusory allegations that Apple failed to report its mercury usage. |

Plaintiff concedes she already brought her anti-retaliation claims under RCRA. (*See* FAC ¶ 396.) She has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *See Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (citation omitted). The Court should dismiss them.

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's First Amended Complaint in its entirety with prejudice

1

Dated:  January 21, 2026                           MORRISON & FOERSTER LLP

2

3                                                   By: _/s/ William F. Tarantino_

4                                                        William F. Tarantino

5                                                   *Attorneys for Defendants*
                                                    APPLE INC. KALIL JENAB, JENAB
6                                                   FAMILY LP, JENAB FAMILY
                                                    VENTURES LLC, and JENAB FAMILY
7                                                   TRUST

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28