WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL
JENAB, JENAB FAMILY LP, JENAB FAMILY
VENTURES LLC, and JENAB FAMILY TRUST

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>               Plaintiff,<br><br>      v.<br><br>APPLE INC., ET AL.<br><br>            Defendants. | Case No. 5:25-cv-07360-PCP<br><br>**DEFENDANT APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  March 26, 2026<br>Time:  10:00 a.m.<br>Courtroom:  8, 4th Floor<br>Judge:  Hon. P. Casey Pitts<br><br>Action Filed:  September 2, 2025<br>Trial Date:  TBD |

1

## I.    INTRODUCTION

Defendant Apple Inc. respectfully requests that, in determining its accompanying Motion to Dismiss the Complaint ("Motion to Dismiss"), the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the documents attached as **Exhibits A through G** attached to the accompanying **Declaration of William F. Tarantino** in Support of Apple's Motion to Dismiss Plaintiff's First Amended Complaint ("Tarantino Decl."), which are as follows:

**Federal Court Documents**

- A true and correct copy of the document titled "First Amended Complaint With Exhibits" from the docket of *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-CRB (N.D. Cal. Oct. 25, 2023), ECF No. 17. (Tarantino Decl. **Ex. A.**)

- A true and correct copy of the document titled "Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; and Denying Plaintiff's Motion to Amend" from the docket of *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-EMC (N.D. Cal. Feb. 27, 2025), ECF No. 179. (Tarantino Decl. **Ex. B**.)

- A true and correct copy of the document titled "Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Denying Defendant's Motion to Strike; and Granting Plaintiff's Motion to Strike" from the docket of *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-EMC (N.D. Cal. Oct. 1, 2024), ECF No. 112. (Tarantino Decl. **Ex. C**.)

- A true and correct copy of Exhibit A to the document titled "Notice of Chapter 7 Trustee's Intent to Abandon Claims" from the docket of *Ashley Marie Gjovik*, Case No. 1:25-bk-11496 (Bankr. D. Mass. Oct. 24, 2025), ECF No. 47-1. (Tarantino Decl. **Ex. D**.)

- A true and correct copy of the document titled "Order Denying Plaintiff's Motion for Judicial Notice; and Dismissing Plaintiff's Second Amended Complaint" from the docket of *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-EMC (N.D. Cal. Jan. 30, 2024), ECF No. 46. (Tarantino Decl. **Ex. E.**)

1  **Federal Administrative Documents**

2  • A true and correct copy of the document titled "n-Methylpyrrolidone (NMP); Revision

3  to Toxic Substances Control Act (TSCA) Risk Determination," Document ID EPA-

4  HQ-OPPT-2016-0743-0145, dated December 2022, available at

5  https://www.regulations.gov/document/EPA-HQ-OPPT-2016-0743-0145. (Tarantino

6  Decl. **Ex. F.**)

7  • A true and correct copy the "classic view" of Apple's public TRI Facility Report,

8  available at

9  https://enviro.epa.gov/enviro/tris_control_v2.tris_print?pPrev=1&tris_id=95051NTRS

10  L3250S. (Tarantino Decl. **Ex. G.**)

11  **II.    ALL DOCUMENTS MAY BE JUDICIALLY NOTICED**

12      The Court may properly consider documents filed in other courts, publicly accessible

13  documents on file with administrative agencies, and publicly available social media posts as they

14  are judicially noticeable. A district court may take judicial notice of matters that are either

15  (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and

16  ready determination based on sources whose accuracy cannot reasonably be questioned. Fed. R.

17  Evid. 201(b). This includes filings in other courts, *Harris v. County of Orange*, 682 F.3d 1126,

18  1132 (9th Cir. 2012), and administrative agency records and reports, *Smith v. Los Angeles Unified*

19  *School District*, 830 F.3d 843, 851 n.10 (9th Cir. 2016). This extends to documents available online.

20  A court may take judicial notice of webpages and information on a website or application "as long

21  as the website's authenticity is not in dispute," including, for example, when the court may "access

22  the website and confirm the accuracy of [an] exhibit[']s[] content." *In re Tourism Assessment Fee*

23  *Litig.*, No. 08cv1796-MMA(WMc), 2009 WL 10185458, at *4-5 (S.D. Cal. Feb. 19, 2009), *aff'd*,

24  391 F. App'x 643 (9th Cir. 2010).

25      Plaintiff cannot reasonably dispute contents of the court records or federal administrative

26  documents.  Exhibits A through E are public documents filed in federal district and bankruptcy

27  courts; Exhibits F through G are publicly-accessible federal administrative documents. Therefore,

28  the Court may consider them under Rule 201.

1    **III.    THE TSCA RISK EVALUATION IS ALSO INCORPORATED BY**
2    **REFERENCE**

3    The Court may also consider the TSCA Risk Evaluation document (Ex. F) under the

4    doctrine of incorporation by reference. Under this doctrine, a district court may consider documents

5    "whose contents are alleged in a complaint and whose authenticity no party questions, but which

6    are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076

7    (9th Cir. 2005) (citation omitted). The Ninth Circuit has also extended the incorporation by

8    reference doctrine to situations in which the plaintiff's claim depends on a document's contents,

9    the defendant attaches the document to its motion to dismiss, and the parties do not dispute the

10   authenticity of the document. *Id.*; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th

11   Cir. 2010). A court may also properly consider a document that is crucial to the plaintiffs' claims,

12   even if the document's contents or existence are not explicitly alleged in the complaint. *Parrino v.*

13   *FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in*

14   *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The purpose of this rule is to

15   "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . .

16   documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

17   2007) (citation omitted).

18   The Court may consider the Final Revised Risk Evaluation for n-Methylpyrrolidone (NMP)

19   because Plaintiff expressly references and relies on this document in the Complaint. (*See* ECF

20   No. 48 ("Amended Complaint") ¶ 720).

21   For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of

22   Exhibits A through G to the Declaration of William F. Tarantino.

23

24

25

26

27

28

1    Dated: January 21, 2026                    MORRISON & FOERSTER LLP

2

3                                               By:  */s/ William F. Tarantino*
                                                    William F. Tarantino

4
                                                *Attorneys for Defendants*
5                                               APPLE INC., KALIL JENAB, JENAB
                                                FAMILY LP, JENAB FAMILY
6                                               VENTURES LLC, and JENAB FAMILY
                                                TRUST

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28