1  WILLIAM F. TARANTINO [SBN 215343]
2  WTarantino@mofo.com
   ALBERTO J. CORONA [SBN 339906]
3  ACorona@mofo.com
   MORRISON & FOERSTER LLP
4  425 Market Street
   San Francisco, California  94105-2482
5  Telephone: (415) 268-7000
   Facsimile: (415) 268-7522
6
7  JULIE Y. PARK [SBN 259929]
   JuliePark@mofo.com
8  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 200
9  San Diego, California  92130-3588
   Telephone: (858) 720-5100
10 Facsimile: (858) 720-5125
11
   Attorneys for Defendants APPLE INC., KALIL
12 JENAB, JENAB FAMILY LP, JENAB FAMILY
   VENTURES LLC, and JENAB FAMILY TRUST
13
14              UNITED STATES DISTRICT COURT
15        FOR THE NORTHERN DISTRICT OF CALIFORNIA
16                    SAN JOSE DIVISION
17
18 ASHLEY M. GJOVIK,                      Case No. 5:25-cv-07360-PCP
19              Plaintiff,                **DEFENDANTS KALIL JENAB, JENAB
                                          FAMILY LP, JENAB FAMILY
20       v.                               VENTURES LLC, AND JENAB
                                          FAMILY TRUST'S NOTICE OF
21 APPLE INC., a corporation, CITY OF SANTA   MOTION AND MOTION TO DISMISS
   CLARA, a local government, MR.         PLAINTIFF'S FIRST AMENDED
22 KALIL/KHALIL JENAB, individually & as  COMPLAINT**
   Agent/Member/Manager of: JENAB FAMILY
23 LP, JENAB FAMILY VENTURES LLC, & as    Date: March 26, 2026
   Truste/Agent of: THE JENAB FAMILY      Time:  10:00 a.m.
24 TRUST,                                 Courtroom:  8, 4th Floor
                                          Judge:  Hon. P. Casey Pitts
25              Defendants.
                                          Action Filed:  September 2, 2025
26                                         Trial Date:  TBD
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 26, 2026, at 10:00 a.m., or as soon as the matter may be heard, in Courtroom 8, of the United States District Court of the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendants KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST (collectively, the "Landlord Defendants") move to dismiss this action with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Landlord Defendants base this Motion on this Notice of Motion, Landlord Defendants' Memorandum of Points and Authorities, the pleadings, records, and files in this action, and all other written or oral arguments or evidence that the parties may present to the Court relating to this Motion. The Landlord Defendants respectfully ask that the Court dismiss this action with prejudice because the Court lacks subject matter jurisdiction, and Plaintiff fails to state a claim upon which relief can be granted.

**STATEMENT OF RELIEF SOUGHT (L.R. 7-2(b)(3))**

The Landlord Defendants seek an order dismissing all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, 12(b)(6) because the First Amended Complaint fails to establish federal subject-matter jurisdiction and fails to state a cognizable claim for relief.

Dated: January 21, 2026

MORRISON & FOERSTER LLP

By:  _/s/ William F. Tarantino_
    William F. Tarantino

*Attorneys for Defendants*
APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY T VENTURES LLC, and JENAB FAMILY TRUST

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

i

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) ................................................ IX

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................... 1

    A.      Plaintiff's Limited Allegations Specific to the Landlord Defendants ................... 1

    B.      Background and Plaintiff's Remaining Allegations Against Apple ...................... 2

III.    LEGAL STANDARD ................................................................................................... 2

IV.     ARGUMENT ............................................................................................................... 3

    A.      The Claims Against the Landlord Defendants Should Be Dismissed
    Because they are Landowners Who Do Not Operate the Facility ......................... 3

        1.      Plaintiff lacks Article III standing because she cannot demonstrate
        traceability. ................................................................................................ 4

        2.      As landowners, the Landlord Defendants are not subject to citizen
        suit liability under federal law ................................................................... 4

        3.      The Santa Clara City Code provisions Plaintiff cites do not apply ............ 6

    B.      Plaintiff Does Not Have Article III Standing Because She Lacks a Concrete
    Injury ................................................................................................................. 6

        1.      Plaintiff has not alleged harm to any aesthetic or recreational
        interest. ...................................................................................................... 7

        2.      Plaintiff does not have concrete plans to return. ........................................ 7

        3.      Plaintiff cannot rely on allegations of past personal injury ........................ 8

    C.      Plaintiff Failed to Provide Adequate Pre-Suit Notice ........................................ 9

        1.      The pre-suit notice is technically deficient. .............................................. 10

        2.      The pre-suit notice is substantively deficient. .......................................... 11

        3.      Plaintiff cannot advance new theories omitted from her notice. ............... 12

    D.      Plaintiff's Amended Complaint Fails to State a Claim ...................................... 13

        1.      The FAC's Rule 8 violations mandate dismissal. ..................................... 13

        2.      Plaintiff's Clean Air Act (CAA) allegations are time-barred. ................. 14

        3.      The Clean Water Act (CWA) claim alleges no permit
        noncompliance or ongoing violation .......................................................... 15

        4.      Plaintiff fails to identify any actionable regulations limiting use of
        the chemical NMP under the Toxic Substances Control Act
        (TSCA). .................................................................................................... 16

        5.      Plaintiff's Emergency Planning and Community Right-to-Know
        Act (EPCRA) allegations fail to identify regulated chemicals or
        trigger prerequisites to liability. ............................................................... 17

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

ii

**TABLE OF CONTENTS**
(continued)

**Page**

       6.     Plaintiff's public nuisance claim is time-barred and fails to state a claim. ...................................................................................................... 19

       7.     Plaintiff vaguely alleges violations of a laundry list of inapplicable, unenforceable, or duplicative statutes and regulations. ............................ 21

V.     CONCLUSION ............................................................................................................ 25

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS
CASE NO. 25-CV-07360

iii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................. 3, 13, 17

*Atl. States Legal Found. v. United Musical Instruments*,
   61 F.3d 473 (6th Cir. 1995) ...................................................................................... 10, 11

*Beck Dev. Co. v. S. Pac. Transp. Co.*,
   44 Cal. App. 4th 1160 (1996) ......................................................................................... 19

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 3

*Brosnahan v. Caliber Home Loans, Inc.*,
   765 F. App'x 173 (9th Cir. 2019) ................................................................................... 13

*Browning v. Am. Honda Motor Co., Inc.*,
   549 F. Supp. 3d 996 (N.D. Cal. 2021) .............................................................................. 3

*Candlestick Heights Cmty. All. v. City & Cnty. of S.F.*,
   No. 23-cv-00082-SK, 2023 WL 9317153 (N.D. Cal. Dec. 21, 2023),
   *aff'd*, 2025 WL 275112 (9th Cir. Jan. 23, 2025) ............................................................. 7

*Cascadia Wildlands v. Scott Timber Co.*,
   105 F.4th 1144 (9th Cir. 2024) ................................................................................ 9, 11, 12

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
   598 F.3d 1115 (9th Cir. 2010) .......................................................................................... 2

*Clarke v. Pac. Gas & Elec. Co.*,
   501 F. Supp. 3d 774 (N.D. Cal. 2020) ............................................................................ 15

*Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*,
   305 F.3d 943 (9th Cir. 2002) ............................................................................................ 9

*Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*,
   115 F.4th 1217 (9th Cir. 2024) ......................................................................................... 8

*Ctr. for Biological Diversity v. Marina Point Dev. Co.*,
   566 F.3d 794 (9th Cir. 2008), *amended* (May 14, 2009) ......................................... 11, 12

*Ctr. for Biological Diversity v. U.S. Forest Serv.*,
   80 F.4th 943 (9th Cir. 2023) ............................................................................................. 5

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

iv

*Daniels-Hall v. Nat'l Educ. Ass'n,*
 629 F.3d 992 (9th Cir. 2010)......................................................................... 3

*Demoruelle v. Kucharski,*
 No. 19-00269 JAO-RT, 2019 WL 4739285 (D. Haw. Sept. 27, 2019) ................... 7

*Easter v. Am. W. Fin.,*
 381 F.3d 948 (9th Cir. 2004).......................................................................... 4

*Ecological Rts. Found. v. Pac. Lumber Co.,*
 230 F.3d 1141 (9th Cir. 2000)...................................................................... 6, 7

*Eisentecken v. Tahoe Reg'l Plan. Agency,*
 No. 2:20-cv-02349-DJC-CKD, 2025 WL 1531678 (E.D. Cal. May 28, 2025)..................... 20

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,*
 528 U.S. 167 (2000) ........................................................................ 3, 6, 7, 8 n.2

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,*
 484 U.S. 49 (1987) ................................................................................. 15, 16

