**Ashley M. Gjovik, JD**
*In Propria Persona*
San José, California
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK**, *an individual*, | **CASE NO. 25-CV-07360** |
| | |
| Citizen Plaintiff, | **ENVIRONMENTAL CITIZEN SUIT; PUBLIC NUISANCE** |
| vs. | |
| | **PLAINTIFF'S MOTION TO CHANGE TIME FOR FILING OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS** |
| **CITY OF SANTA CLARA, APPLE INC., & K. JENAB ET AL.** | |
| Defendants. | **CURRENT DEADLINE: FEB. 20 2026** |

# PLAINTIFF'S MOTION TO CHANGE TIME FOR FILING OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS

1.      Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Civil Local Rule 6-3, Plaintiff Ashley M. Gjovik ("Plaintiff"), proceeding pro se, respectfully moves this Court for an order extending the deadline to file oppositions to the three pending motions to dismiss (ECF Nos. 58-63), **from February 20, 2026 to March 23, 2026**, with corresponding adjustments to downstream deadlines. This motion is supported by the accompanying Declaration of Ashley M. Gjovik and a [Proposed] Order listing all affected deadlines.

## JUSTIFICATION AND GOOD CAUSE

2.      Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The inquiry focuses primarily on the moving party's diligence and reasons for seeking modification. *Id.*; *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

3.      Plaintiff demonstrates good cause based on a convergence of extraordinary circumstances, each independently sufficient and collectively compelling:

- **(a) Emergency Circumstances.** Between January and February 2026, Plaintiff was forced to undertake an emergency relocation across the country due to unsafe living conditions in Boston including acute injuries and medical issues. Plaintiff is currently homeless, temporarily housed in a motel, and insolvent. These circumstances are detailed in the accompanying Declaration (¶¶ 4–9) and documented in filings in Case 3:23-cv-04597 at Dkt. 278-1 ("Exhibit F: CERCLA Petition re: South Bay, Boston"). Despite these hardships, this instant litigation remains the Plaintiff's top priority.

- **(b) Conflicting Litigation Obligations.** Plaintiff is concurrently litigating a related case against Defendant Apple Inc (3:23-cv-04597). During the extension period, following dozens of uncooperative emails initiated by Apple, Apple filed an unripe and unjustified

motion to compel requesting a Judge order me to "consent" to waiving my HIPAA rights, and claiming it was unable to serve basic subpoenas (including on itself) unless I was forced to "consent" to this. In addition, Apple raised 10 pages worth of non-existent discovery issues, made accusations against her of misconduct including refusal to participate in discovery, and argued to the Court why it opposed objections Plaintiff never made. This required extensive time for her to properly respond and consumed days of limited briefing time. Apple's lawyers concurrently and finally narrowed their confidentiality claims for their deposition of her from Dec. 16 2025 after leaving a multiple-hours blanket confidentiality claim in place for seven-weeks but when they narrowed these claims, it expressly included speech protected by the NLRA and also highly personal speech about her own bodily functions and claimed the Plaintiff has 14 days to respond or else their gag order will prevail, and that deadline expires tomorrow. This caused the Plaintiff to have to spend extensive time working on an opposition and she also had to file another NLRB charge against Apple. (Gjøvik Decl. ¶¶ 10-11. )(23-cv-04597, Dkt. 278 at 40 (Feb. 16 2026 NLRB Charge).

- **(c) Time Lost to Prior Stipulation Process.** In this case, Plaintiff requested an extended opposition deadline on January 21, 2026 — even before Defendants filed their motions. Defendants acknowledged the request but filed with the standard 14-day deadline, insisting it would be improper to accommodate an extension prior to filing, and forcing a separate stipulation process that consumed approximately seven days (50%) of Plaintiff's original two-week response period. During that process, Defendants also leveraged Plaintiff's extension request to extract concessions regarding discovery and the Case Management Conference, and at the end made the stipulation to a two week extension contingent on the Plaintiff letting the Defendants conceal from this court their refusal to start discovery. (Gjøvik Decl. ¶¶ 12–17.)

- **(d) Need for Investigation.** Defendants have refused to produce basic property records, respond to Plaintiff's written communications, or commence discovery. The City of Santa Clara has ceased responding to public records requests, despite prior assurances production would continue through this period. Plaintiff needs time to visit the County records office to obtain deeds independently, inspect the subject property, and

investigate an apparent January 2026 site inspection by the City. (Gjøvik Decl. ¶¶ 18–23.).

## PRIOR EXTENSIONS AND COURT RULINGS

4.    Per the Court′s Standing Order, Plaintiff discloses all prior time modifications:

1. **ECF No. 28** (Sept. 26, 2025): Stipulated extension of Defendants′ response deadline ~30 days (to Nov. 7, 2025). *Granted.* Plaintiff did not oppose.

