**Ashley M. Gjovik, JD**
*In Propria Persona*
San José, California
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Citizen Plaintiff, <br><br> vs. <br><br> **City of Santa Clara, Apple Inc., & K. Jenab et al.** <br><br> Defendants. | **Case No. 25-CV-07360** <br><br> **Environmental Citizen Suit; Public Nuisance** <br><br> **Declaration in Support of a Request for Extension of Deadline** |

# DECLARATION OF ASHLEY M. GJOVIK IN SUPPORT OF PLAINTIFF'S MOTION TO CHANGE TIME FOR FILING OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS

1. I, Ashley M. Gjovik, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

## A. Background

2. I am the Plaintiff in this action, proceeding pro se. I hold a Juris Doctor degree but I have not been able to sit for the Bar due to Apple's retaliation and the resulting difficulties in my finances and living situation. This is an environmental case concerning the subject property at 3250 Scott Blvd., Santa Clara, California.

3. On January 21, 2026, Defendants filed three separate motions to dismiss the First Amended Complaint (ECF Nos. 58-63). Pursuant to this Court's Order (ECF No. 65), my deadline to file oppositions to all three motions is February 20, 2026. I respectfully request a 30-day extension to March 23, 2026.

## B. Reasons for the Requested Extension — Particularity Per Civil L.R. 6-3(a)

### *Disclosure Obligations & Emergency Relocation*

4. My living situation in Boston was extremely complex and dangerous and accordingly I incorporate here my detailed filing at 3:23-cv-04597 Dkt 278-1 which spends 211 pages detailing environmental violations, health/safety hazards, holistic personal injuries, and also grieves extensively that due to the affiliate requirement in bankruptcy to disclose all potential legal claims, I was forced to drop everything, fully research that matter, and document the issues no matter how complex, otherwise I could be found guilty of criminal bankruptcy fraud.

5. I also have obligations under discovery with Apple in the retaliation case to discuss other injuries and matters which may give Apple contribution claims, which

forced me to prioritize that Petition above everything else. I also noted it was not done and would require multiple years to complete and I did not have time and needed to get back to Apple and this environmental matter.

6. The more I learned about the hazards I was exposed to and the nature of my severe and ongoing injuries the more hysterical I became about staying in that location and I knew I had to leave. I was able to get help from a friend who paid to 'evaluate' me but I still have no savings or income, and will rely on the charity of others for any next steps in my finances and living situation.

7. I am currently homeless, insolvent, without medical insurance, and temporarily housed in a motel. Despite these conditions, this litigation is my highest priority and I am committed to filing thorough oppositions within the requested extended deadline.

### *Medical Issues & Conflicting Litigation Obligations*

8. During this timeframe and earlier/ongoing, I suffered from fatigue, disorientation, headaches, difficulty breathing, rashes, anxiety, difficulty concentrating, nausea, stomach ache, malaise, muscle pain, and severe and unusual microbial infections.

9. These emergency circumstances are further documented in "Exhibit F: CERCLA Petition re: South Bay, Boston", filed on Feb. 17 in *Gjovik v Apple*, Case No. 3:23-cv-04597, ECF No. 278 and 278-1.

10. I am concurrently litigating a related case against Defendant Apple Inc.: 3:23-cv-04597. During the period between the prior extension and the current deadline, Apple made multiple requests, demands, and filings in that related case, each requiring substantive responses and most of which, being in my opinion, unnecessary and illegitimate.

11. Addressing these filings consumed multiple days of the limited time available to prepare my oppositions in this case. The timing of Apple's filings, coinciding with my opposition deadline here, compounded the burden on a pro se plaintiff managing both matters without the resources of a law firm.

*Time Lost to Prior Stipulation Process*

12. On January 21, 2026 (the same day Defendants filed their three motions to dismiss) I notified Defendants that I would need approximately 30 days to respond, given the volume and complexity of three simultaneous motions.

13. Defendants filed their motions with the standard 14-day deadline, and insisted upon a separate stipulation process. The initial draft stipulation was not circulated until January 23, 2026 (two days into my 14-day window), with MoFo insisting they would draft and file it, and the final stipulation was not filed until Jan. 26, 2026. By that point, approximately 1 week, or 50%, of my original response period had elapsed.

14. During the stipulation negotiations, Defendants bundled my extension request with their own separate requests to: (a) continue the Case Management Conference from February 26 to April 16, 2026; and (b) include language implying all-party consensus that discovery should be deferred pending resolution of the motions to dismiss.

15. I repeatedly objected to this framing. I do not consent to Defendants' unilateral suspension of discovery, and I did not want to continue the Case Management Conference without disclosing to the Court that Defendants were refusing to participate in discovery. However, with my briefing deadline running, I lacked the time and resources to fight on multiple procedural fronts simultaneously.

16. In the same stipulation, Defendants extended their own reply deadline from the standard 7 days after opposition to 14 days (doubling their own reply deadline) without disclosing this to me at the time of negotiation, without separately justifying it to the Court, and without any particularized showing of need.

17. I discovered this only after the stipulation was filed.

## C. Defendants' Refusal to Provide Information and Engage in Discovery

18. Since the inception of this case, Defendants have refused to commence discovery, including initial disclosures required by Federal Rule of Civil Procedure

26(a)(1). Defendants have not sought leave of Court to stay discovery. Despite my repeated requests, Defendants have refused to disclose this suspension to the Court. I did not consent to this suspension.

