SVEND BRANDT-ERICHSEN (WA BN 23923)
sbrandterichsen@nossaman.com
*Pro Hac Vice*
JENNIFER J. SEELY (AK BN 2203018)
jseely@nossaman.com
*Pro Hac Vice*
NOSSAMAN LLP
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone:  206.395.7630
Facsimile:   206.257.0780

BRENDAN F. MACAULAY (CA BN 162313)
bmacaulay@nossaman.com
NOSSAMAN LLP
50 CALIFORNIA STREET, 34TH FLOOR
San Francisco, CA 94111
Telephone:     415.398.3600
Facsimile:      415.398.2438

*Attorneys for Defendant City of Santa Clara*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJØVIK, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>APPLE INC., et al.,<br><br>          Defendants. | Case No:     5:25-CV-07360-PCP<br><br>**DEFENDANT CITY OF SANTA CLARA'S RESPONSE TO PLAINTIFF'S MOTION FOR TIME EXTENSION** |

The City of Santa Clara ("City") does not object to Gjøvik's motion to extend her deadline to respond to motions to dismiss until March 23, 2026, with corresponding extensions to the deadlines for all parties, which also will require resetting of the hearing date (currently set for March 26, 2026). The City would not have opposed such a request if asked, and in fact has not opposed *any* of Gjøvik's requests for extensions.

1    In making her extension request, Gjøvik also levels a number of unrelated accusations
2 against the "Defendants," by which she typically means Apple and its landlords but sometimes
3 apparently includes the City as well.  While most of these allegations bear little or no relevance
4 to her extension request, the City is compelled to respond to a few of them.

5    Gjøvik claims that Defendants are improperly delaying/objecting to Rule 26 disclosures
6 and discovery. However, the City properly objected in the Joint Case Management Statement,
7 pursuant to Fed. R. Civ. P. 26(a)(1)(C) and 26(f), to making initial disclosures and formulating a
8 discovery plan before the Court rules on the now pending motions to dismiss, clarifying the
9 scope of this action and whether the City even remains a party.  ECF 56 at 9.  In the 815
10 paragraphs of the Amended Complaint, Gjøvik has asserted a very wide range of claims under at
11 least five different statutes and made an even wider range of factual allegations, much of which
12 seems irrelevant to her claims.  The City has renewed its motion to dismiss all claims against it
13 for failure to state a claim against the City, ECF 58, having first done so on October 10, 2025.
14 ECF 30.  The City's original motion to dismiss, though fully briefed, was mooted by Gjøvik's
15 filing of the Amended Complaint.  ECF 50.  It would be premature and a waste of public
16 resources to proceed with discovery on Gjøvik's wide-ranging claims and allegations before the
17 Court determines whether any of them may proceed against the City.

18    Gjøvik also asserts that the City has become unresponsive to her public records
19 requests.  ECF 67 at 2.  The City is generally responsive to all public records requests and is not
20 aware of any unanswered requests from Ms. Gjøvik, nor has she identified any specific
21 unanswered records requests.  The City is prepared to investigate the status of any specific
22 request (by number or date), but as this issue is not relevant to the present motion, it would best
23 be addressed between the parties directly.

24    Finally, contrary to the allegations of Ms. Gjøvik's declaration, ECF 67-1 at 4, the City
25 has communicated in good faith with Ms. Gjøvik regarding all matters related to this case,
26 including briefing schedules and stipulations.  As to scheduling the initial case management
27 conference in particular, Apple's counsel requested a change to the previously scheduled date of
28 February 26 due to a conflict.  The conference was appropriately reset for April 16, which at the

DEFENDANT CITY OF SANTA CLARA'S RESPONSE TO PLAINTIFF'S MOTION FOR TIME EXTENSION

time would have been a few weeks after argument on the motions to dismiss.  Assuming Gjovik's extension request is approved, it may be appropriate to adjust the date of the initial case management conference to align with argument on the motions to dismiss.

DATED: February 18, 2026                           NOSSAMAN LLP

                                           SVEND BRANDT-ERICHSEN
                                           BRENDAN F. MACAULAY
                                           JENNIFER J. SEELY

By: */s/ Svend Brandt-Erichsen*
     Svend Brandt-Erichsen
     sbrandterichsen@nossaman.com
     *Pro Hac Vice*
     Jennifer Seely
     jseely@nossaman.com
     *Pro Hac Vice*
     NOSSAMAN LLP
     719 Second Avenue, Suite 120
     Seattle, WA 98104
     Telephone: 206.395.7630
     Facsimile: 206.257.0780

     Brendan F. Macaulay
     CA Bar # 162313
     NOSSAMAN LLP
     50 California Street, 34th Floor
     San Francisco, CA 94111
     Telephone:     415.398.3600
     Facsimile:     415.398.2438
     bmacaulay@nossaman.com

*Attorneys for Defendant City of Santa Clara*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February 2025, I electronically filed the foregoing **City's Response to Plaintiff's Motion for Time Extension** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

／s／ *Svend Brandt-Erichsen*