WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC., ET AL.,<br><br>　　　　Defendant. | Case No. 5:25-cv-07360-PCP<br><br>**DEFENDANTS APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S RESPONSE TO PLAINTIFF'S MOTION TO CHANGE TIME FOR FILING OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS** |

Defendants Apple, Inc. ("Apple"), Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and Jenab Family Trust (collectively, "Jenab Defendants," together, "Defendants") do not oppose Plaintiff's request for an extension of time to file her oppositions, or her proposed reply or hearing date. Should the Court grant Plaintiff's motion, Defendants request that the Court continue the case management conference until the motions to dismiss are decided.

Plaintiff's proposal would set the case management conference a week before the Court holds a hearing on the pending motions to dismiss Plaintiff's First Amended Complaint. Defendants noted in the initial stipulated request to extend the motion to dismiss briefing deadlines that the contours of this case will be unsettled and unclear until the Court rules on the pending motions to dismiss. (ECF No. 64-1 ¶ 17.) Because the First Amended Complaint includes a vast array of factual and legal allegations, Defendants contend that holding a case management conference before the pleadings are settled would be premature and likely lead to a waste of judicial and party resources. To promote judicial efficiency and avoid inevitable motion practice regarding the appropriate scope of discovery, the case management conference should be scheduled once the Court has evaluated the viability of Plaintiffs claims.

In addition, while Defendants will not respond to Plaintiff's claims regarding her employment litigation, Plaintiff's characterization of the events in this litigation is incorrect. Defendants will briefly correct the record.

*First*, Plaintiff claims that Defendants have "refused to produce basic property records" that she requested from the Jenab Defendants. (ECF No. 67 at 2.) In fact, discovery has not begun, so Plaintiff has not served formal discovery requests, nor have the parties agreed to exchange initial disclosures. Defendants objected to initial disclosures and stated that discovery should not begin until the Rule 26(f) conference, and, in Defendants' view, until the Court decides the pending motions. (ECF 56 at 8, 9.) In light of Defendants' position, Plaintiff agreed to defer initial disclosures, stating "If Defendants object and want to wait until the Case Management Conference for guidance from the [C]ourt, the Plaintiff does not object but will also wait in order to align schedules." (*Id.* at 8.)

Plaintiff contends she needs discovery to respond to the motions to dismiss, but she is not

1  entitled to this as a matter of law.  Plaintiff's claim that she cannot allege the necessary facts to
2  support her claims is not the fault of any defendant.  *See, e.g., Coleman v. Cal. Dept. of Corrections*
3  *and Rehabilitation*, No. 21-cv-525-TLN-EFB (PC), 2025 WL 2257499, at *5 (E.D. Cal. Aug. 7,
4  2025) (pro se plaintiff cannot rely on discovery as "a tool to cure deficiencies in pleadings or to
5  salvage a complaint that would otherwise be subject to dismissal.").

6       ***Second***, Plaintiff complains about an "asymmetry of extensions" that she agreed to, claiming that the extension to all Defendants' time to reply to her oppositions was not "disclosed to [her] at the time of negotiation."  (ECF No. 67-1 ¶ 16.)  This is false.  Nothing in the draft stipulations, including those leading up to the recent extensions at ECF No. 64, was ever hidden from Plaintiff.  The reciprocal extensions were proposed in the first draft of the stipulation, and Plaintiff—who meticulously redlined the rest of the stipulation—did not reject this proposal.  These dates were negotiated in good faith, and Plaintiff should have used that process to raise concerns.

13       ***Third***, Plaintiff failed to seek a stipulation to modify the briefing schedule, and thus cannot demonstrate that she could not obtain a stipulation, as required by Local Rule 7-11(a).  Instead, she relies on baseless assertions of futility.

16       For the foregoing reasons, while Defendants do not oppose Plaintiff's request for additional time to file her oppositions, Defendants respectfully request that the case management conference be held after the motions are decided.

Dated: February 19, 2026                                   MORRISON & FOERSTER LLP

                                                                By:  */s/ William F. Tarantino*
                                                                     William F. Tarantino

                                                            *Attorneys for Defendants*
                                                            APPLE INC., KALIL JENAB, JENAB
                                                            FAMILY LP, JENAB FAMILY
                                                            VENTURES LLC, and JENAB FAMILY
                                                           TRUST