**Ashley M. Gjovik, JD**
*In Propria Persona*
San José, California
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, <br> *an individual*, <br><br> Citizen Plaintiff, <br><br> vs. <br><br> **City of Santa Clara,** <br> **Apple Inc.,** <br> **& K. Jenab et al.** <br><br> Defendants. | **Case No. 25-CV-07360** <br><br> **Environmental Citizen Suit; Public Nuisance** <br><br> **Declaration in Support of a Request for Extension of Deadline** |

# DECLARATION OF ASHLEY M. GJOVIK IN SUPPORT OF PLAINTIFF′S MOTION TO CHANGE TIME FOR FILING OPPOSITIONS TO DEFENDANTS′ MOTIONS TO DISMISS

1. I, Ashley M. Gjovik, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

2. I am the Citizen Plaintiff in this action, proceeding pro se. This is an environmental case (5:25-cv-07360) concerning the subject property at 3250 Scott Blvd., Santa Clara, California.

3. On January 21, 2026, Defendants filed three separate motions to dismiss the First Amended Complaint, three requests for Judicial Notice, three Declarations, and 17 exhibits (ECF Nos. 58-63). Pursuant to this Court′s prior Order (Dkt. 65), my deadline to file response was February 20, 2026. On Feb. 17 2026 at Dkt. 67, I respectfully requested a 30-day extension to March 23, 2026 which was granted at Dkt. 70. My current deadline is March 23 2026.

4. One of the reasons for my prior request for an extension was because I am concurrently litigating a related case against Defendant Apple Inc. at the SF Courthouse (3:23-cv-04597), and during the period between the prior extension and the Feb. 23 2026 deadline, Apple made multiple requests, demands, and filings in that related case, each requiring substantive responses and which I felt were "unnecessary and illegitimate" and "addressing these filings consumed multiple days of the limited time available to prepare my oppositions in this case."(Dkt. 67).

5. I filed my request for an extension in this case on Feb. 17 2026, and noted in a Notice of Pendency for the SF Courthouse case that there were potentially

conflicting issues between the cases,[1] and that I desperately needed the extension to respond in this case. (3:23-cv-04597, Dkt. 278, at 3, 8-9).[2]

6.      Then, on Feb. 17 2026, several hours later counsel for Defendant Apple (in the other case, Orrick) sent me emails claiming I violated my employment agreement, demanded I delete social media and blog posts, and complained about me filing an NLRB charge against Apple on Feb. 16 2026. (Dkt. 279).

7.      Apple escalated aa few hours later by emailing the Magistrate Judge in that case, demanding an emergency conference, and asking for sanctions against me for my social media and blogs posts, NLRB charges, and court filings where I complained Apple had violated the NLRA, was making unlawful speech rules, and was trying to conceal employee complaints about work issues and alleged misconduct by Apple. (Dkt. 280).

8.      The Court scheduled an emergency conference call for Feb. 20 2026 despite my objections (Dkt. 281-292). I had one day to file my written Opposition, which was not considered. (Dkt. 284-285, 287). Because Apple was also trying to enforce a pre-petition executory contract, I also had to file a Motion for Sanctions against Apple as a creditor in my Ch. 7 Bankruptcy (Dkt. 286). (That hearing is now scheduled for April 2 2026, Dkt. 299).

9.      During the 65-minute conference on Feb. 20 2026, Apple repeatedly accused me of misconduct and demanded a gag order be issued against me, that I be compelled to delete social medial and blog posts, and that I be found in contempt and/or sanctioned. At the end of the conference Apple was ordered to meet/confer with me and

---

[1] ("This Court should also be aware that the Defendant has filed a Motion to Dismiss in the pending Citizen Environmental Suit (Gjovik v Apple, Santa Clara, et al.) before Judge Pitts, arguing that the Plaintiff has somehow pled and docketed retaliation litigation (under RCRA, CERCLA, and other statutes) in that case and is asking Judge Pitts to "dismiss" her non-existent causes of action from his proceeding under Mendoza v. Amalgamated Transit, 30 F.4th 879 (9th Cir. 2022). 1 (See, 5:25-cv-07360-PCP, Dkt. 60 at 36)." 3:23-cv-04597, Dkt. 278 at 9.

