**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjøvik**, *an individual*, <br><br> **Plaintiff**, <br><br> vs. <br><br> **Apple Inc.**, *a corporation*, <br><br> **City of Santa Clara**, *a local government*, <br><br> **Mr. Jenab et al** *(individually, LP, LLC, &/or Trust)* <br><br> **Defendants**. | **Case No. 25-CV-07360-PCP** <br> **Env. "Citizen Suit" & Cal. Public Nuisance** <br><br> **Judge: P. Casey Pitts** <br><br> **Plaintiff's Opposition to Defendant Apple's Request for Judicial Notice** <br><br> **Hearing:** <br> **Date:** May 28 2026 <br> **Time:** 10:00 AM <br> **Location:** Courtroom 8 – 4th Floor, 280 South 1st St., San Jose, CA |

# TABLE OF CONTENTS

**INTRODUCTION** ................................................................................. 3

    I.    EXHIBITS A–C AND E: COURT RECORDS FROM AN UNRELATED CASE ............ 3

    II.    EXHIBIT D: MANDATORY BANKRUPTCY DISCLOSURE .................................... 4

    III.    EXHIBIT F: NMP RISK EVALUATION ......................................................... 5

    IV.    EXHIBIT G: TRI FACILITY REPORT AND APPLE'S SELF-REPORTED NAICS CODE 6

**CONCLUSION** ................................................................................... 6

# OPPOSITION TO DEFENDANT APPLE'S ET AL'S REQUEST FOR JUDICIAL NOTICE
## INTRODUCTION

1.      Plaintiff opposes Apple's Request for Judicial Notice (ECF No. 61) to the extent the Court is asked to take judicial notice of disputed facts, irrelevant materials, and documents offered for improper purposes. While courts may take judicial notice of the existence of public records, judicial notice "cannot be taken of the truth of the contents of those records." *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Several of Apple's exhibits are offered not merely to establish that certain documents exist, but to ask the Court to accept contested factual assertions within those documents as true—which is improper under Rule 201.

## I.  EXHIBITS A–C AND E: COURT RECORDS FROM AN UNRELATED CASE

2.      Apple attaches four filings from the employment action, *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597 (N.D. Cal.)—the First Amended Complaint (Ex. A), two orders on motions to dismiss (Exs. B and C), and an order dismissing the Second Amended Complaint (Ex. E). While courts may take judicial notice that these filings exist, "a court may not take judicial notice of the truth of facts asserted in court records from other proceedings." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

3.      Apple offers these exhibits to suggest that the prior employment case's rulings somehow preclude or undermine this citizen suit action. But Judge Chen himself has already determined that the employment case is "NOT related" to this citizen suit. (ECF No. 12, Order Relating Case, Sept. 15, 2025.) The prior case involved common law tort claims (private nuisance, intentional infliction of emotional distress) seeking personal damages.

4.      This case involves federal environmental citizen suit claims under five statutes and a public nuisance abatement action seeking injunctive relief. The claims are different, the statutes are different, the elements are different, and the relief is different. To the extent Apple asks the Court to draw substantive conclusions from the prior orders—such as that Plaintiff's

environmental claims are precluded or that her pleading approach is deficient—those are legal arguments that should be evaluated on their merits, not bootstrapped through judicial notice.

5.      Apple does not need judicial notice to cite prior court orders in its briefing. Any court may cite and discuss prior judicial decisions. The purpose of the formal RJN appears to be to lend the prior employment rulings an outsized weight they do not deserve in a case that a different judge has already determined is unrelated.

## II.  EXHIBIT D: MANDATORY BANKRUPTCY DISCLOSURE

6.      Apple attaches the "Notice of Chapter 7 Trustee's Intent to Abandon Claims" from Plaintiff's Chapter 7 bankruptcy case (Ex. D) and uses it to count up Plaintiff's legal proceedings and characterize her as a "serial litigant." (Motion at 3.) Plaintiff opposes judicial notice of this exhibit as irrelevant, prejudicial, and offered for an improper purpose.

7.      Under 11 U.S.C. § 521(a)(1), a bankruptcy debtor is *required by federal law* to disclose all potential legal claims as assets of the estate. Failure to disclose is a federal crime. 18 U.S.C. § 152(1)–(3). The disclosure is a mandatory filing made under penalty of perjury to the bankruptcy court and trustee—it is the legal equivalent of a tax return. Just as the contents of a taxpayer's mandatory tax filings cannot be introduced by an adverse party to embarrass or prejudice the taxpayer in unrelated litigation, a debtor's mandatory bankruptcy disclosures should not be weaponized by a litigation opponent to paint the debtor as a "serial litigant" for honestly complying with the law.

