**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# United States District Court
## Northern District of California

A SHLEY  M.  G JØVIK ,

*an individual*,

   P LAINTIFF ,

      vs.


A PPLE  I NC .,

*a corporation,*


C ITY  OF  S ANTA  C LARA ,

*a local government*,


M R .  J ENAB  ET AL

*(individually, LP, LLC, &/or Trust)*

      D EFENDANTS .

C ASE  N O .  25-CV-07360-PCP

E NV .  "C ITIZEN  S UIT "
&  C AL .  P UBLIC  N UISANCE

J UDGE :  P.  C ASEY  P ITTS


P LAINTIFF'S  O PPOSITION  TO
D EFENDANT  J ENAB'S
R EQUEST  FOR  J UDICIAL
N OTICE


H EARING :
**Date:** May 28 2026
**Time:** 10:00 AM
**Location:** Courtroom 8 – 4th Floor, 280 South 1st St., San Jose, CA

# TABLE OF CONTENTS

LEGAL STANDARD ................................................................................ 3

ARGUMENT ........................................................................................... 3

    I.    THIS COURT HAS ALREADY DETERMINED THAT THE TORT CASE IS NOT RELATED ....... 3

    II.   THE COURT SHOULD DENY JUDICIAL NOTICE OF EXHIBITS A, D, E, AND F ................. 4

    III.   EXHIBIT D — THE TORT COMPLAINT — IS ENTIRELY IRRELEVANT. ............................ 5

    IV.   PLAINTIFF DOES NOT OPPOSE JUDICIAL NOTICE OF EXHIBITS B AND C ................... 6

CONCLUSION ....................................................................................... 7

# Opposition to Defendant Jenab et al's Request for Judicial Notice

1.      Defendants submit six exhibits and ask the Court to take judicial notice of them under Federal Rule of Evidence 201. (Dkt. 63.) Four of the six exhibits are court documents from a separate, unrelated personal injury tort case that this Court has already determined is not related to this proceeding. (Dkt. 12.) The remaining two are federal administrative documents. Plaintiff opposes the request as to the four tort case exhibits and does not oppose as to the two administrative documents—though Plaintiff submits that the administrative documents support her claims, not Defendants'.

## LEGAL STANDARD

2.      Under Federal Rule of Evidence 201(b), a court may take judicial notice of facts "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts may take judicial notice of the existence of court records. Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). However, "a court may not take judicial notice of findings of fact from another case." M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983). Judicial notice of court records is limited to "the fact of such litigation and related filings" and not "the truth of the facts asserted in the other litigation." Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). A court may decline judicial notice where the proffered documents are not relevant to any issue before the Court. See Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015).

## ARGUMENT

### I. This Court Has Already Determined That the Tort Case Is Not Related

3.      Four of Defendants' six exhibits (Exhibits A, D, E, and F) come from *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-EMC—a personal injury tort case involving claims for private nuisance, intentional infliction of emotional distress, and ultrahazardous activities. On September 15, 2025, Judge Edward M. Chen reviewed a Judicial Referral for Purpose of Determining

Relationship under Civil Local Rule 3-12 and expressly found that this case is **"not related"** to the tort case. (Dkt. 12.) The Clerk confirmed: "The court has reviewed the motion and determined that no cases are related and no reassignments shall occur." (Id.)

4.      The relatedness determination reflects a straightforward reality: the tort case and this citizen suit involve different claims, different legal standards, different elements, different remedies, and different procedural requirements. The tort case sought personal injury damages under state law. This case seeks injunctive relief and civil penalties under five federal environmental statutes and California public nuisance law. The two cases share a common factual backdrop—the same facility and the same pollution—but the legal questions are entirely distinct.

5.      Defendants' RJN is an attempt to accomplish through judicial notice what the relatedness determination already rejected: importing the tort case's rulings into this proceeding. The Court should not permit it.

## II.   THE COURT SHOULD DENY JUDICIAL NOTICE OF EXHIBITS A, D, E, AND F

6.      On a motion to dismiss, the Court's task is to determine whether the FAC states a plausible claim for relief under the applicable legal standards. The applicable standards here are the citizen suit provisions of the CAA, CWA, RCRA, TSCA, and EPCRA, and California public nuisance law. Orders from a tort case applying the discovery rule for personal injury claims, analyzing private nuisance elements, or evaluating IIED standards have no bearing on whether this FAC states a plausible citizen suit claim.

7.      Defendants do not need judicial notice to cite these orders. Any party may cite a judicial opinion in its briefing. The purpose of the RJN is not to alert this Court to the orders' existence—it is to lend the orders' factual findings and legal conclusions an evidentiary weight they do not carry in this case.

