**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**[PROPOSED] ORDER**

**GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Having considered Plaintiff's Motion for Preliminary Injunction, the supporting memorandum, the Declarations of Ashley M. Gjøvik and Steve Zeltzer with exhibits, the records on the docket of this action, the parties' opposition and reply briefs, the arguments at the hearing on [TBD], and the entire record before the Court, the Court FINDS:

1.      Plaintiff has shown a likelihood of success on the merits of her claims under RCRA, 42 U.S.C. § 6972(a)(1)(B); the Clean Air Act, 42 U.S.C. § 7604(a)(1) and (3); the Clean Water Act, 33 U.S.C. § 1365; and California Civil Code § 3491.

2.      Plaintiff has shown a likelihood of irreparable harm absent preliminary injunctive relief. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987).

3.      The balance of equities tips sharply in Plaintiff's favor. To the extent any element of the relief ordered is mandatory rather than prohibitory, the law and facts clearly favor the moving party. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009).

4.      The requested injunction is in the public interest.

5.      No statutory diligent-prosecution bar applies. *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 728 F.3d 868, 873–75 (9th Cir. 2013).

**IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is GRANTED and that the following Preliminary Injunction shall issue:**

**A.  <u>CESSATION OF HAZARDOUS USE</u>**

6.      Within thirty (30) days of this Order, Defendants Apple Inc. and Kalil/Khalil Jenab (in his individual capacity and as agent, member, manager, or trustee of Jenab Family LP, Jenab Family Ventures LLC, and the Jenab Family Trust) shall remove all hazardous waste, hazardous materials, and toxic gases from 3250 Scott Boulevard, Santa Clara, California (the "Facility"), to a properly licensed off-site facility.

7.    Within thirty-five (35) days of this Order, Defendant Apple Inc. shall file a sworn declaration by Apple's Director of Environment, Health and Safety (or successor) confirming the removal, identifying the receiving facilities, and attaching the hazardous waste manifests and transfer documentation.

8.    Defendant Apple Inc. shall not resume any use, storage, handling, or treatment of hazardous waste, hazardous materials, or toxic gases at the Facility during the pendency of this action absent further order of this Court.

9.    Defendant Kalil/Khalil Jenab shall not lease or authorize occupancy of the Facility to any operator for use involving hazardous waste, hazardous materials, or toxic gases above CalARP, RMP, or Toxic Gas Ordinance threshold quantities during the pendency of this action absent further order of this Court.

10.    Paragraphs 6 through 9 do not prohibit Defendant Apple Inc. from occupying the Facility for office or other non-industrial use that does not involve hazardous waste, hazardous materials, or toxic gases above CalARP, RMP, or Toxic Gas Ordinance threshold quantities.


## B. COMMUNITY PROTECTION


11.    Within thirty (30) days of this Order, Defendant City of Santa Clara shall install signage at the perimeter of Meadow Park, Creekside Park, the children's playgrounds within five hundred (500) feet of the Facility, and the Redwood Trail and San Tomas Aquino Creek Trail segments within one thousand (1,000) feet of the Facility, identifying the proximity to a CalARP-regulated facility handling acutely hazardous substances and providing emergency response information.

12.    If Defendants Apple Inc. and Kalil/Khalil Jenab fail to comply with paragraphs 6 and 7, Defendant City of Santa Clara shall close to public access Meadow Park, Creekside Park, the children's playgrounds within five hundred (500) feet of the Facility, and the Redwood Trail and San Tomas Aquino Creek Trail segments within one thousand (1,000) feet of the Facility, until compliance is confirmed by sworn declaration filed with the Court or this Court otherwise orders.

13.    Defendant City of Santa Clara shall suspend processing of Planning Applications PLN24-00556 and PLN24-00579, and any other pending or future residential rezoning or residential occupancy permit applications within one thousand (1,000) feet of the Facility, during the pendency of this action.

## B. DISCLOSURE AND MONITORING

14.    The statutory rights of entry and information-gathering under RCRA § 3007, 42 U.S.C. § 6927; CWA § 308, 33 U.S.C. § 1318; and CAA § 114, 42 U.S.C. § 7414, shall apply during the pendency of this action.

15.    Defendants Apple Inc. and Kalil/Khalil Jenab shall file quarterly reports with the Court identifying compliance status with this Order. The first report shall be due ninety (90) days from this Order.

16.    Within sixty (60) days of this Order, Defendant Apple Inc. shall retain at its expense a third-party safety auditor approved by the Court. The auditor shall report to the Court no less frequently than quarterly on the status of every Potential Violation identified in EPA's April 30, 2024 Compliance Inspection Report (ECF No. 48-4) and every action item identified in the September 2020 Process Hazard Analysis Revalidation Report.

## D. BOND

17.    Pursuant to Fed. R. Civ. P. 65(c), the Court WAIVES the bond requirement, OR, in the alternative, sets bond at one dollar ($1.00).

## E. RETENTION OF JURISDICTION

18.    The Court retains jurisdiction to enforce, interpret, and modify this Order. This Preliminary Injunction shall remain in full force and effect until further order of the Court.

IT IS SO ORDERED.

Dated: _____

X_____

**Hon. P. Casey Pitts**
United States District Judge