SVEND BRANDT-ERICHSEN (WA BN 23923)
sbrandterichsen@nossaman.com
*Pro Hac Vice*
JENNIFER J. SEELY (AK BN 2203018)
jseely@nossaman.com
*Pro Hac Vice*
NOSSAMAN LLP
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone:  206.395.7630
Facsimile:   206.257.0780


BRENDAN F. MACAULAY (CA BN 162313)
bmacaulay@nossaman.com
NOSSAMAN LLP
50 CALIFORNIA STREET, 34TH FLOOR
San Francisco, CA 94111
Telephone:     415.398.3600
Facsimile:     415.398.2438

*Attorneys for Defendant City of Santa Clara*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJØVIK, AN INDIVIDUAL,<br><br>        Plaintiff,<br><br>    vs.<br><br>APPLE INC., a corporation, CITY OF SANTA CLARA, a local government, MR. KALIL/KHALIL JENAB, individually, & as Agent/Member/Manager of: JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, & as Trustee/Agent of: THE JENAB FAMILY TRUST,<br><br>        Defendants. | Case No:     5:25-cv-07360-NC<br><br>**DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Date:**        **May 28, 2026**<br>**Time:**        **10:00 am**<br>**Location:**   **Courtroom 8 – 4th Floor**<br>                    **280 South 1st Street**<br>                    **San Jose, CA**<br><br>**Judge:**       **Hon. P. Casey Pitts** |

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................................................1

DISCUSSION ............................................................................................................................2

    A.    Gjøvik's RCRA claims are not cognizable under the RCRA citizen suit statute. ..........................................................................................................................2

    B.    Gjøvik's stormwater and wastewater claims are not cognizable under the CWA citizen suit statute. .............................................................................................5

        1.    Gjøvik's stormwater allegations do not plausibly state CWA claims against the City. ............................................................................................5

        2.    Gjøvik's wastewater allegations do not plausibly state CWA claims against the City. ............................................................................................7

    C.    Gjøvik cannot plausibly allege facts sufficient to state a claim against the City for causing a public nuisance. ................................................................................8

    D.    Gjovick has not alleged CAA, EPCRA, or TSCA claims against the City, and cannot plausibly do so. ............................................................................................12

CONCLUSION.........................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................2, 5, 7, 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................2, 5, 7, 8

*California River Watch v. City of Vacaville*,
    39 F.4th 624 (9th Cir. 2022) ................................................................................................................3, 4

*Center for Biological Diversity v. U.S. Forest Service*,
    80 F.4th 943 (9th Cir. 2023) ..................................................................................................................3

*City of Fairborn, Ohio v. U.S. E.P.A.*,
    No. 3:22-CV-102, 2023 WL 2478572 (S.D. Ohio Mar. 13, 2023) .........................................................4

*City of Olmstead Falls v. U.S. E.P.A.*,
    233 F. Supp. 2d 890 (N.D. Ohio 2002) ..................................................................................................4

*Covington v. Jefferson Cnty.*,
    358 F.3d 626 (9th Cir. 2004) ..................................................................................................................4

*Ecological Rts. Found. v. Pac. Gas & Elec. Co.*,
    874 F.3d 1083 (9th Cir. 2017) ................................................................................................................3

*Heckler v. Chaney*,
    470 U.S. 821 (1985) ......................................................................................................................... *passim*

*Hinds Invs., L.P. v. Angioli*,
    654 F.3d 846 (9th Cir. 2011) ................................................................................................................3, 4

*Jones Creek Invs., LLC v. Columbia Cnty., Ga.*,
    98 F. Supp. 3d 1279 (S.D. Ga. 2015) ......................................................................................................6

*Los Angeles Waterkeeper v. SSA Terminals, LLC*,
    702 F. Supp. 3d 903 (C.D. Cal. 2023) ....................................................................................................3

*Meghrig v. KFC W., Inc.*,
    516 U.S. 479 (1996) ................................................................................................................................4

*Mrosek v. City of Peachtree City*,
    631 F. App'x 757 (11th Cir. 2015) ..........................................................................................................6

*Sierra Club v. Whitman*,
    268 F.3d 898 (9th Cir. 2001) .......................................................................................................1, 6, 8, 10

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

*United States v. Aceto Agr. Chemicals Corp.*,
    872 F.2d 1373 (8th Cir. 1989) ........................................................................................4

*United States v. Blue Lake Power, LLC*,
    215 F. Supp. 3d 838 (N.D. Cal. 2016) .........................................................................12

*Van Zanten v. City of Olympia*,
    No. C10-5216-JCC, 2011 WL 5299492 (W.D. Wash. Nov. 2, 2011).............................6

**State Cases**

*Birke v. Oakwood Worldwide*,
    169 Cal. App. 4th 1540, 87 Cal. Rptr. 3d 602 (2009)....................................................9

