WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL
JENAB, JENAB FAMILY LP, JENAB FAMILY
VENTURES LLC, and JENAB FAMILY TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>            Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 5:25-cv-07360-PCP<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:  May 28, 2026<br>Time: 10:00 a.m.<br>Courtroom:  8, 4th Floor<br>Judge:  Hon. P. Casey Pitts<br><br>Action Filed:  September 2, 2025<br>Trial Date:  TBD |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................................... 1

II.    ARGUMENT ............................................................................................................. 1

    A.    Plaintiff's Post-Complaint Conduct Does Not Confer Article III Standing. .......... 1

    B.    Plaintiff Cannot Rely on Her Defective Notice. ...................................................... 3

    C.    The FAC Does Not Meet Plausibility Standards And is Subject to Dismissal. ....................................................................................................................... 5

    D.    Plaintiff Cannot Show That the Permits are Invalid Under a Fraud Exception............................................................................................................................ 5

    E.    Plaintiff's Disagreement With the Consent Agreement Cannot Save Her Resource Conservation and Recovery Act (RCRA) Claims.................................. 6

    F.    Plaintiff's Clean Air Act (CAA) Claims Fail as a Matter of Law. ........................ 8

    G.    Plaintiff's Clean Water Act (CWA) Claims Fail to Plead Any Actionable Violation........................................................................................................................... 9

    H.    Plaintiff Fails to Identify Any Violation of the Toxic Substances Control Act (TSCA). ................................................................................................................... 11

    I.    Plaintiff's Conclusory Allegations of Emergency Preparedness and Community Right-to-Know Act (EPCRA) Violations Fail. ................................. 13

    J.    Plaintiff's Nuisance Claim Remains Time-Barred and Insufficiently Pled. ......... 14

III.    CONCLUSION ...................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................. 5, 9, 11, 13

*Bd. of Cnty. Comm'rs v. Brown Grp. Retail, Inc.*,
 768 F. Supp. 2d 1092 (D. Colo. 2011) ................................................................... 8

*Beck Dev. Co. v. S. Pac. Transp. Co.*,
 44 Cal. App. 4th 1160 (1996) .............................................................................. 15

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .............................................................................................. 5

*Citizens for Free Speech, LLC v. Cnty. of Alameda*,
 338 F. Supp. 3d 995 (N.D. Cal. 2018), *aff'd*, 953 F.3d 655 (9th Cir. 2020) ..................... 10, 12

*Clarke v. Pacific Gas & Electric Co.*,
 501 F. Supp. 3d 774, 786 (N.D. Cal. 2020) ........................................................ 8, 9

*Ctr. for Biological Diversity v. Marina Point Dev. Co.*,
 566 F.3d 794 (9th Cir. 2009), *amended* (May 14, 2009) ......................................... 4

*Demourelle v. Kucharski*,
 No. 19-00269 JAO-RT, 2019 WL 4739285 (D. Haw. Sept. 27, 2019) ................... 2

*Digby Adler Grp., LLC v. Mercedez-Benz U.S.A., LLC*,
 No. 14-cv-02349-TEH, 2015 WL 1548872 (N.D. Cal. Apr. 7, 2015) ..................... 6

*Equity Partners Grp. LLC v. City of Scottsdale*,
 No. CV-25-00887-PHX-SHD, 2026 WL 878961 (D. Ariz. Mar. 31, 2026) ..................... 1 n.2

*F.D.I.C. v. Garner*,
 126 F.3d 1138 (9th Cir. 1997) ............................................................................. 15

*Friends of the Earth v. Sanderson Farms, Inc.*,
 No. 17-cv-03592-RS, 2019 WL 3457787 (N.D. Cal. July 31, 2019),
 *aff'd*, 992 F.3d 939 (9th Cir. 2021) ....................................................................... 2

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found, Inc.*,
 484 U.S. 49 (1987) ............................................................................................ 9, 10

*Hallstrom v. Tillamook Cnty.*,
 493 U.S. 20 (1989) ................................................................................................ 3

*Ivey v. Bd. of Regents of the Univ. of Alaska*,
    673 F.2d 266 (9th Cir. 1982)..................................................................................................... 5

*Johnson v. Fed. Home Loan Mortg. Corp.*,
    793 F.3d 1005 (9th Cir. 2015)............................................................................................ 11 n.4

*Johnson v. Weinberger*,
    851 F.2d 233 (9th Cir. 1988)..................................................................................................... 3

*Karr v. Hefner*,
    475 F.3d 1192 (10th Cir. 2007)................................................................................................ 7

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009).................................................................................................. 6

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................................. 2

*Monzon v. S. Wine & Spirits of Cal.*,
    834 F. Supp. 2d 934 (N.D. Cal. 2011) ................................................................................. 2, 6

*N. Cal. River Watch v. Fluor Corp.*,
    No. 10-cv-05105-MEJ, 2014 WL 3385287 (N.D. Cal. July 9, 2014)...................................... 7

*Nilson v. City of San Jose*,
    No. C 07-03686 JW, 2008 WL 11387038 (N.D. Cal. July 24, 2008)...................................... 3

