WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California  92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL
JENAB, JENAB FAMILY LP, JENAB FAMILY
VENTURES LLC, and JENAB FAMILY TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>        Plaintiff,<br><br>     v.<br><br>APPLE INC., a corporation, CITY OF SANTA CLARA, a local government, MR. KALIL/KHALIL JENAB, individually & as Agent/Member/Manager of: JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, & as Truste/Agent of: THE JENAB FAMILY TRUST,<br><br>        Defendants. | Case No. 5:25-cv-07360-PCP<br><br>**DEFENDANTS KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: May 28, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge:  Hon. P. Casey Pitts<br><br>Action Filed:  September 2, 2025<br>Trial Date:  TBD |

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT .................................................................................................................. 1

      A.    Plaintiff does not contest the Landlord Defendants' standing challenge. ............... 1

      B.    Plaintiff misreads other environmental statutes in an effort to manufacture landowner liability. ................................................................................................. 2

      C.    The Notice was defective and is not subject to cure. ............................................. 4

      D.    Plaintiff's FAC does not plausibly state a cause of action. .................................... 5

      E.    Plaintiff's Clean Water Act (CWA) Claims Fail to Plead Any Actionable Violation. .............................................................................................................. 6

      F.    Plaintiff Fails to Identify Any Violation of the Toxic Substances Control Act (TSCA). .......................................................................................................... 7

      G.    Plaintiff's focus on Apple shows that she has no EPCRA claim against the Landlord Defendants ......................................................................................... 8

      H.    Plaintiff's CAA Claims Do Not Allege any Ongoing Violation ............................ 9

      I.    Plaintiff cannot rely on a continuing nuisance theory nor sue for public nuisance. ............................................................................................................... 10

III.   CONCLUSION ........................................................................................................... 11

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO
MOTION TO DISMISS  FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 5, 8, 10

*Beck Dev. Co. v. S. Pac. Transp. Co.*,
  44 Cal. App. 4th 1160 (1996) ...................................................................................... 10

*Burlington N. & Santa Fe Ry. Co. v. United States*,
  556 U.S. 599 (2009) ...................................................................................................... 3

*Citizens for Free Speech, LLC v. Cnty. of Alameda*,
  338 F. Supp. 3d 995 (N.D. Cal. 2018), *aff'd*, 953 F.3d 655 (9th Cir. 2020) ............................ 6

*Clarke v. Pac. Gas & Elec. Co.*,
  501 F. Supp. 3d 774 (N.D. Cal. 2020) ........................................................................... 9

*Ctr for Biological Diversity v. Marina Point Dev. Co.*,
  566 F.3d 794 (9th Cir. 2008), *amended* (May 14, 2009) ....................................... 4, 5

*Ctr. for Biological Diversity v. U.S. Forest Serv.*,
  80 F.4th 943 (9th Cir. 2023) ......................................................................................... 3

*Dep't of Homeland Sec. v. MacLean*,
  574 U.S. 383 (2015) ...................................................................................................... 2

*Easter v. Am. W. Fin.*,
  381 F.3d 948 (9th Cir. 2004) ........................................................................................ 1

*F.D.I.C. v. Garner*,
  126 F.3d 1138 (9th Cir. 1997) ..................................................................................... 11

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found, Inc.*,
  484 U.S. 49 (1987) ................................................................................................... 6, 10

*Hallstrom v. Tillamook Cnty.*,
  493 U.S. 20 (1989) ........................................................................................................ 4

*Johnson v. Fed. Home Loan Mortg. Corp.*,
  793 F.3d 1005 (9th Cir. 2015) ................................................................................ 7 n.4

*L.A. Waterkeeper v. SSA Terminals, LLC*,
  702 F. Supp. 3d 903 (C.D. Cal. 2023) ........................................................................... 3

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO
MOTION TO DISMISS  FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

ii

*Nat. Res. Def. Council v. Sw. Marine, Inc.*,
   236 F.3d 985 (9th Cir. 2000)............................................................................................ 2

*Nilson v. City of San Jose*,
   No. C 07-03686 JW, 2008 WL 11387038 (N.D. Cal. July 24, 2008)..................................... 4

