WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL
JENAB, JENAB FAMILY LP, JENAB FAMILY
VENTURES LLC, and JENAB FAMILY TRUST

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>             Plaintiff,<br><br>    v.<br><br>APPLE INC., et al.<br><br>             Defendants. | Case No. 5:25-cv-07360-PCP<br><br>**DECLARATION OF STEVEN TRAMMELL IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge: Hon. P. Casey Pitts<br><br>FAC Filed: November 29, 2026<br>Trial Date: TBD |

I, Steven Trammell, declare as follows:

1.    I am the Managing Principal of Padre Consulting Services, LLC, located at 1639 Vista Del Monte, San Antonio, TX 78216. I have personal knowledge of the matters stated herein. I submit this declaration in support of Apple Inc.'s Opposition to Plaintiff's Motion for Preliminary Injunction.

2.    I am a Registered Professional Engineer (Texas, Cert. #91612), a Certified Safety Professional in Systems Safety (Cert. #9246), a Certified Process Safety Professional (Cert. #2017075329070868), and a Certified Hazardous Materials Manager (Cert. #4769). I am also a Certified Lead Auditor for ISO 45001 and ISO 50001. I have over 35 years of professional experience leading environmental, health, and safety ("EHS") programs and project initiatives across the semiconductor, aerospace, petrochemical, pharmaceutical, explosives, and food-service industries, with demonstrated expertise in risk-based assessments for equipment design and process operations, process safety studies and program evaluations, and the development, implementation, and gap assessment of EHS management systems. I hold a Bachelor of Science in Mechanical Engineering from the University of Texas at Austin and a Master of Business Administration from the University of Phoenix. A true and correct copy of my curriculum vitae is attached as Exhibit A.

3.    My professional experience includes over 35 years in environmental health and safety, process safety, and design review. I have led dozens of Process Hazard Analysis ("PHA") study teams and assisted in the development of hazards analysis and risk assessment programs. I have led program development, validation, and audits as required by OSHA's Process Safety Management ("PSM") and EPA's Risk Management Plan ("RMP") regulations. I have specific expertise in multiple hazards analysis methodologies.

4.    I have led multidisciplinary PHA teams to evaluate and implement risk controls for processes utilizing highly energetic source materials, including pyrophoric and water-/air-reactive chemistries, with scope covering material receipt and handling, distribution to process equipment, processing operations, and post-process equipment hazards. I have performed PSM and RMP program validations for semiconductor fabrication facilities and laboratories, including applicability assessments for the introduction of new chemical processes. I have conducted PHAs

addressing hazards associated with bulk hazardous materials such as silane, trichlorosilane, hydrogen, and chlorine, including comprehensive facility-wide risk assessments for manufacturing processes.

5.    As set forth in my CV, I have published papers on the application of PHA methodologies and have presented at national conferences, including the Semiconductor Environmental Safety and Health Association, the American Society of Safety Professionals, the Society of Fire Protection Engineers, and the Joint Army-Navy-NASA-Air Force conference. I am a past member and past President of the Board of Directors of the Semiconductor Environmental Safety and Health Association, having attained Fellow status in 2024.

6.    I have been asked by counsel for Apple Inc. to review certain materials and provide opinions regarding process safety and PHA-related matters relevant to Plaintiff's Motion for Preliminary Injunction concerning Apple's facility located at 3250 Scott Boulevard in Santa Clara, California (the "Facility" or "SB01").

7.    In connection with this work, I reviewed documentation and personally visited the Facility on May 6, 2026, where I conducted relevant site review activities pertaining to RMP/PHA matters associated with Plaintiff's Preliminary Injunction Motion. The documents I reviewed and my site visit activities are summarized in Exhibit B.

8.    Based on my education, training, professional experience, review of the materials identified above, and my site visit, it is my professional opinion that the Facility is compliant with the federal RMP and CalARP requirements, and that the PHA action items have all been addressed and closed.

9.    In addition, many of the assertions in Plaintiff's Motion reflect misunderstandings of the applicable regulatory framework, including the purpose and operation of the RMP, CalARP, and PHA requirements and related process safety regulations.

10.    The PHA conducted for Apple's covered processes used a What-If methodology, which is one of several methods specifically identified as appropriate under the applicable regulations. In summary, the What-If methodology requires the analysis team to systematically evaluate credible failure modes and abnormal operating conditions by posing structured questions

that challenge process design, operation, maintenance, external events, and human interactions with the system. My "Assessment of SB01 RMP/PHA Documentation," attached as Exhibit C, discusses the What-If methodology and its application to the Facility's covered processes in response to Plaintiff's assertions in her Motion.

11. In particular, consequence descriptions within a PHA that reference potential injury or fatality are a required element of the analysis. They are not a prediction that such outcomes are likely. These descriptions reflect what could happen in the absence of existing safety systems and other protections, and do not represent the actual level of risk during normal operations. Exhibit C provides a more detailed explanation of how consequence descriptions function within the PHA framework.

12. I conducted a review and assessment of site incident logs for the years 2019 through 2023, evaluating the applicability of each incident to RMP-covered processes, including associated materials, equipment, and operations. For incidents associated with RMP processes, I conducted an additional evaluation of underlying causes, with specific attention to determining whether the incidents were related to any identified PHA elements. A summary of my review of RMP and PHA-related incidents is included in Exhibit D, "SB01 Incident Log Review, 2019-2023."

13. With respect to PHA action items, I reviewed the consolidated action item tracking system maintained by Apple and confirmed that all applicable actions were verified as closed. The engineering controls identified during the analysis were confirmed to be implemented as part of the original process and facility design basis, as described in Exhibit D.

14. I also reviewed the Facility's alarm and incident history. My review determined that many alarm events were not associated with actual hazardous conditions but instead involved nuisance or precautionary alarm activations, such as instrument drift or transient signal interference. Additional events occurred during routine operational activities and were addressed through established procedures and appropriate personal protective equipment.

15. Based on my review and observations, the Facility utilizes multiple layers of engineering, administrative, monitoring, and emergency-response controls designed to prevent

TRAMMELL DECL. ISO APPLE'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 5:25-CV-07360-PCP
MF-370548904

3

accidental releases and mitigate hazards associated with hazardous materials handling and semiconductor manufacturing operations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 27th 2026, at San Francisco, California.

By:  _____
STEVEN TRAMMELL