Ashley M. Gjovik, JD
*Citizen Plaintiff, In Propria Persona*
Alviso, San José, California
ashleymgjovik@protonmail.com
(415) 964-6272

Attorney information continued on next page.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK, | Case No. 5:25-cv-07360 |
|       Citizen Plaintiff, | |
| v. | JOINT CASE MANAGEMENT STATEMENT |
| APPLE INC. | Date: June 25 2026 |
| CITY OF SANTA CLARA, | Time: 10:00 a.m. |
| | Courtroom: 8, 4th Floor |
| & K. JENAB ET AL. | Judge: Hon. P. Casey Pitts |
|       Defendants. | Action Filed: September 2, 2025 |
| | Trial Date: None set |

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP

WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB
FAMILY VENTURES LLC, and JENAB FAMILY TRUST

SVEND BRANDT-ERICHSEN (WA BN 23923)
sbrandterichsen@nossaman.com
*Pro Hac Vice*
JENNIFER J. SEELY (AK BN 2203018)
jseely@nossaman.com
*Pro Hac Vice*
NOSSAMAN LLP
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone:  206.395.7630
Facsimile:  206.257.0780

BRENDAN F. MACAULAY (CA BN 162313)
bmacaulay@nossaman.com
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:    415.398.3600
Facsimile:    415.398.2438

*Attorneys for Defendant City of Santa Clara*

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP

The parties to the above-entitled action jointly submit this Joint Case Management Statement. pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Parties agree that federal statutory subject matter jurisdiction requirements, supplemental jurisdiction, and venue requirements are satisfied. Apple and the Jenab Defendants dispute whether the Court has constitutional subject-matter jurisdiction and contend that Plaintiff has failed to demonstrate Article III standing. Defendants dispute the substantive sufficiency of the prior sixty-day notice. Plaintiff has also initiated a second sixty-day notice for the Clean Water Act 404 claim against City of Santa Clara, Mr. Jenab, and others who are non-parties to this proceeding. Plaintiff filed a Notice of Pendency with the attached Notice and proof of initiation of service. (Dkt. 55.)

**2.      Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff: The environmental violations in this case started in 2015. Mr. Jenab et al own a property at 3250 Scott Blvd where a semiconductor manufacturing plant operated in the 1980s-90s, but was then abandoned and vacant. Apple was the first tenant to use the facility in over a decade. At the time Apple decided to renovate the facility for modern chip fabrication, and Mr. Jenab et al decided to rent the facility to Apple for that chip fab, and the City approved plans and permits for that chip fab -- all defendants knew that the chip fab would be located directly across the street from a high-density residential development. The City intentionally omitted the chip fab from the EIR for the apartments while concurrently knowing heavy industrial and ultrahazardous activities would occur at Mr. Jenab and Apple's chip fab.

Mr. Jenab has owned industrial facilities in the area for decades. Apple's public relations strategy includes communicating environmental goals and promising compliance with environmental laws. The City has voluntarily undertaken of federal hazardous waste laws for facilities located in Santa Clara as the CUPA, owns the wastewater treatment plant processing

discharges, and is the Clean Water Act permitee for stormwater management at and around the facility

Despite this, the chip fab has operated next to 1,800+ homes with 4,000+ residents across the street, and for nearly a decade failed to obtain basic federal permits including for RCRA and Clean Air Act, The permits it did obtain during that time were requested with false, incomplete, and misleading information and mischaracterization of their operations. Apple still openly refuses to comply with EPCRA and will not publicly admit it is doing semiconductor manufacturing at the location. City of Santa Clara withheld releasing public records for years and concealed the chip fab operations even when multiple chemical exposure victims came forward and reported injuries from an unknown source to the City.

All defendants know that for a decade, Apple has been exhausting toxic chemicals and lethal gases from the chip fab into the apartments, public parks, and playgrounds. All of the defendants have defended this active, dangerous pollution and have refused to modify the operations, warn impacted residents. The Plaintiff is suing all responsible parties in this litigation which includes the Property Owner, Facility Operator, and the Owner of adjacent properties and implicated utilities who is also the CUPA.

The Plaintiff lived next to the chip fab in 2020, but did not know the facility was operating a chip fab. She suffered extreme chemical exposure injures that put her on disability and under the care of multiple physicians. Plaintiff was eventually diagnosed with acute exposure to industrial chemicals from an unknown source. It was not until 2023 that she discovered her there was a chip fab at 3250 Scott Blvd. The Plaintiff reported the operations and associated pollution, hazards, and injuries to the US EPA and BAAQMD which resulted in multiple government inspections and two administrative enforcement actions and settlements with fines and corrective actions, but which do not preclude or estop further enforcement action, fines, or injunctive relief.

