WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Non-Parties
JULIA LINDSEY and KATHLEEN WOODRUFF

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., ET AL.<br><br>Defendants. | Case No. 5:25-cv-07360-PCP<br><br>**ADMINISTRATIVE MOTION BY NON-PARTIES JULIA LINDSEY AND KATHLEEN WOODRUFF, APPEARING SPECIALLY, TO STRIKE SUMMONS**<br><br>Courtroom: 8, 4th Floor<br>Judge: Hon. P. Casey Pitts<br><br>SAC Filed: August 6, 2026<br>Trial Date: TBD |

## SPECIAL APPEARANCE

Non-parties Julia Lindsey and Kathleen Woodruff ("Movants") appear specially and solely to challenge the Summons issued at Dkt. 112. This filing does not constitute a general appearance, consent to jurisdiction, waiver of any defense, or acknowledgment that Movants are parties to this action. Movants reserve all rights and defenses should Plaintiff later seek to add them as defendants.

## I. INTRODUCTION

The issue is narrow: the Summons identifies Julia Lindsey and Kathleen Woodruff as defendants and directs personal service upon them, even though neither is named as a defendant in the operative Second Amended Complaint (SAC) (Dkt. 102). Rule 4 requires a summons to "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Because Movants are not defendants, the Summons should be stricken as to them.

## II. FACTUAL BACKGROUND

### A. The SAC Does Not Name Movants as Defendants

The SAC identifies Apple, the City of Santa Clara, and "Property Owners (Mr. Kalil Jenab, & Mr. James Lindsey, et al)" as defendants. Dkt. 102 at 1. Its parties section likewise identifies James Lindsey, not either Movant, and alleges that he serves as "Agent and/or Member and/or Manager and/or Trustee" of several trusts. *Id.* ¶¶ 50–54. Julia Lindsey's and Kathleen Woodruff's names appear only as components of trust names or associated addresses. The SAC asserts no claim against either Movant individually or in a representative capacity.

### B. Plaintiff Added Movants to the Summons Without Amending the Complaint

On August 11, 2026, the Clerk issued a summons (Dkt. 104) that named the trusts but directed service only to Mr. James Lindsey. That summons was returned unexecuted. (Dkt. 109 at 2.)

Plaintiff then submitted a new summons expressly intended to cover "additional trustees/agents (Kathleen Woodruff & Julia Lindsey)." (*Id.*) But Plaintiff did not amend the SAC to add either Movant as a defendant.

### C. The Clerk Issued a Summons Naming Movants as Defendants Without Any Amendment to the Complaint

On August 19, 2026, the Clerk issued a Summons (Dkt. 112) listing as defendants, among others, "Kathleen Woodruff" and "Julia Lindsey." It directs service to "James Lindsey (749 Deer Valley Rd, San Rafael CA 94903), Julia Lindsey (124 Wildwood Ave, Piedmont, California, 94610), & Kathleen Woodruff (70 Ellsworth St, SF CA, 94110), individually and as agents/trustees of: Lindsey Family Trust, Lindsey Julia Family Trust, Lindsey Property Trust, Woodruff Kathleen Trust." (Dkt. 112 at 1.)

## III. ARGUMENT

### A. The Summons Improperly Names Movants, Who Are Not Defendants in This Action

Federal Rule of Civil Procedure 4(a)(1)(B) requires that a summons "be directed to the defendant." A summons cannot create jurisdiction over individuals who are not named as defendants in the operative complaint. *See SEC v. Ross*, 504 F.3d 1130, 1140–41 (9th Cir. 2007) (holding that the court lacked jurisdiction over a nonparty that was "never named" in the complaint); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("It is well established that an individual is not bound by a judgment in personam resulting from litigation in which he is not named as a party."). Service of process on a person not named in the complaint is a nullity and cannot confer personal jurisdiction. *See Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (holding that court had no jurisdiction over nonparty plaintiffs attempted to serve because the complaint "[did] not name [them] as a defendant in either the caption or body").

Application of the law here is clear. Neither Julia Lindsey nor Kathleen Woodruff is named as a defendant in the caption or body of the Second Amended Complaint, and no claim is asserted against either of them individually or in a representative capacity. Their names appear only in references to trusts and associated addresses. Yet the Summons identifies both Movants as defendants, directs that they be personally served at their residential addresses, and instructs them to respond to the complaint within 21 days. (Dkt. 112 at 1.) Because Movants are not defendants in this action, the Summons should be stricken to the extent it names or directs service upon them.

### B. Plaintiff Cannot Add Defendants Through a Summons

If Plaintiff wishes to assert claims against Movants, the proper procedure is to seek leave to amend under Federal Rule of Civil Procedure 15. *See Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.*, 186 F.R.D 581, 583 (N.D. Cal. 1999) ("Rule 15(a) is a . . . specific provision dealing with the particular means by which a party may [add a defendant].").

Plaintiff has not done so. Instead, after the Clerk issued an earlier summons that did not name Movants, Plaintiff submitted a new summons expressly intended to cover "additional trustees/agents (Kathleen Woodruff & Julia Lindsey)." (Dkt. 109 at 2.) But a summons implements the operative complaint; it does not amend it. Plaintiff cannot add new defendants simply by placing their names on a summons form. Because the Second Amended Complaint has not been amended to name Movants as defendants, the Summons naming them is improper.

### C. Movants May Seek Relief From Process Improperly Directed to Them.

The Court has inherent authority to manage its proceedings and to ensure that its process is not used to burden non-parties. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). Additionally, under Federal Rule of Civil Procedure 12(f), the Court may strike "immaterial" or "impertinent" matter from filings. And Movants, who are directly affected by the Summons, may challenge the validity of that process. *See U.S. v. Viltrakis*, 108 F.3d 1159, 1161 (9th Cir. 1997) ("[T]he person served with process is the proper party to allege error.") (collecting cases).

## IV. CONCLUSION

Movants respectfully request that the Court:

1. Strike the Summons (Dkt. 112) to the extent it names Julia Lindsey and Kathleen Woodruff as defendants;

2. Order that if Plaintiff wishes to add Movants as defendants, she shall seek leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15.

Dated: August 19, 2026

MORRISON & FOERSTER LLP

By: */s/ William F. Tarantino*
William F. Tarantino
Julie Y. Park

*Attorneys for Non-Parties*
JULIA LINDSEY and KATHLEEN WOODRUFF *(Special Appearance for the Limited Purpose of This Motion Only)*