ASHLEY M. GJOVIK, JD
*In Propria Persona*
San José, California
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK,**<br>*an individual*,<br><br>**CITIZEN PLAINTIFF,**<br><br>vs.<br><br>**APPLE INC.,**<br>*a corporation,*<br><br>**CITY OF SANTA CLARA,**<br>*a local government,*<br><br>**PROPERTY OWNERS**<br>*(Mr. Kalil Jenab, Mr. James Lindsey, various trusts and business entities, et al.)*<br><br>**THE DEFENDANTS.** | **CASE NO. 25-CV-07360-PCP**<br><br>**ENVIRONMENTAL CITIZEN SUIT; PUBLIC NUISANCE**<br><br>**DECLARATION OF ASHLEY GJOVIK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO ADMIN. MOTION BY TO STRIKE SUMMONS (DKT. 113)** |

# DECLARATION OF ASHLEY M. GJOVIK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO ADMINISTRATIVE MOTION BY NON-PARTIES TO STRIKE SUMMONS (DKT. 113)

I, Ashley M. Gjovik, declare as follows:

1. I am the Plaintiff in this action, appearing in propria persona. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I make this declaration in support of Plaintiff's Opposition to the Administrative Motion by Non-Parties Julia Lindsey and Kathleen Woodruff to Strike Summons (Dkt. 113).

2. Attached as Exhibit A is a true and correct copy of the Intelius location and title report for 3250 Scott Blvd, Santa Clara, California, generated on August 10, 2026. I transmitted this report to counsel at Morrison & Foerster LLP ("MoFo") by email on August 11, 2026, and I had previously provided the same or substantially similar county title records to MoFo on multiple occasions. The report reflects, among other things, that title to the property has been held by the Lindsey Family Trust, Lindsey Julia Family Trust, Lindsey Property Trust, and Woodruff Kathleen Trust.

3. Attached as Exhibit B is a true and correct copy of email correspondence between me and Mr. William Tarantino of MoFo dated March 9–12, 2026, in which I asked about Mr. James Lindsey's ownership role and whether he remained an owner, noting I had "asked about Lindsey a few times and never received a direct response or clarification." No response identifying the trustees was provided.

4. Attached as Exhibit C is a true and correct copy of email correspondence between me and counsel dated August 10–14, 2026, including Mr. Tarantino's August 14, 2026 email stating that Mr. Lindsey "sold his interests to his daughters," and that counsel was "working to (1) confirm the current trustees; and (2) get permission from Apple to represent them." Personal service was completed on Mr. James Lindsey on August 16, 2026. (Dkt. 105.) The process server reported that Mr. Lindsey refused service on behalf of each of the four trusts, stating he is not affiliated with them. (Dkt. 109 at 3–6.)

5. Attached as Exhibit D is a true and correct copy of my August 18, 2026 email memorializing the parties' telephonic conference held that day, attended by Mr. Tarantino, Ms. Julie Park, Mr. Svend Brandt-Erichsen, and me. As reflected in those notes: counsel confirmed that Julia Lindsey and Kathleen Woodruff, and their respective trusts, are the current owners of the property and Apple's landlords; counsel stated MoFo did not have approval to accept service on their behalf; the

parties recorded the action item "Now that Julia and Kathleen have been confirmed as owners, Ashley to serve them"; and the parties discussed stipulating to add Julia and Kathleen for the existing named trusts rather than requiring an amended complaint. No attendee disputed or corrected these notes. The notes were also filed with my unexecuted summons report. (Dkt. 109 at 7.)

6. Attached as Exhibit E is a true and correct copy of email correspondence dated August 18–19, 2026 replying to the meeting notes in Exhibit D, and where Ms. Park responded "OK by us," Mr. Brandt-Erichsen confirmed, and Ms. Park wrote "We'll finalize and file." The stipulation was filed as Dkt. 111 on August 19, 2026.

7. Attached as Exhibit F are true and correct copies of ABC Legal Services order confirmations for priority personal service of process: Reference ID REF-27262637, ordered at 4:08 p.m. PDT on August 19, 2026, for service upon Julia Lindsey at 124 Wildwood Ave, Piedmont, CA 94610; and Reference ID REF-27262720, ordered at 4:11 p.m. PDT on August 19, 2026, for service upon Kathleen Woodruff at 70 Ellsworth St, San Francisco, CA 94110. I placed these orders in reliance on the parties' August 18, 2026 agreement that I would serve Julia Lindsey and Kathleen Woodruff. My service instructions expressly noted that California trusts are not entities and directed service on the named individuals through whom the trusts act.

8. I placed the Exhibit F orders hours before Movants filed the Administrative Motion (Dkt. 113) on the night of August 19, 2026. The cost of the two priority service orders is approximately $220. If the Summons is stricken, I will be forced to cancel service mid-stream, forfeit or duplicate these costs, and purchase service again following any amendment process.

9. Attached as Exhibit G are true and correct copy of email correspondence with Mr. Jenab in Sept. 2025 asking for the identity of property owners of 3250 Scott Blvd and Mr. Jenab identifying that only one entity (an LP) held title to the property.

10. The prior round of service on Mr. James Lindsey and the four trusts cost approximately $616, including additional per-target charges for the four trusts. I have paid all service costs in this action personally, as a pro se litigant. In total, I have spent approximately $836 attempting to serve the additional Property Owner defendants, an expense prolonged by defense counsel's year-long non-identification of the trustees.

11. As of the date of this declaration, no counsel has identified for me the current trustee(s) of the Lindsey Family Trust or the Lindsey Property Trust, and Movants' motion does not identify the trustee of any of the four trusts or deny that Movants are trustees of them.

12. I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. 28 U.S.C. § 1746, and that this declaration was executed on Aug. 19 2026 in Alviso, San José, California.

Respectfully,



**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*
Alviso, San José, California
Dated: Aug. 19 2026

# EXHIBITS

# EXHIBIT A

INTELIUS

Location Report

# 3250 Scott Blvd

Link to Report

Report Created

Aug 10, 2026

## Disclaimer

Intelius IS NOT A CONSUMER REPORTING AGENCY ("CRA") FOR PURPOSES OF THE FAIR CREDIT REPORTING ACT ("FCRA"), 15 USC §§ 1681 et seq. AS SUCH, THE ADDITIONAL PROTECTIONS AFFORDED TO CONSUMERS, AND OBLIGATIONS PLACED UPON CONSUMER REPORTING AGENCIES, ARE NOT CONTEMPLATED BY, NOR CONTAINED WITHIN, THESE TERMS.

You may not use any information obtained from this report in connection with determining a prospective candidate's suitability for:

- Health insurance or any other insurance
- Credit and/or loans
- Employment
- Education, scholarships or fellowships
- Housing or other accommodations
- Benefits, privileges or services provided by any business establishment.

The information provided by this report has not been collected in whole or in part for the purpose of furnishing consumer reports, as defined in the FCRA. Accordingly, you understand and agree that you will not use any of the information you obtain from this report as a factor in: (a) establishing an individual's eligibility for personal credit, loans, insurance or assessing risks associated with existing consumer credit obligations; (b) evaluating an individual for employment, promotion, reassignment or retention (including employment of household workers such as babysitters, cleaning personnel, nannies, contractors, and other individuals); (c) evaluating an individual for educational opportunities, scholarships or fellowships; (d) evaluating an individual's eligibility for a license or other benefit granted by a government agency or (e) any other product, service or transaction in connection with which a consumer report may be used under the FCRA or any similar state statute, including, without limitation, apartment rental, check-cashing, or the opening of a deposit or transaction account. You also agree that you shall not use any of the information you receive through this report to take any "adverse action," as that term is defined in the FCRA; you have appropriate knowledge of the FCRA; and, if necessary, you will consult with an attorney to ensure compliance with these Terms.

Lastly, you agree and understand, that the information provided in this report may not be 100% accurate, complete, or up to date, so do not use it as a substitute for your own due diligence. Intelius does not make any representation or warranty about the accuracy of the information available through our reports or about the character or integrity of the person about whom you inquire.

# Map

This section contains the map for this location.

---

## 3250 Scott Blvd, Santa Clara, CA 95054-3011

# Ownership History

This section includes information about the ownership history at this location.

## Previously Owned Property #1

3250 Scott Blvd
Santa Clara, California, 95054

67590 sq/ft

**Current Owner**
Jenab Family Lp
Dec 30, 2021

| Assessed Value | Sale Amount | Tax Amount |
|---|---|---|
| **$10,517,725.00** | **$2,075,000.00** | **$123,889.56** |
| 2025 | | 2024 |

**Property Details**

| Living Sq. Ft | Land Sq. Ft | Floors | Year Built |
|---|---|---|---|
| 67590 | 252648 | 2 | 1974 |
| APN# | Type | | |
| 216-29-117 | Industrial | | |

**Property Value**

| Land Value | Improvement Value | Assessed Value (2025) | Tax Amount (2024) |
|---|---|---|---|
| $8,705,190.00 | $1,812,535.00 | $10,517,725.00 | $123,889.56 |

**Assessed Value**
**2008 - 2025**

| | | | | |
|---|---|---|---|---|
| 2008 | 2009 | 2010 | 2011 | 2012 |
| $13,500,000.00 | $13,770,000.00 | $13,737,365.00 | $13,840,807.00 | $6,120,000.00 |
| 2013 | 2014 | 2015 | 2016 | 2017 |
| $7,171,200.00 | $7,203,757.00 | $7,347,687.00 | $8,884,739.00 | $9,062,433.00 |
| 2018 | 2019 | 2020 | 2021 | 2022 |
| $9,243,680.00 | $9,428,553.00 | $9,617,123.00 | $9,716,755.00 | $9,911,090.00 |
| 2023 | 2024 | 2025 | | |
| $10,109,310.00 | $10,311,496.00 | $10,517,725.00 | | |

## Ownership History

**Current Owner**
Jenab Family Lp
**Dec 30, 2021**

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 25209164 | Universal Land Use | Industrial (NEC) |
| Property Indicator | Industrial | Sale Date | |
| Resale New Construction | Resale | Recording Date | |

| | | | |
|---|---|---|---|
| Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Owner Occupied | Residential Model Indicator | Based On Zip Code and Value Property is Not Residential |
| Deed Securities Category | Interfamily Transfer, Resale | Title Company | ATTORNEY ONLY |
| Owner | Jenab Family Lp<br>3250 Scott Blvd, Santa Clara, California, 95054 | Seller | Jenab 1997 Family Trust |

**Deed Information**

| | | | |
|---|---|---|---|
| Document Type | Deed | Registry Entry Date | |
| Document Number | 000025209164 | Transaction Type | Resale |
| Batch ID | 20220105 | Batch Sequence | 02108 |

