WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, JENAB FAMILY TRUST, JULIA LINDSEY, as Trustee of the Lindsey Julia Family Trust and Lindsey Property Trust, and KATHLEEN WOODRUFF, as Trustee of the Woodruff Kathleen Trust

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ASHLEY M. GJOVIK,

Plaintiff,

v.

APPLE INC., ET AL.

Defendants.

Case No. 5:25-cv-07360-PCP

**LANDLORD DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Date: November 5, 2026
Time: 10:00 a.m.
Courtroom: 8, 4th Floor
Judge: Hon. P. Casey Pitts

Action Filed: September 2, 2025
Trial Date: TBD

# TABLE OF CONTENTS

Page


STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) ..... iii

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. The Claims Against the Landlord Defendants Should Be Dismissed Because They Are Passive Landowners Who Do Not Operate the Facility ..... 1

1. Plaintiff cannot establish traceability to the Landlord Defendants ..... 2

2. The Landlord Defendants are not subject to citizen suit liability ..... 2

3. Plaintiff cites inapplicable Santa Clara City Code provisions ..... 4

B. Plaintiff Failed to Provide Pre-Suit Notice to the Lindsey and Woodruff Trustees ..... 4

III. CONCLUSION ..... 5

**STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))**

Whether Plaintiff's claims against the Landlord Defendants should be dismissed because she cannot establish that her alleged injuries are fairly traceable to the Landlord Defendants' conduct, and because the Landlord Defendants, as passive landowners, are not proper subjects of citizen suit liability under federal environmental law.

Whether Plaintiff's claims against Defendants Julia Lindsey and Kathleen Woodruff, in their capacities as trustees of the trusts named as defendants, must be dismissed because Plaintiff failed to serve them with the mandatory 60-day pre-suit notice before commencing this action.

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Supplemental Brief addresses two additional grounds for dismissal that are unique to the Landlord Defendants, beyond those set forth in the concurrently filed Motion to Dismiss Plaintiff's Third Amended Complaint.

First, Plaintiff's claims against the Landlord Defendants fail because she does not plausibly allege that the Landlord Defendants—who are passive landowners and do not operate the Facility—engaged in any conduct that could give rise to liability under federal environmental statutes. As a result, she cannot establish traceability, and she cannot show that the Landlord Defendants independently violated any environmental law.

Second, Plaintiff's claims against Defendants Julia Lindsey, in her capacity as trustee of the Julia Lindsey Family Trust and Lindsey Property Trust; and Kathleen Woodruff, in her capacity as trustee of the Kathleen Woodruff Trust (collectively, the "Lindsey and Woodruff Trustees") must be dismissed because Plaintiff failed to serve them with the mandatory 60-day pre-suit notice before commencing this action.

## II. ARGUMENT

### A. The Claims Against the Landlord Defendants Should Be Dismissed Because They Are Passive Landowners Who Do Not Operate the Facility

Plaintiff's sparse allegations about the Landlord Defendants confirm that they do not belong in this case. She alleges that because the Landlord Defendants own the property where the Facility is located, they share responsibility with the tenants for maintaining the property under the City Code. (Third Amended Complaint ("TAC") ¶ 56 & n.12, Dkt. No. 119.) She never alleges that the Landlord Defendants handled, controlled, or were otherwise responsible for the substances at issue. Instead, she vaguely claims that they "contributed to the ongoing violations and dangers because they knew about these issues, took no steps to correct the issues or report the violations, and instead concealed the dangers." (*E.g.*, *id.* ¶ 265.) But ownership of the property and general maintenance obligations under local law do not establish responsibility for the alleged environmental violations or supply a basis for liability under the federal statutes Plaintiff invokes. The claims against the

Landlord Defendants should be dismissed because Plaintiff cannot allege that they caused or contributed to her injuries, independently violated any applicable federal environmental law, or breached any applicable City Code provision.

