# EXHIBIT 5

Case 5:25-cv-07... Document 135-5 Filed ... Page 8 of 83

KAMALA D. HARRIS
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General
REED SATO (SB #87685)
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 445-5442
Fax: (916) 322-5609
E-mail: Reed.Sato@doj.ca.gov
*Attorneys for Plaintiff People of the State of California, ex. rel. Department of Toxic Substances Control*

Exempt from Fees Pursuant to Government Code section 6103

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA, EX. REL., BARBARA A. LEE, DIRECTOR OF THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**<br><br>Plaintiff,<br><br>v.<br><br>**APPLE INC., A CALIFORNIA CORPORATION,**<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF**<br><br>**[Health and Safety Code, §§ 25100 et seq.]** |

Plaintiff, the People of the State of California, *ex rel.* Barbara A. Lee, Director of the Department of Toxic Substances Control, alleges:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief and civil penalties under California's Hazardous Waste Control Law ("HWCL"), Health and Safety Code § 25100 *et seq.*, and regulations contained in California Code of Regulations, title 22, division 4.5, section 66260.1 et

seq.("Title 22"), pertaining to the storage, handling, management, treatment and disposal of hazardous waste, and the maintenance of closure plans and financial assurance mechanisms for closure and liability. The HWCL and its implementing regulations establish comprehensive cradle to grave standards for the generation, storage, transportation, treatment and disposal of hazardous waste in California. The California Department of Toxic Substances Control ("Department") is the state agency organized and existing pursuant to sections 58000 et seq. of the California Health and Safety Code. The Department is the state agency responsible for administering and enforcing the HWCL and its implementing regulations. (Health & Saf. Code, § 25100 et seq.; Cal. Code Regs., tit. 22, § 66260.1 *et seq*.)

2. Plaintiff seeks injunctive relief and civil penalties against defendant pursuant to sections 25181, 25184, 25189 and 25189.2 of the Health and Safety Code for violations of the HWCL and Title 22.

3. Pursuant to an on-site inspection on June 13, 2013, of a facility operated by Defendant Apple, Inc., ("Apple") in Sunnyvale, California and a subsequent review of records, the Department discovered various violations of the HWCL and its implementing regulations at electronic waste shredding facilities operated by Apple in Santa Clara County. Upon further investigation, the Department discovered that Apple had opened, operated and closed an electronic waste processing facility in Cupertino, California with inadequate regulatory oversight or compliance with applicable environmental laws. In this action, the Department seeks injunctive relief and civil penalties against Apple for the violations of the HWCL and Title 22.

**PLAINTIFF**

4. Barbara A. Lee is the Director of the Department.

5. Pursuant to Sections 25181, subdivision (a) and 25182 of the California Health and Safety Code, the Attorney General may, at the Department's request, commence an action for civil penalties and injunctive relief under the HWCL in the name of the People of the State of California. The Department has made such a request to the Attorney General.

Case 5:23-cv-03459-PCP Document 134-5 Filed 11/29/23 Page 4 of 32

**DEFENDANT**

6. Defendant Apple is a California corporation, with its principal place of business in Cupertino, California.

7. Defendant Apple is a "person" as defined in Health and Safety Code section 25118.

8. In this Complaint when reference is made to any act or omission of defendant Apple, such allegations shall include the acts and omissions of owners, officers, directors, agents, employees, contractors, affiliates, and/or representatives of defendant Apple while acting within the course and scope of their employment or agency on behalf of defendant Apple during the relevant time periods.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction pursuant to Cal. Const., art. VI, § 10, and Health and Safety Code section 25181, subdivision (a). .

10. Venue is proper in Santa Clara County Superior Court under Health and Safety Code section 25183, because the violations at issue occurred in Santa Clara County, and because Apple's principal place of business is in Santa Clara County.

**HWCL STATUTORY AND REGULATORY BACKGROUND**

11. The State of California has enacted a comprehensive statutory and regulatory framework for the generation, handling, treatment, transport and disposal of hazardous wastes. The framework contained in the HWCL, and its implementing regulations, mandate a "cradle to grave" registration, tracking, storage, treatment and disposal system for the protection of the public from the risks posed by hazardous wastes. Except where otherwise expressly defined in this Complaint, all terms shall be interpreted consistent with the HWCL and Title 22.

12. California administers the HWCL in lieu of federal administration of the federal Resource Conservation and Recovery Act ("RCRA"), which is codified at 42 United States Code sections 6901 et seq., pursuant to Health & Safety Code sections 25101, subdivision (d), and 25159-25159.9. Federal law prohibits California from imposing any requirements less stringent than those authorized under RCRA. (42 U.S.C. § 6929.) The HWCL has a more inclusive definition of "hazardous waste" than does federal law. Hazardous wastes that are regulated under

California law but not federal law are known as "non-RCRA hazardous wastes." (Health & Saf. Code, § 25117.9.)

13. The HWCL charges the Department with the responsibility to adopt standards and regulations for the management of hazardous waste to protect the public health and environment. (Health & Saf. Code, § 25150.) Accordingly, the Department has promulgated regulations setting forth numerous and extensive environmental and health -protective requirements for the day-to-day operation of hazardous waste generators, transporters, as well as owners and operators of hazardous waste facilities. (See Cal. Code. Regs., tit. 22, § 66262.1 et seq.)

