Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIV.

**ASHLEY M. GJØVIK**, *an individual,*

**PLAINTIFF,**

***vs.***

**APPLE INC.**, *a corporation,*

**CITY OF SANTA CLARA,** *a local government,*

**& THE PROPERTY OWNERS: MR. KALIL JENAB,** *individually and as agent of various entities,*

**AND MS. JULIA LINDSEY & MS. KATHLEEN WOODRUFF.** *in their respective capacities as trustees.*

**DEFENDANTS**.

**Case No. 25-CV-07360-PCP**

**District Judge**: Honorable P. Casey Pitts

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANT CITY OF SANTA CLARA'S MOTION TO DISMISS (DKT. 127); DECLARATION OF ASHLEY M. GJØVIK AUTHENTICATING RJN EXHIBITS; [PROPOSED] ORDER**

**HEARING:**
Date: Nov. 5 2026
Time: 10:00 A.M.
Courtroom: 8, 4th Floor

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

1. Under Federal Rule of Evidence 201, Plaintiff Ashley M. Gjøvik requests that the Court take judicial notice of the documents listed below, attached as Exhibits 1 through 21 to the

accompanying Declaration of Ashley M. Gjovik Authenticating RJN Exhibits, in connection with her opposition to Defendant City of Santa Clara's motion to dismiss the Third Amended Complaint (Dkt. 127). Plaintiff also asks the Court to consider, for this motion, Exhibits 6 through 8 to her pending request for judicial notice in opposition to the motion of Apple Inc. and the property owners. Dkt. 134. Plaintiff offers each document for its existence, its terms, and the statements made in it, not for the truth of any disputed fact asserted in it. The opposition cites these documents as "RJN Ex. __" and by the short titles given below.

# I. DOCUMENTS TO BE NOTICED

## A. WATER BOARD ORDERS

**Exhibit 1** California Regional Water Quality Control Board, San Francisco Bay Region ("Regional Board"), Order No. R2-2015-0049, as amended by Order No. R2-2019-0004, Municipal Regional Stormwater NPDES Permit, NPDES No. CAS612008 ("MRP 2.0") (excerpts: Finding 5, Discharge Prohibition A.1, and Provisions C.1, C.3.h, C.4, and C.5).

**Exhibit 2** Regional Board Order No. R2-2022-0018, Municipal Regional Stormwater NPDES Permit, NPDES No. CAS612008 ("MRP") (excerpts: cover page, Finding 5, Discharge Prohibition A.1, and Provisions C.1, C.3.h, C.4, C.5, and C.7).

**Exhibit 3** Regional Board Order No. R2-2023-0019, amending Order No. R2-2022-0018.

**Exhibit 4** Regional Board Order No. R2-2025-0027, NPDES No. CA0037842, waste discharge requirements for the San José–Santa Clara Regional Wastewater Facility (excerpts: cover pages and Section 5.3.4).

**Exhibit 5** Regional Board Order No. R2-2020-0001, NPDES No. CA0037842, the predecessor permit for the same facility (excerpts: cover pages, Table 1, and

Provisions VI.C.4.a and VI.C.4.c).

### B. City of Santa Clara Code and Legislative Records

**Exhibit 6** Santa Clara City Code chapter 13.10 (“Sewers”) (“SCCC”).

**Exhibit 7** City of Santa Clara Ordinance No. 1920, amending chapter 13.10 (adopted Feb. 25, 2014), with the City Attorney’s agenda report of February 25, 2014, City Legislative File No. HIST-42041 (27 pages).

**Exhibit 8** Agenda report of the Director of Water and Sewer Utilities dated January 23, 2014, “Pass to Print an Ordinance Amending Chapter 13.10,” with the proposed ordinance and the Council’s action of February 11, 2014, City Legislative File No. HIST-41849 (26 pages).

**Exhibit 9** City of Santa Clara Ordinance No. 2072, amending and restating SCCC chapter 13.20 (“Storm Drains and Discharges”) (introduced Sept. 24, 2024; adopted Oct. 22, 2024), City Legislative File Nos. 24-1603 and 24-1002 (35 pages).

### C. Records of State and Local Agencies

**Exhibit 10** Petition of the Santa Clara Valley Urban Runoff Pollution Prevention Program (“SCVURPPP”) and the San Mateo Countywide Water Pollution Prevention Program to the State Water Resources Control Board for review of Order No. R2-2015-0049 (Dec. 15, 2015) (14 pages).

