# EXHIBIT 21

*Gjovik v Apple Inc, City of Santa Clara, et al,* 25-CV-07360-PCP (Northern District of California). Opposition to City of Santa Clara's Motion to Dismiss (Dkt. 127).

CalEPA
California Environmental Protection Agency

CALIFORNIA CUPA FORUM

**UNIFIED PROGRAM ADMINISTRATION AND ADVSORY GROUP (UPAAG)**

**ENFORCEMENT STEERING COMMITTEE**

**ENFORCEMENT TECHNICAL ADVISORY GROUP**

# VIOLATION CLASSIFICATION GUIDANCE FOR UNIFIED PROGRAM AGENCIES

Revised 03/06/2020

## INTRODUCTION

Effective Unified Program implementation helps safeguard public health and the environment by reducing and managing the risk that hazardous materials and hazardous wastes would otherwise pose. Unified Program Agencies (UPAs) play a vital role in protecting public health and the environment by ensuring applicable laws and regulations are being enforced consistently with uniformity. Standardized classification of violations will enhance the UPAs in determining when formal or informal enforcement is appropriate.

This document begins with the Hazardous Waste Control Law definitions of the three-tiered system of violation classifications, which serves as a guide for all other Unified Programs[1]. This is followed by a description of what to consider for each violation classification, the applicable statutory definitions, and relevant examples. Attachment A includes some examples of how to classify common UPA Program violations. Attachment B is the statutory and regulatory references of the violation classifications and terms.

## DISCLAIMER[1]

The Violation Classification Guidance is intended to assist the UPAs in determining the appropriate enforcement response and to facilitate more consistent enforcement approach through the use of consistent, uniform, standard classification protocol guidance. This guidance is for informational purposes only; it is not a rulemaking, and it does not establish any rules or requirements for enforcement responses by the UPAs. Nor may this guidance be relied upon to create a specific right or benefit, substantive or procedural, enforceable at law or in equity, by any person.

The UPAs may take action at variance with this guidance or any internal implementing procedures. Recommendations regarding enforcement, such as when it is appropriate to pursue enforcement,

[1] There are existing statutory and regulatory violation classification definitions for some Unified Program violations, but not all. For example, the Hazardous Waste Program utilizes a three-tiered system of violation classification. This guidance suggests a similar approach across all Unified Programs for statewide consistency. Statewide consistency is a program mandate and a responsibility that encourages compliance and maximizes program effectiveness.

are addressed in other inspection and enforcement guidance documents and specifically, in each UPA's Inspection and Enforcement Plan. Nothing in this guidance requires a UPA to take specific enforcement action or prohibits or limits a UPA from taking any enforcement action it deems appropriate in any given case[2].

[2] See UPA 0910-02 Formal Enforcement Action Guidance for Environmental Violations

# HAZARDOUS WASTE PROGRAM VIOLATION CLASSIFICATIONS

**Hazardous Waste Violation Statutory and Regulatory Definitions Synopsis**

The California Health and Safety Code (HSC) Chapter 6.5 and Title 22 of the California Code of Regulations (22 CCR) define some classifications of hazardous waste program violations. Each of these statutory or regulatory definitions are listed in ATTACHMENT A. The Hazardous Waste Program utilizes a three-tiered system of violation classification. The section provides a general synopsis of each hazardous wastes class of violation.

**Class I Violation**

The most egregious type of violation should be classified as a "Class I". Class I violations are those violations that are willful, intentional, negligent, knowing or should have known, include false documents, violations that pose a significant threat of harm to the environment or human life. Chronic violations that are Minor or Class II may become Class I depending on the totality of circumstances. Minor or Class II violations committed by a recalcitrant violator after repeat citations, notifications or observations from the UPA may become Class I based on the totality of circumstances.

**Class II Violation**

"Class II" violations are those violations that do not meet the criteria for Class I violations, but also are not minor. Failure to correct or certify correction of a minor violation within the prescribed timeframe is a Class II violation.

**Minor Violation**

"Minor" violations are violations that do not meet the criteria for Class I or Class II violations. Minor violations do not include any violations that resulted in an economic benefit for the violator. Also the UPA has to consider whether there is evidence indicating that the violator has engaged in a pattern of neglect or disregard with respect to the requirements.

