Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIV.

**ASHLEY M. GJØVIK**,
*an individual,*

**PLAINTIFF,**

***vs.***

**APPLE INC.**,
*a corporation,*

**CITY OF SANTA CLARA,**
*a local government,*

**& THE PROPERTY OWNERS: MR. KALIL JENAB,**
*individually and as agent of various entities,*

**AND MS. JULIA LINDSEY & MS. KATHLEEN WOODRUFF.**
*in their respective capacities as trustees.*

**DEFENDANTS**.

**Case No. 25-CV-07360-PCP**

**District Judge**: Honorable P. Casey Pitts

**PLAINTIFF'S ADMINISTRATIVE MOTION UNDER CIVIL L.R. 7-11 (1) FOR LEAVE TO FILE REQUEST FOR JUDICIAL NOTICE AND DECLARATIONS ONE DAY LATE AND (2) TO SUBSTITUTE CORRECTED OPPOSITION TO CITY OF SANTA CLARA'S MOTION TO DISMISS (DKT. 127); DECLARATION OF ASHLEY M. GJØVIK; [PROPOSED] ORDER**

Civil L.R. 7-11(c)

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

1. Under Civil Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(B), Plaintiff Ashley M. Gjøvik respectfully requests an order (1) granting leave to file, less than five hours after the October 15, 2026 deadline, her Declaration re Public Records Requests (Dkt. 139) and her Request for Judicial Notice and supporting authentication declaration (Dkt. 140) in support of her opposition (Dkt. 138) to Defendant City of Santa Clara's Motion to Dismiss (Dkt. 127); and (2) if the Court finds that the opposition as filed does not comply with Civil Local Rules 3-4(c)(2) and 7-4(b), deeming the Corrected Opposition attached as Exhibit A to the accompanying declaration filed in its place as of October 15, 2026. A Redline of the corrections is attached as Exhibit B. The Corrected Opposition is double-spaced, has no more than 28 lines per page, and is 25 pages long. It adds no new argument, authority, or evidence – other than conforming and correcting citations, and condensing and clarifying edits.

## I. BACKGROUND

2. The City filed its motion to dismiss the Third Amended Complaint on September 17, 2026. Dkt. 127. Plaintiff's opposition was due October 15, 2026, see Dkt. 111, and Plaintiff, who is not represented by counsel, filed it that day. Dkt. 138. The opposition cites, by exhibit number, twenty-one public records in her Request for Judicial Notice and the records-request history set out in her Declaration re Public Records Requests. Plaintiff was unable to finish assembling, authenticating, and filing those exhibits by the deadline and filed them on October 16, 2026. Gjøvik Decl. ¶¶ 2–4.

3. To keep the opposition (Dkt. 138) within 25 pages, Plaintiff formatted it at 1.5 line spacing, which places about 33 lines of text on each page rather than the 28 double-spaced lines that Civil Local Rule 3-4(c)(2) permits. *Id.* ¶ 5. However, even at 1.5 spacing, the opposition ran onto a twenty-sixth page. Recognizing that this may not comply with the Local Rules, Plaintiff has prepared a Corrected Opposition that conforms to them. *Id.* ¶ 6 & Ex. A. The

Corrected Opposition makes the same arguments, cites the same authorities and record, and reaches the 25-page limit by removing repetition, condensing wording, and shortening citations. *Id.* ¶ 6.

4. The City's reply is due October 22, 2026, and the hearing is set for November 5, 2026. Dkt. 127. No party should be prejudiced by this request as it is promptly made.

## II. ARGUMENT

### A. Good Cause Exists to Accept the RJN and Declarations One Day Late.

5. When a deadline has passed, the Court may extend it "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect turns on "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, . . . and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (applying *Pioneer* to Rule 6(b)). Rule 6(b) is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

6. Each factor favors relief. The delay was one day. The City is not prejudiced: the opposition, filed on time, identified each exhibit by number and described its contents, and the City has a full week to reply. The documents are public records, most of them the City's own, and the records declaration concerns the City's own responses to Plaintiff's requests. The hearing date is unaffected. The delay resulted from the volume of material a self-represented litigant had to assemble and authenticate, not from any tactical choice, and Plaintiff promptly sought relief. Gjøvik Decl. ¶¶ 3–4, 7.

7. If the City believes it needs more time to address the exhibits, Plaintiff does not

oppose a short extension of its reply deadline. Plaintiff recognizes that the Court granted similar relief for her opposition to the Apple Defendants' motion, Dkt. 137, and regrets the repeated delay. She has filed the exhibits within a day and asks for nothing that would delay the hearing.

