Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIV.

**ASHLEY M. GJØVIK,**
*an individual,*

**PLAINTIFF,**

***vs.***

**APPLE INC.,**
*a corporation,*

**CITY OF SANTA CLARA,**
*a local government,*

**& THE PROPERTY OWNERS: MR. KALIL JENAB,**
*individually and as agent of various entities,*

**AND MS. JULIA LINDSEY & MS. KATHLEEN WOODRUFF.**
*in their respective capacities as trustees.*

**DEFENDANTS.**

**Case No. 25-CV-07360-PCP**

**District Judge**: Honorable P. Casey Pitts

**PLAINTIFF'S CORRECTED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; DECLARATION OF ASHLEY M. GJOVIK**

**12(b)(1) & 12(b)(6)**

**Corrected per Order at Dkt. 137.**

**HEARING:**
Date: Nov. 5 2026
Time: 10:00 A.M.
Courtroom: 8, 4th Floor

# PLAINTIFF'S CORRECTED REQUEST FOR JUDICIAL NOTICE

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

1. Under Federal Rule of Evidence 201, Plaintiff Ashley M. Gjovik requests that the Court take judicial notice of the documents and materials below in support of her Opposition to Defendants' Motion to Dismiss (Dkt. 128) and the Landlord Defendants' Supplemental Brief (Dkt. 130) ("Opposition" or "Opp."). True and correct copies of Exhibits 1 through 8 are attached and authenticated in the declaration at the end of this request. Materials already on this Court's docket, including the Third Amended Complaint's exhibits (Dkts. 119-1 through 119-6) and Apple's statement regarding relation of cases (Dkt. 11-1), are cited directly in the Opposition and are not repeated here.

2. This Request for Judicial Notice is filed a couple hours after the 11:59PM Oct. 8 2026 deadline for the Plaintiff's Opposition. The Plaintiff ran out of time while working on the Opposition to the complex Combined Motion to Dismiss. The Plaintiff apologizes for the delay and asks permission for leave to file this Request and Exhibits. They are filed prior to the start of business the next day, so no one should be prejudiced by the slight delay.

## I. DOCUMENTS FOR WHICH NOTICE IS REQUESTED

3. **Exhibit 1:** "Defendant Apple Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint", *Gjovik v. Apple Inc.*, No. 3:23-cv-04597-EMC (N.D. Cal.) ("*Gjovik I*"), Dkt. 48 (filed March 26 2024). Plaintiff offers this filing for the fact that Apple told that court that "operating a manufacturing facility by ~~itself ultrahazardous~~itself' is not 'ultrahazardous'" (at 15) and described the Facility as " a manufacturing facility operated by Apple (located at 3250 Scott Blvd, " (at 13). (Opp. § IV.G.i.)

4. **Exhibit 2:** Transcript of Proceedings held on May 16 2024, *Gjovik I*, Dkt. 75 Plaintiff offers this transcript for the fact that Apple's counsel stated that the environmental issues

"are being litigated in other forums" and that the Toxics Release Inventory allegations were "not what this complaint is about" (at 10:4-25, 17:7-20, 20:25-21:2). (Opp. § IV.K.i.)

5. **Exhibit 3**: *Defendant Apple Inc.*'s *Notice Of Motion And Motion To Dismiss Portions Of Plaintiff's Fifth Amended Complaint*, *Gjovik I*, Dkt. 145 (filed Jan. 7 2025). Plaintiff offers this filing for the fact that Apple argued that: (a) public records available in 2020, including City permits for a "Fab" and "Fab clean room," a Fire Department report of a silane and phosphine leak, and BAAQMD emissions data, would have told a reasonable person who fell ill near the Facility that the Facility was the cause (at 10-14); (b) those records "clearly identify the facility as 3250 Scott" (at 12-14); (c) Plaintiff's nuisance claim there was "predicated entirely on alleged harms she contends she experienced during a nine-month window in 2020" (at 7); (d) that case "should be centered on the basis for her termination" rather than become "a forum to air her sprawling critiques of Apple's environmental practices" (at 7, 22-23); and (e) the Facility's emission reporting should have alerted the community (at 18) (Opp. §§ IV.A.ii, IV.B.ii, IV.G.i, IV.H, IV.K.i.)

6. **Exhibit 4:** Transcript of Proceedings held on Feb. 21 2025, *Gjovik I*, Dkt. 195. Plaintiff offers this transcript for the fact that, when the court described Apple's defense as resting on a permit that "made it clear . . . that there was semiconductor fabrication going on," Apple's counsel answered "Correct, Your Honor" (at 3:24-4:12); that counsel stated the agencies "couldn't figure out" what Apple was doing "because there was no problem" and "would have come after Apple if there was a problem" (at 13:17-21); and that counsel represented that the availability of the public records was "not disputed" (at 13:22-14:5). (Opp. §§ IV.B.ii, IV.C.i, IV.G.i, IV.J.)

7. **Exhibit 5:** Final Judgment Pursuant to Stipulation / Consent Judgment, *People of the State of California v. Apple Inc.*, No. 16-CV-303579 (Santa Clara Cnty. Super. Ct. Dec. 1

2026). Plaintiff offers this judgment for its existence and terms, which governed Apple's hazardous waste practices in California through December 2020. (TAC ¶ 145; Opp. § IV.C.ii.)

