**Ashley M. Gjovik, JD**
*In Propria Persona*
San José, California
2108 N St. Ste. 4553
Sacramento, CA, 95816
(415) 964-6272
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**Ashley M. Gjøvik,**
*an individual,*

**Plaintiff,**

**vs.**

**Apple Inc.,**
*a corporation,*

**City of Santa Clara,**
*a local government,*

**& The Property Owners:**
**Mr. Kalil Jenab,**
*individually and as agent of various entities,*

**and Ms. Julia Lindsey & Ms. Kathleen Woodruff.**
*in their respective capacities as trustees.*

**Defendants.**

**Case No. 25-CV-07360-PCP**

**Environmental Citizen Suit; Public Nuisance**

**Plaintiff's Service Chart: Sixty-Day Notice of Citizen Suit and Service on Each Defendant (Dkt. 152).**

# TABLE OF CONTENTS

**PLAINTIFF'S SERVICE CHART (DKT. 152)** .......... **3**

**TABLE 1: NOTICE REQUIREMENTS BY STATUTE** .......... **4**

**TABLE 2: NOTICE STATUS BY CLAIM** .......... **6**

RESOURCE CONSERVATION AND RECOVERY ACT (RCRA), 42 U.S.C. § 6972 .......... 6

CLEAN AIR ACT (CAA), 42 U.S.C. § 7604 .......... 10

CLEAN WATER ACT (CWA), 33 U.S.C. § 1365 .......... 18

EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT (EPCRA), 42 U.S.C. § 11046 .......... 25

TOXIC SUBSTANCES CONTROL ACT (TSCA), 15 U.S.C. § 2619 .......... 27

CALIFORNIA PUBLIC NUISANCE, CAL. CIV. CODE § 3479 ET SEQ. .......... 30

**TABLE 3: SERVICE OF SIXTY-DAY NOTICE ON EACH DEFENDANT** .......... **31**

**TABLE 4: SERVICE OF THE SIXTY-DAY NOTICE** .......... **32**

**APPENDIX: U.S. CODE & CODE OF FEDERAL REGULATIONS** .......... **35**

# PLAINTIFF'S SERVICE CHART (DKT. 152)

Pursuant to the Court's November 5, 2026 Minute Entry (Dkt. 152), Plaintiff submits the following charts. Table 1 summarizes each statute's notice requirements. Table 2 identifies, for each claim in the TAC by count, the statute, the defendants, the notice required, the notice actually served and when, the claim's notice status, and whether the claim will be included in a second action if dismissed without prejudice. Table 3 shows, for each defendant separately, when it received the Sixty-Day Notice. Table 4 lists each service of the Sixty-Day Notice. The Appendix includes copies of the U.S. Code and Code of Federal Regulations prescribing Sixty Day Notice requirements for the statutes at issue. Copies of the current law were downloaded on 11/12/26.

The remaining Sixty Day Notice waiting periods end no later than December 21, 2026 (or January 9 2026 if claim 32 is dismissed). Claims marked "*Gjovik Citizen Suit II*" are those for which the State agency copies were re-served by certified mail in October 2026, and/or whose defendants (the trustees) were served less than 60 days before the TAC, and/or for those which this court finds did not provide sufficient notice for the claims pled in the TAC. As stated in Oral Arguments on November 5 2026, after December 21, 2026, Plaintiff intends to file a second action asserting those claims, to file an administrative motion to consider whether the cases should be related (Civil L.R. 3-12), and, as appropriate, to move to consolidate the actions or join the claims in this action (Fed. R. Civ. P. 42(a)).

The notice has been served on every defendant (Table 3) and on EPA and State agencies (Table 4). On November 10, 2026, Plaintiff also mailed the notice to the U.S. Attorney General by certified mail (for the TSCA claim against the City, 40 C.F.R. § 702.61(d)(1)(ii)), and to the Directors of CalRecycle (Pub. Res. Code § 40508) and DTSC by registered mail, return receipt requested (40 C.F.R. § 254.2). Delivery is expected Nov. 13–14, 2026, and Plaintiff will file a Proof of Service when receipts of delivery are received.

Respectfully,



**/s/ Ashley M. Gjovik**
*In Propria Persona*
San José, California
Dated: November 12, 2026
(415) 964-6272 | legal@ashleygjovik.com

# TABLE 1: NOTICE REQUIREMENTS BY STATUTE

| Statute | Who must receive notice; manner of service | Exceptions |
|---|---|---|
| **RCRA**,<br><br>42 U.S.C. § 6972(b);<br><br>40 C.F.R. §§ 254.2–.3 | **Statute:** (a)(1)(A): Administrator, “the State in which the alleged violation occurs,” and the alleged violator. (a)(1)(B): Administrator, “the State in which the alleged endangerment may occur,” and “any person alleged to have contributed or to be contributing.”<br>**Rule:** registered mail, return receipt requested, or personal service, on the owner or site manager of the facility; a corporation’s registered agent gets a mailed copy; a State or local agency is served on “the head of that agency.” Copies are mailed (method not specified) to the EPA Administrator, the Regional Administrator and the chief administrative officer of the State solid waste management agency (California: CalRecycle, Pub. Res. Code §§ 40401, 40508). Served on the date of receipt (for mail, the date on the return receipt card).<br>**Waiting period**: none (Subchapter III violations and hybrid suits); 60 days (Non-Subchapter III violations); 90 days (endangerment). | Suit “may be brought immediately after such notification” for Subchapter III violations (§ 6972(b)(1)(A), (b)(2)(A))<br><br>Hybrid suit: related non-Subchapter III claims are not subject to the 60- or 90-day requirement (*Covington v. Jefferson County*, 358 F.3d at 637 & nn.11–12).<br><br>The filed (a)(1)(B) complaint is served on the Attorney General and the Administrator (§ 6972(b)(2)(F)). |
| **CAA**,<br><br>42 U.S.C. § 7604(b);<br><br>40 C.F.R. §§ 54.2–.3 | **Statute:** (a)(1) suits: Administrator, “the State in which the violation occurs,” and the alleged violator.<br>**Rule:** certified mail to the Administrator, Washington, DC 20460 (copy mailed to the Regional Administrator for emission-standard violations); certified mail to an authorized representative of the State air pollution control agency (California: CARB, Health & Safety Code § 39602), with a copy mailed to the Governor; certified mail or personal service on the owner or managing agent of the facility, with a copy to a corporation’s registered agent, if any. Deemed given on the postmark date (mail) or date of receipt (personal service).<br>**Waiting period**: none (violations of § 7412(i)(3)(A) or (f)(4) or § 7604(a)(3) or a § 7413(a) order); 60 days (all other claims). | Suit may be brought immediately after notification for violations of § 7412(i)(3)(A) or (f)(4) or a § 7413(a) order.<br><br>No prescribed service requirements for § 7604(a)(3) claims. By its terms, § 7604(b) does not address § 7604(a)(3) actions. |
| **CWA**,<br><br>33 U.S.C. § 1365(b);<br><br>40 C.F.R. §§ 135.2–.3 | **Statute:** Administrator, “the State in which the alleged violation occurs,” and the alleged violator.<br>**Rule:** certified mail or personal service on the owner or managing agent of the facility, with a copy mailed to a corporation’s registered agent; a State or local agency is served on “the head of such agency.” Copies are mailed to the Administrator, the Regional Administrator and the chief administrative officer of the State water pollution control agency (California: State Water Resources | Suit may be brought immediately after notification for violations of §§ 1316 and 1317(a).<br><br>The filed complaint is served on the Attorney General and the Administrator (§ 1365(c)(3)). |

| Statute | Who must receive notice; manner of service | Exceptions |
|---|---|---|
| | Control Board, Water Code § 13160). Deemed served on the postmark date (mail) or date of receipt (personal service).<br>**Waiting period**: none (violations of §§ 1316 and 1317(a)); 60 days (all others). | |
| **EPCRA**,<br><br>42 U.S.C. § 11046(d)–(e) | (a)(1)(A) suits: the Administrator, "the State in which the alleged violation occurs," and the alleged violator. (a)(1)(B) and (C) suits: "the Administrator, State Governor, or State emergency response commission (as the case may be)." (a)(1)(D) suits: no notice provision. EPA has issued no service regulation for EPCRA (40 C.F.R. part 374 implements CERCLA § 310).<br>**Waiting period**: none, or 60 days. | n/a. |
| **TSCA**,<br><br>15 U.S.C. § 2619(b);<br><br>40 C.F.R. §§ 702.60–.62 | Administrator and the alleged violator; no State notice.<br>**Rule:** personal service or certified mail, return receipt requested, on the individual or the owner or managing agent of the facility, with a copy also to a corporation's registered agent; a State or local government entity is served on the head of the agency and the Administrator, with a copy to the U.S. Attorney General. Served on the date of the return receipt (mail) or date of receipt (personal service).<br>**Waiting period**: 60 days | n/a |

