WILLIAM F. TARANTINO [SBN 215343]
WTarantino@mofo.com
ALBERTO J. CORONA [SBN 339906]
ACorona@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JULIE Y. PARK [SBN 259929]
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Defendants APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, JENAB FAMILY TRUST, JULIA LINDSEY, as Trustee of the Lindsey Julia Family Trust and Lindsey Property Trust, and KATHLEEN WOODRUFF, as Trustee of the Woodruff Kathleen Trust

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., ET AL.,<br><br>Defendant. | Case No. 5:25-cv-07360-PCP<br><br>**APPLE INC.'S AND LANDLORD DEFENDANTS' RESPONSE TO PLAINTIFF'S SERVICE CHART**<br><br>Action Filed: September 2, 2025<br>Trial Date: TBD |

Defendants Apple Inc. ("Apple"), Kalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, Jenab Family Trust, Julia Lindsey, and Kathleen Woodruff (collectively, "Landlord Defendants," and together with Apple, "Defendants") submit this response to Plaintiff's service chart (Dkt. No. 155) in support of their Motion to Dismiss the Third Amended Complaint (Dkt. No. 128). Defendants have reproduced Plaintiff's chart verbatim and added a column with Defendants' responses.

Plaintiffs' own service chart shows that nearly every federal citizen-suit claim she asserts under RCRA, CAA, CWA, EPCRA, and TSCA fail for lack of the required pre-suit notice. Plaintiff admits she mailed notice to the State agencies and the Governor only after she filed suit. She also admits that the pre-suit sixty-day periods for the trustee defendants expired after she filed the Third Amended Complaint, and that the EPA Administrator's sixty day pre-suit period expired after this action commenced. Those admissions are dispositive, as material compliance with notice requirements is not enough: the Ninth Circuit requires strict compliance with citizen-suit notice provisions, and courts may not excuse noncompliance on equitable or practical grounds. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 26-27, 31 (1989); *see also Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1153 (9th Cir. 2024). Plaintiff therefore cannot rely on her prior informal complaints to EPA, informal emails, Defendants' general awareness of a dispute, or a blanket reservation of unnamed claims as substitutes for formal notice to each recipient. Nor can she fix these defects after the fact through later service, the passage of time, service of the complaint, or filing of a new amended pleading. *Nilson v. City of San Jose*, No. C 07-03686 JW, 2008 WL 11387038, at *4 (N.D. Cal. July 24, 2008).

The statutory exceptions she invokes impact only the duration of the period, not the requirement of prior notice itself. *Covington v. Jefferson Cnty.*, 358 F.3d 626, 637 (9th Cir. 2004), does not hold otherwise. Plaintiff cannot use the few claims that can be filed immediately post-notice to avoid the specific notice requirements applicable to her remaining claims. Finally, the applicable regulations do not permit constructive service, as Plaintiff claims. Actual service on the specified recipient is required. *See, e.g.*, 40 C.F.R. § 254.2. Because these defects cannot be cured, the Court should dismiss each affected claim without leave to amend.

Dated: November 19, 2026

MORRISON & FOERSTER LLP

By: */s/ William F. Tarantino*
William F. Tarantino

*Attorneys for Defendants*
APPLE INC., KALIL JENAB, JENAB FAMILY LP, JENAB FAMILY VENTURES LLC, JENAB FAMILY TRUST, JULIA LINDSEY, as Trustee of the Lindsey Julia Family Trust and Lindsey Property Trust, and KATHLEEN WOODRUFF, as Trustee of the Woodruff Kathleen Trust