## TABLE 1: NOTICE REQUIREMENTS BY STATUTE

| Statute | Who must receive notice; manner of service | Exceptions | Apple/Landlord Response |
|---|---|---|---|
| **RCRA**,<br><br>42 U.S.C. § 6972(b);<br><br>40 C.F.R. §§ 254.2–.3 | **Statute:** (a)(1)(A): Administrator, "the State in which the alleged violation occurs," and the alleged violator. (a)(1)(B): Administrator, "the State in which the alleged endangerment may occur," and "any person alleged to have contributed or to be contributing."<br>**Rule:** registered mail, return receipt requested, or personal service, on the owner or site manager of the facility; a corporation's registered agent gets a mailed copy; a State or local agency is served on "the head of that agency." Copies are mailed (method not specified) to the EPA Administrator, the Regional Administrator and the chief administrative officer of the State solid waste management agency (California: CalRecycle, Pub. Res. Code §§ 40401, 40508). Served on the date of receipt (for mail, the date on the return receipt card).<br>**Waiting period**: none (Subchapter III violations and hybrid suits); 60 days (Non-Subchapter III violations); 90 days (endangerment). | Suit "may be brought immediately after such notification" for Subchapter III violations (§ 6972(b)(1)(A), (b)(2)(A))<br><br>Hybrid suit: related non-Subchapter III claims are not subject to the 60- or 90-day requirement (*Covington v. Jefferson County*, 358 F.3d at 637 & nn.11–12).<br><br>The filed (a)(1)(B) complaint is served on the Attorney General and the Administrator (§ 6972(b)(2)(F)). | **The Subchapter III exception does not authorize suit <u>without</u> prior notice.** Sections 6972(b)(1)(A) and (b)(2)(A) permit immediate suit only "after such notification." Required recipients, service, and notice content remain material. *See* 40 C.F.R. §§ 254.2–.3. Notice to the alleged violators does not dispense with notice to EPA and the State.<br><br>***Covington*** **is limited, not a blanket exemption.** It adopted a rule excusing the waiting periods for non-Subchapter III RCRA claims related in time or location to a Subchapter III claim. *Covington v. Jefferson County*, 358 F.3d 626, 637 & nn.11-12 (9th Cir. 2004). Although its concluding language refers broadly to "any notice provision," the court described the exception as eliminating the "post-notice waiting period"; the |

| Statute | Who must receive notice; manner of service | Exceptions | Apple/Landlord Response |
|---|---|---|---|
| | | | plaintiffs there had actually given the required parties more than sixty days' notice. *Id.* at 634, 636-37. That decision does not eliminate notification altogether or excuse notice under other statutes.<br><br>**A facially inadequate claim should not unlock the exception.** Defendants contend that Plaintiff must identify a legally cognizable Subchapter III violation and the requisite relationship to the remaining RCRA claims. *Covington* itself distinguished *Ascon*, where the alleged hazardous-waste disposal could not constitute a Subchapter III violation. *Id.* at 637. Merely invoking hazardous waste or citing Subchapter III should not suffice. Otherwise, a plaintiff could use Subchapter III as an end run around Congress's sixty- and ninety-day waiting periods. That would deprive regulators of their opportunity to act and defendants of their |

| Statute | Who must receive notice; manner of service | Exceptions | Apple/Landlord Response |
|---|---|---|---|
| | | | opportunity to cure. The Court should reject that extension of *Covington* and require compliance for claims lacking a cognizable Subchapter III predicate. |
| **CAA**,<br><br>42 U.S.C. § 7604(b);<br><br>40 C.F.R. §§ 54.2–.3 | **Statute:** (a)(1) suits: Administrator, "the State in which the violation occurs," and the alleged violator.<br>**Rule:** certified mail to the Administrator, Washington, DC 20460 (copy mailed to the Regional Administrator for emission-standard violations); certified mail to an authorized representative of the State air pollution control agency (California: CARB, Health & Safety Code § 39602), with a copy mailed to the Governor; certified mail or personal service on the owner or managing agent of the facility, with a copy to a corporation's registered agent, if any. Deemed given on the postmark date (mail) or date of receipt (personal service).<br>**Waiting period**: none (violations of § 7412(i)(3)(A) or (f)(4) or § 7604(a)(3) or a § 7413(a) order); 60 days (all other claims). | Suit may be brought immediately after notification for violations of § 7412(i)(3)(A) or (f)(4) or a § 7413(a) order.<br><br>No prescribed service requirements for § 7604(a)(3) claims. By its terms, § 7604(b) does not address § 7604(a)(3) actions. | Defendants do not dispute the notice requirements under the Clean Air Act. |
| **CWA**,<br><br>33 U.S.C. § 1365(b);<br><br>40 C.F.R. §§ 135.2–.3 | **Statute:** Administrator, "the State in which the alleged violation occurs," and the alleged violator.<br>**Rule:** certified mail or personal service on the owner or managing agent of the facility, with a copy mailed to a corporation's registered agent; a State or local agency is served on "the head of such agency." Copies are mailed to the | Suit may be brought immediately after notification for violations of §§ 1316 and 1317(a).<br><br>The filed complaint is served on the Attorney General and | Defendants do not dispute the notice requirements under the Clean Water Act. |

| Statute | Who must receive notice; manner of service | Exceptions | Apple/Landlord Response |
|---|---|---|---|
| | Administrator, the Regional Administrator and the chief administrative officer of the State water pollution control agency (California: State Water Resources Control Board, Water Code § 13160). Deemed served on the postmark date (mail) or date of receipt (personal service).<br>**Waiting period**: none (violations of §§ 1316 and 1317(a)); 60 days (all others). | the Administrator (§ 1365(c)(3)). | |
| **EPCRA**,<br><br>42 U.S.C. § 11046(d)–(e) | (a)(1)(A) suits: the Administrator, "the State in which the alleged violation occurs," and the alleged violator. (a)(1)(B) and (C) suits: "the Administrator, State Governor, or State emergency response commission (as the case may be)." (a)(1)(D) suits: no notice provision. EPA has issued no service regulation for EPCRA (40 C.F.R. part 374 implements CERCLA § 310).<br>**Waiting period**: none, or 60 days. | n/a. | **Pre-suit notice is required despite the absence of an EPA service regulation. Informal notice of unspecified claims is inadequate.**<br><br>For claims governed by § 11046(d)(1), Plaintiff must give the Administrator, the State, and each alleged violator adequate notice of the particular alleged violation and allow sixty days before commencing suit. Actual awareness of a dispute or a generic warning of additional claims does not establish compliance. The notice must permit meaningful agency intervention and an opportunity to cure; otherwise the statutory prerequisite is defeated. *Atl. States Legal* |

| Statute | Who must receive notice; manner of service | Exceptions | Apple/Landlord Response |
|---|---|---|---|
| | | | *Found., Inc. v. United Musical Instruments, U.S.A., Inc.*, 61 F.3d 473, 476, 478 (6th Cir. 1995)<br><br>In *Atlantic States*, the court held that EPCRA's notice provision is "substantively identical" in structure to RCRA's and applied *Hallstrom*'s rule that sufficient notice is a mandatory prerequisite to suit. 61 F.3d at 478. It affirmed dismissal of a claim omitted from the notice despite a general reservation of claims for violations not yet known. *Id.* |
| **TSCA,**<br><br>15 U.S.C. § 2619(b);<br><br>40 C.F.R. §§ 702.60–.62 | Administrator and the alleged violator; no State notice.<br>**Rule:** personal service or certified mail, return receipt requested, on the individual or the owner or managing agent of the facility, with a copy also to a corporation's registered agent; a State or local government entity is served on the head of the agency and the Administrator, with a copy to the U.S. Attorney General. Served on the date of the return receipt (mail) or date of receipt (personal service).<br>**Waiting period**: 60 days | n/a | Defendants do not dispute the notice requirements of the Toxic Substances Control Act. |