*Hall v. Norton,*
 266 F.3d 969 (9th Cir. 2001).......................................................................... 8

*Hallstrom v. Tillamook Cnty.,*
 493 U.S. 20 (1989) ............................................................................. 9, 11, 12

*Holmes High Rustler, LLC v. Gomez,*
 No. 15-cv-02086-JSC, 2015 WL 4999737 (N.D. Cal. Aug. 21, 2015).................... 20

*Knapp v. Hogan,*
 738 F.3d 1106 (9th Cir. 2013)........................................................................ 13

*L.A. Waterkeeper v. SSA Terminals, LLC,*
 702 F. Supp. 3d 903 (C.D. Cal. 2023)............................................................. 4, 5

*Lujan v. Defs. of Wildlife,*
 504 U.S. 555 (1992) ........................................................................... 2, 4, 7, 8

*Mallon v. City of Long Beach,*
 164 Cal. App. 2d 178 (1958)........................................................................ 20

*Navarro v. Block,*
 250 F.3d 729 (9th Cir. 2001).......................................................................... 3

*Nilson v. City of San Jose,*
 No. C 07-03686 JW, 2008 WL 11387038 (N.D. Cal. July 24, 2008).................... 9, 11, 12

*Nuclear Info. & Res. Serv. v. Nuclear Regul. Comm'n*,
  457 F.3d 941 (9th Cir. 2006) ............................................................................ 7

*People ex rel. Bradford v. Goddard*,
  47 Cal. App. 730 (1920) ................................................................................. 20

*Phipps v. Saddleback Valley Unified Sch. Dist.*,
  204 Cal. App. 3d 1110 (1988) ........................................................................ 20

*Puget Soundkeeper All. v. Cruise Terminals of Am., LLC*,
  216 F. Supp. 3d 1198 (W.D. Wash. 2015) ...................................................... 12

*Puget Soundkeeper All. v. Port of Tacoma*,
  104 F.4th 95 (9th Cir. 2024) ........................................................................... 16

*Remington v. Mathson*,
  42 F. Supp. 3d 1256 (N.D. Cal. 2012),
  *aff'd*, 575 F. App'x 808 (9th Cir. 2014) ......................................................... 18

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ........................................................................... 3

*S.F. BayKeeper, Inc. v. Tosco Corp.*,
  309 F.3d 1153 (9th Cir. 2002) ......................................................................... 11

*Simon v. E. Ky. Welfare Rts. Org.*,
  426 U.S. 26 (1976) ............................................................................................. 4

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ........................................................................................... 6

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ........................................................................................... 8

*Thibodeaux v. Port of Oakland*,
  No. 18-cv-03353-KAW, 2018 WL 4853299 (N.D. Cal. Oct. 5, 2018) ............... 10

*United States ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ......................................................................... 13

*Wash. Trout v. McCain Foods, Inc.*,
  45 F.3d 1351 (9th Cir. 1995) ........................................................................... 10

*WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*,
  375 F.3d 913 (9th Cir. 2004) ........................................................................... 11

*Wilderness Soc'y, Inc. v. Rey*,
  622 F.3d 1251 (9th Cir. 2010) ........................................................................... 7

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

vi

**Statutes, Regulations, and Rules**

15 U.S.C.
  § 2604 .................................................................................................... 25
  § 2605 .................................................................................................... 23
  § 2606 .................................................................................................... 23
  § 2614 .................................................................................................... 25
  § 2615(b) ................................................................................................ 23
  § 2619(b)(1)(A) ...................................................................................... 11
  § 2689 .................................................................................................... 25

28 U.S.C. § 2462 ......................................................................................... 16

33 U.S.C.
  § 1311 .................................................................................................... 25
  § 1312 .................................................................................................... 22
  § 1316 .................................................................................................... 22
  § 1317 .............................................................................................. 22, 24
  § 1319(c) ................................................................................................ 23
  § 1342 .................................................................................................... 22
  § 1365(b) ................................................................................................ 11

42 U.S.C.
  § 6922 .................................................................................................... 22
  § 6923 .................................................................................................... 22
  § 6924 .................................................................................................... 22
  § 6925 .................................................................................................... 22
  § 6928(d)-(e) .......................................................................................... 23
  § 6972 .............................................................................................. 11, 25
  § 6973 .................................................................................................... 22
  § 7410 .................................................................................................... 21
  § 7411 .................................................................................................... 24
  § 7412 .................................................................................................... 21
  § 7413(c) ................................................................................................ 23
  § 7502 .................................................................................................... 22
  § 7604(b) ................................................................................................ 11
  § 7661(1) & (2) ...................................................................................... 24
  § 7661a(a) .............................................................................................. 24
  § 11002 .................................................................................................. 23
  § 11004 .................................................................................................. 18
  § 11046 ............................................................................................ 11, 23

40 C.F.R.
  pt. 63 subpt. BBBBB ............................................................................ 24
  pt. 262 .................................................................................................... 25
  pt. 264 .................................................................................................... 24
  pt. 355 .................................................................................................... 18
  pt. 751 .................................................................................................... 17

40 C.F.R.
§ 54.2(b) ............................................................................................................ 11
§ 54.3(b) ............................................................................................................ 10
§ 135.2(a) .......................................................................................................... 10
§ 135.3(a) .......................................................................................................... 10
§ 254.2(a)(1) ...................................................................................................... 11
§ 254.3(a) .......................................................................................................... 10
§§ 260-265 ........................................................................................................ 23
§ 372.22 ............................................................................................................ 18
§ 372.23 ............................................................................................................ 18
§ 702.62(a) .................................................................................................. 10, 12
§ 751 ................................................................................................................. 17

Fed. R. Civ. P. 8(a)(2) ............................................................................................ 13

Cal. Civ. Code
§ 3482 ............................................................................................................... 20
§ 3491 ............................................................................................................... 19

**Other Authorities**

Regulation under the Toxic Substances Control Act: n-Methylpyrrolidone,
89 Fed. Reg. 51,134 (proposed June 14, 2024) ....................................... 17

Santa Clara City Code § 8.30.050 (2024) ........................................................ 21

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

viii

1

## STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))

2

    1. Whether Plaintiff, as a Massachusetts resident, has Article III standing to seek injunctive

3

relief in an environmental matter relating to a California facility under *Lujan v. Defenders of*

4

*Wildlife*, 504 U.S. 555 (1992).

5

    2. Whether Plaintiff's First Amended Complaint is procedurally barred or otherwise fails to

6

state a claim for relief.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

ix

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3        Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and Jenab Family Trust

4    (collectively, the "Landlord Defendants"), raise many of the same arguments, identify many of the

5    same deficiencies, and are requesting the same relief here that Apple seeks in its concurrently filed

6    motion to dismiss. This brief mirrors Apple's. But the Landlord Defendants raise two additional

7    arguments, both related to the passive nature of land ownership in the context of alleged violations

8    of environmental statutes. First, Plaintiff cannot establish that her claims are fairly traceable to the

9    Landlord Defendants' actions, a requirement for Article III standing. Second, Plaintiff does not

10   plausibly allege that the Landlord Defendants acted in a way that would put them in violation of

11   federal environmental statutes, which is a requirement to maintain a citizen suit against landowners.

12   Because she does not allege that the Landlord Defendants have operational control over the Facility,

13   her federal statutory claims fail.

14       The rest of the Landlord Defendants' arguments closely align with Apple's and boil down

15   to this: Plaintiff has no injury in fact, did not make the requisite pre-suit notice, cannot add new

16   claims omitted from her pre-suit notice, filed a longwinded complaint in violation of Rule 8, and

17   does not allege sufficient facts to create a basis for liability under any of the citizen suit provisions

18   or state public nuisance law.

19   **II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

20       **A.    Plaintiff's Limited Allegations Specific to the Landlord Defendants**

21       Plaintiff's sparse allegations about the Landlord Defendants are telling; the Landlord

22   Defendants simply do not belong in this case. She alleges that because the Landlord Defendants

23   own the property where the Facility is located, they share responsibility with the tenants for

24   maintaining the property under the City Code. (First Am. Compl. ("FAC") ¶ 53 & n.11, ECF No.

25   48.) According to Plaintiff, the mere fact of ownership is sufficient basis for hauling the Landlord

26   Defendants into court for alleged violations of environmental laws, even though she never alleges

27   that the Landlord Defendants handled, controlled, or otherwise were responsible for the substances

28

at issue. Instead, Plaintiff vaguely claims that they "contributed to the ongoing violations and dangers because they knew about these issues, took no steps to correct the issues or report the violations, and instead concealed the dangers," (*e.g.*, *id.* ¶ 393) or "are responsible and liable due to their affirmative responsibilities as property owners and landlords, and for contributing to the issues, among other liability theories." (*e.g. id.* ¶¶ 421, 436). In other words, Plaintiff rests her entire case against the Landlord Defendants on city codes that may assign them some shared responsibility for maintaining the land, but have no bearing on whether they can be liable under federal environmental statutes.