2. **ECF No. 57** (Dec. 12, 2025): Extension of Defendants′ response deadline ~30 days (to Jan. 21, 2026); CMC continued from Dec. 18, 2025 to Feb. 26, 2026. *Granted.* Plaintiff did not oppose.

3. **ECF Nos. 64–65** ( Jan. 26–28, 2026): Stipulated extension of Plaintiff′s opposition deadline 16 days (to Feb. 20, 2026); CMC continued to April 16, 2026. *Granted.*

4. **ECF Nos. 64–65** ( Jan. 26–28, 2026): Defendants′ reply deadline extended 7 days (to March 6, 2026) (they never disclosed this, let alone asked for it, and Plaintiff did not notice they added it until the court approved it).

Defendants have received approximately <u>**67 days**</u> of cumulative extensions across three requests, per Defendant (~200 days combined).

5.    The Plaintiff has received **16 days** on one request — her first and only request prior to this. Even with this motion, Plaintiff′s cumulative extensions (~46 days) would remain well below Defendants′ individual totals.

## SUBSTANTIAL HARM IF DENIED

6.    Without this extension, Plaintiff (who is pro se, homeless, insolvent, disabled, injured, and managing complex, parallel litigation) will be unable to prepare adequate oppositions to three complex motions to dismiss involving environmental contamination, government liability, and municipal/corporate negligence.

7.    Denial would effectively deprive Plaintiff and the affected community of a meaningful opportunity to oppose dismissal. *Cf. Lemoge v. United States*, 587

F.3d 1188, 1194–96 (9th Cir. 2009).

## ABSENCE OF PREJUDICE TO DEFENDANTS

8.     Defendants will suffer no prejudice. They have refused to commence discovery or serve initial disclosures. They have no pending obligations, no trial date, and no upcoming deadlines.

9.     The CMC is not until April 16, 2026. The extension actually benefits Defendants by extending the period during which they need take no action.

10.     Any opposition to this extension would be inequitable given Defendants′ own extensive delays, their undisclosed self-extension of reply deadlines, and the lack of any prejudice to them due to their own decision and actions ensuring they are currently doing nothing in this case (Gjøvik Decl. ¶ 29-31).

## EFFORTS TO OBTAIN A STIPULATION

11.     Plaintiff did not seek a stipulation. The prior stipulation process consumed a full week of briefing time while Defendants leveraged the process for tactical advantage, concealed violation of the Federal Rules, and conditioned the extension on terms that required Plaintiff to acquiesce in Defendants′ nondisclosure of their discovery suspension to the Court.

12.     Defendants have also failed to respond to Plaintiff′s written communications regarding basic document requests. Further attempts to stipulate would be futile and would cause additional delay. (Gjøvik Decl. ¶ 32-33.)

## EFFECT ON CASE SCHEDULE

13.     The proposed modifications are set forth in the accompanying [Proposed] Order, which lists all future deadlines. No trial date has been set. The Case Management Conference need not be moved. The hearing date adjustment ensures the Court receives fully briefed motions.

# C O N C L U S I O N

14.    For the foregoing reasons, Plaintiff respectfully requests that this Court grant the motion and enter the accompanying [Proposed] Order.


Respectfully,


_____

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*
Alviso, San José, California
Dated: Feb. 17 2026

## [PROPOSED] ORDER
## GRANTING PLAINTIFF'S MOTION TO CHANGE TIME

Good cause having been shown, and in consideration of the factors set forth in Plaintiff's Motion and Declaration, IT IS HEREBY ORDERED that the case schedule is modified as follows:

### COMPLETE SCHEDULE OF FUTURE DEADLINES

| Event | Prior Deadline | Modified Deadline |
|---|---|---|
| **Plaintiff's Oppositions to Motions to Dismiss (ECF Nos. 58, 60, 62)** | ~~Feb. 20, 2026~~ | **March 23, 2026** |
| **Defendants' Reply Briefs** | ~~March 6, 2026~~ | **April 6, 2026** |
| **Hearing on Motions to Dismiss** | ~~March 26, 2026~~ | **April 23, 2026** (or as the Court deems appropriate) |
| **Joint Case Management Statement** | April 9, 2026 | April 9, 2026 (no change) |
| **Initial Case Management Conf.** | April 16, 2026 | April 16, 2026 (no change) |
| **Trial Date** | TBD | TBD (no change) |

All other deadlines and settings remain as previously ordered.

IT IS SO ORDERED.

Dated: _____

Hon. P. Casey Pitts

United States District Judge