19. My agreement to continue the Case Management Conference (ECF No. 64) was made under the constraint of my looming opposition deadline and Defendants' refusal to file the extension stipulation without my acquiescence on the conference continuance while not disclosing their refusal to begin discovery. I initially requested that the parties disclose to the Court that discovery had not commenced. Defendants refused. Had the Case Management Conference proceeded as originally scheduled on February 26, 2026, the Court would have been informed of these circumstances.

20. On January 28, 2026, I sent a detailed written request to counsel for the Jenab Defendants requesting production of basic property records for 3250 Scott Blvd. — including deeds, easements, activity and use limitations, and lease agreements. These are fundamental property records that are directly relevant to threshold issues in the pending motions, including the identity of proper parties and the legal relationships among Defendants. I have received no response.

21. The City of Santa Clara does not maintain a publicly accessible online deed database, making independent access impracticable without an in-person visit to the County records office. The City also ceased responding to my public records requests, despite initially indicating such requests would be processed.

22. I have become aware that the City of Santa Clara apparently conducted an inspection of the subject property in approximately January 2026 and self-reported findings of "no violations" to federal authorities. Defendants have not communicated with me at all since the prior extension was granted.

23. I need adequate time to investigate the circumstances and methodology of this inspection, which may be relevant to my oppositions and to the credibility of the City's motion to dismiss and reply.

### D. Need for Investigation

24. Now that I am finally back permanently in Santa Clara County, I require time to conduct basic investigation that Defendants' refusal to participate in discovery has made necessary, including: visiting the Santa Clara County records office in person to obtain property deeds and related land records, as Defendants have refused to produce these documents and the City does not maintain a public online database; visiting and inspecting the vicinity of the subject property at 3250 Scott Blvd., Santa Clara.

25. I also need time to review records regarding the City's recent inspection of the site and its report to federal authorities; review recently FOIA production from the EPA on this matter; and conduct legal research regarding the arguments raised by Defendants.

### E. Asymmetry of Extensions

26. Over the course of this case, Defendants have collectively received approximately sixty-seven (67) days of extensions across three requests:

- ECF No. 28 (Sept. 26, 2025): ~30-day extension of Defendants' response deadline. *Granted*. I did not oppose.
- ECF No. 57 (Dec. 12, 2025): ~30-day extension of Defendants' response deadline; CMC continued ~2 months. *Granted*. I did not oppose.
- ECF No. 64 (Jan. 26, 2026): 7-day <u>undisclosed</u> extension of Defendants' reply deadline (from 7 to 14 days). *Included in stipulation without separate justification*.

27. I received sixteen (16) days of extension on one request (ECF No. 64) and approximately seven days of which were consumed by the stipulation process described above.

28. Even with this requested 30-day extension, my cumulative extensions (~46 days) would remain well below Defendants' cumulative total (~67 days). I have never opposed any extension request by Defendants.

### F. Absence of Prejudice to Defendants

29. Defendants will suffer no cognizable prejudice from this extension. First, the Defendants have refused to commence discovery and thus have no pending discovery obligations. Next, Defendants have refused to serve initial disclosures under FRCP 26(a)(1) and have made it clear they have no intention to do so, so there is no work for them there either.

30. In addition, there is no trial date and the next case management event is not until April 16, 2026. Unless this court intervenes sua sponte regarding Defendants violation of the Federal Rules and Local Rules, then Defendants have no assignments or pending deadlines in this case. Thus, the extension actually extends the period during which Defendants have nothing to do except work on their defense.

31. Defendants have themselves received extensive extensions without any showing of prejudice by Plaintiff. Further, given the breadth and complexity of the claims in the Amended Complaint, it is unlikely that the entire case will be dismissed, meaning Defendants will need to engage in discovery at some point so any additional time the Plaintiff takes to respond is then time during which Defendants remain free from any litigation burden prior to needing to actually start discovery.

## G. Efforts to Obtain a Stipulation

32. I did not seek Defendants' stipulation for this extension. The prior stipulation process consumed approximately one full week of my limited briefing time while Defendants leveraged my need for an extension to extract concessions on unrelated matters, including the continuance of the Case Management Conference and implied acquiescence to their discovery suspension.

33. Defendants have also failed to respond to my written communications regarding basic document requests. Based on this experience, I determined that seeking a further stipulation would be futile and would cause additional delay.

## H. Objections Regarding Defendants' Discovery Conduct

34. I respectfully object for the record that Defendants have been in apparent

violation of their discovery obligations under the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's Standing Orders since the inception of this case.

35. Defendants have unilaterally refused to serve initial disclosures or participate in discovery planning, without obtaining leave of Court to stay discovery, and have concealed this refusal from the Court.

36. I did not consent to this suspension and demanded they disclose it to the court. Defendants refused. My acquiescence to continuing the Case Management Conference was not an endorsement of Defendants' position — it was a pragmatic concession made under deadline pressure while Defendants controlled the timing of the stipulation I needed to preserve my briefing rights.

37. Defendants had recently taken action during similar stipulations where they abruptly filed their own motions making false accusations against me, accusing me of misconduct, and forcing me to have to spend even more time dealing with unnecessary arguments and delays.

## I. Conclusion

38. Despite the extraordinary circumstances described above, this case remains my top priority. I am prepared to work diligently to file thorough oppositions within the requested extended deadline of March 23, 2026.

39. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 17 2026, in San José, California. Respectfully,

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*
Alviso, San José, California
Dated: Feb. 17 2026