[2] ("Due to the Boston matters, frantic relocation, and all of the urgent and complex work being manufacturing by Apple's counsel, the Plaintiff has not even begun to prepare her three Oppositions to the three pending Motions to Dismiss. Her response is due to be filed in 3 days and accordingly she is filing a request for an extension to Judge Pitts following filing this Notice.") 3:23-cv-04597, Dkt. 278 at 9.

if they were to seek sanctions, they must file a proper motion only after meeting/confer. (Dkt. 288-290). At the same time Apple was refusing to meet/confer regarding subpoena and filed unripe letters to the court demanding I be compelled to "stipulate" and "consent" to waiving my HIPAA rights. This forced me to also have to respond to that matter around Feb. 16 2026, which wasted more time, and the court denied Apple's request – telling Apple to meet/confer more and if no resolution, just serve the subpoena. (Dkt. 276, 277, 291).

10. Apple then escalated further, including refusing to meet/confer and instead filing three motions on Feb. 26 2026 – asking again to sanction me, hold me in contempt, issue a gag order, compel me to delete speech, and other punishments – against repeatedly citing my NLRB charges. (Dkt. 294). Apple also filed a motion asking to shorten the schedule to an emergency proceeding – giving me 2 days to file a formal Opposition, and to have the hearing in 1 week.  (Dkt. 295). Apple also asked to seal its own filings, and my filings, via a unilateral Admin. Motion that gave me 2 hours to respond -- starting at 10 PM on Feb. 26 2026 (Dkt. 293).

11. I dropped everything and filed a detailed Opposition on Feb. 27 2026 at Dkt. 297. On March 6 2026, I also filed Rule 72 Objections to Judge Chen and a Motion for 26(g) sanctions against Apple (Dkt. 301-303). Then on March 11 2026, Apple filed another Motion about its confidentiality claims (Dkt. 304-305). That motion included three declarations, multiple filings under seal, a motion to seal the filings, and again repeatedly accused me of misconduct and attempted to justify Apple's 2021 termination of me. (Dkt. 304-305).

12. On March 12 2026, I filed my detailed Opposition to Apple's Motion "to enforce the protective order" calling for sanctions against me, gag orders, and other injunctions. (Dkt. 306-307). I also filed a motion to consolidate hearings -- because of Apple's multiple motions we now have hearings in Oakland on April 2 2026 and April 26 2026 along with the bankruptcy sanctions hearing in Boston, MA on April 2 2026.

13. Discovery is complete in 3:23-cv-04597 on April 16 2026 (Dkt. 274). So

Apple and I have also had many emails about wrapping up remaining discovery, resulting in additional Letters being filed on March 16 2026 with me compelling interrogatories and production, including regarding 3250 Scott Blvd. (Dkt. 309-310).

14.    Over the course of this case, Defendants have collectively received approximately sixty-seven (67) days of extensions across three requests:

- ECF No. 28 (Sept. 26, 2025): ~30-day extension of Defendants' response deadline. *Granted*. I did not oppose.

- ECF No. 57 (Dec. 12, 2025): ~30-day extension of Defendants' response deadline; CMC continued ~2 months. *Granted*. I did not oppose.

- ECF No. 64 (Jan. 26, 2026): 7-day underlined extension of Defendants' reply deadline (from 7 to 14 days). *Included in stipulation without separate justification*.

15.    I received sixteen (16) days of extension on one request (Dkt. 64) and thirty (30) days in the next (Dkt. 70), totally 46 days. Accordingly, while I do not know what Apple will do to me over the next few weeks, it's my intention to focus on this Citizen Suit, and I only ask for the delta of extension days (21 days) to bring me up to where the Defendants are at ~67 days/each.

16.    Defendants will suffer no cognizable prejudice from this extension. First, the Defendants have refused to commence discovery and thus have no pending discovery obligations. Next, Defendants have refused to serve initial disclosures under FRCP 26(a)(1) and have made it clear they have no intention to do so, so there is no work for them there either.

17.    In addition, there is no trial date and the next case management event is not until May 21, 2026. Unless this court intervenes sua sponte regarding Defendants violation of the Federal Rules and Local Rules, then Defendants have no assignments or pending deadlines in this case. Thus, the extension actually extends the period during which Defendants have nothing to do except work on their defense.

18.    Defendants have themselves received extensive extensions without any

showing of prejudice by Plaintiff. Further, given the breadth and complexity of the claims in the Amended Complaint, it is unlikely that the entire case will be dismissed, meaning Defendants will need to engage in discovery at some point so any additional time the Plaintiff takes to respond is then time during which Defendants remain free from any litigation burden prior to needing to actually start discovery.

19.    Despite the extraordinary circumstances described above and in Dkt. 67, this case remains my top priority. I am prepared to work diligently to file thorough oppositions within the requested extended deadline of April 13, 2026.

20.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 16 2026, in San José, California.

Respectfully,

/s/ **Ashley M. Gjovik**
*Pro Se Plaintiff*
Alviso, San José, California
Dated: March. 16 2026