8.      The bankruptcy disclosure has no relevance to any issue before this Court. It does not bear on standing, pre-suit notice, the merits of any environmental claim, or any other issue raised in Apple's motion. Its sole purpose is to invite the Court to view Plaintiff unfavorably because she has pursued legal claims against a former employer—many of which regulatory agencies have substantiated. The EPA found hundreds of RCRA violations at the Facility. The BAAQMD found six air quality violations. The NLRB found labor law violations serious enough to result in a national settlement. Characterizing the person whose complaints triggered these enforcement actions as a "serial litigant" is not a legal argument—it is improper character evidence under Federal Rules of

Evidence 401–403.

9.      Moreover, Apple's decision to dredge through its former employee's bankruptcy filings and attach them to public litigation papers raises serious concerns about the propriety of Defendants' litigation conduct. Plaintiff is acting as a private attorney general on behalf of the public interest and the Department of Justice under the citizen suit provisions of five federal environmental statutes. Using a mandatory bankruptcy disclosure to harass and stigmatize a citizen suit plaintiff—particularly one who is Apple's former employee and who has pending retaliation claims—has no legitimate litigation purpose and risks chilling the very citizen enforcement that Congress designed these statutes to encourage. The Court should decline to take judicial notice of this exhibit.

## III.   EXHIBIT F: NMP RISK EVALUATION

10.     Apple attaches EPA's December 2022 Final Revised Risk Evaluation for NMP and asks the Court to consider it both under judicial notice and incorporation by reference. Plaintiff does not dispute the document's existence or authenticity. However, the Court should be clear about what judicial notice of this document establishes and what it does not.

11.     The Risk Evaluation is a public federal agency document, and the Court may take notice of its existence and contents. But judicial notice that the document exists is not judicial notice that Apple's legal characterization of the document is correct. Apple argues that because the Risk Evaluation is not itself a "regulation," there is no enforceable standard for NMP. That is a legal conclusion—not a judicially noticeable fact. Whether enforceable standards restricting Apple's use and release of NMP exist under TSCA—through the Risk Evaluation, subsequent rulemaking, or other TSCA provisions—is a contested legal question that the Court should evaluate on the merits, not resolve through judicial notice.

12.     Notably, the Risk Evaluation itself states that EPA determined NMP "presents an unreasonable risk of injury to human health." That finding—which Apple asks the Court to judicially notice—actually supports Plaintiff's claims about the danger posed by Apple's release of 260 pounds of NMP into the atmosphere surrounding thousands of homes and a children's

playground.

## IV. EXHIBIT G: TRI FACILITY REPORT AND APPLE'S SELF-REPORTED NAICS CODE

13.    Apple attaches its public TRI Facility Report (Ex. G), which shows the Facility operating under NAICS code 334111 (Electronic Computer Manufacturing), and argues this establishes that the Facility is not in a covered industry sector for EPCRA § 313 reporting.

14.    Plaintiff does not oppose judicial notice that this document exists. But the Court cannot take judicial notice of the *truth* of Apple's self-reported NAICS code. A company's self-classification in a regulatory filing is not a fact "not subject to reasonable dispute" under Federal Rule of Evidence 201(b).

15.    The entire thrust of the Complaint is that Apple has systematically misrepresented the nature of its operations to regulators. Apple told the city it was doing "research and development." Apple told the BAAQMD nothing at all. Apple registered with a NAICS code for "Electronic Computer Manufacturing" when it was operating a semiconductor fabrication facility—which falls under NAICS 334413 (Semiconductor and Related Device Manufacturing). The BAAQMD itself issued Apple a permit to operate a "Semiconductor fab." (FAC ¶411.)

16.    Whether Apple has correctly classified its Facility is a disputed fact. Taking judicial notice of Apple's self-reported NAICS code as true would be taking judicial notice of the very misrepresentation the Complaint challenges. The Court should take notice that the TRI report exists and that it lists NAICS 334111, but should not treat that self-reported code as establishing the actual nature of the Facility's operations.

## CONCLUSION

17.    Plaintiff does not oppose judicial notice of the existence of the court records (Exs. A–C, E), the NMP Risk Evaluation (Ex. F), or the TRI Facility Report (Ex. G) as public records. However, the Court should not take judicial notice of disputed facts within those documents— including Apple's self-reported NAICS code, Apple's legal characterization of the NMP Risk Evaluation, or the substantive correctness of prior rulings in an unrelated employment case.

18.     Plaintiff opposes judicial notice of the bankruptcy disclosure (Ex. D) in its entirety. It is irrelevant to any issue before the Court, is offered solely to prejudice Plaintiff, and weaponizes a mandatory federal filing in a manner that should not be endorsed.

Respectfully filed,



**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*
April 14 2026 (2 AM)
San Jose, California

legal@ashleygjovik.com
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272