8.      Defendants rely on these exhibits for specific factual and legal conclusions from the tort case: that Plaintiff should have discovered Apple's operations earlier (Mot. at 19, citing Exs. E, F); that Plaintiff's pleading style is deficient (Mot. at 14, citing Ex. A); and that Plaintiff's public

nuisance claim is untimely (Mot. at 19, citing Exs. E, F). Each of these is a factual finding or legal conclusion from another court addressing different claims under different legal standards. The Ninth Circuit prohibits taking judicial notice for this purpose. Lee, 250 F.3d at 690; M/V Am. Queen, 708 F.2d at 1491.

9.      *Statute of limitations*. Judge Chen applied the discovery rule for tort claims, finding that Plaintiff should have discovered her personal injury claims more than two years before filing the tort case. That analysis has no application here. Citizen suit claims under the CAA, CWA, RCRA, TSCA, and EPCRA do not accrue based on when the plaintiff discovers her injury—they require ongoing violations. Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., 484 U.S. 49, 64 (1987). California public nuisance has a three-year statute of limitations (not two years as for private nuisance) and, for continuing nuisances, the limitations period resets with each new injury. Beck Dev. Co. v. S. Pac. Transp. Co., 44 Cal. App. 4th 1160, 1217 (1996). The tort SOL analysis is inapplicable to every claim in this case.

10.     *Pleading length*. Judge Chen's comments about pleading length were directed at a personal injury tort complaint. A multi-statute environmental citizen suit—alleging ongoing violations of five federal statutes across three categories of defendants with a decade of factual history—is categorically different. Moreover, Judge Chen did not dismiss the tort case on Rule 8 grounds. And in this very case, these same Defendants previously argued that the original complaint *lacked* sufficient factual detail. (Dkt. 38 at § IV.D.1.) Plaintiff amended to add the detail Defendants demanded. They cannot now import a different judge's comments from a different case to argue the amended complaint has too much detail.

## III.  EXHIBIT D—THE TORT COMPLAINT—IS ENTIRELY IRRELEVANT.

11.     Defendants submit Plaintiff's First Amended Complaint from the tort case (Ex. D) for no discernible legal purpose. A pleading from a different case asserting different claims has no relevance to whether *this* FAC states a claim under the CAA, CWA, RCRA, TSCA, EPCRA, or California public nuisance law. The only apparent purpose is to characterize Plaintiff as a "serial

litigant" (Mot. at 2)—a label that is both irrelevant to the 12(b)(6) analysis and improper on a motion where the Court must accept Plaintiff's well-pleaded allegations as true. The Court should decline to take judicial notice of this exhibit.

## IV. Plaintiff Does Not Oppose Judicial Notice of Exhibits B and C

12. Plaintiff does not object to judicial notice of the EPA's December 2022 Final Revised Risk Determination for NMP. This is a publicly available federal administrative document. However, the Court should note that this document supports Plaintiff's claims: it formally found that NMP "presents an unreasonable risk of injury to health under its conditions of use," including risks of miscarriages, reduced fertility, and damage to the liver, kidneys, immune system, and nervous system. This finding is directly relevant to Plaintiff's RCRA imminent endangerment and public nuisance claims.

13. Defendants also argue this document should be considered under the incorporation by reference doctrine because the FAC references it. (RJN at 3-4.) Plaintiff does not dispute that the FAC references the Risk Determination—Plaintiff affirmatively relies on it. The incorporation by reference doctrine is meant to prevent plaintiffs from "deliberately omitting documents upon which their claims are based." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Plaintiff has not omitted this document. She relies on it because it confirms that the EPA has determined NMP is dangerous.

14. Plaintiff does not object to judicial notice of Apple's public TRI Facility Report. However, this exhibit undermines Defendants' position. Defendants submit it to argue that the Facility's NAICS code (334111) exempts it from § 313 TRI reporting. But the report itself demonstrates that Apple filed a TRI report for this Facility—proving Apple believed TRI reporting was required. If the Facility were exempt, Apple would not have filed.

15. Moreover, the NAICS code reflected in the report is a factual issue in dispute. The FAC alleges Apple selected an incorrect NAICS code. Apple's own BAAQMD permit application describes the Facility as a "Semiconductor fab" (Sixty-Day Notice ¶ 36), and the official NAICS

classification expressly excludes semiconductor manufacturing from NAICS 334111, classifying it under NAICS 334413. Taking judicial notice that the TRI report lists NAICS 334111 does not establish that this code correctly describes the Facility's operations.

## CONCLUSION

16.    Plaintiff respectfully requests that the Court:

17.    **(1)** Deny judicial notice of Exhibits A, D, E, and F as irrelevant to this environmental citizen suit, from an unrelated case that this Court has already determined is not related to this proceeding (Dkt. 12), and because Defendants improperly seek judicial notice of factual findings and legal conclusions from those orders;

18.    **(2)** Grant judicial notice of Exhibits B and C, with the understanding that these documents support Plaintiff's claims as described above; and

19.    **(3)** To the extent the Court takes judicial notice of any exhibit, limit such notice to the existence of the documents—not the truth of the facts asserted within them. *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2001).

Respectfully filed,

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*
April 14 2026 (2 AM)
San Jose, California

legal@ashleygjovik.com
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272