*Citizens for Odor Nuisance Abatement v. City of San Diego*,
    8 Cal. App. 5th 350 (2017) ...............................................................................9, 10, 11

*City of Modesto Redevelopment Agency v. Superior Ct.*,
    119 Cal. App. 4th 28, 13 Cal. Rptr. 3d 865 (2004).....................................................10

*People v. ConAgra Grocery Prods. Co.*,
    17 Cal. App. 5th 51, 227 Cal. Rptr. 3d 499 (2017).......................................................9

*Vedder v. County of Imperial*,
    36 Cal. App. 3d 654 (Ct. App. 1974).......................................................................10, 11

**Federal Statutes**

15 U.S.C. § 2619........................................................................................................................1

15 U.S.C. § 2619(a)(1).............................................................................................................12

28 U.S.C. § 1367........................................................................................................................8

28 U.S.C. § 2462......................................................................................................................12

33 U.S.C. § 1365............................................................................................................1, 6, 7, 8

33 U.S.C. § 1365(a)(1)...............................................................................................................5

33 U.S.C. § 1365(a)(2)...............................................................................................................5

42 U.S.C. § 6972........................................................................................................................1

42 U.S.C. § 6972(a)(1)(A).........................................................................................................2

42 U.S.C. § 6972(a)(1)(B)......................................................................................................2, 3

42 U.S.C. § 7604...................................................................................................................1, 12

42 U.S.C. § 7604(a)(1)............................................................................................................12

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

42 U.S.C. § 7604(a)(3)...................................................................................................................12

42 U.S.C. § 11046...................................................................................................................1, 13

**State Statutes**

Cal. Civ. Code § 3479...............................................................................................................9, 11

Cal. Civ. Code § 3480.....................................................................................................................9

Cal. Civ. Code § 3482.....................................................................................................................9

Cal. Code Civ. Pro. § 338 ........................................................................................................1, 10

Cal. Gov. Code § 815.6.................................................................................................................11

Cal. Gov. Code § 835....................................................................................................................11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................*passim*

**INTRODUCTION**

Gjøvik's Opposition to the City of Santa Clara's Motion to Dismiss does not counter the clear grounds for dismissing the City from this case. The citizen suit provisions of federal environmental statutes provide limited federal jurisdiction for claims alleging noncompliance with requirements of those statutes. 42 U.S.C. § 7604 (CAA), 42 U.S.C. § 6972 (RCRA), 33 U.S.C. § 1365 (CWA); 42 U.S.C. § 11046 (EPCRA); 15 U.S.C. § 2619 (TSCA). The City has been delegated authority to enforce some federal environmental requirements that apply to the Apple facility. The federal citizen suit provisions do not authorize suit against the City, which neither owns nor operates the Apple facility that is subject to requirements of federal environmental laws, and do not empower this Court to direct the City's exercise of its enforcement discretion as it implements the delegated requirements. *Heckler v. Chaney*, 470 U.S. 821, 832–833 (1985); *Sierra Club v. Whitman*, 268 F.3d 898, 905 (9th Cir. 2001).

In her attempt to keep the City in this case, Gjøvik asserts a public nuisance claim related to City parks near the Apple facility. She alleges that the City is liable because pollution is reaching the City's parks from the Apple facility, and City zoning and land use decisions 10-15 years ago allowed the Apple facility to be constructed, as well as because of "buried creeks that could create a geyser." ECF No. 78 ¶ 51. But public nuisance law is not so speculative or attenuated. Even if given leave to amend her Complaint again, Gjøvik cannot plausibly state a claim that the City has *caused* a public nuisance.

Many of Gjøvik's allegations of wrongful activity by the City appear to date back to its planning and zoning process for the Apple facility circa 2010-2014.  But decade-old planning decisions under local ordinances do not support claims under federal environmental citizen suit provisions, nor do they support her claim for public nuisance. Additionally, any statutes of limitation for challenging those local planning decisions are long past expired. *See, e.g.*, Cal. Code Reg. Tit. 14, § 15112 (30–35 days for a CEQA appeal); Cal. Code Civ. Pro. § 338 (three years for nuisance).

Gjøvik's real fight is with Apple, with which she is litigating over her past employment. She states no claims against the City upon which relief could be granted, nor could she even if

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

given leave to amend her Complaint again.  The City should not be forced to waste public treasure defending itself in a lawsuit that it does not belong in.  As such, the City respectfully asks to be dismissed from this case with prejudice.