*Nuclear Info. & Res. Serv. v. Nuclear Regul. Comm'n*,
    457 F.3d 941 (9th Cir. 2006)..................................................................................................... 2

*Puget Soundkeeper All. v. Port of Tacoma*,
    104 F.4th 95 (9th Cir. 2024).................................................................................................... 10

*Remington v. Mathson*,
    42 F. Supp. 3d 1256 (N.D. Cal. 2012), *aff'd*, 575 F. App'x 808 (9th Cir. 2014) ................... 13

*Savage v. Glendale Union High Sch. Dist. No. 205*,
    343 F.3d 1036 (9th Cir. 2003)............................................................................................. 1 n.2

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*,
    521 F. Supp. 3d 929 (S.D. Cal. 2021)................................................................................ 11 n.4

*Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*,
    143 F.3d 515 (9th Cir. 1998), *overruled on other grounds by*
    *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144 (9th Cir. 2024) .......................... 3, 4

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ................................................................................................................. 3

*Trichell v. Midland Credit Mgmt., Inc.*,
    964 F.3d 990 (11th Cir. 2020) ............................................................................................. 3

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) .......................................................................................... 5, 6

*Utne v. Home Depot U.S.A., Inc.*,
    No. 16-cv-01854-RS, 2022 WL 2954330 (N.D. Cal. July 26, 2022) ................................... 3

*White v. Am. W. Lender Servs. LLC*,
    No. 24-cv-07059-WHO, 2025 WL 1359124 (N.D. Cal. May 8, 2025) ................................. 6

**Statutes and Regulations**

15 U.S.C.
    § 2606 .......................................................................................................................... 12, 13
    § 2619 .......................................................................................................................... 12, 13

42 U.S.C. § 6972 (a)(1)(B) ........................................................................................................ 3, 7

Cal. Civ. Code § 3493 ................................................................................................................ 15

**Other Authorities**

40 C.F.R pt. 355, App. A ........................................................................................................... 14

40 C.F.R. § 370.10 ..................................................................................................................... 14

## I.    INTRODUCTION

Plaintiff's[1] Opposition does not save the deficiencies in the FAC, which should be dismissed with prejudice. Her new theory of standing, based on her alleged recent return to California, overlooks Supreme Court authority holding that she must have standing at the commencement of her lawsuit and cannot remedy her lack of standing after the fact. Even if she could establish standing, her lawsuit cannot proceed on her federal claims because her Notice did not identify conduct that could constitute a violation of environmental laws, nor was it not properly served on state officials. Plaintiff ignores Supreme Court authority on the importance of complying with these pre-suit notice requirements, even for *pro se* plaintiffs. Ignoring these procedural prerequisites, Plaintiff improperly attempts to shift the burden to Apple, incorrectly claiming that she can address any remaining deficiencies through discovery.

Setting aside these critical procedural deficiencies, her claims each fail on the merits. Plaintiff claims (without any factual basis) that Apple's permitted operations violate the law, but identifies no ongoing violation or non-compliance which she can sue for.  She also ignores the actions of regulatory agencies with true enforcement authority, and erroneously claims she can take enforcement action on long-resolved compliance matters. Plaintiff cannot invent enforcement authority without any support in fact or law; any request to re-plead her claims should be denied as futile. For these reasons and the reasons discussed below, Plaintiff's FAC should be dismissed in its entirety.

## II.    ARGUMENT

### A.    Plaintiff's Post-Complaint Conduct Does Not Confer Article III Standing.

Plaintiff's claimed relocation to California after the complaint was filed and her recent visit to the area near the Facility cannot cure her standing defects.[2] (Gjovik Decl. ¶ 8, ECF No. 79; Mot.

---

[1] Unless otherwise noted, defined terms have the same definition as in Apple's Motion to Dismiss (ECF No. 60).

[2] Her declaration attesting to these facts therefore must be disregarded as both procedurally improper in response to a purely facial attack on standing and incorrect as a matter of law. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (extrinsic evidence may be considered once the motion is converted into a factual attack); *Equity Partners Grp. LLC v. City of Scottsdale*, No. CV-25-00887-PHX-SHD, 2026 WL 878961, at *6 (D. Ariz. Mar. 31, 2026) ("In evaluating a facial standing challenge, a court considers only the

at 6 n.1.) Plaintiff "cannot retroactively create jurisdiction based on . . . litigation conduct." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992); *see also Friends of the Earth v. Sanderson Farms, Inc.*, No. 17-cv-03592-RS, 2019 WL 3457787, at *4 (N.D. Cal. July 31, 2019) (holding that because the plaintiff's post-filing activities were litigation related, the activities could not form the basis for the plaintiff's standing to sue), *aff'd*, 992 F.3d 939 (9th Cir. 2021). She cannot rely on a single visit to the area, or on any other subsequent activity, to avoid the fact that at the start of this litigation and at the time she filed her FAC she had no ongoing connection to the area and no concrete plans to return. (FAC ¶ 25.)