*Protectmarriage.com-Yes on 8 v. Bowen*,
   752 F.3d 827 (9th Cir. 2014)............................................................................................ 9

*Puget Soundkeeper All. v. Port of Tacoma*,
   104 F.4th 95 (9th Cir. 2024)............................................................................................ 6

*Remington v. Mathson*,
   42 F. Supp. 3d 1256 (N.D. Cal. 2012), *aff'd*, 575 F. App'x 808 (9th Cir. 2014) .................... 8

*Simon v. E. Ky. Welfare Rts. Org.*,
   426 U.S. 26 (1976) ......................................................................................................... 1

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*,
   521 F. Supp. 3d 929 (S.D. Cal. 2021) ........................................................................... 7 n.4

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. Jun. 5, 2009) ........................................... 2 n.3

*Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*,
   143 F.3d 515 (9th Cir. 1998), *overruled on other grounds by*
   *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144 (9th Cir. 2024) .............................. 4

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011)........................................................................................... 5

**Statutes and Regulations**

15 U.S.C. § 2606(f)............................................................................................................. 7

42 U.S.C.
   § 6972(a)(1)(B) ........................................................................................................... 3
   § 9607(a)(1)................................................................................................................. 2

Cal. Civ. Code § 3493 ....................................................................................................... 11

**Other Authorities**

40 C.F.R. pt. 355, App. A ..................................................................................................... 8

40 C.F.R. § 370.10 ............................................................................................................. 9

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO
MOTION TO DISMISS  FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

iii

## I.    INTRODUCTION

As with her opposition to Apple's motion, Plaintiff's[1] Opposition does not save the deficiencies in the FAC, which should be dismissed with prejudice. Plaintiff makes no attempt to rebut the Landlord Defendants' traceability arguments and accordingly, did not carry her burden in establishing Article III standing. Even if she could establish standing, her lawsuit cannot proceed on her federal claims because her Notice did not identify conduct that could constitute a violation of environmental laws, nor was it not properly served on state officials. Plaintiff ignores Supreme Court authority on the importance complying with these pre-suit notice requirements, even for *pro se* plaintiffs.

Setting aside these critical procedural deficiencies, her claims each fail on the merits. Plaintiff claims (without any factual basis) that Apple's permitted operations violate the law, but identifies no ongoing violation or non-compliance which she can sue for.  She also ignores the actions of regulatory agencies with true enforcement authority, and erroneously claims she can take enforcement action on long-resolved compliance matters. Plaintiff cannot invent enforcement authority without any support in fact or law; any request to re-plead her claims should be denied as futile. For these reasons and the reasons discussed below, Plaintiff's FAC should be dismissed in its entirety.

## II.    ARGUMENT

### A.    Plaintiff does not contest the Landlord Defendants' standing challenge.[2]

Plaintiff's Opposition does not dispute that her claims are not fairly traceable to the Landlord Defendants in a manner that would satisfy Article III. (Mot. at 4.) Traceability is defendant- and claim-specific. *Easter v. Am. W. Fin.*, 381 F.3d 948, 961-62 (9th Cir. 2004). Plaintiff's claims against the landlords improperly depend on he "result[] [of] the independent action of some third party," namely, Apple. *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41-42 (1976). She fails to show how the Landlord Defendants directly participated in the challenged

---

[1] Unless otherwise noted, defined terms have the same definition as in the Landlord Defendants' Motion to Dismiss (ECF No. 62).

[2] Plaintiff does not address the Landlord Defendants' injury-in-fact arguments in her opposition to the Landlord Defendants' motion to dismiss.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS  FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

1

action or that they "discharge[] a pollutant or contribute[] to the kinds of injuries alleged in the specific geographic area of concern." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 995 (9th Cir. 2000) (citation omitted). Because Plaintiff fails to carry her burden to establish traceability, she lacks standing and her claims are subject to dismissal for lack of subject-matter jurisdiction.