Apple and the Jenab Defendants: Plaintiff is a former Apple employee who previously lived near Apple's facility at 3250 Scott Boulevard (the "Facility") in Santa Clara before moving to Massachusetts. Apple leases the Facility from the Jenab Defendants. Plaintiff alleges that the Facility operated without proper permitting and released chemicals into the environment that led to

her claimed health impacts. Plaintiff issued a sixty-day notice based almost entirely on historical information gleaned from public records.

The Facility has all permits necessary to operate and operates in compliance with those permits. Plaintiff has made several reports to governmental agencies—including the U.S. Environmental Protection Agency ("EPA"). In 2023 and in 2024, the EPA conducted inspections at the Facility to assess its waste management practices under RCRA. Following the EPA's investigation, the EPA concluded that Apple "has undertaken compliance actions to address and resolve regulatory issues identified by EPA during the inspections." Apple and the EPA have since finalized a settlement of the alleged violations through a consent agreement and final order.  On April 30, 2026, Apple and the Bay Area Air Quality Management District resolved the claims in the District's notices of violation referenced in Plaintiff's Amended Complaint through a public settlement agreement.

As part of her Amended Complaint, Plaintiff makes similar allegations against Apple's landlord, the Jenab Defendants. However, the Jenab Defendants do not exercise any operational control over the facility.

City of Santa Clara: Plaintiff's claims against the City relate to its role as a regulator of the Apple facility and to the City's ownership of property affected by alleged emissions from the Apple facility.

**3.    Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff**:** This matter is straightforward and the statutes at issue represent public safety regulatory enforcement The Plaintiff is already in possession of material evidence to prove the Defendants have violated numerous relevant statutes, policies, and direct case law which would enable the court to find in the Plaintiff favor on Summary Judgement and grant a Preliminary Injunction.

The government has already taken enforcement action for violations of state/local and federal laws at the chip fab, however violations continue and the hazards present imminent and substantial endangerment. Further, recently the City of Santa Clara has made admissions during

formal hearings admitting that no residences should be near the chip fab and the City is forbidding any future residences from being built next to the chip fab. However, that does not help the current residents, the nearby workers, or the visitors to the parks. Nor does it help, or protect,he surrounding environment.

The primary open issues in this case are fact-based and rest with the Defendants' burden of proof. After Defendants asserted no violations or risks current exist, the Plaintiff met/confer with all Defendants and asked for evidence that they are now in compliance and she can review it and if she agrees, she would seek to withdraw mooted claims where no risk remains. However, Defendants have refused to offer any proof of compliance, and instead have resorted to making personal attacks against the Plaintiff, trying to dismiss based on threshold theories, and refusing to start any discovery without discussing stipulated timelines or phased scope.

The Plaintiff has extensive evidence she gathered herself living next to the facility, documenting the chemicals in her apartment, documenting her medical issues and injuries; and from public records, from other chemical exposure victims who contacted the Plaintiff, from other Apple whistleblowers including one who worked at this chip fab, and other direct sources.

Apple and the Jenab Defendants' Statement: Apple and the Jenab Defendants deny that Plaintiff is entitled to any relief for many reasons—including that Plaintiff lacks standing to bring her claims because, among other reasons, she failed to identify an impairment to a recreational or aesthetic use; and Plaintiff's Amended Complaint fails to state a claim. On November 29, 2025, Plaintiff filed a 178-page Amended Complaint raising thirty-five causes of action, referencing more than 150 statutory provisions, regulations, and ordinances, and alleging violations of nearly every major federal environmental law. The case involves complex issues of law and fact, some of which overlap with other pending legal actions Plaintiff has brought against Apple. Plaintiff has also included more than 500 pages of exhibits to her Amended Complaint. Apple and the Jenab Defendants each moved to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff has also failed to carry her burden to justify any mandatory injunctive relief.

City of Santa Clara: The City denies that Plaintiff is entitled to any relief under the statutes

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP

4

and causes of action she has asserted. The City's Rule 12(b)(6) motion to dismiss all claims against the City is pending before the Court.

## 4.    Motions

*All prior and pending motions, their current status, and any anticipated motions.*

Plaintiff's Statement: Plaintiff filed a Motion for Preliminary Injunction (Dkt. 80) and will likely file a Motion for Summary Judgement on several claims. Plaintiff may also need to file an administrative motion regarding the dual representation of two defendants with conflicting interests (the Property Owner(s) and Operator are represented by the same firm despite clear conflicts on this matter, any tort claims, and the CERCLA Superfund site).