**Previous Owner**

Jenab Family Ventures LLC

Dec 21, 2021

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 25201007 | Universal Land Use | Industrial (NEC) |
| Property Indicator | Industrial | Sale Date | |
| Resale New Construction | Resale | Recording Date | |
| Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Absentee Owner | Residential Model Indicator | Based On Zip Code and Value Property is Not Residential |
| Deed Securities Category | Interfamily Transfer, Resale | Title Company | ATTORNEY ONLY |
| Owner | Jenab Family Ventures LLC<br>108 Sylvian Way, Los Altos, California, 94022 | Seller | Jenab 1997 Family Trust |

**Deed Information**

| | | | |
|---|---|---|---|
| Document Type | Deed | Registry Entry Date | |
| Document Number | 000025201007 | Transaction Type | Resale |
| Batch ID | 20211229 | Batch Sequence | 00126 |

**Previous Owner**

Woodruff Kathleen Trust

Jan 24, 2018

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 23855036 | Universal Land Use | Industrial (NEC) |
| Property Indicator | Industrial | Sale Date | |
| Resale New Construction | Resale | Recording Date | |
| Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Absentee Owner | Residential Model Indicator | Based On Zip Code and Value Property is Not Residential |
| Deed Securities Category | Interfamily Transfer, Resale | Owner | Woodruff Kathleen Trust<br>70 Ellsworth St, San Francisco, California, 94110 |
| Seller | Kathleen J Woodruff | | |

**Deed Information**

| | | | |
|---|---|---|---|
| Document Type | Deed | Registry Entry Date | |
| Document Number | 000023855036 | Transaction Type | Resale |
| Batch ID | 20180130 | Batch Sequence | 00886 |

**Previous Owner**

191 Baypointe LLC

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 23775022 | Universal Land Use | Industrial (NEC) |
| Property Indicator | Industrial | Sale Date | |
| Resale New Construction | Resale | Recording Date | |
| Residential Model Indicator | Based On Zip Code and Value Property is Not Residential | Deed Securities Category | Interfamily Transfer, Resale |
| Owner | 191 Baypointe LLC | Seller | Jenab Family Trust |

**Deed Information**

| | | | |
|---|---|---|---|
| Document Type | Deed | Registry Entry Date | |
| Document Number | 000023775022 | Transaction Type | Resale |
| Batch ID | 20171017 | Batch Sequence | 00938 |

---

**Previous Owner**

Lindsey Property Trust

Jul 31, 2017

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 23715649 | Universal Land Use | Industrial (NEC) |
| Property Indicator | Industrial | Sale Date | |
| Resale New Construction | Resale | Recording Date | |
| Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Absentee Owner | Residential Model Indicator | Based On Zip Code and Value Property is Not Residential |
| Deed Securities Category | Interfamily Transfer, Resale | Owner | Lindsey Property Trust 124 Wildwood Ave, Piedmont, California, 94610 |
| Seller | Lindsey Julia Family Trust | | |

**Deed Information**

| | | | |
|---|---|---|---|
| Document Type | Deed | Registry Entry Date | |
| Document Number | 000023715649 | Transaction Type | Resale |
| Batch ID | 20170803 | Batch Sequence | 00632 |

---

**Previous Owner**

Lindsey Julia Family Trust

Apr 4, 2017

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 23616209 | Universal Land Use | Industrial (NEC) |
| Property Indicator | Industrial | Sale Date | |
| Resale New Construction | Resale | Recording Date | |
| Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Absentee Owner | Residential Model Indicator | Based On Zip Code and Value Property is Not Residential |
| Deed Securities Category | Interfamily Transfer, Resale | Owner | Lindsey Julia Family Trust 124 Wildwood Ave, Piedmont, California, 94610 |
| Seller | Julia A Lindsey | | |

**Deed Information**

| | | | |
|---|---|---|---|
| Document Type | Deed | Registry Entry Date | |

| | | | |
|---|---|---|---|
| Document Number | 000023616209 | Transaction Type | Resale |
| Batch ID | 20170418 | Batch Sequence | 01392 |

---

**Previous Owner**

Julia A Lindsey

Kathleen J Woodruff

Dec 10, 2012

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 21993754 | Universal Land Use | Industrial (Nec) |
| Sale Code | Unknown | Property Indicator | Industrial |
| Sale Date | | Resale New Construction | Resale |
| Recording Date | | Absentee Indicator | Absentee(Mail And Situs Not =) |
| Residential Model Indicator | Based On Zip Code and Value Property is Not Residential | Deed Securities Category | Interfamily Transfer, Resale |
| Owner | Julia A Lindsey<br>Kathleen J Woodruff<br>18 Cypress Ave, Kentfield, California, 94904 | Owner Relationship Type | Married Woman |
| Seller | Lindsey Family Trust | | |

**Deed Information**

| | | | |
|---|---|---|---|
| Document Type | Deed | Registry Entry Date | |
| Document Number | 000021993754 | Transaction Type | Resale |
| Batch ID | 20121218 | Batch Sequence | 00355 |

---

**Previous Owner**

Lindsey Family Trust

Oct 21, 2010

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 20922979 | Universal Land Use | Industrial (Nec) |
| Sale Code | Sale Price (Full) | Property Indicator | Industrial |
| Sale Date | | Resale New Construction | Resale |
| Recording Date | | Absentee Indicator | Absentee(Mail And Situs Not =) |
| Residential Model Indicator | Based On Zip Code and Value Property is Not Residential | Deed Securities Category | Cash Purchase, Interfamily Transfer, Resale |
| Sale Amount | $2,075,000.00 | Title Company | FIRST AMERICAN TITLE |
| Owner | Lindsey Family Trust<br>18 Cypress Ave, Kentfield, California, 94904 | Seller | Lindsey Trust Lead |

**Mortgage Information**

| | | | |
|---|---|---|---|
| Recording Date | | Cash Purchase | Yes |
| Document Number | 20922979 | | |

---

**Previous Owner**

Jenab Fam Ltd Partnership

Kathleen Woodruff

Jenab Khalil

Tiffany R Khalil

Sep 22, 2010

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 20879435 | Universal Land Use | Industrial (Nec) |
| Sale Code | Sale Price (Full) | Property Indicator | Industrial |
| Sale Date | | Recording Date | |
| Absentee Indicator | Absentee(Mail And Situs Not =) | Sale Amount | $3,913,500.00 |
| Title Company | FIRST AMERICAN TITLE | Owner | Jenab Fam Ltd Partnership<br>Kathleen Woodruff<br>Jenab Khalil<br>Tiffany R Khalil<br>108 Sylvian Way, Los Altos, California, 94022 |
| Seller | Locon Santa Clara LLC | | |

---

**Previous Owner**

Jenab Family 1997 Trust

Lead Lindsey Trust

Sep 22, 2010

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 20879435 | Universal Land Use | Industrial (NEC) |
| Sale Code | Sale Price (Full) | Property Indicator | Industrial |
| Sale Date | | Resale New Construction | Resale |
| Recording Date | | Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Absentee Owner |
| Residential Model Indicator | Based On Zip Code and Value Property is Not Residential | Deed Securities Category | Cash Purchase, Resale, Short Sale |
| Sale Amount | $3,913,500.00 | Title Company | FIRST AMERICAN TITLE |
| Owner | Jenab Family 1997 Trust<br>Lead Lindsey Trust<br>108 Sylvian Way, Los Altos, California, 94022 | Seller | Locon Santa Clara LLC |

**Mortgage Information**

| | | | |
|---|---|---|---|
| Recording Date | | Cash Purchase | Yes |
| Document Number | 20879435 | | |

---

**Previous Owner**

Jenab Fam Ltd Partnership

Kathleen Woodruff

Jenab Khalil

Tiffany R Khalil

Sep 22, 2010

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 20879435 | Universal Land Use | Industrial (Nec) |
| Sale Code | Sale Price (Full) | Property Indicator | Industrial |
| Sale Date | | Recording Date | |
| Absentee Indicator | Absentee(Mail And Situs Not =) | Sale Amount | $3,913,500.00 |
| Title Company | FIRST AMERICAN TITLE | Owner | Jenab Fam Ltd Partnership<br>Kathleen Woodruff<br>Jenab Khalil<br>Tiffany R Khalil<br>108 Sylvian Way, Los Altos, California, 94022 |
| Seller | Locon Santa Clara LLC | | |

**Previous Owner**

Locon Santa Clara LLC

Oct 5, 2007

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 19606621 | Universal Land Use | Industrial (NEC) |
| Sale Code | Stamps On Back | Property Indicator | Industrial |
| Sale Date | | Resale New Construction | Resale |
| Recording Date | | Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Owner Occupied |
| Residential Model Indicator | Based On Zip Code and Value Property is Not Residential | Deed Securities Category | Mortgaged Purchase, Resale |
| Title Company | FIRST AMERICAN TITLE | Owner | Locon Santa Clara LLC 3250 Scott Blvd, Santa Clara, California, 95054 |
| Seller | 3250 Scott Blvd LLC | | |

**Mortgage Information**

| | | | |
|---|---|---|---|
| Mortgage Date | | Recording Date | |
| Document Number | 19606621 | Mortgage Amount | $12,045,000.00 |
| Mortgage Loan Type | Conventional | Mortgage Deed Type | Deed Of Trust |

**Previous Owner**

3250 Scott Blvd LLC

Sep 30, 2002

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 16508238 | Universal Land Use | Light Industrial |
| Sale Code | Unknown | Property Indicator | Industrial |
| Sale Date | | Resale New Construction | Resale |
| Recording Date | | Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Absentee Owner |
| Residential Model Indicator | Based On Zip Code and Value Property is Not Residential | Deed Securities Category | Resale |
| Title Company | FIRST AMERICAN TITLE | Owner | 3250 Scott Blvd LLC 3528 Alameda De Las Pulgas, Menlo Park, California, 94025 |
| Seller | Deerfield 2000 LLC | | |

**Deed Information**

| | | | |
|---|---|---|---|
| Document Type | Deed | Registry Entry Date | |
| Document Number | 000016508238 | Transaction Type | Resale |
| Batch ID | 20021106 | Batch Sequence | 00154 |

**Previous Owner**

Cashin Emmet J Iii Trustee

Anniversary Trust

Jun 26, 2000

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 15290589 | Universal Land Use | Light Industrial |

| | | | |
|---|---|---|---|
| Sale Code | Sale Price (Full) | Property Indicator | Industrial |
| Sale Date | | Resale New Construction | Resale |
| Recording Date | | Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Absentee Owner |
| Residential Model Indicator | Based On Zip Code and Value Property is Not Residential | Deed Securities Category | Cash Purchase, Resale |
| Sale Amount | $300,000.00 | Owner | Cashin Emmet J Iii Trustee<br>Anniversary Trust<br>611 Santa Cruz Ave, Menlo Park, California, 94025 |
| Seller | Trust Bianchi | | |

**Mortgage Information**

| | | | |
|---|---|---|---|
| Recording Date | | Cash Purchase | Yes |
| Document Number | 15290589 | | |