**1. Plaintiff cannot establish traceability to the Landlord Defendants**

Traceability requires "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41-42 (1976)). This inquiry is defendant-specific. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 961-62 (9th Cir. 2004) (finding that plaintiffs who failed to link each cause of action to the specific actions of each defendant lacked standing to sue). Plaintiff makes no specific allegations that the Landlord Defendants participated in any "challenged action" that caused her harm. Instead, all of the alleged environmental violations stem from Apple's operation of the Facility—not from any action by the Landlord Defendants. Because Plaintiff's allegations do not link the Landlord Defendants to her claims, she fails the traceability requirement and her claims should be dismissed.

**2. The Landlord Defendants are not subject to citizen suit liability**

Plaintiff's allegations fail to establish that the Landlord Defendants acted independently in a way that would make them proper subjects of a citizen suit. Though "entities other than permitholders [and operators] can be held responsible for violations" of federal environmental statutes pursuant to their respective citizen suit provisions, such liability only arises when those entities "in [their] own right, acted in such a way that [they] could reasonably be considered to be in violation of federal pollution control requirements such as the conditions of a permit." *L.A. Waterkeeper v. SSA Terminals, LLC*, 702 F. Supp. 3d 903, 933-34 (C.D. Cal. 2023) (citation omitted).

*L.A. Waterkeeper* is instructive. There, the City of Long Beach was sued for CWA and RCRA violations arising out of industrial activities at the Port of Long Beach, but the allegations against the City only alleged that the City owned the property in question and therefore was "a potentially responsible party for the [alleged] CWA and RCRA violations." *Id.* at 935. The court

dismissed the claims against the City, explaining that "hypothetical control" was not sufficient to sustain a statutory action against past or present owners of a property for contributing to pollution. *Id.* (quoting *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 953 (9th Cir. 2023)). Instead, liability requires "active functions with a direct connection" to the allegedly wrongful actions of the operator. *Id.* (citation omitted). Nor is "generally grouping" the landlord with the operator sufficient to establish that a landlord has "acted in such a way that it could reasonably be considered to be in violation" of a federal environmental statute. *Id.* at 934 (citation omitted).

Here, Plaintiff makes the same types of allegations: the Landlord Defendants "are responsible for maintenance of their properties" under various provisions of the Santa Clara City Code[1] and therefore are responsible for Apple's alleged violations. (TAC ¶ 56 & n.12.) Just like in *L.A. Waterkeeper*, these conclusory allegations fail to establish that the Landlord Defendants had any "active functions with a direct connection" to the alleged environmental releases.

The Third Amended Complaint is devoid of facts showing that the Landlord Defendants exercise ***any*** control over the Facility, let alone the degree of control required for a citizen suit to proceed against them. Tellingly, Plaintiff only makes allegations about the Landlord Defendants' business operations as a whole; she does not include any facts even suggesting that the Landlord Defendants exercise any level of control over the Facility. (TAC ¶¶ 52-56.) Nor can she rely on her bare allegations regarding the Landlord Defendants' involvement in the permitting process, which fail to establish that the Landlord Defendants are actively involved in the current operations of the Facility. (*See id.* ¶¶ 91-92, 117-21.) None of these references can support a conclusion that the Landlord Defendants "in [their] own right, acted in such a way that [they] could reasonably be considered to be in violation of federal pollution control requirements." *See L.A. Waterkeeper*, 702 F. Supp. 3d at 934 (citation omitted). The allegations she does include cannot withstand scrutiny under Rule 12: with so few factual, non-conclusory allegations specifically aimed at the Landlord Defendants regarding the alleged violations of environmental laws, the Landlord Defendants cannot discern their relationship to these claims, except the fact that the Landlord Defendants allegedly

---

[1] These provisions are either inapplicable, unenforceable by a citizen-plaintiff, or both. *See infra* at 4.

own the property. (*See, e.g.*, TAC ¶¶ 265, 336 (concluding without factual support that the Landlord Defendants knew of the alleged RCRA violations).) None of the vague, imprecise allegations suffice to show that the Landlord Defendants are proper subjects of a citizen suit under the federal environmental laws Plaintiff cites, and these claims should therefore be dismissed.