14. Under Section 25189 of the Health and Safety Code, a person who intentionally or negligently violates a provision of the HWCL, or any permit, rule, regulation, standard, or requirement issued or promulgated pursuant to the HWCL, shall be liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each separate violation or, for continuing violations, for each day that the violation continues. Alternatively, a person may be strictly liable for any such violation under Section 25189.2. For continuing violations, the HWCL authorizes the Court to impose a penalty of up to twenty five thousand dollars ($25,000) for each day that a violation continues. (Health & Saf. Code, §§ 25189, subd. (b) and 25189.2, subd. (b).) A person may not be held liable for a civil penalty imposed under section 25189 and for a civil penalty imposed under section 25189.2 for the same act. (Health & Saf. Code, § 25189.2, subd. (f).)

15. The HWCL, at Health and Safety Code sections 25181 and 25184, authorizes and directs the Court to enjoin any ongoing or potential violation of the HWCL.

16. Section 25181 of the Health and Safety Code provides that when the Department determines that any person has engaged in, is engaged in, or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of the HWCL or any rule or requirement issued or promulgated thereunder, and when requested by the Department, the Attorney General may make application to the superior court for an order enjoining such acts or practices, or for an order directing compliance, and upon a showing by the Department that such person has engaged in or is about to engage in any such acts or practices, a permanent or temporary injunction, restraining order, or other order may be granted.

17. Health and Safety Code section 25184 provides that in civil actions brought pursuant to the HWCL in which an injunction or temporary restraining order is sought:

> It shall not be necessary to allege or prove at any stage of the proceeding that irreparable damage will occur should the temporary restraining order, preliminary injunction, or permanent injunction not be issued; or that the remedy at law is inadequate, and the temporary restraining order, preliminary injunction, or permanent injunction shall issue without such allegations and without such proof.

18. Universal wastes such as electronic devices, batteries and other consumer products that contain hazardous substances are a subset of hazardous waste subject to the Department's universal waste regulations, title 22, division 4.5, chapter 23 of the California Code of Regulations, as well as other applicable provisions of law.

19. Discarded electronic devices are a universal waste, and any person who manages such devices is a universal waste handler. (22 Cal. Code Regs. § 66273.3.)

20. A universal waste handler who manages a universal waste and its integral components is generally authorized by the Department to conduct those activities, provided the universal waste handler complies with all the applicable requirements of the regulations. (22 Cal. Code Regs. § 66273.70.)

## ALLEGATIONS COMMON TO ALL CLAIMS

21. During some part of 2011 and throughout 2012, Apple operated a facility at 10501 Tantau Avenue in Cupertino, California, at which it dismantled, shredded and disposed of Apple brand electronic devices (*hereafter*, "Tantau Avenue Facility"). In January 2013, Apple ceased these operations at the Tantau Avenue Facility, and relocated equipment and operations from the Tantau Avenue Facility to 1330 Kifer Road in Sunnyvale (*hereafter*, "Sunnyvale Facility"). In or about January 2013, Apple began similar processes of dismantling, shredding and disposing of its electronic devices at the Sunnyvale Facility.

22. Apple's protocol for disposing and processing discarded electronic devices at its shredding facilities, including the Tantau Avenue Facility and the Sunnyvale Facility, includes

removing batteries from the devices for separate handling before the devices are shredded. Apple ships waste lithium batteries off-site for purposes of recycling, and has exported these batteries at times to foreign countries for this purpose.

23. Apple's electronic waste shredding operations produce a fine dust that is collected, bagged and removed daily ("baghouse dust"). Apple personnel use a vacuum device that collects a fine dust, among other things, from the floors of the facility ("floor sweep").

24. After shredding the electronic devices, Apple ships the shredded waste off-site for recycling as scrap metal. Historically, Apple shipped baghouse dust, shredded waste, and floor sweep waste to Sims Recycling Solutions, Inc. in Roseville, California (SRS Roseville).

25. Department personnel inspected the Sunnyvale Facility on June 13, 2013. During this inspection, Department personnel observed Apple's waste handling practices and took samples of the baghouse dust and floor sweep waste.

26. The Department tested samples of the baghouse dust and floor sweep waste taken from the Sunnyvale Facility and found that these wastes contained hazardous constituents, including hazardous levels of copper and zinc, and particles less than 100 microns in size.

27. Through a review of Apple's records and subsequent investigation, the Department discovered that Apple had processed similar electronic waste using similar operations and practices at the Tantau Avenue Facility, prior to closing that facility and transferring operations to the Sunnyvale Facility.

28. Apple generated, treated and, at times, transported universal waste as a result of dismantling, shredding and disposing of discarded electronic devices at both the Tantau Avenue and Sunnyvale Facilities.

29. According to Apple's records, Apple processed approximately 1,121,847 pounds of electronic waste at the Tantau Avenue Facility in 2011 and 2012. Apple processed this electronic waste without informing the Department of the existence of this facility, or complying with the Department's universal waste regulations.

30. Apple processed approximately 803,518 pounds of electronic waste at the Sunnyvale Facility prior to informing the Department of the existence of this facility, or complying with all

of the requirements of the Department's universal waste regulations.