**Exhibit 11** California Environmental Reporting System (“CERS”) Business Owner/Operator reports for “Apple, Inc. (Scott 1),” 3250 Scott Boulevard, CERS ID 10633816, submitted October 27, 2015 through January 11, 2023, with the Santa Clara City Fire Department’s processing records (10 pages).

**Exhibit 12** City of Santa Clara Planning File No. PLN2014-10675, stormwater management plan submittal for 3250 Scott Boulevard (Oct.–Dec. 2014) (“2014 stormwater

plan file”), including the Project Clearance Committee routing sheet, the City’s “Stormwater Management Plans Review Process (SWMP)” (rev. 2/14), the Provision C.3 Data Form, Stormwater Control Plan sheet C7.0, the third-party review letter of December 10, 2014, and the City’s treatment sizing worksheets (22 pages).

**Exhibit 13** California Environmental Protection Agency, CalEPA Response to Evaluation Progress Report #1, Santa Clara City Fire Department Hazardous Materials Division (Apr. 17, 2026) (22 pages).

**Exhibit 14** State Water Resources Control Board, Storm Water Multiple Application and Report Tracking System (“SMARTS”) public records for 3250 Scott Boulevard: the search results listing industrial and construction stormwater filings and terminations for the address, including WDIDs 2 43I013140 and 2 43I014928 (Synergy Semiconductor) and 2 43C370958; the attachment index; the fee statement (May 20, 2021) and receipt of No Exposure Certification (Sept. 23, 2021); the Notice of Intent and No Exposure Certification for WDID 2 43NEC009373 (May 20, 2021); and the documentation filed with the Notice of Termination on October 5, 2022, titled “City of Santa Clara Correspondence SIC confirmation,” consisting of email between Apple Inc. and the City’s Business Tax and License Department (Sept. 19–Oct. 5, 2022) and the City’s Annual Business Tax Certificate/Fire Permit No. 201509 (issued Nov. 4, 2021) (12 pages).

**Exhibit 15** Santa Clara County Assessor’s Map, Book 216, page 29 (roll year 2026–2027); Parcel Map, Book 505 of Maps, page 50 (recorded Nov. 1, 1982); and Parcel Map, Book 510 of Maps, page 11 (recorded Mar. 17, 1983) (3 pages).

### D. AGENCY PUBLICATIONS AND GUIDANCE

**Exhibit 16** U.S. EPA, *Multijurisdictional Pretreatment Programs Guidance Manual*, EPA 833-B-94-005 (June 1994) (excerpt: § 2.2.3).

**Exhibit 17** Administrative complaint, *In re City of Rochester, N.H.*, No. CWA-I-88-1009 (EPA Region I Mar. 21, 1989).

**Exhibit 18** California Governor's Office of Emergency Services ("Cal OES") web pages titled "State Emergency Response Commission" and "Local Emergency Planning Committee" printed Oct. 15 2026.

**Exhibit 19** Unidocs, "Who Regulates What in Santa Clara County" (page updated July 2, 2018) (2 pages).

**Exhibit 20** Unidocs, *Toxic Gas Ordinance Consensus Guidelines*, UN-027 (rev. July 13, 2003), with Typical Toxic Gas System Inspection Violations (11 pages).

**Exhibit 21** Unified Program Administration and Advisory Group, *Violation Classification Guidance for Unified Program Agencies* (rev. Mar. 6, 2020) (14 pages).

## II. GROUNDS FOR JUDICIAL NOTICE

2. A court may take judicial notice of a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and it "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b)(2), (c)(2). On a motion to dismiss, a court may consider matters of public record without converting the motion, but may not notice the truth of disputed facts asserted in them. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1003 (9th Cir. 2018).

3. Proper subjects include records and reports of administrative bodies, *Interstate*

*Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); filings in other proceedings, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); and information government entities make publicly available on their websites, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010). A court may also consider documents incorporated by reference in the complaint. *Khoja*, 899 F.3d at 1002; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### A. <u>THE WATER BOARD ORDERS (EXHIBITS 1–5)</u>

4. The orders are official acts of the Regional Board, issued in quasi-judicial permitting proceedings and published by the Board; their authenticity cannot reasonably be questioned. *Interstate Nat. Gas*, 209 F.2d at 385; *Daniels-Hall*, 629 F.3d at 998–99. Counts 21 and 22 rest on the City's stormwater and wastewater permits, TAC ¶¶ 43, 434–436, 504, so the Court may also consider them as incorporated by reference. *Khoja*, 899 F.3d at 1002. Plaintiff offers the orders for their terms, including the identity of the permittees and dischargers and the conditions imposed.