# CLASSIFYING HAZARDOUS WASTE VIOLATIONS

Specific details and circumstances of each identified hazardous waste violation can vary from case to case. Careful consideration of the nature, circumstances, and evidence must be applied by inspectors when classifying violations. Inspectors should determine if the circumstances surrounding the violation would reasonably meet the criteria of each violation class. (Refer to ATTACHMENT A for examples.) The most common way to determine the classification of a violation is to follow the following three steps:

- Confirm or eliminate the facts and circumstances that classify the violation as a Class I.
- Confirm or eliminate the facts and circumstances that classify the violation as a Minor violation. (Note: a chronic violation or a repeat violation or a violation committed by a recalcitrant violator should not be classified as a Minor violation.)

- Classify the violation as a Class II

## Things to Consider When Classifying Hazardous Waste Violations

All of the factors listed below should be considered both independently and cumulatively when classifying hazardous waste violations. UPAs should discuss how each factor below would be used to determine the violation classification with staff and ensure State-wide consistency.

- **Multiple Hazardous Waste Violations**
  The number of violations found at a facility during an inspection, including multiple instances of the same violation, should be considered when classifying violations. This may be indicative of a pattern of neglect or disregard with respect to applicable regulatory requirements and may be a Class II or Class I violation.

- **Volume of the Hazardous Waste**
  The volume of the hazardous waste should be considered when classifying a violation and determining whether it poses a significant threat to human health or the environment. It is appropriate to elevate the classification of a violation based on an increased threat posed by the volume of waste.

- **Relative Hazard of the Hazardous Waste**
  The relative hazard of the waste should be considered when classifying a violation and determining whether it poses a significant threat to human health or the environment. (e.g. The physical and chemical properties of a waste may be a factor to determine the relative hazard.) The greater the hazard the waste poses, the greater potential for harm to human health or the environment.

- **Proximity of the Population at Risk**
  The proximity of the population at risk to the hazardous waste also should be considered when classifying a violation and determining whether it poses a significant threat.

- **Knowing, Willful or Intentional Violations**
  The intent of the action that led to the hazardous waste violation may be considered when classifying violations. Violations that demonstrate a knowing disregard for regulatory requirements are generally considered to be more serious and should not be classified as minor violations. Most violations does not require to prove intent to demonstrate a violation has occurred. However facts that show knowing disregard, willful or intentional acts to violate laws and regulations should be documented, and they are factors to consider.

- **Compliance History**
  The regulatory history of the facility should be considered when classifying hazardous waste violations. A violation of the same requirement that has been cited on more than

one occasion or violations of multiple requirements from inspection to inspection at the same business may be considered as recalcitrant. Consider whether there is evidence indicating a pattern of neglect or disregard to applicable regulatory requirement(s). If the violations are chronic, the classification of violations should be elevated and should not be classified as minor violations.

- **Economic Benefit**
  Any hazardous waste violation that allows the violator to gain an economic benefit from noncompliance should not be classified as a minor violation. Also, the economic benefit could be gained from reduced costs or a competitive advantage via non-compliance.

**Elevating Hazardous Waste Violations**
When a facility fails to come into compliance within the given deadline, hazardous waste violations may be elevated to a higher classification. UPAs should make all efforts to gain compliance from the business prior to elevating violations, and explain to the business the enforcement pathway when elevating violations. Refer to UPA 0910-02 Formal Enforcement Action Guidance for Environmental Violations and the UPA's Inspection and Enforcement Plan for enforcement options.

## Things Not to Consider When Classifying Hazardous Waste Violations

- The size or fiscal health of the business should not factor into the classification of hazardous waste violations. These should be factored into, and adjusted for, during penalty calculations.
- Potential outcomes of future enforcement should not be taken into account at the time of violation classification.
- Demeanor of the respondent should not factor into the classification of violations. For example, unpleasant people should not be penalized any more than any other person. Conversely, pleasant people should not be given a break.