### B. <u>THE COURT SHOULD ACCEPT THE CORRECTED OPPOSITION IF THE FILED OPPOSITION DOES NOT COMPLY.</u>

8. Civil Local Rule 7-4(b) limits an opposition to 25 pages, and Civil Local Rule 3-4(c)(2) requires double-spaced text with no more than 28 lines per page. If the Court considers the filed opposition's 1.5 spacing inconsistent with those rules, Plaintiff asks the Court to accept the Corrected Opposition in its place. It complies with both rules and makes no substantive change, so substituting it imposes no burden on the City, which may reply to either version. Accepting the Corrected Opposition, if needed, would let the motion be decided on its merits rather than on formatting, consistent with the liberal treatment afforded self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## III. CONCLUSION

9. Plaintiff respectfully requests that the Court (1) deem her Request for Judicial Notice, authentication declaration, and Declaration re Public Records Requests timely filed; and (2) if the Court finds the filed opposition noncompliant, deem the Corrected Opposition attached as Exhibit A filed in its place as of October 15, 2026.

Respectfully filed,



**/s/ Ashley M. Gjovik**

**Ashley Gjovik (Plaintiff)**
Filed October 16, 2026 in San José, California
(415) 964-6272
legal@ashleygjovik.com
2108 N. St. Ste. 4553,
Sacramento, CA 95816

# DECLARATION OF ASHLEY M. GJØVIK IN SUPPORT OF ADMINISTRATIVE MOTION

I, Ashley M. Gjøvik, declare as follows:

1. I am the Plaintiff in this action and represent myself. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. On October 15, 2026, I filed my opposition to the City of Santa Clara's motion to dismiss at Dkt. 138. The opposition cites the exhibits to my Request for Judicial Notice (Dkt. 140) and my Declaration re Public Records Requests (Dkt. 139) by exhibit number.

3. My Declaration re: Public Records Requests was filed on October 16 2026 at 12:31 AM PT at Dkt. 139. My Request for Judicial Notice was filed on October 16 2026 at 3:22 AM PT at Dkt. 140. This request is filed prior to 5 AM PT on Oct. 16 2026 – prior to the start of business for the parties and prior to the start of the Court's operating hours.

4. The Request for Judicial Notice has twenty-one exhibits, and the Declaration re Public Records Requests has thirteen exhibits – drawn from records of the City, the State Water Resources Control Board, CalEPA, the Regional Water Quality Control Board, and other agencies. It took extensive time to identify, download, authenticate these records as well as time to prepare the request and declarations.

5. To file the opposition before midnight on October 15 2026, and to keep the opposition within 25 pages, I formatted the document with 1.5 line spacing, which places about 33 lines of text on each page. I did this only to file on time and expecting to file the attached corrected Opposition and Motion for Leave. I apologize for my failure to complete these deliverables on time and in compliance with the Court rules.

6. Attached as Exhibit A is a true and correct copy of a Corrected Opposition that is double-spaced with no more than 28 lines per page and is 25 pages long. The Corrected

Opposition makes the same arguments and cites the same authorities and record as the filed opposition. I shortened it by removing repetition, condensing wording, and shortening citations.

7. Attached as Exhibit B is a true and correct copy of a Redline showing the differences between the Opposition filed at Dkt. 138 and the Corrected Opposition attached as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2026, in San José, California.

**/s/ Ashley M. Gjovik**
Ashley M. Gjøvik
October 16, 2026
San José, California

# [PROPOSED] ORDER

Having considered Plaintiff's Administrative Motion and the accompanying declaration, and good cause appearing, the Court ORDERS as follows:

1. The motion is **GRANTED**.
2. Plaintiff's Declaration re Public Records Requests (Dkt. 139) is deemed timely filed in support of her opposition to Defendant City of Santa Clara's Motion to Dismiss (Dkt. 127).
3. Plaintiff's Request for Judicial Notice and its authentication declaration (Dkt. 140) are deemed timely filed in support of her opposition to Defendant City of Santa Clara's Motion to Dismiss (Dkt. 127).
4. Plaintiff's Corrected Opposition, attached as Exhibit A to the Declaration of Ashley M. Gjøvik in Support of Administrative Motion, is deemed filed as of October 15, 2026, and supersedes the opposition at Dkt. 138.
5. Plaintiff shall file the Corrected Opposition as a separate docket entry within five days of this Order.

**IT IS SO ORDERED.**

DATED: ___________________

______________________________
Hon. P. Casey Pitts
United States District Judge