8. **Exhibit 6:** Apple's Risk Management Plan for 3250 Scott Boulevard (January 2019), submitted to the Santa Clara Fire Department and produced ~~in response to a Public Records Act request.~~by Apple in discovery in Gjovik I. Plaintiff offers this document for the fact of Apple's own statements in it: that the Facility is a stationary source holding arsine, chlorine, and anhydrous ammonia above threshold quantities, that the covered processes use NAICS code 334111, and that approximately 100 employees work on those processes (at 2, 10-11). The TAC relies on and describes this document. (TAC ¶ 187; Opp. § IV.G.i.)

9. **Exhibit 7:** Amended Industrial Wastewater Discharge Permit No. SC-461B, issued to Apple by the San José-Santa Clara Regional Wastewater Facility (City of San José Environmental Services Department) on October 21, 2016. The TAC relies on and describes this permit (TAC ¶¶ 107, 118, 437-438), and Defendants' Clean Water Act argument depends on its character. (Mot. 4, 17.) Plaintiff offers it to show that it is an industrial-user permit issued by the treatment works under its pretreatment program and 40 C.F.R. Part 469, Subpart A. (Opp. § IV.F.i.)

10. **Exhibit 8:** City of San José Environmental Services Department Permit Inspection Reports for Permit No. SC-461B, dated May 18, 2016 and October 21, 2025. Plaintiff offers these agency records for the fact that the inspecting agency described the Facility as manufacturing semiconductor devices and operating continuously. (TAC ¶¶ 118, 182; Opp. § IV.G.i.)

## II. MATERIALS NOTICEABLE WITHOUT EXHIBITS

11. Exhibit 9: Plaintiff also requests notice of the following publicly available legal materials cited in the Opposition: (a) 89 Fed. Reg. 102,568 (Dec. 17, 2024); 90 Fed. Reg. 44,773 (Sept. 17, 2025); and 91 Fed. Reg. 8810 (Feb. 24, 2026); (b) Bay Area Air Quality Management

District Regulation 2, Rule 1 (§§ 2-1-301, 2-1-302), Regulation 8, Rule 30 (§§ 8-30-210, 8-30-304.3), and Regulation 9, Rule 7 (§ 9-7-307); (c) Santa Clara City Code §§ 8.30.040, 8.30.050, and 15.60.100, and the Santa Clara County Toxic Gas Ordinance Santa Clara County Code, Title B, Division B11, Chapter XIV; and (d) California Fire Code § 2701.1.

## III. GROUNDS FOR JUDICIAL NOTICE

12. The Court may take judicial notice of a fact "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b)(2), (c)(2).

13. ***Court records (Exhibits 1-5).*** Courts routinely take judicial notice of filings and transcripts in other judicial proceedings, in federal and state court. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Plaintiff offers Exhibits 1-4 not for the truth of their contents but for the fact that Apple and its counsel made the statements and took the positions described, which is the proper use of such records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). The positions a party took in prior litigation, and whether a court accepted them, are exactly what judicial estoppel examines. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). They also bear directly on Defendants' claim-preclusion argument, which asks the Court to compare this action with *Gjovik I* (Mot. 20-21), and Defendants themselves ask the Court to notice filings from that case (Dkt. 129). Exhibit 5 is a state-court judgment, noticeable for its existence and terms.

14. ***Agency records and incorporated documents (Exhibits 6-8).*** Courts may take judicial notice of "records and reports of administrative bodies." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Exhibits 6-8 are records filed with or issued by public agencies regulating the Facility. Exhibits 6 and 7 are also incorporated by reference: the TAC

refers to them and relies on them, and Defendants' arguments depend on their contents. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff offers Exhibit 6 for the fact of Apple's own statements to the agency, and Exhibits 7 and 8 for the agency's classification and description of the Facility, not to resolve any disputed fact against Defendants.

15. ***Legal materials (Section II).*** The contents of the Federal Register "shall be judicially noticed." 44 U.S.C. § 1507. Municipal ordinances and the regulations of public agencies are likewise proper subjects of judicial notice. *Tollis, Inc. v. County of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (information on government websites).

For these reasons, Plaintiff respectfully requests that the Court take judicial notice of Exhibits 1 through 8 and the materials listed in Section II.

## DECLARATION OF ASHLEY M. GJOVIK

I, Ashley M. Gjovik, declare: I am the Plaintiff in this action and have personal knowledge of the following facts. Exhibits 1 through 4 are true and correct copies of documents filed in *Gjovik v. Apple Inc.*, No. 3:23-cv-04597-EMC (N.D. Cal.), as retrieved from that court's docket. Exhibit 5 is a true and correct copy of the judgment in *People v. Apple Inc.*, No. 16-CV-303579, obtained from California EPA and the Santa Clara Court public case docket. Exhibit 6 is true and correct copies I obtained from Apple Inc in discovery for *Gjovik v. Apple Inc.*, No. 3:23-cv-04597-EMC (N.D. Cal.).

Exhibit 8 is true and correct copies of records I obtained from San Jose ESD in response to my Public Records Act request(s) on or about November 2025. Exhibit 7 is a true and correct copy of Permit No. SC-461B, obtained from San Jose ESD on or around March 23 2023 via Public Records Request R001050-022623 and the US EPA on or around June 26 2025 via Freedom of

Information Act Request No. 2024-EPA-04320. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2026, in Alviso, San Jose, California.

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff)**
Filed Oct. ~~9~~16 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553,
Sacramento, CA 95816