# TABLE 2: NOTICE STATUS BY CLAIM

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| **RESOURCE CONSERVATION AND RECOVERY ACT (RCRA), 42 U.S.C. § 6972** | | |
| **Count**: 1<br><br>**Imminent and substantial endangerment,** RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), including Subchapter III hazardous-waste violations (¶¶ 249–277)<br><br>**Defendants**:<br>Apple, City, Owners | 42 U.S.C. § 6972(b)(2)(A); 40 C.F.R. § 254.2. 90 days to Administrator, the State in which the endangerment may occur, and any person alleged to have contributed.<br><br>*Exception*: suit "may be brought immediately after such notification" for Subchapter III violations. Filed complaint also served on the Attorney General and Administrator (§ 6972(b)(2)(F)). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25. **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (hybrid RCRA suit). "[N]either the sixty-day nor ninety-day notice requirements under RCRA are applicable to non-subchapter III claims in a hybrid suit so long as [they] are related in time or location . . . to any subchapter III claim," and the "entire hybrid claim . . . is not subject to any notice provision." *Covington v. Jefferson County,* 358 F.3d 626, 637 & nn.11–12 (9th Cir. 2004).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice due to notice requirements – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 4 | 42 U.S.C. § | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
| --- | --- | --- |
| **Hazardous-waste management requirements,** 42 U.S.C. §§ 6922, 6928; 40 C.F.R. pts. 260–265 (¶¶ 314–318)<br><br>**Defendants**: Apple, Owners | 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception*: suit "may be brought immediately after such notification" for Subchapter III violations. | email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period: service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 5<br><br>**Hazardous-waste recordkeeping,** 42 U.S.C. § 6923 (¶¶ 319–323)<br><br>**Defendants**: Apple, City, Owners | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception*: suit "may be brought immediately after such notification" for Subchapter III violations. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP and served directly via Certified mail on 8/25/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 6<br><br>Operating without required permits; violating permit terms, 42 U.S.C. § 6925 (¶¶ 324–328)<br><br>**Defendants**: Apple, Owners | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception*: suit "may be brought immediately after such notification" for Subchapter III violations. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period: service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period.** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 7<br><br>Unlawful transport of hazardous waste, 42 U.S.C. § 6923 (¶¶ 329–331)<br><br>**Defendants**:<br>Apple | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception*: suit "may be brought immediately after such notification" for Subchapter III violations. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 8<br><br>Hazardous-waste treatment standards, 42 U.S.C. §§ 6924, 6928 (¶¶ 332–344)<br><br>**Defendants**:<br>Apple, City, Owners<br>(City named in heading) | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception*: suit "may be brought immediately after such notification" for Subchapter III violations. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division (“*Gjovik Citizen Suit II*”) after Dec. 21 2026. |
| **CLEAN AIR ACT (CAA), 42 U.S.C. § 7604** | | |
| **Count**: 2<br><br>Hazardous air pollutant (MACT/NESHAP) standards, 42 U.S.C. § 7412 (¶ 287)<br><br>**Defendants**:<br>Apple, City, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>*Exception*: suit may be brought immediately after notice for violations of § 7412(i)(3)(A) or (f)(4). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/ 25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). There is no waiting period, so service is complete for the second lawsuit, if needed.**<br><br>**No waiting period** (§ 7412(i)(3)(A)). Notice to EPA and the violators preceded suit (trustees: before the TAC). If the Court dismisses for the form of the 2025 State copy (i.e., email), the claim may be refiled now as the Certified copies were received and there is no waiting period. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 2<br><br>Accidental-release general duty, 42 U.S.C. § 7412(r)(1); SIP, § 7410; performance standards, § 7411 (¶¶ 278–297)<br><br>**Defendants**:<br>Apple, City, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator. Deemed given on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked 6/30/25 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, City: did not raise notice (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 9<br><br>Operating a source without Title V operating permits, 42 | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| U.S.C. §§ 7661(1)–(2), 7661a(a) (¶¶ 345–357)<br><br>**Defendants**:<br>Apple, Owners | violator. Deemed given on postmark date. | **notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked 6/30/25 and received on 7/3/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 9<br><br>Failing to comply with an applicable NESHAP, 42 U.S.C. § 7412 (¶¶ 345–357)<br><br>**Defendants**:<br>Apple, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>*Exception*: suit may be brought immediately after notice for violations of § 7412(i)(3)(A) or (f)(4). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). There is no waiting period, so service is complete for the second lawsuit, if needed.**<br><br>**No waiting period** (§ 7412(i)(3)(A)). Notice to EPA and the violators preceded suit (trustees: before the TAC).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division (“*Gjovik Citizen Suit II*”) after Dec. 21 2026. |
| **Count**: 10<br><br>Constructing or modifying without a preconstruction permit, 42 U.S.C. § 7604(a)(3) (¶¶ 364–365); nonattainment new source review, § 7502 (¶¶ 366–367)<br><br>**Defendants**:<br>Apple, Owners | By its terms, 42 U.S.C. § 7604(b) applies to actions “under subsection (a)(1)” and “(a)(2)”; it contains no notice provision for § 7604(a)(3) actions. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No notice requirement; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No notice requirement so service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); certified mail service of the Sixty Day Notice, postmarked 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). **No notice requirement so service is complete.**<br><br>**No notice requirement.** Section 7604(a)(3) reaches construction without a permit under part C or part D (nonattainment). To the extent the § 7502 theory is read as an (a)(1) claim, it is included protectively in the second suit. |
| **Count**: 10<br><br>Operating without a Title V permit, 42 U.S.C. §§ | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| 7661(2), 7661a(a) (¶¶ 358–363)<br><br>**Defendants**: Apple, Owners | (copy to Governor), violator.<br><br>Deemed given on postmark date. | K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 11<br><br>NESHAP for semiconductor manufacturing, 40 C.F.R. pt. 63, subpt. BBBBB; 42 U.S.C. § 7412 (¶¶ 369–385)<br><br>**Defendants**: Apple, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>*Exception*: suit may be brought immediately after notice for violations of § 7412(i)(3)(A) or (f)(4). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **No waiting period; Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **No waiting period; Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). There is no waiting period, so service is complete for the second lawsuit, if needed.**<br><br>**No waiting period** (§ 7412(i)(3)(A)). Notice to EPA and the violators preceded suit (trustees: before the TAC). Certified State and Governor copies postmarked 10/19/26.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 11<br><br>BAAQMD Regulation 8, Rule 30 (SIP-approved) (¶ 376)<br><br>**Defendants**:<br>Apple, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 12 | 42 U.S.C. § | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| Ozone nonattainment / SIP requirements, 42 U.S.C. §§ 7410, 7604(a)(1) (¶¶ 386–397)<br><br>**Defendants**:<br>Apple, Owners | 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 13<br><br>Exceeding emission limits, 42 U.S.C. § 7604(a)(1) (¶¶ 398–403)<br><br>**Defendants**:<br>Apple<br>(Owners named in claim line) | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 14<br><br>NAAQS and criteria-pollutant standards in siting the facility and apartments (¶¶ 404–421)<br><br>**Defendants**:<br>City | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 15<br><br>Approval of Santa Clara Square EIR contrary to nonattainment | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| requirements (¶¶ 422–428)<br><br>**Defendants**:<br>City | violator.<br><br>Deemed given on postmark date. | **completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice, postmarked 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **CLEAN WATER ACT (CWA), 33 U.S.C. § 1365** | | |
| **Count**: 3<br><br>New source performance standards, 33 U.S.C. § 1316 (¶ 301)<br><br>**Defendants**:<br>Apple, City, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>*Exception*: suit may be brought immediately after notice for violations of §§ 1316 and 1317(a). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. There is no waiting period, so service is complete for the second lawsuit, if needed.** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **No waiting period** (§ 1316). Notice to EPA and the violators preceded suit (trustees: before the TAC).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 3<br><br>Discharges and pretreatment, 33 U.S.C. §§ 1311, 1317(d), 1342 (¶¶ 298–313)<br><br>**Defendants**:<br>Apple, City, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Email service to the Enforcement & Compliance Asst. Director on 6/30/26. Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| **Count**: 16–17<br><br>Additional discharges to Saratoga Creek, 33 U.S.C. §§ 1311, 1341, 1344 (¶¶ 454–465)<br><br>**Defendants**:<br>Apple, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 18<br><br>Unpermitted and prohibited wastewater discharges, 33 U.S.C. § 1311 (¶¶ 466–471)<br><br>**Defendants**:<br>Apple, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 19<br><br>New source standards for semiconductor wastewater, 33 U.S.C. § 1316 (¶¶ 472–477)<br><br>**Defendants**:<br>Apple, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>*Exception***:** suit may be brought immediately after notice for violations of §§ 1316 and 1317(a). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. There is no waiting period, so service is complete for the second lawsuit, if needed.** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **No waiting period** (§ 1316). Notice to EPA and the violators preceded suit (trustees: before the TAC).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 20<br><br>Pretreatment, 33 U.S.C. §§ 1317(d), 1342(k) (¶¶ 478–485)<br><br>**Defendants**:<br>Apple, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 21<br><br>City NPDES obligations | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| for wastewater discharge and treatment, 33 U.S.C. § 1342 (¶¶ 486–498)<br><br>**Defendants**:<br>City | days to Administrator, State, violator.<br><br>Deemed served on postmark date. | 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 22<br><br>City pretreatment enforcement obligations, 33 U.S.C. §§ 1317, 1319 (¶¶ 499–512)<br><br>**Defendants**:<br>City | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 23 | 33 U.S.C. § | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| Industrial stormwater, 33 U.S.C. §§ 1311, 1342 (¶¶ 513–529)<br><br>**Defendants**:<br>Apple, Owners | 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 24<br><br>City NPDES public notice and participation obligations, 33 U.S.C. § 1342(b)(3) (¶¶ 530–541)<br><br>**Defendants**:<br>City | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT (EPCRA), 42 U.S.C. § 11046** | | |
| **Count**: 25<br><br>Release notification and reporting, EPCRA §§ 304, 311, 312, 42 U.S.C. §§ 11004, 11021, 11022; suit under § 11046(a)(1)(A) (¶¶ 542–553)<br><br>**Defendants**:<br>Apple, Owners | 42 U.S.C. § 11046(d)(1). 60 days to Administrator, "the State in which the alleged violation occurs," and violator.<br><br>No EPA service regulation. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25. **There is no EPA regulation prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **There is no EPA regulation prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA and City of Santa Clara); **certified service, postmarked on 10/19/26 to: Cal OES (delivered 10/21/26); and the Governor (delivered 10/22/26). Sixty days after postmark is completed 12/18/26 and after delivery is 12/20/26-12/21/26.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| **Count**: 26<br><br>Toxic release inventory, EPCRA § 313, 42 U.S.C. § 11023 (¶¶ 554–562)<br><br>**Defendants**:<br>Apple, City, Owners | 42 U.S.C. § 11046(d)(1). 60 days to Administrator, "the State in which the alleged violation occurs," and violator.<br><br>No EPA service regulation. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25. **There is no EPA regulation prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **There is no EPA regulation prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA and City of Santa Clara); **certified service, postmarked on 10/19/26 to: Cal OES (delivered 10/21/26); and the Governor (delivered 10/22/26). Sixty days after postmark is completed 12/18/26 and after delivery is 12/20/26-12/21/26.** Additionally, the City did not raise notice. (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 27<br><br>Failure to respond to tier II information request, § 11022(e)(3); suit under § 11046(a)(1)(D) (¶¶ 563– | 42 U.S.C. § 11046(d) has no notice provision for suits under § 11046(a)(1)(D). | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked 6/30/25 and received on |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| 573)<br><br>**Defendants**:<br>City | | 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA and City of Santa Clara); **certified, postmarked 10/19/26: Cal OES (delivered 10/21/26); and the Governor (delivered 10/22/26).**<br><br>**No notice requirement. Additionally, City: did not raise notice (Dkt. 127).** |
| **Count**: 27<br><br>Public availability of information, 42 U.S.C. § 11044; suit under § 11046(a)(1)(C) (¶¶ 563–573)<br><br>**Defendants**:<br>City | 42 U.S.C. § 11046(d)(2). 60 days to "the Administrator, State Governor, or State emergency response commission (as the case may be)." | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **There is no EPA regulation prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA and City of Santa Clara); **certified service, postmarked on 10/19/26 to: Cal OES (delivered 10/21/26); and the Governor (delivered 10/22/26). Sixty days after postmark is completed 12/18/26 and after delivery is 12/20/26-12/21/26. However, the City did not raise notice. (Dkt. 127).**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **TOXIC SUBSTANCES CONTROL ACT (TSCA), 15 U.S.C. § 2619** | | |
| **Count**: 28<br><br>N-methylpyrrolidone (NMP), 15 U.S.C. §§ 2605, 2614–2615; 40 C.F.R. pt. 751 (¶¶ 574–580)<br><br>**Defendants**:<br>Apple | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator (personal service or certified mail on the owner or managing agent; corporation: registered-agent copy also). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Formal service and the notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | No State notice. | **State**: **not required.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 29<br><br>Mercury, 15 U.S.C. §§ 2605, 2607, 2614–2615 (¶¶ 581–589)<br><br>**Defendants**: Apple | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator (personal service or certified mail on the owner or managing agent; corporation: registered-agent copy also).<br><br>No State notice. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Formal service and the notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.**<br>**State**: **not required.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 30<br><br>Trichloroethylene (TCE), 15 U.S.C. §§ 2605, 2614–2615; 40 C.F.R. § 751.301 (¶¶ 590–597)<br><br>**Defendants**: Apple | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator (personal service or certified mail on the owner or managing agent; corporation: registered-agent copy also).<br><br>No State notice. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Formal service and the notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.**<br>**State**: **not required.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 31<br><br>Lead, 15 U.S.C. §§ 2605, 2614–2615, 2681–2689; 40 C.F.R. pt. 745 (¶¶ 598–603)<br><br>**Defendants**: Apple | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator (personal service or certified mail on the owner or managing agent; corporation: registered-agent copy also).<br><br>No State notice. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Formal service and the notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.**<br>**State**: **not required.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. |
| **Count**: 32<br><br>Imminently hazardous chemical substances and mixtures, 15 U.S.C. §§ 2605–2606, 2615 (¶¶ 604–618)<br><br>**Defendants**: All defendants | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator; no State notice.<br><br>For a government violator: agency head and Administrator, copy to U.S. Attorney General. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and completed prior to filing case no. 25-CV-07360-PCP, but notice period did not complete until 9/27/25. Lindsey & Woodruff trustees** constructively served with Kalil Jenab and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/24/26 (60 days from 8/25/26), after the Third Amended Complaint was filed.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Service and notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.** |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS |
|---|---|---|
| | | **State**: **not required.**<br>**U.S. Attorney General** copy (*City only*): email on 7/8/25 (U.S. DOJ, ENRD; Dkt. 3-1 at 80); **certified mail postmarked 11/10/26, with notice period ending 1/9/27.** Additionally, the City did not raise notice (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Jan. 9 2027. |
| **CALIFORNIA PUBLIC NUISANCE, Cal. Civ. Code § 3479 et seq.** | | |
| **Count**: 33<br><br>Public nuisance (¶¶ 619–633)<br><br>**Defendants**: Apple | None. State-law claim; no federal pre-suit notice. | **N/A** |
| **Count**: 34<br><br>Public nuisance (¶¶ 634–647)<br><br>**Defendants**: Owners | None. State-law claim; no federal pre-suit notice. | **N/A** |
| **Count**: 35<br><br>Public nuisance (¶¶ 648–669)<br><br>**Defendants**: City | None. State-law claim; no federal pre-suit notice. | **N/A** |

# TABLE 3: SERVICE OF SIXTY-DAY NOTICE ON EACH DEFENDANT

| DEFENDANT | SIXTY-DAY NOTICE |
|---|---|
| Apple Inc. | Personal service by registered process server at Apple's legal office designated for service of process on Apple Inc, 10355 N. De Anza Blvd., **July 1, 2025**, accepted by the receptionist; certified mail delivered to registered agent CT Corporation **July 3, 2025**; email to CEO and General Counsel June 30, 2025; Apple's counsel replied July 1, 2025, directing service through its registered agents (Dkt. 3-1 at 5, 64–69). |
| City of Santa Clara | Certified mail to City Hall, 1500 Warburton Ave., its address for service, delivered **July 3, 2025**; email to City Manager and City Attorney June 30, 2025 (Dkt. 3-1 at 5–6, 72). Served for the City and its departments (TAC ¶ 21). |
| Kalil Jenab, individually; Jenab Family LP; Jenab Family Ventures LLC; Jenab Family Trust (Kalil Jenab, trustee) | Certified mail deposited with USPS on **June 30 2025**. Personal service by registered process server, **July 29, 2025** (Dkt. 3-1 at 24); Priority Mail with signature, mailed **July 18 2025** and delivered/signed **July 28, 2025** at home and office (Dkt. 3-1 at 27–28); email June 30 – July 1, 2025. Served for himself and his business entities (TAC ¶ 21, 52) (Dkt. 3-1 at 24, 74-77). |
| Julia Lindsey, as Trustee of the Lindsey Julia Family Trust | Constructively served through service on Kalil Jenab and their shared legal representation (Morrison & Foerster LLP). Directly served **Aug. 25, 2026** (TAC ¶ 22) – six days before the TAC was filed. The sixty days completed **Oct. 24, 2026**. |
| Julia Lindsey, as Trustee of the Lindsey Property Trust | Constructively served through service on Kalil Jenab and their shared legal representation (Morrison & Foerster LLP). Directly served **Aug. 25, 2026** (TAC ¶ 22) – six days before the TAC was filed. The sixty days completed **Oct. 24, 2026**. |
| Kathleen Woodruff, as Trustee of the Woodruff Kathleen Trust | Constructively served through service on Kalil Jenab and their shared legal representation (Morrison & Foerster LLP). Directly served **Aug. 25, 2026** (TAC ¶ 22) – six days before the TAC was filed. The sixty days completed **Oct. 24, 2026**. |

# TABLE 4: SERVICE OF THE SIXTY-DAY NOTICE

Sixty-Day Notice (Dkt. 3, 3-1; refiled Dkt. 119-1, 119-2).

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED |
|---|---|
| 60-Day Notice (Dkt. 3):<br>July 1 and July 29, 2025<br><br>Personal service by registered California process servers (ABC Legal Services, reg. 6779) | Apple Inc., at its legal office and address for service, 10355 N. De Anza Blvd., Cupertino — served July 1, 2025, 4:56 p.m., by delivery to the receptionist, who accepted service (Howard Hill, PS1799); copy also mailed (Dkt. 3-1 at 5, 64–66)<br>Kalil Jenab, for himself and his business entities (TAC ¶ 21), 525 University Ave., Ste. 220, Palo Alto — served personally July 29, 2025, 10:57 a.m. (Kristina Vardanyan) (Dkt. 3-1 at 24) |
| 60-Day Notice (Dkt. 3):<br>June 30, 2025<br><br>Certified mail | U.S. EPA Administrator, 1200 Pennsylvania Ave. NW, Washington, DC 20460 —postmarked June 30 2025; delivered July 9, 2025 (tracking 9589 0710 5270 2027 2934 00) (Dkt. 3-1 at 4)<br>U.S. EPA Region 9 Regional Administrator, 75 Hawthorne St., San Francisco — delivered July 3, 2025 (tracking …2933 49) (Dkt. 3-1 at 4–5)<br>Apple Inc., through registered agent CT Corporation — delivered July 3, 2025, picked up at the Glendale, CA postal facility (tracking …2935 09) (Dkt. 3-1 at 5; Dkt. 119-2 at 35, 42–44)<br>City of Santa Clara, City Hall, 1500 Warburton Ave., its address for service — delivered July 3, 2025, left with individual (tracking …2933 63) (Dkt. 3-1 at 5–6)<br>Kalil Jenab, Palo Alto — deposited with USPS on June 30 2025 (tracking …2933 56) (Dkt. 3-1 at 6). |
| 60-Day Notice (Dkt. 3):<br>July 18, 2025<br><br>Priority Mail, Signature Confirmation | Kalil Jenab, 108 Sylvian Way, Los Altos — delivered July 28, 2025, 4:36 p.m., signed "K JENAB" (Dkt. 3-1 at 27)<br>Kalil Jenab, 525 University Ave., Ste. 220, Palo Alto — delivered July 28, 2025, 11:59 a.m., front desk (Dkt. 3-1 at 28) |
| 60-Day Notice (Dkt. 3):<br>June 30 – July 8, 2025 | Apple CEO Tim Cook and General Counsel Kate Adams, June 30, 2025 (Dkt. 3-1 at 68). Apple's counsel (Orrick) replied July 1, 2025, asking that Plaintiff not contact them directly and that service on Apple be made through its registered agents for service of process (Dkt. 3-1 at 69). |