**TABLE 2: NOTICE STATUS BY CLAIM**

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| **RESOURCE CONSERVATION AND RECOVERY ACT (RCRA), 42 U.S.C. § 6972** | | | |
| **Count**: 1<br><br>**Imminent and substantial endangerment,** RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), including Subchapter III hazardous-waste violations (¶¶ 249–277)<br><br>**Defendants**: Apple, City, Owners | 42 U.S.C. § 6972(b)(2)(A); 40 C.F.R. § 254.2. 90 days to Administrator, the State in which the endangerment may occur, and any person alleged to have contributed.<br><br>*Exception*: suit "may be brought immediately after such notification" for Subchapter III violations. Filed complaint also served on the Attorney General and Administrator (§ 6972(b)(2)(F)). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25.<br>**Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25. **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC** | Count 1 fails as a matter of law because Plaintiff admits she did not notify the State by mail before filing suit, as 42 U.S.C. § 6972(b)(2)(A) and 40 C.F.R. § 254.2 require. The Subchapter III/hybrid-suit exception does not eliminate prior notification; immediate suit is permitted only "after such notification." Strict compliance is required in the Ninth Circuit, and the Court cannot excuse noncompliance. *See Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 26-27, 31 (1989); *Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1153 (9th Cir. 2024). Later service or amendment cannot cure the defect in this action. *Nilson v. City of San Jose*, No. C 07-03686 JW, 2008 WL 11387038, at *4 (N.D. Cal. July 24, 2008). Count 1 should therefore be |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (hybrid RCRA suit). "[N]either the sixty-day nor ninety-day notice requirements under RCRA are applicable to non-subchapter III claims in a hybrid suit so long as [they] are related in time or location . . . to any subchapter III claim," and the "entire hybrid claim . . . is not subject to any notice provision." *Covington v. Jefferson County,* 358 F.3d 626, 637 & nn.11–12 (9th Cir. 2004).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice due to notice requirements – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | dismissed without leave to amend because Plaintiff cannot cure this notice defect. |
| **Count**: 4<br><br>**Hazardous-waste management requirements,** 42 U.S.C. §§ 6922, 6928; 40 C.F.R. pts. 260–265 (¶¶ 314–318) | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception*: suit "may be brought immediately after such notification" | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil | Count 4 fails as a matter of law because Plaintiff did not notify the State by mail before filing suit, as 42 U.S.C. § 6972(b)(1)(A) and 40 C.F.R. § 254.2 require. Even a Subchapter III claim may proceed immediately only "after such notification," not without notification. Strict compliance is required in the |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| **Defendants**: Apple, Owners | for Subchapter III violations. | Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period: service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | Ninth Circuit, and the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Post-filing service and amendment cannot cure that defect. *Nilson*, 2008 WL 11387038, at *4. Count 4 should therefore be dismissed without leave to amend because Plaintiff cannot cure this notice defect. |
| **Count**: 5<br><br>**Hazardous-waste recordkeeping**, 42 | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by | Count 5 fails as a matter of law because Plaintiff did not notify the State by mail before filing suit, as 42 U.S.C. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| U.S.C. § 6923 (¶¶ 319–323)<br><br>**Defendants**:<br>Apple, City, Owners | Administrator, State, violator.<br><br>*Exception***:** suit "may be brought immediately after such notification" for Subchapter III violations. | counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP and served directly via Certified mail on 8/25/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the | § 6972(b)(1)(A) and 40 C.F.R. § 254.2 require. The Subchapter III exception permits immediate suit only "after such notification"; it does not excuse notification. Strict compliance is required in the Ninth Circuit, and the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service or amendment cannot cure the defect. *Nilson*, 2008 WL 11387038, at *4. Count 5 should therefore be dismissed without leave to amend because Plaintiff cannot cure this notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 6<br><br>Operating without required permits; violating permit terms, 42 U.S.C. § 6925 (¶¶ 324–328)<br><br>**Defendants**: Apple, Owners | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception***:** suit "may be brought immediately after such notification" for Subchapter III violations. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period: service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery** | Count 6 fails as a matter of law because Plaintiff did not notify the State by mail before filing suit, as 42 U.S.C. § 6972(b)(1)(A) and 40 C.F.R. § 254.2 require. The Subchapter III exception permits immediate suit only "after such notification"; it does not excuse notification. Strict compliance is required in the Ninth Circuit, and the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service or amendment cannot cure the defect. *Nilson*, 2008 WL 11387038, at *4. Count 6 should therefore be dismissed without leave to |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period.** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | amend because Plaintiff cannot cure this notice defect. |
| **Count**: 7<br><br>Unlawful transport of hazardous waste, 42 U.S.C. § 6923 (¶¶ 329–331)<br><br>**Defendants**: Apple | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception***:** suit "may be brought immediately after such notification" for Subchapter III violations. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected** | Count 7 fails as a matter of law because Plaintiff did not notify the State by mail before filing suit, as 42 U.S.C. § 6972(b)(1)(A) and 40 C.F.R. § 254.2 require. The Subchapter III exception permits immediate suit only "after such notification"; it does not excuse notification. Strict compliance is required in the Ninth Circuit, and the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | *Cascadia*, 105 F.4th at 1153. Later service or amendment cannot cure the defect. *Nilson*, 2008 WL 11387038, at *4. Count 7 should therefore be dismissed without leave to amend because Plaintiff cannot cure this notice defect. |
| **Count**: 8<br><br>Hazardous-waste treatment standards, 42 U.S.C. §§ 6924, 6928 (¶¶ 332–344)<br><br>**Defendants**: Apple, City, Owners (City named in heading) | 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. § 254.2. 60 days to Administrator, State, violator.<br><br>*Exception***:** suit "may be brought immediately after such notification" for Subchapter III violations. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period;** | Count 8 fails as a matter of law because Plaintiff did not notify the State by mail before filing suit, as 42 U.S.C. § 6972(b)(1)(A) and 40 C.F.R. § 254.2 require. The Subchapter III exception permits immediate suit only "after such notification"; it does not excuse notification. Strict compliance is required in the Ninth Circuit, and the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service or amendment |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, DTSC; Dkt 3-1 at 83-84); **DTSC Certified mail delivery completed on 10/21/26. CalRecycle and DTSC registered mail sent 11/10/26 with delivery expected by 11/13/26. There is no waiting period so service and notice should be complete by 11/13/26.**<br><br>**No waiting period** (Subchapter III, § 6972(b)(1)(A); *Covington*, 358 F.3d at 637). Notice to EPA and the violators preceded suit; trustees noticed before the TAC.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | cannot cure the defect. *Nilson*, 2008 WL 11387038, at *4. Count 8 should therefore be dismissed without leave to amend because Plaintiff cannot cure this notice defect. |
| **CLEAN AIR ACT (CAA), 42 U.S.C. § 7604** | | | |
| **Count**: 2<br><br>Hazardous air pollutant (MACT/NESHAP) | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.** | This portion of Count 2 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit, as 42 U.S.C. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| standards, 42 U.S.C. § 7412 (¶ 287)<br><br>**Defendants**: Apple, City, Owners | State (copy to Governor), violator.<br><br>*Exception***:** suit may be brought immediately after notice for violations of § 7412(i)(3)(A) or (f)(4). | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). There is no waiting period, so service is complete for the second lawsuit, if needed.**<br><br>**No waiting period** (§ 7412(i)(3)(A)). Notice to EPA and the violators preceded suit (trustees: before the TAC). If the Court dismisses for the form of the 2025 | § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. State and Governor notice was not sent until October 2026. Even if the § 7412 exception applies, it excuses only the waiting period, not prior notification. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. This portion of Count 2 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | State copy (i.e., email), the claim may be refiled now as the Certified copies were received and there is no waiting period.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 2<br><br>Accidental-release general duty, 42 U.S.C. § 7412(r)(1); SIP, § 7410; performance standards, § 7411 (¶¶ 278–297)<br><br>**Defendants**:<br>Apple, City, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator. Deemed given on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.