### B.    Background and Plaintiff's Remaining Allegations Against Apple

Plaintiff is a serial litigant and Apple is her main target. This case is the latest in a series of cases and administrative actions she has filed against the Company over the same alleged environmental conditions near Apple's facility at 3250 Scott Boulevard in Santa Clara ("Facility").

Plaintiff lived near the Facility in 2020, when she was employed by Apple, but moved out in October 2020 and now resides in Massachusetts. (FAC ¶¶ 25-29; ECF No. 48-3 at 10.) She does not allege that she used or enjoyed the surrounding environment for aesthetic or recreational purposes; her connection to the site ended when she relocated. (*See generally id.*)

Nevertheless, Plaintiff alleges she is entitled to prosecute claims that the Facility emits and discharges chemicals into the air and water. (*See generally* FAC ¶¶ 377-813.) At the same time, she admits that Apple operates under a valid Bay Area Air Quality Management District permit, which authorizes emissions of arsine, phosphine, silane, and chlorine, all chemicals commonly used in semiconductor research and development. (*Id.* ¶ 411.)

## III.    LEGAL STANDARD

A plaintiff bears the burden to establish the "irreducible constitutional minimum" of Article III standing for any case to proceed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Rule 12(b)(1) requires dismissal where a plaintiff lacks Article III standing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010). In a facial Rule 12(b)(1) attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

2

invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[G]eneral averments" and "conclusory allegations" about effects of pollution are insufficient to establish standing. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000).

Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim lacks facial plausibility when there is no "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Courts do not have to "accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court may also consider documents incorporated by reference "on which the complaint necessarily relies" on a motion to dismiss. *Browning v. Am. Honda Motor Co., Inc.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) (citation omitted).

## IV.    ARGUMENT

### A.    The Claims Against the Landlord Defendants Should Be Dismissed Because they are Landowners Who Do Not Operate the Facility

The Landlord Defendants own the land and do not operate the Facility. In addition to the arguments set forth in Apple's brief and repeated below, Plaintiff's claims against the Landlord Defendants should be dismissed because she cannot demonstrate traceability and she cannot allege that any of their independent actions violated federal environmental laws. In addition, the city ordinances she cites in her attempt to assert that the Landlord Defendants have the requisite responsibility do not apply here. This Section (IV.A.) addresses the arguments unique to the Landlord Defendants. Sections IV.B through IV.E. repeat arguments from Apple's brief that apply

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

3

1    to the Landlord Defendants.

2        **1.**     **Plaintiff lacks Article III standing because she cannot demonstrate traceability.**

3    In addition to the arguments set forth by Apple and repeated below about why Plaintiff lacks

4    standing to bring her claims, Plaintiff also lacks standing because she does not adequately plead

5    traceability. Traceability requires "a causal connection between the injury and the conduct

6    complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant,

7    and not . . . the result [of] the independent action of some third party.'" *Lujan*, 504 U.S. at 560

8    (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41-42 (1976)). This inquiry is

9    defendant-specific. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 961-62 (9th Cir. 2004) (finding that

10   plaintiffs who failed to link each cause of action to the specific actions of each defendant lacked

11   standing to sue). As explained further in Section IV.A.2, *infra*, Plaintiff makes no specific

12   allegations showing that the Landlord Defendants participated in any "challenged action" that

13   caused Plaintiff harm. Because Plaintiff's allegations do not link the Landlord Defendants to her

14   claims, she fails the traceability requirement. Her claims should therefore be dismissed.

15       **2.**     **As landowners, the Landlord Defendants are not subject to citizen suit liability under federal law.**

16

17   Plaintiff's allegations fail to establish that the Landlord Defendants acted independently in

18   a way that would make them proper subjects of a citizen suit. Though "entities other than

19   permitholders [and operators] can be held responsible for violations" of federal environmental law

20   pursuant to their respective citizen suit provisions, such liability only arises when those entities "in

21   [their] own right, acted in such a way that [they] could reasonably be considered to be in violation

22   of federal pollution control requirements such as the conditions of a permit." *L.A. Waterkeeper v.*

23   *SSA Terminals, LLC*, 702 F. Supp. 3d 903, 933-34 (C.D. Cal. 2023) (citation omitted).

24       *L.A. Waterkeeper* is instructive. There, the City of Long Beach was sued for CWA and

25   RCRA violations, but the allegations against the City only alleged that the City owned the property

26   in question and therefore was "a potentially responsible party for the [alleged] CWA and RCRA

27   violations." *Id.* at 935. The court dismissed the claims against the City, explaining that where the

28

statutes authorize actions against past or present owners of a property for contributing to pollution, liability requires "active functions with a direct connection" to the allegedly wrongful actions of the operator; "hypothetical control" is not enough. *Id.* (quoting *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 951 (9th Cir. 2023)). Nor is "generally grouping" the landlord with the operator sufficient to establish the landlord's liability. *Id.* at 934-35.

Here, Plaintiff makes the same types of allegations: the Landlord Defendants "are responsible for maintenance of their properties" under various provisions of the Santa Clara City Code[1] and therefore are responsible for Apple's alleged violations. (FAC ¶ 53 & n.11.) Just like in *L.A. Waterkeeper*, these conclusory allegations fail to establish that the Landlord Defendants had any "active functions with a direct connection" to the alleged environmental releases.

The First Amended Complaint is devoid of facts showing that the Landlord Defendants exercise ***any*** control over the Facility, let alone the degree of control required for a citizen suit to proceed against them. Tellingly, Plaintiff only makes allegations about the Landlord Defendant's business operations as a whole; she does not include any facts even suggesting that the Landlord Defendants assert any level of control over the Facility. (FAC ¶¶ 50-61.) Nor can she rely on her bare allegations regarding the Landlord Defendants' involvement in the permitting process, which fail to establish that the Landlord Defendants are actively involved in the current operations of the Facility. (*Id.* ¶¶ 117-21.) None of these references show that the Landlord Defendants "in [their] own right, acted in such a way that [they] could reasonably be considered to be in violation of federal pollution control requirements." *See L.A. Waterkeeper*, 702 F. Supp. 3d at 934. The allegations she does include cannot withstand scrutiny under *Iqbal*: with so few factual, non-conclusory allegations specifically aimed at the Landlord Defendants regarding the alleged violations of environmental laws, the Landlord Defendants cannot discern their relationship to these claims, except the fact that the Landlord Defendants own the property. (*See, e.g.*, FAC ¶ 464 (concluding without factual support that the Landlord Defendants knew of the alleged RCRA violations).) None of the vague, imprecise allegations suffice to show that the Landlord Defendants

---

[1] These provisions are either inapplicable, unenforceable by a citizen-plaintiff, or both. *See infra* at 6.

are proper subjects of a citizen suit under the federal environmental laws Plaintiff cites, and these claims should therefore be dismissed.

### 3.    The Santa Clara City Code provisions Plaintiff cites do not apply.

Plaintiff purports to assert violations of the Santa Clara City Code but those provisions are not applicable here and are not privately enforceable. Chapter 8.30 concerns public nuisances (FAC ¶¶ 53 n.11, 783-86), but Plaintiff does not make any allegations sufficient to show that the Landlord Defendants caused or contributed to a public nuisance. Further, this provision assigns responsibility for maintenance of a property in accordance with the Santa Clara City Code not only to the owner, but also to the "occupant, lessee, or tenant." Santa Clara City Code § 8.30.40 (2024). The fact that the Landlord Defendants are partially responsible for maintenance of the property in accordance with the City Code has no bearing on their liability under federal environmental laws. Section 15.60.100 is even further afield. It provides that property owners are responsible for "[c]orrection and abatement of violations" of the *municipal fire code*, a detail Plaintiff omits to try to assert that the Landlord Defendants have responsibility for all alleged violations at the Facility writ large. Once again, whether or not the Landlord Defendants complied with the municipal fire code has no bearing on the federal environmental statutes at issue here.

### B.    Plaintiff Does Not Have Article III Standing Because She Lacks a Concrete Injury

Article III requires, in addition to traceability and redressability, a concrete injury in fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-40 (2016). An injury in fact must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Laidlaw*, 528 U.S. at 180. To satisfy the "'injury in fact' requirement in environmental cases," a plaintiff must "adequately show[] that she has an aesthetic or recreational interest in a particular place, or animal, or plant species and that interest is impaired by a defendant's conduct." *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000). Plaintiff cannot make that showing here.