## DISCUSSION

**A.    Gjøvik's RCRA claims are not cognizable under the RCRA citizen suit statute.**

The RCRA citizen suit statute authorizes suit against any person who is alleged to be in violation of "any permit, standard, regulation, condition, requirement, prohibition, or order" under RCRA. 42 U.S.C. § 6972(a)(1)(A). It also authorizes suit against any person "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent or substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). Gjøvik has not alleged the elements of a claim for relief against the City under any portion of the citizen suit statute. She alleges that the City assumed CUPA[1] authority, knew the facility was in violation of RCRA, "concealed" those violations from EPA and CalEPA, approved operations despite "knowledge" of ongoing violations, has been under CalEPA corrective action for "systemic CUPA failures," and processed financial assurance documents demonstrating knowledge of Apple's operations. ECF No. 78 ¶ 22. Gjøvik's Amended Complaint does not plausibly plead facts sufficient to support these allegations, ECF No. 48 ¶¶ 33, 43–47, 49, 402, 462–463, nor could she even if given leave to amend her Complaint again. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even if taken as true, Gjøvik's allegations do not show that the City is presently in violation of any RCRA requirement with respect to the Apple facility. 42 U.S.C. § 6972(a)(1)(A). Nor do her allegations show that the City "contributed to" any part of the waste disposal process at the Apple facility. 42 U.S.C. § 6972(a)(1)(B).

Gjøvik expects the words "contributed to" in 42 U.S.C. § 6972(a)(1)(B) to carry her RCRA claim past the City's Motion to Dismiss. ECF No. 78 ¶ 19, 21. But "contributed to" cannot be

---

[1] The City's Fire Department is a California Certified Unified Program Agency ("CUPA"). ECF 48, ¶ 43.

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

divorced from the rest of the sentence: "… the past or present handling, storage, treatment, transportation, or disposal" of hazardous waste that presents an endangerment. 42 U.S.C. § 6972(a)(1)(B). This provision "requires that a defendant be actively involved in or have some degree of control over the waste disposal process to be liable under RCRA." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 851 (9th Cir. 2011) (holding that dry cleaning equipment manufacturers are not liable as contributors under RCRA). To state a claim "predicated on RCRA liability for 'contributing to' the disposal of hazardous waste, a plaintiff must allege that the defendant had a measure of control over the waste at the time of its disposal or was otherwise actively involved in the waste disposal process." *Id.* at 852; *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 874 F.3d 1083, 1101 (9th Cir. 2017) (holding that plaintiffs had not shown that defendant "actually contributed" to the handling, transportation, or disposal of solid waste via vehicle tire-tracking); *California River Watch v. City of Vacaville*, 39 F.4th 624, 631–633 (9th Cir. 2022) (holding that that a city was not contributing to past or present "transportation" of hazardous waste by "incidentally" carrying it through its pipes when pumping water to residents).

The Ninth Circuit has specifically considered the scope of contributor liability for regulators. In *Center for Biological Diversity v. U.S. Forest Service*, the plaintiffs argued the U.S. Forest Service was liable as a contributor under RCRA for not regulating the use of lead ammunition on public land because small fragments of lead can poison and kill birds when ingested. 80 F.4th 943, 947 (9th Cir. 2023). The court decided that neither the U.S. Forest Service's plenary regulatory authority, special use permits for hunters, nor status as landowner rose to the level of "active" control over the waste disposal process that *Hinds* and its progeny require to establish liability. *Id.* at 952–955. Specifically, "[a]n agency's choice not to regulate despite authority to do so does not manifest the type of actual, active control contemplated by RCRA." *Id.* at 954; *see also Los Angeles Waterkeeper v. SSA Terminals, LLC*, 702 F. Supp. 3d 903, 934–935 (C.D. Cal. 2023) (holding the City of Long Beach did not have "actual control" or "actually contributed" to RCRA violations at the Port of Long Beach simply by owning several of the piers).

Here, the City has no measure of control over Apple's waste control process, nor is it actively involved in that process. It does not own or operate the facility, as Gjøvik acknowledges,

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

ECF No. 48 ¶ 32, and is not a part of the "cradle to grave" chain of waste disposal. *California River Watch*, 39 F.4th at 632. The City regulates Apple through its CUPA program, but Gjøvik is not entitled to direct the City's enforcement discretion. *Heckler*, 470 U.S. at 831–834; *see also City of Olmstead Falls v. U.S. E.P.A.*, 233 F. Supp. 2d 890, 900–901 (N.D. Ohio 2002); *City of Fairborn, Ohio v. U.S. E.P.A.*, No. 3:22-CV-102, 2023 WL 2478572, at *9 (S.D. Ohio Mar. 13, 2023). In any case, Gjøvik expressly acknowledges that the City has inspected and enforced RCRA at the Apple facility. ECF 48, ¶¶ 168, 172, 203, 207, 208, 253, 304.