Even if the Court did consider Plaintiff's recent relocation, mere presence near the facility is not enough to establish standing. (Mot. at 5-6.) Plaintiff does not identify in her FAC or otherwise how her use of the area is impaired by the alleged conduct, and as a result, does not establish how she has an injury in fact. *See, e.g.*, *Nuclear Info. & Res. Serv. v. Nuclear Regul. Comm'n*, 457 F.3d 941, 952-53 (9th Cir. 2006) (finding that the plaintiffs lacked standing by failing to identify impairment to use); *Demourelle v. Kucharski*, No. 19-00269 JAO-RT, 2019 WL 4739285, at *4 (D. Haw. Sept. 27, 2019) (rejecting the plaintiff's attempt to use the fact that she lived nearby to the habitat in question as a basis to establish an injury in fact in environmental citizen suit). Plaintiff cannot acquire standing by buying "a mocha, fresh fruit, and organic socks" at a grocery store, without demonstrating how her use and enjoyment of the area is impaired by alleged conduct. (Gjovik Decl. Ex. C, ECF No. 79.) At most, Plaintiff includes a single, conclusory statement that "[h]er aesthetic, recreational, and health interests are directly and currently impaired by the Defendants' ongoing violations." (Opp'n at 4.) This statement—even if it were in her FAC (it is not)—does not confer standing. (Mot. at 4 (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC) Inc.*, 528 U.S. 167, 184 (2000).) Nor should these new claims be considered for any purpose: "A court may not, however, look beyond the complaint and consider new facts alleged in a plaintiff's opposition to a defendant's motion to dismiss." *Monzon v. S. Wine & Spirits of Cal.*, 834 F. Supp. 2d 934, 941 (N.D. Cal. 2011).

allegations in the complaint; reference to material outside the complaint cannot rebut a facial attack on standing.").

APPLE'S REPLY ISO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

2

Plaintiff offers no support in her Opposition for her specific RCRA and EPCRA standing arguments. (Opp'n at 4.) While Plaintiff is correct that physical proximity is not germane to *statutory* standing under 42 U.S.C. § 6972 (a)(1)(B) (RCRA), statutory standing is not the same as constitutional standing. *E.g.*, *Utne v. Home Depot U.S.A., Inc.*, No. 16-cv-01854-RS, 2022 WL 2954330, at *2 (N.D. Cal. July 26, 2022) (explaining the difference between statutory and constitutional standing and noting that a party may have one without the other). Here, she lacks constitutional standing to enforce RCRA, as it requires more than a generalized interest in resolving an alleged problem. Her conclusory assertion that she has "a cognizable interest in . . . abatement" does not constitute an injury in fact. (Opp'n at 4.) *E.g.*, *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988) (rejecting the premise that the appellant's mere interest in a topic can establish standing). Likewise, Plaintiff's argument that she has suffered an informational injury under EPCRA does not meet Article III requirements, particularly because she identifies no resulting concrete harm. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021) ("An 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)).

Because the Opposition fails to address the FAC's original standing defects, the Court should grant Apple's Motion and dismiss her claims.

**B.   Plaintiff Cannot Rely on Her Defective Notice.**

The Opposition makes no effort to establish how the Notice identifies any *ongoing* violations at the Facility and does not refute Apple's argument that her general references to broad statutory regimes does not constitute adequate notice. (Mot. at 7, 9-10.) These notice requirements are mandatory, and Plaintiff's *pro se* status does not absolve her of these requirements. *See Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989) (*pro se* plaintiffs must strictly follow notice requirements or else their claims are subject to dismissal). Notice defects cannot be cured and any shortcoming requires dismissal without leave to amend. *Nilson v. City of San Jose*, No. C 07-03686 JW, 2008 WL 11387038, at *4 (N.D. Cal. July 24, 2008).

An pre-suit notice must alert the defendant to the actual violation; general references to environmental statutes and regulations are not sufficient. *See Sw. Ctr. for Biological Diversity v.*

*U.S. Bureau of Reclamation*, 143 F.3d 515, 520-21 (9th Cir. 1998), *overruled on other grounds by Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1150 (9th Cir. 2024). When evaluating a notice, the "target is not required to play a guessing game." *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801, 803 (9th Cir. 2009) (reversing a district court's denial of dismissal where the notice made only general references to discharges), *amended*, (May 14, 2009). *Southwest Center* is instructive. There, the plaintiffs sent three letters which failed to identify anything regarding the habitat at issue but instead made general complaints of violations of the Endangered Species Act. 143 F.3d at 521. Those letters were insufficient to provide notice. *Id.* at 522. Here, Plaintiff's Notice does not identify what she ultimately sued on. (Mot. at 10.) In fact, the Opposition's own examples fail to meet the standard. In support of Count 13 on Emission Limits, Plaintiff cites paragraphs 64 and 65 of her Notice. (Opp'n at 6.) However, those paragraphs in the Notice provide no clarity:

> 64.    **DUMPING**: The Defendants have violated 42 U.S.C. § 7140 (Section 110) by dumping hazardous substances into the atmosphere that exceed state-specific emissions limits.

> 65.    **DUMPING**: The Defendants have violated 42 U.S.C. §7412 (Section 112) by dumping hazardous substances into the atmosphere which exceed emission standards, including chemicals like Arsine, Phosphine, Silane, Benzene, Mercury, and NMP.