**B.     Plaintiff misreads other environmental statutes in an effort to manufacture landowner liability.**

Landowner liability extends only to instances where the landowner would be liable on their own. (Mot. at 4-6.) In her opposition, Plaintiff does not identify how the Landowner Defendants violated any pollution standard or permit condition. (Opp'n at 8.) Her theories rely on land use decisions, issuing the lease, knowledge of the alleged violations, and concealment of the facility operations from regulators. (*Id.*) These are insufficient. Plaintiff cites no authority for her assertions that a landowner who does not discharge a pollutant can be held liable under the CAA, CWA, RCRA, TSCA, or EPCRA. Instead, she relies on the statutory language of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) to assert her novel landowner liability theory, despite the fact that she does not assert any CERCLA claims. (*Id.* at 7.) CERCLA's landowner liability provisions are unique among federal environmental laws, but the statutes at issue in this case lack similar provisions. *See* 42 U.S.C. § 9607(a)(1); *see also e.g.*, *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 392 (2015).

Plaintiff identifies basic statutory text that allows suit against "any person" "in violation" under the CAA and CWA but focuses on the term "any person." (Opp'n at 7.) The *violation* is the necessary component to sue under any statute, including the CAA or the CWA. Plaintiff identifies no statutory basis for a suit against the non-operator landowner for leasing a property, being involved in the permitting, knowledge of the violations, concealment[3], or failure to exercise ownership authority. (*Id.*) Likewise, RCRA authorizes suits against owners or operators who

---

[3] Allegations of active concealment sound in fraud are subject to the heightened pleading standards of Rule 9(b). *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *9 (N.D. Cal. Jun. 5, 2009). Plaintiff fails to allege active concealment with particularity.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

2

"contributed." 42 U.S.C. § 6972(a)(1)(B). But "contributed" under RCRA does not include passive conduct where there is no control over the disposal of hazardous waste. *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 953-54 (9th Cir. 2023).

Plaintiff's reliance on *Burlington Northern & Santa Fe Railway Co. v. United States*, 556 U.S. 599, 612 (2009), is misplaced. *Burlington Northern* was a CERCLA case which examined whether Shell could be held liable as an arranger of hazardous substance transport and disposal. *Id.* at 609. The Supreme Court held that Shell could not: Shell's knowledge that the product would be leaked was insufficient to prove that Shell planned for the disposal because mere knowledge was insufficient for showing that it had "arranged for" the disposal of hazardous substances. *Id.* at 612-13. *Burlington Northern* imposes no duty on parties to "address the violations." (Opp'n at 9.)

Instead, under the relevant statutes, liability is conditioned on a party's independent actions that affirmatively lead to a violation. *L.A. Waterkeeper v. SSA Terminals, LLC*, 702 F. Supp. 3d 903, 933-34 (C.D. Cal. 2023). In *L.A. Waterkeeper*, the plaintiff alleged that the landowner defendant contributed to solid waste disposal under RCRA "by failing to install or maintain sufficient controls to retain pollutant-laden storm water and pollutant-laden non-stormwater onsite, failing to treat contaminated water, and discharging water contaminated with elevated levels of pollutants." 702 F. Supp. 3d at 913-14. The plaintiff also alleged that the facility at issue was operated by an entity other than the landlord. *Id.* at 933. As here, the *L.A. Waterkeeper* complaint did not allege that the landowner controlled or operated the facility, nor did it allege that the owner acted in a way which itself be a violation of CWA permit conditions or of RCRA—resulting in the court's dismissal of the claims against the landowner. *Id.* at 934, 935. The same result is warranted here. Again, Plaintiff clings to converting leasing the property, permitting involvement, knowledge, and unfounded allegations of concealment into an affirmative act sufficient to trigger liability. (Opp'n at 8.) These are not independent violations. As a result, Plaintiff's claims against the Landlord Defendants fail.

Finally, Plaintiff again relies on the Santa Clara City Code to impute liability onto the Landlord Defendants. (Opp'n at 9.) These provisions of the City Code are irrelevant. (Mot. at 6.)

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

3

Plaintiff declined to respond to the Landlord Defendants' argument that the city ordinance has no bearing on federal environmental laws. Plaintiff offers no support for her contention that a local ordinance can expand the scope of federal environmental laws. Absent that support, the Court should decline Plaintiff's invitation to do so.