Apple and Jenab Defendants' Statement: Apple and the Jenab Defendants moved to dismiss the Amended Complaint. Apple and the Jenab Defendants opposed Plaintiff's motion for preliminary injunction because Plaintiff cannot make a clear showing that she is likely to succeed on the merits, that she is likely to suffer irreparable harm, that the balance of equities tips in her favor, or that an injunction is in the public interest.

City of Santa Clara's Statement: The City's Rule 12(b)(6) motion to dismiss all claims against the City is pending before the Court. The City also has opposed Plaintiff's preliminary injunction motion.

## 5.    Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff's Statement: Plaintiff filed an Amended Complaint. (Dkt. 48). Plaintiff does not expect to require any further amendments to add additional parties or claims, unless the Court grants any portion of the pending Motions to Dismiss. Plaintiff may also want to further amend complaint to reflect the facts of the case as the evidentiary record develops or to address gaps/errors if required.

Apple and the Jenab Defendants' Statement: Apple and the Jenab Defendants have moved to dismiss the Amended Complaint. Apple and the Jenab Defendants do not plan to add additional parties at this time. Apple and the Jenab Defendants contend that further amendment of Plaintiff's allegations would be futile. Given Plaintiff's statement that she does not expect to add additional

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP

parties or claims, Apple and the Jenab Defendants propose a deadline of July 30, 2026, to file any motion for leave to amend the pleadings.

City of Santa Clara's Statement: City of Santa Clara moved to dismiss the Amended Complaint's claims against the City and do not plan to add additional parties at this time.

**6.    Evidence Preservation**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties confirm they have read the ESI Guidelines and that they each agree they are taking required measures to preserve relevant evidence.

**7.    Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

Plaintiff's Statement: Plaintiff planned to serve Initial Disclosures to all three Defendants, covering all claims in the amended complaint, one week of the Dec. 8 2025 26(f) conference, as required by the FRCP. However Defendants still refuse to start discovery or make initial disclosures, and asked the Plaintiff to wait to send hers until they are ready to send theirs. .

Apple and Jenab Defendants' Statement: Apple and the Jenab Defendants contend that initial disclosures are not appropriate at this time, as the pleadings have not been settled. Apple and the Jenab Defendants propose waiting until the pleadings are settled to set a deadline for serving initial disclosures.

City of Santa Clara's Statement: The City joins in the statement of Apple and the Jenab Defendants. Also, Plaintiff already has received substantial documentation from the City through public records requests.

**8.    Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The Parties may consider entering an e-discovery order. The Parties will meet and confer regarding a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f). However, the Parties disagree about the timing of when this would occur.

Plaintiff's Statement: Plaintiff believes some discovery has occurred with Apple, in parallel proceedings with Apple, which has been in discovery for a year and includes overlapping claims, . Plaintiff also plans to use documents received previously via public record requests or other public documents as evidence for this case, including documents, records, and correspondence obtained from City of Santa Clara through these requests. Plaintiff would like discovery to proceed now and in compliance with federal rules..

Apple and Jenab Defendants' Statement: Apple and the Jenab Defendants have not exchanged any formal discovery with the parties in this matter, although Apple has provided certain real estate-related documents to the Plaintiff. Apple and the Jenab Defendants further contend that discovery is premature in this case until the Court has decided their motions to dismiss and the pleadings are settled, as the scope of what is relevant and proportional under Rule 26 cannot be determined without knowing the scope of Plaintiff's claims. Apple and the Jenab Defendants otherwise agree that discovery should follow the Federal Rules of Civil Procedure and the Civil Local Rules for the Northern District of California.

City of Santa Clara's Statement: The City also believes that discovery is premature in this case until the Court has decided motions to dismiss and the pleadings are set.  Once begun, the City agrees that discovery should follow the Federal Rules of Civil Procedure and the Civil Local Rules for the Northern District of California.

**9.    Class Actions**
*If a class action, a proposal for how and when the class will be certified.*

This case is not a class action.

**10.    Related Cases**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The Plaintiff disclosed pending related legal and administrative matters in her original and amended complaint. Plaintiff also concurrently files a Notice of Pendency listing those matters she believes are related. (Dkt. 55). On Sept. 8 2025, the Court referred this case to the Honorable Edward M. Chen for consideration of whether the case is related to 3:23-cv-04597 EMC under L.R. 3-12 (Dkt. 7). Judge Chen found that this case does not need to be related to the prior filed case assigned to

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP

him. (Dkt. 12).

## 11.   Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff's Statement. Plaintiff is requesting injunctive relief, declaratory relief, statutory penalties, and fees/costs. Calculation of fines, fees, and costs should comply with existing state and federal law for such matter.