**Previous Owner**

Deerfield 2000 LLC
Paul Varnum Tr &
Lillian M Tr & Bianchi Tito

Mar 31, 2000

**Ownership Details**

| | | | |
|---|---|---|---|
| Document Number | 15198074 | Universal Land Use | Light Industrial |
| Sale Code | Stamps On Back | Property Indicator | Industrial |
| Sale Date | | Resale New Construction | Resale |
| Recording Date | | Absentee Indicator | Situs Address Taken From Sales Transaction - Determined Absentee Owner |
| Residential Model Indicator | Based On Zip Code and Value Property is Not Residential | Deed Securities Category | Mortgaged Purchase, Resale |
| Owner | Deerfield 2000 LLC<br>Paul Varnum Tr &<br>Lillian M Tr & Bianchi Tito<br>3528 Alameda De Las Pulgas, Menlo Park, California, 94025 | Seller | Intersil Inc |

**Mortgage Information**

| | | | |
|---|---|---|---|
| Mortgage Date | | Recording Date | |
| Document Number | 15198074 | Mortgage Amount | $5,000,000.00 |
| Mortgage Interest Rate Type | Fixed% | Mortgage Loan Type | Conventional |

**Previous Owner**

Jenab Family Lp

**Ownership Details**

| | | | |
|---|---|---|---|
| Universal Land Use | Industrial (Nec) | Property Indicator | Industrial |
| Absentee Indicator | Owner Occupied | Owner | Jenab Family Lp<br>3250 Scott Blvd, Santa Clara, California, 95054 |

**Previous Owner**

Khalil Jenab
Tiffany R Jenab

Kathleen  Woodruff

**Ownership Details**

| | | | |
|---|---|---|---|
| Universal Land Use | Industrial (Nec) | Property Indicator | Industrial |
| Absentee Indicator | Absentee(Mail And Situs Not =) | Owner | Khalil  Jenab<br>Tiffany R Jenab<br>Kathleen  Woodruff<br>70 Ellsworth St, San Francisco, California, 94110 |

**Previous Owner**

Woodruff Kathleen Trust

**Ownership Details**

| | | | |
|---|---|---|---|
| Universal Land Use | Industrial (Nec) | Property Indicator | Industrial |
| Absentee Indicator | Absentee(Mail And Situs Not =) | Owner | Woodruff Kathleen Trust<br>70 Ellsworth St, San Francisco, California, 94110 |

**Previous Owner**

Lindsey Julia Family Trust

**Ownership Details**

| | | | |
|---|---|---|---|
| Universal Land Use | Industrial (Nec) | Property Indicator | Industrial |
| Absentee Indicator | Absentee(Mail And Situs Not =) | Owner | Lindsey Julia Family Trust<br>124 Wildwood Ave, Piedmont, California, 94610 |

**Previous Owner**

Khalil  Jenab

Tiffany R Jenab

James S Lindsey

**Ownership Details**

| | | | |
|---|---|---|---|
| Universal Land Use | Industrial (Nec) | Property Indicator | Industrial |
| Absentee Indicator | Absentee(Mail And Situs Not =) | Owner | Khalil  Jenab<br>Tiffany R Jenab<br>James S Lindsey<br>18 Cypress Ave, Kentfield, California, 94904 |

**Previous Owner**

Lindsey Family Trust

**Ownership Details**

| | | | |
|---|---|---|---|
| Universal Land Use | Industrial (Nec) | Property Indicator | Industrial |
| Absentee Indicator | Absentee(Mail And Situs Not =) | Owner | Lindsey Family Trust<br>18 Cypress Ave, Kentfield, California, 94904 |

**Previous Owner**

Locon Santa Clara LLC

Lowe Enterprises Inc

**Ownership Details**

| | | | |
|---|---|---|---|
| Universal Land Use | Industrial (Nec) | Property Indicator | Industrial |
| Absentee Indicator | Absentee(Mail And Situs Not =) | Owner | Locon Santa Clara LLC<br>Lowe Enterprises Inc<br>11777 San Vicente Blvd Ste 900,<br>Los Angeles, California, 90049 |

# Location Details

This section contains location details for this location

## Location Details

| Street | City | County | Country |
|---|---|---|---|
| 3250 Scott Blvd | Santa Clara | Santa Clara | US |
| 5 Digit Zip Code | County FIPS | Congressional District | Is Deliverable |
| 95054 | 06085 | 17 | Yes |
| Is Receiving Mail | Zip Type | UTC Offset | Location Type |
| Yes | Standard | -8 | Street |
| Location Use | Longitude | Latitude | |
| Commercial | -121.97205 | 37.37969 | |

# Census

This section contains census data for 95054.

## Census Data

| Number of Single Family Dwelling Units | Number of Multi Family Dwelling Units | Total Households |
|---|---|---|
| 2397 | 4422 | 8447 |
| **Average House Value** | **Persons Per Household** | **Income per Household** |
| $620,800.00 | 2.71 | 115344 |
| **Number of Businesses** | **Business Annual Payroll** | **Business Quarter 1 Payroll** |
| 1748 | 5721970 | 1444794 |
| **Total Addresses in Delivery Zone** | **Businesses in Delivery Zone** | |
| 11454 | 2954 | |

## SBSA (Core Based Statistical Areas) Information

| CBSA Type | CBSA Name | CBSA |
|---|---|---|
| Metro | San Jose-Sunny-vale-Santa Clara, CA | 41940 |

## PMSA (Primary Metropolitan Statistical Area) Information

| PMSA Name | PMSA |
|---|---|
| San Jose, CA PMSA | 7400 |

## MSA (Metropolitan Statistical Area) Information

| MSA Name | MSA |
|---|---|
| San Francisco-Oakland-San Jose CA CMSA | 7362 |

## CSA (Combined Statistical Area) Information

| CSA Name | CSA |
|---|---|
| San Jose-San Francisco-Oakland, CA | 488 |

# Demographics

This section contains demographics data for 95054.

---

## Population Demographics

### Total Population: 23,364

CBSA Population

1,836,911

| | |
|---|---|
| Asian | 14,062 (60%) |
| White | 7,365 (32%) |
| Hispanic | 3,150 (13%) |
| Other | 1,834 (8%) |
| Black | 897 (4%) |
| Hawaiian | 235 (1%) |
| Indian | 234 (1%) |

| | |
|---|---|
| Female | 11,296 (48%) |
| Male | 12,068 (52%) |

## Age Demographics

### Median Age: 32.9

Median Female Age

32.7

Median Male Age

33.1

Note: Criminal records & reports on neighbords were redacted in this filing. The full report was sent to defense counsel.

# EXHIBIT B

# RE: [EXT] Re: 3250 Scott -deeds

From Ashley Gjovik <ashleymgjovik@protonmail.com>

To Tarantino, William F. <WTarantino@mofo.com>

Date Monday, March 16th, 2026 at 12:58 PM

Thank you! I was up all night working on stuff for the other case but I just finished drafting a declaration and proposed stipulation and sent it to you and the other Norwegian.

If we can please get some version of that approved and signed, I'd appreciate it very much.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Sunday, March 15th, 2026 at 3:37 PM, Tarantino, William F. <WTarantino@mofo.com> wrote:

> And just to be clear, as soon as you let me know what you are looking for, we will work to respond quickly, likely within the same day. We should try to stipulate if at all possible.
>
> ---
>
> **From:** Tarantino, William F. <WTarantino@mofo.com>
> **Sent:** Saturday, March 14, 2026 6:31 PM
> **To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> **Cc:** Park, Julie Y. <JuliePark@mofo.com>
> **Subject:** Re: [EXT] Re: 3250 Scott -deeds
>
> I meant to respond to this earlier, but could you for me a sense of the extension you need and I can pass it along to the client and hopefully get it taken care of first thing next week?
>
> Bill
>
> **William F. Tarantino**
>
> Partner
>
> WTarantino@mofo.com
>
> T +1 (415) 268-6358

M +1 (415) 902-8553

Morrison Foerster

425 Market Street

San Francisco, CA 94105-2482

mofo.com | LinkedIn | Twitter

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Thursday, March 12, 2026 3:45:45 PM
**To:** Tarantino, William F. <WTarantino@mofo.com>
**Cc:** Park, Julie Y. <JuliePark@mofo.com>
**Subject:** [EXT] Re: 3250 Scott -deeds

Thank you, counselor. I appreciate you gathering these and while I do think discovery should have started, I understand your position is that it has not and that this is not production, and accordingly I would not hold it out as production.

I would ask that if I want to attach a copy in a filing if its okay for me to use the version you shared and indicate it was provided outside of discovery -- or if I'll still need to get my own copy from the county's clerk/recorder office.

I have not been able to start on my opposition filings in this case yet due to your other client's endless motions, emails, accusations, and unlawful conduct so I may end up needing to request another extension to respond. I also don't know if I'd use any of the documents you provided, but I'm asking now just to give more time to sort it out in case I am able to file on time and want to use them.

I do have questions about James Lindsey's role at the site and if he's still an owner -- and if so if he needs to be included. He wasn't listed on Jenab's disclosures but the deeds seem to indicate he still owns at least part of this property. Is this something that we can talk about and your client can clarify, or would I need to ask the court to intervene to get clarity on this? (For instance, if Lindsey is still a property owner, then he needs to be added to the litigation as an additional defendant -- which would require court approval, probably an amended complaint, and could impact pending motions/decisions).

I've asked about Lindsey a few times and never received a direct response or clarification, and it is critical to sort

out sooner than later.

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, March 9th, 2026 at 3:00 PM, Tarantino, William F. <WTarantino@mofo.com> wrote:

> Ms. Gjovik,
>
> Attached are the deeds to the property that are in the Jenab Defendants' possession. As we agreed, the Jenab Defendants are producing these deeds the understanding that we are not producing them in the context of formal discovery. As you know, it is our clients view that discovery has not commenced. The Jenab Defendants reserve all rights with respect to these documents, including any objections to their relevance and admissibility.
>
> Regards,
>
> Bill
>
> **William F. Tarantino**
>
> Partner
>
> WTarantino@mofo.com

T +1 (415) 268-6358

M +1 (415) 902-8553

Morrison Foerster

425 Market Street

San Francisco, CA 94105-2482

mofo.com | LinkedIn | Twitter

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

**4.26 KB** 1 embedded image

# RE: [EXT] Re: Gjovik v Jenab | 5:25-cv-07360 | Request for review of deed & lease

From Tarantino, William F. <WTarantino@mofo.com>

To Ashley Gjovik <ashleymgjovik@protonmail.com>

Date Friday, March 6th, 2026 at 10:28 AM

We will send the deed(s) today.

> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> **Sent:** Monday, March 2, 2026 7:40 PM
> **To:** Tarantino, William F. <WTarantino@mofo.com>
> **Cc:** Park, Julie Y. <JuliePark@mofo.com>
> **Subject:** RE: [EXT] Re: Gjovik v Jenab | 5:25-cv-07360 | Request for review of deed & lease
>
> Hello! That's great news. Thank you very much.
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**
>
> Sent with Proton Mail secure email.
>
> On Monday, March 2nd, 2026 at 5:15 PM, Tarantino, William F. <WTarantino@mofo.com> wrote:
>
>> Ashley:
>>
>> We did confirm that the landlord has the deed, but they had several questions regarding our advice. We will advise when we have been given authority to release it to you, which we expect shortly.
>>
>> Bill

Hello! Thank you for the response.