**3. Plaintiff cites inapplicable Santa Clara City Code provisions**

Plaintiff purports to assert violations of the Santa Clara City Code, but those provisions are neither applicable here nor privately enforceable. Chapter 8.30 concerns public nuisances (TAC ¶¶ 56 n.12, 634-46), but Plaintiff does not make any allegations sufficient to show that the Landlord Defendants caused or contributed to a public nuisance. Further, this provision assigns responsibility for maintenance of a property in accordance with the Santa Clara City Code not only to the owner, but also to the "occupant, lessee, or tenant." Santa Clara City Code § 8.30.040 (2024). The Landlord Defendants' partial responsibility for maintenance of the property in accordance with the City Code has no bearing on their potential liability under federal environmental laws. Section 15.60.100 is even further afield. It provides that property owners are responsible for "[c]orrection and abatement of violations" of the ***municipal fire code***, a detail Plaintiff omits to try to assert that the Landlord Defendants have responsibility for all alleged violations at the Facility writ large. Once again, whether or not the Landlord Defendants complied with the municipal fire code has no bearing on the federal environmental statutes at issue here.

**B. Plaintiff Failed to Provide Pre-Suit Notice to the Lindsey and Woodruff Trustees**

Plaintiff's claims against the Lindsey and Woodruff Trustees must be dismissed for the independent reason that Plaintiff never served them with the mandatory 60-day pre-suit notice before commencing this action. Federal environmental citizen-suit provisions uniformly require that a plaintiff provide written notice to the alleged violator at least 60 days before filing suit. *See, e.g.*, 33 U.S.C. § 1365(b)(1)(A) (CWA); 42 U.S.C. § 7604(b)(1)(A) (CAA); 42 U.S.C. § 6972(b)(1)(A) (RCRA); 15 U.S.C. § 2619(b)(1)(A) (TSCA); 42 U.S.C. § 11046(d)(1) (EPCRA). These requirements are mandatory and strictly construed; courts have no discretion to excuse noncompliance. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989) (affirming dismissal due to

insufficient pre-suit notice); *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1153 (9th Cir. 2024) (compliance with citizen-suit notice provision is a "mandatory claims-processing rule" and "mandatory condition[] precedent to commencing suit" (citation omitted)).

The Lindsey and Woodruff Trustees were not named in the original Complaint filed on September 2, 2025, nor were they named in the First or Second Amended Complaints. They were substituted into this action for the first time in the TAC, filed on August 31, 2026—nearly one year after the lawsuit commenced. Plaintiff's pre-suit Notice, served in June 2025, was directed to other parties and did not identify the Lindsey and Woodruff Trustees as alleged violators, nor did it provide them with the required 60-day opportunity to address the alleged violations before suit was filed.

This deficiency is fatal and cannot be cured. "The law is clear that Plaintiff cannot cure her failure to provide adequate notice subsequent to filing suit." *Nilson v. City of San Jose*, No. C 07-03686 JW, 2008 WL 11387038, at *4 (N.D. Cal. July 24, 2008); *see also Hallstrom*, 493 U.S. at 26-27 (holding that a *pro se* plaintiff's failure to strictly follow the notice requirement was not subject to "equitable modification and cure"). The purpose of the pre-suit notice requirement is to "provide the agencies and the defendant with information" to allow the agencies the opportunity to "step in, investigate, and bring the defendant into compliance" before litigation commences. *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002). That purpose is defeated when a plaintiff names new defendants in an amended complaint without ever having provided them with the required pre-suit notice. Because Plaintiff failed to serve Defendants Lindsey and Woodruff with the mandatory 60-day pre-suit notice before commencing this action, all claims against them must be dismissed.

## III. CONCLUSION

For the reasons set forth in the Motion to Dismiss and in this Supplemental Brief, the Court should dismiss all claims against the Landlord Defendants with prejudice.

Dated: September 17, 2026

MORRISON & FOERSTER LLP

By: */s/ William F. Tarantino*
William F. Tarantino

*Attorneys for Defendants*
APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, JENAB FAMILY TRUST, JULIA LINDSEY, as Trustee of the Lindsey Julia Family Trust and Lindsey Property Trust, and KATHLEEN WOODRUFF, as Trustee of the Woodruff Kathleen Trust