31. As a result of the Department's June 13, 2013 inspection of the Sunnyvale Facility, the Department's review of Apple's records and samples taken by the Department during the inspection, the Department noted the following violations:

- Failure to submit written closure plan and cost estimate for closure for Tantau Avenue and Sunnyvale Facilities (Cal. Code Regs, tit. 22, § 66273.76, subds. (a) and (b)).
- Failure to demonstrate financial responsibility for liability for Tantau Avenue and Sunnyvale Facilities (Cal. Code Regs., tit. 22, § 66273.76, subd. (c)).
- Failure to demonstrate financial assurance to fund the cost of closure for Tantau Avenue and Sunnyvale Facilities (Cal. Code Regs., tit. 22, § 66273.76, subd. (d)).
- Failure to provide notice of closure for Tantau Avenue Facility (Cal. Code Regs., tit. 22, § 66273.77, subd. (a)).
- Causing treatment and disposal of hazardous waste at an unauthorized point, at and from Sunnyvale Facility (Health & Saf. Code, § 25189.2, subds. (c) and (d)).
- Transportation of hazardous waste without manifests from Sunnyvale Facility (Health & Saf. Code §25160, Cal. Code Regs., tit. 22, §§ 66262.20, 66262.23. 66268.7).
- Failure to report and track export of hazardous waste from Tantau Avenue Facility (Health & Saf. Code § 25162.1, Cal. Code Regs, tit. 22, §§ 66273.40, 66262.53, 66262.56, 66262.57).
- Failure to label or otherwise clearly mark used oil containers as "Hazardous Waste" (Cal. Code Regs., tit. 22, § 66262.34, subd. (f)).

## FIRST CAUSE OF ACTION

**(Failure to maintain closure plan and cost estimate for closure)**
**(Cal. Code Regs., tit. 22, § 66273.76, subds. (a) and (b))**
**(Tantau Avenue Facility)**

32. The People re-allege paragraphs one through 31, above.

33. California Code of Regulations, title 22, section 66273.76, requires that no later than 30 days prior to beginning treatment of universal waste, such as electronic devices, the operator

of the facility must submit a closure plan to the Department that meets all of the requirements of subdivision (a), and a cost estimate for closure that meets the requirements of subdivision (b).

34. Apple dismantled, shredded and disposed of electronic devices at the Tantau Avenue Facility during 2011 and 2012 without ever submitting a closure plan or cost estimate for closure to the Department.

35. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for treating electronic waste at the Tantau Avenue Facility without ever submitting a closure plan and closure cost estimate to the Department, in violation of California Code of Regulations, title 22, section 66273.76, subdivisions (a) and (b).

## SECOND CAUSE OF ACTION

**(Failure to maintain closure plan and cost estimate for closure)**
**(Cal Code Regs., tit. 22, § 66273.76, subds. (a) and (b))**
**(Sunnyvale Facility)**

36. The People re-allege paragraphs one through 31, above.

37. Apple began dismantling, shredding and disposing of electronic devices, a universal waste, at the Sunnyvale Facility in January 2013 without having submitting a closure plan or cost estimate for closure to the Department at least 30 days prior to beginning these operations.

38. Apple did not submit a closure plan for the Sunnyvale Facility to the Department, as required by subdivision (a) of section 66273.76, until November 18, 2013.

39. Apple first submitted a cost estimate for closure of the Sunnyvale Facility to the Department, according to the requirements of subdivision (b) of section 66273.76, on November 18, 2013.

40. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for treating electronic waste at the Sunnyvale Facility for more than 10 months prior without a closure plan and closure cost estimate required by California Code of Regulations, title 22, section 66273.76, subdivisions (a) and (b).

## THIRD CAUSE OF ACTION

**(Failure to document financial assurance for closure)**
**(Cal. Code Regs., tit. 22, § 66273.76, subd. (d))**
**(Tantau Avenue Facility)**

41. The People re-allege paragraphs one through 31, above.

42. California Code of Regulations, title 22, section 66273.76, subdivision (d) requires that, no later than 30 days prior to beginning treatment of universal waste, the operator of the treatment facility must submit to the Department documentation demonstrating financial assurance for the purpose of funding the cost of closure for that facility.

43. Apple dismantled, shredded and disposed of electronic devices, a universal waste, at the Tantau Avenue Facility during some period of time in 2011 and for all of 2012, without ever submitting documentation of financial assurance for closure of the Facility to the Department.

44. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for treating electronic waste for more than one year at the Tantau Avenue Facility without providing documentation of financial assurance for the cost of closure to the Department, in violation of California Code of Regulations, title 22, section 66273.76, subdivision (d).

## FOURTH CAUSE OF ACTION

**(Failure to document financial assurance for closure)**
**(Cal. Code Regs., tit. 22, §§ 662673.76, subd. (d))**
**(Sunnyvale Facility)**

45. The People re-allege paragraphs one through 31, above.

46. California Code of Regulations, title 22, section 66273.76, subdivision (d) requires that, no later than 30 days prior to beginning the handling and treatment of universal waste, a universal waste handler must submit to the Department documentation demonstrating financial assurance for the purpose of funding the cost estimate for closure for that facility.

47. Apple began handling, dismantling, shredding and disposing of discarded electronic devices, a universal waste, at the Sunnyvale Facility in January 2013, without first submitting documentation of financial assurance for closure of that facility to the Department.

48. Prior to the Department's inspection of the Sunnyvale Facility, on June 13, 2013, the Department had notified Apple of the lack of financial assurance documentation for the Facility.

49. As of the date of the Department's inspection of the Sunnyvale Facility on June 13, 2013, Apple still had not submitted documentation of financial assurance for closure.

50. Section 66273.76, subdivision (d), requires a universal waste handler to "prepare and submit documentation demonstrating financial assurance for closure to fund the cost estimate for closure, pursuant to section 66265.143, subsections (a) through (h)." Section 66265.143 provides several options for demonstrating financial assurance.