### B. <u>THE CITY'S CODE AND LEGISLATIVE RECORDS (EXHIBITS 6–9)</u>

5. Municipal ordinances are proper subjects of judicial notice, *Tollis, Inc. v. County of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006), as is legislative history, *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012). Exhibits 7 through 9 are the City Council's official records, published on the City's legislative website, including agenda reports submitted to the Council by the City Attorney and the Director of Water and Sewer Utilities.

6. Plaintiff offers these records for the text of the City's ordinances and for what the City and its officers stated in adopting them. For example, the City's code describes the Plant's

NPDES permit as "a permit issued to the City pursuant to Section 402 of the Clean Water Act," SCCC § 13.10.020 (Ex. 7 at 9); the Director reported that "[a] 2012 audit by the US EPA and the SWRCB of the pretreatment program administered by the City of San Jose found that ordinance changes were required," Ex. 8 at 2; the Director and the City Attorney each advised that the amendments would keep "the City in compliance with US EPA regulations, consequently avoiding fines and penalties that might result from non-compliance," Ex. 8 at 3; Ex. 7 at 2; and Ordinance No. 2072 recites that "the City is regulated by the Municipal Regional Stormwater National Pollutant Discharge Elimination System Permit," Ex. 9 at 3, defines the "Storm Drain System" as conduits and sewers "of the City," *id.* at 12, and declares the discharge of industrial wastes into a storm drain in violation of chapter 13.20 a "public nuisance," *id.* at 23. These statements are offered for the fact that the City made them.

### C. THE SCVURPPP PETITION (EXHIBIT 10)

7. Exhibit 10 is a petition filed with the State Water Resources Control Board "for the benefit of" the members of a program that includes the City. Ex. 10 at 1 & n.1, 2. Filings in administrative proceedings are matters of public record. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6. Plaintiff offers it to show that it was filed and what it said about the co-permittees' exposure to "potential third party liability consequences," Ex. 10 at 8, not for the truth of its assertions.

### D. THE CERS RECORDS, THE 2014 STORMWATER PLAN FILE, AND THE CALEPA EVALUATION (EXHIBITS 11–13)

8. Exhibit 11 consists of hazardous materials business plan submittals that Apple filed through the State's electronic reporting system for the Unified Program, with the City Fire Department's processing records. They are records of a public agency, *Lee*, 250 F.3d at 689–90, and the TAC refers to them, TAC ¶¶ 117, 141, 183. Plaintiff offers them only to show what industry codes Apple reported to the City, when, and when and by whom the City accepted

them, not for the accuracy of Apple's statements, whose inaccuracy is part of her claim. Those facts bear on the City's knowledge and on its duty to record the SIC or NAICS code of each facility in its inspection program. Ex. 2, MRP C.4.b.ii(3)(b).

9. Exhibit 12 is the City's planning file for the Facility's 2014 stormwater management plan, as reflected by the City's routing sheet and "received" stamps. The TAC describes and relies on the plan, TAC ¶¶ 94, 506, and Count 22 rests in part on the City's failure to inspect and enforce it. The Court may consider it under the incorporation-by-reference doctrine, *Khoja*, 899 F.3d at 1002; *Ritchie*, 342 F.3d at 908, and may also notice it as a record of the City's planning department, *Lee*, 250 F.3d at 689–90.

10. Exhibit 13 is CalEPA's official response to the City's progress report in CalEPA's statutorily required performance evaluation of the City as a Certified Unified Program Agency, issued with the participation of the Department of Toxic Substances Control, the State Water Resources Control Board, and the Office of the State Fire Marshal. Cal. Health & Safety Code § 25404(d); Cal. Code Regs. tit. 27, § 15330. The TAC relies on the same evaluation process. TAC ¶ 49. Plaintiff offers it for the fact and content of CalEPA's findings, not for the truth of the underlying facts.