## UNIFIED PROGRAM VIOLATION CLASSIFICATIONS AND FACTORS

The other unified program elements do not have a three-tiered system of violation classification equivalent to the Hazardous Wastes Program. However, this guidance recommends a similar three-tiered system approach across all unified program elements for consistent, uniformity, standard classification to assist in determining an appropriate enforcement response. See Attachment A for examples of violations classification on each unified program element. In addition to the three-tiered approach in classifying violations, below are some common factors and terms to consider when enforcing the unified program elements.

### Chronic and Recalcitrant Violator

Chronic is defined as continuing or occurring again and again; a habit or pattern of behavior or frequent recurrence. For the purpose of applying this definition to violation classification, violations of the same statutory or regulatory requirement identified on more than one occasion at the same facility may be considered a chronic violation. The UPA should consider whether there is evidence indicating that the violator has engaged in a pattern of neglect or disregard with respect to the statutory or regulatory requirements. A recalcitrant violator is a person that is cited for chronic violations, actively refuses to comply with the regulatory requirements, or *has engaged in a pattern of neglect or disregard for statutory or regulatory requirements*.

### Economic Benefit

Economic benefit focuses on the violator's economic gain from noncompliance, i.e., the extent to which the violator benefits financially as a direct result of noncompliance. In general, a violator can gain an economic benefit in three basic ways:

(1) Delaying necessary compliance expenditures;
(2) Avoiding necessary compliance expenditures; and/or
(3) Having an unfair economic advantage over other businesses of similar industry.

*NOTE: The clarification of the term "economic benefit" as provided above refers only to the phrase as it is used in the definition of a minor violation [reference HSC, section 25404(a)(3)]. For purposes of defining and determining economic benefit in the calculation of penalties during enforcement, please refer to the Model Inspection and Enforcement Program Plan, the State Water Resources Control Board Water Quality Enforcement Policy or U.S. EPA's Penalty and Financial Models for calculating economic benefit or the Civil Penalty Policy of the Clean Water Act.*

**Imminent Threat to Human Health or Safety or the Environment**

Specific to the Underground Storage Tank (UST) program element, imminent threat to human health, safety or the environment is a condition that includes the following:

(1) Creates a substantial probability of harm,
(2) When it is necessary to take immediate action to prevent, reduce, or mitigate the actual or potential damages to human health or safety or the environment.

**Significant Non-Complier**

The Department of Toxic Substances Control (DTSC) and the U.S. Environmental Protection Agency (US EPA) have designated a type of hazardous waste violator as a "Significant Non-Complier" (SNC). An SNC is a handler who:

(1) Has caused actual exposure or substantial likelihood of exposure to hazardous waste or hazardous constituents; or
(2) Is a chronic (a handler who is regularly found to have many Class I or Class II violations) or recalcitrant violator (a handler who actively refuses to comply with the regulatory requirements); or
(3) Substantially deviates from the terms of a permit, Order, settlement document, or decree by not meeting the requirements in a timely manner and/or by failing to perform work as required by terms of permits, Orders, settlement agreements, or decrees; or
(4) Substantially deviates from statutory or regulatory requirements.

SNCs represent the category of violators that merit the most stringent and timely enforcement response. SNCs require formal enforcement action and must be closely tracked to ensure timely and appropriate enforcement.

**Significant Threat**

Significant threats are to be determined based on the volume and relative hazard of the material/waste, proximity of the population at risk, and the potential for harm to public health and the environment.

**Significant Violation**

Significant Violation in the UST Program element is a violation, including but not limited to the following:

(1) Causing or threatens to cause a liquid release of petroleum from the UST system, impairs the ability of a UST system to detect a liquid leak or contain a liquid release of petroleum such as tampering with leak detection equipment.
(2) A chronic violation or a violation that is committed by a recalcitrant violator.