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED |
|---|---|
| Email | City Manager and City Attorney (Dkt. 3-1 at 72); Kalil Jenab (June 30 – July 1); CalEPA, DTSC and BAAQMD (June 30); DOJ-ENRD (July 8) (Dkt. 3-1 at 5–7; Dkt. 119-2 at 80)<br><br>U.S. EPA Enforcement & Compliance Asst. Dir. service of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025 (Dkt. 3-1 at 50-55). |
| 60-Day Notice (Dkt. 3):<br><br>Aug. 11–26 2026<br><br>Certified mail | Service of the Second Amended Complaint (as a form of Sixty Day notice):<br>- Bay Area Air Quality Management District (BAAQMD) – delivered Aug. 11 2026 (tracking….6961 156) (Dkt. 105 ¶5).<br>- California Attorney General – delivered Aug. 20 2026 (tracking….5345 307) (Dkt. 116 ¶6).<br>- California DTSC – delivered Aug. 21 2026 (tracking….6961 040) (Dkt. 116 ¶7).<br>- Santa Clara County Dept. of Environmental Health – delivered Aug. 20 2026 (tracking….0890 141) (Dkt. 116 ¶9).<br>- Santa Clara Valley Water District – delivered Aug. 20 2026 (tracking….6960 531) (Dkt. 116 ¶8).<br>- San Francisco Bay Water Quality Control Board – delivered Aug. 12 2026 (tracking….3445 616) (Dkt. 105 ¶6).<br>- SJ/SC Regional Wastewater Facility – delivered Aug. 12 2026 (tracking….6961 095) (Dkt. 105 ¶12).<br>- State Water Resources Control Board – delivered Aug. 12 2026 (tracking….6961 163) (Dkt. 105 ¶7).<br>- U.S. Attorney General – delivered Aug. 20 2026 (tracking….6960 531) (Dkt. 116 ¶4).<br>- U.S. DOJ ENRD – delivered Aug. 24 2026 (tracking….0890 127) (Dkt. 116 ¶5).<br>- U.S. EPA – delivered Aug. 26 2026 (tracking… 3453 024) (Dkt. 116 ¶3).<br>- U.S. EPA Region 9 Interim Administrator – delivered Aug. 11 2026 (tracking….3453 062) (Dkt. 105 ¶4). |
| 60-Day Notice (Dkt. 3):<br><br>Aug. 24–25, 2026<br><br>Personal Service; Priority Mail (after Certified Mail was refused and returned). | James Lindsey, individually and as agent/trustee of the Lindsey family trusts — Aug. 24, 2026 (TAC ¶ 22) (Proof of Service at Dkt. 116 ¶ 11, 14);<br><br>Julia Lindsey, as trustee of the Lindsey Julia Family Trust and Lindsey Property Trust and Kathleen Woodruff, as trustee of the Woodruff Kathleen Trust — Aug. 25, 2026 (TAC ¶ 22) (Proof of Service at Dkt. 116 ¶ 12-14). |
| 60-Day Notice (Dkt. 3):<br><br>Oct. 19, 2026 (postmark) | BAAQMD, Executive Officers — delivered Oct. 20, 2026 (tracking …6961 361) (Dkt. 151 ¶ 8, Exs. E, J)<br><br>SF Bay Regional Water Quality Control Board, Executive Officer Eileen White — delivered Oct. 21, 2026 (tracking …6960 548) (Dkt. 151 ¶ 6, Exs. C, J)<br><br>State Water Resources Control Board, Executive Director Eric Oppenheimer — delivered Oct. 21, 2026 (tracking |

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED |
|---|---|
| Certified mail | …6961 408) (Dkt. 151 ¶ 7, Exs. D, J)<br><br>California Air Resources Board, Executive Officer Dr. Steven S. Cliff — delivered Oct. 21, 2026 (tracking …6961 378) (Dkt. 151 ¶ 9, Exs. F, J)<br><br>Cal OES, Dir. Caroline Thomas Jacobs — delivered Oct. 21, 2026 (tracking …6961 385) (Dkt. 151 ¶ 10, Exs. G, J)<br><br>DTSC, Director Katherine Butler — delivered Oct. 21, 2026 (tracking …6960 500) (Dkt. 151 ¶ 11, Exs. H, J)<br><br>Governor Gavin Newsom — delivered Oct. 22, 2026 (tracking …6961 392) (Dkt. 151 ¶ 12, Exs. I, J) |
| 60-Day Notice (Dkt. 3):<br><br>Nov. 10, 2026 (mailed, Alviso, CA)<br><br>Certified mail; registered mail, return receipt (electronic) | U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530-0001 — certified mail (Priority Mail), tracking 9589 0710 5270 3536 9612 79; expected delivery Nov. 14, 2026. Required only for the TSCA claim against the City (40 C.F.R. § 702.61(d)(1)(ii)); the Attorney General had previously received the Complaints, not the June 30 2025 Sixty Day notice.<br><br>CalRecycle, Director Zoe Heller, 1001 I Street, Sacramento, CA 95814 — registered mail, return receipt, tracking RE156539156US; expected delivery Nov. 13, 2026 (RCRA State solid waste management agency, Pub. Res. Code § 40508; 40 C.F.R. § 254.2).<br><br>DTSC, Director Katherine Butler, 1001 I Street, Sacramento, CA 95814 — registered mail, return receipt, tracking RE156539142US; expected delivery Nov. 13, 2026 (supplements the Oct. 21, 2026 certified copy).<br><br>Delivery records will be filed when received. |

# APPENDIX: U.S. CODE & CODE OF FEDERAL REGULATIONS

EXHIBITS ATTACHED

AUTHENTICATED U.S. GOVERNMENT INFORMATION GPO



Secretary of Energy, then to Federal Coordinator for Alaska Natural Gas Transportation Projects, see note set out under section 6903 of this title.

### § 6972. Citizen suits

#### (a) In general

Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf—

(1)(A) against any person (including (a) the United States, and (b) any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter; or

(B) against any person, including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution, and including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment; or

(2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

Any action under paragraph (a)(1) of this subsection shall be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur. Any action brought under paragraph (a)(2) of this subsection may be brought in the district court for the district in which the alleged violation occurred or in the District Court of the District of Columbia. The district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the permit, standard, regulation, condition, requirement, prohibition, or order, referred to in paragraph (1)(A), to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B), to order such person to take such other action as may be necessary, or both, or to order the Administrator to perform the act or duty referred to in paragraph (2), as the case may be, and to apply any appropriate civil penalties under section 6928(a) and (g) of this title.

#### (b) Actions prohibited

(1) No action may be commenced under subsection (a)(1)(A) of this section—

(A) prior to 60 days after the plaintiff has given notice of the violation to—

(i) the Administrator;

(ii) the State in which the alleged violation occurs; and

(iii) to any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order,

except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of subchapter III of this chapter; or

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States or a State to require compliance with such permit, standard, regulation, condition, requirement, prohibition, or order.

In any action under subsection (a)(1)(A) in a court of the United States, any person may intervene as a matter of right.

(2)(A) No action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice of the endangerment to—

(i) the Administrator;

(ii) the State in which the alleged endangerment may occur;

(iii) any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B),

except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of subchapter III of this chapter.

(B) No action may be commenced under subsection (a)(1)(B) of this section if the Administrator, in order to restrain or abate acts or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment—

(i) has commenced and is diligently prosecuting an action under section 6973 of this title or under section 106 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [42 U.S.C. 9606],[1]

(ii) is actually engaging in a removal action under section 104 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [42 U.S.C. 9604];

(iii) has incurred costs to initiate a Remedial Investigation and Feasibility Study under section 104 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [42 U.S.C. 9604] and is diligently proceeding with a remedial action under that Act [42 U.S.C. 9601 et seq.]; or

(iv) has obtained a court order (including a consent decree) or issued an administrative order under section 106 of the Comprehensive Environmental Response, Compensation and Liability Act of 980[2] [42 U.S.C. 9606] or section 6973 of this title pursuant to which a responsible party is diligently conducting a removal action, Remedial Investigation and Feasibility Study (RIFS), or proceeding with a remedial action.

In the case of an administrative order referred to in clause (iv), actions under subsection (a)(1)(B) are prohibited only as to the scope and duration of the administrative order referred to in clause (iv).

(C) No action may be commenced under subsection (a)(1)(B) of this section if the State, in

[1] So in original. The comma probably should be a semicolon.

[2] So in original. Probably should be "1980".

order to restrain or abate acts or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment—

(i) has commenced and is diligently prosecuting an action under subsection (a)(1)(B);

(ii) is actually engaging in a removal action under section 104 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [42 U.S.C. 9604]; or

(iii) has incurred costs to initiate a Remedial Investigation and Feasibility Study under section 104 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [42 U.S.C. 9604] and is diligently proceeding with a remedial action under that Act [42 U.S.C. 9601 et seq.].

(D) No action may be commenced under subsection (a)(1)(B) by any person (other than a State or local government) with respect to the siting of a hazardous waste treatment, storage, or a disposal facility, nor to restrain or enjoin the issuance of a permit for such facility.

(E) In any action under subsection (a)(1)(B) in a court of the United States, any person may intervene as a matter of right when the applicant claims an interest relating to the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the Administrator or the State shows that the applicant's interest is adequately represented by existing parties.

(F) Whenever any action is brought under subsection (a)(1)(B) in a court of the United States, the plaintiff shall serve a copy of the complaint on the Attorney General of the United States and with the Administrator.

**(c) Notice**

No action may be commenced under paragraph (a)(2) of this section prior to sixty days after the plaintiff has given notice to the Administrator that he will commence such action, except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of subchapter III. Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation. Any action respecting a violation under this chapter may be brought under this section only in the judicial district in which such alleged violation occurs.

**(d) Intervention**

In any action under this section the Administrator, if not a party, may intervene as a matter of right.

**(e) Costs**

The court, in issuing any final order in any action brought pursuant to this section or section 6976 of this title, may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate. The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond or equivalent security in accordance with the Federal Rules of Civil Procedure.

**(f) Other rights preserved**

Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or requirement relating to the management of solid waste or hazardous waste, or to seek any other relief (including relief against the Administrator or a State agency).

**(g) Transporters**

A transporter shall not be deemed to have contributed or to be contributing to the handling, storage, treatment, or disposal, referred to in subsection (a)(1)(B) taking place after such solid waste or hazardous waste has left the possession or control of such transporter, if the transportation of such waste was under a sole contractual arrangement arising from a published tariff and acceptance for carriage by common carrier by rail and such transporter has exercised due care in the past or present handling, storage, treatment, transportation and disposal of such waste.

(Pub. L. 89–272, title II, § 7002, as added Pub. L. 94–580, § 2, Oct. 21, 1976, 90 Stat. 2825; amended Pub. L. 95–609, § 7(p), Nov. 8, 1978, 92 Stat. 3083; Pub. L. 98–616, title IV, § 401, Nov. 8, 1984, 98 Stat. 3268.)

**Editorial Notes**

References in Text

That Act, referred to in subsec. (b)(2)(B)(iii), (C)(iii), means Pub. L. 96–510, Dec. 11, 1980, 94 Stat. 2767, known as the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, which is classified principally to chapter 103 (§ 9601 et seq.) of this title. For complete classification of this Act to the Code, see Short Title note set out under section 9601 of this title and Tables.

The Federal Rules of Civil Procedure, referred to in subsec. (e), are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

Amendments

1984—Subsec. (a). Pub. L. 98–616, § 401(a), (b), designated existing provisions of subsec. (a)(1) as subpar. (A) thereof, inserted "prohibition," after "requirement,", added subpar. (B), and in provisions following par. (2) inserted "or the alleged endangerment may occur" in first sentence and substituted "to enforce the permit, standard, regulation, condition, requirement, prohibition, or order, referred to in paragraph (1)(A), to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B), to order such person to take such other action as may be necessary, or both, or to order the Administrator to perform the act or duty referred to in paragraph (2), as the case may be, and to apply any appropriate civil penalties under section 6928(a) and (g) of this title" for "to enforce such regulation or order, or to order the Administrator to perform such act or duty as the case may be".

Subsec. (b). Pub. L. 98–616, § 401(d), amended subsec. (b) generally. Prior to amendment, subsec. (b) read as follows: "No action may be commenced under paragraph (a)(1) of this section—

"(1) prior to sixty days after the plaintiff has given notice of the violation (A) to the Administrator; (B) to the State in which the alleged violation occurs; and (C) to any alleged violator of such permit, standard, regulation, condition, requirement, or order; or

"(2) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States or a State to require compliance with such permit, standard, regulation, condition, requirement, or order: *Provided, however*, That in any such action in a court of the United States, any person may intervene as a matter of right."

Subsec. (e). Pub. L. 98–616, § 401(e), substituted "to the prevailing or substantially prevailing party" for "to any party" and inserted "or section 6976 of this title".

Subsec. (g). Pub. L. 98–616, § 401(c), added subsec. (g).

1978—Subsec. (c). Pub. L. 95–609, § 7(p)(1), substituted "subchapter III" for "section 212 of this Act."

Subsec. (e). Pub. L. 95–609, § 7(p)(2), substituted "require" for "requiring".

**Executive Documents**

TRANSFER OF FUNCTIONS

For transfer of certain enforcement functions of Administrator or other official of Environmental Protection Agency under this chapter to Federal Inspector, Office of Federal Inspector for the Alaska Natural Gas Transportation System, and subsequent transfer to Secretary of Energy, then to Federal Coordinator for Alaska Natural Gas Transportation Projects, see note set out under section 6903 of this title.

## § 6973. Imminent hazard

### (a) Authority of Administrator

Notwithstanding any other provision of this chapter, upon receipt of evidence that the past or present handling, storage, treatment, transportation or disposal of any solid waste or hazardous waste may present an imminent and substantial endangerment to health or the environment, the Administrator may bring suit on behalf of the United States in the appropriate district court against any person (including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility) who has contributed or who is contributing to such handling, storage, treatment, transportation or disposal to restrain such person from such handling, storage, treatment, transportation, or disposal, to order such person to take such other action as may be necessary, or both. A transporter shall not be deemed to have contributed or to be contributing to such handling, storage, treatment, or disposal taking place after such solid waste or hazardous waste has left the possession or control of such transporter if the transportation of such waste was under a sole contractural[1] arrangement arising from a published tariff and acceptance for carriage by common carrier by rail and such transporter has exercised due care in the past or present handling, storage, treatment, transportation and disposal of such waste. The Administrator shall provide notice to the affected State of any such suit. The Administrator may also, after notice to the affected State, take other action under this section including, but not limited to, issuing such orders as may be necessary to protect public health and the environment.