** | These Count 2 claims fail as a matter of law because Plaintiff did not notify the State and the Governor before filing suit and did not give the trustee defendants sixty days' notice before suing them, as 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Subsequent service, elapsed time, or amendment cannot cure the defect in this action. *Nilson*, 2008 WL 11387038, at *4. These Count 2 claims should therefore be dismissed |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **EPA**: Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked 6/30/25 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, City: did not raise notice (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 9<br><br>Operating a source without Title V operating permits, 42 U.S.C. §§ 7661(1)–(2), | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. | This portion of Count 9 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit and did not give the trustee defendants sixty days' notice before suing them, as |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| 7661a(a) (¶¶ 345–357)<br><br>**Defendants**: Apple, Owners | violator. Deemed given on postmark date. | K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked 6/30/25 and received on 7/3/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. | 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Subsequent service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. This portion of Count 9 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 9<br><br>Failing to comply with an applicable NESHAP, 42 U.S.C. § 7412 (¶¶ 345–357)<br><br>**Defendants**:<br>Apple, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>*Exception***:** suit may be brought immediately after notice for violations of § 7412(i)(3)(A) or (f)(4). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). There is no** | This portion of Count 9 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit, as 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Even if the § 7412 exception applies, it does not eliminate prior notification. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. This portion of Count 9 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
| --- | --- | --- | --- |
| | | **waiting period, so service is complete for the second lawsuit, if needed.**<br><br>**No waiting period** (§ 7412(i)(3)(A)). Notice to EPA and the violators preceded suit (trustees: before the TAC).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 10<br><br>Constructing or modifying without a preconstruction permit, 42 U.S.C. § 7604(a)(3) (¶¶ 364–365); nonattainment new source review, § 7502 (¶¶ 366–367)<br><br>**Defendants**:<br>Apple, Owners | By its terms, 42 U.S.C. § 7604(b) applies to actions "under subsection (a)(1)" and "(a)(2)"; it contains no notice provision for § 7604(a)(3) actions. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No notice requirement; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No notice requirement so** | Count 10's preconstruction-permit theory is exempt from notice, but that exemption does not excuse Plaintiff's failure to give the specific pre-suit notice that 42 U.S.C. § 7604(b) requires for each of her other Clean Air Act claims. While no notice is required for allegations related to constructing or modifying without a preconstruction permit, Plaintiff cannot rely on exempt claims to eliminate the need for specific notice of other claims. *See Nat'l Parks & Conservation Ass'n v. TVA*, |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); certified mail service of the Sixty Day Notice, postmarked 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). **No notice requirement so service is complete.**<br><br>**No notice requirement.** Section 7604(a)(3) reaches construction without a permit under part C or part D (nonattainment). To the extent the § 7502 theory is read as an (a)(1) claim, it is included protectively in the second suit. | 502 F.3d 1316, 1329 (11th Cir. 2007). Therefore, should Count 10 otherwise survive Defendants' pleadings challenge, the Court should recognize that pre-suit notice is required for all other CAA claims and dismiss them. |
| **Count**: 10<br><br>Operating without a Title V permit, 42 U.S.C. §§ 7661(2), 7661a(a) (¶¶ 358–363)<br><br>**Defendants**:<br>Apple, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day.<br>K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice** | The Title V portion of Count 10 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit and did not give the trustee defendants sixty days' notice before suing them, as 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Subsequent service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. The notice mut also identify the specific source of the violation and Plaintiff is not permitted to rely on theories omitted from her notice under § 7604(b)(1)(A). *Candlestick Heights Cmty. All. v. City & Cnty. of S.F.*, No. 24-300, 2025 WL 275112, *1-2 (9th Cir. Jan. 23, 2025). The Title V portion of Count 10 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 11<br><br>NESHAP for semiconductor manufacturing, 40 | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **No waiting period; Service** | The NESHAP portion of Count 11 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit, as |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| C.F.R. pt. 63, subpt. BBBBB; 42 U.S.C. § 7412 (¶¶ 369–385)<br><br>**Defendants**: Apple, Owners | State (copy to Governor), violator.<br><br>*Exception***:** suit may be brought immediately after notice for violations of § 7412(i)(3)(A) or (f)(4). | **completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **No waiting period; Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No waiting period; service completed prior to filing the Third Amended Complaint (8/31/26).**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). There is no waiting period, so service is complete for the second lawsuit, if needed.**<br><br>**No waiting period** (§ 7412(i)(3)(A)). Notice to EPA and the violators preceded suit (trustees: before the | 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Even if the § 7412 exception applies, it does not eliminate <u>prior</u> notification. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. The NESHAP portion of Count 11 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | TAC). Certified State and Governor copies postmarked 10/19/26.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 11<br><br>BAAQMD Regulation 8, Rule 30 (SIP-approved) (¶ 376)<br><br>**Defendants**: Apple, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and** | The SIP portion of Count 11 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit and did not give the trustee defendants sixty days' notice before suing them, as 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Subsequent service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. The SIP portion of Count 11 should therefore be dismissed |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 12<br><br>Ozone nonattainment / SIP requirements, 42 U.S.C. §§ 7410, 7604(a)(1) (¶¶ 386–397)<br><br>**Defendants**: Apple, Owners | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on** | Count 12 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit and did not give the trustee defendants sixty days' notice before suing them, as 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Subsequent service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 12 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 13<br><br>Exceeding emission limits, 42 U.S.C. § | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** | Count 13 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit and did not give the trustee |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| 7604(a)(1) (¶¶ 398–403)<br><br>**Defendants**:<br>Apple<br>(Owners named in claim line) | State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. | defendants sixty days' notice before suing them, as 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Subsequent service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 13 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 14<br><br>NAAQS and criteria-pollutant standards in siting the facility and apartments (¶¶ 404–421)<br><br>**Defendants**: City | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice was postmarked on 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. | Count 14 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit, as 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot equitably excuse noncompliance, and later service, elapsed time, or amendment cannot cure this action. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153; *Nilson*, 2008 WL 11387038, at *4. Count 14 should therefore be dismissed without leave to amend to cure the defect if the notice defense is properly preserved. The City's alleged nonassertion presents a separate preservation issue, not compliance or equitable cure. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 15<br><br>Approval of Santa Clara Square EIR contrary to nonattainment requirements (¶¶ 422–428)<br><br>**Defendants**:<br>City | 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. § 54.2. 60 days to Administrator, State (copy to Governor), violator.<br><br>Deemed given on postmark date. | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA, BAAQMD; Dkt 3-1 at 81); certified mail service of the Second Amended Complaint on 8/11/26 (CalEPA, BAAQMD; Dkt 105 at 2); **certified mail service of the Sixty Day Notice, postmarked 10/19/26 and delivered to CARB on 10/21/26; the BAAQMD on 10/20/26; and the Governor on 10/22/26 (Dkt. 151). Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. | Count 15 fails as a matter of law because Plaintiff did not notify the State and the Governor before filing suit, as 42 U.S.C. § 7604(b)(1)(A) and 40 C.F.R. § 54.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot equitably excuse noncompliance, and later service, elapsed time, or amendment cannot cure this action. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153; *Nilson*, 2008 WL 11387038, at *4. Count 15 should therefore be dismissed without leave to amend to cure the defect if the notice defense is properly preserved. The City's alleged nonassertion presents a separate preservation issue, not compliance or equitable cure. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| | | **CLEAN WATER ACT (CWA), 33 U.S.C. § 1365** | |