Plaintiff does not have the concrete interest necessary to bring environmental claims because she identifies no harm to any aesthetic or recreational interest and instead relies solely on a past connection to the Facility she severed in 2020, with vague hopes of someday returning.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

6

1.     **Plaintiff has not alleged harm to any aesthetic or recreational interest.**

Plaintiff cannot satisfy the injury-in-fact requirement for environmental cases because she cannot "show[] that she has an aesthetic or recreational interest in a particular place . . . and that that interest is impaired by a defendant's conduct." *Ecological Rts. Found.*, 230 F.3d at 1147.

Under this standard, courts have found that plaintiffs lack standing where their use of the land is not impaired by the alleged violations of environmental laws. *Nuclear Info. & Res. Serv. v. Nuclear Regul. Comm'n*, 457 F.3d 941, 952-53 (9th Cir. 2006) (finding no injury in fact in part because the plaintiffs did not allege how the challenged action would curtail their use of the public highways at issue); *see also Candlestick Heights Cmty. All. v. City & Cnty. of S.F.*, No. 23-cv-00082-SK, 2023 WL 9317153, at *10-11 (N.D. Cal. Dec. 21, 2023) (finding plaintiffs lacked injury in fact where they failed to demonstrate how air pollution harmed their use of the park at issue), *aff'd*, 2025 WL 275112 (9th Cir. Jan. 23, 2025). Simply living in the area does not satisfy this condition. *Demoruelle v. Kucharski*, No. 19-00269 JAO-RT, 2019 WL 4739285, at *4 (D. Haw. Sept. 27, 2019) (granting Rule 12(b)(1) motion in environmental citizen suit where the plaintiff failed to allege sufficient impairment to her aesthetic or recreational enjoyment even though she lived in the area). Instead, *Laidlaw* confirms that environmental standing depends on a plaintiff's current or planned use of the affected area: injury in fact exists only where the plaintiff alleges that she uses the area and that the challenged activity threatens to lessen the aesthetic or recreational value of that use. 528 U.S. at 183. Here, Plaintiff alleges no ongoing use of the nearby Whole Foods, trails, parks, or apartments. Nor does she allege that the Landlord Defendants' conduct prevents her from using these areas or that she would do so if conditions were different. (FAC ¶ 28.) Because she does not allege that Landlord Defendants' conduct impaired her aesthetic or recreational enjoyment, she lacks standing to bring these environmental claims.

2.     **Plaintiff does not have concrete plans to return.**

Plaintiff cannot establish standing through an undefined intent to return. Plaintiff's speculative aspiration to "return to California when able" (FAC ¶ 25) is insufficient as a matter of law. *Lujan*, 504 U.S. at 564; *Wilderness Soc'y, Inc. v. Rey*, 622 F.3d 1251, 1256 (9th Cir. 2010) (no

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

7

injury in fact where an organization member offered no evidence on when he might return to the subject forest, even though he demonstrated "extensive past use" and expressed a desire to continue visiting the forest in the future). In *Lujan*, the Supreme Court held that indefinite plans to return—such as Plaintiff's—could not establish standing, stating that "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury." 504 U.S. at 564 (citation omitted). Here, Plaintiff only "intends to return . . . when able." (FAC ¶ 25.) This purported hope to return is exactly the type of indefinite plan that the *Lujan* Court rejected. Plaintiff makes no attempt to specify when she might move back—or even visit—and use the area surrounding the Facility.[2] As a result, she lacks standing as a matter of law.

### 3.    Plaintiff cannot rely on allegations of past personal injury.

An entirely past injury does not provide standing to seek injunctive relief. *Summers v. Earth Island Inst.*, 555 U.S. 488, 495 (2009) (finding no injury in fact to support prospective injunctive relief where an organization member only asserted a past injury); *Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*, 115 F.4th 1217, 1227 (9th Cir. 2024) (rejecting plaintiff's claim to Article III standing to pursue Clean Water Act violations). A physical injury can only give rise to standing for an environmental claim where there is an ongoing, credible threat to the plaintiff's physical well-being. *Hall v. Norton*, 266 F.3d 969, 976 (9th Cir. 2001). Here, there is no ongoing threat because Plaintiff lives thousands of miles from the Facility and claims no ongoing use of the area or any threat to her health from the current conditions at the Facility. Plaintiff concedes in her pre-suit notice that her claimed injuries are entirely in the past and have resolved, stating to the EPA that "[w]ithin a week of vacating the location in October 2020, [her] disabling medical issues vanished." (ECF No. 48-3 at 10.) Her past physical injuries are not an "actual or imminent" injury that can give rise to Article III standing. *Hall*, 266 F.3d at 975-76; *see also Candlestick Heights*, 2023 WL 931753, at *12 (unspecified threats to health did not create an imminent injury in fact).

---

[2] Nor can Plaintiff manufacture standing after filing the Complaint by relying on plans she did not have at the time she filed this lawsuit. *See Laidlaw*, 528 U.S. at 180 (explaining the Court's "obligation" to ensure that plaintiffs "had Article III standing at the outset of the litigation").

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

8

Plaintiff lacks Article III standing because she does not allege harm to an aesthetic or recreational interest, lacks concrete plans to return, and faces no ongoing health threat. The Court should, therefore, dismiss Plaintiff's FAC under Rule 12(b)(1) because she has not alleged harm to an aesthetic or recreational interest, had not made any concrete plans to return to Santa Clara at the time she filed this lawsuit, and because there is no ongoing threat to her health.

### C.    Plaintiff Failed to Provide Adequate Pre-Suit Notice

Plaintiff's pre-suit notice is insufficient, which dooms her claims as a matter of law. *See Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1153 (9th Cir. 2024) (pre-suit notices are prerequisite to citizen-suits). Notice requirements are mandatory and strictly construed. Courts have no discretion to excuse noncompliance. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989) (affirming dismissal due to insufficient pre-suit notice). Further, "[t]he law is clear that Plaintiff cannot cure her failure to provide adequate notice subsequent to filing suit." *Nilson v. City of San Jose*, No. C 07-03686 JW, 2008 WL 11387038, at *4 (N.D. Cal. July 24, 2008); *see also Hallstrom*, 493 U.S. at 26-27 (holding that pro se plaintiff's failure to strictly follow notice requirement was not subject to "equitable modification and cure"); *Cascadia*, 105 F.4th at 1153 (holding that compliance with citizen suit notice provision is a "mandatory claims-processing rule" and "mandatory condition[] precedent to commencing suit." (citation omitted)).

The Ninth Circuit emphasizes the importance of pre-suit notice to "provide the agencies and the defendant with information" to allow the agencies the opportunity to "step in, investigate, and bring the defendant into compliance." *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002). Litigation is the last resort: "[t]he point is to trigger agency enforcement and avoid a lawsuit" and not "to unduly burden citizens by requiring them to basically carry out the job of the agency." *Id.*

Plaintiff's Notice fails the strict technical requirements because Plaintiff omitted adequate contact information and did not serve it on the required parties. The Notice fails substantive requirements, too. It does not provide the required information about Plaintiff's claims, and instead makes vague references to entire statutory regimes. It contains nothing concrete on which either

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

9

the Landlord Defendants or government regulators could act. And, of course, there is no notice at all for the new theories Plaintiff raises for the first time in her FAC.

### 1.    The pre-suit notice is technically deficient.

The Notice's technical deficiencies mandate dismissal. *See Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995) (affirming dismissal of citizen suit due to technical deficiencies in the notice, including failure to provide contact information of the plaintiffs). A notice must "include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." *Thibodeaux v. Port of Oakland*, No. 18-cv-03353-KAW, 2018 WL 4853299, at *4 (N.D. Cal. Oct. 5, 2018) (citation omitted) (describing notices under the Clean Water Act). These requirements apply across analogous environmental citizen-suit provisions. *See* 40 C.F.R. § 135.3(a) (CWA); *see also* 40 C.F.R. § 54.3(b) (CAA) (similar); 40 C.F.R. § 254.3(a) (RCRA) (similar); 40 C.F.R. § 702.62(a) (TSCA) (similar); *Atl. States Legal Found. v. United Musical Instruments*, 61 F.3d 473, 478 (6th Cir. 1995) (extending notice requirements to EPCRA claims).

Plaintiff failed to meet these requirements. She failed to include adequate contact information. Nowhere does the Notice include Plaintiff's address; instead, it lists the Sacramento address of Plaintiff's California LLC. (*See* ECF No. 3 at 2; ECF No. 48-1 at 2; FAC ¶ 25.) But Plaintiff's LLC is not a party to this case. Only on the final page of the Notice does Plaintiff make a passing reference to being in Boston, without providing her actual address.