Gjøvik cites *United States v. Aceto Agr. Chemicals Corp.*, 872 F.2d 1373, 1383 (8th Cir. 1989) as support for reading "contributed to" broadly. ECF No. 78 ¶ 21. In that case, the defendants contracted with a company to process commercial grade pesticides. *Aceto*, 872 F.2d at 1376, 1381. The defendants directed the manufacturing process and maintained ownership of the substance throughout its processing, and so the court held that they "contributed" to waste disposal within the meaning of RCRA. *Id.* at 1376, 1381–1384. This case has no bearing here, where the City does not own any of the alleged hazardous substances used by Apple, and does not direct its manufacturing process. Gjøvik does not allege that the City was "actively involved" in the waste disposal process at the Apple facility, nor could she plausibly do so. *Hinds*, 654 F.3d at 851–852.

Gjøvik cites *Covington v. Jefferson Cnty.*, 358 F.3d 626, 637 (9th Cir. 2004) for the principle that sixty-day notice requirements do not apply to RCRA claims involving the mishandling of hazardous waste under the imminent endangerment provision. ECF No. 78 ¶ 24. In that case, the court held that notice requirements do not apply to violations that involve the "presence of or mishandling of hazardous waste." *Covington*, 358 F.3d at 637. Gjøvik has not alleged that the City is actually generating, storing, disposing, or mishandling hazardous waste, ECF No. 78 ¶ 22, and so this notice exception does not apply to her RCRA claims against the City.

Gjøvik also misquotes *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 486 (1996) as saying that RCRA's imminent endangerment provision is "essentially a codification of common law nuisance" that should be construed broadly. ECF No. 78 ¶ 18. That phrase does not appear in that case. *Meghrig*, 516 U.S. at 479–488. In *Meghrig*, the Supreme Court held that a private party cannot recover the cost of a past cleanup effort under RCRA. *Meghrig*, 516 U.S. at 488.

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

**B.    Gjøvik's stormwater and wastewater claims are not cognizable under the CWA citizen suit statute.**

The CWA citizen suit statute authorizes suit against any person who is alleged to be in violation of an "effluent standard or limitation" or an order issued by EPA or a state with respect to such a standard or limitation. 33 U.S.C. § 1365(a)(1). It also authorizes suit against the EPA where the EPA is alleged to have failed to perform a nondiscretionary duty. 33 U.S.C. § 1365(a)(2). In her Opposition, Gjøvik attempts to fit her stormwater allegations into the first category of an effluent standard or limitation violation, but still only challenges the City's enforcement discretion. ECF No. 78 ¶ 27. For wastewater, Gjøvik objects to the City's filing of governance documents for the San José-Santa Clara Regional Wastewater Facility, but likewise alleges no violation of an effluent standard or limitation and instead maintains her objections to what she believes is the City's enforcement discretion. ECF No. 78 ¶ 36. Her claims are not cognizable under the CWA citizen suit statute, and no amendment of her Complaint could make them plausible. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

**1.    Gjøvik's stormwater allegations do not plausibly state CWA claims against the City.**

Gjøvik is correct that the City holds a municipal NDPES stormwater permit as a municipal separate storm sewer system operator ("MS4"). ECF No. 78 ¶¶ 25, 28. The permit is issued by the California Regional Water Quality Control Board with delegated authority from EPA. As Gjøvik notes, the MS4 permit obligates the City to "implement an industrial and commercial site control program," conduct inspections and enforcement, and effectively prohibit the discharge of non-stormwater into storm drains. *Id.* at 25. This is a regulatory program, under which the City regulates those who discharge to the City stormwater system. The only allegations of the Amended Complaint regarding stormwater discharges relate to actions that the City has taken to implement that regulatory program at the Apple facility. ECF No. 48 ¶¶ 428, 578, 580, 654, 679, 680. Thus, Gjøvik's Complaint acknowledges that the City has the program required by the stormwater permit in place. She apparently believes that the City should be more aggressive in its regulation of stormwater discharges from the Apple facility, ECF No. 78 ¶ 27, but that is not an actionable

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

citizen suit claim because it does not allege violation of an effluent standard or limitation. 33 U.S.C. § 1365.

In any case, Gjøvik's allegations against the City are belied by her descriptions of a 2016 incident in which a City stormwater inspector cited Apple for dumping cooling water into storm drains, ECF 48, ¶ 578, as well as two stormwater inspections of the Apple Facility by the City in 2022. ECF 48, ¶ 580. Thus, Gjovik acknowledges that the City has conducted *some* enforcement, but just not as much as she desires. But she cannot pursue a claim of insufficient enforcement. If a government chooses not to enforce a law whatsoever, then that effective choice to deprive a law of all pragmatic meaning may be reviewable. *Heckler*, 470 U.S. at 838. But how a government chooses to exercise its enforcement discretion within the context of budget constraints, coordination with other authorities, penalty calculations, and much more, is not something that courts can direct. *Sierra Club*, 268 F.3d at 905.