(Notice ¶¶ 64, 65, ECF 48-1.). The remainder of her attempts to clarify her Notice suffer similar defects.  Plaintiff made no attempt in her Notice, the FAC, or her Opposition to provide context as to what specific violations she was seeking to enforce, but instead lists general grievances of the kind rejected in *Southwest Center*.

A citizen plaintiff must send the notice by mail to "the chief administrative officer[s]" for CWA, RCRA, and EPCRA claims and to "an authorized representative of the State agency charged with responsibility for air pollution control in the State" for CAA claims. (Mot. at 9.) Plaintiff did not properly serve the statewide officers with a pre-suit notice. (Opp'n at 7-8.) Instead, she concedes that she served only the *local* enforcement agencies and sent copies to others by email. (*Id.*; ECF

No. 48-2.) She then criticizes Apple for "provid[ing] no authority holding that service on the regional board with actual jurisdiction is insufficient." (Opp'n at 8.) Apple did, listing and providing direct quotes from the regulations themselves. (Mot. at 9.)

The Court lacks discretion to remedy the technical issues in the Notice. Because Plaintiff cannot save her claims premised on the defective Notice, these claims should be dismissed without leave to amend.

**C.    The FAC Does Not Meet Plausibility Standards And is Subject to Dismissal.**

Plaintiff claims that, because the defendants moved to dismiss her FAC in detail, the FAC is therefore sufficient. (Opp'n at 9.) If true, this position would undermine the purpose of Rule 12(b)(6) motions entirely. This circular reasoning is at odds with cases like *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which require facts supporting each claim to be pled specifically. (Mot. at 4, 11-12.) Apple's motion was detailed because of the sheer length of the FAC. Needlessly long, highly repetitious, confused, and incomprehensible complaints violate Rule 8 and are subject to dismissal. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (dismissing qui tam complaint and finding that amending a lengthy, confusing complaint would be futile).

Plaintiff relies on the fallacy that the FAC is sufficient because she need not identify the specific standards she claims Apple violated to survive a motion to dismiss. She further claims she is entitled to rely on discovery to fill the gaps. (*E.g.*, Opp'n at 11.) That is not the law, especially in the context of environmental citizen suits. (Mot. at 11-25.) Plaintiffs who do not plead sufficient facts to make their claim plausible cannot move forward in their claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (even under a liberal pleading standard for *pro se* plaintiffs, vague and conclusory allegations are insufficient). Here, Plaintiff's allegations in her FAC skip the facts and dive directly into conclusory allegations, which cannot be considered in the plausibility analysis. *Iqbal,* 556 U.S. at 679.

**D.    Plaintiff Cannot Show That the Permits are Invalid Under a Fraud Exception.**

The Opposition raises, for the first time, Plaintiff's theory that Apple obtained its permits

through fraud, misrepresentation, and deception. (Opp'n at 1, 10, 11-13, 19.) This allegation is absent from the FAC and should not be considered. *Monzon* 934 F. Supp. 2d at 940-41. Even if it were properly raised, these allegations are subject to heightened pleading standards and, therefore, would require dismissal. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard" even in situations "[w]here fraud is not an essential element of a claim"); *White v. Am. W. Lender Servs. LLC*, No. 24-cv-07059-WHO, 2025 WL 1359124, at *7 (N.D. Cal. May 8, 2025) (a plaintiff's *pro se* status does not override heightened pleading requirements). These claims must include the "who, what, when, where, and how" regarding the alleged fraud. *Kearns*, 567 F.3d at 1124 (citation omitted). Plaintiff makes no attempt in her FAC (or otherwise) to identify what the false representations were, by whom they were made, or the context in which the representations were made. *See Digby Adler Grp., LLC v. Mercedez-Benz U.S.A., LLC*, No. 14-cv-02349-TEH, 2015 WL 1548872, at *3 (N.D. Cal. Apr. 7, 2015).

Moreover, Plaintiff makes no attempt to establish how "research and development" (regarding semiconductors) does not overlap with "semiconductor fabrication." She instead asserts in a conclusory fashion that Apple "misrepresented" its operations to regulators without identifying any specific statement, submission, or regulatory definition that would render Apple's representations false. *See, e.g.*, *Cafasso*, 637 F.3d at 1055 (stating that under Rule 9(b), the plaintiff must state "what is false or misleading about [the purportedly fraudulent] statement, and why it is false" (citation omitted)). Without a connection to falsity, Plaintiff cannot proceed on any fraud theory. At this stage, her new claims regarding permit invalidity due to fraud must be disregarded.

**E.    Plaintiff's Disagreement With the Consent Agreement Cannot Save Her Resource Conservation and Recovery Act (RCRA) Claims.**

Apple demonstrated that the EPA investigated the Facility, commenced enforcement, and entered into a consent agreement and final order ("CAFO") addressing the alleged violations. That enforcement action triggers the statutory bar on citizen suits. (*See* Mot. at 13.) The Opposition does not meaningfully dispute this point. Instead, Plaintiff argues that the EPA's action was limited in scope and inadequate. (*See* Opp'n at 8-9.) Disagreement with the EPA's enforcement choices

cannot overcome the presumption of diligent prosecution. (*See* Mot. at 13.) Plaintiff identifies no authority permitting a private litigant to relitigate claims already addressed by EPA based on such a disagreement.