### C.      The Notice was defective and is not subject to cure.

The Opposition makes no effort to establish how the Notice identifies any *ongoing* violations at the Facility and does not refute the argument that her general references to broad statutory regimes cannot constitute adequate notice. (Mot. at 9-10, 11-12.) These notice requirements are mandatory, and Plaintiff's *pro se* status does not absolve her of these requirements or entitle her to depend on substantial compliance. *See Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989) (*pro se* plaintiffs must strictly follow notice requirements or else their claims are subject to dismissal). Notice defects cannot be cured and any shortcoming requires dismissal without leave to amend. *Nilson v. City of San Jose*, No. C 07-03686 JW, 2008 WL 11387038, at *4 (N.D. Cal. July 24, 2008).

General references to environmental statutes and regulations are not sufficient; the notice must alert the defendant to the actual violation. *See Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520-21 (9th Cir. 1998), *overruled on other grounds by Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1150 (9th Cir. 2024). When evaluating a notice, the "target is not required to play a guessing game." *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 801, 803 (9th Cir. 2009) (reversing a district court's denial of dismissal where the notice made only general references to discharges), *amended* (May 14, 2009). *Southwest Center* is instructive. There, the plaintiffs sent three letters which failed to identify anything regarding the habitat at issue but instead made general complaints of violations of the Endangered Species Act. 143 F.3d at 521. Those letters were insufficient to provide notice. *Id.* at 522. Here, Plaintiff's Notice does not identify what she ultimately sued on. (Mot. at 11-12.) In fact, the Opposition's own examples show the problem: in support of Count 9 on a stationary source, Plaintiff cites only to paragraph 67 of her Notice. (Opp'n at 5.) However, that paragraph offers no defendant-specific

Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and Jenab Family Trust's Reply ISO Motion to Dismiss First Amended Complaint
Case No. 25-cv-07360

4

allegations, and does not specify what standards Plaintiff is referring to:

> 67.    **PERMITS/STANDARDS**: The Defendants have violated 42 U.S.C. § 7411 (Section 111) by failing to comply with standards of performance for stationary sources.

(Notice ¶ 67, ECF 48-1.). This does not comply with the notice standards set by the Ninth Circuit because it does not identify "precisely what [the defendant] allegedly did wrong, and when." *Ctr for Biological Diversity*, 566 F.3d at 801. The remainder of her attempts to clarify her notice suffer similar defects. Plaintiff made no attempt in her Notice, the FAC, or her Opposition to provide context as to what specific violations she was seeking to enforce, but instead lists general grievances of the kind rejected in *Southwest Center*.

The Court also lacks discretion to remedy the technical issues in the Notice. A citizen plaintiff must send the notice to "the chief administrative officer[s]" for CWA, RCRA, and EPCRA claims and to "an authorized representative of the State agency charged with responsibility for air pollution control in the State" for CAA claims. (Mot. at 10.) Plaintiff did not properly serve the *statewide officers* with a pre-suit notice. (Opp'n at 5; ECF No. 48-2.) Instead, she concedes that she served only the *local* enforcement agencies. (Opp'n at 5.)

Plaintiff cannot save her claims premised on the defective Notice, and these claims should be dismissed without leave to amend.

**D.    Plaintiff's FAC does not plausibly state a cause of action.**

Plaintiff fails to plausibly state a claim and instead offers a tediously long complaint. (Mot. at 13-14.) To survive a motion to dismiss, complaints must contain sufficient factual matter beyond conclusory allegations, labels, conclusions, unwarranted deductions, and unreasonable inferences. (Mot. at 3.) Needlessly long, highly repetitive, confused, and incomprehensible rambling complaints violate Rule 8 and are subject to dismissal. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

While Plaintiff did add allegations, most of these are still redundant, conclusory, or incomprehensible, and irrelevant to the claims asserted. (Mot. at 13.) These must be disregarded by the Court under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The problem with Plaintiff's FAC is

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

5

not the length of the complaint, but the reliance on conclusory statements and that it incorporates all allegations into every claim, offering no differentiation between the different claims under each statute. (*E.g.*, FAC ¶¶ 377 (incorporating all RCRA claims into each other), 406 (same for all CAA claims), 426 (same for all CWA claims).)