Apple and the Jenab Defendants' Statement: Apple and the Jenab Defendants deny that Plaintiff is entitled to the requested relief, and judgment should be entered in favor of Defendants against Plaintiff. Plaintiff is not entitled to any of the relief requested from Apple or the Jenab Defendants. Plaintiff disclaimed damages in her original complaint.

City of Santa Clara: The City denies that the Plaintiff is entitled to the requested relief. Judgement should be entered in favor of Defendants against Plaintiff.

## 12.   Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiff suggested ENE for ADR. Defendants feel it is premature to discuss ADR prior to completion of 12(b) motion practice.

## 13.   Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation.

## 14.   Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.  The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

Plaintiff's Statement: Plaintiff filed a Motion for Preliminary Injunction (Dkt. 80) and she attempted to obtain a stipulated interim agreement, provided production of evidence to facilitate those negotiations, and attempted multiple meet/confer conferences, but there was no agreement.

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP

8

If the Plaintiff takes Citizen Suit legal action regarding the new CWA 404 "filling" claim, she would initiate separate litigation, but she would propose to relate or join it at the court's discretion.

Apple and the Jenab Defendants' Statement: Apple and the Jenab Defendants have filed motions to dismiss and contend that it is premature to discuss other motions or stipulations regarding narrowing of issues. Apple and the Jenab Defendants contend that resolution of issues relating to Article III standing, the pre-suit notice, and adequacy of the complaint will resolve this matter.

City of Santa Clara's Statement: The City anticipates that motions to dismiss will narrow the issues remaining for consideration by the Court. The City agrees that it is premature to discuss any other means of narrowing the issues.

## 15. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

This case is not appropriate for expedited trial procedures.

## 16. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Plaintiff's Statement: Plaintiff would like to agree to a high-level schedule now, and then request to revise it later if necessary. Plaintiff proposes to schedule a trial no later than one year from the date of the Case Management Conference.

Defendants' Statement: Defendants contend it is premature to set a case schedule because the pleadings are not settled.

## 17. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff's Statement: Plaintiff requests a Jury trial and expects it will take at least a week.

Apple and Jenab Defendants' Statement: Apple and the Jenab Defendants contend that it is premature to address trial-setting issues because neither Apple nor the Jenab Defendants have answered the Amended Complaint.

City's Statement: The City also believes it is premature to determine the length or date of

trial.

## 18.    Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Each party required by Civil Local Rule 3-15 to file a completed "Certification of Interested Entities or Persons" confirms they did so and re-disclose any prior disclosures.

Plaintiff disclosed interested entities including the statutory incorporation of the U.S. EPA and U.S. Attorney General into this proceeding regarding the federal claims. (Dkt. 4, 9).

Apple and the Jenab Defendants have no additional disclosures to make.

The City of Santa Clara is a governmental entity.

## 19.    Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 20.    Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None at this time.


Dated: June 18, 2026          ASHLEY M. GJOVIK


                              By:  */s/ Ashley M. Gjovik*
                                   Ashley M. Gjovik

                              Pro Se Citizen Plaintiff

Dated: June 18, 2026          MORRISON & FOERSTER LLP


                              By:  */s/ William F. Tarantino*
                                   William F. Tarantino

                              *Attorneys for Defendants*
                              APPLE INC., KALIL JENAB, JENAB
                              FAMILY LP, JENAB FAMILY VENTURES
                              LLC, and JENAB FAMILY TRUST

Dated: June 18, 2026                    NOSSAMAN LLP


By:  */s/ Svend Brandt-Erichsen*
     Svend Brandt-Erichsen
     sbrandterichsen@nossaman.com
     *Pro Hac Vice*
     Jennifer Seely
     jseely@nossaman.com
     *Pro Hac Vice*
     719 Second Avenue, Suite 120
     Seattle, WA 98104
     Telephone: 206.395.7630
     Facsimile: 206.257.0780
     Brendan F. Macaulay
     CA Bar # 162313
     NOSSAMAN LLP
     50 California Street, 34th Floor
     San Francisco, CA 94111
     Telephone:      415.398.3600
     Facsimile:      415.398.2438
     bmacaulay@nossaman.com

     *Attorneys for Defendant*
     City of Santa Clara

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP

11

**<u>ECF ATTESTATION</u>**

I, William F. Tarantino, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Ashley M. Gjovik and the City of Santa Clara have concurred in this filing.

Dated:  June 18, 2026

MORRISON & FOERSTER LLP

By:  */s/ William F. Tarantino*
William F. Tarantino

*Attorneys for Defendants*
APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, and JENAB FAMILY TRUST

Joint Case Management Statement
Case No. 5:25-cv-07360-PCP

12