I would hope he has that deed around somewhere, but I guess if not, then I can get us both copies at the Clerk's office?

Thanks for asking him about it and trying to get me a copy. I also agree sharing those records would not independently indicate discovery had started, as I also produced dozens of documents to you months ago during the Motion for PI negotiations so I think there's space for early sharing regardless of either party's position on discovery officially starting or not.

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, February 26th, 2026 at 7:47 PM, Tarantino, William F. <WTarantino@mofo.com> wrote:

> Hello:
>
> Thanks for your patience. I was traveling when we spoke last week and was on the road against this week, currently on a long flight home. I don't have client authority yet to share the deed, but I will check with them tomorrow. I do not have the deed in my possession but I imagine the owner must, somewhere. The current plan is to recommend that he share it with you, but it's a new client relationship so I don't know if he will agree. Let me update you tomorrow or at the latest Monday and we will try to avoid you having to visit the recorder's

office. If we do share it, it will have to be with the understanding that we are not starting "discovery" but simply providing it as a courtesy.

Regards,

Bill

Hello,

I'm emailing to follow up after a phone call I had with Mr. Tarantino last week were Mr. Tarantino indicated that Mr. Jenab et al may actually be willing to share the deed and other publicly recorded property records (easements, etc) with me directly in order for me to avoid having to spend a day at the County recorders office and paying for printed copies of the same public documents.

Mr. Jenab's opposition to my request for an extension indicated he would not provide any of these documents willingly, so if there's been a change of course, I'd be delighted to hear that.

I was planning to go get them next week otherwise, so please do let me know.

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, January 28th, 2026 at 2:57 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello counsel for Jenab et al,
>
> As I've noted numerous times over the last several months, I think its critical that I am able to review any deeds, easements, AULs, and/or lease agreements for 3250 Scott Blvd.
>
> The City of Santa Clara is unique that it does not have a public deed database where people can independently view land records -- and instead requires that people visit a location in person to view records by appointment -- which is impossible from afar & without money to hire a contractor.
>
> Foundational to the case is who/what entity actually owns the parcel, property, and building; any existing covenants or easements; and the terms of any lease to rent the parcel, property, and/or building and who the specific entity / parties are in any agreements. As I noted earlier I believe there may be other parties who own the property who have no be disclosed yet and its unclear who exactly holds the fee simple interest or what % among multiple entities.
>
> I understand that Khalil Jenab and his various entities do not want to start discovery and he is/they are refusing to provide initial disclosures. I also understand per your notice of conflicts/interested parties, that he and his counsel believe no other parties have any economic interest in this proceeding, so then assumably the deed holder, lessor, etc all are entities which are named in this lawsuit already (Jenab and his various entities).
>
> However, its still unclear to me if all of the entities named in the lawsuit have or had a legal interest, as maybe some have not, and in which case they should be removed -- but I have no data, initial disclosure, or interrogatory confirming this either way.
>
> I'm asking you to please provide the 3250 Scott Blvd documents noted above (deed, lease, covenant, etc) for my review. I'd prefer you produce them with bates numbers and if you feel it necessary to redact certain terms, that you do so with a redaction log provided at the time of production.
>
> Jenab's deed(s) should be extremely straightforward and there would be no redactions when I eventually go to view it in person so I would expect you can promptly produce the deed-related document(s) without delay or hassle.

I expect that Apple will be vehemently opposed to sharing a copy of the lease, despite it being an extremely basic business and property record, and something that they will be forced to produce themselves eventually. However, Jenab can produce this himself.

Unless Apple built an NDA about the lease into the lease, Apple does not need to be involved. That said, if there is an NDA in the lease about the lease (which would be Apple's m.o.) then I want at least an early "peek" while we sort out those details (maybe redact the terms Apple feels are actually confidential). We could do a peek over a video chat without you providing the actual document to me, as a first step.

I will still need to be able to cite/quote terms from the lease if its relevant to the pending motions/issues. I do not expect any need to quote or cite the rent price at this time, however if there are liquidated penalties for early cancelation of the lease by Jenab (which is also typical for Apple to include) I may want to cite those as it could show an implication that Jenab may be coerced by Apple to not take action regarding any environmental violations or else Apple will charge him for a certain, likely very large, amount of money (as is Apple's m.o.).

If Jenab is aware that Apple holds deeds, easements, etc. themselves for Jenab's property and for which Jenab is not also named on those documents, I would like that information and then I will send a separate request to counsel for Apple and ask them to discuss with that client.

Overall this request will test my concerns about conflicts of interest among parties/counsel -- if you and Apple block Jenab, or dissuade Jenab from sharing these documents when he may otherwise share them (this is an extremely basic request), and then I have to move to compel Jenab to produce them and the explanation ends up being that Apple does not want Jenab to share them and Apple used their own counsel to block that production -- that would be a clear conflict that creates tangible obstruction and delays in the proceeding due to the failure to obtain separate counsel for parties with differing interests.

This also tests your refusal to start discovery. Your stated reasons reflect that Jenab and his counsel believe the entire case should be dismissed, and thus nothing is relevant (which is not a rule or policy and would create extensive disruption in case mgmt if applied widely). I am asking for very basic documents, that are public records or of that nature, in order to ensure the case names the correct parties, reflects their actual legal relationships, and narrows any overbroad claims/assertions accordingly. My request is actually inline with your stated reason to not start discovery -- I want to ensure claims are narrow, accurate, and aimed at the right persons. If you refuse to provide copies of / access to these documents w/ fundamental information about the property and legal relationship

between defendants, and which is material for the pending motions and responses, you will need to explain your rationale why.

If you would like this request sent to you as a formal request for production, I will do that along with initial disclosures, and then if you refuse, I will raise the issue to the assigned magistrate judge. For now I'm starting with an email and am hoping for a prompt production and/or peek without much ado.

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Thursday, February 26, 2026 1:23 PM
**To:** Park, Julie Y. <JuliePark@mofo.com>; Tarantino, William F. <WTarantino@mofo.com>
**Subject:** [EXT] Re: Gjovik v Jenab | 5:25-cv-07360 | Request for review of deed & lease

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Thursday, February 26, 2026 9:28 PM
**To:** Tarantino, William F. <WTarantino@mofo.com>
**Cc:** Park, Julie Y. <JuliePark@mofo.com>
**Subject:** RE: [EXT] Re: Gjovik v Jenab | 5:25-cv-07360 | Request for review of deed & lease

> ================================================================
> =====
>
> This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

================================================================
=

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

# EXHIBIT C

**Julie Y. Park** (she/her)

T +1 (858) 314-7560

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, August 17, 2026 1:38 PM
**To:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Cc:** Park, Julie Y. <JuliePark@mofo.com>; Tarantino, William F. <WTarantino@mofo.com>
**Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360)

Hey,

In my experience, hearings around that time do actually get cancelled or delayed until early December. This is an urgent public safety/hazard case so delaying things two weeks for no great reason doesn't sound reasonable and I cannot stipulate to good cause for doing that.

I'd like to hear what MoFo thinks about the proposed modified schedule that gives them more than enough time for their Motions (which will assumably be mostly recycled from the last two rounds) and two weeks for their replies.

I'd also still like an update on the Lindsey situation and if MoFo is representing him or not. If not, we need to also provide an update to Judge Pitts that the schedule may be modified again once he appears -- and I will need to note I asked for info on Lindsey from MoFo for nearly a year without any update and MoFo suggested me delaying/holding service, which would have extended even further our timelines.

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Monday, August 17th, 2026 at 1:28 PM, Svend Brandt-Erichsen <sbrandterichsen@nossaman.com> wrote:

> It is not surprising that MoFo needs additional time for reply, as it has multiple clients and more of the claims are directed against Apple. I would suggest we keep the schedule simple and shoot for an 11/19 hearing. That is a week before Thanksgiving and so unlikely to be canceled.
>
> Svend
>
> ---
>
> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> **Sent:** Monday, August 17, 2026 1:23 PM

**To:** Park, Julie Y. <JuliePark@mofo.com>
**Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>; Tarantino, William F. <WTarantino@mofo.com>
**Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360)

Hey,

Since Santa Clara didn't need more than a week and we have yet to hear from Mr. Lindsey, let's set Santa Clara's reply date for Oct 22 2026 following my Oppositions to Santa Clara's motion to be filed Oct 15 2026, after their Motion being due 9/17/26. If Apple and Jenab want two weeks for a reply let's set their deadline for motions to Sept. 10 2026 which still gives them excessive time to work on their filings. Then my Opposition can be due for Apple and Jenab on Oct 8 2026, and their reply due Oct. 22 2026 along with Santa Clara's. Then we can still have our hearing on Nov 5 2026.

It seems near certain hearings around Thanksgiving are likely to be canceled, and as of now Mr. Lindsey's Motion/Answer will be due three weeks after service, which is Sept. 7 2026 -- well before the other defendant's deadlines. We will also need to talk to his lawyer(s) about aligning schedules once he joins as well -- but assmably can file our stipulation first since your responses are otherwise due in a couple days.

Speaking of which, does MoFo have any updates on the Lindsey situation?

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Monday, August 17th, 2026 at 1:04 PM, Park, Julie Y. <JuliePark@mofo.com> wrote:

> All: We will need more than one week to prepare our reply brief; we could do either 10/29 or 11/5. In either case the next available hearing date would be 11/19, which is still before Thanksgiving. Please let us know if that works for you. Thank you.
>
> Best regards,
>
> Julie
>
> **Julie Y. Park** (she/her)
>
> T +1 (858) 314-7560
>
> > **From:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
> > **Sent:** Monday, August 17, 2026 12:08 PM
> > **To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> > **Cc:** Tarantino, William F. <WTarantino@mofo.com>; Park, Julie Y. <JuliePark@mofo.com>
> > **Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360)

That briefing schedule works for the City. The judge's calendar indicates he is not available November 9 -13 – so he should be available November 5.

Svend

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Sunday, August 16, 2026 9:39 PM
**To:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Cc:** Tarantino, William F. <WTarantino@mofo.com>; Park, Julie Y. <JuliePark@mofo.com>
**Subject:** [External] RE: [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360)

Hello,

I can agree to a Sept. 17 2026 deadline for all defendants responses if I they agree to a Oct. 15 2026 deadline for my oppositions. The brief replies could then be due Oct. 22 2026 and hearing date would be Nov 5 2026, before the Thanksgiving holiday rush. Does that work? If so, who will be drafting the stipulation? (Reminder we need to include all prior extensions and a justification for the extension request -- mine being that I will need to respond to, presumably, four separate Motions to Dismiss).

Additionally, James Lindsey was served today via personal service and Proof of Service was filed to docket 105. Several government agencies have already been served but more are in progress and I'll file a part 2 cert/proof of service once those are complete.