51. Apple first submitted adequate documentation of financial assurance for closure of the Sunnyvale Facility, utilizing the mechanism provided by section 66265.143, subdivision (e), on November 18, 2013.

52. Section 66265.143, subsection (e)(4) provides that updated information shall be sent to the Department "within 90 days after the close of each succeeding fiscal year."

53. The fiscal year for the mechanism Apple chose to demonstrate financial assurance for closure ended on September 27, 2014.

54. Apple failed to timely update or re-submit to the Department an approved mechanism to demonstrate financial assurance for closure of the Sunnyvale Facility by December 27, 2014. Apple ultimately submitted a new mechanism for financial assurance for closure to the Department on March 16, 2015.

55. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for continuing violations of California Code of Regulations, title 22, section 66273.76, subdivision (d) for: (1) treating electronic waste at the Sunnyvale Facility for more than 10 months without complying with the financial assurance for closure requirements of subdivision (d), and (2) continuing to operate the Sunnyvale Facility after December 27, 2014 without an updated mechanism for financial assurance for closure, for an additional 79 days in violation of this regulation.

**FIFTH CAUSE OF ACTION**

**(Failure to demonstrate financial responsibility for liability)**
**(Cal. Code Regs., tit. 22, § 66273.76, subd. (c))**
**(Tantau Avenue Facility)**

56. The People re-allege paragraphs one through 31, above.

57. California Code of Regulations, title 22, section 66273.76, subdivision (c) requires a universal waste handler to submit documentation to the Department demonstrating financial responsibility for liability thirty days prior to beginning operations.

58. Apple did not submit to the Department documentation of financial responsibility for liability for the Tantau Facility at all.

59. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for treating electronic waste at the Tantau Avenue Facility for more than one year without submitting documentation of financial responsibility for liability to the Department, in violation of California Code of Regulations, title 22, section 66273.76, subdivision (c).

**SIXTH CAUSE OF ACTION**

**(Failure to demonstrate financial responsibility for liability)**
**(Cal. Code Regs., tit. 22, § 66273.76, subd. (c))**
**(Sunnyvale Facility)**

60. The People re-allege paragraphs one through 31, above.

61. California Code of Regulations, title 22, section 66273.76, subdivision (c) requires a universal waste handler to submit documentation to the Department demonstrating financial responsibility for liability, at least 30 days prior to beginning operations.

62. Apple began dismantling, shredding and disposing of electronic devices at the Sunnyvale Facility in January 2013, without first submitting to the Department the required documentation of financial responsibility for liability with respect to operations at the Facility.

63. Apple first submitted documentation of financial responsibility for liability for the Sunnyvale Facility on November 18, 2013.

64. To remain in compliance with the financial responsibility requirements for the mechanism that Apple chose (section 66265.147, subsection (f)(3)), the owner or operator is required to send complete updated information to the Department within 90 days after the close of each succeeding fiscal year.

65. The fiscal year for the mechanism Apple chose to demonstrate financial responsibility for liability ended on September 27, 2014. Apple was therefore required to submit updated documentation within 90 days of September 27, 2014.

66. Apple failed to timely update or re-submit a mechanism for financial responsibility for liability to the Department by December 27, 2014.

67. Apple submitted to the Department a new mechanism for financial responsibility for liability for the Sunnyvale Facility on March 16, 2015.

68. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for successive violations of California Code of Regulations, title 22, section 66273.76, subdivision (c) for: (1) treating electronic waste at the Sunnyvale Facility for more than 10 months without complying with the financial responsibility for liability requirements of subdivision (c), and (2) continuing to operate the Facility after December 27, 2014, without updating its financial responsibility for liability, for an additional 79 days in violation of this regulation.

**SEVENTH CAUSE OF ACTION**

**(Failure to provide notice of closure)**
**(Cal. Code Regs., tit. 22, § 66273.77, subd. (a))**
**(Tantau Avenue Facility)**

69. The People re-allege paragraphs one through 31, above.

70. California Code of Regulations, title 22, section 66273.77, subdivision (a), provides that a universal waste handler who intends to close a universal waste handling and/or treatment facility, or to cease such operations, must notify the Department thirty days prior to closure.

71. In or about January 2013, Apple closed the Tantau Avenue Facility for the handling and treatment of universal waste without notifying the Department of the closure, or of the last

day on which Apple intended to conduct treatment and/or handling of universal waste at this Facility.

72. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for violation of California Code of Regulations, title 22, section 66273.77, subdivision (a), for failure to timely and properly notify the Department of the closure of, and cessation of waste handling and treatment at, the Tantau Avenue Facility.

**EIGHTH CAUSE OF ACTION**

**(Causing the treatment and storage of hazardous waste at unauthorized point)**
**(Health & Saf. Code § 25189.2, subd. and (d))**
**(Sunnyvale Facility)**

73. The People re-allege paragraphs one through 31 above.

74. Health and Safety Code section 25189.2, subdivision (d) makes it unlawful to treat or store or cause the treatment or storage of a hazardous waste at a point that is not authorized for such treatment or storage.

75. Apple caused the unlawful storage and treatment of hazardous waste by shipping the baghouse dust and floor sweep waste from the Sunnyvale Facility to SRS Roseville, as non-hazardous waste. SRS Roseville stored and treated this waste as non-hazardous before export to Canada. SRS Roseville is not authorized to store or treat the hazardous waste from Apple's Sunnyvale facility.

76. Apple is liable for a civil penalty under Health and Safety Code section 25189.2, subdivisions (c) , for causing the unauthorized treatment and storage of hazardous waste.