## E. THE SMARTS RECORDS AND THE RECORDED MAPS (EXHIBITS 14–15)

11. Exhibit 14 consists of records the State Water Resources Control Board maintains in its public permit-tracking database, including a City email and business tax certificate that Apple filed with the Board. These are records of a state agency, available through its public data-access portal. *Interstate Nat. Gas*, 209 F.2d at 385; *Daniels-Hall*, 629 F.3d at 998–99. Plaintiff offers them to show what Apple certified to the State Water Board, what codes the City recorded and when, the business description the City assigned and the fees it charged, and the date and stated basis of the 2022 termination, not for the truth of any disputed matter. *See* TAC ¶¶ 94,

450–451, 558–561.

12. Exhibit 15 consists of the County Assessor's map and parcel maps recorded with the County Recorder, approved by the City Council and certified by the City Engineer. Recorded documents and official maps are matters of public record whose accuracy cannot reasonably be questioned. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6; *Lee*, 250 F.3d at 689–90. Plaintiff offers them to show the recorded storm drain easements and parcel boundaries they depict.

### F. THE AGENCY PUBLICATIONS AND GUIDANCE (EXHIBITS 16–21)

13. Exhibits 16 through 18 are publications of EPA and Cal OES, available in agency records or on government websites. Exhibit 21 is guidance published by CalEPA for unified program agencies, on which CalEPA directed the City to train its inspection staff. Ex. 13 at 13. Exhibits 19 and 20 are guidance documents published at www.unidocs.org, the shared document library of the local unified program agencies in Santa Clara County, for use by those agencies and the businesses they regulate. Courts may notice such government publications. *Daniels-Hall*, 629 F.3d at 998–99. Plaintiff offers them for what they say, as persuasive authority, not as binding rules.

### G. EXHIBITS 6 THROUGH 8 TO DOCKET NO. 134

14. Plaintiff's pending request for judicial notice in opposition to the motion of Apple and the property owners includes the Facility's 2019 Risk Management Plan, Industrial Wastewater Discharge Permit No. SC-461B, and the City of San José Environmental Services Department's inspection reports for that permit. Dkt. 134, Exs. 6–8. Plaintiff asks the Court to consider those documents in connection with this motion as well, on the grounds stated in that request.

## III. CONCLUSION

15. Plaintiff respectfully requests that the Court take judicial notice of Exhibits 1

through 21 and of Exhibits 6 through 8 to Docket No. 134, and consider Exhibit 12 as incorporated by reference in the Third Amended Complaint.

Respectfully filed,



**/s/ Ashley M. Gjovik**

**Ashley Gjovik (Plaintiff)**
Filed October 16, 2026 in San José, California
(415) 964-6272
legal@ashleygjovik.com
2108 N. St. Ste. 4553,
Sacramento, CA 95816

## DECLARATION OF ASHLEY M. GJOVIK AUTHENTICATING RJN EXHIBITS

I, Ashley M. Gjøvik, declare as follows:

1. I am the Plaintiff in this action, appearing in propria persona. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. Exhibits 1 through 5 to the foregoing Request for Judicial Notice are true and correct copies, or where so described excerpts, of orders of the California Regional Water Quality Control Board, San Francisco Bay Region, which I downloaded from the Regional Board's website on Oct. 15 2026 at the URL https://www.waterboards.ca.gov/sanfranciscobay/water_issues/programs/stormwater/ at https://www.waterboards.ca.gov/sanfranciscobay/board_info/agendas/2023/October/5_final_to.docx,https://www.waterboards.ca.gov/sanfranciscobay/board_decisions/adopted_orders/2022/R2-2022-0018.pdf, and https://www.waterboards.ca.gov/sanfranciscobay/water_issues/programs/stormwater/MRP/R2_2015_0049_amended.pdf

3. Exhibit 6 is a true and correct copy of chapter 13.10 of the Santa Clara City Code, which I obtained from the City's online municipal code at https://ecode360.com/47550440 on Oct. 15 2026.

4. Exhibits 7, 8, and 9 are true and correct copies of records I printed on October 15, 2026, from the City of Santa Clara's legislative website, https://santaclara.legistar.com, including the attachments to File Nos. HIST-42041, HIST-41849, 24-1603, and 24-1002.

5. Exhibit 10 is a true and correct copy of the petition submitted to the State Water Resources Control Board on December 15, 2015, which I obtained from https://www.waterboards.ca.gov/public_notices/petitions/water_quality/docs/petitions/a2455(c)p

etitions.pdf on Oct. 16 2026.