# ATTACHMENT A – EXAMPLES

## Violation Classification Examples

*The UPAs should go through all classification steps to properly classify violations, including considering all factors presented in this document. Below are some GENERAL violations that may be minor, Class II, or Class I. This provides common program violations and potential minor, Class II, or Class I situations.*

***These lists are NOT intended to be exhaustive lists of violations with classifications.***

## Potential Minor Violations

Hazardous Materials Business Plan Program

- Failure to submit annual/triennial certification when there is no change in chemical inventory. (*Subject to local ordinance requirements)*
- Failure to electronically submit the HMBP to CERS when a plan is in place and it is a low hazard facility such as an Auto Body shop (not a plating shop).
- Failure to specify the location of a low hazard chemical on the facility site map.
- Annual refresher training was not conducted, but employees were previously trained in a low risk facility (Dry Cleaner/Auto Shop).

Underground Storage Tank (UST) Program

- Failure to update or submit complete tank and facility information in CERS.
- Missing maintenance and monitoring records onsite (Unless offsite storage allowed by the UPA).
- Records for employee training conducted by the DO were not onsite, but training was complete.
- Occasional missing monthly inspection report and no alarms were noted.

California Accidental Release Prevention Program (CalARP)

- A required data element is missing from the submitted Registration Information.
- A stationary source reported gallons instead of pounds for a regulated substance in the initial RMP.
- Review of documentation required for a RMP is incomplete for a single element.

Hazardous Waste Program

- Incomplete or missing label on a container of minimal-hazard waste.

- A covered container of non-liquid, minimal-hazard waste with an unsecured lid.
- A container storing minimal-hazard waste with minor damage that is not leaking.
- Failure to maintain training documentation for Large Quantity Generators, but training was conducted.
- Failure to submit a copy of the manifest to DTSC.

Aboveground Petroleum Storage Act (APSA)

- No evidence of 5-year review of when there have been no substantial changes.
- Failure to maintain adequate drainage from diked area records when there has been no history of discharge.
- Incomplete or inaccurate facility diagram.
- A complete plan fails to follow the sequence of the SPCC rule and/or provide a cross reference to the rule.

## Potential Class II Violations

Hazardous Materials Business Plan Program

- Failure to submit and/or implement a business plan for businesses with higher type hazard materials.
- Failure to include a hazardous material in a hazardous materials inventory submission for a higher hazard material
- Failure to provide or update emergency contacts for a higher hazard, higher risk, higher volume facility.
- Failure to indicate hazardous material locations on the facility/site map of a higher hazard higher risk facility.
- Failure to provide annual refresher training of a higher risk and higher volume facility.
- Any minor violation that has not been corrected within the given compliance time frame.

Underground Storage Tank (UST) Program

- Failure to document a recordable release (Non Catastrophic).
- Failure to conduct testing of secondary containment, spill bucket, or leak detection.
- Failure to conduct repairs and/or retesting of any part of the UST system.
- Failure to designate an International Code Council (ICC) certified designated UST operator.
- Failure to maintain DO inspection records and all attachments according to regulation.
- Any minor violation that has not been corrected within the statutory or regulatory compliance timeframe.

California Accidental Release Prevention Program (CalARP)

- RMP five-year update was submitted late. Program 3 facility consider how late and the hazard.
- RMP not updated within six months of an accidental release.
- Owner/operator did not meet the internal 3-year internal compliance audit requirements for Program 3.
- Owner/operator did not maintain investigation reports for releases.
- Failure of the owner or operator to correct deficiencies found from an RMP review during the specified time frame.
- PHA or Hazard Review not revalidated every 5 years.
- Failure of the owner or operator to revise/correct /update the RMP thirty days of a UPA inspection where the inspection report identifies a revision/correction/ update is required.

Hazardous Waste Program

- Hazardous waste in secondary containment was not cleaned up within 24 hours or in as timely a manner as is possible to prevent harm to human health or the environment (this could be a Class I depending on volume and type of waste).
- Failure to update closure costs annually for inflation for PBR or CA (although this may be a Class I if such costs are substantial).
- Failure to provide annual training (at least a Class II and potentially Class I).
- Failure to maintain training documentation for multiple years for Large Quantity Generators (at least a Class II and potentially Class I).
- Failure to make a hazardous waste determination (could be a Class I if the facility has failed to make hazardous waste determinations on multiple waste streams).
- Storage of hazardous waste greater than allowable times (90, 180 or 270 days) for low hazard facilities or a low hazard chemical. Also consider the contents of the container and how many. (This could be a Class I depending on type of hazards.)
- Any minor violation that has not been corrected within 30 days or provides an economic benefit to the violator.