### (b) Violations

Any person who willfully violates, or fails or refuses to comply with, any order of the Administrator under subsection (a) may, in an action brought in the appropriate United States district court to enforce such order, be fined not more than $5,000 for each day in which such violation occurs or such failure to comply continues.

### (c) Immediate notice

Upon receipt of information that there is hazardous waste at any site which has presented an imminent and substantial endangerment to human health or the environment, the Administrator shall provide immediate notice to the appropriate local government agencies. In addition, the Administrator shall require notice of such endangerment to be promptly posted at the site where the waste is located.

### (d) Public participation in settlements

Whenever the United States or the Administrator proposes to covenant not to sue or to forbear from suit or to settle any claim arising under this section, notice, and opportunity for a public meeting in the affected area, and a reasonable opportunity to comment on the proposed settlement prior to its final entry shall be afforded to the public. The decision of the United States or the Administrator to enter into or not to enter into such Consent Decree, covenant or agreement shall not constitute a final agency action subject to judicial review under this chapter or chapter 7 of title 5.

(Pub. L. 89–272, title II, § 7003, as added Pub. L. 94–580, § 2, Oct. 21, 1976, 90 Stat. 2826; amended Pub. L. 95–609, § 7(q), Nov. 8, 1978, 92 Stat. 3083; Pub. L. 96–482, § 25, Oct. 21, 1980, 94 Stat. 2348; Pub. L. 98–616, title IV, §§ 402, 403(a), 404, Nov. 8, 1984, 98 Stat. 3271, 3273.)

**Editorial Notes**

CODIFICATION

In subsec. (d), "chapter 7 of title 5" substituted for "the Administrative Procedure Act" on authority of Pub. L. 89–554, § 7(b), Sept. 6, 1966, 80 Stat. 631, the first section of which enacted Title 5, Government Organization and Employees.

AMENDMENTS

1984—Subsec. (a). Pub. L. 98–616, § 402, inserted "past or present" after "evidence that the", substituted "against any person (including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility) who has contributed or, who is" for "to immediately restrain any person", substituted "to restrain such person from" for "to stop", substituted ", to order such person to take such other action as may be necessary, or both" for "or to take such other action as may be necessary", and inserted "A transporter shall not be deemed to have contributed or to be contributing to such handling, storage, treatment, or disposal, taking place after such solid waste or hazardous waste has left the possession or control of such transporter, if the transportation of such waste was under a sole contractural [sic] arrangement arising from a published tariff and acceptance for carriage by common carrier by rail and such transporter has exercised due care in the past or present handling, storage, treatment, transportation and disposal of such waste."

Subsec. (c). Pub. L. 98–616, § 403(a), added subsec. (c).

Subsec. (d). Pub. L. 98–616, § 404, added subsec. (d).

1980—Pub. L. 96–482, § 25, designated existing provisions as subsec. (a), substituted "may present" for "is presenting" and "such handling, storage, treatment,

[1] So in original. Probably should be "contractual".

This content is from the eCFR and is authoritative but unofficial.

**Title 40 —Protection of Environment**
**Chapter I —Environmental Protection Agency**
**Subchapter I —Solid Wastes**

**Part 254** Prior Notice of Citizen Suits
**§ 254.1** Purpose.
**§ 254.2** Service of notice.
**§ 254.3** Contents of notice.

# PART 254—PRIOR NOTICE OF CITIZEN SUITS

**Authority:** Sec. 7002, Pub. L. 94-580, 90 Stat. 2825 (42 U.S.C. 6972).

**Source:** 42 FR 56114, Oct. 21, 1977, unless otherwise noted.

## § 254.1 Purpose.

Section 7002 of the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, authorizes suit by any person to enforce the Act. These suits may be brought where there is alleged to be a violation by any person (including (a) the United States, and (b) any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) of any permit, standard, regulation, condition, requirement, or order which has become effective under the Act, or a failure of the Administrator to perform any act or duty under the Act, which is not discretionary with the Administrator. These actions are to be filed in accordance with the rules of the district court in which the action is instituted. The purpose of this part is to prescribe procedures governing the notice requirements of subsections (b) and (c) of section 7002 as a prerequisite to the commencement of such actions.

## § 254.2 Service of notice.

(a) Notice of intent to file suit under subsection 7002(a)(1) of the Act shall be served upon an alleged violator of any permit, standard, regulation, condition, requirement, or order which has become effective under this Act in the following manner:

(1) If the alleged violator is a private individual or corporation, service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the owner or site manager of the building, plant, installation, or facility alleged to be in violation. A copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which the violation is alleged to have occurred, and the chief administrative officer of the solid waste management agency for the State in which the violation is alleged to have occurred. If the alleged violator is a corporation, a copy of the notice shall also be mailed to the registered agent, if any, of that corporation in the State in which such violation is alleged to have occurred.

(2) If the alleged violator is a State or local agency, service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the head of that agency. A copy of the notice shall be mailed to the chief administrator of the solid waste management agency for the State in which the violation is alleged to have occurred, the Administrator of the Environmental Protection Agency, and the Regional Administrator of the Environmental Protection Agency for the region in which the violation is alleged to have occurred.

(3) If the alleged violator is a Federal agency, service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the head of the agency. A copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which the violation is alleged to have occurred, the Attorney General of the United States, and the chief administrative officer of the solid waste management agency for the State in which the violation is alleged to have occurred.

(b) Service of notice of intent to file suit under subsection 7002(a)(2) of the Act shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the Administrator, Environmental Protection Agency, Washington, DC 20460. A copy of the notice shall be mailed to the Attorney General of the United States.

(c) Notice given in accordance with the provisions of this part shall be considered to have been served on the date of receipt. If service was acomplished by mail, the date of receipt will be considered to be the date noted on the return receipt card.

## § 254.3 Contents of notice.

(a) *Violation of permit, standard, regulation, condition, requirement, or order.* Notice regarding an alleged violation of a permit, standard, regulation, condition, requirement, or order which has become effective under this Act shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.

(b) *Failure to act.* Notice regarding an alleged failure of the Administrator to perform an act or duty which is not discretionary under the Act shall identify the provisions of the Act which require such act or create such duty, shall describe with reasonable specificity the action taken or not taken by the Administrator which is claimed to constitute a failure to perform the act or duty, and shall state the full name, address, and telephone number of the person giving the notice.

(c) *Identification of counsel.* The notice shall state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice.

AUTHENTICATED U.S. GOVERNMENT INFORMATION GPO




dence that a pollution source or combination of sources (including moving sources) is presenting an imminent and substantial endangerment to public health or welfare, or the environment, may bring suit on behalf of the United States in the appropriate United States district court to immediately restrain any person causing or contributing to the alleged pollution to stop the emission of air pollutants causing or contributing to such pollution or to take such other action as may be necessary. If it is not practicable to assure prompt protection of public health or welfare or the environment by commencement of such a civil action, the Administrator may issue such orders as may be necessary to protect public health or welfare or the environment. Prior to taking any action under this section, the Administrator shall consult with appropriate State and local authorities and attempt to confirm the accuracy of the information on which the action proposed to be taken is based. Any order issued by the Administrator under this section shall be effective upon issuance and shall remain in effect for a period of not more than 60 days, unless the Administrator brings an action pursuant to the first sentence of this section before the expiration of that period. Whenever the Administrator brings such an action within the 60-day period, such order shall remain in effect for an additional 14 days or for such longer period as may be authorized by the court in which such action is brought.

(July 14, 1955, ch. 360, title III, § 303, as added Pub. L. 91–604, § 12(a), Dec. 31, 1970, 84 Stat. 1705; amended Pub. L. 95–95, title III, § 302(a), Aug. 7, 1977, 91 Stat. 770; Pub. L. 101–549, title VII, § 704, Nov. 15, 1990, 104 Stat. 2681.)

### Editorial Notes

#### Codification

Section was formerly classified to section 1857h–1 of this title.

#### Prior Provisions

A prior section 303 of act July 14, 1955, was renumbered section 310 by Pub. L. 91–604 and is classified to section 7610 of this title.

#### Amendments

1990—Pub. L. 101–549, § 704(2)–(5), struck out subsec. (a) designation before ‘‘Notwithstanding any other’’, struck out subsec. (b) which related to violation of or failure or refusal to comply with subsec. (a) orders, and substituted new provisions for provisions following first sentence which read as follows: ‘‘If it is not practicable to assure prompt protection of the health of persons solely by commencement of such a civil action, the Administrator may issue such orders as may be necessary to protect the health of persons who are, or may be, affected by such pollution source (or sources). Prior to taking any action under this section, the Administrator shall consult with the State and local authorities in order to confirm the correctness of the information on which the action proposed to be taken is based and to ascertain the action which such authorities are, or will be, taking. Such order shall be effective for a period of not more than twenty-four hours unless the Administrator brings an action under the first sentence of this subsection before the expiration of such period. Whenever the Administrator brings such an action within such period, such order shall be effective for a period of forty-eight hours or such longer period as may be authorized by the court pending litigation or thereafter.’’

Pub. L. 101–549, § 704(1), which directed that ‘‘public health or welfare, or the environment’’ be substituted for ‘‘the health of persons and that appropriate State or local authorities have not acted to abate such sources’’, was executed by making the substitution for ‘‘the health of persons, and that appropriate State or local authorities have not acted to abate such sources’’ to reflect the probable intent of Congress.

1977—Pub. L. 95–95 designated existing provisions as subsec. (a), inserted provisions that, if it is not practicable to assure prompt protection of the health of persons solely by commencement of a civil action, the Administrator may issue such orders as may be necessary to protect the health of persons who are, or may be, affected by such pollution source (or sources), that, prior to taking any action under this section, the Administrator consult with the State and local authorities in order to confirm the correctness of the information on which the action proposed to be taken is based and to ascertain the action which such authorities are, or will be, taking, that the order be effective for a period of not more than twenty-four hours unless the Administrator brings an action under the first sentence of this subsection before the expiration of such period, and that, whenever the Administrator brings such an action within such period, such order be effective for a period of forty-eight hours or such longer period as may be authorized by the court pending litigation or thereafter, and added subsec. (b).

### Statutory Notes and Related Subsidiaries

#### Effective Date of 1977 Amendment

Amendment by Pub. L. 95–95 effective Aug. 7, 1977, except as otherwise expressly provided, see section 406(d) of Pub. L. 95–95, set out as a note under section 7401 of this title.

#### Pending Actions and Proceedings

Suits, actions, and other proceedings lawfully commenced by or against the Administrator or any other officer or employee of the United States in his official capacity or in relation to the discharge of his official duties under act July 14, 1955, the Clean Air Act, as in effect immediately prior to the enactment of Pub. L. 95–95 [Aug. 7, 1977], not to abate by reason of the taking effect of Pub. L. 95–95, see section 406(a) of Pub. L. 95–95, set out as an Effective Date of 1977 Amendment note under section 7401 of this title.

#### Modification or Rescission of Rules, Regulations, Orders, Determinations, Contracts, Certifications, Authorizations, Delegations, and Other Actions

All rules, regulations, orders, determinations, contracts, certifications, authorizations, delegations, or other actions duly issued, made, or taken by or pursuant to act July 14, 1955, the Clean Air Act, as in effect immediately prior to the date of enactment of Pub. L. 95–95 [Aug. 7, 1977] to continue in full force and effect until modified or rescinded in accordance with act July 14, 1955, as amended by Pub. L. 95–95 [this chapter], see section 406(b) of Pub. L. 95–95, set out as an Effective Date of 1977 Amendment note under section 7401 of this title.

## § 7604. Citizen suits

### (a) Authority to bring civil action; jurisdiction

Except as provided in subsection (b), any person may commence a civil action on his own behalf—

(1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) who is alleged to have violated (if there is evidence that the alleged vio-

lation has been repeated) or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation,

(2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator, or

(3) against any person who proposes to construct or constructs any new or modified major emitting facility without a permit required under part C of subchapter I (relating to significant deterioration of air quality) or part D of subchapter I (relating to nonattainment) or who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of any condition of such permit.

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties (except for actions under paragraph (2)). The district courts of the United States shall have jurisdiction to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed, except that an action to compel agency action referred to in section 7607(b) of this title which is unreasonably delayed may only be filed in a United States District Court within the circuit in which such action would be reviewable under section 7607(b) of this title. In any such action for unreasonable delay, notice to the entities referred to in subsection (b)(1)(A) shall be provided 180 days before commencing such action.

**(b) Notice**

No action may be commenced—

(1) under subsection (a)(1)—

(A) prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or

(B) if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any person may intervene as a matter of right.[1]

(2) under subsection (a)(2) prior to 60 days after the plaintiff has given notice of such action to the Administrator,

except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of section 7412(i)(3)(A) or (f)(4) of this title or an order issued by the Administrator pursuant to section 7413(a) of this title. Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation.

[1] So in original. The period probably should be ", or".

**(c) Venue; intervention by Administrator; service of complaint; consent judgment**

(1) Any action respecting a violation by a stationary source of an emission standard or limitation or an order respecting such standard or limitation may be brought only in the judicial district in which such source is located.

(2) In any action under this section, the Administrator, if not a party, may intervene as a matter of right at any time in the proceeding. A judgment in an action under this section to which the United States is not a party shall not, however, have any binding effect upon the United States.

(3) Whenever any action is brought under this section the plaintiff shall serve a copy of the complaint on the Attorney General of the United States and on the Administrator. No consent judgment shall be entered in an action brought under this section in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator during which time the Government may submit its comments on the proposed consent judgment to the court and parties or may intervene as a matter of right.

**(d) Award of costs; security**

The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate. The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond or equivalent security in accordance with the Federal Rules of Civil Procedure.

**(e) Nonrestriction of other rights**

Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any emission standard or limitation or to seek any other relief (including relief against the Administrator or a State agency). Nothing in this section or in any other law of the United States shall be construed to prohibit, exclude, or restrict any State, local, or interstate authority from—

(1) bringing any enforcement action or obtaining any judicial remedy or sanction in any State or local court, or

(2) bringing any administrative enforcement action or obtaining any administrative remedy or sanction in any State or local administrative agency, department or instrumentality,

against the United States, any department, agency, or instrumentality thereof, or any officer, agent, or employee thereof under State or local law respecting control and abatement of air pollution. For provisions requiring compliance by the United States, departments, agencies, instrumentalities, officers, agents, and employees in the same manner as nongovernmental entities, see section 7418 of this title.