| **Count**: 3<br><br>New source performance standards, 33 U.S.C. § 1316 (¶ 301)<br><br>**Defendants**:<br>Apple, City, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>*Exception***:** suit may be brought immediately after notice for violations of §§ 1316 and 1317(a). | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San | This portion of Count 3 fails as a matter of law because Plaintiff did not notify the State before filing suit, as 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2 require. Service of an amended complaint does not retroactively provide pre-suit notice. The § 1316 exception permits suit only after notification. Strict compliance is required in the Ninth Circuit, and the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. This portion of Count 3 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. There is no waiting period, so service is complete for the second lawsuit, if needed.**<br><br>**No waiting period** (§ 1316). Notice to EPA and the violators preceded suit (trustees: before the TAC).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 3<br><br>Discharges and pretreatment, 33 U.S.C. §§ 1311, 1317(d), 1342 (¶¶ 298–313)<br><br>**Defendants**: Apple, City, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed** | These Count 3 claims fail as a matter of law because Plaintiff did not notify the State before filing suit and did not give the trustee defendants sixty days' notice before suing them, as 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2 require. Service of the SAC cannot retroactively satisfy pre-suit notice. Strict compliance is required in the Ninth Circuit; |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Email service to the Enforcement & Compliance Asst. Director on 6/30/26. Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be | the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. These Count 3 claims should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division (“*Gjovik Citizen Suit II*”) after Dec. 21 2026. | |
| **Count**: 16–17<br><br>Additional discharges to Saratoga Creek, 33 U.S.C. §§ 1311, 1341, 1344 (¶¶ 454–465)<br><br>**Defendants**: Apple, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), | Counts 16 and 17 fail as a matter of law because Plaintiff did not notify the State before filing suit and did not give the trustee defendants sixty days’ notice before suing them, as 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Counts 16 and 17 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 18<br><br>Unpermitted and prohibited wastewater discharges, 33 U.S.C. § 1311 (¶¶ 466–471)<br><br>**Defendants**: Apple, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/Morrison & Foerster LLP, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from** | Count 18 fails as a matter of law because Plaintiff did not notify the State before filing suit and did not give the trustee defendants sixty days' notice before suing them, as 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service, elapsed time, or amendment cannot cure this |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | action. *Nilson*, 2008 WL 11387038, at *4. Count 18 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 19 | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by | Count 19 fails as a matter of law because Plaintiff did not notify the State before filing |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| New source standards for semiconductor wastewater, 33 U.S.C. § 1316 (¶¶ 472–477)<br><br>**Defendants**: Apple, Owners | 60 days to Administrator, State, violator.<br><br>*Exception*: suit may be brought immediately after notice for violations of §§ 1316 and 1317(a). | counsel 7/1/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br><br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day.<br><br>K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br><br>**EPA**: Administrator received Certified mail on 7/9/25 and personal service on 7/23/25; Region 9 received Certified mail on 7/3/25. **No waiting period; service completed prior to filing case no. 25-CV-07360-PCP.**<br><br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board** | suit, as 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2 require. Service of the SAC cannot retroactively provide pre-suit notice. The § 1316 exception permits suit only after notification. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 19 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **10/21/26. There is no waiting period, so service is complete for the second lawsuit, if needed.**<br><br>**No waiting period** (§ 1316). Notice to EPA and the violators preceded suit (trustees: before the TAC).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 20<br><br>Pretreatment, 33 U.S.C. §§ 1317(d), 1342(k) (¶¶ 478–485)<br><br>**Defendants**: Apple, Owners | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on | Count 20 fails as a matter of law because Plaintiff did not notify the State before filing suit and did not give the trustee defendants sixty days' notice before suing them, as 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2 require. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 20 should therefore be dismissed |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 21<br><br>City NPDES obligations for wastewater discharge and treatment, 33 U.S.C. § 1342 (¶¶ 486–498) | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator. | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked | |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| **Defendants**:<br>City | Deemed served on postmark date. | June 30 2025 and received on 7/3/25. **Service completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 22<br><br>City pretreatment enforcement obligations, 33 U.S.C. §§ 1317, 1319 (¶¶ 499–512) | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator. | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked | |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| **Defendants**: City | Deemed served on postmark date. | June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 23<br><br>Industrial stormwater, 33 U.S.C. §§ 1311, 1342 (¶¶ 513–529) | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. | Count 23 fails as a matter of law because Plaintiff did not notify the State before filing suit and did not give the trustee defendants sixty days' notice before suing them, as 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2 require. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| **Defendants**: Apple, Owners | Deemed served on postmark date. | K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed.<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be | Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service, elapsed time, or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 23 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 24<br><br>City NPDES public notice and participation obligations, 33 U.S.C. § 1342(b)(3) (¶¶ 530–541)<br><br>**Defendants**: City | 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2. 60 days to Administrator, State, violator.<br><br>Deemed served on postmark date. | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA); certified mail service of the Second Amended Complaint to Santa Clara Valley Water District (8/20/26), San Francisco Bay Water Quality Control Board (8/12/26), SJ/SC Regional Wastewater Facility (8/12/26),, and State Water Resources Control Board (8/12/26) – prior to filing Third Amended Complaint; **certified, postmarked 10/19/26: State Water Board and the San Francisco Bay Water Quality Control Board 10/21/26. Sixty days from postmark of State copies ends 12/18/26,** at which point the second lawsuit may be filed if needed. Additionally, the City did not raise notice in its motion (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be | |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division (“*Gjovik Citizen Suit II*”) after Dec. 21 2026. | |
| **EMERGENCY PLANNING AND COMMUNITY RIGHT-TO-KNOW ACT (EPCRA), 42 U.S.C. § 11046** | | | |
| **Count**: 25<br><br>Release notification and reporting, EPCRA §§ 304, 311, 312, 42 U.S.C. §§ 11004, 11021, 11022; suit under § 11046(a)(1)(A) (¶¶ 542–553)<br><br>**Defendants**: Apple, Owners | 42 U.S.C. § 11046(d)(1). 60 days to Administrator, “the State in which the alleged violation occurs,” and violator.<br><br>No EPA service regulation. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25. **There is no EPA regulation prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **There is no EPA regulation** | Count 25 fails as a matter of law because Plaintiff did not give the State adequate notice until after filing suit and did not give the trustee defendants sixty days’ notice before suing them, as 42 U.S.C. § 11046(d)(1) requires. No EPA service regulation governs EPCRA, but statutory 60-day notice remains mandatory. *Atl. States Legal Found.*, 61 F.3d at 478. Strict compliance is required under the Ninth Circuit’s citizen-suit framework, and the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later notice or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 25 should therefore be dismissed |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA and City of Santa Clara); **certified service, postmarked on 10/19/26 to: Cal OES (delivered 10/21/26); and the Governor (delivered 10/22/26). Sixty days after postmark is completed 12/18/26 and after delivery is 12/20/26-12/21/26.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 26<br><br>Toxic release inventory, EPCRA § 313, 42 U.S.C. § 11023 (¶¶ 554–562)<br><br>**Defendants**: Apple, City, Owners | 42 U.S.C. § 11046(d)(1). 60 days to Administrator, "the State in which the alleged violation occurs," and violator.<br><br>No EPA service regulation. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25. **There is no EPA regulation prescribing service requirements, so** | Count 26 fails as a matter of law because Plaintiff did not give the State adequate notice until after filing suit and did not give the trustee defendants sixty days' notice before suing them, as 42 U.S.C. § 11046(d)(1) requires. No EPA service regulation governs EPCRA, but statutory notice remains mandatory. *Atl. States Legal Found.*, 61 F.3d at 478. Strict compliance is required under |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
| --- | --- | --- | --- |
| | | **service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.** Lindsey & Woodruff trustees constructively served with Kalil Jenab/MoFo, and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/19/26 (60 days from 8/20/26), after the Third Amended Complaint was filed.**<br>**EPA**: email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked June 30 2025 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **There is no EPA regulation prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA and City of Santa Clara); **certified service, postmarked on 10/19/26 to: Cal OES (delivered 10/21/26); and the Governor (delivered 10/22/26). Sixty days after postmark is completed 12/18/26 and after delivery is 12/20/26-12/21/26.** Additionally, the City did not raise notice. (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. | the Ninth Circuit's citizen-suit framework, and the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later notice or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 26 should therefore be dismissed without leave to amend to cure the notice defect, subject to preservation of the defense as to the City. |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | |
| **Count**: 27<br><br>Failure to respond to tier II information request, § 11022(e)(3); suit under § 11046(a)(1)(D) (¶¶ 563–573)<br><br>**Defendants**:<br>City | 42 U.S.C. § 11046(d) has no notice provision for suits under § 11046(a)(1)(D). | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked 6/30/25 and received on 7/3/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.** **State**: email service on 6/30/25 (CalEPA and City of Santa Clara); **certified, postmarked 10/19/26: Cal OES (delivered 10/21/26); and the Governor (delivered 10/22/26).**<br><br>**No notice requirement. Additionally, City: did not raise notice (Dkt. 127).** | |
| **Count**: 27<br><br>Public availability of information, 42 U.S.C. § 11044; suit under § 11046(a)(1)(C) (¶¶ 563–573) | 42 U.S.C. § 11046(d)(2). 60 days to "the Administrator, State Governor, or State emergency response | **City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked June 30 2025 and | |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| **Defendants**:<br>City | commission (as the case may be).” | received on 7/9/25 and personal service to the Administrator completed on 7/23/25; Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **There is no EPA regulation prescribing service requirements, so service was likely complete upon postmark (6/30/25) and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**State**: email service on 6/30/25 (CalEPA and City of Santa Clara); **certified service, postmarked on 10/19/26 to: Cal OES (delivered 10/21/26); and the Governor (delivered 10/22/26). Sixty days after postmark is completed 12/18/26 and after delivery is 12/20/26-12/21/26.** **However, the City did not raise notice. (Dkt. 127).**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division (“*Gjovik Citizen Suit II*”) after Dec. 21 2026. | |
| **TOXIC SUBSTANCES CONTROL ACT (TSCA), 15 U.S.C. § 2619** | | | |
| **Count**: 28<br><br>N-methylpyrrolidone (NMP), 15 U.S.C. §§ 2605, 2614– | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator (personal service or certified mail on | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service | Count 28 fails as a matter of law because Plaintiff did not serve the EPA Administrator sixty days before filing suit, as 15 U.S.C. § 2619(b)(1)(A) and 40 C.F.R. § 702.61 require. Earlier notice to Region 9 or informal email |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| 2615; 40 C.F.R. pt. 751 (¶¶ 574–580)<br><br>**Defendants**: Apple | the owner or managing agent; corporation: registered-agent copy also).<br><br>No State notice. | to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Formal service and the notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.**<br>**State**: **not required.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | does not substitute for compliance as to the Administrator. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later expiration of the period or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 28 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 29<br><br>Mercury, 15 U.S.C. §§ 2605, 2607, 2614–2615 (¶¶ 581–589)<br><br>**Defendants**: Apple | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator (personal service or certified mail on the owner or managing agent; corporation: | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Formal service and the notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 | Count 29 fails as a matter of law because Plaintiff did not serve the EPA Administrator sixty days before filing suit, as 15 U.S.C. § 2619(b)(1)(A) and 40 C.F.R. § 702.61 require. Earlier notice to Region 9 or informal email does not substitute for compliance as to the Administrator. Strict compliance is required in the Ninth Circuit; the Court |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | registered-agent copy also).<br><br>No State notice. | 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.**<br>**State**: **not required.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later expiration of the period or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 29 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 30<br><br>Trichloroethylene (TCE), 15 U.S.C. §§ 2605, 2614–2615; 40 C.F.R. § 751.301 (¶¶ 590–597)<br><br>**Defendants**:<br>Apple | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator (personal service or certified mail on the owner or managing agent; corporation: registered-agent copy also).<br><br>No State notice. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Formal service and the notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.**<br>**State**: **not required.** | Count 30 fails as a matter of law because Plaintiff did not serve the EPA Administrator sixty days before filing suit, as 15 U.S.C. § 2619(b)(1)(A) and 40 C.F.R. § 702.61 require. Earlier notice to Region 9 or informal email does not substitute for compliance as to the Administrator. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later expiration of the period |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | **Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 30 should therefore be dismissed without leave to amend because Plaintiff cannot cure the notice defect. |
| **Count**: 31<br><br>Lead, 15 U.S.C. §§ 2605, 2614–2615, 2681–2689; 40 C.F.R. pt. 745 (¶¶ 598–603)<br><br>**Defendants**: Apple | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator (personal service or certified mail on the owner or managing agent; corporation: registered-agent copy also).<br><br>No State notice. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Formal service and the notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.**<br>**State**: **not required.**<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. | Count 31 fails as a matter of law because Plaintiff did not serve the EPA Administrator sixty days before filing suit, as 15 U.S.C. § 2619(b)(1)(A) and 40 C.F.R. § 702.61 require. Earlier notice to Region 9 or informal email does not substitute for compliance as to the Administrator. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later expiration of the period or amendment cannot cure this action. *Nilson*, 2008 WL 11387038, at *4. Count 31 should therefore be dismissed without leave to amend |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Dec. 21 2026. | because Plaintiff cannot cure the notice defect. |
| **Count**: 32<br><br>Imminently hazardous chemical substances and mixtures, 15 U.S.C. §§ 2605–2606, 2615 (¶¶ 604–618)<br><br>**Defendants**:<br>All defendants | 15 U.S.C. § 2619(b)(1)(A); 40 C.F.R. § 702.61. 60 days to Administrator and violator; no State notice.<br><br>For a government violator: agency head and Administrator, copy to U.S. Attorney General. | **Apple**: personal service at its legal office 7/1/25; certified mail (CT Corporation) 7/3/25; email to CEO and General Counsel 6/30/25, acknowledged by counsel 7/1/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**City**: certified mail to City Hall 7/3/25; email to City Manager and City Attorney 6/30/25. **Service and notice period completed prior to filing case no. 25-CV-07360-PCP.**<br>**Owners**: Certified mail deposited with USPS on 6/30/25 and email notification sent same day. K. Jenab (and entities) personally served 7/29/25; Priority Mail signed 7/28/25; **Service and completed prior to filing case no. 25-CV-07360-PCP, but notice period did not complete until 9/27/25. Lindsey & Woodruff trustees** constructively served with Kalil Jenab and **served directly via Certified mail on 8/25/26, and postmarked on 8/20/26. Notice period completed on 10/24/26 (60 days from 8/25/26), after the Third Amended Complaint was filed.**<br>**EPA**: Email service to U.S. EPA Enforcement & Compliance Asst. Dir. of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025; Certified mail service to the Administrator postmarked 6/30/25 and received on 7/9/25 and personal service to the Administrator completed on 7/23/25. **Service and notice period completed 9/7/25, after the lawsuit was filed.** Certified mail service to Region 9 postmarked June 30 | Count 32 fails as a matter of law because Plaintiff did not give the EPA Administrator, the Jenab owners, the trustee defendants, or (as to the City) the Attorney General the required sixty days' notice before suing them, as 15 U.S.C. § 2619(b)(1)(A) and 40 C.F.R. § 702.61 require. The Jenab owners' periods expired after suit, the trustees' period expired after the TAC, and the City-related Attorney General copy was mailed only in November 2026. Earlier Region 9 notice or informal email does not establish compliance with these requirements. Strict compliance is required in the Ninth Circuit; the Court cannot excuse noncompliance. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Later service, elapsed time, or amendment cannot cure this |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| | | 2025 and received on 7/3/25. **Service and notice period completed 9/1/25 prior to filing case no. 25-CV-07360-PCP.**<br>**State**: not required.<br><br>**U.S. Attorney General** copy (*City only*): email on 7/8/25 (U.S. DOJ, ENRD; Dkt. 3-1 at 80); **certified mail postmarked 11/10/26, with notice period ending 1/9/27.** Additionally, the City did not raise notice (Dkt. 127).<br><br>**Case management**: If the claim, or portions of the claim, are dismissed without prejudice – it/they will be re-filed in a second Citizen Suit lawsuit in the U.S. District Courts of Northern California, San Jose Division ("*Gjovik Citizen Suit II*") after Jan. 9 2027. | action. *Nilson*, 2008 WL 11387038, at *4. Count 32 should therefore be dismissed without leave to amend to cure the notice defects, subject to preservation of the defense as to the City. |
| **CALIFORNIA PUBLIC NUISANCE, Cal. Civ. Code § 3479 et seq.** | | | |
| **Count**: 33<br><br>Public nuisance (¶¶ 619–633)<br><br>**Defendants**:<br>Apple | None. State-law claim; no federal pre-suit notice. | **N/A** | Defendants do not dispute that public nuisance claims have no notice requirement. |
| **Count**: 34<br><br>Public nuisance (¶¶ 634–647) | None. State-law claim; no federal pre-suit notice. | **N/A** | |