Plaintiff also failed to serve the Notice on all required parties. The CWA claims require service on "the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred," among other entities. 40 C.F.R. § 135.2(a). Per Plaintiff's proof of service, Plaintiff did not serve the chief administrative officer of the water pollution control agency for California by certified mail or by personal service. (*See* ECF No. 3-1 at 34-37.) The same is true for the claims under the CAA, RCRA, and EPCRA; Plaintiff has failed

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

10

1  to serve the relevant state entity as required. *See* 40 C.F.R. § 54.2(b) (CAA) (service of notice by

2  certified mail required on "an authorized representative of the State agency charged with

3  responsibility for air pollution control in the State"); 40 C.F.R. § 254.2(a)(1) (RCRA) (service of

4  notice by personal service or certified mail required on "chief administrative officer of the solid

5  waste management agency for the State in which the violation is alleged to have occurred"); *Atl.*

6  *States Legal Found.*, 61 F.3d at 478 (EPCRA follows notice requirements for RCRA).

7       Because of these defects, Plaintiff does not meet the claims-processing requirement needed

8  to maintain a citizen suit. Plaintiff cannot cure these defects by amending her Complaint, and thus

9  it should be dismissed. *See Nilson*¸ 2008 WL 11387038, at \*4; *Hallstrom*, 493 U.S. at 26-27; *see*

10  *also Cascadia*, 105 F.4th at 1153.

11                    **2.     The pre-suit notice is substantively deficient.**

12       The Notice fails to inform the Defendants "precisely what [they] allegedly did wrong, and

13  when." *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801 (9th Cir. 2008),

14  *amended* (May 14, 2009); *see* 42 U.S.C. § 6972(b)(1)(A) (RCRA); 42 U.S.C. § 7604(b) (CAA); 33

15  U.S.C. § 1365(b) (CWA); 15 U.S.C. § 2619(b)(1)(A) (TSCA); 42 U.S.C. § 11046(d)(1) (EPCRA).

16  "Notice is sufficient if it is reasonably specific and if it gives 'the accused company the opportunity

17  to correct the problem.'" *WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 917 (9th Cir.

18  2004) (quoting *S.F. BayKeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1158 (9th Cir. 2002)).

19  Plaintiff's Notice does not meet these requirements.

20       The Notice does not provide information about where, when, and how the statutory

21  violations allegedly occurred. At best, it parades through a list of statutes without detail: many

22  simply direct the EPA to promulgate certain regulations, rather than identify any specific standard

23  that the Landlord Defendants purportedly violated. For example, Paragraph 64 cites the entire

24  section of the CAA concerning State Implementation Plans to argue that Apple (not the Landlord

25  Defendants) violated CAA through emissions "that exceed state-specific emission limits". (*See also*

26  ECF No. 48-1 ¶¶ 72-78 (referencing large portions of RCRA without further explanation), 91-95

27  (same for the CWA), 99-101 (same for EPCRA).) These allegations contain no detail at all, let

28

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

11

1    alone the detail required by law.

2         For the TSCA allegations, the Notice likewise fails to identify which standards or

3    regulations the Landlord Defendants have allegedly violated and instead alleges violations of entire

4    sections of TSCA that authorize rules to regulate hazardous chemicals. (*See id.* ¶¶ 105-07.) While

5    the Notice alleges Apple's chemical inventories include chemicals subject to regulation, it fails to

6    allege that the amounts used violated any specific limitation or how the Landlord Defendants could

7    be liable for Apple's use. (*See id.*) A notice under TSCA's citizen suit provisions must include,

8    among other things, "[t]he specific provision of TSCA or of the rule or order under TSCA alleged

9    to have been violated." 40 C.F.R. § 702.62(a)(1).

10        A notice must specify the current conduct that forms the basis of the alleged violations; the

11   Notice's information regarding alleged historical conduct is insufficient. *See Marina Point*, 566

12   F.3d at 801. Without that information, neither defendants nor public enforcers have an opportunity

13   to investigate or evaluate those claims, and Plaintiff, in turn, is not authorized to sue. This defect

14   cannot be cured by amending the Complaint, and Plaintiff's claims should be dismissed. *See Nilson*¸

15   2008 WL 11387038, at *4; *Hallstrom*, 493 U.S. at 26-27; *see also Cascadia*, 105 F.4th at 1153.

### 3.    Plaintiff cannot advance new theories omitted from her notice.

17        Plaintiff cannot expand on theories or raise new ones if they were not included in her Notice.

18   *Puget Soundkeeper All. v. Cruise Terminals of Am., LLC*, 216 F. Supp. 3d 1198, 1214 (W.D. Wash.

19   2015). In her FAC, Plaintiff adds in new claims that she did not include in her Notice, including

20   Count 9 (stationary source), Count 10 (preconstruction permits), Count 12 (ozone pollution), Count

21   17 (maintaining a creek), Count 19 (semiconductor manufacturing standards), Count 23

22   (stormwater violation based on air emissions), and Count 32 (imminently hazardous chemicals).

23   Because no notice was provided on these theories, Plaintiff's Notice necessarily did not identify

24   "precisely what [defendants] allegedly did wrong, and when." *Marina Point*, 566 F.3d at 801. Thus,

25   even if the Court finds that Plaintiff's Notice is sufficient as to the other claims in the FAC (it is

26   not), the foregoing claims must be dismissed.

27

28

### D.    Plaintiff's Amended Complaint Fails to State a Claim

Putting aside the clear the standing and notice hurdles that doom Plaintiff's FAC, Plaintiff's allegations of federal statutory violations are so convoluted and unfocused that they cannot meet federal pleading standards. A complaint must set out a short and plain statement of the claim and offer more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. Plaintiff's inscrutable FAC falls far short of that standard and should be dismissed.

### 1.    The FAC's Rule 8 violations mandate dismissal.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Violations of this Rule warrant dismissal," for failure to state a claim and this includes instances "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). The Ninth Circuit has affirmed dismissals where the complaint was too long, unwieldy, argumentative, confusing, or filled with redundancies and largely irrelevant allegations. *See Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 173-74 (9th Cir. 2019) (collecting cases). For example, in *United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, the Ninth Circuit affirmed a district court's decision to deny leave to amend when the plaintiff sought to use a 733-page complaint. 637 F.3d 1047, 1058 (9th Cir. 2011). The court held that that amendment would have been futile because of complaint's "prolixity," finding that an excessively long complaint prejudices the opposing party, indicates bad faith, and fails to comply with Rule 8 requirements. *Id.* at 1058-59.

Here, the FAC consists of 178 pages, implicating more than 150 statutory provisions, regulations, and ordinances, and attaching more than 500 pages of exhibits and attachments. (*See generally* FAC; ECF Nos. 48-1–48-5.) The FAC devotes its first 83 pages to allegations directed generally at all defendants, along with extensive material unrelated to the claims asserted. Before addressing the Facility itself, Plaintiff includes allegations about her separate employment litigation, personal background and experiences, social media activity, and local geography and hydrology. (FAC ¶¶ 1-105.) Plaintiff also includes a lengthy discussion of Mr. Jenab's other real estate holdings, including the Synertek Superfund site, which are irrelevant here. (FAC ¶¶ 54-61.)

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

13

From paragraphs 106 through 376—more than 250 paragraphs spanning over 52 pages—the FAC continues with a lengthy narrative across a wide range of topics, including historical zoning decisions, alleged regulatory actions and inaction, third-party conduct, Plaintiff's employment history, and descriptions of surrounding properties and businesses. (*See, e.g.*, FAC ¶¶ 217 (social media posts), 249-51 (employment-related allegations), 258 (nearby businesses).) These allegations are supposedly presented in chronological and topical sequence but are not organized by claim or by defendant.

Plaintiff does not assert her first cause of action until paragraph 377, on page 84. (FAC ¶ 377.) As a result, the factual allegations relevant to the asserted claims are interspersed among extensive background material, making it difficult to identify which facts are alleged to support which causes of action or against which defendants.

This too warrants dismissal for failure to state a claim, particularly given Plaintiff's previous warnings in other litigation with Apple, including in this District, against overly long, confusing pleadings. (*See* Declaration of William F. Tarantino ("Tarantino Decl.") Ex. A at 3 (Plaintiff's claims, "assuming knowledge of the 300 pages of background and other times providing even more detail" resulted in a pleading that was "difficult to follow—one cannot see the forest through the trees.").) Plaintiff's *pro se* status makes no difference. As Judge Chen noted, Plaintiff's legal training offers her little leeway, stating "Plaintiff appears to have a J.D. That being the case, the Court is confident that Plaintiff can draft a complaint that contains the necessary details but does not go into every nuance and aspect of her case." (*Id.* at 3-4 (citation omitted).)