Courts have considered these principles specifically with regard to MS4 permits like this one, where municipalities are required to create stormwater management programs ("SWMP"). One district court in Georgia considered a similar challenge and decided that "[b]ecause its MS4 permit only requires [a county] to 'implement and enforce' its SWMP, and because the undisputed facts on the record are that it has implemented and enforced its SWMP to some degree, [the county] has not violated its NPDES permit by failing to enforce the SWMP as a matter of law." *Jones Creek Invs., LLC v. Columbia Cnty., Ga.*, 98 F. Supp. 3d 1279, 1303 (S.D. Ga. 2015). More broadly, federal courts have held that MS4s need discretion and flexibility in determining how to implement their SWMPs. *E.g.*, *Mrosek v. City of Peachtree City*, 631 F. App'x 757, 760 (11th Cir. 2015) (holding that a city's decision to defer maintenance was not a violation of its NPDES stormwater permit); *Van Zanten v. City of Olympia*, No. C10-5216-JCC, 2011 WL 5299492, at *5 (W.D. Wash. Nov. 2, 2011) (rejecting a plaintiff's argument that a municipality violated its NPDES stormwater permit by not using best management practices or sediment controls because the municipality had adopted and implemented a SWMP). Gjøvik apparently believes that the City should be more aggressive in its regulation of stormwater discharges from the Apple facility, but that is not an actionable citizen suit claim. 33 U.S.C. § 1365. Her stormwater CWA claims fail to

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

state a plausible claim against the City, nor could they even if granted leave to amend again. Those claims should be dismissed. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

In her Opposition, Gjøvik also attempts to shoehorn her CWA Section 404 claims (which were not in her notice and which she acknowledges are not part of this case, ECF No. 78 ¶ 47) into her stormwater argument. She argues that the City's stormwater infrastructure carries the "buried channel of Saratoga Creek," which the City then manages "as though it were ordinary stormwater runoff," even though it is a jurisdictional water of the United States. ECF No. 78 ¶¶ 31–32. She argues that operating stormwater infrastructure without obtaining permits required for discharges to jurisdictional waters is a CWA violation. ECF No. 78, ¶ 33. But the City does not operate stormwater infrastructure without CWA permits, and has not claimed that the water flowing through its stormwater system is not subject to CWA jurisdiction. That is why the City holds the stormwater permit discussed above, which Gjøvik acknowledges. ECF No. 78 ¶ 25. The movement of water through the City's permitted stormwater system, even assuming *arguendo* that it was a daylighted creek before 1974, ECF No. 48 ¶ 85, is not the "gotcha" that Gjøvik appears to think it is. And it is certainly not a violation of an "effluent standard or limitation" within the meaning of the CWA citizen suit statute. 33 U.S.C. § 1365.

### 2. Gjøvik's wastewater allegations do not plausibly state CWA claims against the City.

In her Opposition, Gjøvik takes issue with the City's filing of governance documents for the San José-Santa Clara Regional Wastewater Facility ("RWF") for judicial notice, and continues to rest her claim on a contention that she raised concerns to the City but it "took no action" even though the RWF "cited Apple for permit violations." ECF No. 78 ¶¶ 34–36. The City filed RWF governance documents to assist the Court in understanding the relationship between it, the RWF, and the City of San José, ECF No. 59, given Gjøvik's discussion of that topic in her Amended Complaint, ECF No. 48 ¶¶ 561–562. Gjøvik expresses concern that these "decades-old intergovernmental agreements" are not the "current governing documents," ECF No. 78 ¶¶ 35, 37, but the City shared them because they are indeed the current documents, ECF No. 59 at 1:27–28,

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

2:6–8. While the City is a minority owner of the RWF, the treatment plant and its regulatory compliance is the City of San José's responsibility. ECF No. 59 Ex. 1 at PDF pgs. 33–35; Ex. 2 at PDF pgs. 5; 22–23; 57–59.

Regardless, even viewing all her allegations as true, Gjøvik states no claim cognizable under the CWA citizen suit provision. She asserts that the City co-owns the RWF, is a party to its NPDES permit, manages its own water and sewer utilities and is responsible for ensuring compliance with state and federal law, was "directly contacted by multiple victims of chemical exposure" but "took no action," and "the RWF itself cited Apple for permit violations." ECF No. 78 ¶ 36. None of these are violations of an "effluent standard or limitation" under the CWA citizen suit provision. 33 U.S.C. § 1365. Gjøvik tries to have it both ways: she blames the City for being a co-owner of the RWF and taking "no action," but then gives the City no credit for being a minority owner of the RWF when the RWF cited Apple for permit violations. ECF No. 78 ¶ 36. It is not quite clear what Gjøvik would have the City do to avoid her ire, and in any case, she is not empowered to direct its actions or enforcement discretion through the courts. *Heckler*, 470 U.S. at 838; *Sierra Club*, 268 F.3d at 905. Gjøvik's wastewater CWA claims fail to state a plausible claim against the City, nor could they even if granted leave to amend again.  They should be dismissed. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