Moreover, Plaintiff's complaints about the CAFO are unfounded. *See Karr v. Hefner*, 475 F.3d 1192, 1198 (10th Cir. 2007) (analogous consent order and settlement with EPA under the CWA was sufficient to trigger the diligent prosecution bar to citizen suit). Plaintiff complains that the CAFO did not contain "injunctive provisions" or a "requirement that Apple actually abate the hazards created by its operations," (Opp'n at 8), but this ignores the fact that the CAFO only exists because Apple had abated the conditions underlying the violations the CAFO resolves. Indeed, the CAFO specifically states that "EPA is not requiring additional compliance actions" because "[Apple] has undertaken compliance actions to address and resolve regulatory issues identified by EPA during the inspections and in related communications to [Apple]." (ECF No. 48-4 at 7.) There is no need for the CAFO to include provisions mandating abatement or enjoining any conduct because the hazards had already been abated to EPA's satisfaction. Nor does Plaintiff identify any violations outside the scope of the EPA action. The Opposition asserts in broad terms that the claims "extend beyond" what EPA addressed, but it does not specify which violations remain or how they differ. (Opp'n at 8.) Plaintiff also does not cite to any authority to support her assertion that the diligent prosecution bar does not apply to violations that EPA was aware of and chose not to enforce. Without such allegations and authority, the statutory bar applies.

Plaintiff further attempts to recast her claims under the "imminent and substantial endangerment" provision by arguing that her claims exceed the scope of the CAFO and are not subject to the diligent prosecution bar. (Opp'n at 9.) That shift does not save the claims. The FAC does not plausibly allege any current condition that presents an imminent and substantial endangerment to public health or the environment, particularly in light of the EPA's recent enforcement action and resulting compliance measures. Section 6972(a)(1)(B) requires plaintiff to "do more than establish the presence of solid or hazardous wastes at a site." *N. Cal. River Watch v. Fluor Corp.*, No. 10-cv-05105-MEJ, 2014 WL 3385287, at *8 (N.D. Cal. July 9, 2014). Even if there were exceedances of relevant chemical standards at the Facility, the EPA's decision not to

pursue any violations further is indicative that there is no urgency and as a result, no imminent and substantial endangerment. *See Bd. of Cnty. Comm'rs v. Brown Grp. Retail, Inc.*, 768 F. Supp. 2d 1092, 1109-11 (D. Colo. 2011). The Opposition relies on generalized assertions of speculative and unfounded risk from facility operations but does not identify any specific ongoing condition that poses an imminent and substantial endangerment. (FAC ¶¶ 24, 389-90.) Plaintiff offers no allegations to make her claim of "imminent and substantial endangerment" plausible considering EPA's enforcement. Plaintiff's RCRA claims should therefore be dismissed.

### F.    Plaintiff's Clean Air Act (CAA) Claims Fail as a Matter of Law.

Plaintiff's CAA claims fail for multiple independent reasons, none of which the Opposition meaningfully rebuts.

*First*, Plaintiff still fails to identify any ongoing violations. As Apple previously explained, citizen suits cannot be used to vindicate wholly past conduct. (*See* Mot. at 13-14.) The FAC identifies alleged permitting deficiencies dating back to the Facility's initial operation and cites historical emissions data, but it does not identify a single current emission that exceeds any applicable limit. (*See, e.g.*, FAC ¶¶ 473-96 (alleging that Apple constructed and operated the Facility without proper permits), 497-531 (alleging that Apple's past air emissions violated various emission standards).) Plaintiff's Opposition attempts to recast these allegations as "continuing violations," but it conflates ongoing operation with ongoing illegality. (Opp'n at 10.) The existence of a currently permitted facility forecloses any theory that prior unpermitted operation, standing alone, constitutes a present violation. Nor does Plaintiff's citation to outstanding notices of violation establish any continuing violation. At best, they are evidence of discrete past violations that cannot support a citizen suit.

*Second*, Plaintiff argues that her CAA claims are not time-barred, but in doing so concedes that the alleged violations she complains of are best characterized as "continuing violation[s]" that would be subject to a single limitations period. (Opp'n at 10.) Plaintiff fails to meaningfully distinguish *Clarke v. Pacific Gas & Electric Co.*, which holds that the limitations period for an ongoing violation begins to run at the inception of the violation. 501 F. Supp. 3d 774, 786 (N.D. Cal. 2020). Indeed, *Clarke* is particularly instructive here. In *Clarke*, the court explicitly rejected

an argument attempting to characterize an ongoing violation as a series of discrete violations when the allegations in the complaint clearly described an ongoing violation. *Id.* at 788. Here, where the FAC does describe discrete violations, they are wholly in the past and thus not a proper subject of a citizen suit. *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found, Inc.*, 484 U.S. 49, 64-65 (1987). Otherwise, the FAC only alleges ongoing operations without proper permits, as Plaintiff effectively concedes in the Opposition. (*See* Opp'n at 10 (characterizing violations as "*currently* operating without required permits" and "continuing").) Because the Facility began operating more than five years ago, these claims are time-barred and should be dismissed.[3]