**E.    Plaintiff's Clean Water Act (CWA) Claims Fail to Plead Any Actionable Violation.**

Plaintiff's CWA claims likewise fail, and the Opposition does not address the fundamental defects identified in the Landlord Defendants' Motion.

First, as with Plaintiff's CAA claims, the CWA claims impermissibly rely on wholly past conduct. The FAC cites incidents from 2016, 2017, and 2022, but does not identify any ongoing violation. (*See* FAC ¶¶ 567, 570, 578, 580.) The Opposition labels these violations "continuing," but offers no facts connecting past events to present noncompliance. (Opp'n at 10-11.) Under controlling law, that is insufficient. *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found, Inc.*, 484 U.S. 49, 64 (1987). Plaintiff also fails to address, and therefore concedes, that any claims related to these past violations are long barred by the statute of limitations. (*See* Mot. at 15); *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 338 F. Supp. 3d 995, 1005 (N.D. Cal. 2018) ("By failing to respond to the County's contention, Plaintiffs have effectively conceded its validity."), *aff'd*, 953 F.3d 655 (9th Cir. 2020).

Additionally, Plaintiff's conclusory allegations cannot overcome the permit shield. The Landlord Defendants explained, and the FAC concedes, that the Facility operates under a valid NPDES permit. (*See* Mot. at 15-16.) Compliance with that permit constitutes compliance with the CWA. *See Puget Soundkeeper All. v. Port of Tacoma*, 104 F.4th 95, 105 (9th Cir. 2024) ("[I]f a permitholder complies with the terms of its permit, it need not fear liability under the Clean Water Act." (citing 33 U.S.C. § 1342(k))). Plaintiff points to her vague allegations of (again, wholly past) violations, and claims that these establish that the permit shield does not apply. (Opp'n at 10.) Even if this were true, these wholly past violations are not the proper subject of a citizen suit. *See supra* § II(E).

Aside from these discrete past violations, Plaintiff fails to allege any permit noncompliance

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT CASE NO. 25-CV-07360

6

such that the permit shield would not apply. The Opposition points to the presence of certain chemicals in wastewater and suggests that their detection supports an inference of unlawful discharge. (Opp'n at 10.) But the FAC does not allege that any such concentrations exceeded applicable effluent limits or permit conditions. Detection alone is not a violation, and Plaintiff does not meaningfully engage with the Landlord Defendants' argument that the data she herself attached to the FAC reflect levels *below* reporting thresholds.[4] Without factual allegations of exceedances or other permit violations, the CWA claims fail.

**F.    Plaintiff Fails to Identify Any Violation of the Toxic Substances Control Act (TSCA).**

Plaintiff purports to assert a claim against the Landlord Defendants for "using and disposing of imminently hazardous chemical substances" in violation of TSCA. (FAC at 148.) Specifically, Plaintiff alleges that the Landlord Defendants "knew Apple was [violating TSCA], and knew it created hazardous [sic], but did not stop or abate it, and instead enabled, concealed, and contributed to the violations." (*Id.* ¶ 751.) As noted above, Plaintiff fails to allege any independent actions by the Landlord Defendants that would give rise to liability under the statutes she cites. *See supra* § II(B).

In any event, Plaintiff also fails to establish any imminent hazards under TSCA. TSCA specifically defines a risk as imminent "if it is shown that the manufacture, processing, distribution in commerce, use, or disposal of the chemical substance or mixture, or that any combination of such activities, is likely to result in such injury to health or the environment ***before a final rule under section [2605 of this title] can protect against such risk***." 15 U.S.C. § 2606(f) (emphasis added). That is to say, an action for relief from an imminent hazard can only be initiated if there is no final rule regulating the substance's manufacture, processing, distribution in commerce, use, or disposal. Plaintiff claims that "improper use and disposal of TCE, NMP, Mercury, and Lead" gives

---

[4] The fact that Plaintiff attached this data to the FAC also defeats her arguments that the Landlord Defendants are raising factual issues not appropriate for resolution on a motion to dismiss. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015) ("[W]e need not accept as true allegations contradicting documents that are referenced in the complaint." (citation omitted)); *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 942 (S.D. Cal. 2021) ("Plaintiffs may plead themselves out of court by attaching exhibits inconsistent with their claims because the court may disregard contradictory allegations." (citation omitted)).