On a side note, I will be attending the Santa Clara City Council meeting on 8/18 to speak about this facility/property during the Public Participation portion of the agenda. If there's any objections to my appearance and participation as a prior resident and legislative advocate related to this case, please let me know right away.

Thanks,

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Friday, August 14th, 2026 at 4:46 PM, Svend Brandt-Erichsen <sbrandterichsen@nossaman.com> wrote:

> Chiming in the for City on the briefing schedule – September 17 would work for us as a deadline to renew motions to dismiss. We also would be willing to allow additional time for response to the motions.

Svend

---

**From:** Tarantino, William F. <WTarantino@mofo.com>
**Sent:** Friday, August 14, 2026 4:38 PM
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Cc:** Park, Julie Y. <JuliePark@mofo.com>; Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Subject:** [External] RE: [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360)

Ashley,

Sorry the day got away from me. I don't know what his actual residence address is, but I think it would make sense for you to hold off on personal service while we try to work through this a bit. What we do know is that James sold his interests to his daughters and that they are in two trusts, as you state. We are relatively confident that he is no longer the trustee/agent. We are working to (1) confirm the current trustees; and (2) get permission from Apple to represent them, which we do expect to get.

Practically, the most likely outcome of all this is that we will end up being their lawyers, and we will either be able to accept service on their behalf or at least direct you to the right address, if for some reason they don't want us to accept service. We have a mutual interest in getting the right people in the case and keeping people who don't belong in the case out, so give us a few days to work through it. If it would be easier, we can set up a call on Tuesday so we can do our best to make sure it's all addressed by then.

On the responsive pleading, will you agree to September 17th? Thanks very much.

Bill

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, August 14, 2026 4:07 PM
**To:** Tarantino, William F. <WTarantino@mofo.com>
**Cc:** Park, Julie Y. <JuliePark@mofo.com>; Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Subject:** Re: [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360)

Hey folks,

I still haven't received any update from you today so I'm still proceeding with service. It's quite expensive for five new defendants and I hope he will be available to receive service. I'm serving him at what appears to be his current residence in San Rafael (749 Deer Valley Rd) per the Intelius background report I emailed you on 8/11. Please let me know right away if this is not actually his current residence.

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Friday, August 14th, 2026 at 8:20 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hey Bill,
>
> Can you please quickly clarify. The property records show James Lindsey transferring title multiple times, and most recently into four trust accounts, which he is assumably a trustee and agent. The question then would be who is the trustee of these trust accounts? Who can act as agent for them? As you know, trusts in California are not actual business entities and so we need to know who the trustees are, who is designated as the agent for legal matters, and other basic information. If your email meant that James Lindsey was removed from the trust accounts (ie no longer trustee, agent, etc) and someone else is now trustee, agent, etc, please let me know right away so I can cancel the current process server.
>
> Thanks,
>
> -Ashley
>
> —
>
> **Ashley M. Gjøvik, BS, JD, PMP**
>
> Location: Alviso, San José, California
>
> Phone: (415) 964-6272
> Website: ashleygjovik.com
>
> Business consulting: A.M. Gjovik Consulting, L.L.C.
>
> Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816
>
> On Friday, August 14th, 2026 at 6:33 AM, Tarantino, William F. <WTarantino@mofo.com> wrote:
>
>> Sorry, Ashley. We are working on this and needed to get client permission. Lindsay sold his interest so is not a current owner. I can provide some more detail later this morning/early afternoon.
>>
>> Get Outlook for iOS
>>
>> ---
>>
>> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
>> **Sent:** Thursday, 13 August 2026 22:57:30
>> **To:** Park, Julie Y. <JuliePark@mofo.com>
>> **Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>; Tarantino, William F. <WTarantino@mofo.com>
>> **Subject:** RE: [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360)
>>
>> Hello,
>>
>> No one responded to my 8/11 email and its now late night 8/13. Accordingly, I just initiated personal service on Mr. Lindsey and a process server should be enroute to him this week.

Additionally, is there any update on a stipulated schedule for responses?

Thank you,

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Tuesday, August 11th, 2026 at 11:27 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,
>
> Regarding the timeline -- by default, Santa Clara, Apple, & Jenab et al will have fourteen days to respond to the Amended Complaint (8/20), followed by fourteen days for me to file my Opposition (9/3), and then seven days for the defendant's Reply (9/10). (I believe those dates are right but I'd need to double check and the actual dates prescribed by the rules would of course govern). Apple and Jenab's request to file their Motions to Dismiss on 10/5 is a request for 46 day extension in addition to the fourteen days mentioned. That would give Apple & Jenab et all around sixty days to simply file a Motion to Dismiss after they've already filed two in this case already, and three+ in the private toxic tort case, about the same facility. That seems entirely unreasonable. Can you provide any justification as to why an urgent public safety lawsuit should be delayed two months for defendants to simply file a motion -- let alone one they've already drafted and filed twice prior? I'm fine agreeing to a three-week deadline, or maybe even four-week with a proper justification, but I cannot agree to a six-week deadline. As you know, when we stipulate to changing the schedule, we have to detail all prior timeline changes and also detail the justification and rationale for the current requested changes.
>
> Additionally, a copy of the summons is attached. Please let me know by tomorrow what the plan is -- if I need to serve Mr. Lindsey, I need to do it right away because his timeline for responding to the summons/complaint starts only after he is served -- as you know.
>
> The parties I'm tracking for Mr. Lindsey et al are:
>
> - James Lindsey
> - Lindsey Family Trust
> - Lindsey Julia Family Trust
> - Lindsey Property Trust
> - Woodruff Kathleen Trust
>
> It appears the most recent address for the majority of the trusts is 124 Wildwood Ave, Piedmont, California, 94610 but that Mr. Lindsey himself may now live in Florida.

Assumably Mr. Jenab knows how to reach his business partner and can help shine some light on where/how to serve the entities associated with the property.

Thanks,

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Monday, August 10th, 2026 at 9:46 PM, Park, Julie Y. <JuliePark@mofo.com> wrote:

> Ms. Gjovik: Thank you for reaching out. We will get back to you on the service question. As to the briefing schedule, we do plan to file another motion to dismiss and suggest Monday 10/5 as the deadline. We're happy to work with you on the opposition timing, and Judge Pitts asked for 2 weeks with the papers before the hearing. Let us know what works for you on the opposition, and we can propose the reply/hearing timing, subject to your and the City's availability / approval.
>
> Best regards,
>
> Julie
>
> **Julie Y. Park** (she/her)
>
> T +1 (858) 314-7560
>
> > **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> > **Sent:** Monday, August 10, 2026 2:38 PM
> > **To:** Park, Julie Y. <JuliePark@mofo.com>; Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>; Tarantino, William F. <WTarantino@mofo.com>
> > **Subject:** [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360)
> >
> > **Hey Mr. Tarantino & Ms. Park,**
> >
> > I hope you're doing well. I wanted to touch-base with you regarding Mr. James Lindsey (your client, Kalil Jenab's, long-time business partner) and Lindsey's various property management trust accounts. Per public records, Mr. Jenab (and his family) have engaged in property purchases, transfers, sales, and leases with Mr. Lindsey (and his family) for at least twenty years. Neither your client nor your firm would provide a response regarding Mr. Lindsey's property ownership status of 3250 Scott Blvd during the times at issue in this litigation.

Public records indicate that at least three of Lindsey's trusts still hold title to 3250 Scott Blvd. (I'm attaching the Intelius report again)

Accordingly, I added Lindsey and the trusts to the litigation as additional defendants when I filed the Amended Complaint on 8/6. You assumably would have seen this by now. I need information from you and your client (Mr. Jenab et al) regarding who will be representing Mr. Lindsey (his long-time business partner and co-owner of the property at issue in this litigation) and where to serve Mr. Lindsey on behalf of the named trusts. Ideally, if MoFo represents Mr. Lindsey as well, you can accept service via email like you did with Mr. Jenab in 2025.

I requested a summons from the Clerk's office today and when provided by the court, needs to be promptly served. Please let me know if Mr. Jenab will be cooperating or if I will need to personally serve Mr. Lindsey (and if so, which person, entity, and location the service needs to occur at -- ideally with a date/time of when someone will be available to receive it).

**MoFo + Mr. Brandt-Erichsen,**

Additionally, because additional defendants were added and the 21-day response timeline triggered for those new defendants, the response timelines for the existing defendants will not be aligned with that of the new defendants. However, it seems straightforward to fold Lindsey & his trusts in with Jenab and his trusts/business entities, and to file responses together and at the same time -- as assumably the different property owners are aware of this litigation, the various government enforcement actions taken about this property, and would agree on a unified defense position -- so you could also agree to respond on behalf of Lindsey (if you represent him as well) with the same timeline as Jenab.

Further, Judge Pitts indicated if any defendants intended to file a motion to dismiss (rather than an Answer), that the parties needed to stipulate to a proposed schedule for that response. Either way, we should stipulate to a proposed response (Answer and/or Motions, depending on the party perhaps), with an aligned timeline. Ideally, we can just combine Lindsey with Jenab as "The Property Owners" and not further extend the timelines. Time is of the essence as this is a lawsuit about an active hazard and danger to public safety and the environment.

Please promptly respond with your positions.

Thanks,

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Thursday, March 12th, 2026 at 3:45 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

# EXHIBIT D

# RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification

From Ashley Gjovik <ashleymgjovik@protonmail.com>
To Tarantino, William F. <WTarantino@mofo.com>
CC Park, Julie Y. <JuliePark@mofo.com>, Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
Date Tuesday, August 18th, 2026 at 1:52 PM

Hello,

Notes from today's meeting are below. Attendees were Bill, Julie, Svend, and Ashley.

Agreed upon schedule:
- 9/17 - Motions Due from Santa Clara/Apple/Jenab
- 10/8 - Opposition due from Ashley re: Apple/Jenab
- 10/15 - Oppostion due from Ashley re: Santa Clara
- 10/22 - Replies from Santa Clara/Apple/Jenab due
- 11/5 - Hearing

To Do:
- MoFo to start draft for stipulation and send to the other parties.
- MoFo to review the 3250 Scott Blvd Intelius background/title report Ashley emailed this month and several times prior, including back in 2025.
- Ashley and MoFo to add a note in the stipulation regarding defendant status of James Lindsey, Julia Lindsey, and Kathleen Woodruff.
- Ashley to work with counsel for James Lindsey, and counsel for Julia Lindsey and Kathleen Woodruff regarding a response schedule.
- MoFo to notify Ashley if they think she needs to amend the complaint again to add Julia and Kathleen individually, rather then naming the trusts in the 2AC as Ashley did. Parties discussed stipulating to add Julia and Kathleen for existing named trusts rather than requiring an amended complaint.
- Now that Julia and Kathleen have been confirmed as owners, Ashley to serve them.