**NINTH CAUSE OF ACTION**

**(Transport of hazardous waste without manifest)**
**(Health & Saf. Code §25160, Cal. Code Regs., tit. 22, §§ 66262.20, 66262.23, 66268.7)**
**(Sunnyvale Facility)**

77. The People re-allege paragraphs one through 31, above.

78. Health and Safety Code section 25160, subdivision (b)(1) provides that a person generating hazardous waste that is transported, or submitted for transportation, for offsite handling, treatment, storage, disposal, or any combination thereof, shall complete a manifest according to the Department's manifest requirements (Cal. Code Regs., tit. 22, §§ 66262.20,

66262.23), prior to the time the waste is transported or offered for transportation.

79. A generator of hazardous waste is required to determine whether or not waste to be transported offsite is hazardous, and to comply with the requirements for shipping waste that is hazardous. (22 Cal. Code Regs. section 66268.7.)

80. From about January 2013 through June 13, 2013, Apple shipped an hazardous waste (baghouse dust) from the Sunnyvale Facility to SRS Roseville, without complying with the uniform manifest requirement for transportation of hazardous waste. Apple did not label or otherwise identify the shipments of hazardous waste (baghouse dust) to SRS Roseville as hazardous.

81. SRS Roseville is not an authorized point for the receipt and treatment of hazardous waste.

82. Because Apple failed to comply with the manifest requirements, SRS Roseville received, treated and disposed of hazardous waste without being informed by Apple of the waste's hazardous nature, and the Department was unable to track the quantity of the hazardous waste and the location of its disposal.

83. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for violation of Health and Safety Code Section 25160 and California Code of Regulations, title 22, sections 66262.20, 66262.23, and 66268.7, for transporting hazardous waste from the Sunnyvale Facility without a manifest.

## TENTH CAUSE OF ACTION

**(Failure to notify, report and track export of hazardous waste)**
**(Cal. Code Regs, tit. 22, §§ 66273.40, 66262.53, 66262.56, 66262.57)**
**(Tantau Avenue Facility)**

84. The People re-allege paragraphs one through 31, above.

85. Health and Safety Code section 25162.1 contains detailed requirements for exporting waste to foreign countries.

86. California Code of Regulations, title 22, section 66273.40, subdivision (a)(2) provides additional regulatory requirements for exporting universal waste to a foreign destination

in a country other than an Organization for Economic Cooperation and Development (OECD) country specified in section 66262.58(a)(1).

87. On October 13, 2012, and again on November 3, 2012, Apple shipped universal waste lithium batteries to Canada from the Tantau Avenue Facility without complying with the applicable statutory and regulatory requirements for exporting a universal waste to a non-OECD country. The Department's review of Apple's records and the Department's own database indicates that for both of these shipments Apple failed to comply with the notification (section 66262.53), annual reporting (section 66262.56), and tracking (section 66262.57 ) requirements, as well as the requirements of Health and Safety Code section 25162.1, subsections (a) and (b).

88. Apple is liable for civil penalties under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for failure to notify, report and track exports hazardous waste to Canada from the Tantau Avenue Facility without complying with statutory and regulatory requirements.

**ELEVENTH CAUSE OF ACTION**

**(Failure to label hazardous waste)**
**(Cal. Code Regs, tit. 22, § 66262.34(f))**
**(Sunnyvale Facility)**

89. The People re-allege paragraphs one through 31, above.

90. California Code of Regulations, title 22, section 66262.34, subdivision (f) provides that generators who accumulate hazardous waste on site without a permit or grant of interim status shall, among other things, label or clearly mark each container and tank used for onsite accumulation of hazardous waste with the words, "Hazardous Waste."

91. On June 13, 2013, during the Department's inspection of the Sunnyvale Facility, Department personnel observed three five-gallon used oil containers that were not labeled or otherwise marked as "Hazardous Waste" as required pursuant to California Code of Regulations, title 22, section 66262.34, subdivision (f).

92. Apple is liable for a civil penalty under Health and Safety Code section 25189 or, alternatively, under section 25189.2, for violation of California Code of Regulations, title 22,

Case 3:23-cv-04597-EMC Document 134-9 Filed 12/12/24 Page 31 of 83

section 66262.34 subdivision (f), for failure to label used oil containers as "Hazardous Waste."

PRAYER FOR RELIEF

The People of the State of California, by and through the Department, request the following relief:

1. Judgment finding that Apple has violated the HWCL and its implementing regulations as described in the First through Eleventh Causes of Action;

2. Judgment against Apple for civil penalties in accordance with proof but in an amount of no less than $450,000 (four hundred-fifty thousand dollars) for violations described in the First through Eleventh Causes of Action; and

3. For an injunction ordering Apple, its agents, servants, employees, representatives, and all persons acting within the control of Apple, to comply with Chapter 6.5 of Division 20 of the Health and Safety Code (Health & Saf. Code §25100 *et seq.*) and the regulations promulgated under this chapter (Cal. Code Reg., tit. 22, § 66000 *et seq.*) in connection with the handling, storage, treatment and transportation of hazardous waste.