6. Exhibit 11 is a true and correct copy of CERS Business Owner/Operator records for CERS ID 10633816, bearing print dates of June 14, 2023 and October 19, 2023, which I obtained from City of Santa Clara through Public Records Request No. 23-517 (https://santaclara.nextrequest.com/requests/23-517) on June 14 2023 and Oct. 24 2023.

7. Exhibit 12 is a true and correct copy of records from City of Santa Clara Planning File No. PLN2014-10675, which I obtained from City of Santa Clara via Public Records Request No. 23-127 on April 18, 2023 at https://santaclara.nextrequest.com/documents/18360601.

8. Exhibit 13 is a true and correct copy of CalEPA's response to the City's Evaluation Progress Report #1, dated April 17, 2026, which I obtained from the California EPA Unified Program Regulator Directory under "Documents For Santa Clara City Fire Department" at https://cersapps.calepa.ca.gov/Public/Directory/RegulatorDocuments/1061.

9. Exhibit 14 is a true and correct copy of records I printed on October 15, 2026, from the State Water Resources Control Board's SMARTS public data-access portal, https://smarts.waterboards.ca.gov, for the address 3250 Scott Boulevard, including the attachments to the Notice of Intent and Notice of Termination for WDID 2 43NEC009373.

10. Exhibit 15 is a true and correct copy of the Santa Clara County Assessor's map for Book 216, page 29, and of the parcel maps recorded at Book 505 of Maps, page 50, and Book 510 of Maps, page 11, which I obtained from the Santa Clara County Surveyor Record Index at https://experience.arcgis.com/experience/be2e1200b3c543909d27d8ef23483a15 on Oct. 15 2026.

11. Exhibits 16 is a true and correct copy of the U.S. Environmental Protection Agency (EPA), Multijurisdictional Pretreatment Programs Guidance Manual, June 1994, EPA

document number EPA 833-B-94-005 / Multijurisdictional Pretreatment Programs Guidance Manual, which I obtained from the US EPA website at https://www.epa.gov/system/files/documents/2021-07/owm0248.pdf on Oct. 15 2026.

12. Exhibits 17 is a true and correct copy of *In re City of Rochester, N.H.*, No. CWA-I-88-1009 (EPA Region I Mar. 21, 1989), which I obtained from the US EPA website at https://yosemite.epa.gov/OA/rhc/EPAAdmin.nsf/RJO%20Archive/A1EB812EECEDA8AC8525766A0051AB24/$File/city-of-rochester-031989-complt.pdf on Oct. 15 2026.

13. Exhibits 18 is a true and correct copy of the publication described in the Request, which I obtained from the California CalOES website at https://www.caloes.ca.gov/office-of-the-director/operations/response-operations/fire-rescue/hazardous-materials/state-emergency-response-commission/ and https://www.caloes.ca.gov/office-of-the-director/operations/response-operations/fire-rescue/hazardous-materials/local-emergency-planning-committee/ on Oct. 15 2026.

14. Exhibits 19 and 20 are true and correct copies of documents I printed from www.unidocs.org on October 15, 2026. Exhibit 21 is a true and correct copy of the Violation Classification Guidance, which I downloaded from CalEPA's website at https://calepa.ca.gov/wp-content/uploads/sites/6/2020/06/Violation-Classification-Guidance-Document-accessible.pdf on Oct. 14 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2026, at San José, California.

**/s/ Ashley M. Gjovik**
Ashley M. Gjovik

Filed October 16, 2026 in San José, California
(415) 964-6272
legal@ashleygjovik.com
2108 N. St. Ste. 4553,
Sacramento, CA 95816

## [PROPOSED] ORDER

Having considered Plaintiff's Request for Judicial Notice in support of her opposition to Defendant City of Santa Clara's Motion to Dismiss the Third Amended Complaint (Dkt. 127), the Court ORDERS as follows:

1. The Request is **GRANTED**. The Court takes judicial notice of Exhibits 1 through 21 to the Declaration of Ashley M. Gjøvik Authenticating RJN Exhibits, and of Exhibits 6 through 8 to Plaintiff's Request for Judicial Notice at Docket No. 134, for their existence, their terms, and the statements made in them, and not for the truth of any disputed fact asserted in them.
2. The Court also considers Exhibit 12 as incorporated by reference in the Third Amended Complaint.

**IT IS SO ORDERED.**

DATED: ___________________

___________________________________
Hon. P. Casey Pitts
United States District Judge