Aboveground Petroleum Storage Act (APSA)

- Failure to have an SPCC Plan but have secondary containment and a tank inspection program.
- Failure to have management approval of an SPCC Plan.
- Failure to have aboveground storage tanks tested or inspected for integrity.
- Failure to provide secondary containment to hold capacity of largest container and sufficient freeboard for precipitation on bulk storage container.

## Potential Class I Violations

Hazardous Materials Business Plan Program

- Fails to submit or implement a business plan after previously cited for not having a business plan.
- Failure to submit a business plan for a high hazard facility and an emergency response occurs.
- Failure to report a release or threatened release to OES and/or the UPA that results in an Emergency Response and/or offsite release.
- Any Class II violation that is not corrected within given compliance timeframes.
- Failure to conduct training of employees in high hazard high volume facilities.

Underground Storage Tank (UST) Program

- Tampering with monitoring equipment so the equipment is no longer capable of detecting a leak at the earliest possible opportunity.
- Failure to obtain a UST Operating Permit
- Failure to have functional leak detection equipment, including failure to repair leak detection equipment.
- Failure to have secondary containment, including failure to repair secondary containment.
- Failure to properly close a UST.
- Failure to conduct well proximity Enhanced Leak Detection.

California Accidental Release Prevention Program (CalARP).

- No incident investigation conducted for catastrophic releases.
- Failure of the owner or operator to submit an initial RMP after notice from the UPA.
- Failure to update the RMP that requires a revise Offsite Consequence analysis, within 6 months of change and after notice from the UPA.
- Not completing action items from internal and/or external compliance audits, internal hazard reviews or PHAs, incident investigations, etc. after notice.

Hazardous Waste Program

- Disposal at a location not authorized to receive the hazardous waste (Illegal Disposal).
- Incompatible wastes stored or accumulated adjacent to each other with no physical barrier for separation.
- Failure of a Large Quantity Generator (LQG) to have adequate and complete tank assessments.
- Failure of a Large Quantity Generator (LQG) to install secondary containment for hazardous waste tanks and/or a release has occurred and/or high hazard waste.
- Failure to use a registered hauler. Shipping without a manifest, consolidated manifest, or

other authorized shipping paper (Illegal Transportation).
- Failure to obtain a permit or authorization for treatment of hazardous waste.

Aboveground Petroleum Storage Act (APSA)
- No SPCC Plan and no secondary containment.
- Failure to complete an SPCC Plan after previously cited and failed to comply.
- Failure to complete an SPCC Plan at a high-risk facility and/or leads to a discharge outside of the containment.
- Failure to correct Class II violations after previously cited and failed to comply.

**Note:** This is not intended to be a comprehensive list of potential violations.

## ATTACHMENT B – REFERENCES

| Hazardous Waste and Hazardous Materials Management Program | |
|---|---|
| Class I Violation | • Health and Safety Code §25404<br>• Health and Safety Code §25110.8.5<br>• Title 22 California Code of Regulations § 66260.10 |
| Class II Violation | • Health and Safety Code §25404<br>• Health and Safety Code §25117.6<br>• Title 22 California Code of Regulations § 66260.10 |
| Minor Violation | • Health and Safety Code §25404<br>• Health and Safety Code §25117.6 |
| Chronic Violation or Recalcitrant Violator | • Health and Safety Code §25404<br>• Health and Safety Code §25117.6 |
| Economic Benefit from Noncompliance | • Health and Safety Code §25404<br>• Health and Safety Code §25117.6 |
| Significant Non-Complier | • Federal Register Volume 73 §64688 |
| | |
| **Underground Storage Tank Program** | |
| Chronic Violation or Recalcitrant Violator | • Title 23 California Code of Regulations §2717 |
| Imminent Threat to Human Health or Safety or the Environment | • Title 23 California Code of Regulations §2717 |
| Significant Violation | • Title 23 California Code of Regulations §2717<br>• Health and Safety Code §25292.3 |
| | |