**(f) "Emission standard or limitation under this chapter" defined**

For purposes of this section, the term ''emission standard or limitation under this chapter'' means—

(1) a schedule or timetable of compliance, emission limitation, standard of performance or emission standard,

(2) a control or prohibition respecting a motor vehicle fuel or fuel additive, or[2]

(3) any condition or requirement of a permit under part C of subchapter I (relating to significant deterioration of air quality) or part D of subchapter I (relating to nonattainment),,[3] section 7419 of this title (relating to primary nonferrous smelter orders), any condition or requirement under an applicable implementation plan relating to transportation control measures, air quality maintenance plans, vehicle inspection and maintenance programs or vapor recovery requirements, section 7545(e) and (f) of this title (relating to fuels and fuel additives), section 7491 of this title (relating to visibility protection), any condition or requirement under subchapter VI (relating to ozone protection), or any requirement under section 7411 or 7412 of this title (without regard to whether such requirement is expressed as an emission standard or otherwise);[4] or

(4) any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations.[5]

which is in effect under this chapter (including a requirement applicable by reason of section 7418 of this title) or under an applicable implementation plan.

**(g) Penalty fund**

(1) Penalties received under subsection (a) shall be deposited in a special fund in the United States Treasury for licensing and other services. Amounts in such fund are authorized to be appropriated and shall remain available until expended, for use by the Administrator to finance air compliance and enforcement activities. The Administrator shall annually report to the Congress about the sums deposited into the fund, the sources thereof, and the actual and proposed uses thereof.

(2) Notwithstanding paragraph (1) the court in any action under this subsection[6] to apply civil penalties shall have discretion to order that such civil penalties, in lieu of being deposited in the fund referred to in paragraph (1), be used in beneficial mitigation projects which are consistent with this chapter and enhance the public health or the environment. The court shall obtain the view of the Administrator in exercising such discretion and selecting any such projects. The amount of any such payment in any such action shall not exceed $100,000.

(July 14, 1955, ch. 360, title III, § 304, as added Pub. L. 91–604, § 12(a), Dec. 31, 1970, 84 Stat. 1706; amended Pub. L. 95–95, title III, § 303(a)–(c), Aug. 7, 1977, 91 Stat. 771, 772; Pub. L. 95–190, § 14(a) (77), (78), Nov. 16, 1977, 91 Stat. 1404; Pub. L. 101–549, title III, § 302(f), title VII, § 707(a)–(g), Nov. 15, 1990, 104 Stat. 2574, 2682, 2683.)

[2] So in original. The word ''or'' probably should not appear.
[3] So in original.
[4] So in original. The semicolon probably should be a comma.
[5] So in original. The period probably should be a comma.
[6] So in original. Probably should be ''this section''.

### Editorial Notes

#### References in Text

The Federal Rules of Civil Procedure, referred to in subsec. (d), are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

#### Codification

Section was formerly classified to section 1857h–2 of this title.

#### Prior Provisions

A prior section 304 of act July 14, 1955, was renumbered section 311 by Pub. L. 91–604 and is classified to section 7611 of this title.

#### Amendments

1990—Subsec. (a). Pub. L. 101–549, § 707(a), (f), in closing provisions, inserted before period at end '', and to apply any appropriate civil penalties (except for actions under paragraph (2))'' and inserted sentences at end giving courts jurisdiction to compel agency action unreasonably delayed and requiring 180 days notice prior to commencement of action.

Subsec. (a)(1), (3). Pub. L. 101–549, § 707(g), inserted ''to have violated (if there is evidence that the alleged violation has been repeated) or'' before ''to be in violation''.

Subsec. (b). Pub. L. 101–549, § 302(f), substituted ''section 7412(i)(3)(A) or (f)(4)'' for ''section 7412(c)(1)(B)'' in closing provisions.

Subsec. (c)(2). Pub. L. 101–549, § 707(c), amended par. (2) generally. Prior to amendment, par. (2) read as follows: ''In such action under this section, the Administrator, if not a party, may intervene as a matter of right.''

Subsec. (c)(3). Pub. L. 101–549, § 707(d), added subsec. (c)(3).

Subsec. (f)(3). Pub. L. 101–549, § 707(e), struck out ''any condition or requirement of section 7413(d) of this title (relating to certain enforcement orders)'' before '', section 7419 of this title'', substituted ''subchapter VI'' for ''part B of subchapter I'', and substituted ''; or'' for period at end.

Subsec. (f)(4). Pub. L. 101–549, § 707(e), which directed that par. (4) be added at end of subsec. (f), was executed by adding par. (4) after par. (3), to reflect the probable intent of Congress.

Subsec. (g). Pub. L. 101–549, § 707(b), added subsec. (g).

1977—Subsec. (a)(3). Pub. L. 95–190, § 14(a)(77), inserted ''or modified'' after ''new''.

Pub. L. 95–95, § 303(a), added subsec. (a)(3).

Subsec. (e). Pub. L. 95–95, § 303(c), inserted provisions which prohibited any construction of this section or any other law of the United States which would prohibit, exclude, or restrict any State, local, or interstate authority from bringing any enforcement action or obtaining any judicial remedy or sanction in any State or local court against the United States or bringing any administrative enforcement action or obtaining any administrative remedy or sanction against the United States in any State or local administrative agency, department, or instrumentality under State or local law.

Subsec. (f)(3). Pub. L. 95–190, § 14(a)(78), inserted '', or'' after ''(relating to ozone protection)'', substituted ''any condition or requirement under an'' for ''requirements under an'', and struck out ''or'' before ''section 7491''.

Pub. L. 95–95, § 303(b), added par. (3).

**Statutory Notes and Related Subsidiaries**

EFFECTIVE DATE OF 1990 AMENDMENT

Pub. L. 101–549, title VII, § 707(g), Nov. 15, 1990, 104 Stat. 2683, provided that: ''The amendment made by this subsection [amending this section] shall take effect with respect to actions brought after the date 2 years after the enactment of the Clean Air Act Amendments of 1990 [Nov. 15, 1990].''

EFFECTIVE DATE OF 1977 AMENDMENT

Amendment by Pub. L. 95–95 effective Aug. 7, 1977, except as otherwise expressly provided, see section 406(d) of Pub. L. 95–95, set out as a note under section 7401 of this title.

TERMINATION OF REPORTING REQUIREMENTS

For termination, effective May 15, 2000, of reporting provisions in subsec. (g)(1) of this section, see section 3003 of Pub. L. 104–66, as amended, set out as a note under section 1113 of Title 31, Money and Finance, and the 6th item on page 165 of House Document No. 103–7.

PENDING ACTIONS AND PROCEEDINGS

Suits, actions, and other proceedings lawfully commenced by or against the Administrator or any other officer or employee of the United States in his official capacity or in relation to the discharge of his official duties under act July 14, 1955, the Clean Air Act, as in effect immediately prior to the enactment of Pub. L. 95–95 [Aug. 7, 1977], not to abate by reason of the taking effect of Pub. L. 95–95, see section 406(a) of Pub. L. 95–95, set out as an Effective Date of 1977 Amendment note under section 7401 of this title.

MODIFICATION OR RESCISSION OF RULES, REGULATIONS, ORDERS, DETERMINATIONS, CONTRACTS, CERTIFICATIONS, AUTHORIZATIONS, DELEGATIONS, AND OTHER ACTIONS

All rules, regulations, orders, determinations, contracts, certifications, authorizations, delegations, or other actions duly issued made, or taken by or pursuant to act July 14, 1955, the Clean Air Act, as in effect immediately prior to the date of enactment of Pub. L. 95–95 [Aug. 7, 1977] to continue in full force and effect until modified or rescinded in accordance with act July 14, 1955, as amended by Pub. L. 95–95 [this chapter], see section 406(b) of Pub. L. 95–95, set out as an Effective Date of 1977 Amendment note under section 7401 of this title.

## § 7605. Representation in litigation

### (a) Attorney General; attorneys appointed by Administrator

The Administrator shall request the Attorney General to appear and represent him in any civil action instituted under this chapter to which the Administrator is a party. Unless the Attorney General notifies the Administrator that he will appear in such action, within a reasonable time, attorneys appointed by the Administrator shall appear and represent him.

### (b) Memorandum of understanding regarding legal representation

In the event the Attorney General agrees to appear and represent the Administrator in any such action, such representation shall be conducted in accordance with, and shall include participation by, attorneys appointed by the Administrator to the extent authorized by, the memorandum of understanding between the Department of Justice and the Environmental Protection Agency, dated June 13, 1977, respecting representation of the agency by the department in civil litigation.

(July 14, 1955, ch. 360, title III, § 305, as added Pub. L. 91–604, § 12(a), Dec. 31, 1970, 84 Stat. 1707; amended Pub. L. 95–95, title III, § 304(a), Aug. 7, 1977, 91 Stat. 772.)

**Editorial Notes**

CODIFICATION

Section was formerly classified to section 1857h–3 of this title.

PRIOR PROVISIONS

A prior section 305 of act July 14, 1955, as added Nov. 21, 1967, Pub. L. 90–148, § 2, 81 Stat. 505, was renumbered section 312 by Pub. L. 91–604 and is classified to section 7612 of this title.

Another prior section 305 of act July 14, 1955, ch. 360, title III, formerly § 12, as added Dec. 17, 1963, Pub. L. 88–206, § 1, 77 Stat. 401, was renumbered section 305 by Pub. L. 89–272, renumbered section 308 by Pub. L. 90–148, and renumbered section 315 by Pub. L. 91–604, and is classified to section 7615 of this title.

AMENDMENTS

1977—Pub. L. 95–95 designated existing provisions as subsec. (a) and added subsec. (b).

**Statutory Notes and Related Subsidiaries**

EFFECTIVE DATE OF 1977 AMENDMENT

Amendment by Pub. L. 95–95 effective Aug. 7, 1977, except as otherwise expressly provided, see section 406(d) of Pub. L. 95–95, set out as a note under section 7401 of this title.

PENDING ACTIONS AND PROCEEDINGS

Suits, actions, and other proceedings lawfully commenced by or against the Administrator or any other officer or employee of the United States in his official capacity or in relation to the discharge of his official duties under act July 14, 1955, the Clean Air Act, as in effect immediately prior to the enactment of Pub. L. 95–95 [Aug. 7, 1977], not to abate by reason of the taking effect of Pub. L. 95–95, see section 406(a) of Pub. L. 95–95, set out as an Effective Date of 1977 Amendment note under section 7401 of this title.

MODIFICATION OR RESCISSION OF RULES, REGULATIONS, ORDERS, DETERMINATIONS, CONTRACTS, CERTIFICATIONS, AUTHORIZATIONS, DELEGATIONS, AND OTHER ACTIONS

All rules, regulations, orders, determinations, contracts, certifications, authorizations, delegations, or other actions duly issued, made, or taken by or pursuant to act July 14, 1955, the Clean Air Act, as in effect immediately prior to the date of enactment of Pub. L. 95–95 [Aug. 7, 1977] to continue in full force and effect until modified or rescinded in accordance with act July 14, 1955, as amended by Pub. L. 95–95 [this chapter], see section 406(b) of Pub. L. 95–95, set out as an Effective Date of 1977 Amendment note under section 7401 of this title.

## § 7606. Federal procurement

### (a) Contracts with violators prohibited

No Federal agency may enter into any contract with any person who is convicted of any offense under section 7413(c) of this title for the procurement of goods, materials, and services to perform such contract at any facility at which the violation which gave rise to such conviction occurred if such facility is owned, leased, or su-

This content is from the eCFR and is authoritative but unofficial.

**Title 40 —Protection of Environment**
**Chapter I —Environmental Protection Agency**
**Subchapter C —Air Programs**

**Part 54** Prior Notice of Citizen Suits
- **§ 54.1** Purpose.
- **§ 54.2** Service of notice.
- **§ 54.3** Contents of notice.

# PART 54—PRIOR NOTICE OF CITIZEN SUITS

**Authority:** Sec. 304 of the Clean Air Act, as amended (sec. 12, Pub. L. 91-604, 84 Stat. 1706).

**Source:** 36 FR 23386, Dec. 9, 1971, unless otherwise noted.

## § 54.1 Purpose.

Section 304 of the Clean Air Act, as amended, authorizes the commencement of civil actions to enforce the Act or to enforce certain requirements promulgated pursuant to the Act. The purpose of this part is to prescribe procedures governing the giving of notices required by subsection 304(b) of the Act (sec. 12, Pub. L. 91-604; 84 Stat. 1706) as a prerequisite to the commencement of such actions.

## § 54.2 Service of notice.

(a) Notice to Administrator: Service of notice given to the Administrator under this part shall be accomplished by certified mail addressed to the Administrator, Environmental Protection Agency, Washington, DC 20460. Where notice relates to violation of an emission standard or limitation or to violation of an order issued with respect to an emission standard or limitation, a copy of such notice shall be mailed to the Regional Administrator of the Environmental Protection Agency for the Region in which such violation is alleged to have occurred.

(b) Notice to State: Service of notice given to a State under this part regarding violation of an emission standard or limitation, or an order issued with respect to an emission standard or limitation shall be accomplished by certified mail addressed to an authorized representative of the State agency charged with responsibility for air pollution control in the State. A copy of such notice shall be mailed to the Governor of the State.

(c) Notice to alleged violator: Service of notice given to an alleged violator under this part shall be accomplished by certified mail addressed to, or by personal service upon, the owner or managing agent of the building, plant, installation, or facility alleged to be in violation of an emission standard or limitation,

or an order issued with respect to an emission standard or limitation. Where the alleged violator is a corporation, a copy of such notice shall be sent by certified mail to the registered agent, if any, of such corporation in the State in which such violation is alleged to have occurred.

(d) Notice served in accordance with the provisions of this part shall be deemed given on the postmark date, if served by mail, or on the date of receipt, if personally served.

## § 54.3 Contents of notice.

(a) ***Failure to act.*** Notice regarding a failure of the Administrator to perform an act or duty which is not discretionary shall identify the provisions of the Act which requires such act or creates such duty, shall describe with reasonable specificity the action taken or not taken by the Administrator which is claimed to constitute a failure to perform such act or duty, and shall state the full name and address of the person giving the notice.

(b) ***Violation of standard, limitation or order.*** Notices to the Administrator, States, and alleged violators regarding violation of an emission standard or limitation or an order issued with respect to an emission standard or limitation, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order which has allegedly been violated, the activity alleged to be in violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name and address of the person giving the notice.

any member under the preceding provisions shall be extended until the date on which his successor's appointment is effective. None of the members appointed by the President shall be eligible for reappointment within one year after the end of his preceding term.

(B) The members of the Board who are not officers or employees of the United States, while attending conferences or meetings of the Board or while serving at the request of the Administrator, shall be entitled to receive compensation at a rate to be fixed by the Administrator, but not exceeding $100 per diem, including traveltime, and while away from their homes or regular places of business they may be allowed travel expenses, including per diem in lieu of subsistence, as authorized by law for persons in the Government service employed intermittently.

**(b) Functions**

The Board shall advise, consult with, and make recommendations to the Administrator on matters of policy relating to the activities and functions of the Administrator under this chapter.

**(c) Clerical and technical assistance**

Such clerical and technical assistance as may be necessary to discharge the duties of the Board shall be provided from the personnel of the Environmental Protection Agency.