| COUNT, CLAIM, & DEFENDANTS | NOTICE REQUIRED | SIXTY DAY NOTICE SERVICE STATUS | Apple/Landlord Response |
|---|---|---|---|
| **Defendants**: Owners | | | |
| **Count**: 35<br><br>Public nuisance (¶¶ 648–669)<br><br>**Defendants**: City | None. State-law claim; no federal pre-suit notice. | **N/A** | |

**TABLE 3: SERVICE OF SIXTY-DAY NOTICE ON EACH DEFENDANT**

| DEFENDANT | SIXTY-DAY NOTICE | Apple/Landlord Response |
|---|---|---|
| Apple Inc. | Personal service by registered process server at Apple's legal office designated for service of process on Apple Inc, 10355 N. De Anza Blvd., **July 1, 2025**, accepted by the receptionist; certified mail delivered to registered agent CT Corporation **July 3, 2025**; email to CEO and General Counsel June 30, 2025; Apple's counsel replied July 1, 2025, directing service through its registered agents (Dkt. 3-1 at 5, 64–69). | Defendants do not dispute that these documents were transmitted on the dates identified by Plaintiff. |
| City of Santa Clara | Certified mail to City Hall, 1500 Warburton Ave., its address for service, delivered **July 3, 2025**; email to City Manager and City Attorney June 30, 2025 (Dkt. 3-1 at 5–6, 72). Served for the City and its departments (TAC ¶ 21). | |
| Kalil Jenab, individually; Jenab Family LP; Jenab Family Ventures LLC; Jenab Family | Certified mail deposited with USPS on **June 30 2025**. Personal service by registered process server, **July 29, 2025** (Dkt. 3-1 at 24); Priority Mail with signature, mailed **July 18 2025** and delivered/signed **July 28, 2025** at home and office (Dkt. 3-1 at 27–28); email June 30 – July 1, 2025. Served | Defendants do not dispute that these documents were transmitted on the dates identified by Plaintiff. |

| DEFENDANT | SIXTY-DAY NOTICE | Apple/Landlord Response |
|---|---|---|
| Trust (Kalil Jenab, trustee) | for himself and his business entities (TAC ¶ 21, 52) (Dkt. 3-1 at 24, 74-77). | |
| Julia Lindsey, as Trustee of the Lindsey Julia Family Trust | Constructively served through service on Kalil Jenab and their shared legal representation (Morrison & Foerster LLP). Directly served **Aug. 25, 2026** (TAC ¶ 22) – six days before the TAC was filed. The sixty days completed **Oct. 24, 2026**. | Gjovik cites no authority establishing that "constructive" service through Kalil Jenab or shared counsel is permissible or sufficient to serve this trustee with the required pre-suit notice. The governing regulations prescribe actual service on the specified recipient: RCRA requires registered mail, return receipt requested, or personal service on the facility's owner or site manager, 40 C.F.R. § 254.2(a)(1); the CAA and CWA require certified mail or personal service on the owner or managing agent, 40 C.F.R. §§ 54.2(c), 135.2(a)(1); and TSCA requires personal service or certified mail, return receipt requested, on the individual or the facility's owner or managing agent, as applicable, 40 C.F.R. § 702.61. None of these authorities provide for "constructive" service merely because another defendant was served or the |