### 2.    Plaintiff's Clean Air Act (CAA) allegations are time-barred.

Plaintiff's CAA claim is neither current nor timely. Instead of alleging any ongoing violation, she relies on allegations of historical conduct she claims violated the CAA. (*See, e.g.*, FAC ¶¶ 473-–96 (alleging that Apple constructed and operated the Facility without proper permits), 497-531 (alleging that Apple's past air emissions violated various emission standards).)

*First*, the only specific air emissions that Plaintiff refers to are in the past. (*See id.* ¶ 471 (alleging that "Apple . . . reported . . . emissions to [BAAQMD]" and citing data from 2022 and

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

14

2023.) Significantly, Plaintiff admits that the Facility has had a permit for at least some of the Facility's operations since it began operations (*id.* ¶ 475), that the Facility was issued an amended permit in 2023 and notes some of the emissions limits in that permit (*id.* ¶ 411). She fails to identify any emissions reports that exceed those limits. A citizen-suit complaint must allege an ongoing, current violation of the relevant statute; the plaintiff cannot bring a citizen suit for "wholly past violations." *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found.*, 484 U.S. 49, 64 (1987). The Complaint's conclusory allegation that the violations "are ongoing, long-running, and expected to continue in the future without serious enforcement action including judicial intervention," (FAC ¶ 467), are insufficient to state a claim for relief. *See Gwaltney*, 484 U.S. at 64-65 (holding that citizen-plaintiffs must make "a good-faith allegation of continuous or intermittent violation" and cannot assert "frivolous allegations"). The FAC is void of factual allegations establishing ongoing violations or that any past violation could be reasonably expected to recur. Therefore, the claims based on violations of emission pollution standards must be dismissed.

*Second*, even assuming Plaintiff's allegations regarding when the violations occurred were true, Plaintiff's CAA claim is barred by the statute of limitations. Citizen suits under the CAA are subject to a five-year statute of limitations, which begins to run at the time of the underlying violation, not when the injury is discovered. *See Clarke v. Pac. Gas & Elec. Co.*, 501 F. Supp. 3d 774, 786 (N.D. Cal. 2020). If a violation, such as operating an unpermitted facility, is "ongoing" rather than one of several "repeated, discrete violations," then the claim accrues when the conduct first began. *See id.* Here, Plaintiff alleges unpermitted emissions since the Facility began operations in "approximately 2015" (FAC ¶ 32); any cause of action arising from this alleged continuous violation is time-barred. And if a claim for damages or penalties is barred, a claim for injunctive relief based on the same conduct is also barred. *See Clarke*, 501 F. Supp. 3d at 788 (where CWA claim is time-barred, "the related CWA claim for injunctive relief is likewise barred by the concurrent remedy doctrine). Plaintiff's CAA claims should thus be dismissed in their entirety.

### 3. The Clean Water Act (CWA) claim alleges no permit noncompliance or ongoing violation.

Plaintiff's CWA claims fail for two independent reasons. *First*, as Plaintiff admits, the

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

15

Facility operates under a National Pollutant Discharge Elimination System (NPDES) Permit, which authorizes its routine wastewater discharges. (*See, e.g.*, FAC ¶¶ 129, 195, 565.) While the FAC alleges heavy metals and solvents were detected once in Facility wastewater in 2017 (*id.* ¶ 177), it does not allege a single violation of any effluent limit suggesting that these Facility discharges were noncompliant with its permit or any other law. Nor does it allege *any* ongoing permit exceedance, which is necessary for a citizen suit. The conclusory allegations about heavy metals and solvents are also contradicted by the Complaint's own exhibits[3] and should therefore be disregarded. In the face of compliance with a valid permit, Plaintiff cannot allege that the Landlord Defendants have violated the CWA. *See Puget Soundkeeper All. v. Port of Tacoma*, 104 F.4th 95, 105 (9th Cir. 2024) ("[I]f a permit-holder complies with the terms of its permit, it need not fear liability under the Clean Water Act." (citing 33 U.S.C. § 1342(k))).[4]

    *Second,* Plaintiff's allegations of non-compliance (related to sampling methods or frequencies in 2016 and 2020, FAC ¶¶ 567, 570; cooling water disposal in 2016, *id.* ¶ 578; and alleged maintenance issues regarding cobblestone count or "No Dumping" medallions in 2022, *id.* ¶ 580) all concern "wholly past violations." *Gwaltney*, 484 U.S. at 64, *supra* § IV(D)(2). Even if such claims could proceed, Plaintiff's claims related to metals in wastewater, sampling, and cooling water disposal are long barred by the five-year statute of limitations. 28 U.S.C. § 2462.

### 4.  Plaintiff fails to identify any actionable regulations limiting use of the chemical NMP under the Toxic Substances Control Act (TSCA).

    Plaintiff's TSCA claims are partially based on allegedly unlawful manufacturing, processing, distribution, and use of n-methyl-2-pyrrolidone ("NMP"). (*See* FAC ¶¶ 719-25.) These

---

[3] The complaint alleges that because the Facility's routine wastewater monitoring showed the presence of trichloroethylene ("TCE"), the Facility must be "pouring that [TCE] down the drain," (FAC ¶ 574), but fails to recognize that the Facility sits partially on a TCE groundwater plume originating from a nearby Superfund site (*see* ECF No. 48-3 at 26). The testing cited in Gjovik's 2023 citizen complaint also reveals that each of the chemicals Gjovik alleges are in the Facility's wastewater was detected below the Method Reporting Limit ("MRL"), meaning the concentration of the chemical is too low to have confidence in the test result. (*See id.* at 36.)

[4] Plaintiff confusingly claims there is no "permit shield" because "Apple violated 33 U.S.C. § 1342(k) by also violating 33 U.S.C. §§ 1312, 1316, 1317, 1343." (FAC ¶ 628.) But 33 U.S.C. § 1342(k) specifically says the opposite: "[c]ompliance with a permit issued pursuant to this section shall be deemed compliance, for purposes of sections 1319 and 1365 of this title, with sections 1311, 1312, 1316, 1317, and 1343 . . . ."

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

16

1    claims misunderstand the regulatory program and should be dismissed.

2          The FAC claims that NMP "is regulated under 40 CFR Part 751." (*Id.* ¶ 720.) 40 CFR part

3    751 is the entire section concerning "Regulation of Certain Chemical Substances and Mixtures

4    Under Section 6 of [TSCA]," and has subparts for the specific chemical substances and mixtures

5    covered. NMP is not among the chemical substances and mixtures listed. *See generally* 40 C.F.R

6    § 751. The FAC further claims that "[i]n 2022, the EPA severely restricted the legal use of NMP,"

7    apparently referring to the EPA's December 2022 Final Risk Evaluation for NMP. (*See* FAC ¶ 720;

8    Tarantino Decl. Ex. F.) The Final Risk Evaluation, however, does not regulate the use of NMP and

9    specifically states that the EPA "***will propose a risk management regulatory action***" limiting use

10   of NMP. (Tarantino Decl. Ex. F at 3 (emphasis added).) The EPA proposed regulations on NMP in

11   2024, but no such regulations have been adopted. *See* Regulation under the Toxic Substances

12   Control Act: n-Methylpyrrolidone, 89 Fed. Reg. 51,134 (proposed June 14, 2024). Thus, there are

13   no regulations limiting Apple's use of NMP, and any claims concerning Apple's NMP use should

14   be dismissed.

15          **5.     Plaintiff's Emergency Planning and Community Right-to-Know Act
16                  (EPCRA) allegations fail to identify regulated chemicals or trigger
                    prerequisites to liability.**

17          Plaintiff's EPCRA claims fail because she fails to identify a regulated hazardous substance,

18   or that any reporting obligation is triggered. (FAC ¶¶ 684-707.)

19          **Alleged Violation of EPCRA § 302 (42 U.S.C. § 11002):** Plaintiff claims that Landlord

20   Defendants violated EPCRA § 302 "by failure to notify State Emergency Response Commission

21   (SERC) and failure to designate facility representative." (FAC ¶ 688.) Plaintiff provides no facts to

22   support this conclusory allegation. This allegation consists of no more than "labels and

23   conclusions" that are insufficient as a matter of law, and it should therefore be dismissed. *Iqbal*,

24   556 U.S. at 678.

25          **Alleged Violation of EPCRA § 304 (42 U.S.C. § 11004):** Plaintiff claims that the Facility

26   failed "to report releases of extremely hazardous substances and CERCLA substances that

27   exceeded reportable quantities and failing to provide community notifications." (FAC ¶ 689.)