**C.    Gjøvik cannot plausibly allege facts sufficient to state a claim against the City for causing a public nuisance.**

Gjøvik's public nuisance claim against the City for the Apple facility should be dismissed because she cannot plausibly allege that the City has any responsibility for the Apple facility or releases from that facility.[2] A nuisance is anything "which is injurious to health . . . or is indecent

---

[2] Once the citizen suit claims against the City are dismissed, the Court also will no longer have subject matter jurisdiction over Gjøvik's state law claim against the City. Federal district courts have original jurisdiction, they also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. This is a claim-by-claim inquiry. *Id.* Without a federal question claim that 'anchors' jurisdiction, there is no supplemental jurisdiction over related state law claims. *Id.* That is the case here. Without the federal environmental claims against the City, the absence of supplemental jurisdiction is another reason to dismiss Gjøvik's California state law claim against the City.

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of . . . any public park, square, street, or highway." Cal. Civ. Code § 3479. A public nuisance "is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ. Code § 3480. "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." Cal. Civ. Code § 3482.

Causation is "an essential element of a public nuisance claim." *Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal. App. 5th 350, 359 (2017). A plaintiff must establish a "connecting element" or a "causative link" between the defendant's conduct and the threatened harm. *Id.* (quoting *In re Firearm Cases*, 126 Cal. App. 4th 959, 988, 24 Cal. Rptr. 3d 659, 679 (2005)). The defendant also must be more than just a link in the causation chain. A plaintiff must show the defendant's conduct was a "substantial factor" in causing the alleged harm. *Birke v. Oakwood Worldwide*, 169 Cal. App. 4th 1540, 1548, 87 Cal. Rptr. 3d 602, 608 (2009) (holding that the defendant apartment complex's conduct was a substantial factor in causing a secondhand tobacco smoke hazard because it provided ashtrays and permitted its employees to smoke); *People v. ConAgra Grocery Prods. Co.*, 17 Cal. App. 5th 51, 102, 227 Cal. Rptr. 3d 499, 543 (2017) (holding that defendant companies' conduct was a substantial factor in causing a lead paint nuisance because they had affirmatively promoted lead paint for interior residential use); *contra City of San Diego*, 8 Cal. App. 5th at 361 (holding that defendant City's conduct was not a substantial factor in causing a noxious sea lion waste odor at La Jolla Cove because the City's fence had not impacted sea lion population dynamics or behavior).

Here, Gjøvik alleges that she can state a claim for public nuisance against the City because it "approved violently incompatible zoning" and because it "owns parks where children actively play in contaminated air;" and because Gjøvik suffered injuries while residing near the Apple facility that the City "deliberately concealed." ECF No. 78 ¶ 51. Decade-old zoning and public park ownership do not create a public nuisance. Any offsite impacts from releases at the Apple facility are caused by the facility, not by the City. To the extent Gjøvik is arguing that better City

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

enforcement could have avoided or mitigated those impacts, the City's conduct did not cause the impacts and the City's enforcement decisions under the CUPA program are not subject to judicial review or direction. *Heckler*, 470 U.S. at 838; *Sierra Club*, 268 F.3d at 905. The City's conduct is not a "substantial factor" in any nuisance related to the Apple facility. *City of San Diego*, 8 Cal. App. 5th at 361. Additionally, as Gjøvik acknowledges, the CEQA and zoning procedures for the Apple facility and Santa Clara Square Apartments were 10–15 years ago. ECF No. 48 ¶¶ 109–159. CEQA statutes of limitation are 30–35 days depending on the procedures used by the public agency. Cal. Code Reg. Tit. 14, § 15112. The statute of limitations for nuisance is three years, Cal. Code Civ. Pro. § 338, and a 10-year-old zoning decision is not a continuing nuisance. By any measure, over 10 years since these CEQA and zoning decisions is too late to challenge them in court.

Gjøvik's Amended Complaint also alleges that where the City did not "directly cause" the nuisance, the City "maintained it, protected it, failed to abate it, and failed to warn people of the dangers." ECF 48, ¶ 795. As noted, nuisance liability does not attach without causation, which is lacking here. *City of San Diego*, 8 Cal. App. 5th at 359. Additionally, nuisance liability does not extend to a "failure to warn." *City of Modesto Redevelopment Agency v. Superior Ct.*, 119 Cal. App. 4th 28, 42, 13 Cal. Rptr. 3d 865, 875 (2004). Just as the City has not caused or been a substantial factor in generating any releases from the Apple Facility, it also is not responsible for any dangerous conditions that those releases may have caused outside of its boundaries; the law of public nuisance is not so attenuated. Gjøvik cannot plead a cause of action for public nuisance against the City related to the Apple facility, and her claim should be dismissed.