*Third*, Plaintiff still fails to identify any specific CAA standard that Apple allegedly violated. The FAC and Opposition reference broad statutory and regulatory frameworks but do not identify a specific provision applicable to the Facility or facts showing how Apple violated it. Instead, Plaintiff argues that operating a semiconductor facility without proper permits "plausibly includes" regulatory violations and that the precise standards can be determined in discovery. (Opp'n at 11.) That position is incompatible with the citizen suit framework. As a prerequisite to filing a citizen suit, a plaintiff *must* give notice of the alleged violations, including the specific standards allegedly violated so that the facility is on notice and can address the allegedly offending conduct. *See supra* § II(B). To turn around and claim that identification of the precise standards violated is unimportant ignores those requirements and cannot support citizen enforcement. Plaintiff's CAA claims should therefore be dismissed. *See Iqbal*, 556 U.S. at 678.

### G. Plaintiff's Clean Water Act (CWA) Claims Fail to Plead Any Actionable Violation.

Plaintiff's CWA claims likewise fail, and the Opposition does not cure the fundamental defects identified in Apple's Motion.

First, as with Plaintiff's CAA claims, the CWA claims impermissibly rely on wholly past conduct. The FAC cites incidents from 2016, 2017, and 2022, but does not identify any ongoing violation. (*See* FAC ¶¶ 567, 570, 578, 580.) The Opposition again labels these violations

---

[3] Plaintiff does not plausibly establish that equitable tolling should apply here. Plaintiff's conclusory assertions of "concealment" are unsupported by facts showing that Plaintiff could not have discovered the alleged conduct earlier.

"continuing," but offers no facts connecting past events to present noncompliance. (Opp'n at 10.) Under controlling law, that is insufficient. *See Gwaltney*, 484 U.S. at 64. Plaintiff also fails to address, and therefore concedes, that any claims related to these past violations are long barred by the statute of limitations. (*See* Mot. at 15); *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 338 F. Supp. 3d 995, 1005 (N.D. Cal. 2018) ("By failing to respond to the County's contention, Plaintiffs have effectively conceded its validity."), *aff'd*, 953 F.3d 655 (9th Cir. 2020).

Additionally, Plaintiff's conclusory allegations cannot overcome the permit shield. Apple explained, and the FAC concedes, that the Facility operates under a valid NPDES permit. (*See* Mot. at 15.) Compliance with that permit constitutes compliance with the CWA. *See Puget Soundkeeper All. v. Port of Tacoma*, 104 F.4th 95, 105 (9th Cir. 2024) ("[I]f a permitholder complies with the terms of its permit, it need not fear liability under the Clean Water Act." (citing 33 U.S.C. § 1342(k))). The Opposition attempts to avoid this result by asserting—again for the first time in her brief and absent from the FAC—that Apple "misrepresented" its operations during the permitting process and thus certain discharges were not within the permitting authority's "reasonable contemplation." (Opp'n at 11-12.) Plaintiff does not allege what disclosures were made, what was omitted, or how any alleged omission rendered the permit invalid. These assertions are conclusory, nor do they explain how there would be a meaningful difference between disclosures if Apple were manufacturing non -R&D semiconductors at the Facility (it is not). The cases Plaintiff cites are inapposite as they all involved the nondisclosure of a specific *pollutant* during permitting, something the FAC fails to allege. Further, Plaintiff's misrepresentation theory regarding the initial permitting process ignores her own allegations that the Facility received an updated NPDES permit in 2016. (*See* Opp'n at 12 (citing FAC ¶ 195).) To the extent that any disclosures in the initial permitting process were insufficient (they were not, and Plaintiff fails to allege any misrepresentations), they were cured by the new permit. Plaintiff also fails to allege that Apple violated any express term of either permit. Absent such allegations, the permit shield bars the claims.

Plaintiff also claims that alleged violations of pretreatment standards, stormwater discharges, direct discharges to creeks, and unpermitted systems fall outside the scope of the permit

shield. (Opp'n at 13-14.) Regardless of whether these alleged violations fall outside the permit shield, Plaintiff fails to state a claim as to any of these. As to pretreatment, the FAC only alleges that Apple "discharge[d] polluted wastewater into a treatment works and in violation of pretreatment standards" with no elaboration on what pollutants were discharged and how they violated any pretreatment standards. (FAC ¶ 626.) These conclusory allegations fail to state a claim. *See Iqbal*, 556 U.S. at 678. Plaintiffs' stormwater discharge allegations are almost entirely based on wholly past conduct, which cannot form the basis of a citizen suit. *See infra* § II(F). Plaintiff's theory regarding stormwater contamination from deposition of air pollutants is absent from the Notice and therefore not appropriately raised in this action. *See supra* § II(B). The same is true of the allegations concerning direct discharges into creeks. *See supra* § II(B). As to unpermitted systems, Plaintiff only points to allegedly unpermitted air emission abatement systems that have no relevance to her CWA claims.