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS  FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

7

rise to the alleged imminent hazard. (FAC ¶ 752.) The only substance that meets this definition is NMP. (Mot. at 16-17.) Plaintiff has failed to allege any facts plausibly suggesting an imminent hazard from Apple's use of NMP or the Landlord Defendants' conduct, and thus Plaintiff's imminent hazard claims should be dismissed. *See Iqbal*, 556 U.S. at 678.

### G. Plaintiff's focus on Apple shows that she has no EPCRA claim against the Landlord Defendants

Plaintiff does not identify any ongoing violations on the part of the Landlord Defendants under EPCRA. Plaintiff focuses on her allegations against Apple, citing Apple's TRI report and Apple's NAICs code. (Opp'n at 12.) But Plaintiff does not attempt to link this back to the Landlord Defendants, and does not establish that the Landlord Defendants themselves have an independent duty to verify the Facility's NAICs code.

Nor does Plaintiff's FAC allege the statutory prerequisites for liability. To establish an obligation to report a release to emergency response authorities under EPCRA § 304, Plaintiff must allege a release of an "extremely hazardous substance[]" in excess of its reportable quantity. *See Remington v. Mathson*, 42 F. Supp. 3d 1256, 1280 (N.D. Cal. 2012), *aff'd*, 575 F. App'x 808 (9th Cir. 2014). The Opposition claims this threshold is met because the FAC alleges past gas leaks at the Facility. (Opp'n at 12.) But Plaintiff confuses plausibility for possibility—vague allegations that there were gas leaks in the past do not, without more, make it plausible that the reporting thresholds for certain substances were exceeded. *See Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." (quotations and citation omitted)).

As to Apple's inventory of hazardous chemicals, Plaintiff continues to rely on conclusory allegations and fails to specify how Apple's inventories were allegedly inaccurate or otherwise lacking. The only specific chemical the Opposition identifies as being absent from Apple's inventories is TCE, but TCE is not on the EPCRA list of extremely hazardous substances that must be reported under section 304. *See* 40 C.F.R. pt. 355, App. A. Nor does Plaintiff allege that TCE is present at the Facility in excess of 10,000 pounds such that it would need to be reported despite not

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT CASE NO. 25-CV-07360

8

being extremely hazardous. *See* 40 C.F.R. § 370.10.[5] Plaintiff has therefore failed to allege any plausible violation of Apple's reporting obligations under EPCRA.

### H.    Plaintiff's CAA Claims Do Not Allege any Ongoing Violation

Without any ongoing violation, there is nothing to enjoin. *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) (the court cannot "undo" past actions through an injunction). Plaintiff's assertions that her injunctive claims are exempt from the statute of limitations does not address this problem. (Opp'n at 10.) The FAC identifies alleged permitting deficiencies dating back to the Facility's initial operation and cites historical emissions data, but it does not identify a single current emission that exceeds any applicable limit. (*See, e.g.*, FAC ¶¶ 473-96 (alleging that Apple constructed and operated the Facility without proper permits), 497-531 (alleging that Apple's past air emissions violated various emission standards).) Plaintiff's Opposition attempts to recast these allegations as "continuing violations," but it conflates ongoing operation with ongoing illegality. The existence of a currently permitted facility forecloses any theory that prior unpermitted operation, standing alone, constitutes a present violation. Nor does Plaintiff's citation to outstanding notices of violation establish any continuing violation. At best, they are evidence of discrete past violations that cannot support a citizen suit.