Notes:
- Julia Lindsey and Kathleen Woodruff, and their respective trusts, were confirmed to be current property owners and landlords of Apple.
- MoFo does not currently have approval to accept email service on behalf of Julia Lindsey and Kathleen Woodruff.
- Ashley not removing James Lindsey in the lawsuit for at least prior violations (penalties during past ownership, personally and/or as trustee/agent of trusts, LPs, and/or LLCs) as well as future injunctive relief (as it appears two of the trusts with active ownership, per Intelius, are still managed by James Lindsey; i.e., Lindsey Family Trust & Lindsey Property Trust).

Let me know if I missed anything.

-Ashley

—
**Ashley M. Gjøvik, BS, JD, PMP**
Location: Alviso, San José, California
Phone: (415) 964-6272
Website: ashleygjovik.com
Business consulting: A.M. Gjovik Consulting, L.L.C.
Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Monday, August 17th, 2026 at 6:24 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Bill,

Happy to talk. I'm available tomorrow between 12:30PM-3PM PT. Send a dial-in for whatever works and include Svend so the City can join.

So the call is productive, the agenda from my side: (1) the trustee identities and agents for service, and confirmation that disclosure is not contingent on the schedule; (2) whether MoFo is appearing for Mr. Lindsey; (3) the briefing and hearing schedule; and (4) if we don't reach agreement, logistics for a joint statement to Judge Pitts by end of day Wednesday, ahead of the August 20 deadline.

I'll confirm anything we discuss in writing afterward, and a stipulation or joint statement will need to be finalized by Wednesday either way.

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Monday, August 17th, 2026 at 5:11 PM, Tarantino, William F. <WTarantino@mofo.com> wrote:

This is increasingly counterproductive. Ashley, when are you available tomorrow for a teleconference?

Bill

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, August 17, 2026 5:01 PM
**To:** Park, Julie Y. <JuliePark@mofo.com>
**Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>; Tarantino, William F. <WTarantino@mofo.com>
**Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification

Counsel,

**<u>The June 25 hearing</u>**

I won't trade characterizations of the hearing; the transcript speaks for itself. For the record: the motion for preliminary injunction was denied without prejudice on standing/jurisdictional pleading grounds, not on the merits, the court left renewed preliminary relief available once the pleadings are resolved, and the Court expressly suggested a TRO if there is emergency in the interim. That is precisely why the schedule

matters: every additional week added to the briefing schedule directly delays my ability to seek that preliminary relief regarding an ongoing public safety hazard. That delay is concrete prejudice, and it must be addressed in any L.R. 6-2 or 6-3 declaration submitted in connection with a time modification.

**The justification remains insufficient**

To be precise: the only justification offered to date — the length of the complaint (for which you incorrectly include content such as graphic exhibits, the cover page, and the table of contents in your page count) and the fact that MoFo represents multiple clients — is generic and does not support a deadline roughly four times the Rule 15(a)(3) default. Your clients have already briefed motions to dismiss twice in this case, as did Orrick multiple times in the related litigation concerning the same facility and largely the same factual record. And the burden of jointly representing the property owner and the operator — parties with structurally adverse interests under the environmental liability scheme — was created by counsel's own choice and cannot serve as good cause. If Apple and the Jenab defendants have particularized reasons, provide them and I will consider them in good faith, as I have throughout.

**Conditioning disclosure of the defendants' identities on the schedule**

Your email states that MoFo will provide the trustee/Lindsey update by end of week "assuming we can reach an agreement on the schedule." As written, that sentence conditions the disclosure of the identity of the proper defendants — the trustees of the trusts holding title to the property at issue — on my agreement to your clients' proposed briefing schedule. The identity of the parties to this litigation and their agents for service is basic case information, not consideration to be exchanged for scheduling concessions. I have sought this information since 2025. The trustees' identities determine who must be served, when their response clocks begin, and how the overall schedule — the very schedule Judge Pitts directed the parties to work out — can be set. Withholding it pending my agreement to a contested schedule is improper on its face. If that condition was unintended, please expressly withdraw it and confirm the trustee identities and their agents for service will be provided by Friday, August 21 regardless of the status of the schedule negotiation. If the condition stands, please confirm that as well, and it will be presented to Judge Pitts verbatim.

**Chronology and path forward on the schedule**

For the record, the meet-and-confer chronology is as follows: I filed the Amended Complaint on August 6. I initiated the scheduling discussion on August 10, and in response the defendants proposed October 5 without justification. On August 11, I set out the default deadlines under the rules and offered three weeks, or four with a proper justification. On August 16, I offered September 17 for all defendants. On August 17, I restated a full proposed schedule through a November 5 hearing. Throughout, the Apple and Jenab defendants have neither accepted a date nor provided any particularized justification. Santa Clara did accept the proposed schedule. If the Apple and Jenab defendants now find themselves near their August 20 response deadline without a stipulation, that posture is entirely of their own making — and any L.R. 6-3 motion will need to describe these efforts, and the reasons agreement was not reached, in the required declaration. You also need to include this email chain which clearly shows I'm trying to meet/confer in good faith.

On the path forward: I accept your proposal that, absent agreement, the parties advise Judge Pitts of their respective positions and ask the Court to set the schedule. Concretely: if we have not reached agreement by end of day Wednesday, August 19, I propose the parties file a joint statement that day setting out each side's proposed schedule and supporting reasons, so the issue is before the Court ahead of the August 20 deadline. My position in that statement will be the schedule already on the table: Apple/Jenab motions September 10, Santa Clara motions September 17, oppositions October 8 and October 15, replies October 22, hearing November 5. Alternatively, defendants remain free to seek relief from the Court unilaterally under Rule 6(b) and Civil L.R. 6-3 before their deadline expires; I will respond within the time the rule provides. What I cannot do is stipulate that good cause exists for a two-month response deadline based on the justifications offered so far.

**Lindsey**

Mr. Lindsey's responsive pleading deadline remains Tuesday, September 8, 2026 (21 days from August 16 service, adjusted for the weekend and Labor Day). If MoFo will be appearing for him, please say so; if not, his counsel will be bound by that existing deadline.

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Monday, August 17th, 2026 at 4:35 PM, Park, Julie Y. <JuliePark@mofo.com> wrote:

> Ms. Gjovik:
>
> Thank you for your email.
>
> At the hearing, Judge Pitts encouraged the parties to "speak to one another in advance and see if you can agree upon a briefing and hearing schedule that will work well for all the parties and provide sufficient time." That is what we have been working on with you and the City.
>
> We also do not agree that the schedule needs to be compressed based on your characterization of this case as presenting an urgent public safety hazard. The Court denied preliminary injunctive relief and did not order expedited proceedings. Rather, Judge Pitts asked the parties to work together on a reasonable schedule for the anticipated motions.
>
> As we have indicated, September 10 does not give our clients adequate time to respond to the 160-page amended complaint, the majority of which is directed at them, and we need more than one week for reply. We continue to think a November 19 hearing provides a reasonable schedule, and we are happy to continue working with you and the City on the dates. If we cannot reach agreement, we can advise Judge Pitts of the parties' respective proposals and ask the Court to set the schedule.
>
> As to the Lindsey-related issues, we are continuing to work through them and expect to provide you with an update by the end of the week as previously indicated, assuming we can reach an agreement on the schedule.
>
> Best regards,
>
> Julie
>
> **Julie Y. Park** (she/her)
>
> T +1 (858) 314-7560
>
> > **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> > **Sent:** Monday, August 17, 2026 4:14 PM
> > **To:** Park, Julie Y. <JuliePark@mofo.com>
> > **Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>; Tarantino, William F. <WTarantino@mofo.com>
> > **Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification

Counsel,

**Justifications for the requested extension (Civil L.R. 6-2)**

As you know, any stipulated time modification must be supported by a declaration setting forth the reasons for the request, all prior time modifications in this case, and the effect on the schedule. Civil L.R. 6-2(a). I therefore need each client's specific justification — Apple's and the Jenab defendants' separately — for a filing deadline roughly four times the 14-day default under Rule 15(a)(3), for motions to dismiss that will substantially repeat the two prior motions filed in this case and the multiple motions filed in the related toxic tort litigation concerning the same facility.

"*We have multiple clients*" is not a justification I can stipulate to as good cause. MoFo made the decision to jointly represent the property owner and the operator — parties whose interests are structurally adverse in this litigation. Under CERCLA and RCRA, owners and operators are separately liable and hold contribution and cost-recovery claims against one another (see 42 U.S.C. § 9613(f)), and under California nuisance law each can and typically does point to the other on causation and abatement responsibility. I have repeatedly noted this conflict. Whether your clients' informed consent resolves it is between you and them — but a burden created by counsel's own choice of joint representation cannot be converted into good cause for tripling the briefing schedule in a case concerning an alleged ongoing public safety hazard. If joint representation makes the deadlines unworkable, the answer is separate counsel, not a two-month delay.

**Proposed schedule**

My proposal remains on the table and is already generous: Apple/Jenab motions due September 10, 2026 (five weeks from the Amended Complaint); Santa Clara motions due September 17, 2026; my oppositions due October 8 and October 15, 2026 respectively; all replies due October 22, 2026; hearing November 5, 2026. Mr. Brandt-Erichsen has confirmed Judge Pitts appears available November 5. This gives your clients more than triple the default time and gives you the two weeks you requested for replies. If Apple and Jenab can articulate concrete, particularized reasons requiring more time, let alone the time already requested, I will consider up to September 17 to align all defendants — but the L.R. 6-2 declaration will need to state those reasons, and I will not misrepresent good cause to the Court.

Absent a stipulation, the appeared defendants' responses to the Amended Complaint are due August 20, 2026 (three days from now) under Rule 15(a)(3), and defendants may of course seek relief from the Court under Rule 6(b) with their own showing of good cause.

**James Lindsey**

Mr. Lindsey was personally served on August 16, 2026 (Proof of Service at Dkt. 105). His responsive pleading is due 21 days later under Rule 12(a)(1)(A)(i): September 6 falls on a Sunday and September 7 is Labor Day, so his deadline is Tuesday, September 8, 2026.

Your position that Mr. Lindsey "is not a proper defendant" because he transferred his interests, even if he did transfer interests at some point (which is not confirmed and no evidence has been provided), is not supported by the governing law, and a conclusory assertion does not resolve it. RCRA § 7002(a)(1)(B) reaches past owners and operators who contributed to the handling, storage, or disposal creating an imminent and substantial endangerment, and California nuisance liability attaches to those who created or maintained the nuisance regardless of subsequent transfer. Public records indicate Mr. Lindsey owned the property — directly and through the trusts — throughout the relevant period, including the 2014–2015 EIR, leasing, and facility bring-up. If your clients contend otherwise, please provide the transfer dates and instruments; you have already produced deeds informally, so this should be straightforward. If Mr. Lindsey believes he is not a proper party, that is an argument for his counsel to make in a Rule 12 motion — not a basis for non-appearance. If MoFo will not be representing him, he needs to retain counsel now.