4. Any additional relief that the Court deems appropriate.

Dated: December 2, 2016

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

original signed by Reed Sato

REED SATO
Deputy Attorney General
*Attorneys for People of the State of California, ex. rel. Department of Toxic Substances Control*

OK2014513105

KAMALA D. HARRIS
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General
REED SATO
Deputy Attorney General
State Bar No. 87635
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 445-5442
Fax: (916) 322-5609
E-mail: Reed.Sato@doj.ca.gov

*Attorneys for People of the State of California, ex rel. Barbara A. Lee, Director of the Department of Toxic Substances Control*

(ENDORSED)
FILED
DEC 12 2016
DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY ______ DEPUTY
M. Dominguez

COPY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* BARBARA A. LEE, DIRECTOR OF THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**<br>Plaintiff,<br>**v.**<br>**APPLE INC., a California corporation,**<br>Defendant. | Case No. 16CV303579<br>**[~~PROPOSED~~] FINAL JUDGMENT PURSUANT TO STIPULATION** |

Good cause appearing herein, the Court finds that the Stipulation for Settlement and Entry of Judgment and Permanent Injunction ("Stipulation") between the Plaintiff, the People of the State of California, *ex rel.* Barbara A. Lee, Director of the Department of Toxic Substances Control, and Defendant Apple Inc., which is attached as Exhibit A, is fair and in the public

interest. The Stipulation is approved, and its terms are incorporated into this judgment by reference. Accordingly, final judgment is entered.

IT IS SO ORDERED:

Date: DEC 08 2016

James L. Stoelker
Judge of the Santa Clara County Superior Court

KAMALA D. HARRIS
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General
REED SATO
Deputy Attorney General
State Bar No. 87635
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 445-5442
Fax: (916) 322-5609
E-mail: Reed.Sato@doj.ca.gov

*Attorneys for People of the State of California, ex rel. Barbara A. Lee, Director of the Department of Toxic Substances Control*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* BARBARA A. LEE, DIRECTOR OF THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**<br><br>Plaintiff,<br><br>**v.**<br><br>**APPLE INC., a California corporation,**<br><br>Defendant. | Case No.<br><br>**STIPULATION FOR SETTLEMENT AND ENTRY OF JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff, the People of the State of California, *ex rel.* Barbara A. Lee, Director of the Department of Toxic Substances Control, ("Department") and Defendant Apple Inc. ("Apple") enter into this Stipulation for Settlement and Entry of Judgment ("Stipulation"), and agree as follows:

Case 5:23-cv-07346-EMC Document 135-5 Filed 10/26/26 Page 29 of 83

**1. COMPLAINT**

Concurrently with this Stipulation, the Department filed a Complaint for Civil Penalties and Injunctive Relief ("Complaint") against Apple for violations of the California Hazardous Waste Control Law, Health and Safety Code sections 25100 *et seq.* ("HWCL"), and implementing regulations, Cal. Code Regs, tit. 22, Division 4.5, sections 66000 et seq. ("Title 22"), in connection with processing electronic waste for disposal and recycling at facilities owned and operated by Apple in Santa Clara County.

**2. JURISDICTION AND VENUE**

The Department and Apple (together, the "Parties" and individually, "Party") agree that for purposes of this Stipulation, the Court has both subject matter over the allegations in the Complaint and personal jurisdiction over the parties to the Complaint. The Parties also agree that venue is proper in this Court under Health and Safety Code section 25183.

**3. STIPULATION AND SETTLEMENT FOR ENTRY OF FINAL JUDGMENT**

The Department and Apple enter into the Stipulation pursuant to a compromise and settlement of disputed claims. Each of the Parties consents to the entry by the Superior Court of Santa Clara County (the "Court") of a Final Judgment Pursuant to Stipulation which incorporates the terms of the Stipulation by reference. The Stipulation was negotiated and executed in good faith and at arms' length by each of the Parties, with their respective counsel, to avoid expensive and protracted litigation regarding violations of the HWCL and Title 22 alleged by the Department in the Complaint. The Department enters into this Stipulation to further the public interest. Nothing herein shall inure to the benefit of any persons not Parties to this Stipulation.

**4. WAIVER OF HEARING AND TRIAL**

By signing and entering into this Stipulation, Apple waives its right to a hearing and trial on matters alleged in the Complaint and to appeal. Further, the Parties each request entry of the Final Judgment on the terms set forth in this Stipulation.

**5. APPLICABILITY**

Unless otherwise expressly provided herein, the terms of this Stipulation and the Final Judgment shall apply to and be binding on (a) Apple its successors, and its officers, directors, and employees, and all persons acting within the control of Apple including, but not limited to Sims Recycling Solutions, Inc., at any facility in California owned or operated by Apple at which electronic waste or any other hazardous waste is treated, or recycled ("Apple Facility") and (b) the Department and any successor agency of the Department that may have responsibility for, and jurisdiction over, the subject matter of the Complaint and Final Judgment.

**6. MATTERS COVERED**

This Stipulation is a final and binding resolution and settlement of all violations that the Department alleged in its inspection reports stemming from the inspections of Apple Facilities conducted on June 13, 2013 and subsequent information requests, and the violations and causes of action that were specifically alleged in the Complaint against Apple. ("Matters Covered").