(June 30, 1948, ch. 758, title V, § 503, as added Pub. L. 92–500, § 2, Oct. 18, 1972, 86 Stat. 887.)

REFERENCES IN TEXT

Travel expenses, including per diem in lieu of subsistence as authorized by law, referred to in subsec. (a)(2)(B), probably means the allowances authorized by section 5703 of Title 5, Government Organization and Employees.

CONTINUATION OF TERM OF OFFICE

Pub. L. 87–88, § 6(c), July 20, 1961, 75 Stat. 207, provided that members of the Water Pollution Control Advisory Board holding office immediately preceding July 20, 1961 were to remain in office as members of the Board as established by section 6(a) of Pub. L. 87–88 until the expiration of the terms of office for which they were originally appointed.

TERMS OF OFFICE OF MEMBERS OF WATER POLLUTION CONTROL ADVISORY BOARD

Act July 9, 1956, ch. 518, § 3, 70 Stat. 507, provided that the terms of office of members of the Water Pollution Control Advisory Board, holding office on July 9, 1956, were to terminate at the close of business on that date.

TERMINATION OF ADVISORY BOARDS

Advisory boards in existence on Jan. 5, 1973, to terminate not later than the expiration of the 2-year period following Jan. 5, 1973, unless, in the case of a board established by the President or an officer of the Federal Government, such board is renewed by appropriate action prior to the expiration of such 2-year period, or in the case of a board established by the Congress, its duration is otherwise provided for by law. See sections 3(2) and 14 of Pub. L. 92–463, Oct. 6, 1972, 86 Stat. 770, 776, set out in the Appendix to Title 5, Government Organization and Employees.

## § 1364. Emergency powers

**(a) Emergency powers**

Notwithstanding any other provision of this chapter, the Administrator upon receipt of evidence that a pollution source or combination of sources is presenting an imminent and substantial endangerment to the health of persons or to the welfare of persons where such endangerment is to the livelihood of such persons, such as inability to market shellfish, may bring suit on behalf of the United States in the appropriate district court to immediately restrain any person causing or contributing to the alleged pollution to stop the discharge of pollutants causing or contributing to such pollution or to take such other action as may be necessary.

**(b) Repealed. Pub. L. 96–510, title III, § 304(a), Dec. 11, 1980, 94 Stat. 2809**

(June 30, 1948, ch. 758, title V, § 504, as added Pub. L. 92–500, § 2, Oct. 18, 1972, 86 Stat. 888; amended Pub. L. 95–217, § 69, Dec. 27, 1977, 91 Stat. 1607; Pub. L. 96–510, title III, § 304(a), Dec. 11, 1980, 94 Stat. 2809.)

AMENDMENTS

1980—Subsec. (b). Pub. L. 96–510 struck out subsec. (b) which related to emergency assistance, establishment of an emergency fund, and preparation of a contingency plan for such emergencies.

1977—Pub. L. 95–217 designated existing provisions as subsec. (a) and added subsec. (b).

EFFECTIVE DATE OF 1980 AMENDMENT

Amendment by Pub. L. 96–510 effective Dec. 11, 1980, see section 9652 of Title 42, The Public Health and Welfare.

## § 1365. Citizen suits

**(a) Authorization; jurisdiction**

Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf—

(1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or

(2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties under section 1319(d) of this title.

**(b) Notice**

No action may be commenced—

(1) under subsection (a)(1) of this section—

(A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

(2) under subsection (a)(2) of this section prior to sixty days after the plaintiff has given notice of such action to the Administrator,

except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of sections 1316 and 1317(a) of this title. Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation.

**(c) Venue; intervention by Administrator; United States interests protected**

(1) Any action respecting a violation by a discharge source of an effluent standard or limitation or an order respecting such standard or limitation may be brought under this section only in the judicial district in which such source is located.

(2) In such action under this section, the Administrator, if not a party, may intervene as a matter of right.

(3) PROTECTION OF INTERESTS OF UNITED STATES.—Whenever any action is brought under this section in a court of the United States, the plaintiff shall serve a copy of the complaint on the Attorney General and the Administrator. No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

**(d) Litigation costs**

The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate. The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond or equivalent security in accordance with the Federal Rules of Civil Procedure.

**(e) Statutory or common law rights not restricted**

Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any effluent standard or limitation or to seek any other relief (including relief against the Administrator or a State agency).

**(f) Effluent standard or limitation**

For purposes of this section, the term "effluent standard or limitation under this chapter" means (1) effective July 1, 1973, an unlawful act under subsection (a) of section 1311 of this title; (2) an effluent limitation or other limitation under section 1311 or 1312 of this title; (3) standard of performance under section 1316 of this title; (4) prohibition, effluent standard or pretreatment standards under section 1317 of this title; (5) certification under section 1341 of this title; (6) a permit or condition thereof issued under section 1342 of this title, which is in effect under this chapter (including a requirement applicable by reason of section 1323 of this title); or (7) a regulation under section 1345(d) of this title,.[1]

**(g) "Citizen" defined**

For the purposes of this section the term "citizen" means a person or persons having an interest which is or may be adversely affected.

**(h) Civil action by State Governors**

A Governor of a State may commence a civil action under subsection (a) of this section, without regard to the limitations of subsection (b) of this section, against the Administrator where there is alleged a failure of the Administrator to enforce an effluent standard or limitation under this chapter the violation of which is occurring in another State and is causing an adverse effect on the public health or welfare in his State, or is causing a violation of any water quality requirement in his State.

(June 30, 1948, ch. 758, title V, § 505, as added Pub. L. 92–500, § 2, Oct. 18, 1972, 86 Stat. 888; amended Pub. L. 100–4, title III, § 314(c), title IV, § 406(d)(2), title V, §§ 504, 505(c), Feb. 4, 1987, 101 Stat. 49, 73, 75, 76.)

REFERENCES IN TEXT

The Federal Rules of Civil Procedure, referred to in subsec. (d), are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

AMENDMENTS

1987—Subsec. (a). Pub. L. 100–4, § 314(c), inserted "and section 1319(g)(6) of this title" after "subsection (b) of this section" in introductory text.

Subsec. (c)(3). Pub. L. 100–4, § 504, added par. (3).

Subsec. (d). Pub. L. 100–4, § 505(c), inserted "prevailing or substantially prevailing" before "party".

Subsec. (f). Pub. L. 100–4, § 406(d)(2), added cl. (7).

## § 1366. Appearance

The Administrator shall request the Attorney General to appear and represent the United States in any civil or criminal action instituted under this chapter to which the Administrator is a party. Unless the Attorney General notifies the Administrator within a reasonable time, that he will appear in a civil action, attorneys who are officers or employees of the Environmental Protection Agency shall appear and represent the United States in such action.

(June 30, 1948, ch. 758, title V, § 506, as added Pub. L. 92–500, § 2, Oct. 18, 1972, 86 Stat. 889.)

## § 1367. Employee protection

**(a) Discrimination against persons filing, instituting, or testifying in proceedings under this chapter prohibited**

No person shall fire, or in any other way discriminate against, or cause to be fired or discriminated against, any employee or any authorized representative of employees by reason of the fact that such employee or representative

[1] So in original.

This content is from the eCFR and is authoritative but unofficial.

**Title 40 —Protection of Environment**
**Chapter I —Environmental Protection Agency**
**Subchapter D —Water Programs**

**Part 135** Prior Notice of Citizen Suits
**Subpart A** Prior Notice Under the Clean Water Act
**§ 135.1** Purpose.
**§ 135.2** Service of notice.
**§ 135.3** Contents of notice.
**§ 135.4** Service of complaint.
**§ 135.5** Service of proposed consent judgment.
**Subpart B** Prior Notice Under the Safe Drinking Water Act
**§ 135.10** Purpose.
**§ 135.11** Service of notice.
**§ 135.12** Contents of notice.
**§ 135.13** Timing of notice.

# PART 135—PRIOR NOTICE OF CITIZEN SUITS

**Authority:** Subpart A, issued under Sec. 505, Clean Water Act, as amended 1987; Sec. 504, Pub. L. 100-4; 101 Stat. 7 (33 U.S.C. 1365). Subpart B, issued under Sec. 1449, Safe Drinking Water Act (42 U.S.C. 300j-8).

**Source:** 38 FR 15040, June 7, 1973, unless otherwise noted.

## Subpart A—Prior Notice Under the Clean Water Act

### § 135.1 Purpose.

(a) Section 505(a)(1) of the Clean Water Act (hereinafter the Act) authorizes any person or persons having an interest which is or may be adversely affected to commence a civil action on his own behalf to enforce the Act or to enforce certain requirements promulgated pursuant to the Act. In addition, section 505(c)(3) of the Act provides that, for purposes of protecting the interests of the United States, whenever a citizen enforcement action is brought under section 505(a)(1) of the Act in a court of the United States, the Plaintiff shall serve a copy of the complaint on the Attorney General and the Administrator. Section 505(c)(3) also provides that no consent judgment shall be entered in any citizen action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

(b) The purpose of this subpart is to prescribe procedures governing the giving of notice required by section 505(b) of the Act as a prerequisite to the commencing of such actions, and governing the service of complaints and proposed consent judgments as required by section 505(c)(3) of the Act.

*[56 FR 11515, Mar. 19, 1991]*

## § 135.2 Service of notice.

(a) Notice of intent to file suit pursuant to section 505(a)(1) of the Act shall be served upon an alleged violator of an effluent standard or limitation under the Act, or an order issued by the Administrator or a State with respect to such a standard or limitation, in the following manner:

(1) If the alleged violator is an individual or corporation, service of notice shall be accomplished by certified mail addressed to, or by personal service upon, the owner or managing agent of the building, plant, installation, vessel, facility, or activity alleged to be in violation. A copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred, and the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred. If the alleged violator is a corporation, a copy of such notice also shall be mailed to the registered agent, if any, of such corporation in the State in which such violation is alleged to have occurred.

(2) If the alleged violator is a State or local agency, service of notice shall be accomplished by certified mail addressed to, or by personal service upon, the head of such agency. A copy of such notice shall be mailed to the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred, the Administrator of the Environmental Protection Agency, and the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred.

(3) If the alleged violator is a Federal agency, service of notice shall be accomplished by certified mail addressed to, or by personal service upon, the head of such agency. A copy of such notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred, the Attorney General of the United States, and the Chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred.

(b) Service of notice of intent to file suit pursuant to section 505(a)(2) of the Act shall be accomplished by certified mail addressed to, or by personal service upon, the Administrator, Environmental Protection Agency, Washington, DC 20460. A copy of such notice shall be mailed to the Attorney General of the United States.

(c) Notice given in accordance with the provisions of this subpart shall be deemed to have been served on the postmark date if mailed, or on the date of receipt if served personally.

## § 135.3 Contents of notice.

(a) ***Violation of standard, limitation or order.*** Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

(b) *Failure to act.* Notice regarding an alleged failure of the Administrator to perform any act or duty under the Act which is not discretionary with the Administrator shall identify the provision of the Act which requires such act or creates such duty, shall describe with reasonable specificity the action taken or not taken by the Administrator which is alleged to constitute a failure to perform such act or duty, and shall state the full name, address and telephone number of the person giving the notice.

(c) *Identification of counsel.* The notice shall state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice.

## § 135.4 Service of complaint.

(a) A citizen plaintiff shall mail a copy of a complaint filed against an alleged violator under section 505(a)(1) of the Act to the Administrator of the Environmental Protection Agency, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred, and the Attorney General of the United States.

(b) The copy so served shall be of a filed, date-stamped complaint, or shall be a conformed copy of the filed complaint which indicates the assigned civil action number, accompanied by a signed statement by the plaintiff or his attorney as to when the complaint was filed.

(c) A citizen plaintiff shall mail a copy of the complaint on the same date on which the plaintiff files the complaint with the court, or as expeditiously thereafter as practicable.

(d) If the alleged violator is a Federal agency, a citizen plaintiff must serve the complaint on the United States in accordance with relevant Federal law and court rules affecting service on defendants, in addition to complying with the service requirements of this subpart.

*[56 FR 11515, Mar. 19, 1991]*

## § 135.5 Service of proposed consent judgment.

(a) The citizen plaintiff in a citizen enforcement suit filed against an alleged violator under section 505(a)(1) of the Act shall serve a copy of a proposed consent judgment, signed by all parties to the lawsuit, upon the Administrator, Environmental Protection Agency, Washington, DC 20460, and the Attorney General, Department of Justice, Citizen Suit Coordinator, Room 2615, Washington, DC 20530. The plaintiff shall serve the Administrator and the Attorney General by personal service or by certified mail (return receipt requested.) The plaintiff shall also mail a copy of a proposed consent judgment at the same time to the Regional Administrator of the EPA Region in which the violations were alleged to have occurred.

(b) When the parties in an action in which the United States is not a party file or lodge a proposed consent judgment with the court, the plaintiff shall notify the court of the statutory requirement that the consent judgment shall not be entered prior to 45 days following receipt by both the Administrator and the Attorney General of a copy of the consent judgment.

  (1) If the plaintiff knows the dates upon which the Administrator and the Attorney General received copies of the proposed consent judgment, the plaintiff shall so notify the court.

  (2) If the plaintiff does not know the date upon which the Administrator and Attorney General received copies of the proposed consent judgment, the plaintiff shall so notify the court, but upon receiving such information regarding the dates of service of the proposed consent judgment upon the Administrator and Attorney General, the plaintiff shall so notify the court of the dates of service.

*[56 FR 11515, Mar. 19, 1991]*

## Subpart B—Prior Notice Under the Safe Drinking Water Act

**Source:** 54 FR 20771, May 12, 1989, unless otherwise noted.

### § 135.10 Purpose.

Section 1449 of the Safe Drinking Water Act (the Act) authorizes any person to commence a civil action to enforce the Act against an alleged violator of any requirements prescribed by or under the Act, or against the Administrator for failure to perform any duty which is not discretionary under the Act. No citizen suit may be commenced prior to sixty days after giving notice of the alleged violation to the Administrator, any alleged violator, and to the State. The purpose of this subpart is to prescribe procedures for giving the notice required by section 1449(b).

### § 135.11 Service of notice.

(a) Notice of intent to file suit pursuant to section 1449(a)(1) of the Act shall be served in the following manner upon an alleged violator of any requirement prescribed by or under the Act:

(1) If the alleged violator is an individual or corporation, service of notice shall be accomplished by certified mail, return receipt requested, addressed to, or by personal service upon, such individual or corporation. If a public water system or underground injection well is alleged to be in violation, service shall be upon the owner or operator. A copy of the notice shall be sent by certified mail, return receipt requested, to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred, the chief administrative officer of the responsible state agency (if any), and the Attorney General for the State in which the violation is alleged to have occurred. If the alleged violator is a corporation, a copy of the notice shall also be sent by certified mail, return receipt requested, to the registered agent (if any) of the corporation in the State in which the violation is alleged to have occurred.