| DEFENDANT | SIXTY-DAY NOTICE | Apple/Landlord Response |
|---|---|---|
| | | defendants share counsel. Gjovik identifies no basis to treat Jenab or shared counsel as the prescribed recipient for this trustee. EPCRA has no EPA service regulation, but that absence does not itself authorize constructive notice or dispense with its statutory notice requirement. The asserted constructive service therefore does not establish compliance; nor does direct service six days before the TAC satisfy any applicable sixty-day pre-suit period. |
| Julia Lindsey, as Trustee of the Lindsey Property Trust | Constructively served through service on Kalil Jenab and their shared legal representation (Morrison & Foerster LLP). Directly served **Aug. 25, 2026** (TAC ¶ 22) – six days before the TAC was filed. The sixty days completed **Oct. 24, 2026**. | Gjovik cites no authority establishing that "constructive" service through Kalil Jenab or shared counsel is permissible or sufficient to serve this trustee with the required pre-suit notice. The governing regulations prescribe actual service on the specified recipient: RCRA requires registered mail, return receipt requested, or personal service on the facility's owner or site manager, 40 C.F.R. § 254.2(a)(1); the CAA and |

| DEFENDANT | SIXTY-DAY NOTICE | Apple/Landlord Response |
|---|---|---|
| | | CWA require certified mail or personal service on the owner or managing agent, 40 C.F.R. §§ 54.2(c), 135.2(a)(1); and TSCA requires personal service or certified mail, return receipt requested, on the individual or the facility's owner or managing agent, as applicable, 40 C.F.R. § 702.61. None provides for "constructive" service merely because another defendant was served or the defendants share counsel. Gjovik identifies no basis to treat Jenab or shared counsel as the prescribed recipient for this trustee. EPCRA has no EPA service regulation, but that absence does not itself authorize constructive notice or dispense with its statutory notice requirement. The asserted constructive service therefore does not establish compliance; nor does direct service six days before the TAC satisfy any applicable sixty-day pre-suit period. |

| DEFENDANT | SIXTY-DAY NOTICE | Apple/Landlord Response |
|---|---|---|
| Kathleen Woodruff, as Trustee of the Woodruff Kathleen Trust | Constructively served through service on Kalil Jenab and their shared legal representation (Morrison & Foerster LLP). Directly served **Aug. 25, 2026** (TAC ¶ 22) – six days before the TAC was filed. The sixty days completed **Oct. 24, 2026**. | Gjovik cites no authority establishing that "constructive" service through Kalil Jenab or shared counsel is permissible or sufficient to serve this trustee with the required pre-suit notice. The governing regulations prescribe actual service on the specified recipient: RCRA requires registered mail, return receipt requested, or personal service on the facility's owner or site manager, 40 C.F.R. § 254.2(a)(1); the CAA and CWA require certified mail or personal service on the owner or managing agent, 40 C.F.R. §§ 54.2(c), 135.2(a)(1); and TSCA requires personal service or certified mail, return receipt requested, on the individual or the facility's owner or managing agent, as applicable, 40 C.F.R. § 702.61. None provides for "constructive" service merely because another defendant was served or the defendants share counsel. Gjovik identifies no basis to treat Jenab or shared counsel as the prescribed |

| DEFENDANT | SIXTY-DAY NOTICE | Apple/Landlord Response |
|---|---|---|
| | | recipient for this trustee. EPCRA has no EPA service regulation, but that absence does not itself authorize constructive notice or dispense with its statutory notice requirement. The asserted constructive service therefore does not establish compliance; nor does direct service six days before the TAC satisfy any applicable sixty-day pre-suit period. |

**TABLE 4: SERVICE OF THE SIXTY-DAY NOTICE**

Sixty-Day Notice (Dkt. 3, 3-1; refiled Dkt. 119-1, 119-2).

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED | Apple/Landlord Response |
|---|---|---|
| 60-Day Notice (Dkt. 3):<br>July 1 and July 29, 2025<br><br>Personal service by registered California process servers (ABC Legal Services, reg. 6779) | Apple Inc., at its legal office and address for service, 10355 N. De Anza Blvd., Cupertino — served July 1, 2025, 4:56 p.m., by delivery to the receptionist, who accepted service (Howard Hill, PS1799); copy also mailed (Dkt. 3-1 at 5, 64–66)<br><br>Kalil Jenab, for himself and his business entities (TAC ¶ 21), 525 University Ave., Ste. 220, Palo Alto — served personally July 29, 2025, 10:57 a.m. (Kristina Vardanyan) (Dkt. 3-1 at 24) | Defendants do not dispute that the notice was delivered on the dates identified by Plaintiff. |
| 60-Day Notice (Dkt. 3):<br>June 30, 2025 | U.S. EPA Administrator, 1200 Pennsylvania Ave. NW, Washington, DC 20460 —postmarked June 30 2025; delivered | Defendants do not dispute that the notice was delivered on the dates identified by Plaintiff. |

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED | Apple/Landlord Response |
|---|---|---|
| Certified mail | July 9, 2025 (tracking 9589 0710 5270 2027 2934 00) (Dkt. 3-1 at 4)<br><br>U.S. EPA Region 9 Regional Administrator, 75 Hawthorne St., San Francisco — delivered July 3, 2025 (tracking …2933 49) (Dkt. 3-1 at 4–5)<br><br>Apple Inc., through registered agent CT Corporation — delivered July 3, 2025, picked up at the Glendale, CA postal facility (tracking …2935 09) (Dkt. 3-1 at 5; Dkt. 119-2 at 35, 42–44)<br><br>City of Santa Clara, City Hall, 1500 Warburton Ave., its address for service — delivered July 3, 2025, left with individual (tracking …2933 63) (Dkt. 3-1 at 5–6)<br><br>Kalil Jenab, Palo Alto — deposited with USPS on June 30 2025 (tracking …2933 56) (Dkt. 3-1 at 6). | |
| 60-Day Notice (Dkt. 3):<br>July 18, 2025<br><br>Priority Mail, Signature Confirmation | Kalil Jenab, 108 Sylvian Way, Los Altos — delivered July 28, 2025, 4:36 p.m., signed "K JENAB" (Dkt. 3-1 at 27)<br><br>Kalil Jenab, 525 University Ave., Ste. 220, Palo Alto — delivered July 28, 2025, 11:59 a.m., front desk (Dkt. 3-1 at 28) | Defendants do not dispute that the notice was delivered on the dates identified by Plaintiff. |
| 60-Day Notice (Dkt. 3):<br>June 30 – July 8, 2025<br><br>Email | Apple CEO Tim Cook and General Counsel Kate Adams, June 30, 2025 (Dkt. 3-1 at 68). Apple's counsel (Orrick) replied July 1, 2025, asking that Plaintiff not contact them directly and that service on Apple be made through its registered agents for service of process (Dkt. 3-1 at 69). | Defendants do not dispute that Plaintiff attempted service by email on the dates identified. |