28

Section 304 requires facilities to notify certain emergency response authorities of certain chemical releases. 42 U.S.C. § 11004. These reporting obligations are only triggered if an EPA-designated "extremely hazardous substance[]" is released in excess of its "reportable quantit[y]" as delineated in Appendix A to 40 C.F.R. pt. 355. *See also Remington v. Mathson*, 42 F. Supp. 3d 1256, 1280 (N.D. Cal. 2012), *aff'd*, 575 F. App'x 808 (9th Cir. 2014). Plaintiff has not sufficiently alleged either that (i) the chemicals allegedly released constitute "extremely hazardous substances" or (ii) any such release occurred in quantities greater than the "reportable quantities" for those substances. Plaintiff's claim for a violation of EPCRA § 304 fails.

Plaintiff has not alleged that the Facility released reportable quantities of chemicals that constitute "extremely hazardous substances" under Appendix A to 40 C.F.R. pt. 355. Plaintiff recites the fact that "Apple's most recent chemical inventory for the site, submitted Feb. 28 2025, lists extensive amounts of very dangerous substances including Silane, Chlorine gas, Ammonia ($NH_3$), sulfuric acid, and dichlorosilane." (*See* FAC ¶ 690.) Though these chemicals appear in Appendix A to 40 C.F.R. pt. 355, Plaintiff has not and cannot allege that any chemicals were released in excess of their reportable quantities. Indeed, Plaintiff has not pled facts regarding the quantity of any of the chemicals allegedly released. Plaintiff accordingly has not shown that Landlord Defendants had a duty to report under EPCRA § 304, and this claim should be dismissed.

**Alleged Violation of EPCRA § 313 (42 U.S.C. § 11023):** Plaintiff argues that Landlord Defendants have "violated the EPCRA § 313 . . . by failing to report toxic chemical releases (TRI reporting) TRI reporting failures for TCE, NMP, arsenic compounds." (*See* FAC ¶ 700.) As with sections 311 and 312, Plaintiff has not alleged conditions necessary to trigger a reporting obligation under EPCRA § 313. Plaintiff has not and cannot allege that the Facility is in a covered industry sector. 40 C.F.R. § 372.22. According to the public TRI Facility Report, this Facility is operating under the NAICS code 334111, (*see* Tarantino Decl. Ex. C) which is not subject to EPCRA § 313 requirements. *See* 40 C.F.R. § 372.23.[5] Because Plaintiff has not alleged or shown that the Landlord Defendants are required to submit TRI reports under EPCRA § 313 for this Facility, this claim fails.

---

[5] Plaintiff vaguely claims this is the incorrect NAICS code for the Facility, but provides no facts to back that conclusory assertion up. (*See* FAC ¶¶ 704-06.)

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

18

1

6.      **Plaintiff's public nuisance claim is time-barred and fails to state a claim.**

Plaintiff's public nuisance claim under California Civil Code section 3491 *et seq.* is time-barred because she left the vicinity of the Facility outside the three-year statute of limitations period for public nuisance. *Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1216 (1996) ("there is a three-year statute of limitations in a nuisance action brought by a private party"). The limitations period commences at different times for permanent and continuing nuisances, but the fact that Plaintiff moved thousands of miles from the Facility in 2020 precludes either type of claim.

For a permanent nuisance, which is a "permanent injury to property," the statute begins to run when the nuisance is created and "bars all claims after its passage." *Id.* at 1216-17. Plaintiff's public nuisance claim is based on the same set of facts as the private nuisance claim she brought against Apple in 2023. (Taratino Decl. Ex. D.) Judge Chen found that Plaintiff knew or reasonably should have known of that claim more than two years before she filed that lawsuit on September 7, 2023. (*See id.* Decl. Ex. E at 27; *id.* Ex. F at 16-18.)

The limitations period for public nuisance is three years; one year longer than for private nuisance. It therefore follows that Plaintiff's public nuisance claim, filed on September 2, 2025, more than one year after her private nuisance claim, is also time-barred.

To the extent Plaintiff alleges a continuing public nuisance, the three-year statute of limitations also bars her claim. Plaintiff cannot allege that she sustained any injuries within the three-year statute of limitations. "[A] continuing nuisance is considered to be a series of successive injuries for which the plaintiff must bring successive actions." *Beck*, 44 Cal. App. 4th at 1216. "[E]ach repetition of a continuing nuisance is considered a separate wrong which commences a new period in which to bring an action for recovery based upon the new injury." *Id.* at 1217. Because Plaintiff has not lived near the Facility since 2020, she has not experienced any "successive injuries" or "separate wrong" within the three years preceding this lawsuit that would commence a new limitations period. The most recent "injury" or "wrong" she could have experienced was in 2020, more than three years before she filed this lawsuit. Plaintiff's public nuisance claim is therefore time-barred and should be dismissed.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

19

Even if the statute of limitations did not bar Plaintiff's claim, Plaintiff cannot state a claim for public nuisance because the permitted discharges by definition cannot constitute a nuisance: "[n]othing . . . done or maintained under the express authority of a statute can be deemed a nuisance." Cal. Civ. Code § 3482. This includes permitted activity. *See, e.g.*, *Eisentecken v. Tahoe Reg'l Plan. Agency*, No. 2:20-cv-02349-DJC-CKD, 2025 WL 1531678, at *10 (E.D. Cal. May 28, 2025) (granting dismissal where defendant "was acting under the authority of a governmental permit, [therefore] his conduct cannot form the basis for a [public] nuisance claim").

Plaintiff concedes that the Facility obtained a valid air permit from the local air-quality management district on May 1, 2023, limiting annual emissions of arsine, phosphine, silane, and chlorine. (FAC ¶ 411.) She does not allege that the Facility exceeded any of these limits or made unpermitted discharges. (*See generally* FAC) Because of the valid permit, Section 3482 bars Plaintiff's nuisance theory as to those permitted air emissions as a matter of law.

Nor can Plaintiff be awarded the injunctive relief she seeks because she alleges no ongoing nuisance. At most, she alleges that pre-2023 activity created a nuisance. (*Id.* ¶¶ 411, 757-78 (listing various ways the Facility "created" a public nuisance and concluding that the alleged harms are "continuous" with no factual support).) But a past nuisance cannot be enjoined. *People ex rel. Bradford v. Goddard*, 47 Cal. App. 730, 740 (1920) (reversing a trial verdict where public nuisance had been abated, holding "the action should be dismissed, for the very obvious reason that there is then nothing existing against or upon which the injunctive process of the court can or will operate"); *see also Mallon v. City of Long Beach*, 164 Cal. App. 2d 178, 190 (1958) (refusing to grant an injunction when there was no probability of continued harm); *Phipps v. Saddleback Valley Unified Sch. Dist.*, 204 Cal. App. 3d 1110, 1117 (1988) (distinguishing *Mallon* and affirming a permanent injunction after trial because the defendant did not decide to abandon its policy voluntarily). This forecloses the remedy Plaintiff seeks here, precluding her from stating a claim. *Holmes High Rustler, LLC v. Gomez*, No. 15-cv-02086-JSC, 2015 WL 4999737, at *7 (N.D. Cal. Aug. 21, 2015).

Plaintiff refers to numerous local ordinances that govern the building infrastructure necessary for operations involving certain gases. Plaintiff vaguely alleges that the Landlord

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

20

Defendants "spread[] smoke, dust, vapors, gasses, and fumes over a considerable area filled with private residences and parks" and refers to numerous local ordinances but fails to allege what these ordinances require, much less how Apple violated them. (FAC ¶¶ 788, 789.) In any event, she lacks the authority to enforce the ordinances she cites. Only the City's enforcement officer may do so. *See* Santa Clara City Code § 8.30.050 (2024). The cited ordinances cannot form the basis for her public nuisance claim and dismissal is appropriate.

### 7. Plaintiff vaguely alleges violations of a laundry list of inapplicable, unenforceable, or duplicative statutes and regulations.

In addition to the defects identified above, Plaintiff's allegations that Landlord Defendants violated particular statutory provisions and regulations each fail for one of several independent reasons: (1) the statutory provisions only direct or allow EPA or state action and thus cannot apply to Landlord Defendants; (2) the statutory provisions and regulations are inapplicable to Landlord Defendants; (3) the statutory provisions and regulations do not set out a standard against which compliance can be judged; (4) the statutory provisions cannot be enforced in a citizen suit; (5) Plaintiff has failed to allege sufficient facts to support a claim under the statutory provisions and regulations; or (6) Plaintiff has already alleged violations in other actions and cannot maintain a duplicative claim here. These claims fail.