Gjøvik argues that *Vedder v. County of Imperial* is "directly on point." ECF No. 78 ¶ 62. In that case, plaintiffs who leased and occupied premises and conducted business at a county airport suffered losses from a fire at that airport, and pleaded injuries caused by dangerous condition of the property, failure to discharge a mandatory duty, and nuisance. *Vedder v. County of Imperial*, 36 Cal. App. 3d 654, 657 (Ct. App. 1974). The court decided that "[o]ne who negligently stores gasoline and other highly combustible chemicals on his property, or knowingly permits such negligent storage, may be liable to others for a fire-incurred loss even though the fire

was actually started by the negligent conduct of others." *Id.* at 660. Here, Gjøvik has not alleged that the City is storing or permitting the storage of hazardous materials at public parks. The City is not responsible for any hazardous materials at the Apple facility. As noted, the City has regulatory authority over hazardous materials through its delegated CUPA program, but that does not make the City responsible for Apple's management of those materials, and Gjøvik acknowledges that the City has inspected and enforced the CUPA program at the Apple facility. ECF 48, ¶¶ 168, 172, 203, 207, 208, 253, 304.[3]

Gjøvik also cites several cases that do not concern public nuisance and instead lay out the elements dealing with governmental liability for dangerous conditions of public property under Cal. Gov. Code § 835. ECF No. 78 ¶¶ 60, 63 (citing *Ducey v. Argo Sales Co.*, 25 Cal. 3d 707, 715–716 (1979); *Cordova v. City of Los Angeles*, 61 Cal. 4th 1099, 1106 (2015); *Baldwin v. State of California*, 6 Cal. 3d 424, 428 (1972)). All are personal injury cases for motor vehicle accidents. Gjøvik does not plead a claim under Cal. Gov. Code § 835 in her Amended Complaint, ECF No. 48, and even if she were granted leave to do so, she could not plausibly assert that her injuries were proximately caused by a dangerous condition at a public park. Her claims relate to emissions from the Apple facility, not any inherent feature of the public parks themselves.

Gjøvik also argues that the City cannot claim design or fire department immunity, ECF No. 78 ¶¶ 67–71, but the City never claimed immunity. The City has no need for immunity when it is not liable for public nuisance in the first place, because it has not caused a public nuisance by enforcing the CUPA program or owning public parks near the Apple facility. Cal. Civ. Code § 3479; *e.g. City of San Diego*, 8 Cal. App. 5th at 361.

---

[3] The same is true of Gjøvik's arguments that the CUPA program creates a "mandatory duty" within the meaning of Cal. Gov. Code § 815.6. ECF No. 78 ¶¶ 64–66. Gjøvik did not plead any claim under that provision in her Amended Complaint, ECF No. 48, and she does not explain which "CUPA implementing statutes of regulations" (which she does not cite with any specificity) create such a duty. ECF No. 78 ¶ 65.

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

**D.    Gjovick has not alleged CAA, EPCRA, or TSCA claims against the City, and cannot plausibly do so.**

With regard to the CAA, Gjøvik recognizes in her Opposition that the City is not the air permitting authority for the Apple facility, but argues that the City "facilitate[ed]" and "concealed" the construction and operation of the Apple facility through its building permit processes. ECF No. 78 ¶ 38. The CAA citizen suit provision authorizes suit against persons who violate "an emission standard or limitation" or an order respecting such a standard or limitation, 42 U.S.C. § 7604(a)(1), or who construct an air-pollution-emitting facility without the appropriate permit or violate such a permit, 42 U.S.C. § 7604(a)(3). Gjøvik has not alleged that the City has violated an air pollution emission standard or constructed an air-pollution-emitting facility without a permit, nor could she, since she has acknowledged that the City neither owns nor operates the Apple facility. *See* ECF No. 48 ¶ 32. Regardless of how she may allege 'facilitation and concealment' occurred, such liability does not exist under the statute. 42 U.S.C. § 7604. Additionally, Gjøvik describes the City's building permit process as taking place circa 2010–2014, ECF No. 48, ¶¶ 109–130, but citizen suits under the CAA are subject to a five-year statute of limitations. 28 U.S.C. § 2462; *United States v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838, 842 (N.D. Cal. 2016). Gjøvik has not plausibly stated a claim against the City under the CAA citizen suit statute, nor could she even if given leave to amend her Complaint again. Nevertheless, Gjøvik asks that the City's "overall pattern of concealment" be considered as part of other claims against the City that she believes will proceed. ECF No. 78 ¶ 39. The City opposes this request because Gjøvik makes only conclusory allegations to support her CAA claims. ECF No. 48 ¶¶ 417, 422, 423, 424, 544, 548.