Finally, Plaintiff still does not plead any specific permit noncompliance. The Opposition points to the presence of certain chemicals in wastewater and suggests that their detection supports an inference of unlawful discharge. (Opp'n at 15.) But the FAC does not allege that any such concentrations exceeded applicable effluent limits or permit conditions. Detection alone is not a violation, and Plaintiff does not engage with Apple's argument that the data she herself attached to the FAC reflect levels *below* reporting thresholds.[4] Without factual allegations of exceedances or other permit violations, the CWA claims fail.

For the foregoing reasons, Plaintiff's CWA claims should be dismissed.

**H.  Plaintiff Fails to Identify Any Violation of the Toxic Substances Control Act (TSCA).**

The FAC alleges that Apple violated TSCA through its use of n-methyl-2-pyrrolidone (NMP) (FAC ¶¶ 719-25), mercury (*id.* ¶¶ 726-34), trichloroethylene (TCE) (*id.* ¶¶ 735-42), and

---

[4] The fact that Plaintiff attached this data to the FAC also defeats her arguments that Apple is raising factual issues not appropriate for resolution on a motion to dismiss. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015) ("[W]e need not accept as true allegations contradicting documents that are referenced in the complaint." (citation omitted)); *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 942 (S.D. Cal. 2021) ("Plaintiffs may plead themselves out of court by attaching exhibits inconsistent with their claims because the court may disregard contradictory allegations." (citation omitted)).

APPLE'S REPLY ISO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

11

lead (*id.* ¶¶ 743-48). As Apple previously explained, these allegations (1) fail to identify enforceable regulations concerning these substances (*see* Mot. at 16), (2) cite to statutory provisions and regulations that do not apply to the Facility (*see id.* at 24), (3) cite to statutory provisions and regulations that do not identify compliance standards (*see id.* at 23-24), and (4) fail to allege facts that support her NMP, mercury, TCE, and lead or her imminently hazardous substances TSCA claims (*see id.* at 25). Plaintiffs' Opposition does not contend with these flaws and simply restates the regulatory framework governing these substances. (Opp'n at 15-16.) Plaintiff does not (and cannot) point to any allegations in the FAC that plausibly establish a TSCA violation, and her TSCA claims should thus be dismissed.

As to NMP, Plaintiff concedes Apple's point that the EPA has only published "a ***proposed rule*** under TSCA § 6(a) concerning NMP. (Opp'n at 15 (emphasis added).) Plaintiff further concedes that "[n]o final rule has yet been promulgated" limiting the use of NMP. (*Id.*) The fact that the EPA "may finalize the NMP rule in 2026" is irrelevant to whether Apple is in violation of TSCA currently. In the absence of any regulations limiting Apple's use of NMP, any claims concerning NMP fail. (Mot. at 16.) A chemical must be regulated under TSCA to be actionable under TSCA. 15 U.S.C. § 2619(a)(1) (allowing suits "against any person . . . who is alleged to be in violation of this chapter or any rule promulgated under" specific sections of TSCA).

As to TCE, mercury, and lead, Plaintiff's Opposition provides a description of the regulatory framework regulating these substances under TSCA but makes no attempts to argue that Apple violated any of the regulations cited. (Opp'n at 15-16.) Indeed, most of the regulations Plaintiff cites are entirely inapplicable here. For example, Plaintiff continues to cite to statutes and regulations concerning lead-based paint despite the fact that there are no allegations in the FAC that the Facility contains any lead-based paint. (*See id.* at 16.) Having failed to respond to Apple's arguments, Plaintiff has "effectively conceded [their] validity." *Citizens for Free Speech*, 338 F. Supp. 3d at 1005.

Finally, Plaintiff argues that "Apple's argument that [15 U.S.C.] § 2606 is only enforceable by EPA but not Citizen Suits, is contrary to the concept of Citizen Suits." (Opp'n at 17.) But 15 U.S.C. § 2606 specifically authorizes "the Administrator" to commence civil actions concerning

imminently hazardous chemical substances or mixtures. 15 U.S.C. § 2606(a)(1). The citizen suit provision of TSCA, however, is limited to certain types of actions as outlined in 15 U.S.C. § 2619. 15 U.S.C. § 2619(a)(1) (limiting citizen suits to actions against parties alleged to be in violation of TSCA or "any rule promulgated under section 2603, 2604, or 2605 of this title . . . or order issued under section 2603 or 2604"). Therefore, a citizen suit cannot seek relief under 15 U.S.C. § 2606. In any event, Plaintiff fails to establish any imminent hazard. TSCA specifically defines a risk as imminent "if it is shown that the manufacture, processing, distribution in commerce, use, or disposal of the chemical substance or mixture, or that any combination of such activities, is likely to result in such injury to health or the environment *before a final rule under section [2605 of this title] can protect against such risk*." 15 U.S.C. § 2606(f) (emphasis added). That is to say, an action for relief from an imminent hazard can only be initiated if there is no final rule regulating the substance's manufacture, processing, distribution in commerce, use, or disposal. The only substance that meets this definition is NMP. Plaintiff has failed to allege any facts plausibly suggesting an imminent hazard from Apple's use of NMP, and thus Plaintiff's imminent hazard claims should be dismissed. *See Iqbal*, 556 U.S. at 678.