*First*, Plaintiff argues that her CAA claims are not time-barred, but in doing so concedes that the alleged violations she complains of are best characterized as "continuing violation[s]" that would be subject to a single limitations period. Plaintiff fails to meaningfully distinguish *Clarke v. Pacific Gas & Electric Co.*, which holds that the limitations period for an ongoing violation begins to run at the inception of the violation. 501 F. Supp. 3d 774, 786 (N.D. Cal. 2020). Indeed, *Clarke* is particularly instructive here. In *Clarke*, the court explicitly rejected an argument attempting to characterize an ongoing violation as a series of discrete violations when the allegations in the complaint clearly described an ongoing violation. *Id.* at 788. Here, where the FAC does describe discrete violations, they are wholly in the past and thus not a proper subject of a citizen suit. *See Gwaltne*, 484 U.S. at 64-65. Otherwise, the FAC only alleges ongoing operations without proper

---

[5] Plaintiff's reference to mischaracterization of wastes under RCRA has no bearing on whether chemicals should be reported under EPCRA.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

9

permits, as Plaintiff effectively concedes in the Opposition. (*See* Opp'n at 9-10 (characterizing violations as "ongoing" and "continuing").) Because the Facility began operating more than five years ago, these claims are time-barred and should be dismissed.[6]

*Second*, Plaintiff still fails to identify any specific CAA standard that the Facility allegedly violated. The FAC and Opposition reference broad statutory and regulatory frameworks but do not identify a specific provision applicable to the Facility or facts showing how operations at the Facility violated it. Instead, Plaintiff relies on wholly past violations and claims that they are indicative of current noncompliance with the same standards. (*Id.*) That position is incompatible with the citizen suit framework. As a prerequisite to filing a citizen suit, a plaintiff *must* give notice of the alleged violations, including the specific standards allegedly violated so that the facility is on notice and can address the allegedly offending conduct. *See supra* § II(C). To turn around and fail to identify the precise standards violated is unimportant ignores those requirements and cannot support citizen enforcement. Plaintiff's CAA claims should therefore be dismissed. *See Iqbal*, 556 U.S. at 678.

### I.   Plaintiff cannot rely on a continuing nuisance theory nor sue for public nuisance.

Plaintiff's public nuisance claim fails for two independent reasons: it is time-barred, and it does not plausibly allege any actionable nuisance in light of the Facility's permitted operations. The Opposition fails to meaningfully address either defect.

First, the claim is untimely. California law imposes a three-year statute of limitations on nuisance claims brought by private parties. (*See* Mot. at 19.) Plaintiff does not dispute that she moved away from the vicinity of the Facility in 2020. (*See* Opp'n at 1.) Her Opposition attempts to recharacterize the claim as one for "continuing nuisance," but that does not salvage it. Even for a continuing nuisance, a plaintiff must allege a new injury within the limitations period. *See Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1217 (1996). Here, Plaintiff does not (and cannot) allege any injury within three years of filing this action, because she moved away from the

---

[6] Plaintiff does not plausibly establish that equitable tolling should apply here. Plaintiff's conclusory assertions of "concealment" are unsupported by facts showing that Plaintiff could not have discovered the alleged conduct earlier.

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

10

Facility in 2020, and has not alleged any new injury since allegedly relocating back to the area that would entitle her to sue for a public nuisance as a private plaintiff. Cal. Civ. Code § 3493. The Opposition's assertion that the nuisance is "ongoing" is therefore legally irrelevant; without a recent injury, the claim is time-barred.

Second, Plaintiff does not state a plausible nuisance claim. California law provides that conduct authorized by statute or valid permit cannot constitute a nuisance. (*See* Mot. at 19.) Plaintiff does not dispute that the Facility currently operates pursuant to valid permits governing air emissions and wastewater discharges. Nor does she allege that the Facility is exceeding any specific permit limits. Instead, the Opposition generally argues that the permit defense does not apply because of past violations. (Opp'n at 13.) But these assertions are entirely conclusory and without any legal support. This failure is fatal. *See F.D.I.C. v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997) (finding waiver when the party presented no case law or argument in support of their claim). Plaintiff thus fails to state a claim for public nuisance and her public nuisance claim against the Landlord Defendants should be dismissed

## III.     CONCLUSION

For the foregoing reasons, the Court should dismiss the first amended complaint in its entirety with prejudice.

Dated: April 27, 2026                                      MORRISON & FOERSTER LLP

By:  */s/ William F. Tarantino*
        William F. Tarantino

        *Attorneys for Defendants*
        APPLE INC., KALIL JENAB, JENAB
        FAMILY LP, JENAB FAMILY T
        VENTURES LLC, and JENAB FAMILY
        TRUST

KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, AND JENAB FAMILY TRUST'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 25-CV-07360

11