**Identification of the trustees**

It is not credible that the identity of the current trustees remains unknown. Mr. Jenab co-owns this property. He and Mr. Lindsey have transacted in real property together for decades. I have repeatedly asked about Mr. Lindsey's ownership status; this property has now been the subject of three years of litigation and enforcement activity, including this suit, the EPA enforcement action, and the toxic tort matter pending before the Ninth Circuit. A co-owner of a $10M commercial property knows, or can immediately determine, who holds title with him. Please provide the names of the current trustees of the Lindsey Family Trust, Lindsey Julia Family Trust, Lindsey Property Trust, and Woodruff Kathleen Trust, and their agents for service, no later then end of week as Ms. Park proposed — with the understanding that this is the final informal request before I raise the issue with Judge Pitts.

I also note for the record that on August 14 your office suggested I hold off on personal service while you "work through" representation. Because a defendant's response clock runs only from service, delaying service extends every downstream deadline. I declined, and served. Further suggestions to delay service will be included in any account to the Court of why this schedule has slipped.

**The trusts as named parties**

Once the trustees are identified, I am prepared to stipulate to substituting "[Trustee], as trustee of the [X] Trust" for the named trusts without a further amended complaint, if defendants will so stipulate; otherwise I will seek leave to amend. Either way, this correction is only possible once you disclose the trustees — which is one more reason the delay in identifying them is prejudicial and needs to be included, with a timeline, in our stipulation.

Please provide (a) Apple's justification, (b) the Jenab defendants' justification, (c) the trustee identities, and (d) your position on the proposed schedule by Wednesday, August 19, so the stipulation can be filed before the August 20 default deadline.

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Monday, August 17th, 2026 at 3:13 PM, Park, Julie Y. <JuliePark@mofo.com> wrote:

> A September 10 filing deadline doesn't work for us. As Svend notes, we have multiple clients, and the majority of the 160-page complaint is directed at our clients. We similarly don't see any reason why a 11/19 hearing would get postponed unless the parties sought a continuance.
>
> As to James Lindsey, he is not a proper defendant in the case. We are working on determining the applicable trustees of the trusts that own the property and hope to get back to you by the end of the week if not sooner. We expect we will likely be representing those trustees and that we would be able to stipulate on their behalf to the proposed timeline.
>
> Best regards,
>
> Julie

# EXHIBIT E

# RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification

From Park, Julie Y. <JuliePark@mofo.com>
To Ashley Gjovik <ashleymgjovik@protonmail.com>, Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
CC Tarantino, William F. <WTarantino@mofo.com>
Date Wednesday, August 19th, 2026 at 1:53 PM

We'll finalize and file. Thanks, everyone.

**Julie Y. Park** (she/her)

T +1 (858) 314-7560

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Wednesday, August 19, 2026 1:53 PM
**To:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Cc:** Park, Julie Y. <JuliePark@mofo.com>; Tarantino, William F. <WTarantino@mofo.com>
**Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification

Thanks folks! Let's ship it.

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Wednesday, August 19th, 2026 at 1:32 PM, Svend Brandt-Erichsen <sbrandterichsen@nossaman.com> wrote:

> Yes.
>
> > **From:** Park, Julie Y. <JuliePark@mofo.com>
> > **Sent:** Wednesday, August 19, 2026 1:31 PM
> > **To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> > **Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>; Tarantino, William F. <WTarantino@mofo.com>
> > **Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification
> >
> > OK by us. Svend, are you signed off on this? Thank you.

**Julie Y. Park** (she/her)

T +1 (858) 314-7560

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Wednesday, August 19, 2026 12:36 AM
**To:** Park, Julie Y. <JuliePark@mofo.com>
**Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>; Tarantino, William F. <WTarantino@mofo.com>
**Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification

Hello,

This looks fine except I want to change the wording regarding Lindsey. I updated the footnote to clarify the stipulation was only being filed on behalf of defendants who have currently appeared. As discussed earlier today, Defendants will also include Julia Lindsey and Kathleen Woodruff, so the prior foot note was not complete/accurate.

If my revised version looks ok, then you have my okay to file.

Thanks,

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Tuesday, August 18th, 2026 at 4:14 PM, Park, Julie Y. <JuliePark@mofo.com> wrote:

> Good point. That change is reflected in the attached. Thanks, Svend!
>
> **Julie Y. Park** (she/her)
>
> T +1 (858) 314-7560
>
> ---
>
> > **From:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
> > **Sent:** Tuesday, August 18, 2026 4:11 PM
> > **To:** Park, Julie Y. <JuliePark@mofo.com>; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Tarantino, William F. <WTarantino@mofo.com>

**Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification

My only suggestion is that in reciting the hearing date we change "held on" to "set for" in the two places it occurs (changing "motions to dismiss shall be held on November 5, 2026").

You are authorized to add my e-signature and file.

Svend


**Svend Brandt-Erichsen**

**NOSSAMAN LLP**

T 206 395.7630 | sbrandterichsen@nossaman.com


This email and any accompanying attachments are confidential and privileged. They are intended solely for the intended recipient. If you are not the intended recipient, any disclosure, distribution, or action taken in reliance on this message is prohibited. Instead, please notify the sender immediately and delete it from your system.

---

**From:** Park, Julie Y. <JuliePark@mofo.com>
**Sent:** Tuesday, August 18, 2026 4:05 PM
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Tarantino, William F. <WTarantino@mofo.com>
**Cc:** Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>
**Subject:** RE: [External] [EXT] Re: Gjovik v Lindsey, Jenab, City of Santa Clara, & Apple Inc (CAND 5:25-cv-07360) — Stipulation Justifications, Lindsey Deadline, Trustee Identification

Ashley and Svend. Attached is a draft stipulation. We determined that we could file this under LR 6-1(a), which does not require a Court order for responses to complaints. Please let us know if you have any edits or revisions, or if we have your approval to add your e-signature and file. Thank you.

Best regards,

Julie


**Julie Y. Park** (she/her)

T +1 (858) 314-7560


---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Tuesday, August 18, 2026 1:53 PM
**To:** Tarantino, William F. <WTarantino@mofo.com>
**Cc:** Park, Julie Y. <JuliePark@mofo.com>; Svend Brandt-Erichsen <sbrandterichsen@nossaman.com>

# EXHIBIT F

Search for case by number, title, court...

Case Activity & Search ▶ Case Details

# Case Details

## Overview

PRIORITY DELIVERY

(1) Contacts

Case entry in progress....

SUBMITTED
8/19/2026

REFERENCE ID
REF-27262637

JOB TYPE & LEGAL DOCUMENT CATEGORY
Other | Other

CASE NUMBER
Not available

COURT
Not available

PARTY TO SERVE
**Julia Lindsey**

ADDRESS: 124 Wildwood Ave, Piedmont, CA 94610-1047

STATUS: PRIORITY DELIVERY | Under Review

## Progress Overview

View: Proofs Invoices

**Delivery Speed:** Priority

1 Review | Reviewing Your Documents
2 File
3 Service
4 Proof
5 Complete

Stop & Cancel

**Real-Time Update** 8/19/2026

Thank you! We've received your order, and one of our in-house experts is currently reviewing your document to ensure everything is in perfect order.

## Key Events

Key events such as deadlines, hearings, filings and proof of service display in this section.

## Updates & Activity

Expand All | Collapse All

Jump to: Support

8/19/26 4:08 PM PDT

Order Received: Priority Delivery for Service of Process requested upon 1 party by Ashley Gjovik

**Julia Lindsey**
124 Wildwood Ave, Piedmont, CA 94610-1047

**Physical Description / Helpful Notes**
Please serve Julia Lindsey. In California, trusts are not business entities and cannot be sued directly. The trusts should not be added as separate purchases or service targets. In my last order, ABC improperly charged me for four additional purchases for non-entity, non-suable trusts -- without my approval or consent. Only serve the person named and do not add additional purchases without contacting me first and getting my approval.

(8)

**Requestor**
Ashley Gjovik

Documents

Invoices

Support

Need Help?

**Read Our FAQs for answers to common questions.**

Create a Customer Support Ticket

Please explain the issue and a member of our team will follow up.

Attach or Drag & Drop Documents

Send Request

FAQ & Documentation Terms of Service

Search for case by number, title, court...

Case Activity & Search ▶ Case Details

# Case Details

## Overview

PRIORITY DELIVERY

(1) Contacts

Case entry in progress....

SUBMITTED
8/19/2026

REFERENCE ID
REF-27262720

JOB TYPE & LEGAL DOCUMENT CATEGORY
Other | Other

CASE NUMBER
Not available

COURT
Not available

PARTY TO SERVE
**Kathleen Woodruff**

ADDRESS: 70 Ellsworth St, San Francisco, CA 94110-5639

STATUS: PRIORITY DELIVERY | Under Review

## Progress Overview

View: Proofs Invoices

**Delivery Speed:** Priority

1 Review | Reviewing Your Documents — 2 File — 3 Service — 4 Proof — 5 Complete

Stop & Cancel

**Real-Time Update** 8/19/2026

Thank you! We've received your order, and one of our in-house experts is currently reviewing your document to ensure everything is in perfect order.

## Key Events

Key events such as deadlines, hearings, filings and proof of service display in this section.

## Updates & Activity

Expand All | Collapse All

Jump to: Support

8/19/26 4:11 PM PDT

Order Received: Priority Delivery for Service of Process requested upon 1 party by Ashley Gjovik

**Kathleen Woodruff**
70 Ellsworth St, San Francisco, CA 94110-5639

**Physical Description / Helpful Notes**
Please serve Kathleen Woodruff. In California, trusts are not business entities and cannot be sued directly. The trusts should not be added as separate purchases or service targets. In my last order, ABC improperly charged me for four additional purchases for non-entity, non-suable trusts -- without my approval or consent. Only serve the person named and do not add additional purchases without contacting me first and getting my approval.

(8)

**Requestor**
Ashley Gjovik

Documents

Invoices

Support

Need Help?

**Read Our FAQs for answers to common questions.**

Create a Customer Support Ticket

Please explain the issue and a member of our team will follow up.

Attach or Drag & Drop Documents

Send Request

FAQ & Documentation Terms of Service

# EXHIBIT G

# Notice of Intent to File Citizen Suit re: 3250 Scott Blvd, Santa Clara, California

From Ashley Gjovik <ashleymgjovik@protonmail.com>

To Kalil Jenab/USA <kalil.jenab@cushwake.com>, kate.adams@apple.com, tcook@apple.com, cityattorney@santaclaraca.gov, manager@santaclaraca.gov, fire@santaclaraca.gov

Date Friday, August 29th, 2025 at 1:25 PM

Dear Defendants: Apple Inc, the City of Santa Clara, and "Kalil Jenab,"

This message is to inform all parties that I intend to file the citizen enforcement action regarding 3250 Scott Blvd (described in my prior sixty-day notice) on September 2 2025, in the U.S. District Court for the Northern District of California.

The statutorily required sixty-day notice service was initiated on June 30, 2025, received by all parties no later than July 2, 2025, and completed via certified mail and/or process server. As stated in the original notices, this suit involves violations of the Clean Air Act, Clean Water Act, Resource Conservation and Recovery Act, Toxic Substances Control Act, Emergency Planning and Community Right-to-Know Act, and California Public Nuisance law. Federal records document the violations are ongoing, no party has attempted to claim that violations are not ongoing, and subsequent inspections and monitoring from July and August reflect continued noncompliance. I have also received no notice from U.S. EPA or U.S. DOJ of any intent to pursue their own enforcement action; accordingly, I have concurrently notified EPA of my intent to file this lawsuit as a Citizen Suit on September 2 2025.

For purposes of service of the complaint and summons, expected to be filed September 2 2025, please provide any corrections or clarifications no later than 12:00 PM PT on September 1:

**Apple Inc:**
The complaint and summons are planned to be served on CT Corporation, your registered agent for service of process in California. If you have retained legal counsel for this lawsuit, or otherwise want to designate someone else for service, please advise. The "Apple Inc." defendant will also represent its contractors and agents operating under legal agreement with Apple at the facility (including but not limited to ACT Enviro) and Apple is expected to share the complaint with those parties.

**City of Santa Clara:**
The complaint will be served to the City Attorney at the City Attorney’s Office. If another contact is preferred, please advise. The “City of Santa Clara” defendant includes relevant city departments and employees, including the Fire Department and hazardous materials teams, and the City is expected to share the complaint with appropriate personnel.

**"Kalil Jenab":**
You were served the sixty-day notice at your home address and at Cushman & Wakefield, where you are employed. You are listed on various documents related to this facility as, and/or acting on behalf of, the property owner in multiple forms, including as the agent of and/or trustee for various trusts and business entities (including but not limited to: Jenab Family Trust, Jenab Family Ventures LLC, Jenab Family Limited Partnership, Lindsey Property Trust, Lindsey Family Trust, Woodruff Kathleen Trust, Tiffany R. Jenab, Tiffany R. Khalil, and the Jenab Family 1997 Trust), with differing mailing addresses. You appear to be the agent for all of these and many list your residential

address. Despite requests, including by email on July 2 2025, you have not clarified ownership. Unless clarified by September 1 at 12:00 PM PT, the defendant will be listed as "Kalil Jenab," individually and/or representing any trusts, business entities, or agents related to the property, including Cushman & Wakefield. Service will be directed to you by name at your office address at Cushman & Wakefield. Your failure to clarify ownership will be noted in the complaint.

This message is a courtesy to avoid disputes over service. This communication does not constitute any agreement, waiver, or limitation of claims, and I expressly reserve all rights. A courtesy copy of the sixty-day notice that you already received, along with a proof of service of the notice, are attached.

If you have not already, please ensure appropriate electronic and physical evidence preservation protocols are in place.

Sincerely,
Ashley M. Gjovik
Pro Se Plaintiff

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

---

**10.38 MB** 2 files attached

gjovik_citizen_suit_service_20250731_20250718_combined_final_certified.pdf 9.67 MB

3250_scott_fab_-_sixty_day_notice_of_citizen_suit.pdf 721.42 KB

# Re: Notice of Intent to File Citizen Suit re: 3250 Scott Blvd, Santa Clara, California

From Ashley Gjovik <ashleymgjovik@protonmail.com>

To Kalil Jenab/USA <Kalil.Jenab@cushwake.com>

CC kate.adams@apple.com, tcook@apple.com, cityattorney@santaclaraca.gov, manager@santaclaraca.gov, fire@santaclaraca.gov, Tarantino, William F. <WTarantino@mofo.com>

Date Monday, September 8th, 2025 at 3:26 PM

Hello,

The lawsuit (5:25-cv-07360-NC) was filed on Sept. 2 2025. I'm awaiting provision of the summons and then formal service will be completed, unless waived.

I'm attaching a digital copy of the complaint as a courtesy.

I still have not heard back with confirmation about legal representation or service methods for Defendants Apple or City of Santa Clara.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, August 29th, 2025 at 7:22 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Thank you for confirming, Mr. Jenab. Have a nice weekend.
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**
>
> Sent with Proton Mail secure email.
>
> On Friday, August 29th, 2025 at 7:20 PM, Kalil Jenab/USA <Kalil.Jenab@cushwake.com> wrote:
>
>> I am the agent for Jenab Family LP.
>> My work address works best.
>> Best, Kalil
>> Sent from my iPhone
>> Please excuse typos

On Aug 29, 2025, at 3:30 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

<0.jpg>

Hello,

Thank you for the clarification, Mr. Jenab. I assume you are an agent of Jenab Family LP but I would appreciate your confirmation on that; and if not, for you to provide information as to who is and where they can be served. Otherwise, I will still plan to serve you at your office to ensure prompt service during business hours unless you would prefer to be served at home and can confirm a day you would be home to receive it. Either way, I would expect you to share the complaint and summons with the proper agent, if not you.

I'm also adding what appears to be Apple's defense counsel for this matter (William Tarantino at MoFo), who just sent me a separate cryptic communication, but has not yet confirmed the information requested below. I also objected to Mr. Tarantino, and I capture that objection in this reply, that it seems highly improper for William Tarantino and MoFo to provide defense counsel for Defendant Apple Inc when Mr. Tarantino is named directly in the Notice and will also be named directly in the Complaint. Mr. Tarantino, can you please confirm who is retained as counsel for Apple for the litigation that will be commenced on 9/2/25, and if Apple has any modified requests for service?

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, August 29th, 2025 at 6:08 PM, Kalil Jenab/USA <Kalil.Jenab@cushwake.com> wrote:

> Ms. Gjøvik,
>
> For the record, the property is held by Jenab Family LP. Cushman & Wakefield has no ownership interest or involvement with the subject property and should not be identified as a party.
>
> Respectfully,
> Kalil Jenab
>
> > On Aug 29, 2025, at 1:35 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
> >
> > [Ext]
> >

>
> Dear Defendants: Apple Inc, the City of Santa Clara, and "Kalil Jenab," This message is to inform all parties that I intend to file the citizen enforcement action regarding 3250 Scott Blvd (described in my prior sixty-day notice) on September 2 2025, in the U.S. District Court fo

> i
> This message needs your attention
>
> * This sender is using a personal email address.
> * You have never replied to this sender.
>
> If suspicious, report via Report Phish button
> CGBANNERINDICATOR
> Dear Defendants: Apple Inc, the City of Santa Clara, and "Kalil Jenab,"
>
> This message is to inform all parties that I intend to file the citizen enforcement action regarding 3250 Scott Blvd (described in my prior sixty-day notice) on September 2 2025, in the U.S. District Court for the Northern District of California.
>
> The statutorily required sixty-day notice service was initiated on June 30, 2025, received by all parties no later than July 2, 2025, and completed via certified mail and/or process server. As stated in the original notices, this suit involves violations of the Clean Air Act, Clean Water Act, Resource Conservation and Recovery Act, Toxic Substances Control Act, Emergency Planning and Community Right-to-Know Act, and California Public Nuisance law. Federal records document the violations are ongoing, no party has attempted to claim that violations are not ongoing, and subsequent inspections and monitoring from July and August reflect continued noncompliance. I have also received no notice from U.S. EPA or U.S. DOJ of any intent to pursue their own enforcement action; accordingly, I have concurrently notified EPA of my intent to file this lawsuit as a Citizen Suit on September 2 2025.
>
> For purposes of service of the complaint and summons, expected to be filed September 2 2025, please provide any corrections or clarifications no later than 12:00 PM PT on September 1:
>
> Apple Inc:
> The complaint and summons are planned to be served on CT Corporation, your registered agent for service of process in California. If you have retained legal counsel for this lawsuit, or otherwise want to designate someone else for service, please advise. The "Apple Inc." defendant will also represent its contractors and agents operating under legal agreement with Apple at the facility (including but not limited to ACT Enviro) and Apple is expected to share the complaint with those parties.
>
> City of Santa Clara:
> The complaint will be served to the City Attorney at the City Attorney’s Office. If another contact is

preferred, please advise. The “City of Santa Clara” defendant includes relevant city departments and employees, including the Fire Department and hazardous materials teams, and the City is expected to share the complaint with appropriate personnel.
>
> "Kalil Jenab":
> You were served the sixty-day notice at your home address and at Cushman & Wakefield, where you are employed. You are listed on various documents related to this facility as, and/or acting on behalf of, the property owner in multiple forms, including as the agent of and/or trustee for various trusts and business entities (including but not limited to: Jenab Family Trust, Jenab Family Ventures LLC, Jenab Family Limited Partnership, Lindsey Property Trust, Lindsey Family Trust, Woodruff Kathleen Trust, Tiffany R. Jenab, Tiffany R. Khalil, and the Jenab Family 1997 Trust), with differing mailing addresses. You appear to be the agent for all of these and many list your residential address. Despite requests, including by email on July 2 2025, you have not clarified ownership. Unless clarified by September 1 at 12:00 PM PT, the defendant will be listed as “Kalil Jenab,” individually and/or representing any trusts, business entities, or agents related to the property, including Cushman & Wakefield. Service will be directed to you by name at your office address at Cushman & Wakefield. Your failure to clarify ownership will be noted in the complaint.
>
> This message is a courtesy to avoid disputes over service. This communication does not constitute any agreement, waiver, or limitation of claims, and I expressly reserve all rights. A courtesy copy of the sixty-day notice that you already received, along with a proof of service of the notice, are attached.
>
> If you have not already, please ensure appropriate electronic and physical evidence preservation protocols are in place.
>
> Sincerely,
> Ashley M. Gjovik
> Pro Se Plaintiff
>
> —
> Ashley M. Gjøvik
> BS, JD, PMP
>
> Sent with Proton Mail<https://proton.me/mail/home> secure email.

The information contained in this email (including any attachments) is confidential, may be subject to legal or other professional privilege and contain copyright material,
and is intended for use by the named recipient(s) only.

Access to or use of this email or its attachments by anyone else is strictly prohibited and may be unlawful. If you are not the intended recipient(s), you may not use, disclose,
copy or distribute this email or its attachments (or any part thereof), nor take or omit to take any action in reliance on it. If you have received this email in error, please notify
the sender immediately by telephone or email and delete it, and all copies thereof, including all attachments, from your

system. Any confidentiality or privilege is not waived
or lost because this email has been sent to you by mistake.

Although we have taken reasonable precautions to reduce the risk of transmitting software viruses, we accept no liability for any loss or damage caused by this email or its
attachments due to viruses, interference, interception, corruption or unapproved access.

For information on how your personal information is processed, including information on how to
exercise state or country specific Privacy Rights please view our privacy notice here:
https://www.cushmanwakefield.com/en/privacy-and-cookies

---

**4.57 MB** 2 files attached

3250 Scott Complaint 25-cv-07360.pdf 4.21 MB

Case Mgmt 525-cv-07360-NC.pdf 373.18 KB