**7. INJUNCTION**

Apple shall be enjoined and ordered as follows:

a. Apple shall ensure that its officers, directors, and employees, representatives, and all persons acting within the control of Apple at any Apple Facility comply with all of the laws and regulations specifically identified in the violations alleged in Paragraph 31 of the Complaint.

b. Any officer or employee of Apple assuming responsibility for, or oversight of, hazardous waste management at Apple, including Apple's Facility manager, primary and secondary emergency coordinators, and the technicians responsible for baghouse maintenance and operations, must attend and successfully complete Modules I-V relating to hazardous waste at California Compliance School within six months of their hire, promotion, or assumption of responsibility unless they have attended the California Compliance School and passed the relevant modules within the last five years before the date of their hiring, promotion, or assumption of responsibility.

c. Apple shall ensure that e-waste labeled as Universal Waste, including shredded e-waste, is not mixed or otherwise placed in containers with dust derived from its shredding operations.

d. Apple shall conduct weekly inspections of all areas of its facilities where hazardous waste is generated or accumulated, including an inspection of all municipal waste containers and e-waste containers to inspect for improper management of hazardous waste. Apple shall maintain a written log on-site of the inspections required by Cal. Code of Regs, tit. 22, section 66265.15. The log shall be furnished upon request, and shall be made available at all reasonable times for inspection, to any officer, employee or representative of DTSC or the local Certified Unified Program Agency ("CUPA").

e. Apple must submit to the Department documentation demonstrating financial assurance for the Closure/Post Closure Plan in accordance with title 22, section 66265.143. The document submittals shall be submitted annually to DTSC by no later March 16 of each year.

f. Within 30 days of the Effective Date of the Judgment, the Senior Director of Real Estate and Development shall be responsible for ensuring that all required financial assurance documentation is submitted to the Department.

**8. PENALTY**

Apple shall pay the Department a civil penalty of $450,000 (four hundred-fifty thousand dollars) on or before fifteen days after the Effective Date (as defined in Paragraph 21, below) of the Judgment.

Apple shall pay the penalty by cashier's check made payable to "California Department of Toxic Substances Control" and bearing the notation "Apple Inc.," and shall send it to:

Cashier
Accounting Office, MS-21 A
Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806

An electronic copy or paper photocopy of the cashier's check for payment of the penalty shall be sent, at the same time, to Department and Office of Attorney General personnel specified in Section 10 ("Notices"), below.

**9. ENFORCEMENT**

If the Department determines that Apple has violated the terms of this Stipulation or the Final Judgment, the Department will provide Apple with written notice of the default to its representatives identified in Section 11 ("Notices") below. If Apple fails to come into compliance within 30 calendar days of receiving the Department's notice, or another time frame specified by the Department (whichever is later), the Department may pursue all its rights and remedies to enforce the Final Judgment. Nothing in this section shall limit the Department's right to enforce the HWCL or Title 22 concerning violations not alleged in Paragraph 31 of the Complaint. The Department reserves its right to assert a claim, separate and independent of, and in addition to, any claim made to enforce this Final Judgment, for violations of the underlying statutory or regulatory requirements. In the event that the Department files any motion pursuant to this paragraph or brings an independent enforcement action, Defendants reserve and retain all rights and defenses to oppose the Department's motion or independent enforcement action.

At any time after the Final Judgment has been in effect for four (4) years, and Apple has paid all amounts due hereunder, Apple may, with notice to the Department, file a motion requesting that the Court order that the Permanent Injunction provisions of Paragraph 7 shall have no prospective force or effect based on Apple's demonstrated history of compliance with the Final Judgment. Within thirty (30) days of the filing of Apple's motion, the Department may file a response in opposition. If the Department agrees that Apple has complied with the obligations set forth in the Final Judgment, the Department may file a statement of non-opposition to Apple's motion or file no response. Within fifteen (15) days of any filing by the Department, Apple may file a response to the opposition, and the matter shall be set for hearing as soon as reasonably possible thereafter. The Parties agree that the Court may grant Apple's request upon determining that Apple has complied with the obligations set forth herein.

## 10. NOTICES

All notices under this Stipulation and the Judgment shall be in writing and shall be sent to:

For the Attorney General:

**Reed Sato**
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Reed.sato@doj.ca.gov

For the Department:

**Alex Baillie**
Department of Toxic Substances Control
8800 Cal Center Drive
Sacramento, CA 95826
Alex.Baillie@dtsc.ca.gov

**Christopher Cho**
Office of Legal Counsel, MS-23A
Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806
Christopher.Cho@dtsc.ca.gov

For Apple:

**James C. Fowler**
Associate General Counsel, Real Estate
Apple Inc.
1 Infinite Loop, M/S 4-DLAW
Cupertino, California 95014
jfowler@apple.com

**Kristina E. Raspe**
Senior Director, Real Estate
Apple Inc.
1 Infinite Loop, M/S 119-REF
Cupertino, California 95014
kraspe@apple.com

With a copy to:

**William F. Tarantino**
Morrison & Foerster LLP
425 Market Street, Suite 3300
San Francisco, California 94105
WTarantino@mofo.com

Each Party may change its respective representative(s) for purposes of notice by providing the name and address of the new representative, in writing, to both Parties. Any such change will take effect within seven calendar days of the date of the written notice.

**11. AUTHORITY TO ENTER STIPULATION**

Each signatory to this Stipulation certifies that he or she is fully authorized by the Party he or she represents to enter into this Stipulation, to execute it on behalf of the Party represented, and to legally bind that Party.

**12. EFFECT OF STIPULATION AND JUDGMENT**

Except as expressly provided in this Stipulation, nothing in this Stipulation or the Judgment is intended nor shall it be construed to preclude the Department, or any state, county, or local agency, department, board or entity from exercising its authority under any law, statute, or regulation.

**13. NO WAIVER OF RIGHT TO ENFORCE**

Should the Department decline to enforce any provision of the Stipulation or the Judgment, that shall neither be deemed a waiver of such provision, nor in any way affect the validity of the Stipulation or Judgment or the Department's enforcement authority, nor shall it preclude the Department from later enforcing the same or other provisions. No oral advice, guidance, suggestions, or comments by employees or officials of the Department, or conversations between employees or officials of the Department and employees or representatives of Apple, or people or entities acting on behalf of Apple, shall be construed to relieve Apple of its obligations under this Stipulation or the Judgment.

**14. NO LIABILITY OF THE DEPARTMENT**

The Department shall not be liable for any injury or damage to persons or property resulting from acts or omissions by Apple or its agents, servants, employees, representatives, or other persons acting in concert or participating with Apple, in carrying out Apple's obligations pursuant to this Stipulation or the Judgment.

**15. FUTURE REGULATORY CHANGES**

Nothing in this Stipulation or the Judgment shall excuse Apple from meeting more stringent requirements that may be imposed by changes in the applicable law. It is the responsibility of Apple to remain informed as to any and all applicable statutory and/or regulatory changes, and to remain in compliance with all applicable statutory and regulatory provisions.

**16. INTEGRATION**

This Stipulation and the Judgment constitute the entire agreement between the Parties, and may not be amended or supplemented except as provided for in this Stipulation or in the Judgment. No oral representations have been made or relied on other than as expressly set forth herein.

**17. RETENTION OF JURISDICTION**

The Parties agree that the Court has continuing jurisdiction to interpret and enforce the provisions of this Stipulation and the Judgment.

**18. EQUAL AUTHORSHIP**

This Stipulation shall be deemed to have been drafted equally by the Parties hereto. The Parties agree that the rule of construction holding that ambiguity is construed against the drafting party shall not apply to the interpretation of this Stipulation.

**19. AMENDMENTS TO THIS STIPULATION AND THE JUDGMENT**

This Stipulation and the Judgment may be amended only pursuant to a written agreement signed by all the Parties, followed by written approval by the Court, or by order of the Court following the filing of a duly noticed motion.

**20. COUNTERPARTS**

This Stipulation may be executed in several counterpart originals, all of which taken together shall constitute an integrated original document.

**21. ENTRY OF JUDGMENT AND EFFECTIVE DATE OF JUDGMENT**

The Parties further stipulate that upon approval of this Stipulation by the Court, the Court may enter the Final Judgment in this matter. The "'Effective Date" of the Judgment is the date the Judgment is entered by the Court. If the Court does not approve this Stipulation and the Final Judgment in the form and substance proposed in Exhibit A hereto, each Party reserves the right to withdraw both the Stipulation and the Judgment upon written notice to all Parties and the Court.

**IT IS SO STIPULATED.**

Dated: 11/29, 2016

FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL

original signed by Keith Kihara

KEITH KIHARA
Division Chief
Enforcement and Emergency Response Division
Department of Toxic Substances Control

Dated: ______________, 2016

FOR APPLE, INC.

JAMES C. FOWLER
Associate General Counsel
Apple Inc.

**21. ENTRY OF JUDGMENT AND EFFECTIVE DATE OF JUDGMENT**

The Parties further stipulate that upon approval of this Stipulation by the Court, the Court may enter the Final Judgment in this matter. The "'Effective Date" of the Judgment is the date the Judgment is entered by the Court. If the Court does not approve this Stipulation and the Final Judgment in the form and substance proposed in Exhibit A hereto, each Party reserves the right to withdraw both the Stipulation and the Judgment upon written notice to all Parties and the Court.

**IT IS SO STIPULATED.**

Dated: ________________, 2016

FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL

______________________________
KEITH KIHARA
Division Chief
Enforcement and Emergency Response Division
Department of Toxic Substances Control

Dated: 11/17, 2016

FOR APPLE INC.

original signed by James Fowler

______________________________
JAMES C. FOWLER
Associate General Counsel
Apple Inc.

**APPROVED AS TO FORM:**

Dated: December 1, 2016

KAMALA D. HARRIS
Attorney General of California
SALLY MAGNANI
Senior Assistant Attorney General

original signed by Reed Sato

REED SATO
Deputy Attorney General
*Attorneys for Plaintiff People of the State of California, ex rel. Department of Toxic Substances Control*

Dated: NOVEMBER 17, 2016

original signed by Scott Murray

SCOTT B. MURRAY
Senior Litigation Counsel
APPLE INC.
*For Defendant Apple Inc.*

KAMALA D. HARRIS
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General
REED SATO
Deputy Attorney General
State Bar No. 87635
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 445-5442
Fax: (916) 322-5609
E-mail: Reed.Sato@doj.ca.gov

*Attorneys for People of the State of California, ex rel. Barbara A. Lee, Director of the Department of Toxic Substances Control*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* BARBARA A. LEE, DIRECTOR OF THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**<br>Plaintiff,<br>**v.**<br>**APPLE INC., a California corporation,**<br>Defendant. | Case No.<br>**FINAL JUDGMENT PURSUANT TO STIPULATION** |

Good cause appearing herein, the Court finds that the Stipulation for Settlement and Entry of Judgment and Permanent Injunction ("Stipulation") between the Plaintiff, the People of the State of California, *ex rel.* Barbara A. Lee, Director of the Department of Toxic Substances Control, and Defendant Apple Inc., which is attached as Exhibit A, is fair and in the public

interest. The Stipulation is approved, and its terms are incorporated into this judgment by reference. Accordingly, final judgment is entered.

IT IS SO ORDERED:

Date:________________________

____________________________________
Judge of the Santa Clara County Superior Court