(2) If the alleged violator is a State or local agency, service of notice shall be accomplished by certified mail, return receipt requested, addressed to, or by personal service upon, the head of such agency. A copy of the notice shall be sent by certified mail, return receipt requested, to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which the violation is alleged to have occurred, the chief administrative officer of the responsible state agency (if any), and the Attorney General for the State in which the violation is alleged to have occurred.

(3) If the alleged violator is a Federal agency, service of notice shall be accomplished by certified mail, return receipt requested, addressed to, or by personal service upon, the head of the Federal agency. A copy of the notice shall be sent by certified mail, return receipt requested, to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which the violation is alleged to have occurred, the Attorney General of the United States, the chief administrative officer of the responsible state agency (if any), and the Attorney General for the State in which the violation is alleged to have occurred.

(b) Service of notice of intent to file suit pursuant to section 1449(a)(2) of the Act shall be accomplished by certified mail, return receipt requested, addressed to, or by personal service upon, the Administrator of the Environmental Protection Agency, Washington, DC 20460. A copy of the notice shall be sent by certified mail to the Attorney General of the United States.

(c) Notice given in accordance with the provisions of this subpart shall be deemed to have been given on the date of receipt of service, if served personally. If service was accomplished by mail, the date of receipt will be considered to be the date noted on the return receipt card.

## § 135.12 Contents of notice.

(a) *Violation of standard or requirement.* Notice regarding an alleged violation of any requirement prescribed by or under the Act shall include sufficient information to permit the recipient to identify the specific requirement alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of the alleged violation, and the full name, address, and telephone number of the person giving notice.

(b) *Failure to act.* Notice regarding an alleged failure of the Administrator to perform any act or duty under the Act which is not discretionary with the Administrator shall identify the provision of the Act which requires the act or creates the duty, and shall describe with reasonable specificity the action taken or not taken by the Administrator which is alleged to constitute a failure to perform such act or duty, and shall state the full name, address, and telephone number of the person giving notice.

(c) *Identification of counsel.* All notices shall include the name, address, and telephone number of the legal counsel, if any, representing the person giving notice.

## § 135.13 Timing of notice.

No action may be commenced under section 1449(a)(1) or (a)(2) until the plaintiff has given each of the appropriate parties sixty days notice of intent to file such an action. Actions concerning injection wells disposing of hazardous waste which allege jurisdiction solely under section 7002(c) of the Resource Conservation and Recovery Act may proceed immediately after notice to the appropriate parties.

purpose required by section 553(c) of title 5 to be incorporated in the rule or order, except as part of the record, taken as a whole.

(2) The judgment of the court affirming or setting aside, in whole or in part, any rule or order reviewed in accordance with this section shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification, as provided in section 1254 of title 28.

**(d) Fees and costs**

The decision of the court in an action commenced under subsection (a), or of the Supreme Court of the United States on review of such a decision, may include an award of costs of suit and reasonable fees for attorneys and expert witnesses if the court determines that such an award is appropriate.

**(e) Other remedies**

The remedies as provided in this section shall be in addition to and not in lieu of any other remedies provided by law.

(Pub. L. 94–469, title I, § 19, Oct. 11, 1976, 90 Stat. 2039; renumbered title I and amended Pub. L. 99–519, § 3(b)(2), (c)(1), Oct. 22, 1986, 100 Stat. 2989; Pub. L. 102–550, title X, § 1021(b)(8), Oct. 28, 1992, 106 Stat. 3923; Pub. L. 114–182, title I, §§ 14, 19(m), June 22, 2016, 130 Stat. 498, 508.)

### Editorial Notes

AMENDMENTS

2016—Subsec. (a)(1)(A). Pub. L. 114–182, § 19(m)(1)(A), substituted "Except as otherwise provided in this subchapter, not later than 60 days after the date on which a rule is promulgated under this subchapter, subchapter II, or subchapter IV, or the date on which an order is issued under section 2603, 2604(e), 2604(f), or 2605(i)(1) of this title," for "Not later than 60 days after the date of the promulgation of a rule under section 2603(a), 2604(a)(2), 2604(b)(4), 2605(a), 2605(e), or 2607 of this title, or under subchapter II or IV", "such rule or order" for "such rule", and "such a rule or order" for "such a rule".

Subsec. (a)(1)(B). Pub. L. 114–182, § 19(m)(1)(B), substituted "Except as otherwise provided in this subchapter, courts" for "Courts" and "this subchapter, other than an order under section 2603, 2604(e), 2604(f), or 2605(i)(1) of this title," for "subparagraph (A) or (B) of section 2605(b)(1) of this title".

Subsec. (a)(1)(C). Pub. L. 114–182, § 14(1), added subpar. (C).

Subsec. (a)(2). Pub. L. 114–182, § 19(m)(1)(C), substituted "record" for "rulemaking record" and "based the rule or order" for "based the rule".

Subsec. (a)(3). Pub. L. 114–182, § 14(2), struck out par. (3) which defined "rulemaking record".

Subsec. (b). Pub. L. 114–182, § 19(m)(2), substituted "review a rule, or an order under section 2603, 2604(e), 2604(f), or 2605(i)(1) of this title," for "review a rule", "such rule or order" for "such rule", "the rule or order" for "the rule", "new rule or order" for "new rule" in two places, and "modified rule or order" for "modified rule".

Subsec. (c)(1)(A). Pub. L. 114–182, § 19(m)(3)(A)(i), substituted "a rule or order" for "a rule" and "such rule or order" for "such rule".

Subsec. (c)(1)(B). Pub. L. 114–182, § 19(m)(3)(A)(ii)(I), substituted "a rule or order" for "a rule" in introductory provisions.

Pub. L. 114–182, § 19(m)(3)(A)(ii)(III), struck out concluding provisions which read as follows: "The term 'evidence' as used in clause (i) means any matter in the rulemaking record."

Subsec. (c)(1)(B)(i). Pub. L. 114–182, § 19(m)(3)(A)(ii)(II), amended cl. (i) generally. Prior to amendment, cl. (i) read as follows: "in the case of review of a rule under section 2603(a), 2604(b)(4), 2605(a), or 2605(e) of this title, the standard for review prescribed by paragraph (2)(E) of such section 706 shall not apply and the court shall hold unlawful and set aside such rule if the court finds that the rule is not supported by substantial evidence in the rulemaking record (as defined in subsection (a)(3)) taken as a whole;".

Subsec. (c)(1)(B)(ii), (iii). Pub. L. 114–182, § 19(m)(3)(A)(ii)(III), added cl. (ii) and struck out former cls. (ii) and (iii) which related to review of rules under section 2605(a) of this title and statements not subject to court review, respectively.

Subsec. (c)(1)(C). Pub. L. 114–182, § 19(m)(3)(A)(iii), struck out subpar. (C) which read as follows: "A determination, rule, or ruling of the Administrator described in subparagraph (B)(ii) may be reviewed only in an action under this section and only in accordance with such subparagraph."

Subsec. (c)(2). Pub. L. 114–182, § 19(m)(3)(B), substituted "any rule or order" for "any rule".

1992—Subsec. (a)(1)(A). Pub. L. 102–550, § 1021(b)(8)(A), substituted "subchapter II or IV" for "subchapter II".

Subsec. (a)(3)(B). Pub. L. 102–550, § 1021(b)(8)(B), inserted before semicolon at end "and in the case of a rule under subchapter IV, the finding required for the issuance of such a rule".

1986—Subsec. (a)(1)(A). Pub. L. 99–519 inserted reference to subchapter II of this chapter.

### Statutory Notes and Related Subsidiaries

EFFECTIVE DATE

Section effective Jan. 1, 1977, see section 31 of Pub. L. 94–469, set out as a note under section 2601 of this title.

## § 2619. Citizens' civil actions

**(a) In general**

Except as provided in subsection (b), any person may commence a civil action—

(1) against any person (including (A) the United States, and (B) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of this chapter or any rule promulgated under section 2603, 2604, or 2605 of this title, or subchapter II or IV, or order issued under section 2603 or 2604 of this title or subchapter II or IV to restrain such violation, or

(2) against the Administrator to compel the Administrator to perform any act or duty under this chapter which is not discretionary.

Any civil action under paragraph (1) shall be brought in the United States district court for the district in which the alleged violation occurred or in which the defendant resides or in which the defendant's principal place of business is located. Any action brought under paragraph (2) shall be brought in the United States District Court for the District of Columbia, or the United States district court for the judicial district in which the plaintiff is domiciled. The district courts of the United States shall have jurisdiction over suits brought under this section, without regard to the amount in controversy or the citizenship of the parties. In any civil action under this subsection process may be served on a defendant in any judicial district in which the defendant resides or may be found and subpoenas for witnesses may be served in any judicial district.

**(b) Limitation**

No civil action may be commenced—

(1) under subsection (a)(1) to restrain a violation of this chapter or rule or order under this chapter—

(A) before the expiration of 60 days after the plaintiff has given notice of such violation (i) to the Administrator, and (ii) to the person who is alleged to have committed such violation, or

(B) if the Administrator has commenced and is diligently prosecuting a proceeding for the issuance of an order under section 2615(a)(2) of this title to require compliance with this chapter or with such rule or order or if the Attorney General has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with this chapter or with such rule or order, but if such proceeding or civil action is commenced after the giving of notice, any person giving such notice may intervene as a matter of right in such proceeding or action;

(2) under subsection (a)(2) before the expiration of 60 days after the plaintiff has given notice to the Administrator of the alleged failure of the Administrator to perform an act or duty which is the basis for such action or, in the case of an action under such subsection for the failure of the Administrator to file an action under section 2606 of this title, before the expiration of ten days after such notification, except that no prior notification shall be required in the case of a civil action brought to compel a decision by the Administrator pursuant to section 2617(f)(3)(B) of this title; or

(3) in the case of a civil action brought to compel a decision by the Administrator pursuant to section 2617(f)(3)(B) of this title, after the date that is 60 days after the deadline specified in section 2617(f)(3)(B) of this title.

Notice under this subsection shall be given in such manner as the Administrator shall prescribe by rule.

**(c) General**

(1) In any action under this section, the Administrator, if not a party, may intervene as a matter of right.

(2) The court, in issuing any final order in any action brought pursuant to subsection (a), may award costs of suit and reasonable fees for attorneys and expert witnesses if the court determines that such an award is appropriate. Any court, in issuing its decision in an action brought to review such an order, may award costs of suit and reasonable fees for attorneys if the court determines that such an award is appropriate.

(3) Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of this chapter or any rule or order under this chapter or to seek any other relief.

**(d) Consolidation**

When two or more civil actions brought under subsection (a) involving the same defendant and the same issues or violations are pending in two or more judicial districts, such pending actions, upon application of such defendants to such actions which is made to a court in which any such action is brought, may, if such court in its discretion so decides, be consolidated for trial by order (issued after giving all parties reasonable notice and opportunity to be heard) of such court and tried in—

(1) any district which is selected by such defendant and in which one of such actions is pending,

(2) a district which is agreed upon by stipulation between all the parties to such actions and in which one of such actions is pending, or

(3) a district which is selected by the court and in which one of such actions is pending.

The court issuing such an order shall give prompt notification of the order to the other courts in which the civil actions consolidated under the order are pending.

(Pub. L. 94–469, title I, §20, Oct. 11, 1976, 90 Stat. 2041; renumbered title I and amended Pub. L. 99–519, §3(b)(3), (c)(1), Oct. 22, 1986, 100 Stat. 2989; Pub. L. 102–550, title X, §1021(b)(9), Oct. 28, 1992, 106 Stat. 3923; Pub. L. 114–182, title I, §§15, 19(n), June 22, 2016, 130 Stat. 498, 509.)

**Editorial Notes**

AMENDMENTS

Subsec. (a)(1). Pub. L. 114–182, §19(n), substituted ''order issued under section 2603 or 2604 of this title'' for ''order issued under section 2604 of this title''.

Subsec. (b)(2), (3). Pub. L. 114–182, §15, substituted '', except that no prior notification shall be required in the case of a civil action brought to compel a decision by the Administrator pursuant to section 2617(f)(3)(B) of this title; or'' for period at end of par. (2) and added par. (3).

1992—Subsec. (a)(1). Pub. L. 102–550 substituted ''subchapter II or IV'' for ''subchapter II'' in two places.

1986—Subsec. (a)(1). Pub. L. 99–519 inserted references to subchapter II of this chapter.

**Statutory Notes and Related Subsidiaries**

EFFECTIVE DATE

Section effective Jan. 1, 1977, see section 31 of Pub. L. 94–469, set out as a note under section 2601 of this title.

## § 2620. Citizens' petitions

**(a) In general**

Any person may petition the Administrator to initiate a proceeding for the issuance, amendment, or repeal of a rule under section 2603, 2605, or 2607 of this title or an order under section 2603 or 2604(e) or (f) of this title.

**(b) Procedures**

(1) Such petition shall be filed in the principal office of the Administrator and shall set forth the facts which it is claimed establish that it is necessary to issue, amend, or repeal a rule under section 2603, 2605, or 2607 of this title or an order under section 2603 or 2604(e) or (f) of this title.

(2) The Administrator may hold a public hearing or may conduct such investigation or proceeding as the Administrator deems appropriate in order to determine whether or not such petition should be granted.

(3) Within 90 days after filing of a petition described in paragraph (1), the Administrator shall

This content is from the eCFR and is authoritative but unofficial.

## Title 40 —Protection of Environment
## Chapter I —Environmental Protection Agency
## Subchapter R —Toxic Substances Control Act
## Part 702 —General Practices and Procedures

**Authority:** 15 U.S.C. 2605 and 2619.

**Source:** 47 FR 2773, Jan. 19, 1982, unless otherwise noted.

**Subpart C** Citizen Suit
**§ 702.60** Purpose.
**§ 702.61** Service of notice.
**§ 702.62** Contents of notice.

## Subpart C—Citizen Suit

### § 702.60 Purpose.

Section 20 of the Toxic Substances Control Act (TSCA) authorizes any person to begin a civil action to compel performance by the Environmental Protection Agency (EPA) of TSCA non-discretionary acts or duties (section 20(a)(2)) or to restrain any violation of TSCA, or of any rule promulgated under sections 4, 5, or 6, or of any order issued under section 5 of TSCA (section 20(a)(1)). The purpose of this regulation is to prescribe procedures governing the giving of a notice of intent to file suit required by section 20(b) of TSCA as a prerequisite to beginning such civil actions.

### § 702.61 Service of notice.

(a) ***Notice as a prerequisite to suit.*** Under section 20 of TSCA, no civil action may be commenced by a citizen to restrain a violation of TSCA, or a rule or order thereunder, unless at least 60 days in advance the citizen has given notice of the intent to file suit to the Administrator and to the person who is alleged to have committed the violation. No civil action may be commenced by a citizen to compel the Administrator to perform any non-discretionary act or duty under TSCA, unless at least 60 days in advance the citizen has given notice of the intent to file suit to the Administrator. However, in the case of an alleged failure by the Administrator to file an action under section 7 of TSCA, the citizen must give notice to the Administrator only 10 days in advance of filing the civil action.

(b) ***Method of service.*** Notice of intent to file suit can be either personally served or served by certified mail—return receipt requested—to persons identified in paragraph (d) of this section.

(c) ***Date of service.*** The effective date of service of a notice given in accordance with this rule shall be the date of the return receipt, if served by mail, or the date of receipt if personally served.

(d) ***Persons to be served*** —

(1) ***Violations of TSCA rules or TSCA order.***

(i) If the alleged violator is a private individual or a corporation, notice of intent to file suit shall be served on the individual or the owner or managing agent of the plant, facility, or activity alleged to be in violation. If the alleged violator is a corporation, a copy of the notice shall also be sent to the registered agent, if any, of such corporation in the State in which such violation is alleged to have occurred. Notice shall also be served on the Administrator of the EPA.

(ii) If the alleged violator is a State or local government entity, notice of intent to file suit shall be served on the head of the agency. Notice shall also be served on the Administrator of the EPA, and a copy shall be sent to the Attorney General of the United States.

(iii) If the alleged violator is a Federal agency, notice of intent to file suit shall be served on the head of the agency. Notice shall also be served on the Administrator of the EPA, and a copy shall be sent to the Attorney General of the United States.

(2) *Performance of non-discretionary TSCA acts or duties.* Notice of intent to file suit shall be served on the Administrator of the EPA and a copy shall be sent to the Attorney General of the United States.

(3) *Address of persons to be served.*

(i) EPA Administrator: 1200 Pennsylvania Ave., NW., Washington, DC 20460.

(ii) Attorney General of the United States: 10th and Constitution Avenue, NW., Washington, DC 20530.

## § 702.62 Contents of notice.

(a) *Violation of TSCA rule or TSCA order.* Notice of intent to file suit regarding an alleged violation of TSCA or any rule promulgated under sections 4, 5, or 6, or an order issued under section 5, shall include sufficient information to permit the recipient to identify:

(1) The specific provision of TSCA or of the rule or order under TSCA alleged to have been violated.

(2) The activity alleged to constitute a violation.

(3) The person or persons responsible for the alleged violation.

(4) The location of the alleged violation.

(5) The date or dates of the alleged violation as closely as the citizen is able to specify them.

(6) The full name, address, and telephone number of the citizen giving notice.

(b) *Failure to act.* Notice regarding an alleged failure of the Administrator to perform any act or duty which is not discretionary shall:

(1) Identify the specific provision of TSCA which requires an act or creates a duty.

(2) Describe with reasonable specificity the action taken or not taken by the Administrator which is alleged to constitute a failure to perform the act or duty.

(3) State the full name, address, and telephone number of the citizen giving the notice.

(c) *Identification of Counsel.* The notice shall state the name, address, and telephone number of the Legal Counsel, if any, representing the citizen giving the notice.

case of a second or subsequent conviction, shall be fined not more than $50,000 or imprisoned for not more than five years, or both).

**(c) Civil and administrative penalties for reporting requirements**

(1) Any person (other than a governmental entity) who violates any requirement of section 11022 or 11023 of this title shall be liable to the United States for a civil penalty in an amount not to exceed $25,000 for each such violation.

(2) Any person (other than a governmental entity) who violates any requirement of section 11021 or 11043(b) of this title, and any person who fails to furnish to the Administrator information required under section 11042(a)(2) of this title shall be liable to the United States for a civil penalty in an amount not to exceed $10,000 for each such violation.

(3) Each day a violation described in paragraph (1) or (2) continues shall, for purposes of this subsection, constitute a separate violation.

(4) The Administrator may assess any civil penalty for which a person is liable under this subsection by administrative order or may bring an action to assess and collect the penalty in the United States district court for the district in which the person from whom the penalty is sought resides or in which such person's principal place of business is located.

**(d) Civil, administrative, and criminal penalties with respect to trade secrets**

**(1) Civil and administrative penalty for frivolous claims**

If the Administrator determines—

(A)(i) under section 11042(d)(4) of this title that an explanation submitted by a trade secret claimant presents insufficient assertions to support a finding that a specific chemical identity is a trade secret, or (ii) after receiving supplemental supporting detailed information under section 11042(d)(3)(A) of this title, that the specific chemical identity is not a trade secret; and

(B) that the trade secret claim is frivolous,

the trade secret claimant is liable for a penalty of $25,000 per claim. The Administrator may assess the penalty by administrative order or may bring an action in the appropriate district court of the United States to assess and collect the penalty.

**(2) Criminal penalty for disclosure of trade secret information**

Any person who knowingly and willfully divulges or discloses any information entitled to protection under section 11042 of this title shall, upon conviction, be subject to a fine of not more than $20,000 or to imprisonment not to exceed one year, or both.

**(e) Special enforcement provisions for section 11043**

Whenever any facility owner or operator required to provide information under section 11043 of this title to a health professional who has requested such information fails or refuses to provide such information in accordance with such section, such health professional may bring an action in the appropriate United States district court to require such facility owner or operator to provide the information. Such court shall have jurisdiction to issue such orders and take such other action as may be necessary to enforce the requirements of section 11043 of this title.

**(f) Procedures for administrative penalties**

(1) Any person against whom a civil penalty is assessed under this section may obtain review thereof in the appropriate district court of the United States by filing a notice of appeal in such court within 30 days after the date of such order and by simultaneously sending a copy of such notice by certified mail to the Administrator. The Administrator shall promptly file in such court a certified copy of the record upon which such violation was found or such penalty imposed. If any person fails to pay an assessment of a civil penalty after it has become a final and unappealable order or after the appropriate court has entered final judgment in favor of the United States, the Administrator may request the Attorney General of the United States to institute a civil action in an appropriate district court of the United States to collect the penalty, and such court shall have jurisdiction to hear and decide any such action. In hearing such action, the court shall have authority to review the violation and the assessment of the civil penalty on the record.

(2) The Administrator may issue subpoenas for the attendance and testimony of witnesses and the production of relevant papers, books, or documents in connection with hearings under this section. In case of contumacy or refusal to obey a subpoena issued pursuant to this paragraph and served upon any person, the district court of the United States for any district in which such person is found, resides, or transacts business, upon application by the United States and after notice to such person, shall have jurisdiction to issue an order requiring such person to appear and give testimony before the administrative law judge or to appear and produce documents before the administrative law judge, or both, and any failure to obey such order of the court may be punished by such court as a contempt thereof.

(Pub. L. 99–499, title III, § 325, Oct. 17, 1986, 100 Stat. 1753.)

### § 11046. Civil actions

**(a) Authority to bring civil actions**

**(1) Citizen suits**

Except as provided in subsection (e), any person may commence a civil action on his own behalf against the following:

(A) An owner or operator of a facility for failure to do any of the following:

(i) Submit a followup emergency notice under section 11004(c) of this title.

(ii) Submit a material safety data sheet or a list under section 11021(a) of this title.

(iii) Complete and submit an inventory form under section 11022(a) of this title containing tier I information as described in section 11022(d)(1) of this title unless such requirement does not apply by reason of the second sentence of section 11022(a)(2) of this title.

(iv) Complete and submit a toxic chemical release form under section 11023(a) of this title.

(B) The Administrator for failure to do any of the following:

(i) Publish inventory forms under section 11022(g) of this title.

(ii) Respond to a petition to add or delete a chemical under section 11023(e)(1) of this title within 180 days after receipt of the petition.

(iii) Publish a toxic chemical release form under 11023(g)[1] of this title.

(iv) Establish a computer database in accordance with section 11023(j) of this title.

(v) Promulgate trade secret regulations under section 11042(c) of this title.

(vi) Render a decision in response to a petition under section 11042(d) of this title within 9 months after receipt of the petition.

(C) The Administrator, a State Governor, or a State emergency response commission, for failure to provide a mechanism for public availability of information in accordance with section 11044(a) of this title.

(D) A State Governor or a State emergency response commission for failure to respond to a request for tier II information under section 11022(e)(3) of this title within 120 days after the date of receipt of the request.

**(2) State or local suits**

(A) Any State or local government may commence a civil action against an owner or operator of a facility for failure to do any of the following:

(i) Provide notification to the emergency response commission in the State under section 11002(c) of this title.

(ii) Submit a material safety data sheet or a list under section 11021(a) of this title.

(iii) Make available information requested under section 11021(c) of this title.

(iv) Complete and submit an inventory form under section 11022(a) of this title containing tier I information unless such requirement does not apply by reason of the second sentence of section 11022(a)(2) of this title.

(B) Any State emergency response commission or local emergency planning committee may commence a civil action against an owner or operator of a facility for failure to provide information under section 11003(d) of this title or for failure to submit tier II information under section 11022(e)(1) of this title.

(C) Any State may commence a civil action against the Administrator for failure to provide information to the State under section 11042(g) of this title.

**(b) Venue**

(1) Any action under subsection (a) against an owner or operator of a facility shall be brought in the district court for the district in which the alleged violation occurred.

(2) Any action under subsection (a) against the Administrator may be brought in the United States District Court for the District of Columbia.

**(c) Relief**

The district court shall have jurisdiction in actions brought under subsection (a) against an owner or operator of a facility to enforce the requirement concerned and to impose any civil penalty provided for violation of that requirement. The district court shall have jurisdiction in actions brought under subsection (a) against the Administrator to order the Administrator to perform the act or duty concerned.

**(d) Notice**

(1) No action may be commenced under subsection (a)(1)(A) prior to 60 days after the plaintiff has given notice of the alleged violation to the Administrator, the State in which the alleged violation occurs, and the alleged violator. Notice under this paragraph shall be given in such manner as the Administrator shall prescribe by regulation.

(2) No action may be commenced under subsection (a)(1)(B) or (a)(1)(C) prior to 60 days after the date on which the plaintiff gives notice to the Administrator, State Governor, or State emergency response commission (as the case may be) that the plaintiff will commence the action. Notice under this paragraph shall be given in such manner as the Administrator shall prescribe by regulation.

**(e) Limitation**

No action may be commenced under subsection (a) against an owner or operator of a facility if the Administrator has commenced and is diligently pursuing an administrative order or civil action to enforce the requirement concerned or to impose a civil penalty under this Act with respect to the violation of the requirement.

**(f) Costs**

The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or the substantially prevailing party whenever the court determines such an award is appropriate. The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond or equivalent security in accordance with the Federal Rules of Civil Procedure.

**(g) Other rights**

Nothing in this section shall restrict or expand any right which any person (or class of persons) may have under any Federal or State statute or common law to seek enforcement of any requirement or to seek any other relief (including relief against the Administrator or a State agency).

**(h) Intervention**

**(1) By the United States**

In any action under this section the United States or the State, or both, if not a party, may intervene as a matter of right.

[1] So in original. Probably should be preceded by "section".

**(2) By persons**

In any action under this section, any person may intervene as a matter of right when such person has a direct interest which is or may be adversely affected by the action and the disposition of the action may, as a practical matter, impair or impede the person's ability to protect that interest unless the Administrator or the State shows that the person's interest is adequately represented by existing parties in the action.

(Pub. L. 99–499, title III, § 326, Oct. 17, 1986, 100 Stat. 1755.)

**Editorial Notes**

REFERENCES IN TEXT

This Act, referred to in subsec. (e), is Pub. L. 99–499, Oct. 17, 1986, 100 Stat. 1613, known as the Superfund Amendments and Reauthorization Act of 1986. For complete classification of this Act to the Code, see Short Title of 1986 Amendment note set out under section 9601 of this title and Tables.

The Federal Rules of Civil Procedure, referred to in subsec. (f), are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

### § 11047. Exemption

Except as provided in section 11004 of this title, this chapter does not apply to the transportation, including the storage incident to such transportation, of any substance or chemical subject to the requirements of this chapter, including the transportation and distribution of natural gas.

(Pub. L. 99–499, title III, § 327, Oct. 17, 1986, 100 Stat. 1757.)

### § 11048. Regulations

The Administrator may prescribe such regulations as may be necessary to carry out this chapter.

(Pub. L. 99–499, title III, § 328, Oct. 17, 1986, 100 Stat. 1757.)

### § 11049. Definitions

For purposes of this chapter—

**(1) Administrator**

The term ''Administrator'' means the Administrator of the Environmental Protection Agency.

**(2) Environment**

The term ''environment'' includes water, air, and land and the interrelationship which exists among and between water, air, and land and all living things.

**(3) Extremely hazardous substance**

The term ''extremely hazardous substance'' means a substance on the list described in section 11002(a)(2) of this title.

**(4) Facility**

The term ''facility'' means all buildings, equipment, structures, and other stationary items which are located on a single site or on contiguous or adjacent sites and which are owned or operated by the same person (or by any person which controls, is controlled by, or under common control with, such person). For purposes of section 11004 of this title, the term includes motor vehicles, rolling stock, and aircraft.

**(5) Hazardous chemical**

The term ''hazardous chemical'' has the meaning given such term by section 11021(e) of this title.

**(6) Material safety data sheet**

The term ''material safety data sheet'' means the sheet required to be developed under section 1910.1200(g) of title 29 of the Code of Federal Regulations, as that section may be amended from time to time.

**(7) Person**

The term ''person'' means any individual, trust, firm, joint stock company, corporation (including a government corporation), partnership, association, State, municipality, commission, political subdivision of a State, or interstate body.

**(8) Release**

The term ''release'' means any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles) of any hazardous chemical, extremely hazardous substance, or toxic chemical.

**(9) State**

The term ''State'' means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the United States Virgin Islands, the Northern Mariana Islands, and any other territory or possession over which the United States has jurisdiction.

**(10) Toxic chemical**

The term ''toxic chemical'' means a substance on the list described in section 11023(c) of this title.

(Pub. L. 99–499, title III, § 329, Oct. 17, 1986, 100 Stat. 1757.)

### § 11050. Authorization of appropriations

There are authorized to be appropriated for fiscal years beginning after September 30, 1986, such sums as may be necessary to carry out this chapter.

(Pub. L. 99–499, title III, § 330, Oct. 17, 1986, 100 Stat. 1758.)

## CHAPTER 117—ENCOURAGING GOOD FAITH PROFESSIONAL REVIEW ACTIVITIES

Sec.
11101. Findings.

SUBCHAPTER I—PROMOTION OF PROFESSIONAL REVIEW ACTIVITIES

11111. Professional review.
11112. Standards for professional review actions.
11113. Payment of reasonable attorneys' fees and costs in defense of suit.
11114. Guidelines of Secretary.