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED | Apple/Landlord Response |
|---|---|---|
| | City Manager and City Attorney (Dkt. 3-1 at 72); Kalil Jenab (June 30 – July 1); CalEPA, DTSC and BAAQMD (June 30); DOJ-ENRD (July 8) (Dkt. 3-1 at 5–7; Dkt. 119-2 at 80)<br><br>U.S. EPA Enforcement & Compliance Asst. Dir. service of pre-notice on 6/5/2025 and Sixty Day Notice on 6/30/2025 (Dkt. 3-1 at 50-55). | |
| 60-Day Notice (Dkt. 3):<br>Aug. 11–26 2026<br><br>Certified mail | Service of the Second Amended Complaint (as a form of Sixty Day notice):<br><br>- Bay Area Air Quality Management District (BAAQMD) – delivered Aug. 11 2026 (tracking….6961 156) (Dkt. 105 ¶5).<br>- California Attorney General – delivered Aug. 20 2026 (tracking….5345 307) (Dkt. 116 ¶6).<br>- California DTSC – delivered Aug. 21 2026 (tracking….6961 040) (Dkt. 116 ¶7).<br>- Santa Clara County Dept. of Environmental Health – delivered Aug. 20 2026 (tracking….0890 141) (Dkt. 116 ¶9).<br>- Santa Clara Valley Water District – delivered Aug. 20 2026 (tracking….6960 531) (Dkt. 116 ¶8).<br>- San Francisco Bay Water Quality Control Board – delivered Aug. 12 2026 (tracking….3445 616) (Dkt. 105 ¶6).<br>- SJ/SC Regional Wastewater Facility – delivered Aug. 12 2026 (tracking….6961 095) (Dkt. 105 ¶12).<br>- State Water Resources Control Board – delivered Aug. 12 2026 (tracking….6961 163) (Dkt. 105 ¶7).<br>- U.S. Attorney General – delivered Aug. 20 2026 (tracking….6960 531) (Dkt. 116 ¶4). | Service of the Second Amended Complaint is not a substitute for the required pre-suit notice in this action. Gjovik cites no authority permitting her to convert service of an already-filed pleading into compliance with a condition precedent to commencing suit. The August 2026 deliveries occurred after this action began; they cannot retroactively provide the required notice or the agencies' and defendants' pre-litigation opportunity to investigate and address the alleged violations. Nor does filing the TAC restart the action or cure the original failure. Compliance is mandatory, and the Court cannot excuse noncompliance by treating post-filing |

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED | Apple/Landlord Response |
|---|---|---|
| | - U.S. DOJ ENRD – delivered Aug. 24 2026 (tracking….0890 127) (Dkt. 116 ¶5).<br>- U.S. EPA – delivered Aug. 26 2026 (tracking… 3453 024) (Dkt. 116 ¶3).<br>- U.S. EPA Region 9 Interim Administrator – delivered Aug. 11 2026 (tracking….3453 062) (Dkt. 105 ¶4). | complaint service as notice. *Hallstrom*, 493 U.S. at 26-27, 31; *Cascadia*, 105 F.4th at 1153. Subsequent service, passage of time, or amendment cannot cure the defect in this action. *Nilson*, 2008 WL 11387038, at *4. Any separate requirement to serve a filed complaint on government officials is additional to, not a replacement for, pre-suit notice. The affected claims should therefore be dismissed without leave to amend because Plaintiff cannot cure this notice defect. |
| 60-Day Notice (Dkt. 3):<br>Aug. 24–25, 2026<br><br>Personal Service; Priority Mail (after Certified Mail was refused and returned). | James Lindsey, individually and as agent/trustee of the Lindsey family trusts — Aug. 24, 2026 (TAC ¶ 22) (Proof of Service at Dkt. 116 ¶ 11, 14);<br><br>Julia Lindsey, as trustee of the Lindsey Julia Family Trust and Lindsey Property Trust and Kathleen Woodruff, as trustee of the Woodruff Kathleen Trust — Aug. 25, 2026 (TAC ¶ 22) (Proof of Service at Dkt. 116 ¶ 12-14). | James Lindsey is not a party to this lawsuit. Defendants do not dispute that these documents were transmitted on the dates identified by Plaintiff. |
| 60-Day Notice (Dkt. 3):<br>Oct. 19, 2026 (postmark)<br><br>Certified mail | BAAQMD, Executive Officers — delivered Oct. 20, 2026 (tracking …6961 361) (Dkt. 151 ¶ 8, Exs. E, J) | Defendants do not dispute that these documents were transmitted on the dates identified by Plaintiff. |

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED | Apple/Landlord Response |
|---|---|---|
| | SF Bay Regional Water Quality Control Board, Executive Officer Eileen White — delivered Oct. 21, 2026 (tracking …6960 548) (Dkt. 151 ¶ 6, Exs. C, J)<br><br>State Water Resources Control Board, Executive Director Eric Oppenheimer — delivered Oct. 21, 2026 (tracking …6961 408) (Dkt. 151 ¶ 7, Exs. D, J)<br><br>California Air Resources Board, Executive Officer Dr. Steven S. Cliff — delivered Oct. 21, 2026 (tracking …6961 378) (Dkt. 151 ¶ 9, Exs. F, J)<br><br>Cal OES, Dir. Caroline Thomas Jacobs — delivered Oct. 21, 2026 (tracking …6961 385) (Dkt. 151 ¶ 10, Exs. G, J) DTSC, Director Katherine Butler — delivered Oct. 21, 2026 (tracking …6960 500) (Dkt. 151 ¶ 11, Exs. H, J) Governor Gavin Newsom — delivered Oct. 22, 2026 (tracking …6961 392) (Dkt. 151 ¶ 12, Exs. I, J) | |
| 60-Day Notice (Dkt. 3):<br><br>Nov. 10, 2026 (mailed, Alviso, CA)<br><br>Certified mail; registered mail, return receipt (electronic) | U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530-0001 — certified mail (Priority Mail), tracking 9589 0710 5270 3536 9612 79; expected delivery Nov. 14, 2026. Required only for the TSCA claim against the City (40 C.F.R. § 702.61(d)(1)(ii)); the Attorney General had previously received the Complaints, not the June 30 2025 Sixty Day notice.<br><br>CalRecycle, Director Zoe Heller, 1001 I Street, Sacramento, CA 95814 — registered mail, return receipt, tracking RE156539156US; expected delivery Nov. 13, 2026 (RCRA State solid waste management agency, Pub. Res. Code § 40508; 40 C.F.R. § 254.2). | Defendants do not dispute that these documents were transmitted on the dates identified by Plaintiff. |

| DATE & METHOD | RECORD OF RECIPIENT AND DATE RECEIVED | Apple/Landlord Response |
|---|---|---|
| | DTSC, Director Katherine Butler, 1001 I Street, Sacramento, CA 95814 — registered mail, return receipt, tracking RE156539142US; expected delivery Nov. 13, 2026 (supplements the Oct. 21, 2026 certified copy).<br><br>Delivery records will be filed when received. | |