Plaintiff includes a long list of statutory provisions that direct the EPA, states, or other government entities to take action, such as promulgating regulations. Because the Landlord Defendants are government entities, they cannot violate these provisions and these claims must be dismissed.

| Statutory Provisions that Only Direct or Allow EPA or State Action | | |
|---|---|---|
| **Provision** | **Count** | **Scope** |
| **CAA – 42 U.S.C. § 7410** | 2, 12 | Requires states to develop State Implementation Plans (SIPs) and requires SIPs to include certain features. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CAA – 42 U.S.C. § 7412** | 2, 10, 11 | Directs EPA to create a list of hazardous air pollutants (HAPs) and categories of sources of HAPs and promulgate emissions standards for each source category. This provision is unenforceable by a private citizen and cannot be violated by a |

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-cv-07360

21

| | | private entity. |
|---|---|---|
| **CAA – 42 U.S.C. § 7502** | 10 | Sets out standards for classification and attainment dates for nonattainment areas, directs states to submit nonattainment plans and sets out what such plans must include, requires revisions of such plans in the event of inadequacies, and directs EPA to adjust regulations in the event of relaxation of NAAQS. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6973** | 1 | Authorizes EPA to sue persons who contribute to imminent and substantial endangerment to health or the environment. This provision is unenforceable by a private citizen. Only EPA can bring a suit under this section. |
| **RCRA – 42 U.S.C. § 6922** | 4 | Directs EPA to establish standards for hazardous waste generators and outlines manifest certification requirements. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6923** | 5, 7 | Directs EPA to establish standards for transporters of hazardous waste. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6924** | 8 | Directs EPA to establish standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **RCRA – 42 U.S.C. § 6925** | 6 | Directs EPA to promulgate regulations requiring owners or operators of new or existing hazardous waste treatment, storage, or disposal facilities to have a permit, sets out requirements for permit applications, permit issuance, permit revocation, and defines certain special categories of facilities. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1312** | 20 | Directs EPA to establish further effluent limitations where application of other standards would not meet water quality goals. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1316** | 3, 19, 20 | Directs EPA to promulgate regulations setting out new source performance standards for certain categories of sources and makes violating those standards illegal. This provision allows states, not private citizens, to enforce the standards. |
| **CWA – 33 U.S.C. § 1317** | 3, 20 | Directs EPA to establish a list of toxic pollutants and set effluent limitations for those pollutants, making violations of those standards illegal. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C. § 1317(b)** | 3 | Authorizes EPA to commence civil actions for relief to enforce the CWA. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **CWA – 33 U.S.C.** | 3, 19, | Sets out the NPDES permit program and authorizes EPA and |

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

22

| | | |
|---|---|---|
| **§ 1342** | 20, 23 | states to issue permits. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2605** | 28-32 | Directs EPA to promulgate regulations concerning chemicals, the manufacturing, processing, distribution in commerce, use, or disposal (or any combination) thereof presents an unreasonable risk of injury to health or the environment. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |
| **TSCA – 15 U.S.C. § 2606** | 32 | Authorizes EPA to commence civil actions concerning the use of imminently hazardous chemicals. This provision is unenforceable by a private citizen and cannot be violated by a private entity. |

Plaintiff attempts to plead claims under statutory provisions that cannot be enforced in a citizen suit because they either authorize criminal penalties or are exempted from citizen enforcement. Plaintiff lacks authority to pursue these claims, and they should be dismissed.

| **Statutory Provisions and Regulations That Cannot Be Enforced in a Citizen Suit** | | |
|---|---|---|
| **Provision** | **Count** | **Scope** |
| **CAA – 42 U.S.C. § 7413(c)** | 2 | Authorizes imposition of criminal penalties for certain conduct. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **RCRA – 42 U.S.C. § 6928(d)–(e) and 40 C.F.R. §§ 260-265** | 1, 4, 5, 7, 8 | Authorize imposition of criminal penalties for certain conduct. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **CWA – 33 U.S.C. § 1319(c)** | 3 | Authorizes criminal penalties for certain knowing violations of the CWA where the defendant knowingly places another person in imminent danger of death or serious bodily injury. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **TSCA – 15 U.S.C. § 2615(b)** | 28-32 | Authorizes criminal penalties for knowing and willful violations of TSCA. Citizen-plaintiffs have no authority to seek criminal penalties. |
| **EPCRA – 42 U.S.C. § 11002** | 25 | Requires certain facilities handling substances designated as "extremely hazardous" to notify their state's emergency response commission that it is subject to emergency planning. Alleged violations of 42 U.S.C. § 11002 may only be prosecuted by the state or local government. 42 U.S.C. § 11046(2)(A)(i). |

Plaintiff alleges that the Landlord Defendants violated a variety of statutes and regulations that do not set out compliance standards, instead setting out definitions, elements of regulations, or descriptions of the regulated activity. Because these do not set out a standard by which compliance can be measured, Plaintiff claims under these provisions and regulations should be dismissed.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF
MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

23

| Statutory Provisions and Regulations That Do Not Identify a Compliance Standard | | |
|---|---|---|
| **Provision** | **Count** | **Scope** |
| **CAA – 42 U.S.C. § 7661(1) & (2)** | 9-10 | Set out the definitions for "affected source" and "major source." No compliance standard identified. |
| **CAA – 42 U.S.C. § 7661a(a)** | 9 | Makes it unlawful to violate the terms of a permit issued under a CAA permit program. No compliance standard identified. |
| **CWA – 33 U.S.C. § 1317(d)** | 20 | Makes it unlawful to violate any effluent standard or prohibition or pretreatment standard promulgated under the CWA. No compliance standard identified. |

Plaintiff cites regulations that do not apply to the Landlord Defendants because they only apply to certain types of entities or structures that do not include the Landlord Defendants or the Facility. Because Apple is not covered by these regulations, Plaintiff claims based on these rules should be dismissed.

| Regulations That Do Not Apply to Apple | | |
|---|---|---|
| **Provision** | **Count** | **Scope** |
| **RCRA – 40 C.F.R. pt. 264** | 6, 8 | Regulations concerning standards for owners and operators of hazardous waste treatment, storage, and disposal facilities. Apple is not an owner or operator of a hazardous waste treatment, storage, or disposal facility. |

Plaintiff has failed to make any specific, non-conclusory allegations concerning the following statutory provisions and regulations. In each instance, Plaintiff has failed to plead facts showing that Apple is liable for a violation. These claims should be dismissed.

| Statutory Provisions and Regulations for Which Plaintiff Has Failed to Allege Facts to Support a Claim | | |
|---|---|---|
| **Provision** | **Count** | **Scope** |
| **CAA – 42 U.S.C. § 7411** | 2, 13 | Establishes the new source performance standards (NSPS) program, directs EPA to develop categories of sources and corresponding performance standards, and makes it unlawful to operate a new source in violation of the relevant standards. No non-conclusory allegations that the Facility is a new source or has violated a particular standard. |
| **CAA – 40 C.F.R. pt. 63 subpt. BBBBB** | 11 | Sets out emissions standards for HAPs for semiconductor manufacturing. No non-conclusory allegations that the Landlord Defendants violated any specific standard outlined. |

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

24

| | | |
|---|---|---|
| **RCRA – 40 C.F.R. pt. 262** | 4 | Set out standards applicable to generators of hazardous waste. No ongoing violation identified, EPA found the Facility returned to compliance in 2024. (*See* ECF No. 48-4 at 51-54.) |
| **RCRA – 42 U.S.C. § 6972(a)(1)(B)** | 1 | Authorizes citizen suits "against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." No non-conclusory allegations that the Facility's operations present imminent and substantial endangerment after EPA settlement. |
| **CWA – 33 U.S.C. § 1311** | 18, 21 | Establishes that discharges of pollutants except in compliance with §§ 1312, 1316, 1328, and 1342 are illegal, and imposes performance-based standards for point sources. The Facility is permitted and Plaintiff does not identify violation of any specific effluent limitation. |
| **TSCA – 15 U.S.C. § 2614** | 28-32 | Makes it illegal to use a chemical, substance, or mixture that the user knew or had reason to know was manufactured, processed, or distributed in commerce in violation of 15 U.S.C. §§ 2604 or 2605, any rules or orders issued under §§ 2604 or 2605, or any order issued in an action brought under §§ 2604 or 2606. No non-conclusory allegations that the Landlord Defendants have used chemicals that were illegally manufactured, processed, or distributed. |
| **TSCA – 15 U.S.C. § 2689** | 32 | Makes it unlawful for any person to fail or refuse to comply with a provision of the lead subchapter or any regulations issued under it. No non-conclusory allegations that the Landlord Defendants used lead in a way that violates any specific regulation. |

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's First Amended Complaint in its entirety with prejudice.

Dated: January 21, 2026                    MORRISON & FOERSTER LLP

By:  */s/ William F. Tarantino*
William F. Tarantino

*Attorneys for Defendants*
APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY T VENTURES LLC, and JENAB FAMILY TRUST

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FAC
CASE NO. 25-CV-07360

25