With regard to TSCA, Gjøvik correctly cites the pollution-control portion of the TSCA citizen suit statute in her Amended Complaint as applying to "any person," including a "governmental instrumentality or agency," ECF No. 48 ¶ 716, but has not and cannot identify any provision of TSCA or any rule or order issued under it that the City has violated. 15 U.S.C. § 2619(a)(1). According to Gjøvik, the City's TSCA violation is that the City knew certain toxic chemicals were used at the Apple facility and knew about some spills and releases of these chemicals, but failed to report these to EPA. ECF No. 48 ¶ 751. However, Gjøvik has not identified

any TSCA requirement that imposes such a reporting obligation on the City for industrial facilities within its borders, nor is there one. She has not stated a claim against the City under the TSCA citizen suit statute, nor could she even if she amended her Complaint again. In her Opposition, Gjøvik "acknowledges" that TSCA applies to manufacturers, processors, and distributors, none of which are a category the City fits into. ECF No. 78 ¶ 43. Nevertheless, she requests that her factual allegations related to TSCA be "preserved" for other claims against the City that she believes will survive the City's motion to dismiss. *Id.* The City opposes her request because Gjøvik's Amended Complaint makes no factual allegations against the City related to TSCA; she simply makes conclusory allegations that the City "enabled, concealed, and contributed" to Apple's alleged TSCA violations. ECF No. 48 ¶ 751.

With regard to EPCRA, Gjøvik accuses the City of "fail[ing] to ensure" that Apple complied with EPCRA, *e.g.* ECF No. 48 ¶ 700, but such liability does not exist under the EPCRA citizen suit statute. 42 U.S.C. § 11046. Gjøvik also alleges that the City "concealed" various Apple alleged violations and failed to provide public information or respond to a request for tier II information, but she can allege no facts to plausibly support these allegations. ECF No. 48 ¶¶ 709, 710, 713. Fatal to her claims, the EPCRA citizen suit statute does not authorize suits against any local government. 42 U.S.C. § 11046. Gjøvik has not stated any claim against the City under the EPCRA citizen suit statute, nor could she even if given leave to amend her Complaint. In her Opposition, Gjøvik "acknowledges" that EPCRA's citizen suit provision does not "expressly" authorize suit against the City for Gjøvik's allegations. ECF No. 78 ¶ 41. As with her CAA and TSCA claims, she requests that her factual allegations related to EPCRA be "preserved" for other claims against the City that she believes will survive the City's motion to dismiss. *Id.* The City opposes her request because Gjøvik's Amended Complaint makes no factual allegations against the City related to EPCRA that would be relevant to any other cause of action. Rather, it makes conclusory allegations that the City violated various EPCRA provisions without any supporting facts. ECF No. 48 ¶¶ 700, 709, 710, 713.

DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

**CONCLUSION**

For the reasons set forth above and in the City's motion (ECF 58), Gjøvik has not stated a claim against the City, and cannot do so under the federal laws that form the basis for this Court's jurisdiction over this action, or for a public nuisance under California law. Gjøvik's claims relate to alleged releases from the Apple facility. The City does not own, operate or control that facility and it has not caused the alleged releases. The City respectfully urges the Court to dismiss all claims against the City pursuant to Fed. R. Civ. P. 12(b)(6), without leave to amend.

DATED:  April 27, 2026                          NOSSAMAN LLP
                                                SVEND BRANDT-ERICHSEN
                                                BRENDAN F. MACAULAY
                                                JENNIFER J. SEELY


                                                By: */s/ Svend Brandt-Erichsen*
                                                    Svend Brandt-Erichsen
                                                    sbrandterichsen@nossaman.com
                                                    *Pro Hac Vice*
                                                    Jennifer Seely
                                                    jseely@nossaman.com
                                                    *Pro Hac Vice*
                                                    NOSSAMAN LLP
                                                    719 Second Avenue, Suite 120
                                                    Seattle, WA 98104
                                                    Telephone: 206.395.7630
                                                    Facsimile: 206.257.0780

                                                    Brendan F. Macaulay
                                                    CA Bar # 162313
                                                    NOSSAMAN LLP
                                                    50 California Street, 34th Floor
                                                    San Francisco, CA 94111
                                                    Telephone:    415.398.3600
                                                    Facsimile:    415.398.2438
                                                    bmacaulay@nossaman.com

                                                *Attorneys for Defendant City of Santa Clara*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2026, I electronically filed the foregoing **DEFENDANT CITY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Svend Brandt-Erichsen