### I.   Plaintiff's Conclusory Allegations of Emergency Preparedness and Community Right-to-Know Act (EPCRA) Violations Fail.

Plaintiff's claims under EPCRA fail because she does not allege the statutory prerequisites for liability.

To establish an obligation to report released to emergency response authorities under EPCRA § 304, Plaintiff must allege a release of an "extremely hazardous substance[]" in excess of its reportable quantity. *See Remington v. Mathson*, 42 F. Supp. 3d 1256, 1280 (N.D. Cal. 2012), *aff'd*, 575 F. App'x 808 (9th Cir. 2014). The Opposition claims this threshold is met because the FAC alleges past gas leaks at the Facility. (Opp'n at 17.) But Plaintiff confuses plausibility for possibility—vague allegations that there were gas leaks in the past do not, without more, make it plausible that the reporting thresholds for certain substances were exceeded. *See Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to

relief." (quotations and citation omitted)).

As to Apple's inventory of hazardous chemicals, Plaintiff continues to rely on conclusory allegations and fails to specify how Apple's inventories were allegedly inaccurate or otherwise lacking. The only specific chemical the Opposition identifies as being absent from Apple's inventories is TCE, but TCE is not on the EPCRA list of extremely hazardous substances that must be reported under section 304. *See* 40 C.F.R pt. 355, App. A. Nor does Plaintiff allege that TCE is present at the Facility in excess of 10,000 pounds such that it would need to be reported despite not being extremely hazardous. *See* 40 C.F.R. § 370.10.[5] Plaintiff has therefore failed to allege any plausible violation of Apple's reporting obligations under EPCRA.

Finally, Plaintiff's § 313 claim fails because she does not plausibly allege that the Facility is subject to TRI reporting requirements. Apple demonstrated that the Facility operates under a NAICS code that is not covered by § 313. (Mot. at 18.) The Opposition asserts that the Facility should be classified differently, but provides no factual basis for that assertion. Instead, the Opposition argues that Apple's NAICS designation should be disregarded based on Plaintiff's vague allegations of "misrepresentations" and her erroneous belief that the Facility is not conducting research and development but is instead a full-blown semiconductor fabrication facility (it is not). (*See* Opp'n at 17-18.) Without plausible allegations that the Facility falls within a covered sector subject to TRI reporting requirements, her claim cannot proceed.

**J.    Plaintiff's Nuisance Claim Remains Time-Barred and Insufficiently Pled.**

Plaintiff's public nuisance claim fails for two independent reasons: it is time-barred, and it does not plausibly allege any actionable nuisance in light of the Facility's permitted operations. The Opposition fails to meaningfully address either defect.

First, the claim is untimely. California law imposes a three-year statute of limitations on nuisance claims brought by private parties. (*See* Mot. at 19.) Plaintiff does not dispute that she moved away from the vicinity of the Facility in 2020. (*See* Opp'n at 1, 18.) Her Opposition attempts to recharacterize the claim as one for "continuing nuisance," but that does not salvage it. (*Id.* at 18.)

---

[5] Plaintiff's reference to mischaracterization of wastes under RCRA has no bearing on whether chemicals should be reported under EPCRA.

Even for a continuing nuisance, a plaintiff must allege a new injury within the limitations period. *See Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1217 (1996). Here, Plaintiff does not (and cannot) allege any injury within three years of filing this action, because she moved away from the Facility in 2020, and has not alleged any new injury since allegedly relocating back to the area that would entitle her to sue for a public nuisance as a private plaintiff. Cal. Civ. Code § 3493. The Opposition's assertion that the nuisance is "ongoing" is therefore legally irrelevant; without a recent injury, the claim is time-barred.

Second, Plaintiff does not state a plausible nuisance claim. California law provides that conduct authorized by statute or valid permit cannot constitute a nuisance. (*See* Mot. at 19.) Plaintiff does not dispute that the Facility currently operates pursuant to valid permits governing air emissions and wastewater discharges. Nor does she allege that Apple is exceeding any permit limits. Instead, the Opposition argues that the permits are invalid because they were allegedly obtained through misrepresentation and do not cover the full scope of operations. (Opp'n at 19.) But these assertions are entirely conclusory and without any factual support. Plaintiff does not allege what specific representations were made to regulators, how they were false, or how any alleged misstatement affected the issuance or scope of the permits. *See supra* § II(D). Nor does Plaintiff cite any authority supporting the list of exceptions to the permit defense she claims apply. (*See* Opp'n at 19.) This failure is fatal. *See F.D.I.C. v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997) (finding waiver when the party presented no case law or argument in support of their claim). Plaintiff thus fails to state a claim for public nuisance and her public nuisance claim against Apple should be dismissed.

## III.   CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's First Amended Complaint in its entirety with prejudice.

Dated:  April 27, 2026

MORRISON & FOERSTER LLP

By:  */s/ William F. Tarantino*
William F. Tarantino

*Attorneys for Defendants*
APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST